SmBus, DUPFILER, APPEAL_NAT

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
### Bankruptcy Petition #: 23-34815

*Date filed:* 12/05/2023
*Plan confirmed:* 06/22/2024
*341 meeting:* 01/10/2024

*Assigned to:* Bankruptcy Judge Jeffrey P Norman
Chapter 11
Voluntary
Asset

| | |
|---|---|
| ***Debtor*** | represented by **Reese W Baker** |
| **Galleria 2425 Owner, LLC** | Baker & Associates |
| 1001 West Loop South 700 | 950 Echo Lane |
| Houston, TX 77027 | Suite 300 |
| HARRIS-TX | Houston, TX 77024 |
| Tax ID / EIN: 36-4896738 | 713-869-9200 |
| | Fax : 713-869-9100 |
| | Email: courtdocs@bakerassociates.net |

**Joseph Carl Cecere, II**
Cecere PC
6035 McCommas Blvd
Dallas, TX 75206
469-600-9455
Email: ccecere@cecerepc.com

**James Q. Pope**
The Pope Law Firm
6161 Savoy Drive
Ste 1125
Houston, TX 77036
713-449-4481
Email: ecf@thepopelawfirm.com

**Jeffrey W Steidley**
Steidley Law Firm
3000 Weslayan
Ste 200
Houston, TX 77027
713-523-9595
Email: Jeff@texlaw.us

| | |
|---|---|
| ***Trustee*** | represented by **Kyung Shik Lee** |
| **Christopher R Murray** | Shannon and Lee LLP |
| Jones Murray LLP | 2100 Travis St. |
| 602 Sawyer St | Ste 1525 |
| Ste 400 | Houston, TX 77002 |
| Houston, TX 77007 | 713-301-4751 |
| | Email: klee@shannonleellp.com |

832-529-1999

**Christopher R Murray**
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007
832-529-1999
Fax : 832-529-3393
Email: chris@jonesmurray.com

**Christopher R Murray**
Jones Murray LLP
602 Sawyer Street
Suite 400
Houston, TX 77007
832-529-1999
Email: chris@jonesmurray.com

**R. J. Shannon**
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002
713-714-5770
Email: rshannon@shannonleellp.com

***U.S. Trustee***
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

represented by **Jana Smith Whitworth**
Office of United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
(713) 718-4650
Fax : (713) 718-4670
Email: jana.whitworth@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 12/05/2023 | 1<br>(8 pgs) | Chapter 11 Voluntary Petition Non-Individual Fee Amount $1738 Filed by Galleria 2425 Owner, LLC. Chapter 11 Plan (Small Business) due by 06/3/2024. (Pope, James) (Entered: 12/05/2023) |
| 12/05/2023 | | Notice of Appearance and Request for Notice Filed by Jana Smith Whitworth (Whitworth, Jana) (Entered: 12/05/2023) |
| 12/05/2023 | 2<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Charles Clayton Conrad Filed by on behalf of National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 12/05/2023) |
| 12/05/2023 | 3<br>(1 pg) | MOTION to Appear Pro Hac Vice for Patrick E. Fitzmaurice (Fee Paid: $100, receipt number A24909074) Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 12/05/2023) |
| 12/05/2023 | 4<br>(1 pg) | MOTION to Appear Pro Hac Vice for Kwame O. Akuffo (Fee Paid: $100, receipt number A24909092) Filed by Creditor National Bank of |

| | | Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 12/05/2023) |
|---|---|---|
| 12/06/2023 | 🔵 5<br>(9 pgs; 2 docs) | Adversary case 23-03259. Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) Notice of Removal Azeemeh Zaheer, Naissance Galleria, LLC. Fee Amount $350 (Attachments: # 1 Exhibit 1) (Castanon, Cynthia) (Entered: 12/06/2023) |
| 12/06/2023 | 🔵 6<br>(1 pg) | Order Granting Motion To Appear pro hac vice as to Kwame O. Akuffo. (Related Doc # 4) Signed on 12/6/2023. (MarioRios) (Entered: 12/06/2023) |
| 12/06/2023 | 🔵 7<br>(1 pg) | Order Denying Motion To Appear pro hac vice (Related Doc # 3) Signed on 12/6/2023. (MarioRios) (Entered: 12/06/2023) |
| 12/06/2023 | 🔵 8<br>(2 pgs) | Order to Debtor in Possession and Setting Status Conference Hearing Signed on 12/6/2023 (Related document(s):1 Voluntary Petition (Chapter 11)) **Status conference to be held on 2/7/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** (MarioRios) (Entered: 12/06/2023) |
| 12/06/2023 | 🔵 9<br>(2 pgs) | Meeting of Creditors Chapter 11 for Non-Individual Debtor Set 341(a) meeting to be held on 1/10/2024 at 09:30 AM at US Trustee Houston Teleconference. Last day to object to dischargeability under section 523 is 3/11/2024. Proofs of Claims due by 4/9/2024. Government Proof of Claim due by 6/3/2024. (Whitworth, Jana) (Entered: 12/06/2023) |
| 12/06/2023 | 🔵 10<br>(4 pgs) | Amended Petition (Filed By Galleria 2425 Owner, LLC ). (Pope, James) (Entered: 12/06/2023) |
| 12/06/2023 | 🔵 11<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Reese W Baker Filed by on behalf of Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 12/06/2023) |
| 12/07/2023 | 🔵 | Previous case filed in the Southern District of Texas, Case Number 23-60036. (DanielBerger) (Entered: 12/07/2023) |
| 12/07/2023 | 🔵 12<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Rodney Lee Drinnon Filed by on behalf of Rodney Drinnon (Drinnon, Rodney) (Entered: 12/07/2023) |
| 12/07/2023 | 🔵 13<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Susan R. Fuertes Filed by on behalf of Harris County, ATTN: Property Tax Division (Fuertes, Susan) (Entered: 12/07/2023) |
| 12/08/2023 | 🔵 14<br>(2 pgs) | Second MOTION to Appear Pro Hac Vice for Patrick E. Fitzmaurice (Fee Paid: $100, receipt number A24918442) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 12/08/2023) |
| 12/08/2023 | 🔵 15<br>(312 pgs; 3 docs) | Motion to Transfer Case To Another District. Objections/Request for Hearing Due in 21 days. Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A - Conrad |

| | | |
|---|---|---|
| | | Declaration # 2 Exhibit B - Proposed Order) (Conrad, Charles) (Entered: 12/08/2023) |
| 12/08/2023 | 🌐16<br>(8 pgs; 2 docs) | Motion to Shorten Time (related document(s):15 Motion to Transfer Case), in addition to Motion to Limit Notice (related document(s):15 Motion to Transfer Case). Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A - Proposed Order) (Conrad, Charles) (Entered: 12/08/2023) |
| 12/08/2023 | 🌐17<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):6 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 12/08/2023. (Admin.) (Entered: 12/08/2023) |
| 12/08/2023 | 🌐18<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):7 Order on Motion to Appear pro hac vice) No. of Notices: 1. Notice Date 12/08/2023. (Admin.) (Entered: 12/08/2023) |
| 12/08/2023 | 🌐19<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):8 Order Setting Hearing) No. of Notices: 1. Notice Date 12/08/2023. (Admin.) (Entered: 12/08/2023) |
| 12/09/2023 | | Receipt of Voluntary Petition (Chapter 11)( 23-34815) [misc,volp11] (1738.00) Filing Fee. Receipt number A24920843. Fee amount $1738.00. (U.S. Treasury) (Entered: 12/09/2023) |
| 12/09/2023 | 🌐20<br>(4 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (Related document(s):9 Meeting of Creditors Chapter 11 for Non-Individual Debtor Set) No. of Notices: 32. Notice Date 12/09/2023. (Admin.) (Entered: 12/09/2023) |
| 12/11/2023 | 🌐21<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Stephen Wayne Sather Filed by on behalf of Galleria 2425 Owner, LLC (Sather, Stephen) (Entered: 12/11/2023) |
| 12/11/2023 | 🌐22<br>(2 pgs) | Order Denying Motion To Transfer Case ct(Related Doc # 15), Denying Motion to Shorten Time (Related Doc # 16) Signed on 12/11/2023. (TraceyConrad) (Entered: 12/11/2023) |
| 12/11/2023 | 🌐23<br>(4 pgs) | Notice of Appearance and Request for Notice Filed by Tara L Grundemeier Filed by on behalf of Houston ISD, Houston Community College System, City of Houston (Grundemeier, Tara) (Entered: 12/11/2023) |
| 12/11/2023 | 🌐24<br>(91 pgs; 9 docs) | Emergency Motion , Motion for Relief from Stay . Fee Amount $199. Filed by Creditor Rodney Drinnon (Attachments: # 1 Proposed Order # 2 Affidavit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit) (Drinnon, Rodney) (Entered: 12/11/2023) |
| 12/11/2023 | | Receipt of Motion for Relief From Stay( 23-34815) [motion,mrlfsty] ( 199.00) Filing Fee. Receipt number A24923992. Fee amount $ 199.00. (U.S. Treasury) (Entered: 12/11/2023) |
| 12/12/2023 | 🌐25<br>(1 pg) | Order Denying Emergency Consideration and Setting Expedited Hearing Signed on 12/12/2023 (Related document(s):24 Emergency Motion for Relief From Stay) **Hearing scheduled for 12/19/2023 at** |

| | | **12:00 PM at Houston, Courtroom 403 (JPN).** (TraceyConrad) (Entered: 12/12/2023) |
|---|---|---|
| 12/12/2023 | ● 26 (4 pgs) | Notice *of Order Setting Expedited Hearing*. (Related document(s):24 Emergency Motion, Motion for Relief From Stay) Filed by Rodney Drinnon (Drinnon, Rodney) (Entered: 12/12/2023) |
| 12/13/2023 | ● 27 (2 pgs) | Order Granting Motion To Appear pro hac vice (Related Doc # 14) Signed on 12/13/2023. (MarioRios) (Entered: 12/13/2023) |
| 12/13/2023 | ● 28 (2 pgs) | Withdraw Document (Filed By Galleria 2425 Owner, LLC ).(Related document(s):21 Notice of Appearance) (Sather, Stephen) (Entered: 12/13/2023) |
| 12/13/2023 | ● 29 (4 pgs) | Notice of Appearance and Request for Notice Filed by Stephen Wayne Sather Filed by on behalf of Galleria 2425 Owner, LLC (Sather, Stephen) Modified on 12/14/2023 (MarioRios). THIS ENTRY WAS FILED IN ERROR AND HAS BEEN CORRECTED AS 30. (Entered: 12/13/2023) |
| 12/13/2023 | ● 30 (4 pgs) | Notice of Appearance and Request for Notice Filed by Stephen Wayne Sather Filed by on behalf of 2425 WL, LLC (Sather, Stephen) Modified on 12/14/2023 (MarioRios). (Entered: 12/13/2023) |
| 12/13/2023 | ● 31 (2 pgs) | Notice of Appearance and Request for Notice Filed by James Robert MacNaughton Filed by on behalf of 2425 West Loop, LLC (MacNaughton, James) (Entered: 12/13/2023) |
| 12/13/2023 | ● 32 (4 pgs) | BNC Certificate of Mailing. (Related document(s):22 Order on Motion To Transfer Case) No. of Notices: 2. Notice Date 12/13/2023. (Admin.) (Entered: 12/13/2023) |
| 12/14/2023 | ● 33 (15 pgs; 3 docs) | Emergency Motion *For Use of Cash Collateral* Filed by Debtor Galleria 2425 Owner, LLC (Attachments: # 1 Proposed Order # 2 Exhibit Proposed Budget) (Baker, Reese) (Entered: 12/14/2023) |
| 12/14/2023 | ● 34 (10 pgs; 3 docs) | Emergency Motion *OF DEBTOR TO DETERMINE ADEQUATE ASSURANCE UTILITY PAYMENTS* Filed by Debtor Galleria 2425 Owner, LLC (Attachments: # 1 Proposed Order # 2 Exhibit Average Utility Costs) (Baker, Reese) (Entered: 12/14/2023) |
| 12/14/2023 | ● 35 (5 pgs) | Witness List (Filed By Rodney Drinnon ).(Related document(s):24 Emergency Motion, Motion for Relief From Stay) (Drinnon, Rodney) (Entered: 12/14/2023) |
| 12/14/2023 | ● 36 (229 pgs; 11 docs) | Exhibit List (Filed By Rodney Drinnon ).(Related document(s):24 Emergency Motion, Motion for Relief From Stay) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit) (Drinnon, Rodney) (Entered: 12/14/2023) |
| 12/14/2023 | ● 37 (3 pgs) | BNC Certificate of Mailing. (Related document(s):25 Order Setting Hearing) No. of Notices: 2. Notice Date 12/14/2023. (Admin.) (Entered: 12/14/2023) |

| | | |
|---|---|---|
| 12/15/2023 | 🔵 38<br>(2 pgs) | Order Setting Hearing Signed on 12/15/2023 (Related document(s):33 Emergency Motion, 34 Emergency Motion) **Hearing scheduled for 12/18/2023 at 02:30 PM at Houston, Courtroom 403 (JPN).** (MarioRios) (Entered: 12/15/2023) |
| 12/15/2023 | 🔵 39<br>(31 pgs; 4 docs) | Notice *OF HEARING ON DEBTORS EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE USAGE OF CASH COLLATERAL AND DEBTORS MOTION TO DETERMINE ADEQUATE ASSURANCE UTILITY PAYMENTS.* (Related document(s):38 Order Setting Hearing) Filed by Galleria 2425 Owner, LLC (Attachments: # 1 Order of hearing # 2 Motions filed # 3 Exhibit A) (Baker, Reese) (Entered: 12/15/2023) |
| 12/15/2023 | 🔵 40<br>(75 pgs; 6 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):24 Emergency Motion, Motion for Relief From Stay) (Attachments: # 1 Exhibit 2d Amended Petition # 2 Exhibit 5th Amended Petition # 3 Exhibit 6th Amended Petition # 4 Exhibit Docket sheet state court case # 5 Exhibit Active Parties in state court case) (Baker, Reese) (Entered: 12/15/2023) |
| 12/15/2023 | 🔵 41<br>(56 pgs; 6 docs) | Exhibit List (Filed By Galleria 2425 Owner, LLC ).(Related document(s):24 Emergency Motion, Motion for Relief From Stay, 40 Witness List, Exhibit List) (Attachments: # 1 Exhibit First Amended Petition # 2 Exhibit Third Amended Petition # 3 Exhibit Email to Drinnon # 4 Exhibit Letter to 281st Court # 5 Exhibit Response to TCPA motion) (Baker, Reese) (Entered: 12/15/2023) |
| 12/15/2023 | 🔵 42<br>(160 pgs; 7 docs) | Omnibus Objection *to (I) Debtor's Emergency Motion for Interim and Final Orders Authorizing the Usage of Cash Collateral, and (II) Debtor's Motion to Determine Adequate Assurance Utility Payments* (related document(s):33 Emergency Motion, 34 Emergency Motion). Filed by Galleria 2425 Owner, LLC (Attachments: # 1 Exhibit A Loan Agreement # 2 Exhibit B Promissory Note # 3 Deed of Trust # 4 Exhibit D Payoff Statement # 5 Exhibit E Proofs of Claim (23-60036) # 6 Exhibit F Proposed Order) (Conrad, Charles) (Entered: 12/15/2023) |
| 12/15/2023 | 🔵 43<br>(9 pgs; 4 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):33 Emergency Motion, 34 Emergency Motion) (Attachments: # 1 Exhibit Budget for Cash Collateral # 2 Exhibit Utilities # 3 Exhibit Declaration of Ali Choudhri) (Baker, Reese) (Entered: 12/15/2023) |
| 12/15/2023 | 🔵 44<br>(158 pgs; 7 docs) | Omnibus Objection *to (I) Debtor's Emergency Motion for Interim and Final Orders Authorizing the Usage of Cash Collateral, and (II) Debtor's Motion to Determine Adequate Assurance Utility Payments* (related document(s):33 Emergency Motion, 34 Emergency Motion). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Loan Agreement # 2 Exhibit B Promissory Note # 3 Exhibit C Deed of Trust # 4 Exhibit D Payoff Statement # 5 Exhibit E Proofs of Claim (23-60036) # 6 Exhibit F Proposed Order) (Conrad, Charles) (Entered: 12/15/2023) |
| 12/15/2023 | 🔵 45<br>(444 pgs; 9 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):38 Order Setting Hearing, 39 Notice, 44 Objection) (Attachments: # 1 Loan Agreement # 2 Promissory Note # 3 Deed of Trust # 4 Payoff Statement # 5 Proofs of Claim (23-60036) # 6 Rent-Roll Jan-June 2023 # 7 Hearing |

| | | |
|---|---|---|
| | | Transcript (redacted) 9-2-23 (23-60036) # 8 Hearing Transcript 11-1-23 (23-60036)) (Conrad, Charles) (Entered: 12/15/2023) |
| 12/15/2023 | 46 (4 pgs) | BNC Certificate of Mailing. (Related document(s):27 Order on Motion to Appear pro hac vice) No. of Notices: 2. Notice Date 12/15/2023. (Admin.) (Entered: 12/15/2023) |
| 12/16/2023 | 47 (6 pgs) | Certificate *Amended Certificate of Service re Omnibus Objection (ECF No. 44)* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):44 Objection) (Conrad, Charles) (Entered: 12/16/2023) |
| 12/17/2023 | 48 (4 pgs) | BNC Certificate of Mailing. (Related document(s):38 Order Setting Hearing) No. of Notices: 3. Notice Date 12/17/2023. (Admin.) (Entered: 12/17/2023) |
| 12/18/2023 | 49 (1054 pgs; 3 docs) | Adversary case 23-03263. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal Galleria 2425 Owner LLC. Fee Amount $350 (Attachments: # 1 State Court Pleadings # 2 Additional State Court Pleadings) (Pope, James) (Entered: 12/18/2023) |
| 12/18/2023 | 50 (3 pgs) | Notice of Appearance and Request for Notice Filed by Ryan Steinbrunner Filed by on behalf of National Bank of Kuwait, S.A.K.P., New York Branch (Steinbrunner, Ryan) (Entered: 12/18/2023) |
| 12/18/2023 | 51 (4 pgs) | Notice *of Motion for Use of Cash Collateral*. (Related document(s):33 Emergency Motion) Filed by Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 12/18/2023) |
| 12/18/2023 | 52 (4 pgs) | Amended Notice *of Withdrawal of Motion to Use Cash Collateral*. (Related document(s):51 Notice) Filed by Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 12/18/2023) |
| 12/18/2023 | 53 (3 pgs; 2 docs) | Balance Sheet (Filed By Galleria 2425 Owner, LLC ). (Attachments: # 1 Exhibit Profit and Loss) (Baker, Reese) (Entered: 12/18/2023) |
| 12/18/2023 | 54 (2 pgs) | Proposed Order RE: *Order on Adequate Assurances for Utilities* (Filed By Galleria 2425 Owner, LLC ).(Related document(s):34 Emergency Motion) (Baker, Reese) (Entered: 12/18/2023) |
| 12/18/2023 | 55 (1 pg) | Withdraw Document (Filed By Galleria 2425 Owner, LLC ).(Related document(s):51 Notice, 52 Notice) (Baker, Reese) (Entered: 12/18/2023) |
| 12/18/2023 | 56 (4 pgs) | Withdraw Document (Filed By Galleria 2425 Owner, LLC ).(Related document(s):33 Emergency Motion) (Baker, Reese) (Entered: 12/18/2023) |
| 12/18/2023 | 57 | Courtroom Minutes. Time Hearing Held: 2:30. Appearances: Reese Baker and James Pope for the Debtor, Patrick Fitzmaurice and Ryan Steinbrunner for National Bank of Kuwait, Jana Whitworth for the US Trustee, Robert MacNaughton for 2425 West Loop, LLC. Stephen Sather for 2425 WL. LLC. (Related document(s):34 Emergency Motion to Determine Adequate Assurance Utility Payments) Objection filed. Scarlet McGeorge sworn. Direct and cross examination |

| | | conducted by counsel. Debtor exhibit 34-2 was admitted. Debtor to file a revised proposed order. (TraceyConrad) (Entered: 12/18/2023) |
|---|---|---|
| 12/18/2023 | 🌐 58 (3 pgs) | Proposed Order RE: *Order on Utility Deposits (after hearing)* (Filed By Galleria 2425 Owner, LLC ).(Related document(s):34 Emergency Motion) (Baker, Reese) (Entered: 12/18/2023) |
| 12/18/2023 | 🌐 59 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 12/18/2023 2:30:03 PM ]. File Size [ 14512 KB ]. Run Time [ 00:30:14 ]. (admin). (Entered: 12/18/2023) |
| 12/18/2023 | 🌐 60 (3 pgs) | Order Granting Emergency Motion to Determine Adequate Assurance (Related Doc # 34) Signed on 12/18/2023. (MarioRios) (Entered: 12/18/2023) |
| 12/19/2023 | 🌐 61 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by National Bank of Kuwait, S.A.K.P., New York Branch / Ryan Steinbrunner. This is to order a transcript of Hearing, December 18, 2023 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Steinbrunner, Ryan) Electronically Forwarded to Veritext Legal Solutions on 12/19/2023. Estimated Date of Completion: 12/26/2023. Modified on 12/19/2023 (BenjaminRomero). (Entered: 12/19/2023) |
| 12/19/2023 | 🌐 62 (1 pg) | Order Granting Motion For Relief From Stay (Related Doc # 24) Signed on 12/19/2023. (MarioRios) (Entered: 12/19/2023) |
| 12/20/2023 | 🌐 63 (4 pgs; 2 docs) | Motion to Extend Deadline to File Schedules or Provide Required Information Filed by Debtor Galleria 2425 Owner, LLC (Attachments: # 1 Proposed Order) (Baker, Reese) (Entered: 12/20/2023) |
| 12/20/2023 | 🌐 64 (1 pg) | Order Denying Motion To Extend Deadline to File Schedules or Provide Required Information (Related Doc # 63) Signed on 12/20/2023. (MarioRios) (Entered: 12/20/2023) |
| 12/20/2023 | 🌐 65 (5 pgs) | BNC Certificate of Mailing. (Related document(s):60 Order on Emergency Motion) No. of Notices: 3. Notice Date 12/20/2023. (Admin.) (Entered: 12/20/2023) |
| 12/21/2023 | 🌐 66 (3 pgs) | BNC Certificate of Mailing. (Related document(s):62 Order on Emergency Motion) No. of Notices: 3. Notice Date 12/21/2023. (Admin.) (Entered: 12/21/2023) |
| 12/22/2023 | 🌐 67 (17 pgs; 6 docs) | Application to Employ Reese Bake as Attorney. Objections/Request for Hearing Due in 21 days. Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 1/31/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit Rule 2014 # 2 Exhibit Rule 2016 # 3 Exhibit Disclosures # 4 Exhibit Rates # 5 Proposed Order) (Baker, Reese) (Entered: 12/22/2023) |
| 12/22/2023 | 🌐 68 (2 pgs) | Notice of Appearance and Request for Notice Filed by Howard Marc Spector Filed by on behalf of CC2 TX, LLC (Spector, Howard) (Entered: 12/22/2023) |

| 12/22/2023 | ⊙ 69<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):64 Order on Motion to Extend Deadline to File Schedules) No. of Notices: 31. Notice Date 12/22/2023. (Admin.) (Entered: 12/22/2023) |
|---|---|---|
| 12/23/2023 | ⊙ 70<br>(80 pgs; 3 docs) | Schedule A/B: Property for Non-Individual *And Schedules D, E/F, G, H and Statement of Financial Affairs* (Filed By Galleria 2425 Owner, LLC ). (Attachments: # 1 Exhibit SOFA Exhibit 3 # 2 Exhibit SOFA Exhibit 4) (Baker, Reese) (Entered: 12/23/2023) |
| 12/26/2023 | ⊙ 71<br>(29 pgs; 2 docs) | Transcript RE: hearing held on 12/18/23 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 03/25/2024. (VeritextLegalSolutions) (Entered: 12/26/2023) |
| 12/27/2023 | ⊙ 72<br>(706 pgs; 12 docs) | Motion to Convert Case from Chapter 11 to Chapter 7 . Fee Amount $15. Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch Hearing scheduled for 1/31/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit A Conrad Declaration # 2 Conrad Declaration Exhibit 1 # 3 Conrad Declaration Exhibit 2 # 4 Conrad Declaration Exhibit 3 # 5 Conrad Declaration Exhibit 4 # 6 Conrad Declaration Exhibit 5 # 7 Conrad Declaration Exhibit 6 # 8 Conrad Declaration Exhibit 7 # 9 Conrad Declaration Exhibit 8 # 10 Conrad Declaration Exhibit 9 # 11 Exhibit B Proposed Order) (Conrad, Charles) (Entered: 12/27/2023) |
| 12/27/2023 | | Receipt of Motion to Convert Case from Chapter 11 to Chapter 7( 23-34815) [motion,mcnv7] ( 15.00) Filing Fee. Receipt number A24955152. Fee amount $ 15.00. (U.S. Treasury) (Entered: 12/27/2023) |
| 12/28/2023 | ⊙ 73<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):71 Transcript) No. of Notices: 4. Notice Date 12/28/2023. (Admin.) (Entered: 12/28/2023) |
| 01/03/2024 | ⊙ 74<br>(4 pgs) | Certificate *Amended Certificate of Service* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7) (Conrad, Charles) (Entered: 01/03/2024) |
| 01/04/2024 | ⊙ 75<br>(4 pgs) | Notice *Notice of Hearing*. (Related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 01/04/2024) |
| 01/10/2024 | ⊙ 76<br>(1 pg) | Equity Security Holders (Filed By Galleria 2425 Owner, LLC ). (Baker, Reese) (Entered: 01/10/2024) |
| 01/10/2024 | ⊙ | Meeting of Creditors Held. Debtor appeared and participated by and through its designated representatives, Dward Darjean and Ali Choudhri. Hearing concluded on January 10, 2024. (Related document(s):9 Meeting of Creditors Chapter 11 for Non-Individual Debtor Set) (Whitworth, Jana) (Entered: 01/10/2024) |
| 01/11/2024 | ⊙ | Adversary Case 4:23-ap-3259 Closed. (MarioRios) (Entered: 01/11/2024) |

| | | |
|---|---|---|
| 01/12/2024 | 🔵77<br>(7 pgs; 2 docs) | Objection *Limited Objection of National Bank of Kuwait, S.A.K.P., New York Branch to Application to Employ Attorneys* (related document(s):67 Application to Employ). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Proposed Order) (Conrad, Charles) (Entered: 01/12/2024) |
| 01/19/2024 | 🔵78<br>(8 pgs) | Response (related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 01/19/2024) |
| 01/22/2024 | 🔵79<br>(13 pgs; 2 docs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 12/31/2023, $9448 disbursed (Filed By Galleria 2425 Owner, LLC ). (Attachments: # 1 Exhibit Bank account statement) (Baker, Reese) (Entered: 01/22/2024) |
| 01/22/2024 | 🔵80<br>(260 pgs; 12 docs) | Response (related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7). Filed by Galleria 2425 Owner, LLC (Attachments: # 1 Exhibit 1 Amendment to Galleria 2425 JV # 2 Exhibit 1B Replacement agreement # 3 Exhibit 3 Email on Sonder lease # 4 Exhibit 4 Presentation of NBK and Sonder lease # 5 Exhibit 5 Effective ownership # 6 Exhibit 5A Michael Carter email # 7 Exhibit 6 Internal Notes NBK # 8 Exhibit Jetall paying rent # 9 Exhibit 8 Grove transcript # 10 Exhibit 9 Motion to inspect and statements # 11 Exhibit 10 Hearing transcript involving Tang) (Baker, Reese) (Entered: 01/22/2024) |
| 01/24/2024 | 🔵81<br>(10 pgs; 3 docs) | Application to Employ Robert Norris as Accountant. Objections/Request for Hearing Due in 21 days. Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 2/21/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Exhibit Declaration of Robert Norris) (Baker, Reese) (Entered: 01/24/2024) |
| 01/25/2024 | 🔵82<br>(11 pgs; 2 docs) | Certificate *of Service* (Filed By Galleria 2425 Owner, LLC ).(Related document(s):81 Application to Employ) (Attachments: # 1 mailing matrix) (Baker, Reese) (Entered: 01/25/2024) |
| 01/25/2024 | 🔵83<br>(37 pgs; 6 docs) | Motion for Expedited Consideration (related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7, 75 Notice)., Motion *National Bank of Kuwait, S.A.K.P., New York Branch's Expedited Motion for Service of Subpoena by U.S. Marshal's Office* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Proposed Order # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Conrad, Charles) (Entered: 01/25/2024) |
| 01/26/2024 | 🔵84<br>(7 pgs) | Order Authorizing Service of Subpoena by U.S. Marshal's Office Signed on 1/26/2024 (Related document(s):83 Motion for Expedited Consideration, Generic Motion) (MarioRios) (Entered: 01/26/2024) |
| 01/26/2024 | 🔵85<br>(5 pgs) | Objection - *The United States Trustee's Limited Objection and Reservation of Rights to Debtor's Application to Employ Attorneys [ECF 67]* (related document(s):67 Application to Employ). Filed by US Trustee (Whitworth, Jana) (Entered: 01/26/2024) |

| 01/28/2024 | 86<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):84 Generic Order) No. of Notices: 4. Notice Date 01/28/2024. (Admin.) (Entered: 01/28/2024) |
|---|---|---|
| 01/29/2024 | 87<br>(1003 pgs; 47 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):67 Application to Employ, 72 Motion to Convert Case from Chapter 11 to Chapter 7, 75 Notice) (Attachments: # 1 Exhibit 1 # 2 Exhibit 1.1 # 3 Exhibit 1.2 # 4 Exhibit 1.3 # 5 Exhibit 1.4 # 6 Exhibit 2 # 7 Exhibit 2.1 # 8 Exhibit 2.2 # 9 Exhibit 2.3 # 10 Exhibit 2.4 # 11 Exhibit 2.5 # 12 Exhibit 2.6 # 13 Exhibit 2.7 # 14 Exhibit 3 # 15 Exhibit 4 # 16 Exhibit 5 # 17 Exhibit 6 # 18 Exhibit 7 # 19 Exhibit 8 # 20 Exhibit 9 # 21 Exhibit 10 # 22 Exhibit 11 # 23 Exhibit 12 # 24 Exhibit 13 # 25 Exhibit 14 # 26 Exhibit 15 # 27 Exhibit 16 # 28 Exhibit 17 # 29 Exhibit 18 # 30 Exhibit 19 # 31 Exhibit 20 # 32 Exhibit 21 # 33 Exhibit 22 # 34 Exhibit 23 # 35 Exhibit 24 # 36 Exhibit 25 # 37 Exhibit 26 # 38 Exhibit 27 # 39 Exhibit 28 # 40 Exhibit 29 # 41 Exhibit 30 # 42 Exhibit 31 # 43 Exhibit 32 # 44 Exhibit 33 # 45 Exhibit 34 # 46 Exhibit 35) (Conrad, Charles) (Entered: 01/29/2024) |
| 01/29/2024 | 88<br>(644 pgs; 31 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7) (Attachments: # 1 Exhibit 1 Projections # 2 Exhibit 3 Internal Notes of NBK # 3 Exhibit 4 Amendment to Galleria 2425 JV # 4 Exhibit 5 Replacement of Zaheer # 5 Exhibit 6 Suitable replacement # 6 Exhibit 7 Include Sonder lease in appraisal # 7 Exhibit 8 Michael Carter email # 8 Exhibit 10 Jetall paying rent # 9 Exhibit 11 Groves vs Dalio case # 10 Exhibit 12 Motion to inspect # 11 Exhibit 13 Transcript before Judge Lopez # 12 Exhibit 14 Funds for operation # 13 Exhibit 17A Expungement # 14 Exhibit 17B Expungement # 15 Exhibit 17C Expungement # 16 Exhibit 18 Lease Agreement tenant # 17 Exhibit 19 Divorce appeal order # 18 Exhibit 20 Brochure of building # 19 Exhibit 21 Cushman Wakefield appraisal # 20 Exhibit 22 Michael Carter affidavit # 21 Exhibit 23 Deposition of Michael Carter # 22 Exhibit 24 Carter email on effective equity owner # 23 Exhibit 25 Vaxanix Bio # 24 Exhibit 26 Email from Zaheer # 25 Exhibit 27A Information on IWG # 26 Exhibit 27A1 Information on IWG # 27 Exhibit 28 Presentation on Sonder lease # 28 Exhibit 29 Change in Ownership of Galleria # 29 Exhibit 30 Request to Keep Zaheer # 30 Exhibit 31 Email on standstill agreement) (Baker, Reese) (Entered: 01/29/2024) |
| 01/29/2024 | 89<br>(13 pgs) | Omnibus Reply *In support of Motion Pursuant to 11 USC 1112(b) to Convert Chapter 11 Case to Chapter 7* (related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 01/29/2024) |
| 01/30/2024 | 90<br>(404 pgs; 12 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):87 Witness List, Exhibit List) (Attachments: # 1 Exhibit 37 (Exhibit 36 to be filed under seal) # 2 Exhibit 38 # 3 Exhibit 39 # 4 Exhibit 40 # 5 Exhibit 41 # 6 Exhibit 42 # 7 Exhibit 42.1 # 8 Exhibit 43 # 9 Exhibit 43.1 # 10 Exhibit 43.2 # 11 Exhibit 43.3) (Conrad, Charles) (Entered: 01/30/2024) |
| 01/30/2024 | 91<br>(9 pgs; 3 docs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 12/31/2023, $60220 disbursed (Filed By Galleria 2425 Owner, |

| | | |
|---|---|---|
| | | LLC ). (Attachments: # 1 Exhibit Bank statement # 2 Exhibit Income report) (Baker, Reese) (Entered: 01/30/2024) |
| 01/30/2024 | ● 92<br>(6 pgs; 2 docs) | Motion to Seal *Settlement Agreement and Other Confidential Documents* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Proposed Order) (Conrad, Charles) (Entered: 01/30/2024) |
| 01/30/2024 | ● 93<br>(221 pgs; 7 docs) | Sealed Document *Confidential Settlement Agreement* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Attachments: # 1 ECF 90-1 Exhibit 37 # 2 ECF 90-2 Exhibit 38 # 3 ECF 90-3 Exhibit 39 # 4 ECF 90-4 Exhibit 40 # 5 ECF 90-7 Exhibit 42.1 # 6 ECF 90-8 Exhibit 43) (Conrad, Charles) (Entered: 01/30/2024) |
| 01/30/2024 | ● 94<br>(4 pgs) | Response (related document(s):72 Motion to Convert Case from Chapter 11 to Chapter 7). Filed by Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 01/30/2024) |
| 01/30/2024 | ● 95<br>(24 pgs) | Chapter 11 Plan of Reorganization Filed by Galleria 2425 Owner, LLC. (Baker, Reese) (Entered: 01/30/2024) |
| 01/30/2024 | ● 96<br>(43 pgs) | Disclosure Statement Filed by Galleria 2425 Owner, LLC. (Baker, Reese) (Entered: 01/30/2024) |
| 01/31/2024 | ● 97 | Courtroom Minutes. Time Hearing Held: 11:00. Appearances: Reese Baker for the debtor, Jana Whitworth for the US Trustee,. (Related document(s):67 Application to Employ, 72 Motion to Convert Case from Chapter 11 to Chapter 7) Arguments heard on Application to Employ. National Bank of Kuwait opposed to the application and requested to know who is paying Mr. Baker. Application is Abated until Mr. Baker discloses who is paying him. Once the Court receives this information, the Court will set a response deadline and reset the application for hearing. Evidentiary hearing held on the Motion to Convert. Opening Statements made. Dward Darjean sworn. Direct and cross examination conducted. No cross examination by Mr. Bank. Debtor reserved their rights to recall the witness. Bank exhibits at ECF No 87-24 and 87-39 were admitted. Ali Choudhri sworn. Direct and cross examination conducted. No cross by Mr. Baker. Debtor to recall the witness. National Bank of Kuwait rest. Oral motion by Mr. Baker to Deny the Motion to Convert. Oral motion was Denied by the Court. Ali Choudhri recalled by Mr Baker. Direct and cross examination conducted. Exhibits at ECF No. 88-1 was admitted as a projection, 90-9, 90-7, 87-2 and 88-18 were admitted. Faisal Shah sworn and questioned by the Court and counsel. Closing arguments heard. The Court announced a finding for the record. The Court will prepare and enter an order. Chapter 11 Trustee to be appointed. (TraceyConrad) (Entered: 01/31/2024) |
| 01/31/2024 | ● 98<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by National Bank of Kuwait S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of Hearing, January 31, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Electronically forwarded to Veritext Legal Solutions on 2/1/2024. Estimated completion date: 2/4/2024. Modified on 2/1/2024 (AaronJackson). (Entered: 01/31/2024) |

| | | |
|---|---|---|
| 01/31/2024 | 99 (1 pg) | Order Abating Motion to Convert Case to Chapter 7 and Appointing Chapter 11 Trustee. (Related Doc # 72). Trustee Signed on 1/31/2024. (MarioRios) (Entered: 01/31/2024) |
| 02/01/2024 | 100 (1 pg) | Order Abating Application to Employ (Related Doc # 67) Signed on 2/1/2024. (MarioRios) (Entered: 02/01/2024) |
| 02/01/2024 | 101 (1 pg) | Order Mooting Motion To Seal (Related Doc # 92) Signed on 2/1/2024. (MarioRios) (Entered: 02/01/2024) |
| 02/01/2024 | 102 (1 pg) | Order Abating Rulings Signed on 2/1/2024 (Related document(s):81 Application to Employ, 95 Chapter 11 Plan, 96 Disclosure Statement) (MarioRios) (Entered: 02/01/2024) |
| 02/01/2024 | 103 (1 pg) | PDF with attached Audio File. Court Date & Time [ 1/31/2024 10:59:34 AM ]. File Size [ 29079 KB ]. Run Time [ 01:00:35 ]. (admin). (Entered: 02/01/2024) |
| 02/01/2024 | 104 (1 pg) | PDF with attached Audio File. Court Date & Time [ 1/31/2024 12:01:20 PM ]. File Size [ 10768 KB ]. Run Time [ 00:22:26 ]. (admin). (Entered: 02/01/2024) |
| 02/01/2024 | 105 (1 pg) | PDF with attached Audio File. Court Date & Time [ 1/31/2024 12:26:47 PM ]. File Size [ 49448 KB ]. Run Time [ 01:43:01 ]. (admin). (Entered: 02/01/2024) |
| 02/01/2024 | 106 (1 pg) | PDF with attached Audio File. Court Date & Time [ 1/31/2024 2:19:40 PM ]. File Size [ 63063 KB ]. Run Time [ 02:11:23 ]. (admin). (Entered: 02/01/2024) |
| 02/02/2024 | 107 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudhri. This is to order a transcript of Hearing, 1/31/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions. (BrendaLacy) Copy request electronically forwarded to Veritext Legal Solutions on 2/2/2024. Estimated completion date is 2/3/2024. Modified on 2/2/2024 (DanielBerger). (Entered: 02/02/2024) |
| 02/03/2024 | 108 (4 pgs) | BNC Certificate of Mailing. (Related document(s):99 Order on Motion to Convert Case to Chapter 7) No. of Notices: 32. Notice Date 02/03/2024. (Admin.) (Entered: 02/03/2024) |
| 02/03/2024 | 109 (4 pgs) | BNC Certificate of Mailing. (Related document(s):100 Order on Application to Employ) No. of Notices: 4. Notice Date 02/03/2024. (Admin.) (Entered: 02/03/2024) |
| 02/03/2024 | 110 (4 pgs) | BNC Certificate of Mailing. (Related document(s):102 Generic Order) No. of Notices: 4. Notice Date 02/03/2024. (Admin.) (Entered: 02/03/2024) |
| 02/03/2024 | 111 (3 pgs) | BNC Certificate of Mailing. (Related document(s):101 Order on Motion to Seal) No. of Notices: 1. Notice Date 02/03/2024. (Admin.) (Entered: 02/03/2024) |

| 02/05/2024 | ● 112<br>(5 pgs) | Notice *of Process Receipt and Return of service of subpoena to testify: Ali Choudhri*. (FrancesCarbia) (Entered: 02/06/2024) |
|---|---|---|
| 02/07/2024 | ● 113<br>(4 pgs) | Disclosure of Compensation of Attorney for Debtor (Filed By Galleria 2425 Owner, LLC ). (Baker, Reese) (Entered: 02/07/2024) |
| 02/09/2024 | ● 114<br>(11 pgs; 2 docs) | Emergency Motion *of THE UNITED STATES TRUSTEE FOR ORDER APPROVING APPOINTMENT OF CHRISTOPHER R. MURRAY AS CHAPTER 11 TRUSTEE (in compliance with the Order entered at ECF 99)* Filed by U.S. Trustee US Trustee (Attachments: # 1 Proposed Order [proposed] Order Approving Appt) (Whitworth, Jana) (Entered: 02/09/2024) |
| 02/09/2024 | ● 115<br>(12 pgs; 2 docs) | Motion for Relief from Stay *to Liquidate Claims in Pending Proceeding*. Fee Amount $199. Filed by Creditor Sonder USA Inc. Hearing scheduled for 2/28/2024 at 09:30 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Wilson, Broocks) (Entered: 02/09/2024) |
| 02/09/2024 | | Receipt of Motion for Relief From Stay( 23-34815) [motion,mrlfsty] ( 199.00) Filing Fee. Receipt number A25065762. Fee amount $ 199.00. (U.S. Treasury) (Entered: 02/09/2024) |
| 02/09/2024 | ● 116<br>(1 pg) | Order Granting Emergency Motion Appointing Christopher Murray (Related Doc # 114) Signed on 2/9/2024. (MarioRios) (Entered: 02/09/2024) |
| 02/09/2024 | ● 117<br>(4 pgs) | US Trustee's Notice *of Appointment of Christopher R. Murray as Chapter 11 Trustee*. (Whitworth, Jana) (Entered: 02/09/2024) |
| 02/11/2024 | ● 118<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):116 Order on Emergency Motion) No. of Notices: 4. Notice Date 02/11/2024. (Admin.) (Entered: 02/11/2024) |
| 02/11/2024 | ● 119<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):117 US Trustee's Notice) No. of Notices: 32. Notice Date 02/11/2024. (Admin.) (Entered: 02/11/2024) |
| 02/12/2024 | ● 120<br>(33 pgs; 4 docs) | Application to Employ Shannon & Lee LLP as Bankruptcy Counsel to Chapter 11 Trustee. Objections/Request for Hearing Due in 21 days. Filed by Trustee Christopher Murray Hearing scheduled for 3/14/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit A - Engagement Letter # 2 Exhibit B - Shannon Declaration # 3 Proposed Order) (Shannon, R. J.) (Entered: 02/12/2024) |
| 02/13/2024 | ● 121<br>(2 pgs) | Bond *of Chapter 11 Trustee of $300,000* (Murray, Christopher) (Entered: 02/13/2024) |
| 02/20/2024 | ● 122<br>(3 pgs) | Stipulation By Christopher Murray and Sonder USA Inc. to Continue Hearing and Extend Response Deadline regarding Sonder USA Inc.'s Motion to Modify the Stay to Allow Liquidation of Claim. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Christopher Murray ).(Related document(s):115 Motion for Relief From Stay) (Shannon, R. J.) (Entered: 02/20/2024) |

| | | |
|---|---|---|
| 02/20/2024 | 🔵 123<br>(3 pgs) | Stipulation and Agreed Order Setting Hearing Signed on 2/20/2024 (Related document(s):115 Motion for Relief From Stay) **Hearing scheduled for 3/27/2024 at 09:30 AM at Houston, Courtroom 403 (JPN).** (MarioRios) (Entered: 02/20/2024) |
| 02/22/2024 | 🔵 124<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):123 Order Setting Hearing) No. of Notices: 5. Notice Date 02/22/2024. (Admin.) (Entered: 02/22/2024) |
| 03/08/2024 | 🔵 125<br>(3 pgs) | Order Granting Application to Employ (Related Doc # 120) Signed on 3/8/2024. (MarioRios) (Entered: 03/08/2024) |
| 03/10/2024 | 🔵 126<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):125 Order on Application to Employ) No. of Notices: 6. Notice Date 03/10/2024. (Admin.) (Entered: 03/11/2024) |
| 03/15/2024 | 🔵 127<br>(8 pgs) | Motion for 2004 Examination. Filed by Debtor Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 03/15/2024) |
| 03/15/2024 | 🔵 128<br>(7 pgs) | Motion for 2004 Examination. Filed by Debtor Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 03/15/2024) |
| 03/15/2024 | 🔵 129<br>(8 pgs) | Amended Motion for 2004 Examination. Filed by Debtor Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 03/15/2024) |
| 03/15/2024 | 🔵 130<br>(7 pgs) | Amended Motion for 2004 Examination. Filed by Debtor Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 03/15/2024) |
| 03/20/2024 | 🔵 131<br>(12 pgs) | Operating Report for Filing Period January 2024, $112.00 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 03/20/2024) |
| 03/20/2024 | 🔵 132<br>(9 pgs) | Operating Report for Filing Period February 2024, $0.00 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 03/20/2024) |
| 03/20/2024 | 🔵 133<br>(33 pgs; 4 docs) | Emergency Motion - *Trustee's Emergency Motion for Interim and Final Orders Authorizing the Use of Cash Collateral* Filed by Trustee Christopher R Murray (Attachments: # 1 Exhibit A - Budget # 2 Proposed Order (Interim) # 3 Proposed Order (Final)) (Shannon, R. J.) (Entered: 03/20/2024) |
| 03/20/2024 | 🔵 134<br>(42 pgs; 9 docs) | Motion to Quash *Rule 2004 Examination Notices re 129 130* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Proposed Order # 2 Conrad Declaration ISO Motion # 3 Exhibit 1 # 4 Exhibit 2 # 5 Exhibit 3 # 6 Exhibit 4 # 7 Exhibit 5 # 8 Exhibit 6 to be filed under seal) (Conrad, Charles) (Entered: 03/20/2024) |
| 03/20/2024 | 🔵 135<br>(6 pgs) | Motion to Seal *National Bank of Kuwait's Motion to File Under Seal Settlement Agreement* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 03/20/2024) |
| 03/20/2024 | 🔵 136<br>(16 pgs) | Sealed Document *Exhibit 6 to Conrad Declaration [134-8]* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, |

| | | Charles) (Entered: 03/20/2024) |
|---|---|---|
| 03/20/2024 | 🌐 137<br>(1 pg) | Order Setting Hearing Signed on 3/20/2024 (Related document(s):133 Emergency Motion for Interim and Final Orders Authorizing the Use of Cash Collateral) **Hearing scheduled for 3/22/2024 at 09:45 AM at telephone and video conference.** (trc4) (Entered: 03/20/2024) |
| 03/20/2024 | 🌐 138<br>(3 pgs) | Stipulation By Christopher R Murray and Sonder USA Inc.. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Christopher R Murray ).(Related document(s):115 Motion for Relief From Stay) (Shannon, R. J.) (Entered: 03/20/2024) |
| 03/21/2024 | 🌐 139<br>(1 pg) | Order Granting Motion To Quash (Related Doc # 134) Signed on 3/21/2024. (mar4) (Entered: 03/21/2024) |
| 03/21/2024 | 🌐 140<br>(3 pgs) | Second Stipulation and Agreed Order Continuing Hearing Signed on 3/21/2024 (Related document(s):115 Motion for Relief From Stay) **Hearing scheduled for 5/1/2024 at 09:30 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 03/21/2024) |
| 03/21/2024 | 🌐 141<br>(1 pg) | Order Granting Motion To Seal (Related Doc # 135) Signed on 3/21/2024. (mar4) (Entered: 03/21/2024) |
| 03/21/2024 | 🌐 142<br>(6 pgs) | Certificate *of Service regarding Order Setting Hearing* (Filed By Christopher R Murray ).(Related document(s):133 Emergency Motion, 137 Order Setting Hearing) (Shannon, R. J.) (Entered: 03/21/2024) |
| 03/21/2024 | 🌐 143<br>(541 pgs; 18 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):133 Emergency Motion) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit # 17 Exhibit) (Shannon, R. J.) (Entered: 03/21/2024) |
| 03/21/2024 | 🌐 144<br>(4 pgs) | Objection *of Certain Taxing Authorities to the Trustee's Emergency Motion for Interim and Final Orders Authorizing the Use of Cash Collateral* (related document(s):133 Emergency Motion). Filed by City of Houston, Houston Community College System, Houston ISD (Andresen, Jeannie) (Entered: 03/21/2024) |
| 03/21/2024 | 🌐 145<br>(36 pgs; 3 docs) | Motion *for Entry of an Order (A) Authorizing the Trustee to Enter into an Agreement with Jones Lang LaSalle Americas, Inc. to Serve as Property Manager and (B) Granting Related Relief* Filed by Trustee Christopher R Murray Hearing scheduled for 4/24/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit A - JLL Agreement # 2 Proposed Order) (Shannon, R. J.) (Entered: 03/21/2024) |
| 03/21/2024 | 🌐 146<br>(3 pgs; 2 docs) | Ex Parte Motion to Expedite Hearing (related document(s):145 Generic Motion). Filed by Trustee Christopher R Murray (Attachments: # 1 Proposed Order) (Shannon, R. J.) (Entered: 03/21/2024) |
| 03/22/2024 | 🌐 147<br>(5 pgs) | Objection (related document(s):133 Emergency Motion). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 03/22/2024) |

| | | |
|---|---|---|
| 03/22/2024 | 🔘 148<br>(17 pgs; 2 docs) | Adversary case 24-03043. Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(14 (Recovery of money/property - other)) Complaint by 2425 WL, LLC against National Bank of Kuwait, S.A.K.P., New York Branch. Fee Amount $350 (Attachments: # 1 Exhibit Adverary Cover Sheet) (Sather, Stephen) (Entered: 03/22/2024) |
| 03/22/2024 | 🔘 149<br>(8 pgs) | Objection *TO CHAPTER 11 TRUSTEES MOTION TO USE CASH COLLATERAL* (related document(s):133 Emergency Motion). Filed by Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 03/22/2024) |
| 03/22/2024 | 🔘 150<br>(79 pgs; 11 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):133 Emergency Motion) (Attachments: # 1 Exhibit 1 Settlement Terms by NBK # 2 Exhibit 2 Proposed Budget # 3 Exhibit 3 Letter of Passman Jones # 4 Exhibit 4 Phllips letter # 5 Exhibit 5 Vaxanix lease terms # 6 Exhibit 6 Phoenix lease # 7 Exhibit 7 2425 WL, LLC Proof of claim # 8 Exhibit 8 Deed of Trust of 2425 WL, LLC # 9 Exhibit 9 Affidavit of JLL officer # 10 Exhibit 10 Letter to trustee) (Baker, Reese) (Entered: 03/22/2024) |
| 03/22/2024 | 🔘 151<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Ali Choudhri (th4) (Entered: 03/22/2024) |
| 03/22/2024 | 🔘 152<br>(1 pg) | Order Setting Hearing Signed on 3/22/2024 (Related document(s):146 Motion to Expedite Hearing) **Hearing scheduled for 3/26/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (mar4). Related document(s) 145 Motion *for Entry of an Order (A) Authorizing the Trustee to Enter into an Agreement with Jones Lang LaSalle Americas, Inc. to Serve as Property Manager and (B) Granting Related Relief* filed by Trustee Christopher R Murray. Modified on 3/27/2024 (MarioRios). (Entered: 03/22/2024)** |
| 03/22/2024 | 🔘 | Hearing Reset On (Related document(s): Hearing rescheduled for 4/5/2024 at 09:00 AM at Houston, Courtroom 403 (JPN). (mar4). Related document(s) 145 Motion *for Entry of an Order (A) Authorizing the Trustee to Enter into an Agreement with Jones Lang LaSalle Americas, Inc. to Serve as Property Manager and (B) Granting Related Relief* filed by Trustee Christopher R Murray. Modified on 3/27/2024 (MarioRios). (Entered: 03/22/2024) |
| 03/22/2024 | 🔘 153 | Courtroom Minutes. Time Hearing Held: 9:45. Appearances: Reese Baker for the Debtor, Patrick Fitzmaurice, Andrew Troop and Charles Conrad for National Bank of Kuwait, Jana Whitworth for the US Trustee, Stephen Sather for 2425W LLC, John Dillman and Jeannie Andresen for Various Counties, RJ Shannon for the Trustee, and Ali Choudhri for self. (Related document(s):133 Emergency Motion For Interim Use of Cash Collatera) Objections filed by the Debtor, Taxing Authorities, and 2425WLLC. Opening statements made. Trustee exhibits at ECF No. 143-3,4,7,8,9, and 10 were admitted. Christopher Murray sworn. Direct and cross examination conducted. Parties rest. The Court will enter the proposed order at docket [133-2]. A Final Cash Collateral hearing will be set for April 5, 2024 at 9:00 am. The hearing on ECF No. 145 will reset to the same date and time. (trc4) (Entered: 03/22/2024) |
| 03/22/2024 | 🔘 154<br>(7 pgs) | Interim Order Authorizing Cash Collateral and Setting Hearing Signed on 3/22/2024 (Related document(s):133 Emergency Motion) **Hearing** |

| | | |
|---|---|---|
| | | scheduled for 4/5/2024 at 09:00 AM at Houston, Courtroom 403 **(JPN).** (mar4) (Entered: 03/22/2024) |
| 03/22/2024 | 155<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):137 Order Setting Hearing) No. of Notices: 5. Notice Date 03/22/2024. (Admin.) (Entered: 03/23/2024 |
| 03/23/2024 | 156<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):139 Order on Motion To Quash) No. of Notices: 5. Notice Date 03/23/2024. (Admin.) (Entered: 03/23/2024 |
| 03/23/2024 | 157<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):140 Order Setting Hearing) No. of Notices: 5. Notice Date 03/23/2024. (Admin.) (Entered: 03/23/2024 |
| 03/23/2024 | 158<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):141 Order on Motion to Seal) No. of Notices: 1. Notice Date 03/23/2024. (Admin.) (Entered: 03/23/2024 |
| 03/24/2024 | 159<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):152 Order Setting Hearing) No. of Notices: 6. Notice Date 03/24/2024. (Admin.) (Entered: 03/24/2024 |
| 03/24/2024 | 160<br>(10 pgs) | BNC Certificate of Mailing. (Related document(s):154 Order Setting Hearing) No. of Notices: 6. Notice Date 03/24/2024. (Admin.) (Entered: 03/24/2024 |
| 03/25/2024 | 161<br>(2 pgs) | Summons Service Executed on National Bank of Kuwait, S.A.K.P., New York Branch 3/25/2024. (Sather, Stephen) (Entered: 03/25/2024) |
| 03/28/2024 | 162<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudhri. This is to order a transcript of Proceedings held on 3/22/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Access Transcripts. (mew4) Electronically forwarded to Access Transcripts, LLC on 3/28/2024. Estimated completion date: 3/29/2024. Modified on 3/28/2024 (AaronJackson). (Entered: 03/28/2024) |
| 04/01/2024 | 163<br>(31 pgs; 2 docs) | First Amended Chapter 11 Plan Filed by Galleria 2425 Owner, LLC. (Attachments: # 1 Exhibit Projections) (Baker, Reese) (Entered: 04/01/2024) |
| 04/01/2024 | 164<br>(50 pgs; 2 docs) | Disclosure Statement Filed by Galleria 2425 Owner, LLC. (Attachments: # 1 Exhibit Projections) (Baker, Reese) (Entered: 04/01/2024) |
| 04/02/2024 | 165<br>(39 pgs; 2 docs) | Transcript RE: Emergency Motion for Interim Use of Cash Collateral held on 3/22/24 before Judge Jeffrey P. Norman. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 07/1/2024. (AccessTranscripts) (Entered: 04/02/2024) |
| 04/02/2024 | 166<br>(1 pg) | Order Setting Hearing Signed on 4/2/2024 (Related document(s):164 Disclosure Statement) **Hearing scheduled for 5/3/2024 at 09:30 AM** |

| | | at Houston, Courtroom 403 (JPN). (mar4) (Entered: 04/02/2024) |
|---|---|---|
| 04/02/2024 | 🔘 167<br>(6 pgs) | Objection *to Final Cash Collateral Order* (related document(s):133 Emergency Motion). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 04/02/2024) |
| 04/02/2024 | 🔘 168<br>(10 pgs) | Objection *OF GALLERIA 2425 OWNER, LLC TO CHAPTER 11 TRUSTEES MOTION TO USE CASH COLLATERAL AND APPLICATION TO EMPLOY JONES LANG LASALLE AMERICAS, INC. AS THE PROPERTY MANAGER* (related document(s):133 Emergency Motion, 145 Generic Motion). Filed by Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 04/02/2024) |
| 04/03/2024 | 🔘 169<br>(1 pg) | **Order on Hearing on April 5, 2024.** Signed on 4/3/2024 (Related document(s):133 Emergency Motion, 145 Generic Motion) (mar4) (Entered: 04/03/2024) |
| 04/03/2024 | 🔘 170<br>(20 pgs; 4 docs) | Witness List (Filed By City of Houston, Houston Community College System, Houston ISD ).(Related document(s):133 Emergency Motion, 144 Objection) (Attachments: # 1 Exhibit 1 - City of Houston POC # 2 Exhibit EXH 2 - Houston ISD POC # 3 Exhibit EXH 3 - Houston Comm College POC) (Andresen, Jeannie) (Entered: 04/03/2024) |
| 04/03/2024 | 🔘 171<br>(579 pgs; 21 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):133 Emergency Motion, 145 Generic Motion) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit # 17 Exhibit # 18 Exhibit # 19 Exhibit # 20 Exhibit) (Shannon, R. J.) (Entered: 04/03/2024) |
| 04/03/2024 | 🔘 172<br>(27 pgs; 3 docs) | Notice *of Revised Proposed Final Cash Collateral Order*. (Related document(s):133 Emergency Motion, 145 Generic Motion) Filed by Christopher R Murray (Attachments: # 1 Exhibit A - Redline of Proposed Final Cash Collateral Order # 2 Exhibit B - Revised Proposed Final Cash Collateral Order) (Shannon, R. J.) (Entered: 04/03/2024) |
| 04/03/2024 | 🔘 173<br>(1000 pgs; 48 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):133 Emergency Motion, 145 Generic Motion) (Attachments: # 1 Exhibit 1 # 2 Exhibit 3 Internal Notes # 3 Exhibit 4 # 4 Exhibit 5 # 5 Exhibit 6 # 6 Exhibit 7 # 7 Exhibit 8 # 8 Exhibit 10 # 9 Exhibit 11 # 10 Exhibit 12 # 11 Exhibit 13 # 12 Exhibit 14 # 13 Exhibit 15 # 14 Exhibit 15A # 15 Exhibit 16 # 16 Exhibit 16A # 17 Exhibit 17A # 18 Exhibit 17B # 19 Exhibit 17C # 20 Exhibit 18 # 21 Exhibit 19 # 22 Exhibit 20 # 23 Exhibit 21 # 24 Exhibit 22 # 25 Exhibit 23 # 26 Exhibit 24 # 27 Exhibit 25 # 28 Exhibit 26 # 29 Exhibit Exh 27 # 30 Exhibit 27A # 31 Exhibit 27A 1 # 32 Exhibit 27B # 33 Exhibit 28 # 34 Exhibit 29 # 35 Exhibit 30 # 36 Exhibit 31 # 37 Exhibit 33 # 38 Exhibit 36 # 39 Exhibit 37 # 40 Exhibit 40 # 41 Exhibit 41 # 42 Exhibit 42 # 43 Exhibit 43 # 44 Exhibit 44 # 45 Exhibit 45 # 46 Exhibit 46 # 47 Exhibit 47) (Baker, Reese) (Entered: 04/03/2024) |

| | | |
|---|---|---|
| 04/03/2024 | ○174<br>(53 pgs; 3 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):133 Emergency Motion, 145 Generic Motion, 173 Witness List, Exhibit List) (Attachments: # 1 Exhibit 39 # 2 Exhibit 48) (Baker, Reese) (Entered: 04/03/2024) |
| 04/04/2024 | ○175<br>(4 pgs; 3 docs) | MOTION to Appear Pro Hac Vice for Jack Rose (Fee Paid: $100, receipt number A25191348) Filed by Attorney Jack Rose Hearing scheduled for 4/10/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit Federal bar # 2 Exhibit State bar) (Baker, Reese) (Entered: 04/04/2024) |
| 04/04/2024 | ○176<br>(1 pg) | Order Granting Motion To Appear pro hac vice for Jack J Rose (Related Doc # 175) Signed on 4/4/2024. (mar4) (Entered: 04/04/2024) |
| 04/04/2024 | ○177<br>(20 pgs; 2 docs) | Omnibus Reply - Trustee's Omnibus Reply to Objections to Cash Collateral Motion and Motion to Enter into JLL Agreement (related document(s):133 Emergency Motion, 145 Generic Motion). Filed by Christopher R Murray (Attachments: # 1 Exhibit A) (Shannon, R. J.) (Entered: 04/04/2024) |
| 04/04/2024 | ○178<br>(7 pgs) | Response (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):167 Objection, 168 Objection) (Conrad, Charles) (Entered: 04/04/2024) |
| 04/04/2024 | ○179<br>(16 pgs; 2 docs) | Notice OF REVISED PROPOSED CASH COLLATERAL ORDER FILED BY GALLERIA 2425 OWNER, LLC AND 2425 WL, LLC. (Related document(s):133 Emergency Motion) Filed by Galleria 2425 Owner, LLC (Attachments: # 1 Proposed Order) (Baker, Reese) (Entered: 04/04/2024) |
| 04/04/2024 | ○180<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):165 Transcript) No. of Notices: 5. Notice Date 04/04/2024. (Admin.) (Entered: 04/04/2024) |
| 04/04/2024 | ○181<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):166 Order Setting Hearing) No. of Notices: 5. Notice Date 04/04/2024. (Admin.) (Entered: 04/04/2024) |
| 04/05/2024 | ○182<br>(2 pgs) | Notice of Intended Demonstrative Exhibit. (Related document(s):133 Emergency Motion, 145 Generic Motion, 179 Notice) Filed by Christopher R Murray (Shannon, R. J.) (Entered: 04/05/2024) |
| 04/05/2024 | ○183 | Courtroom Minutes. Time Hearing Held: 9:00. Appearances: RJ Shannon for the Trustee, Reese Baker for the Debtor, Jack Rose for 2425WL,LLC, Patrick Fitzmaurice for National Bank of Kuwait, Jeannie Andresen for Harris County, et al., Stephen Sather for 2425WL, LLC., Robert MacNaughton for 2425 West Loop, LLC. (Related document(s):133 Emergency Motion to Approve Cash Collateral, 145 Motion For Entry of Order) No opposition to 145. Relief requested is granted. The Court will sign the proposed order. Evidentiary hearing held on 133. Arguments heard. Chris Murray sworn. Direct and cross examination conducted. Trustee exhibits 171-1 thru 171-5, 171-10 thru 171-15 were admitted. Closing statement made. Matter taken under advisement. (trc4) (Entered: 04/05/2024) |
| 04/05/2024 | ○184<br>(2 pgs) | Order Granting Trustee's Motion For Entry of an Order (A) Authorizing the Trustee to Ener into an Agreement with Jones Lang |

| | | |
|---|---|---|
| | | Lasalle Americas, Inc. to Serve as Property Manager and (B) Granting Related Relief (Related Doc # 145) Signed on 4/5/2024. (trc4) (Entered: 04/05/2024) |
| 04/05/2024 | 185 (1 pg) | PDF with attached Audio File. Court Date & Time [ 4/5/2024 8:59:45 AM ]. File Size [ 36998 KB ]. Run Time [ 01:17:05 ]. (admin). (Entered: 04/05/2024) |
| 04/05/2024 | 186 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by National Bank of Kuwait, S.A.K. P., New York Branch / Charles Conrad. This is to order a transcript of Hearing, April 5, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Electronically Forwarded to Veritext Legal Solutions on 04/09/2024. Estimated Date of Completion: 04/12/2024. Modified on 4/9/2024 (BenjaminRomero). (Entered: 04/05/2024) |
| 04/05/2024 | 187 (10 pgs) | Final Order Authorizing the Trustee to Use Cash Collateral (Related Doc # 133) Signed on 4/5/2024. (trc4) (Entered: 04/05/2024) |
| 04/05/2024 | 188 (50 pgs; 2 docs) | Motion For Sale of *Real Property* Free and Clear of Liens as Described in Section 363(f). Objections/Request for Hearing Due in 21 days. Fee Amount $199. Filed by Trustee Christopher R Murray Hearing scheduled for 5/1/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Shannon, R. J.) (Entered: 04/05/2024) |
| 04/05/2024 | | Receipt of Motion for Sale of Property( 23-34815) [motion,msale363] ( 199.00) Filing Fee. Receipt number A25196356. Fee amount $ 199.00. (U.S. Treasury) (Entered: 04/05/2024) |
| 04/05/2024 | 189 (4 pgs) | BNC Certificate of Mailing. (Related document(s):169 Generic Order) No. of Notices: 5. Notice Date 04/05/2024. (Admin.) (Entered: 04/05/2024) |
| 04/06/2024 | 190 (4 pgs) | BNC Certificate of Mailing. (Related document(s):176 Order on Motion to Appear pro hac vice) No. of Notices: 5. Notice Date 04/06/2024. (Admin.) (Entered: 04/06/2024) |
| 04/07/2024 | 191 (5 pgs) | BNC Certificate of Mailing. (Related document(s):184 Generic Order) No. of Notices: 5. Notice Date 04/07/2024. (Admin.) (Entered: 04/07/2024) |
| 04/07/2024 | 192 (13 pgs) | BNC Certificate of Mailing. (Related document(s):187 Order on Emergency Motion) No. of Notices: 5. Notice Date 04/07/2024. (Admin.) (Entered: 04/07/2024) |
| 04/09/2024 | 193 (4 pgs) | Certificate *Of Service* (Filed By Galleria 2425 Owner, LLC ).(Related document(s):166 Order Setting Hearing) (Baker, Reese) (Entered: 04/09/2024) |
| 04/10/2024 | 194 (24 pgs) | Chapter 11 Plan of Reorganization Filed by National Bank of Kuwait, S.A.K.P., New York Branch. (Conrad, Charles) (Entered: 04/10/2024) |

| 04/10/2024 | ● 195<br>(46 pgs) | Disclosure Statement Filed by National Bank of Kuwait, S.A.K.P., New York Branch. (Conrad, Charles) (Entered: 04/10/2024) |
|---|---|---|
| 04/10/2024 | ● 196<br>(47 pgs; 3 docs) | Motion for Approval *Motion for Entry of Order (I) Conditionally Approving Disclosure Statement; (II) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing, (III) Establishing Plan and Disclosure Statement Objection and Reply Deadlines and Related Procedures, (IV) Approving the Solicitation Procedures, (V) Approving the Combined Hearing Notice, and (VI) Granting Related Relief*. Objections/Request for Hearing Due in 21 days. Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A - Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 04/10/2024) |
| 04/10/2024 | ● 197<br>(46 pgs; 2 docs) | Notice *of Proposed Stalking Horse Agreement*. (Related document(s):188 Motion for Sale of Property) Filed by Christopher R Murray (Attachments: # 1 Exhibit A - Stalking Horse Agreement) (Shannon, R. J.) (Entered: 04/10/2024) |
| 04/11/2024 | ● 198<br>(1 pg) | Order Setting Hearing Signed on 4/11/2024 (Related document(s):195 Disclosure Statement, 196 Motion for Approval) **Hearing scheduled for 4/25/2024 at 02:30 PM at Houston, Courtroom 403 (JPN).** (mar4) Modified on 4/11/2024 (MarioRios). (Entered: 04/11/2024) |
| 04/12/2024 | ● 199<br>(6 pgs) | Declaration re: *Unsworn Declaration of Mailing* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):198 Order Setting Hearing) (Conrad, Charles) (Entered: 04/12/2024) |
| 04/12/2024 | ● 200<br>(6 pgs) | Declaration re: *Unsworn Declaration of Mailing* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):196 Motion for Approval) (Conrad, Charles) (Entered: 04/12/2024) |
| 04/12/2024 | ● 201<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudri. This is to order a transcript of Motion hearing on 4/5/24 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Ali Choudhri ). (cmk4) Copy request electronically forwarded to Veritext Legal Solutions on 4/15/2024. Estimated completion date is 4/16/2024. Modified on 4/15/2024 (DanielBerger). (Entered: 04/12/2024) |
| 04/12/2024 | ● 202<br>(50 pgs; 2 docs) | Transcript RE: held on 04/05/24 before Judge Jeffrey P. Norman. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 07/11/2024. (VeritextLegalSolutions) (Entered: 04/12/2024) |
| 04/13/2024 | ● 203<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):198 Order Setting Hearing) No. of Notices: 5. Notice Date 04/13/2024. (Admin.) (Entered: 04/13/2024) |

| 04/14/2024 | 204<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Kyung Shik Lee Filed by on behalf of Christopher R Murray (Lee, Kyung) (Entered: 04/14/2024) |
|---|---|---|
| 04/17/2024 | 205<br>(32 pgs; 4 docs) | Application to Employ Hilco Real Estate, LLC as Real Estate Broker. Objections/Request for Hearing Due in 21 days. Filed by Trustee Christopher R Murray Hearing scheduled for 5/15/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit 1 - Kaup Declaration # 2 Exhibit 2 - Engagement Agreement # 3 Proposed Order) (Shannon, R. J.) (Entered: 04/17/2024) |
| 04/17/2024 | 206<br>(4 pgs; 2 docs) | Ex Parte Motion to Expedite Hearing (related document(s):188 Motion for Sale of Property, 205 Application to Employ). Filed by Trustee Christopher R Murray (Attachments: # 1 Proposed Order) (Shannon, R. J.) (Entered: 04/17/2024) |
| 04/17/2024 | 207<br>(7 pgs; 2 docs) | Motion to Continue Hearing On (related document(s):196 Motion for Approval). Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 04/17/2024) |
| 04/17/2024 | 208<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):202 Transcript) No. of Notices: 5. Notice Date 04/17/2024. (Admin.) (Entered: 04/17/2024) |
| 04/18/2024 | 209<br>(5 pgs) | Objection *TO TRUSTEES MOTION FOR EXPEDITED HEARING* (related document(s):206 Motion to Expedite Hearing). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 04/18/2024) |
| 04/18/2024 | 210<br>(14 pgs; 2 docs) | Motion For Sale of *Estate's Claims against Sonder USA Inc. and Sonder Canada, Inc.* Free and Clear of Liens as Described in Section 363(f). Objections/Request for Hearing Due in 21 days. Fee Amount $199. Filed by Trustee Christopher R Murray Hearing scheduled for 5/15/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Shannon, R. J.) (Entered: 04/18/2024) |
| 04/18/2024 | | Receipt of Motion for Sale of Property( 23-34815) [motion,msale363] ( 199.00) Filing Fee. Receipt number A25223343. Fee amount $ 199.00. (U.S. Treasury) (Entered: 04/18/2024) |
| 04/18/2024 | 211<br>(5 pgs) | Motion to Withdraw as Attorney. Objections/Request for Hearing Due in 21 days. Filed by Creditor 2425 WL, LLC Hearing scheduled for 5/15/2024 at 11:00 AM at telephone and video conference. (Rose, Jack) (Entered: 04/18/2024) |
| 04/18/2024 | 212<br>(1 pg) | Order Setting Hearing Signed on 4/18/2024 (Related document(s):207 Motion to Continue/Reschedule Hearing) **Hearing scheduled for 4/22/2024 at 02:00 PM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 04/18/2024) |
| 04/18/2024 | 213<br>(1 pg) | Order Granting Motion to Expedite 206 and Setting Hearing Signed on 4/18/2024 (Related document(s):205 Application to Employ) **Hearing scheduled for 5/1/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** (mar4) Modified on 4/18/2024 (MarioRios). (Entered: 04/18/2024) |

| | | |
|---|---|---|
| 04/18/2024 | ⏺ 214<br>(8 pgs; 2 docs) | Response *Statement in Response to* (related document(s):207 Motion to Continue/Reschedule Hearing). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Mailing Matrix) (Conrad, Charles) (Entered: 04/18/2024) |
| 04/19/2024 | ⏺ 215<br>(4 pgs) | Certificate *of Service for Order Setting Hearing* (Filed By 2425 WL, LLC ).(Related document(s):207 Motion to Continue/Reschedule Hearing, 212 Order Setting Hearing) (Sather, Stephen) (Entered: 04/19/2024) |
| 04/19/2024 | ⏺ 216<br>(8 pgs) | Motion to Reconsider (related document(s):133 Emergency Motion, 187 Order on Emergency Motion). Filed by Creditor 2425 WL, LLC (Sather, Stephen) (Entered: 04/19/2024) |
| 04/19/2024 | ⏺ 217<br>(9 pgs; 2 docs) | Notice *of Supplemental Declaration of Eric Kaup in Support of the Trustee's Application to Employ Hilco Real Estate, LLC as Real Estate Broker Effective as of April 15, 2024.* (Related document(s):205 Application to Employ) Filed by Christopher R Murray (Attachments: # 1 Exhibit A - Supplemental Kaup Declaration) (Shannon, R. J.) (Entered: 04/19/2024) |
| 04/19/2024 | ⏺ 218<br>(4 pgs) | Certificate *of Service re Order Setting Hearing [ECF No. 213]* (Filed By Christopher R Murray ).(Related document(s):205 Application to Employ, 206 Motion to Expedite Hearing, 213 Order Setting Hearing) (Shannon, R. J.) (Entered: 04/19/2024) |
| 04/19/2024 | ⏺ 219<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Melissa S Hayward Filed by on behalf of Hayward PLLC (Hayward, Melissa) (Entered: 04/19/2024) |
| 04/20/2024 | ⏺ 220<br>(9 pgs) | Operating Report for Filing Period March 2024, $134,901.84 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 04/20/2024) |
| 04/20/2024 | ⏺ 221<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):212 Order Setting Hearing) No. of Notices: 5. Notice Date 04/20/2024. (Admin.) (Entered: 04/20/2024) |
| 04/20/2024 | ⏺ 222<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):213 Order Setting Hearing) No. of Notices: 5. Notice Date 04/20/2024. (Admin.) (Entered: 04/20/2024) |
| 04/22/2024 | ⏺ 223<br>(1 pg) | Order Denying Motion To Reconsider (Related Doc # 216) Signed on 4/22/2024. (mar4) (Entered: 04/22/2024) |
| 04/22/2024 | ⏺ 224<br>(1 pg) | Order Denying Form of Order 210-1 Signed on 4/22/2024 (Related document(s):210 Motion for Sale of Property) (mar4) (Entered: 04/22/2024) |
| 04/22/2024 | ⏺ 225 | Courtroom Minutes. Time Hearing Held: 2:00. Appearances: RJ Shannon for the Trustee, Reese Baker for the Debtor, Patrick Fitzmaurice for the NBK, Stephen Sather for 2425 WLoop, LLC. (Related document(s):207 Motion to Continue/Reschedule Hearing) Arguments heard. Matter taken under advisement. The Court will enter an order. (trc4) (Entered: 04/22/2024) |

| | | |
|---|---|---|
| 04/22/2024 | 🔵 226<br>(8 pgs; 2 docs) | Amended Motion to Reconsider (related document(s):187 Order on Emergency Motion). Filed by Creditor 2425 WL, LLC Hearing scheduled for 5/22/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 04/22/2024) |
| 04/22/2024 | 🔵 227<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 4/22/2024 2:02:38 PM ]. File Size [ 2512 KB ]. Run Time [ 00:05:14 ]. (admin). (Entered: 04/22/2024) |
| 04/22/2024 | 🔵 228<br>(2 pgs) | Order on Motion to Continue Hearing Signed on 4/22/2024 (Related document(s):207 Motion to Continue/Reschedule Hearing) (mar4) (Entered: 04/22/2024) |
| 04/23/2024 | 🔵 229<br>(4 pgs) | Disclosure of Compensation of Attorney for Debtor (Filed By Galleria 2425 Owner, LLC ). (Baker, Reese) (Entered: 04/23/2024) |
| 04/23/2024 | 🔵 230<br>(3 pgs) | Stipulation By Christopher R Murray and Sonder USA Inc. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Christopher R Murray ).(Related document(s):115 Motion for Relief From Stay) (Shannon, R. J.) (Entered: 04/23/2024) |
| 04/24/2024 | 🔵 231<br>(3 pgs) | Third Stipulation and Order Setting Hearing Signed on 4/24/2024 (Related document(s):115 Sonder USA Inc's Motion for Relief From Stay) **Hearing scheduled for 6/5/2024 at 09:30 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 04/24/2024) |
| 04/24/2024 | 🔵 232<br>(20 pgs; 3 docs) | Response/Objection Filed by Galleria 2425 Owner, LLC. (Related document(s):195 Disclosure Statement, 196 Motion for Approval) (Attachments: # 1 Exhibit A Information from Jerry Alexander # 2 Exhibit A1 Fact sheet on Jerry Alexander) (Baker, Reese) (Entered: 04/24/2024) |
| 04/24/2024 | 🔵 233<br>(7 pgs) | Objection (related document(s):196 Motion for Approval). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 04/24/2024) |
| 04/24/2024 | 🔵 234<br>(5 pgs) | Response/Objection Filed by Ali Choudhri. (Related document(s):195 Disclosure Statement) (dm4) (Entered: 04/24/2024) |
| 04/24/2024 | 🔵 235<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):223 Order on Motion To Reconsider) No. of Notices: 6. Notice Date 04/24/2024. (Admin.) (Entered: 04/24/2024) |
| 04/24/2024 | 🔵 236<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):224 Generic Order) No. of Notices: 6. Notice Date 04/24/2024. (Admin.) (Entered: 04/24/2024) |
| 04/24/2024 | 🔵 237<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):228 Generic Order) No. of Notices: 6. Notice Date 04/24/2024. (Admin.) (Entered: 04/24/2024) |
| 04/25/2024 | 🔵 238<br>(8 pgs) | Omnibus Reply Filed by National Bank of Kuwait, S.A.K.P., New York Branch. (Related document(s):194 Chapter 11 Plan, 195 Disclosure Statement, 196 Motion for Approval, 232 Response/Objection, 233 |

| | | |
|---|---|---|
| | | Objection, 234 Response/Objection) (Troop, Andrew) (Entered: 04/25/2024) |
| 04/25/2024 | 🌐 239<br>(2 pgs) | Order Regarding Approval of Disclosure Statement and Motion for Entry of Order Signed on 4/25/2024 (Related document(s):195 Disclosure Statement, 196 Motion for Approval) (mar4) (Entered: 04/25/2024) |
| 04/26/2024 | 🌐 240<br>(17 pgs; 2 docs) | *Motion of Chapter 11 Trustee for An Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Trustee* Filed by Trustee Christopher R Murray Hearing scheduled for 6/5/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Shannon, R. J.) (Entered: 04/26/2024) |
| 04/26/2024 | 🌐 241<br>(10 pgs) | *Notice of Rule 2004 Examination of National Bank of Kuwait, S.A.K.P., New York Branch.* Filed by Christopher R Murray (Shannon, R. J.) (Entered: 04/26/2024) |
| 04/26/2024 | 🌐 242<br>(11 pgs) | Objection (related document(s):188 Motion for Sale of Property). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 04/26/2024) |
| 04/26/2024 | 🌐 243<br>(9 pgs; 2 docs) | Objection *TO CHAPTER 11 TRUSTEES MOTION FOR ENTRY OF AN ORDER: (I) APPROVING PROCEDURES FOR THE SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIM AND ENCUMBRANCES; (II) SCHEDULING AN AUCTION; (III) AUTHORIZING ENTRY INTO THE STALKING HORSE PURCHASE AGREEMENT; (IV) APPROVING ASSUMPTION AND ASSIGNMENT PROCEDURES; (V) APPROVING FORM OF NOTICE; AND (VI) GRANTING RELATED RELIEF* (related document(s):188 Motion for Sale of Property). Filed by Galleria 2425 Owner, LLC (Attachments: # 1 Exhibit Hilco Agreement) (Baker, Reese) (Entered: 04/26/2024) |
| 04/26/2024 | 🌐 244<br>(21 pgs; 2 docs) | Objection to Claim Number 14 by Claimant National Bank of Kuwait. National Bank of Kuwait with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. Hearing scheduled for 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 04/26/2024) |
| 04/26/2024 | 🌐 245<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):231 Order Setting Hearing) No. of Notices: 6. Notice Date 04/26/2024. (Admin.) (Entered: 04/26/2024) |
| 04/27/2024 | 🌐 246<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):239 Generic Order) No. of Notices: 6. Notice Date 04/27/2024. (Admin.) (Entered: 04/27/2024) |
| 04/28/2024 | 🌐 247<br>(248 pgs; 6 docs) | Omnibus Reply *to Objections to the Bid Procedures Motion* (related document(s):188 Motion for Sale of Property). Filed by Christopher R Murray (Attachments: # 1 Exhibit A - April 5, 2024, Hearing Transcript # 2 Exhibit B - Proposal Forwarded by Ali Choudhri # 3 Exhibit C - June 7, 2023, State Court Hearing Transcript # 4 Exhibit D - April 12, 2023, State Court Hearing Transcript # 5 Exhibit E - Proposed HST Lease) (Shannon, R. J.) (Entered: 04/28/2024) |

| | | |
|---|---|---|
| 04/28/2024 | 🔵 248<br>(295 pgs; 10 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):188 Motion for Sale of Property) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit) (Shannon, R. J.) (Entered: 04/28/2024) |
| 04/29/2024 | 🔵 249<br>(2 pgs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):188 Motion for Sale of Property, 205 Application to Employ) (Conrad, Charles) (Entered: 04/29/2024) |
| 04/29/2024 | 🔵 250<br>(758 pgs; 40 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):188 Motion for Sale of Property, 205 Application to Employ) (Attachments: # 1 Exhibit 1 Projections # 2 Exhibit 1A Updated projections # 3 Exhibit 3 internal notes of NBK for loan # 4 Exhibit 4 Amendment to Galleria 2425 JV # 5 Exhibit 5 Replacement of Zaheer # 6 Exhibit 6 Email on suitable replacement # 7 Exhibit 7 Email on Sonder lease in appraisal # 8 Exhibit 8 Email from Michael Carter # 9 Exhibit 10 Jetall paying rent # 10 Exhibit 11 Groves vs Dalio documents # 11 Exhibit 12 Motion to Inspect documents # 12 Exhibit 13 Transcript Judge Lopez and Tang # 13 Exhibit 14 Funds for operation # 14 Exhibit 14A unredacted funds for operation # 15 Exhibit 17A Expungement order # 16 Exhibit 17 B Expungement order # 17 Exhibit 17C Expungement order # 18 Exhibit 18 Metswall lease # 19 Exhibit 19 Divorce appeal order # 20 Exhibit 21 Cushman Wakefield appraisal # 21 Exhibit 22 Michael Carter affidavit # 22 Exhibit 23 Deposition of Mic # 23 Exhibit 24 Email from Michael Carter # 24 Exhibit 25 Vaxanix # 25 Exhibit 26 Email from Zaheer # 26 Exhibit 27 Management IWG # 27 Exhibit 27 A Information on IWG # 28 Exhibit 28 Presentation of NBK # 29 Exhibit 29 Change of Ownership # 30 Exhibit 30 Email on Zaheer # 31 Exhibit 31 Email from Michael Carter on standstill agreement # 32 Exhibit 32 2425 WL Offer # 33 Exhibit 33 Confidentiality Agreement Hilco # 34 Exhibit 34A Jerry Alexander information # 35 Exhibit 34B Jerry Alexander fact sheet # 36 Exhibit 35 Offer to purchase NBK claims # 37 Exhibit 36 Settlement Agreement # 38 Exhibit 37 Formation of QB Loop Property # 39 Exhibit 38 Offer to purchase note) (Baker, Reese) (Entered: 04/29/2024) |
| 04/29/2024 | 🔵 251<br>(284 pgs; 12 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):188 Motion for Sale of Property, 205 Application to Employ) (Attachments: # 1 Exhibit 39 Letter of intent # 2 Exhibit Proposed lease for Vananix # 3 Exhibit 41 Valuation by BassVal # 4 Exhibit 42 Adversary proceeding # 5 Exhibit 43 Offer to purchase # 6 Exhibit 44 Letter from Wetwiska to Pilbury # 7 Exhibit 45 Email from buyer # 8 Exhibit 46 Wetwitska letter June 2023 # 9 Exhibit 47 Purchase Agreement # 10 Exhibit 48 Hunan ShaShang Trading lease proposal # 11 Exhibit 49 Letter from Choudhri to Pilsbury) (Baker, Reese) (Entered: 04/29/2024) |
| 04/29/2024 | 🔵 252<br>(23 pgs) | Amended Chapter 11 Plan Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Related document(s):95 Chapter 11 Plan) (Sather, Stephen) (Entered: 04/29/2024) |
| 04/29/2024 | 🔵 253<br>(42 pgs) | Amended Disclosure Statement Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Related document(s):164 Disclosure Statement) (Sather, Stephen) (Entered: 04/29/2024) |

| 04/29/2024 | ⊙ 254 (29 pgs) | Order Approving Motion For Sale of Property under Section 363(b) (Related Doc # 188) Signed on 4/29/2024. (mar4) (Entered: 04/29/2024) |
|---|---|---|
| 04/29/2024 | ⊙ 255 (32 pgs; 3 docs) | Response/Objection Filed by National Bank of Kuwait, S.A.K.P., New York Branch. (Related Chapter 11 document(s):163 Amended Chapter 11 Plan, 164 Disclosure Statement, 252 Amended Chapter 11 Plan, 253 Amended Disclosure Statement) (Attachments: # 1 Exhibit A - Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 04/29/2024) |
| 04/29/2024 | ⊙ 256 (10 pgs; 3 docs) | Objection (related document(s):205 Application to Employ). Filed by Galleria 2425 Owner, LLC (Attachments: # 1 Exhibit Declaration of Choudhri # 2 Exhibit Confidentiality Agreement) (Baker, Reese) (Entered: 04/29/2024) |
| 04/29/2024 | ⊙ 262 (7 pgs) | Objection (related document(s):205 Application to Employ). Filed by Ali Choudhri (jld4) (Entered: 05/02/2024) |
| 04/30/2024 | ⊙ 257 (2 pgs) | Order Granting Application to Employ (Related Doc # 205) Signed on 4/30/2024. (mar4) (Entered: 04/30/2024) |
| 05/01/2024 | ⊙ 258 (3 pgs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):164 Disclosure Statement, 166 Order Setting Hearing, 253 Amended Disclosure Statement) (Conrad, Charles) (Entered: 05/01/2024) |
| 05/01/2024 | ⊙ 259 (442 pgs; 20 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):253 Amended Disclosure Statement) (Attachments: # 1 Exhibit 1 Plan # 2 Exhibit 2 Disclosure Statement # 3 Exhibit 3 Cushman Wakefield appraisal # 4 Exhibit 4 Presentation # 5 Exhibit 5 2425 WL Offer to buy # 6 Exhibit 6 Hilco agreement # 7 Exhibit 7 Offer to purchase # 8 Exhibit 8 Letter of intent # 9 Exhibit 9 Proposed lease Vananix # 10 Exhibit 10 Appraisal # 11 Exhibit 11 Wetwiska letter # 12 Exhibit 12 Purchase Agreement # 13 Exhibit 13 Hunan SanShang lease # 14 Exhibit 14 Letter Choudhri to Pilsbury # 15 Exhibit 15 Proof of funds # 16 Exhibit 16 Metswall lease # 17 Exhibit 17 Jerry Alexander statement # 18 Exhibit 18 Jerry Alexander fact statement # 19 Exhibit 19 Vananix lease) (Baker, Reese) (Entered: 05/01/2024) |
| 05/01/2024 | ⊙ 260 (7 pgs) | Notice *National Bank of Kuwait, S.A.K.P., New York Branch's Notice of Election Pursuant to 11 U.S.C. 1111(b) and Fed. R. Bankr. P. 3014.* (Related document(s):252 Amended Chapter 11 Plan) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 05/01/2024) |
| 05/01/2024 | ⊙ 261 (32 pgs) | BNC Certificate of Mailing. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b)) No. of Notices: 6. Notice Date 05/01/2024. (Admin.) (Entered: 05/01/2024) |
| 05/02/2024 | ⊙ 263 (1 pg) | Order Regarding Hybrid Hearing and Amended Disclosure Statement. Order Signed on 5/2/2024 (Related document(s):253 Amended Disclosure Statement) (mar4) (Entered: 05/02/2024) |
| 05/02/2024 | ⊙ 264 (3 pgs) | Notice *of Bid Deadline and Auction with the Sale of Property.* (Related document(s):254 Order on Motion for Sale of Property under Section |

| | | 363(b)) Filed by Christopher R Murray (Shannon, R. J.) (Entered: 05/02/2024) |
|---|---|---|
| 05/02/2024 | 🌐265<br>(10 pgs; 2 docs) | Notice *of Bid Procedures*. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b)) Filed by Christopher R Murray (Attachments: # 1 Exhibit A - Bid Procedures (As of May 2, 2024)) (Shannon, R. J.) (Entered: 05/02/2024) |
| 05/02/2024 | 🌐266<br>(5 pgs) | Notice *of Assumption and Assignment Procedures*. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b)) Filed by Christopher R Murray (Shannon, R. J.) (Entered: 05/02/2024) |
| 05/02/2024 | 🌐267<br>(15 pgs; 2 docs) | Response/Objection Filed by National Bank of Kuwait, S.A.K.P., New York Branch. (Related document(s):252 Amended Chapter 11 Plan, 253 Amended Disclosure Statement) (Attachments: # 1 Exhibit A Proposed Order) (Conrad, Charles) (Entered: 05/02/2024) |
| 05/02/2024 | 🌐268<br>(6 pgs) | Certificate *Amended Certificate of Service* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):267 Response/Objection) (Conrad, Charles) (Entered: 05/02/2024) |
| 05/02/2024 | 🌐269<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):257 Order on Application to Employ) No. of Notices: 6. Notice Date 05/02/2024. (Admin.) (Entered: 05/02/2024) |
| 05/03/2024 | 🌐270<br>(30 pgs; 2 docs) | Objection to Claim Number 13,14 by Claimant National Bank of Kuwait. National Bank of Kuwait with request for valuation of security, payment of fully secured claims, and modification of undersecured claims.. Hearing scheduled for 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/03/2024) |
| 05/03/2024 | 🌐271<br>(1 pg) | Order Granting Motion To Withdraw As Attorney (Related Doc # 211) Signed on 5/3/2024. (mar4) (Entered: 05/03/2024) |
| 05/03/2024 | 🌐272 | Courtroom Minutes. Time Hearing Held: 9:30. Appearances: Reese Baker for the debtor, Dierdre Brown for Ali Chaudhary, Kyung Lee for Trustee Chris Murray, Robert MacNaughton for 2425 West Loop LLC, Andrew Troop, Charles Conrad and Patrick Fitzmaurice for National Bank of Kuwait. (Related document(s):253 Amended Disclosure Statement) Arguments heard. Matter taken under advisement. (trc4) (Entered: 05/03/2024) |
| 05/03/2024 | 🌐273<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/3/2024 9:29:48 AM ]. File Size [ 15247 KB ]. Run Time [ 00:31:46 ]. (admin). (Entered: 05/03/2024) |
| 05/03/2024 | 🌐274<br>(1 pg) | Order Vacating Order Signed on 5/3/2024 (Related document(s):239 Generic Order) (mar4) (Entered: 05/03/2024) |
| 05/03/2024 | 🌐275<br>(3 pgs) | Order Denying Approval Of Disclosure Statement Signed on 5/3/2024 (Related document(s):253 Amended Disclosure Statement) (mar4) (Entered: 05/03/2024) |

| | | |
|---|---|---|
| 05/03/2024 | 276<br>(1 pg) | Order and Notice Approving Disclosure Statement 194 Setting Confirmation Hearing and deadlines. Signed on 5/3/2024 (Related document(s):252 Amended Chapter 11 Plan **Confirmation hearing to be held on 6/7/2024 at 09:30 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 05/03/2024) |
| 05/03/2024 | 277<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of Hearing held May 3, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Electronically Forwarded to Veritext Legal Solutions on 05/07/2024. Estimated Date of Completion: 05/14/2024. Modified on 5/7/2024 (BenjaminRomero). (Entered: 05/03/2024) |
| 05/04/2024 | 278<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):263 Generic Order) No. of Notices: 6. Notice Date 05/04/2024. (Admin.) (Entered: 05/04/2024) |
| 05/05/2024 | 279<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):274 Order Vacating Order) No. of Notices: 42. Notice Date 05/05/2024. (Admin.) (Entered: 05/05/2024) |
| 05/05/2024 | 280<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):271 Order on Motion to Withdraw as Attorney) No. of Notices: 6. Notice Date 05/05/2024. (Admin.) (Entered: 05/05/2024) |
| 05/05/2024 | 281<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):275 Order Denying Approval Of Disclosure Statement) No. of Notices: 6. Notice Date 05/05/2024. (Admin.) (Entered: 05/05/2024) |
| 05/05/2024 | 282<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):276 Order Setting Hearing) No. of Notices: 6. Notice Date 05/05/2024. (Admin.) (Entered: 05/05/2024) |
| 05/06/2024 | 283<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudhri. This is to order a transcript of Proceedings held on 05/03/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Trinity Transcription Services. (mew4) Electronically Forwarded to Original Transcription Company, Veritext Legal Solutions on 05/07/2024. Estimated Date of Completion: 05/08/2024. Modified on 5/7/2024 (BenjaminRomero). (Entered: 05/06/2024) |
| 05/06/2024 | 284<br>(242 pgs; 2 docs) | Objection to Claim Number 13,14 by Claimant National Bank of Kuwait. National Bank of Kuwait. Hearing scheduled for 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/06/2024) |
| 05/06/2024 | 285<br>(5 pgs) | Objection to Confirmation of Plan Filed by City of Houston, Houston Community College System, Houston ISD. (Related document(s):252 Amended Chapter 11 Plan) (Andresen, Jeannie) (Entered: 05/06/2024) |
| 05/06/2024 | 286<br>(5 pgs) | Objection to Confirmation of Plan Filed by City of Houston, Houston Community College System, Houston ISD. (Related document(s):194 Chapter 11 Plan) (Andresen, Jeannie) (Entered: 05/06/2024) |

| | | |
|---|---|---|
| 05/06/2024 | 287<br>(2 pgs) | Notice of Appeal filed. (related document(s):187 Order on Emergency Motion, 223 Order on Motion To Reconsider). Fee Amount $298. Appellant Designation due by 05/20/2024. (Sather, Stephen) (Entered: 05/06/2024) |
| 05/07/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25268108. Fee amount $ 298.00. (U.S. Treasury) (Entered: 05/07/2024) |
| 05/07/2024 | 288<br>(7 pgs; 2 docs) | Motion to Continue Hearing On (related document(s):194 Chapter 11 Plan). Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/07/2024) |
| 05/07/2024 | 289<br>(13 pgs; 3 docs) | Emergency Motion *National Bank of Kuwait's Emergency Motion to Dismiss 2425 WL, LLC's Amended Motion for Reconsideration of the Final Cash Collateral Order [ECF #226]* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 05/07/2024) |
| 05/07/2024 | 290<br>(97 pgs; 8 docs) | Declaration re: *Unsworn Declaration of Mailing* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):276 Order Setting Hearing) (Attachments: # 1 Exhibit A Disclosure Statement # 2 Exhibit B NBK Chapter 11 Plan # 3 Exhibit C Form Ballot # 4 Exhibit D Confirmation Hearing Notice # 5 Exhibit E Unimpaired Claims Notice of Non-Voting Status # 6 Exhibit F Impaired Claims Notice of Non-Voting Status # 7 Exhibit G Mailing List) (Conrad, Charles) (Entered: 05/07/2024) |
| 05/07/2024 | 291<br>(1 pg) | Order Granting Motion to Dismiss Amended Motion for Reconsideration 226 Signed on 5/7/2024 (Related document(s):289 Emergency Motion) (mar4) (Entered: 05/07/2024) |
| 05/08/2024 | 292<br>(1 pg) | Order Denying Motion To Continue/Reschedule Hearing On(Related Doc # 288) Signed on 5/8/2024. (mar4) (Entered: 05/08/2024) |
| 05/08/2024 | 293<br>(15 pgs; 3 docs) | Motion to Strike. Objections/Request for Hearing Due in 21 days (related document(s):284 Objection to Claim). Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 05/08/2024) |
| 05/08/2024 | 294<br>(13 pgs; 3 docs) | Motion to Expedite Hearing (related document(s):293 Motion to Strike). Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 05/08/2024) |
| 05/08/2024 | 295<br>(25 pgs; 2 docs) | Transcript RE: trial held on 5/3/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 08/6/2024. (VeritextLegalSolutions) (Entered: 05/08/2024) |
| 05/08/2024 | 296<br>(13 pgs) | Amended Notice of Appeal filed. (related document(s):187 Order on Emergency Motion, 223 Order on Motion To Reconsider). Fee Amount |

| | | |
|---|---|---|
| | | $298. Appellant Designation due by 05/22/2024. (Sather, Stephen) (Entered: 05/08/2024) |
| 05/08/2024 | ● 297 | Election to Appeal to District Court . (Sather, Stephen) (Entered: 05/08/2024) |
| 05/08/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25273118. Fee amount $ 298.00. (U.S. Treasury) (Entered: 05/08/2024) |
| 05/08/2024 | ● 298 (7 pgs; 2 docs) | Amended Motion to Continue Hearing On (related document(s):194 Chapter 11 Plan). Filed by Creditor 2425 WL, LLC Hearing scheduled for 5/15/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/08/2024) |
| 05/09/2024 | ● 299 (1 pg) | Order Granting Motion to Expedite 294 and Setting Hearing Signed on 5/9/2024 (Related document(s):293 Motion to Strike, 298 Motion to Continue/Reschedule Hearing) **Hearing scheduled for 5/13/2024 at 01:00 PM at Houston, Courtroom 403 (JPN).** (mar4) Modified on 5/9/2024 (MarioRios). (Entered: 05/09/2024) |
| 05/09/2024 | ● 300 (1 pg) | Clerk's Notice of Filing of an Appeal. On 05/06/2024, 2425 WL, LLC filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 4:24cv1746. Parties notified (Related document(s):287 Notice of Appeal) (bwl4) (Entered: 05/09/2024) |
| 05/09/2024 | ● 301 (1 pg) | Clerk's Notice of Filing of an Amended Appeal. On 05/08/2024, 2425 WL, LLC filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 4:24cv1746. Parties notified (Related document(s):296 Notice of Appeal) (bwl4) (Entered: 05/09/2024) |
| 05/09/2024 | ● 302 (28 pgs) | Amended Chapter 11 Plan Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Related document(s):95 Chapter 11 Plan) (Sather, Stephen) (Entered: 05/09/2024) |
| 05/09/2024 | ● 303 (49 pgs) | Disclosure Statement Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Sather, Stephen) (Entered: 05/09/2024) |
| 05/09/2024 | ● 304 (4 pgs) | Notice *of Hearing*. (Related document(s):298 Motion to Continue/Reschedule Hearing) Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 05/09/2024) |
| 05/09/2024 | ● 305 (8 pgs; 2 docs) | Motion to Expedite Hearing (related document(s):303 Disclosure Statement). Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/09/2024) |
| 05/09/2024 | ● 306 (7 pgs) | Certificate *Certificate of Service re Court's Order Setting Hearings* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):299 Order Setting Hearing) (Conrad, Charles) (Entered: 05/09/2024) |
| 05/09/2024 | ● 307 (4 pgs) | BNC Certificate of Mailing. (Related document(s):291 Generic Order) No. of Notices: 6. Notice Date 05/09/2024. (Admin.) (Entered: 05/09/2024) |

| 05/09/2024 | 308<br>(2 pgs) | Objection (related document(s):210 Motion for Sale of Property). Filed by Sonder USA Inc. (Wilson, Broocks) (Entered: 05/09/2024) |
|---|---|---|
| 05/10/2024 | 309<br>(1 pg) | Order Granting Motion 305 in Part and Setting Hearing Signed on 5/10/2024 (Related document(s):303 Disclosure Statement) **Status conference to be held on 5/24/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 05/10/2024) |
| 05/10/2024 | 310<br>(3 pgs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):293 Motion to Strike) (Conrad, Charles) (Entered: 05/10/2024) |
| 05/10/2024 | 311<br>(4 pgs) | Certificate *of Service* (Filed By 2425 WL, LLC ).(Related document(s):309 Order Setting Hearing) (Sather, Stephen) (Entered: 05/10/2024) |
| 05/10/2024 | 312<br>(66 pgs; 3 docs) | Response (related document(s):293 Motion to Strike). Filed by 2425 WL, LLC (Attachments: # 1 Exhibit # 2 Exhibit) (Sather, Stephen) (Entered: 05/10/2024) |
| 05/10/2024 | 313<br>(13 pgs; 3 docs) | Response *Verified Statement in Response to Amended Motion to Continue Hearing on Confirmation of Plan Filed by National Bank of Kuwait* (related document(s):298 Motion to Continue/Reschedule Hearing). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A - Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 05/10/2024) |
| 05/10/2024 | 314<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):292 Order on Motion to Continue/Reschedule Hearing) No. of Notices: 6. Notice Date 05/10/2024. (Admin.) (Entered: 05/10/2024) |
| 05/11/2024 | 315<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):295 Transcript) No. of Notices: 6. Notice Date 05/11/2024. (Admin.) (Entered: 05/11/2024) |
| 05/11/2024 | 316<br>(2 pgs) | BNC Certificate of Mailing. (Related document(s):299 Order Setting Hearing) No. of Notices: 6. Notice Date 05/11/2024. (Admin.) (Entered: 05/11/2024) |
| 05/11/2024 | 317<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):300 Clerk's Notice of Filing of an Appeal) No. of Notices: 6. Notice Date 05/11/2024. (Admin.) (Entered: 05/11/2024) |
| 05/11/2024 | 318<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):301 Clerk's Notice of Filing of an Appeal) No. of Notices: 6. Notice Date 05/11/2024. (Admin.) (Entered: 05/11/2024) |
| 05/12/2024 | 319<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):309 Order Setting Hearing) No. of Notices: 6. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/13/2024 | 320<br>(34 pgs; 4 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):210 Motion for Sale of Property) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Shannon, R. J.) (Entered: 05/13/2024) |

| 05/13/2024 | 🔵 321<br>(1 pg) | Order Denying Motion To Strike (Related Doc # 293) Signed on 5/13/2024. (mar4) (Entered: 05/13/2024) |
|---|---|---|
| 05/13/2024 | 🔵 322<br>(2 pgs) | Witness List, Exhibit List (Filed By Sonder USA Inc. ).(Related document(s):210 Motion for Sale of Property) (Wilson, Broocks) (Entered: 05/13/2024) |
| 05/13/2024 | ⚫ 323 | Courtroom Minutes. Time Hearing Held: 1:00. Appearances: Reese Baker for the Debtor, Stephen Sather for WL LLC, RJ Shannon for the Trustee, Patrick Fitzmaurice for National Bank of Kuwait. (Related document(s):298 Motion to Continue/Reschedule Hearing) Parties agreed to reset confirmation hearing to June 17, 2024 at 9:00 am. The Court will enter an order. (trc4) (Entered: 05/13/2024) |
| 05/13/2024 | 🔵 324<br>(1 pg) | Order Setting Hearing Signed on 5/13/2024 (Related document(s):194 Chapter 11 Plan, **Hearing scheduled for 6/17/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 05/13/2024) |
| 05/13/2024 | 🔵 325<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/13/2024 12:59:45 PM ]. File Size [ 1392 KB ]. Run Time [ 00:02:54 ]. (admin). (Entered: 05/13/2024) |
| 05/13/2024 | 🔵 326<br>(13 pgs; 3 docs) | Notice *of Revised Proposed Order*. (Related document(s):210 Motion for Sale of Property, 224 Generic Order) Filed by Christopher R Murray (Attachments: # 1 Exhibit A - Revised Proposed Order # 2 Exhibit B - Redline of Revised Proposed Order) (Shannon, R. J.) (Entered: 05/13/2024) |
| 05/13/2024 | 🔵 327<br>(10 pgs; 2 docs) | Motion to Vacate. Objections/Request for Hearing Due in 21 days (related document(s):254 Order on Motion for Sale of Property under Section 363(b)). Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Baker, Reese) (Entered: 05/13/2024) |
| 05/14/2024 | 🔵 328<br>(13 pgs; 3 docs) | Declaration re: *Unsworn Declaration of Mailing* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):194 Chapter 11 Plan, 290 Declaration, 324 Order Setting Hearing) (Attachments: # 1 Exhibit A - Amended Confirmation Hearing Notice # 2 Exhibit B - Mailing List) (Conrad, Charles) (Entered: 05/14/2024) |
| 05/14/2024 | 🔵 329<br>(2 pgs) | Notice *of Withdrawal of Counsel for Ali Choudhri*. Filed by Ali Choudhri (Brown, Deirdre) (Entered: 05/14/2024) |
| 05/14/2024 | 🔵 330<br>(12 pgs; 3 docs) | Motion to Vacate. Objections/Request for Hearing Due in 21 days (related document(s):205 Application to Employ). Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order Denying employment # 2 Proposed Order Vacating Order) (Baker, Reese). Related document(s) 257 Order on Application to Employ. Modified on 5/15/2024 (MarioRios). (Entered: 05/14/2024) |
| 05/15/2024 | 🔵 331<br>(3 pgs) | Order Denying Motion To Vacate (Related Doc # 330) Signed on 5/15/2024. (mar4) (Entered: 05/15/2024) |

| | | |
|---|---|---|
| 05/15/2024 | 🔵 332<br>(18 pgs; 4 docs) | Notice *Second Notice of Revised Proposed Order Regarding Sale of Claims Against Sonder*. (Related document(s):210 Motion for Sale of Property) Filed by Christopher R Murray (Attachments: # 1 Proposed Order Exhibit A - Second Revised Proposed Order # 2 Proposed Order Exhibit B - Redline to Original Proposed Order # 3 Proposed Order Exhibit C - Redline to First Revised Proposed Order) (Murray, Christopher) (Entered: 05/15/2024) |
| 05/15/2024 | ⚫ 333 | Courtroom Minutes. Time Hearing Held: 11:00. Appearances: RJ Shannon for the Trustee, Stephen Sather for 2425 WLLC, Mack Wilson for Sonder, Andrew Troop for NBK, and Ali Choudhri for self/ pro se. (Related document(s):210 Motion for Sale of Property) Evidentiary hearing held. Chris Murray sworn. Direct and cross examination conducted. Arguments heard. Relief requested is granted. The Court will sign the proposed order at docket #332-1. (trc4) (Entered: 05/15/2024) |
| 05/15/2024 | 🔵 334<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/15/2024 11:12:50 AM ]. File Size [ 257 KB ]. Run Time [ 00:00:32 ]. (admin). (Entered: 05/15/2024) |
| 05/15/2024 | 🔵 335<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/15/2024 11:30:08 AM ]. File Size [ 689 KB ]. Run Time [ 00:01:26 ]. (admin). (Entered: 05/15/2024) |
| 05/15/2024 | 🔵 336<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/15/2024 11:40:46 AM ]. File Size [ 13223 KB ]. Run Time [ 00:27:33 ]. (admin). (Entered: 05/15/2024) |
| 05/15/2024 | 🔵 337<br>(4 pgs) | Order Granting Motion For Sale of Property under Section 363(b) (Related Doc # 210) Signed on 5/15/2024. (mar4) (Entered: 05/15/2024) |
| 05/15/2024 | 🔵 338<br>(2 pgs) | Order Granting Motion in Part / Order on Motion for New Trial (Related Doc # 327) Signed on 5/15/2024. (mar4) (Entered: 05/15/2024) |
| 05/15/2024 | 🔵 339<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):321 Order on Motion to Strike) No. of Notices: 6. Notice Date 05/15/2024. (Admin.) (Entered: 05/15/2024) |
| 05/15/2024 | 🔵 340<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):324 Order Setting Hearing) No. of Notices: 6. Notice Date 05/15/2024. (Admin.) (Entered: 05/15/2024) |
| 05/16/2024 | 🔵 341<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of Hearing on May 13, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Transcript request electronically forwarded to Veritext Legal Solutions on 05/20/2024. Estimated Transcript Completion Date: 05/27/2024. Modified on 5/20/2024 (DMcKinnieRichardson). (Entered: 05/16/2024) |
| 05/16/2024 | 🔵 342<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of Hearing on May 15, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By |

| | | |
|---|---|---|
| | | National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Transcript request electronically forwarded to Veritext Legal Solutions on 05/20/2024. Estimated Transcript Completion Date: 05/27/2024. Modified on 5/20/2024 (DMcKinnieRichardson). (Entered: 05/16/2024) |
| 05/17/2024 | 🔵 343 (21 pgs; 3 docs) | Response/Objection Filed by National Bank of Kuwait, S.A.K.P., New York Branch. (Related document(s):302 Amended Chapter 11 Plan, 303 Disclosure Statement) (Attachments: # 1 Exhibit A Proposed Order # 2 Service List) (Troop, Andrew) (Entered: 05/17/2024) |
| 05/17/2024 | 🔵 344 (27 pgs; 3 docs) | Motion to Vacate. Objections/Request for Hearing Due in 21 days (related document(s):276 Order Setting Hearing. Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 7/9/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit Objection to NBK Disclosure Statement # 2 Proposed Order) (Baker, Reese) (Entered: 05/17/2024) |
| 05/17/2024 | 🔵 345 (7 pgs) | BNC Certificate of Mailing. (Related document(s):331 Order on Motion to Vacate) No. of Notices: 40. Notice Date 05/17/2024. (Admin.) (Entered: 05/17/2024) |
| 05/17/2024 | 🔵 346 (6 pgs) | BNC Certificate of Mailing. (Related document(s):338 Order on Motion to Vacate) No. of Notices: 40. Notice Date 05/17/2024. (Admin.) (Entered: 05/17/2024) |
| 05/17/2024 | 🔵 347 (7 pgs) | BNC Certificate of Mailing. (Related document(s):337 Order on Motion for Sale of Property under Section 363(b)) No. of Notices: 6. Notice Date 05/17/2024. (Admin.) (Entered: 05/17/2024) |
| 05/20/2024 | 🔵 348 (6 pgs; 2 docs) | Motion to Extend Time *to Respond to Objections to Disclosure STatement* Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/20/2024) |
| 05/20/2024 | 🔵 349 (1 pg) | Order Granting Motion to Extend Time. **Deadline is Extended to 5:00 PM on May 21, 2024.** (Related Doc # 348) Signed on 5/20/2024. (mar4) (Entered: 05/20/2024) |
| 05/20/2024 | 🔵 350 (13 pgs) | Notice *of Intent to Take Deposition of Charles Murray, Trustee*. Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 05/20/2024) |
| 05/20/2024 | 🔵 351 (14 pgs) | Notice *of Intent to Take Deposition of National Bank of Kuwait*. Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 05/20/2024) |
| 05/20/2024 | 🔵 352 (59 pgs; 2 docs) | Motion *for Authority to Purse Claims on Behalf of the Estate* Filed by Creditor 2425 WL, LLC Hearing scheduled for 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/20/2024) |
| 05/20/2024 | 🔵 353 (30 pgs; 2 docs) | Motion *to Prohibit Credit Bidding by National Bank of Kuwait* Filed by Creditors 2425 WL, LLC, Ali Choudhri Hearing scheduled for 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 05/20/2024) |
| 05/21/2024 | 🔵 354 (14 pgs) | Operating Report for Filing Period April 2024, $72,710.85 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 05/21/2024) |

| | | |
|---|---|---|
| 05/21/2024 | 🌐 355<br>(1 pg) | Order Resetting Hearing Signed on 5/21/2024 (Related document(s):353 Generic Motion) **Hearing rescheduled for 6/17/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 356<br>(1 pg) | Order Resetting Hearing Signed on 5/21/2024 (Related document(s):352 Generic Motion) **Hearing rescheduled for 7/1/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 357<br>(1 pg) | Order Denying Motion (Related Doc # 240) Signed on 5/21/2024. (mar4) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 358<br>(6 pgs; 2 docs) | Emergency Motion *to Extend Time to Respond to Objection to Disclosure Statement filed by National Bank of Kuwait* Filed by Creditor Ali Choudhri (Attachments: # 1 Proposed Order) (dm4) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 359<br>(3 pgs) | Order Denying Motion To Vacate (Related Doc # 344) Signed on 5/21/2024. (mar4) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 360<br>(8 pgs; 2 docs) | Emergency Motion *to Extend Time to Respond* Filed by Creditor Ali Choudhri (Attachments: # 1 Proposed Order) (bli4) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 361<br>(8 pgs; 2 docs) | Statement *National Bank of Kuwait, S.A.K.P., New York Branch's Statement Regarding Emergency Motion to Extend Time to Respond to Objection to Disclosure Statement filed by National Bank of Kuwait* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):358 Emergency Motion, 360 Emergency Motion) (Attachments: # 1 Service List) (Troop, Andrew) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 362<br>(1 pg) | Order Denying Emergency Motion (Related Doc # 360) Signed on 5/21/2024. (mar4) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 363<br>(6 pgs) | Certificate *Of Service* (Filed By 2425 WL, LLC ).(Related document(s):352 Generic Motion, 353 Generic Motion) (Sather, Stephen) Modified on 5/21/2024 (ChrisKrus). (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 364<br>(12 pgs) | Response *to Objections to Disclosure Statement filed by National Bank of Kuwait.* Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 365<br>(24 pgs) | Fourth Amended Chapter 11 Plan Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Sather, Stephen) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 366<br>(129 pgs) | Amended Disclosure Statement Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Related document(s):303 Disclosure Statement) (Sather, Stephen) (Entered: 05/21/2024) |
| 05/21/2024 | 🌐 367<br>(69 pgs; 3 docs) | Notice *of Redlined Fourth Amended Joint Plan and Redlined Disclosure Statement for Fourth Amended Joint Plan.* (Related document(s):309 Order Setting Hearing) Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC (Attachments: # 1 Redlined Fourth Amended Joint Plan # 2 Redlined Disclosure Statement for Fourth Amended Joint Plan) (Sather, Stephen) (Entered: 05/21/2024) |
| 05/22/2024 | 🌐 368<br>(1 pg) | Order Canceling Status Conference and Requiring Repleading Signed on 5/22/2024 (Related document(s):303 Disclosure Statement) (mar4) (Entered: 05/22/2024) |

| | | |
|---|---|---|
| 05/22/2024 | 369 (4 pgs) | BNC Certificate of Mailing. (Related document(s):349 Order on Motion to Extend Time) No. of Notices: 6. Notice Date 05/22/2024. (Admin.) (Entered: 05/22/2024) |
| 05/23/2024 | 370 (1 pg) | Notice of Deficiency Regarding a Bankruptcy Appeal (Related document(s):287 Notice of Appeal, 296 Notice of Appeal) (bwl4) (Entered: 05/23/2024) |
| 05/23/2024 | 371 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Ordinary (30 days)) by Chyna Christensen. This is to order a transcript of Trustee Emergency Motion for Interim & Final Orders Authorizing Use of Cash Collateral & Ex Parte Motion to Expedite Hearing on 04/05/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Access Transcripts (Filed By 2425 WL, LLC ). (Sather, Stephen) Copy request electronically forwarded to Veritext Legal Solutions on 5/24/2024. Estimated completion date is 6/24/2024. Modified on 5/24/2024 (DanielBerger). (Entered: 05/23/2024) |
| 05/23/2024 | 372 (7 pgs) | BNC Certificate of Mailing. (Related document(s):359 Order on Motion to Vacate) No. of Notices: 40. Notice Date 05/23/2024. (Admin.) (Entered: 05/23/2024) |
| 05/23/2024 | 373 (4 pgs) | BNC Certificate of Mailing. (Related document(s):355 Order Setting Hearing) No. of Notices: 6. Notice Date 05/23/2024. (Admin.) (Entered: 05/23/2024) |
| 05/23/2024 | 374 (4 pgs) | BNC Certificate of Mailing. (Related document(s):356 Order Setting Hearing) No. of Notices: 6. Notice Date 05/23/2024. (Admin.) (Entered: 05/23/2024) |
| 05/23/2024 | 375 (4 pgs) | BNC Certificate of Mailing. (Related document(s):357 Generic Order) No. of Notices: 6. Notice Date 05/23/2024. (Admin.) (Entered: 05/23/2024) |
| 05/23/2024 | 376 (4 pgs) | BNC Certificate of Mailing. (Related document(s):362 Order on Emergency Motion) No. of Notices: 6. Notice Date 05/23/2024. (Admin.) (Entered: 05/23/2024) |
| 05/24/2024 | 377 (109 pgs) | Fifth Amended Chapter 11 Plan Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Related document(s):95 Chapter 11 Plan) (Sather, Stephen) (Entered: 05/24/2024) |
| 05/24/2024 | 378 (129 pgs) | Disclosure Statement Filed by 2425 WL, LLC, Galleria 2425 Owner, LLC. (Sather, Stephen) (Entered: 05/24/2024) |
| 05/24/2024 | 379 (4 pgs) | BNC Certificate of Mailing. (Related document(s):368 Generic Order) No. of Notices: 6. Notice Date 05/24/2024. (Admin.) (Entered: 05/24/2024) |
| 05/27/2024 | 380 (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):287 Notice of Appeal, 296 Notice of Appeal). (Sather, Stephen) (Entered: 05/27/2024) |
| 05/28/2024 | 381 (12 pgs; 2 docs) | Motion To Stay Pending Appeal (related document(s):337 Order on Motion for Sale of Property under Section 363(b))., Emergency Motion Filed by Creditor Sonder USA Inc. (Attachments: # 1 Proposed Order) (Wilson, Broocks) (Entered: 05/28/2024) |

| 05/28/2024 | ● 382 <br> (6 pgs; 2 docs) | Transcript RE: hearing held on 5/13/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 08/26/2024. (VeritextLegalSolutions) (Entered: 05/28/2024) |
|---|---|---|
| 05/28/2024 | ● 383 <br> (26 pgs; 2 docs) | Transcript RE: hearing held on 5/15/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 08/26/2024. (VeritextLegalSolutions) (Entered: 05/28/2024) |
| 05/28/2024 | ● 384 <br> (1 pg) | Order Approving Disclosure Statement and Setting Hearing on Confirmation Signed on 5/28/2024 (Related document(s):378 Disclosure Statement) **Confirmation hearing to be held on 6/17/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** Last day to Object to Confirmation 6/10/2024. (trc4) (Entered: 05/28/2024) |
| 05/28/2024 | ● 385 <br> (1 pg) | Order Setting Hearing Signed on 5/28/2024 (Related document(s):381 Motion To Stay Pending Appeal) **Hearing scheduled for 6/4/2024 at 10:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 05/28/2024) |
| 05/29/2024 | ● 386 <br> (4 pgs) | Certificate *of Service* (Filed By Sonder USA Inc. ).(Related document(s):385 Order Setting Hearing) (Wilson, Broocks) (Entered: 05/29/2024) |
| 05/29/2024 | ● 387 <br> (2 pgs) | Notice of Appeal filed. (related document(s):337 Order on Motion for Sale of Property under Section 363(b)). Fee Amount $298. Appellant Designation due by 06/12/2024. (Wilson, Broocks) (Entered: 05/29/2024) |
| 05/29/2024 | ● 388 | Election to Appeal to District Court *regarding Sonder USA Inc.'s Notice of Appeal*. (Wilson, Broocks) (Entered: 05/29/2024) |
| 05/29/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25321310. Fee amount $ 298.00. (U.S. Treasury) (Entered: 05/29/2024) |
| 05/29/2024 | ● 389 <br> (6 pgs) | Objection (related document(s):381 Motion To Stay Pending Appeal, Emergency Motion). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 05/29/2024) |
| 05/29/2024 | ● 390 <br> (3 pgs) | Response *and Limited Objection to Sonder USA Inc.'s Motion to Modify the Stay to Allow Liquidation of Claim* (related document(s):115 Motion for Relief From Stay). Filed by Christopher R Murray (Shannon, R. J.) (Entered: 05/29/2024) |
| 05/30/2024 | ● 391 <br> (4 pgs) | Certificate *of Service* (Filed By 2425 WL, LLC ).(Related document(s):377 Amended Chapter 11 Plan, 378 Disclosure Statement, 384 Order Approving Disclosure Statement) (Sather, Stephen) (Entered: 05/30/2024) |

| 05/30/2024 | 🌐 392<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):384 Order Approving Disclosure Statement) No. of Notices: 40. Notice Date 05/30/2024. (Admin.) (Entered: 05/30/2024) |
|---|---|---|
| 05/30/2024 | 🌐 393<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):385 Order Setting Hearing) No. of Notices: 6. Notice Date 05/30/2024. (Admin.) (Entered: 05/30/2024) |
| 05/31/2024 | 🌐 394<br>(4 pgs) | Certificate *of Service (Amended)* (Filed By 2425 WL, LLC ).(Related document(s):377 Amended Chapter 11 Plan, 378 Disclosure Statement, 384 Order Approving Disclosure Statement) (Sather, Stephen) (Entered: 05/31/2024) |
| 05/31/2024 | 🌐 395<br>(4 pgs; 2 docs) | Motion to Withdraw as Attorney. Objections/Request for Hearing Due in 21 days. Filed by Defendant Azeemeh Zaheer (Attachments: # 1 Proposed Order) (Drinnon, Rodney) (Entered: 05/31/2024) |
| 05/31/2024 | 🌐 396<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):382 Transcript) No. of Notices: 6. Notice Date 05/31/2024. (Admin.) (Entered: 05/31/2024) |
| 05/31/2024 | 🌐 397<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):383 Transcript) No. of Notices: 6. Notice Date 05/31/2024. (Admin.) (Entered: 05/31/2024) |
| 06/03/2024 | 🌐 398<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 05/29/2034, Sonder USA Inc. filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 24cv02073. Parties notified (Related document(s):387 Notice of Appeal) (hl4) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐 399<br>(1 pg) | Order Denying Motion To Withdraw As Attorney (Related Doc # 395) Signed on 6/3/2024. (trc4) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐 400<br>(515 pgs; 10 docs) | Exhibit List, Witness List (Filed By Sonder USA Inc. ).(Related document(s):385 Order Setting Hearing) (Attachments: # 1 Exhibit 1 - Sonder POC # 2 Exhibit 2 - NBK Plan # 3 Exhibit 3 - Motion to Sell # 4 Objection to NBK Claim # 5 Exhibit 5 - Revised Sale Order Notice (5.13) # 6 Exhibit 6 - ECF 336 # 7 Exhibit 7 - Sale Order # 8 Exhibit 8 - Debtor's Plan # 9 Exhibit 9 - Notice of Appeal) (Wilson, Broocks) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐 401<br>(12 pgs) | Objection to Confirmation of Plan Filed by 2425 WL, LLC. (Related document(s):194 Chapter 11 Plan) (Sather, Stephen) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐 402<br>(255 pgs; 15 docs) | Objection to Claim Number 7 by Claimant *2425 WL LLC* Hearing scheduled for 7/24/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Declaration of Christopher R. Murray # 3 Exhibit A - 2425 WL Deed of Trust # 4 Exhibit B - Foreign Registration Application # 5 Exhibit C - NBK Loan Agreement # 6 Exhibit D - NBK Note # 7 Exhibit E - NBK Deed of Trust # 8 Exhibit F - NBK Assignment of Leases and Rents # 9 Exhibit G - Sworn Document Transferring Tax Lien # 10 Exhibit H - Tax Lien Contract # 11 Exhibit I - Galleria 2425 JV Company Agreement # 12 Exhibit J - Galleria 2425 JV Unanimous Consent # 13 Exhibit K - 2425 WL Promissory Note # 14 Exhibit L - Settlement Statement for 2018 Transaction) (Shannon, R. J.) (Entered: 06/03/2024) |

| | | |
|---|---|---|
| 06/03/2024 | 🌐403<br>(35 pgs; 5 docs) | Objection to Claim Number 21,22 by Claimant *Ali Choudhri* Hearing scheduled for 7/24/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Declaration of Christopher R. Murray # 3 Exhibit A - Assignment from Choudhri to NBK # 4 Exhibit B - Confidential Settlement Agreement) (Shannon, R. J.) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐404<br>(9 pgs; 3 docs) | Objection to Claim Number 23,24 by Claimant *Jetall Capital, LLC* Hearing scheduled for 7/24/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐405<br>(221 pgs; 9 docs) | Adversary case 24-03117. Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)),(14 (Recovery of money/property - other)), (91 (Declaratory judgment)),(81 (Subordination of claim or interest)) Complaint by Christopher Murray against Jetall Companies, Inc.. Fee Amount $350 (Attachments: # 1 Adversary Coversheet # 2 Exhibit A - Jetall Lease with Amendments # 3 Exhibit B - 2018 Deed to Debtor # 4 Exhibit C - Settlement Statement to 2018 Transaction # 5 Exhibit D - NBK Loan Agreement # 6 Exhibit E - NBK Note # 7 Exhibit F - NBK Deed of Trust # 8 Exhibit G - NBK Assignment of Leases and Rents) (Shannon, R. J.) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐406<br>(7 pgs; 2 docs) | Motion to Continue Hearing On (related document(s):194 Chapter 11 Plan, 377 Amended Chapter 11 Plan). Filed by Creditor 2425 WL, LLC Hearing scheduled for 6/4/2024 at 10:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐407<br>(7 pgs; 2 docs) | Motion to Continue Hearing On (related document(s):284 Objection to Claim). Filed by Creditor 2425 WL, LLC Hearing scheduled for 6/4/2024 at 10:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐408<br>(4 pgs) | *Response to Sonder USA Inc's Emergency Motion for Limited Stay Pending Appeal* (related document(s):381 Motion To Stay Pending Appeal, Emergency Motion). Filed by Christopher R Murray (Shannon, R. J.) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐409<br>(21 pgs) | Response/Objection Filed by Galleria 2425 Owner, LLC. (Related document(s):194 Chapter 11 Plan) (Baker, Reese) (Entered: 06/03/2024) |
| 06/03/2024 | 🌐410<br>(6 pgs) | Objection to Confirmation of Plan Filed by Arin-Air Inc.. (Related document(s):377 Amended Chapter 11 Plan) (Cerasuolo, Gary) (Entered: 06/03/2024) |
| 06/04/2024 | 🌐411<br>(44 pgs; 9 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):381 Motion To Stay Pending Appeal, Emergency Motion, 406 Motion to Continue/Reschedule Hearing, 407 Motion to Continue/Reschedule Hearing) (Attachments: # 1 Exhibit 1 -NYS Department of State, Division of Corporations Entity Information for 2425 WL LLC # 2 Exhibit 2 - NYS Department of State, Division of Corporations Filing History for 2425 WL LLC # 3 Exhibit 3 - Certified Copy of Articles of Organization of 2425 WL LLC # 4 Exhibit 4 - Certified Copy of Certificate of Publication of 2425 WL LLC # 5 Exhibit 5 - Certified Copy of Special Warranty Deed from 2425 WL |

| | | |
|---|---|---|
| | | LLC to Galleria 2425 Owner, LLC # 6 Exhibit 6 - Settlement Statement Regarding 2018 Sale of Property from 2425 WL LLC to Galleria 2425 Owner, LLC # 7 Exhibit 7 - Debtor's Original Petition [ECF No. 1] # 8 Exhibit 8 - Debtor's Amended Petition [ECF No. 10]) (Shannon, R. J.) (Entered: 06/04/2024) |
| 06/04/2024 | 412 (1 pg) | Order Striking Hearings On(Related Doc # 406 and # 407) Signed on 6/4/2024. (trc4) (Entered: 06/04/2024) |
| 06/04/2024 | 413 (7 pgs; 2 docs) | Emergency Motion *for Continuance of Confirmation Hearings* Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 06/04/2024) |
| 06/04/2024 | 414 (7 pgs; 2 docs) | Emergency Motion *for Continuance of Hearing on Objection to Claim of National Bank of Kuwait* Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 06/04/2024) |
| 06/04/2024 | 415 (1 pg) | Order Striking Emergency Motions (Related Doc # 413), Striking Emergency Motion (Related Doc # 414) Signed on 6/4/2024. (trc4) (Entered: 06/04/2024) |
| 06/04/2024 | 416 | Courtroom Minutes. Time Hearing Held: 10:00. Appearances: Broocks Wilson for Sonder USA, RJ Shannon for the Trustee, Stephen Sather for 2425WL, Reese Baker for the Debtor, Charles Conrad and Andrew Troop for NBK. (Related document(s):381 Emergency Motion To Stay Pending Appeal) Arguments heard. Sonder exhibits at docket 400-1 thru 400-9 were admitted. Matter taken under advisement. (trc4) (Entered: 06/04/2024) |
| 06/04/2024 | 417 (1 pg) | PDF with attached Audio File. Court Date & Time [ 6/4/2024 9:59:46 AM ]. File Size [ 6104 KB ]. Run Time [ 00:12:43 ]. (admin). (Entered: 06/04/2024) |
| 06/04/2024 | 418 (1 pg) | Order Setting Hearing Signed on 6/4/2024 (Related document(s): 406 and 407 Motions to Continue) **Status conference on Objection to Claim 284 to be held on 6/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** Parties ordered to confer and determine confirmation hearing date. (trc4) (Entered: 06/04/2024) |
| 06/04/2024 | 419 (1 pg) | Order Denying Stay Pending Appeal (Related Doc # 381) Signed on 6/4/2024. (trc4) (Entered: 06/04/2024) |
| 06/04/2024 | 420 (7 pgs; 2 docs) | Amended Motion to Withdraw as Attorney. Objections/Request for Hearing Due in 21 days. Filed by Defendant Azeemeh Zaheer Hearing scheduled for 7/9/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Drinnon, Rodney) (Entered: 06/04/2024) |
| 06/04/2024 | 421 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by Broocks "Mack" Wilson. This is to order a transcript of Hearing May 15, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Sonder USA Inc. ). (Lim, Lloyd) Copy request electronically forwarded to Veritext Legal Solutions on 06/06/24. Transcript estimated date of completion: 06/13/24. Modified on 6/6/2024 (DMcKinnieRichardson). (Entered: 06/04/2024) |

| | | |
|---|---|---|
| 06/04/2024 | 422<br>(369 pgs; 13 docs) | Witness List (Filed By 2425 WL, LLC ).(Related document(s):353 Generic Motion) (Attachments: # 1 Exhibit 1: Claim 13 # 2 Exhibit 2: Claim 14 # 3 Exhibit 3: Amended Objection to Claims of Natinal Bank of Kuwait # 4 Exhibit 4: Second Amended Petition # 5 Exhibit 5: Motion for Entry of Order Authorizing Creditor to Pursue Estate Claims # 6 Exhibit 6: Letter from Stephen Sather to Christopher Murray # 7 Exhibit 7: Complaint in Adv. Non. 23-6009 # 8 Exhibit 8: Information from Jerry Alexander # 9 Exhibit 9: Fact Sheet from Jerry Alexander # 10 Exhibit 10: Email from RJ Shannon # 11 Exhibit 11: Notice of Rule 2004 Exam of National Bank of Kuwait # 12 Exhibit 12: Final Order on Motion for Use of Cash Collateral) (Sather, Stephen) (Entered: 06/04/2024) |
| 06/04/2024 | 423<br>(7 pgs; 3 docs) | Notice of Appeal filed. (related document(s):276 Order Setting Hearing, 359 Order on Motion to Vacate). Fee Amount $298. Appellant Designation due by 06/18/2024. (Attachments: # 1 Exhibit 276 Order Approving Disclosure Statement # 2 Exhibit 359 Order Denying Motion) (Baker, Reese) (Entered: 06/04/2024) |
| 06/05/2024 | 424 | Courtroom Minutes. Time Hearing Held: 9:30. Appearances: Mack Wilson for Sonder USA, Reese Baker for the Debtor, RJ Shannon for the Trustee. (Related document(s):115 Motion for Relief From Stay) Parties agreed to continue this matter. **Hearing rescheduled for 7/9/2024 at 09:30 AM at Houston, Courtroom 403 (JPN).** Stay to remain in effect. (trc4) (Entered: 06/05/2024) |
| 06/05/2024 | 425<br>(1 pg) | PDF with attached Audio File. Court Date & Time [ 6/5/2024 9:29:46 AM ]. File Size [ 1793 KB ]. Run Time [ 00:03:44 ]. (admin). (Entered: 06/05/2024) |
| 06/05/2024 | 426 | Election to Appeal to District Court . (bwl4) (Entered: 06/05/2024) |
| 06/05/2024 | 427<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 06/04/2024, Galleria 2425 Owner, LLC filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 4:24cv2111. Parties notified (Related document(s):423 Notice of Appeal) (bwl4) (Entered: 06/05/2024) |
| 06/05/2024 | 428<br>(18 pgs; 2 docs) | Notice - *Ballot Summary regarding the Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait S.A.K.P., New York Branch.* (Related document(s):194 Chapter 11 Plan, 195 Disclosure Statement, 276 Order Setting Hearing) Filed by Christopher R Murray (Attachments: # 1 Exhibit A - Ballots Actually Received by Close of Business on June 3, 2024) (Shannon, R. J.) (Entered: 06/05/2024) |
| 06/05/2024 | 429<br>(6 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal (related document(s):287 Notice of Appeal, 296 Notice of Appeal). (Shannon, R. J.) (Entered: 06/05/2024) |
| 06/05/2024 | 430<br>(10 pgs; 2 docs) | Response (related document(s):284 Objection to Claim). (Attachments: # 1 Exhibit A - Proposed Order) (Conrad, Charles) (Entered: 06/05/2024) |

| 06/05/2024 | ⊕ 431<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):399 Order on Motion to Withdraw as Attorney) No. of Notices: 6. Notice Date 06/05/2024. (Admin.) (Entered: 06/05/2024) |
|---|---|---|
| 06/05/2024 | ⊕ 432<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):398 Clerk's Notice of Filing of an Appeal) No. of Notices: 6. Notice Date 06/05/2024. (Admin.) (Entered: 06/05/2024) |
| 06/06/2024 | ⊕ 433<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):412 Order on Motion to Continue/Reschedule Hearing) No. of Notices: 7. Notice Date 06/06/2024. (Admin.) (Entered: 06/06/2024) |
| 06/06/2024 | ⊕ 434<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):415 Order on Emergency Motion) No. of Notices: 7. Notice Date 06/06/2024. (Admin.) (Entered: 06/06/2024) |
| 06/06/2024 | ⊕ 435<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):418 Order Setting Hearing) No. of Notices: 7. Notice Date 06/06/2024. (Admin.) (Entered: 06/06/2024) |
| 06/06/2024 | ⊕ 436<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):419 Order on Motion To Stay Pending Appeal) No. of Notices: 7. Notice Date 06/06/2024. (Admin.) (Entered: 06/06/2024) |
| 06/07/2024 | ⊕ 437<br>(3 pgs) | Notice - *Contract & Cure Schedule*. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 266 Notice) Filed by Christopher R Murray (Shannon, R. J.) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕ 438<br>(16 pgs; 6 docs) | Certificate *of Service regarding Assumption & Assignment Notice, Contract & Cure Schedule, and Notice of Plans of Reorganization* (Filed By Christopher R Murray ).(Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 266 Notice, 437 Notice) (Attachments: # 1 Exhibit 1 - Notice of Assumption and Assignment Procedures 266 # 2 Exhibit 2 - Contract and Cure Schedule # 3 Exhibit 3 - Notice of Plans of Reorganization Proposed in Bankruptcy Case # 4 Exhibit 4 - U.S.P.S. Service List # 5 Exhibit 5 - Email Service List) (Shannon, R. J.) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕ 439<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Mark Edwin Smith Filed by on behalf of 2425 WL, LLC (Smith, Mark) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕ 440<br>(30 pgs; 4 docs) | Objection *National Bank of Kuwait, S.A.K.P., New York Branch's Limited Objection to Motion to Continue Hearings on Confirmation of Plan Filed by National Bank of Kuwait and Joint Plan Proposed by 2425 WL, LLC and Debtor, and Sale of Property* (related document(s):406 Motion to Continue/Reschedule Hearing). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Service List) (Troop, Andrew) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕ 441<br>(7 pgs) | Additional Attachments Re: *SUPPLEMENT TO EMERGENCY MOTION TO CONTINUE HEARING ON CONFIRMATION OF PLAN FILED BY NATIONAL BANK OF KUWAIT AND JOINT PLAN PROPOSED BY 2425 WL, LLC AND DEBTOR* (related document(s):406 Motion to Continue/Reschedule Hearing) (Filed By |

| | | |
|---|---|---|
| | | 2425 WL, LLC ).(Related document(s):406 Motion to Continue/Reschedule Hearing) (Smith, Mark) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕442<br>(8 pgs; 2 docs) | Additional Attachments Re: *AMENDED SUPPLEMENT TO EMERGENCY MOTION TO CONTINUE HEARING ON CONFIRMATION OF PLAN FILED BY NATIONAL BANK OF KUWAIT AND JOINT PLAN PROPOSED BY 2425 WL, LLC AND DEBTOR* (related document(s):406 Motion to Continue/Reschedule Hearing) (Filed By 2425 WL, LLC ).(Related document(s):406 Motion to Continue/Reschedule Hearing) (Attachments: # 1 Exhibit A) (Smith, Mark) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕443<br>(8 pgs; 2 docs) | Additional Attachments Re: *SECOND AMENDED SUPPLEMENT TO EMERGENCY MOTION TO CONTINUE HEARING ON CONFIRMATION OF PLAN FILED BY NATIONAL BANK OF KUWAIT AND JOINT PLAN PROPOSED BY 2425 WL, LLC AND DEBTOR* (related document(s):406 Motion to Continue/Reschedule Hearing, 441 Additional Attachments, 442 Additional Attachments) (Filed By 2425 WL, LLC ).(Related document(s):406 Motion to Continue/Reschedule Hearing, 441 Additional Attachments, 442 Additional Attachments) (Attachments: # 1 Exhibit A) (Smith, Mark) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕444<br>(37 pgs; 5 docs) | Adversary case 24-03120. Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) Notice of Removal Ali Choudhri. Fee Amount $350 (Attachments: # 1 Exhibit A Docket Sheet # 2 Exhibit B Original Petition # 3 Exhibit C Amended Petition # 4 Exhibit D Second Amended Petition) (Conrad, Charles) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕445<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by David Neal Stern Filed by on behalf of 2425 WL, LLC (Stern, David) (Entered: 06/07/2024) |
| 06/07/2024 | ⊕446<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):427 Clerk's Notice of Filing of an Appeal) No. of Notices: 7. Notice Date 06/07/2024. (Admin.) (Entered: 06/07/2024) |
| 06/09/2024 | ⊕447<br>(8 pgs; 2 docs) | Additional Attachments Re: *National Bank of Kuwait, S.A.K.P., New York Branch's Supplement To Its Limited Objection to Motion to Continue Hearings on Confirmation of Plan Filed by National Bank of Kuwait and Joint Plan Proposed by 2425 WL, LLC and the Debtor, and Sale of Property* (related document(s):440 Objection) (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):440 Objection) (Attachments: # 1 Exhibit A - Proposed Order) (Conrad, Charles) (Entered: 06/09/2024) |
| 06/09/2024 | ⊕448<br>(15 pgs; 3 docs) | Emergency Motion *National Bank of Kuwait, S.A.K.P., New York Branch's Emergency Motion to (I) Vacate Order Approving 2425 WL, LLC and Debtor's Disclosure Statement, (II) Suspend Solicitation of Votes, and (III) Cancel Confirmation Hearing* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 06/09/2024) |

| | | |
|---|---|---|
| 06/09/2024 | 449 (6 pgs) | Certificate *Supplemental Certificate of Service* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):447 Additional Attachments) (Conrad, Charles) (Entered: 06/09/2024) |
| 06/10/2024 | 450 (1 pg) | Order Setting Response Deadline Signed on 6/10/2024 (Related document(s):448 Emergency Motion) (mar4) (Entered: 06/10/2024) |
| 06/10/2024 | | ENTRY MADE FOR ADMINISTRATIVE PURPOSES Hearing Set On (Related document(s):378 Disclosure Statement) **Hearing scheduled for 6/17/2024 at 09:00 AM at Houston, Courtroom 403 (JPN). See also ECF#384.** (mar4) (Entered: 06/10/2024) |
| 06/10/2024 | 451 (1 pg) | Order Denying Motion To Continue/Reschedule Hearing On(Related Doc # 406) Signed on 6/10/2024. (mar4) (Entered: 06/10/2024) |
| 06/10/2024 | | Hearing Set On (Related document(s):194 Chapter 11 Plan, 377 Amended Chapter 11 Plan) Hearing scheduled for 6/17/2024 at 09:00 AM at Houston, Courtroom 403 (JPN). (mar4) (Entered: 06/10/2024) |
| 06/10/2024 | 452 (2 pgs) | Status Report (Filed By Christopher R Murray ).(Related document(s):254 Order on Motion for Sale of Property under Section 363(b)) (Murray, Christopher) (Entered: 06/10/2024) |
| 06/10/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25348842. Fee amount $ 298.00. (U.S. Treasury) (Entered: 06/10/2024) |
| 06/10/2024 | 453 (5 pgs) | Objection to Confirmation of Plan Filed by CC2 TX, LLC. (Related document(s):377 Amended Chapter 11 Plan) (Spector, Howard) (Entered: 06/10/2024) |
| 06/10/2024 | 454 (5 pgs) | Objection to Confirmation of Plan Filed by CC2 TX, LLC. (Related document(s):194 Chapter 11 Plan) (Spector, Howard) (Entered: 06/10/2024) |
| 06/10/2024 | 455 (30 pgs; 6 docs) | Objection (related document(s):353 Generic Motion). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D Proposed Order # 5 Service List) (Conrad, Charles) (Entered: 06/10/2024) |
| 06/10/2024 | 456 (4 pgs) | Disclosure of Compensation of Attorney for Debtor (Filed By Galleria 2425 Owner, LLC ). (Baker, Reese) (Entered: 06/10/2024) |
| 06/10/2024 | 457 (25 pgs; 3 docs) | Response/Objection Filed by National Bank of Kuwait, S.A.K.P., New York Branch. (Related document(s):377 Amended Chapter 11 Plan) (Attachments: # 1 Exhibit A Proposed Order # 2 Service List) (Conrad, Charles) (Entered: 06/10/2024) |
| 06/10/2024 | 458 (2 pgs) | Notice *Of Appearance*. Filed by Galleria 2425 Owner, LLC (Steidley, Jeffrey) (Entered: 06/10/2024) |
| 06/10/2024 | 459 (3 pgs) | Objection to Confirmation of Plan Filed by Christopher R Murray. (Related document(s):377 Amended Chapter 11 Plan, 378 Disclosure Statement) (Shannon, R. J.) (Entered: 06/10/2024) |

| 06/10/2024 | 460<br>(8 pgs; 2 docs) | Objection *to Galleria 2524 Owner, LLC and 2425 WL, LLC's Proposed Chapter 11 Plan.* Filed by Rodney Drinnon (Attachments: # 1 Proposed Order) (Drinnon, Rodney) (Entered: 06/10/2024) |
| 06/10/2024 | 461<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by Patrick L Hughes Filed by on behalf of Landry's Inc. (Hughes, Patrick) (Entered: 06/10/2024) |
| 06/10/2024 | 462<br>(4 pgs) | Objection to Confirmation of Plan Filed by Harris County, ATTN: Property Tax Division. (Related document(s):377 Amended Chapter 11 Plan) (Fuertes, Susan) (Entered: 06/10/2024) |
| 06/10/2024 | 463<br>(14 pgs; 3 docs) | Emergency Motion *OF GALLERIA 2425 OWNER, LLC (i) TO PROHIBIT CREDIT BIDDING BY NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH (NBK), (ii) TO CONTINUE AUCTION SALE OF PROPERTY AT 2425 WEST LOOP SOUTH, (iii) TO ALLOW 2425 WL, LLC TO PURSUE CLAIMS AGAINST NBK, AND (iv) OTHER MATTERS* Filed by Debtor Galleria 2425 Owner, LLC (Attachments: # 1 Proposed Order # 2 Exhibit 1 Email from attorney for trustee) (Baker, Reese) (Entered: 06/10/2024) |
| 06/10/2024 | 464<br>(476 pgs; 12 docs) | Emergency Motion *to Compel National Bank of Kuwait to Produce a Prepared Witness(es) and for Other Relief* Filed by Creditor 2425 WL, LLC (Attachments: # 1 Exhibit Exhibit 1 # 2 Exhibit Exhibit 2 # 3 Exhibit Exhibit 3 # 4 Exhibit Exhibit 4 # 5 Exhibit Exhibit 5 # 6 Exhibit Exhibit 6 # 7 Exhibit Exhibit 7 # 8 Exhibit Exhibit 8 # 9 Exhibit Exhibit 9 # 10 Proposed Order Proposed Order # 11 Service List) (Smith, Mark) (Entered: 06/10/2024) |
| 06/11/2024 | 465<br>(1 pg) | Order Denying Emergency Motion (Related Doc # 464) Signed on 6/11/2024. (mar4) (Entered: 06/11/2024) |
| 06/11/2024 | 466<br>(1 pg) | Order Denying Emergency Motion (Related Doc # 463) Signed on 6/11/2024. (mar4) (Entered: 06/11/2024) |
| 06/11/2024 | 467<br>(148 pgs; 18 docs) | Emergency Motion *of the Trustee for Protective Order, or in the Alternative, to Quash and Related Relief* Filed by Trustee Christopher R Murray (Attachments: # 1 Proposed Order # 2 Index of Exhibits # 3 Exhibit A - Notice of Proposed Deposition # 4 Exhibit B - Notice of June 6 Deposition # 5 Exhibit C - June 5, 2024, Communications # 6 Exhibit D - Email Cancelling June 6 Deposition # 7 Exhibit E - Notification Email Indicating A. Choudhri Accessing Trustee's Production # 8 Exhibit F - Trustee's Notice of Deposition of 2425 WL LLC # 9 Exhibit G - Trustee's Notice of Deposition of the Debtor # 10 Exhibit H - Trustee's Deposition Subpoena re 2425 WL LLC # 11 Exhibit I - Trustee's Document Subpoena re 2425 WL LLC # 12 Exhibit J - Trustee's Deposition Subpoena re Debtor # 13 Exhibit K - Trustee's Document Subpoena re Debtor # 14 Exhibit L - May 16, 2024, Communication re Trustee's Availability # 15 Exhibit M - June 10, 2024, Communication re Rescheduling Deposition # 16 Exhibit N - June 10, 2024, at 11:42 p.m. Email Sending Notice of Proposed Deposition # 17 Exhibit O - June 11, 2024, Email re Alternative Arrangements) (Shannon, R. J.) (Entered: 06/11/2024) |
| 06/11/2024 | 468<br>(2 pgs) | Order Granting in Part and Setting Hearing Signed on 6/11/2024 (Related document(s):467 Emergency Motion) **Hearing scheduled for** |

| | | |
|---|---|---|
| | | **6/17/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 06/11/2024) |
| 06/11/2024 | ● 469<br>(20 pgs; 4 docs) | Emergency Motion *Emergency Verified Motion to Authorize National Bank of Kuwait, S.A.K.P., New York Branch to Vote on Galleria 2425 Owner, LLC and 2425 WL, LLC's Fifth Amended Joint Chapter 11 Plan of Reorganization* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A Ballots # 2 Exhibit B Proposed Order # 3 Service List) (Troop, Andrew) (Entered: 06/11/2024) |
| 06/11/2024 | ● 470<br>(7 pgs) | Notice *Notice of Intent to Adduce Testimony from a Remote Location by Telephone and Video Technology*. (Related document(s):377 Amended Chapter 11 Plan) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Troop, Andrew) (Entered: 06/11/2024) |
| 06/11/2024 | ● 471<br>(7 pgs) | Notice *Notice of Intent to Adduce Testimony from a Remote Location by Telephone and Video Technology*. (Related document(s):377 Amended Chapter 11 Plan) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Troop, Andrew) (Entered: 06/11/2024) |
| 06/12/2024 | ● 472<br>(1 pg) | Order Setting Hearing and to Show Cause Signed on 6/12/2024 (Related document(s):469 Emergency Motion to Authorize National Bank of Kuwait, SAKP, New York Branch to vote on Fifth Amended Plan) **Hearing scheduled for 6/14/2024 at 10:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 06/12/2024) |
| 06/12/2024 | ● 473<br>(7 pgs) | Notice *Notice of Hearing*. (Related document(s):469 Emergency Motion, 472 Order Setting Hearing) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Troop, Andrew) (Entered: 06/12/2024) |
| 06/12/2024 | ● 474<br>(2 pgs) | Withdraw Document (Filed By 2425 WL, LLC ).(Related document(s):377 Amended Chapter 11 Plan, 378 Disclosure Statement) (Stern, David) (Entered: 06/12/2024) |
| 06/12/2024 | ● 475<br>(6 pgs) | Response (Filed By 2425 WL, LLC ).(Related document(s):448 Emergency Motion) (Stern, David) (Entered: 06/12/2024) |
| 06/12/2024 | ● 476<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):450 Generic Order) No. of Notices: 7. Notice Date 06/12/2024. (Admin.) (Entered: 06/12/2024) |
| 06/12/2024 | ● 477<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):451 Order on Motion to Continue/Reschedule Hearing) No. of Notices: 7. Notice Date 06/12/2024. (Admin.) (Entered: 06/12/2024) |
| 06/12/2024 | ● 478<br>(5 pgs; 2 docs) | Notice *of Intent to Adduce Testimony from a Remote LOcation by Telephone and Video Technology*. Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/12/2024) |
| 06/12/2024 | ● 479<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY*. Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/12/2024) |

| | | |
|---|---|---|
| 06/12/2024 | 480<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/12/2024) |
| 06/12/2024 | 481<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/12/2024) |
| 06/12/2024 | 482<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/12/2024) |
| 06/12/2024 | 483<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/12/2024) |
| 06/12/2024 | 484<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/12/2024) |
| 06/13/2024 | 485<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | 486<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | 487<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | 488<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | 489<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | 490<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY.* Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |

| | | |
|---|---|---|
| 06/13/2024 | ● 491<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY*. Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | ● 492<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY*. Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | ● 493<br>(5 pgs; 2 docs) | Notice *OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY*. Filed by 2425 WL, LLC (Attachments: # 1 Service List) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | ● 494<br>(1 pg) | Order Mooting Emergency Motion (Related Doc # 469) Signed on 6/13/2024. (mar4) (Entered: 06/13/2024) |
| 06/13/2024 | ● 495<br>(1 pg) | Order Mooting Emergency Motion (Related Doc # 448) Signed on 6/13/2024. (mar4) (Entered: 06/13/2024) |
| 06/13/2024 | ● 496<br>(12 pgs; 2 docs) | Exhibit List (Filed By Arin-Air Inc. ).(Related document(s):410 Objection to Confirmation of the Plan) (Attachments: # 1 Exhibit Exhibit 1) (Cerasuolo, Gary) (Entered: 06/13/2024) |
| 06/13/2024 | ● 497<br>(11 pgs; 4 docs) | Exhibit List (Filed By City of Houston, Houston Community College System, Houston ISD ).(Related document(s):194 Chapter 11 Plan, 285 Objection to Confirmation of the Plan, 286 Objection to Confirmation of the Plan, 377 Amended Chapter 11 Plan) (Attachments: # 1 Exhibit 1 - City of Houston Tax Statement # 2 Exhibit 2 - Houston ISD Statement # 3 Exhibit 3 - HCCS Statement) (Andresen, Jeannie) (Entered: 06/13/2024) |
| 06/13/2024 | ● 498<br>(360 pgs; 24 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):194 Chapter 11 Plan, 353 Generic Motion) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit # 17 Exhibit # 18 Exhibit # 19 Exhibit # 20 Exhibit # 21 Exhibit # 22 Exhibit # 23 Exhibit) (Shannon, R. J.) (Entered: 06/13/2024) |
| 06/13/2024 | ● 499<br>(3038 pgs; 92 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):194 Chapter 11 Plan, 353 Generic Motion) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21 # 22 Exhibit 22 # 23 Exhibit 23 # 24 Exhibit 24 # 25 Exhibit 25 # 26 Exhibit 26 # 27 Exhibit 27 # 28 Exhibit 28 # 29 Exhibit 29 # 30 Exhibit 30 # 31 Exhibit 31 # 32 Exhibit 32 # 33 Exhibit 33 # 34 Exhibit 34 # 35 Exhibit 35 # 36 Exhibit 36 # 37 Exhibit 37 # 38 Exhibit 38 # 39 Exhibit 39 # 40 Exhibit 40 # 41 Exhibit 41 # 42 Exhibit 42 # 43 Exhibit 44 # 44 Exhibit 45 # 45 Exhibit 46 # 46 Exhibit 47 # 47 Exhibit 48 # 48 Exhibit 49 # 49 Exhibit 50 # 50 Exhibit 51 # 51 Exhibit 52 # 52 Exhibit 53 # 53 Exhibit 54 # 54 Exhibit 55 # 55 Exhibit 56 # 56 Exhibit 57 # 57 Exhibit 58 # 58 |

| | | |
|---|---|---|
| | | Exhibit 59 # 59 Exhibit 60 # 60 Exhibit 61 # 61 Exhibit 62 # 62 Exhibit 63 # 63 Exhibit 64 # 64 Exhibit 65 # 65 Exhibit 66 # 66 Exhibit 67 # 67 Exhibit 68 # 68 Exhibit 69 # 69 Exhibit 70 # 70 Exhibit 71 # 71 Exhibit 72 # 72 Exhibit 73 # 73 Exhibit 74 # 74 Exhibit 75 # 75 Exhibit 76 # 76 Exhibit 77 # 77 Exhibit 78 # 78 Exhibit 79 # 79 Exhibit 80 # 80 Exhibit 81 # 81 Exhibit 82 # 82 Exhibit 83 # 83 Exhibit 84 # 84 Exhibit 85 # 85 Exhibit 86 # 86 Exhibit 87 # 87 Exhibit 88 # 88 Exhibit 89 # 89 Exhibit 90 # 90 Exhibit 91 # 91 Exhibit 92) (Baker, Reese) (Entered: 06/13/2024) |
| 06/13/2024 | 🔵 500 (636 pgs; 16 docs) | Exhibit List (Filed By 2425 WL, LLC ). (Attachments: # 1 EXHIBIT 1 # 2 EXHIBIT 2 # 3 EXHIBIT 3 # 4 EXHIBIT 4 # 5 EXHIBIT 5 # 6 EXHIBIT 6 # 7 EXHIBIT 7 # 8 EXHIBIT 8 # 9 EXHIBIT 9 # 10 EXHIBIT 10 # 11 EXHIBIT 11 # 12 EXHIBIT 12 # 13 EXHIBIT 13 # 14 EXHIBIT 14 # 15 EXHIBIT 15) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | 🔵 501 (1298 pgs; 22 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):194 Chapter 11 Plan) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 15 # 15 Exhibit 16 # 16 Exhibit 17 # 17 Exhibit 18 # 18 Exhibit 19 # 19 Exhibit 20 # 20 Exhibit 21 # 21 Exhibit 22) (Troop, Andrew) (Entered: 06/13/2024) |
| 06/13/2024 | 🔵 502 (6 pgs) | Witness List (Filed By Jetall Companies, Inc. ). (MacGeorge, Jennifer) (Entered: 06/13/2024) |
| 06/13/2024 | 🔵 503 (1177 pgs; 25 docs) | Exhibit List (Filed By 2425 WL, LLC ).(Related document(s):500 Exhibit List) (Attachments: # 1 EXHIBIT 16 # 2 EXHIBIT 17 # 3 EXHIBIT 18 # 4 EXHIBIT 19 # 5 EXHIBIT 20 # 6 EXHIBIT 21 # 7 EXHIBIT 22 # 8 EXHIBIT 23 # 9 EXHIBIT 24 # 10 EXHIBIT 25 # 11 EXHIBIT 26 # 12 EXHIBIT 27 # 13 EXHIBIT 28 # 14 EXHIBIT 30 # 15 EXHIBIT 31 # 16 EXHIBIT 32 # 17 EXHIBIT 33 # 18 EXHIBIT 34 # 19 EXHIBIT 35 # 20 EXHIBIT 36 # 21 EXHIBIT 37 # 22 EXHIBIT 38 # 23 EXHIBIT 39 # 24 EXHIBIT 40) (Smith, Mark) (Entered: 06/13/2024) |
| 06/13/2024 | 🔵 504 (1238 pgs; 54 docs) | Exhibit List (Filed By 2425 WL, LLC ).(Related document(s):500 Exhibit List, 503 Exhibit List) (Attachments: # 1 EXHIBIT 41 # 2 EXHIBIT 42 # 3 Exhibit 43 # 4 EXHIBIT 44 # 5 EXHIBIT 45 # 6 EXHIBIT 46 # 7 EXHIBIT 47 # 8 EXHIBIT 48 # 9 EXHIBIT 49 # 10 EXHIBIT 50 # 11 EXHIBIT 51 # 12 EXHIBIT 52 # 13 EXHIBIT 53 # 14 EXHIBIT 54 # 15 EXHIBIT 55 # 16 EXHIBIT 56 # 17 EXHIBIT 57 # 18 EXHIBIT 58 # 19 EXHIBIT 59 # 20 EXHIBIT 60 # 21 EXHIBIT 61 # 22 EXHIBIT 62 # 23 EXHIBIT 63 # 24 EXHIBIT 64 # 25 EXHIBIT 65 # 26 EXHIBIT 66 # 27 EXHIBIT 67 # 28 EXHIBIT 68 # 29 EXHIBIT 69 # 30 EXHIBIT 70 # 31 EXHIBIT 71 # 32 EXHIBIT 72 # 33 EXHIBIT 73 # 34 EXHIBIT 74 # 35 EXHIBIT 75 # 36 EXHIBIT 76 # 37 EXHIBIT 77 # 38 EXHIBIT 78 # 39 EXHIBIT 79 # 40 EXHIBIT 80 # 41 EXHIBIT 81 # 42 EXHIBIT 82 # 43 EXHIBIT 83 # 44 EXHIBIT 84 # 45 EXHIBIT 85 # 46 EXHIBIT 86 # 47 EXHIBIT 87 # 48 EXHIBIT 88 # 49 EXHIBIT 89 # 50 EXHIBIT 90 # 51 EXHIBIT 91 # 52 EXHIBIT 92 # 53 EXHIBIT 29) (Smith, Mark) (Entered: 06/13/2024) |

| | | |
|---|---|---|
| 06/13/2024 | 505<br>(145 pgs; 17 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):467 Emergency Motion, 468 Order Setting Hearing) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit) (Shannon, R. J.) (Entered: 06/13/2024) |
| 06/13/2024 | 506<br>(10 pgs; 2 docs) | Emergency Motion *to Cancel Plan Confirmation Hearing Scheduled for June 17, 2024, For Failure to Comply With Service Obligations* Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Stern, David) (Entered: 06/13/2024) |
| 06/13/2024 | 507<br>(1 pg) | Order Denying Emergency Motion (Related Doc # 506) Signed on 6/13/2024. (mar4) (Entered: 06/13/2024) |
| 06/13/2024 | 508<br>(216 pgs; 8 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):353 Generic Motion) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) (Troop, Andrew) (Entered: 06/13/2024) |
| 06/13/2024 | 509<br>(6 pgs) | Exhibit List, Witness List (Filed By Ali Choudhri ). (srh4) (Entered: 06/13/2024) |
| 06/13/2024 | 510<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):465 Order on Emergency Motion) No. of Notices: 7. Notice Date 06/13/2024. (Admin.) (Entered: 06/13/2024) |
| 06/13/2024 | 511<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):466 Order on Emergency Motion) No. of Notices: 7. Notice Date 06/13/2024. (Admin.) (Entered: 06/13/2024) |
| 06/13/2024 | 512<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):468 Order Setting Hearing) No. of Notices: 7. Notice Date 06/13/2024. (Admin.) (Entered: 06/13/2024) |
| 06/13/2024 | 552<br>(5 pgs) | Exhibit List (Filed By Ali Choudhri ). (dah4) (Entered: 06/20/2024) |
| 06/13/2024 | 553<br>(5 pgs) | Exhibit List (Filed By Ali Choudhri ). (dah4) (Entered: 06/20/2024) |
| 06/14/2024 | 513<br>(2 pgs) | Order Regarding Hearing Scheduled for June 17, 2024 Signed on 6/14/2024 (Related document(s):194 Chapter 11 Plan, 286 Objection to Confirmation of the Plan, 353 Generic Motion, 401 Objection to Confirmation of the Plan, 409 Response/Objection, 454 Objection to Confirmation of the Plan, 455 Objection, 467 Emergency Motion) (mar4) (Entered: 06/14/2024) |
| 06/14/2024 | 514<br>(231 pgs; 6 docs) | Brief (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):194 Chapter 11 Plan) (Attachments: # 1 Carter Declaration # 2 Schedule 1 # 3 Exhibit A # 4 Exhibit B Proposed Confirmation Order # 5 Service List) (Troop, Andrew) (Entered: 06/14/2024) |

| | | |
|---|---|---|
| 06/14/2024 | 515 (2 pgs) | Notice of Appearance and Request for Notice Filed by H. Gray Burks IV Filed by on behalf of 2425 WL, LLC (Burks, H.) (Entered: 06/14/2024) |
| 06/14/2024 | 516 (36 pgs; 2 docs) | Notice *Notice of Filing Plan Supplement to Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait, S.A.K.P., New York Branch.* (Related document(s):194 Chapter 11 Plan) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Service List) (Troop, Andrew) (Entered: 06/14/2024) |
| 06/14/2024 | 517 (21 pgs; 4 docs) | Exhibit List (Filed By 2425 WL, LLC ).(Related document(s):500 Exhibit List) (Attachments: # 1 Exhibit 93 # 2 Exhibit 94 # 3 Exhibit 95) (Burks, H.) (Entered: 06/14/2024) |
| 06/14/2024 | 518 (5 pgs) | BNC Certificate of Mailing. (Related document(s):472 Order Setting Hearing) No. of Notices: 7. Notice Date 06/14/2024. (Admin.) (Entered: 06/14/2024) |
| 06/15/2024 | 519 (7 pgs; 2 docs) | Emergency Motion *National Bank of Kuwait, S.A.K.P, New York Branch's Emergency Motion in Limine to Exclude Pre-Settlement Claims* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Proposed Order) (Troop, Andrew) (Entered: 06/15/2024) |
| 06/15/2024 | 520 (2 pgs) | Witness List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):353 Generic Motion, 508 Witness List, Exhibit List) (Troop, Andrew) (Entered: 06/15/2024) |
| 06/15/2024 | 521 (462 pgs; 6 docs) | Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):194 Chapter 11 Plan, 501 Witness List, Exhibit List) (Attachments: # 1 Exhibit 14 # 2 Exhibit 23 # 3 Exhibit 24 # 4 Exhibit 25 # 5 Exhibit 26) (Troop, Andrew) (Entered: 06/15/2024) |
| 06/15/2024 | 522 (5 pgs) | BNC Certificate of Mailing. (Related document(s):494 Order on Emergency Motion) No. of Notices: 7. Notice Date 06/15/2024. (Admin.) (Entered: 06/15/2024) |
| 06/15/2024 | 523 (5 pgs) | BNC Certificate of Mailing. (Related document(s):495 Order on Emergency Motion) No. of Notices: 7. Notice Date 06/15/2024. (Admin.) (Entered: 06/15/2024) |
| 06/15/2024 | 524 (5 pgs) | BNC Certificate of Mailing. (Related document(s):507 Order on Emergency Motion) No. of Notices: 8. Notice Date 06/15/2024. (Admin.) (Entered: 06/15/2024) |
| 06/16/2024 | 525 (5 pgs) | Response *to Motion in Limine* (related document(s):519 Emergency Motion). Filed by 2425 WL, LLC (Sather, Stephen) (Entered: 06/16/2024) |
| 06/16/2024 | 526 (14 pgs) | Supplemental Response/Objection Filed by 2425 WL, LLC. (Related document(s):194 Chapter 11 Plan) (Sather, Stephen) (Entered: 06/16/2024) |

| | | |
|---|---|---|
| 06/16/2024 | ⊙527<br>(67 pgs; 4 docs) | Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):194 Chapter 11 Plan, 501 Witness List, Exhibit List, 521 Exhibit List) (Attachments: # 1 Exhibit 28 # 2 Exhibit 29 # 3 Exhibit 30) (Troop, Andrew) (Entered: 06/16/2024) |
| 06/16/2024 | ⊙528<br>(100 pgs; 2 docs) | Notice *Notice of Filing Revised Findings of Fact, Conclusions of Law, and Order Confirming Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait, S.A.K.P., New York Branch*. (Related document(s):194 Chapter 11 Plan, 514 Brief, 521 Exhibit List) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Service List) (Troop, Andrew) (Entered: 06/16/2024) |
| 06/16/2024 | ⊙529<br>(12 pgs) | Response (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):526 Response/Objection) (Troop, Andrew) (Entered: 06/16/2024) |
| 06/16/2024 | ⊙530<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):513 Generic Order) No. of Notices: 8. Notice Date 06/16/2024. (Admin.) (Entered: 06/16/2024) |
| 06/17/2024 | ⊙531<br>(12 pgs; 2 docs) | Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):501 Witness List, Exhibit List, 508 Witness List, Exhibit List, 521 Exhibit List, 527 Exhibit List) (Attachments: # 1 Exhibit 31 / Exhibit 8) (Troop, Andrew) (Entered: 06/17/2024) |
| 06/17/2024 | ⊙532<br>(2 pgs) | Withdraw Document (Filed By CC2 TX, LLC ).(Related document(s):454 Objection to Confirmation of the Plan) (Spector, Howard) (Entered: 06/17/2024) |
| 06/17/2024 | ⊙533<br>(1 pg) | Order Denying Emergency Motion (Related Doc # 519) Signed on 6/17/2024. (mar4) (Entered: 06/17/2024) |
| 06/17/2024 | ⊙534<br>(8 pgs) | Objection *to Authorize Creditor to Pursue Claims on Behalf of the Estate* (related document(s):352 Generic Motion). Filed by Christopher R Murray (Shannon, R. J.) (Entered: 06/17/2024) |
| 06/17/2024 | ⊙535<br>(4 pgs) | Order Denying Motion to Prohibit Credit Bidding (Related Doc # 353) Signed on 6/17/2024. (mar4) (Entered: 06/17/2024) |
| 06/17/2024 | ⊙536 | Courtroom Minutes. Time Hearing Held: 9:00. Appearances: RJ Shannon for the Trustee, Mark Smith and Stephen Sather for 2425 WL. (Related document(s):467 Emergency Motion for Protective Order) Arguments heard. Exhibits at ECF No. 505-1 thru 505-16 were admitted. Exhibits at ECF No. 467-15, 467-16 and 467-17 were admitted. Matter taken under advisement. (trc4) (Entered: 06/18/2024) |
| 06/17/2024 | ⊙537 | Courtroom Minutes. Time Hearing Held: 9:00. Appearances: Ali Choudhri for self/pro se, Gray Burks and Stephen Sather for 2425 WL, Reese Baker for the Debtor, Patrick Fitzmaurice, Andrew Troop and Charles Conrad for National Bank of Kuwait. (Related Document 353 Motion to Prohibit Credit Bidding) Evidentiary hearing held. Opening Statements made by all parties. Michael Carter, Russell Ingrum, Jerry Alexander, Jeff Steidley, Jim Wetwiska, Christopher Murray, Thomas Phillips, Charles Conrad, and RJ Shannon sworn. Direct and cross |

| | | |
|---|---|---|
| | | examinations conducted by counsel. Exhibits at ECF No. 499-6 thru 499-10, 499-83 pages 2 thru 6 only, 508-7, 499-36, 499-41, 90-3, 90-8, 498-1, 463-2, and 499-44 were admitted. The Court takes Judicial Notice of Proof of Claims 13-1, 14-1 and any objections, the Claims Register, the calendar for July 2023, and the Order at ECF No. 187. Closing arguments made by all parties. For the reasons stated on the record, relief requested is Denied. The Court will prepare and enter an order. **Confirmation hearing continued to 6/19/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 538 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudhri. This is to order a transcript of proceedings held on 6/17/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions. (mew4) Transcript request electronically forwarded to Veritext Legal Solutions on 6/20/2024. Estimated completion date: 6/21/2024. Modified on 6/20/2024 (AaronJackson). (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 539 (22 pgs; 4 docs) | Ex Parte Motion to Seal Filed by Trustee Christopher R Murray (Attachments: # 1 Proposed Order # 2 Exhibit A - Request No. 1 Production Log # 3 Exhibit B - Privilege Log) (Shannon, R. J.) (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 540 | Courtroom Minutes. Time Hearing Held: 11:00. Appearances: Andrew Troop for National Bank of Kuwait, Stephen Sather for 2425 WL, LLC. (Related document(s):284 Objection to Claim) Status conference held. Parties agree to discovery deadlines. Trial date set for September 24, 2024. One day trial. The Court will enter a scheduling order setting date and deadlines. (trc4) (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 541 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of hearing held on June 17, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Copy request electronically forwarded to Veritext Legal Solutions on 6/20/2024. Estimated completion date: 6/21/2024. Modified on 6/20/2024 (AaronJackson). (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 542 (1 pg) | Order Granting Motion To Seal (Related Doc # 539) Signed on 6/18/2024. (mar4) (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 543 (2 pgs) | Scheduling Order Signed on 6/18/2024 (Related document(s):284 Objection to Claim, 430 Response **Discovery due by 8/23/2024. Trial date set for 9/24/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 544 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 6/18/2024 10:59:43 AM ]. File Size [ 1601 KB ]. Run Time [ 00:03:20 ]. (admin). (Entered: 06/18/2024) |
| 06/18/2024 | 🌐 545 (1 pg) | Record Transmitted under Rule 8010(b). On 06/18/2024, the appeal was transmitted to the U.S. District Court, assigned Judge Keith P Ellison, Civil Action 24cv1746. All appellate filings must now be made in the United States District Court with the civil action caption |

| | | |
|---|---|---|
| | | and case number. (Related document(s):287 Notice of Appeal, 296 Notice of Appeal) (hl4) (Entered: 06/18/2024) |
| 06/18/2024 | 546 (15 pgs; 7 docs) | Exhibit List (Filed By 2425 WL, LLC ).(Related document(s):517 Exhibit List) (Attachments: # 1 Exhibit 96 # 2 Exhibit 97 # 3 Exhibit 98 # 4 Exhibit 99 # 5 Exhibit 100 # 6 Exhibit 101) (Burks, H.) (Entered: 06/18/2024) |
| 06/18/2024 | 547 (2 pgs) | Notice *of Withdrawal of Objection of Certain Taxing Authorities to Chapter 11 Plan of Liquidation of NBK*. (Related document(s):194 Chapter 11 Plan, 286 Objection to Confirmation of the Plan, 528 Notice) Filed by City of Houston, Houston Community College System, Houston ISD (Andresen, Jeannie) (Entered: 06/18/2024) |
| 06/19/2024 | 548 (93 pgs; 4 docs) | Exhibit List, Witness List (Filed By Jetall Companies, Inc. ). (Attachments: # 1 Exhibit Exhibit 94 # 2 Exhibit Exhibit 95 # 3 Exhibit Exhibit 96) (MacGeorge, Jennifer) (Entered: 06/19/2024) |
| 06/19/2024 | 549 | Courtroom Minutes. Time Hearing Held: 9:00. Appearances: Andrew Troop, Patrick Fitzmaurice, Charles Conrad and Kwame Akuffo for National Bank of Kuwait, Reese Baker for the Debtor, RJ Shannon for the Trustee, Gray Burks and Stephen Sather for 2425WL,Jana Whitworth for the US Trustee. (Related document(s):194 Chapter 11 Plan) Confirmation hearing held. Rule invoked. Parties stipulate to the admission of exhibits at ECF No. 501-1 thru 501-22, 499-1 thru 499-10, 499-12, 499-34, 546-1 thru 546-6. Ali Choudhri made an oral motion to continue hearing. Motion denied. Opening statements made. Michael Carter sworn. Direct and cross examination by counsel. ECF No. 508-7 admitted. The Court takes Judicial Notice of the proposed plan and the Claims Register. Chris Murray sworn. Direct and cross examination by counsel. ECF No. 428 was admitted. NBK rest. Allen Hollimon sworn. Direct and cross examination by counsel. Ali Choudhri sworn. Direct and cross examination by counsel. 2425 WL rest. Closing arguments. Matter taken under advisement. (trc4) (Entered: 06/19/2024) |
| 06/19/2024 | 550 (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):387 Notice of Appeal)., Statement of Issues on Appeal (related document(s):387 Notice of Appeal). (Wilson, Broocks) (Entered: 06/19/2024) |
| 06/19/2024 | 551 (5 pgs) | BNC Certificate of Mailing. (Related document(s):533 Order on Emergency Motion) No. of Notices: 8. Notice Date 06/19/2024. (Admin.) (Entered: 06/19/2024) |
| 06/20/2024 | 554 (2 pgs) | Order Regarding Emergency Motion for Protective Order Signed on 6/20/2024 (Related document(s):467 Emergency Motion) (mar4) (Entered: 06/20/2024) |
| 06/20/2024 | 555 (227 pgs; 2 docs) | Transcript RE: trial held on 1/31/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 09/18/2024. (VeritextLegalSolutions) (Entered: 06/20/2024) |

| | | |
|---|---|---|
| 06/20/2024 | 🔵 556<br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):535 Generic Order) No. of Notices: 8. Notice Date 06/20/2024. (Admin.) (Entered: 06/20/2024) |
| 06/20/2024 | 🔵 557<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):543 Scheduling Order) No. of Notices: 8. Notice Date 06/20/2024. (Admin.) (Entered: 06/20/2024) |
| 06/20/2024 | 🔵 558<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):542 Order on Motion to Seal) No. of Notices: 1. Notice Date 06/20/2024. (Admin.) (Entered: 06/20/2024) |
| 06/21/2024 | 🔵 559<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudhri. This is to order a transcript of 6/19/24 Plan confirmation before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Galleria 2425 Owner, LLC ). (cmk4) Transcript request electronically forwarded to Veritext Legal Solutions on 6/21/2024. Estimated completion date: 6/22/2024. Modified on 6/21/2024 (AaronJackson). (Entered: 06/21/2024) |
| 06/21/2024 | 🔵 560<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Expedited (7 days)) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of proceeding held June 19, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Transcript request electronically forwarded to Veritext Legal Solutions on 6/21/2024. Estimated completion date: 6/28/2024. Modified on 6/21/2024 (AaronJackson). (Entered: 06/21/2024) |
| 06/21/2024 | 🔵 561<br>(5 pgs) | Notice *of Successful Bidder, Backup Bidder, and Sale Hearing*. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 264 Notice, 265 Notice) Filed by Christopher R Murray (Shannon, R. J.) (Entered: 06/21/2024) |
| 06/21/2024 | 🔵 562<br>(10 pgs; 4 docs) | Motion *of Debtor for Enforcement of Agreement with Hattie Kurth Parker* Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 8/7/2024 at 01:30 PM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Exhibit Proposed order on May 21, 2024 # 3 Exhibit Mailing matrix) (Baker, Reese) (Entered: 06/21/2024) |
| 06/21/2024 | 🔵 563<br>(1 pg) | Notice *of Withdrawal of Motion at docket 562 - filed in incorrect case*. (Related document(s):562 Generic Motion) Filed by Galleria 2425 Owner, LLC (Baker, Reese) (Entered: 06/21/2024) |
| 06/21/2024 | 🔵 564<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudhri. This is to order a transcript of Plan Confirmation 6/19/24 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: GLR Transcribing Services (Filed By Galleria 2425 Owner, LLC ). (cmk4) (Entered: 06/21/2024) |
| 06/22/2024 | 🔵 565<br>(18 pgs) | Memorandum Opinion of Bankruptcy Judge Signed on 6/22/2024 (Related document(s):194 Chapter 11 Plan) (trc4) (Entered: 06/22/2024) |

| | | |
|---|---|---|
| 06/22/2024 | 🌐 566<br>(41 pgs) | Order Confirming Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait, S.A.K.P New York Branch Signed on 6/22/2024 (Related document(s):194 Chapter 11 Plan) (trc4) (Entered: 06/22/2024) |
| 06/22/2024 | 🌐 567<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):554 Generic Order) No. of Notices: 8. Notice Date 06/22/2024. (Admin.) (Entered: 06/22/2024) |
| 06/23/2024 | 🌐 568<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):555 Transcript) No. of Notices: 8. Notice Date 06/23/2024. (Admin.) (Entered: 06/23/2024) |
| 06/24/2024 | 🌐 569<br>(12 pgs) | Operating Report for Filing Period May 2024, $65702.46 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 06/24/2024) |
| 06/25/2024 | 🌐 570<br>(270 pgs; 2 docs) | Transcript RE: held on 06/19/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 09/23/2024. (VeritextLegalSolutions) (Entered: 06/25/2024) |
| 06/26/2024 | 🌐 571<br>(12 pgs) | Notice *of Rule 2004 Examination of St. Christopher Holdings Ltd*. Filed by Christopher R Murray (Shannon, R. J.) (Entered: 06/26/2024) |
| 06/26/2024 | 🌐 572<br>(46 pgs) | BNC Certificate of Mailing. (Related document(s):566 Order Confirming Chapter 11 Plan) No. of Notices: 42. Notice Date 06/26/2024. (Admin.) (Entered: 06/26/2024) |
| 06/26/2024 | 🌐 573<br>(22 pgs) | BNC Certificate of Mailing. (Related document(s):565 Opinion) No. of Notices: 8. Notice Date 06/26/2024. (Admin.) (Entered: 06/26/2024) |
| 06/27/2024 | 🌐 574<br>(15 pgs; 3 docs) | Response (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):352 Generic Motion, 534 Objection) (Attachments: # 1 Proposed Order # 2 Service List) (Troop, Andrew) (Entered: 06/27/2024) |
| 06/28/2024 | 🌐 575<br>(21 pgs; 3 docs) | Application for Compensation *and Reimbursement of Fees and Expenses Pursuant to 11 U.S.C. § 506(b) and Fed.R.Bkr.P. 2016(a)* for Howard Marc Spector, Creditor's Attorney, Period: 12/22/2023 to 6/27/2024, Fee: $13702.50, Expenses: $66.87. Objections/Request for Hearing Due in 21 days. Filed by Attorney Howard Marc Spector Hearing scheduled for 7/24/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit A - Invoices # 2 Proposed Order) (Spector, Howard) (Entered: 06/28/2024) |
| 06/28/2024 | 🌐 576<br>(5 pgs) | Notice *of Hearing*. (Related document(s):575 Application for Compensation) Filed by CC2 TX, LLC (Spector, Howard) (Entered: 06/28/2024) |
| 06/28/2024 | 🌐 577<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):570 Transcript) No. of Notices: 8. Notice Date 06/28/2024. (Admin.) (Entered: 06/28/2024) |

| 07/01/2024 | 578 | Courtroom Minutes. Time Hearing Held: 9:00. Appearances: RJ Shannon for the Trustee, and Charles Conrad for NBK. (Related document(s):352 Motion For Authority to Pursue Claims) No appearance by or for the movant. For the reasons stated on the record, relief requested is denied. (trc4) (Entered: 07/01/2024) |
|---|---|---|
| 07/01/2024 | 579 (1 pg) | Order Denying Motion (Related Doc # 352) Signed on 7/1/2024. (mar4) (Entered: 07/01/2024) |
| 07/01/2024 | 580 (1 pg) | PDF with attached Audio File. Court Date & Time [ 7/1/2024 8:59:46 AM ]. File Size [ 1984 KB ]. Run Time [ 00:04:08 ]. (admin). (Entered: 07/01/2024) |
| 07/01/2024 | 581 (1 pg) | Order Granting Motion To Withdraw As Attorney. (Related Doc # 420) Signed on 7/1/2024. (mar4) (Entered: 07/01/2024) |
| 07/01/2024 | 582 (8 pgs) | Response - *Limited Objection and Reservation of Rights to Contract and Cure Schedule and the Potential Assumption and Assignment of Unexpired Leases and Contracts in Connection with Sale* -. Filed by RGN-MCA Houston LIII, LLC, RGN-MCA Houston LII, LLC (Shriro, Michelle) (Entered: 07/01/2024) |
| 07/01/2024 | 583 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (14-Day) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of proceeding held July 1, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Transcript request electronically forwarded to Veritext Legal Solutions on 7/2/2024. Estimated completion date: 7/16/2024. Modified on 7/2/2024 (AaronJackson). (Entered: 07/01/2024) |
| 07/01/2024 | 584 (6 pgs) | Objection *and Reservation of Rights*. Filed by 2425 West Loop, LLC (MacNaughton, James) (Entered: 07/01/2024) |
| 07/01/2024 | 585 (2 pgs; 2 docs) | Motion to Amend (related document(s):535 Generic Order). Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 07/01/2024) |
| 07/02/2024 | 586 (8 pgs; 2 docs) | Amended Motion to Amend (related document(s):535 Generic Order). Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 07/02/2024) |
| 07/02/2024 | 587 (2 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal (related document(s):387 Notice of Appeal). (Sather, Stephen) (Entered: 07/02/2024) |
| 07/03/2024 | 588 (3 pgs) | Order Granting Motion To Amend in Part (Related Doc # 586) Signed on 7/3/2024. (mar4) (Entered: 07/03/2024) |
| 07/03/2024 | 589 (2 pgs) | Witness List, Exhibit List (Filed By QB Loop Property LP ). (Mayer, Simon) (Entered: 07/03/2024) |
| 07/03/2024 | 590 (582 pgs; 31 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 561 Notice) (Attachments: # 1 Exhibit 1 - Bid Procedures |

| | | |
|---|---|---|
| | | Motion 188 # 2 Exhibit 2 - Notice of Proposed Stalking Horse Agreement 197 # 3 Exhibit 3 - Notice of Bid Deadline and Auction in Connection with the Sale of Property 264 # 4 Exhibit 4 - Notice of Bid Procedures 265 # 5 Exhibit 5 - Certificate of Service Regarding Sale Documents (May 2, 2024) # 6 Exhibit 6 - Email Serving Sale Process Documents (May 2, 2024) # 7 Exhibit 7 - Certificate of Service Regarding Sale Documents (May 11, 2024) # 8 Exhibit 8 - Email Serving Sale Process Documents (May 11, 2024) # 9 Exhibit 9 - Houston Chronicle Affidavit of Publication # 10 Exhibit 10 - Houston Chronicle Publication # 11 Exhibit 11 - Certificate of Service Regarding Assumption & Assignment Notice, Contract & Cure Schedule, and Notice of Plans of Reorganization 438 # 12 Exhibit 12 - Signature Sheet re Hand Delivery of Assumption & Assignment Notice, Contract & Cure Schedule, and Notice of Plans of Reorganization # 13 Exhibit 13 - Special Warranty Deed to Debtor # 14 Exhibit 14 - Debtor's Schedules and SOFA 70 # 15 Exhibit 15 - Example Hilco Advertisements re Sale of Property # 16 Exhibit 16 - Screenshot of Property Webpage # 17 Exhibit 17 - Screenshot of LoopNet Property Webpage # 18 Exhibit 18 - Screenshot of CREXi Property Webpage # 19 Exhibit 19 - Hilco Brochure re Property # 20 Exhibit 20 - Images of Signage at Property # 21 Exhibit 21 - QB Loop Property LP Bid Package (Financial Information Redacted) # 22 Exhibit 22 - Notice of Auction # 23 Exhibit 23 - Auction Procedures # 24 Exhibit 24 - Transcript of Auction # 25 Exhibit 25 - Redline of QP Loop Property LP APA (subject to final execution) to Stalking Horse APA # 26 Exhibit 26 - Email re Houston Taxing Authorities Payoff Amount # 27 Exhibit 27 - Email re Harris County Taxing Authorities Payoff Amount # 28 Exhibit 28 - Proof of Claim No. 12 (CC2 TX, LLC) # 29 Exhibit 29 - Calculation of CC2 TX, LLC Payoff Amount # 30 Exhibit 30 - Confirmation Order 566) (Shannon, R. J.) (Entered: 07/03/2024) |
| 07/03/2024 | 🌐 591 (6 pgs; 2 docs) | Response (related document(s):403 Objection to Claim). (Attachments: # 1 Proposed Order) (Burks, H.) (Entered: 07/03/2024) |
| 07/03/2024 | 🌐 592 (6 pgs; 2 docs) | Response (related document(s):403 Objection to Claim). (Attachments: # 1 Proposed Order) (Burks, H.) (Entered: 07/03/2024) |
| 07/03/2024 | 🌐 593 (6 pgs; 2 docs) | Response (related document(s):404 Objection to Claim). (Attachments: # 1 Proposed Order) (Burks, H.) (Entered: 07/03/2024) |
| 07/03/2024 | 🌐 594 (5 pgs; 2 docs) | Response (related document(s):404 Objection to Claim). (Attachments: # 1 Proposed Order) (Burks, H.) (Entered: 07/03/2024) |
| 07/03/2024 | 🌐 595 (5 pgs; 2 docs) | Response (related document(s):402 Objection to Claim). (Attachments: # 1 Proposed Order) (Burks, H.) (Entered: 07/03/2024) |
| 07/03/2024 | 🌐 596 (5 pgs) | BNC Certificate of Mailing. (Related document(s):579 Generic Order) No. of Notices: 8. Notice Date 07/03/2024. (Admin.) (Entered: 07/03/2024) |
| 07/03/2024 | 🌐 597 (5 pgs) | BNC Certificate of Mailing. (Related document(s):581 Order on Motion to Withdraw as Attorney) No. of Notices: 8. Notice Date 07/03/2024. (Admin.) (Entered: 07/03/2024) |
| 07/05/2024 | 🌐 598 (3 pgs) | Witness List (Filed By Sonder USA Inc. ).(Related document(s):115 Motion for Relief From Stay) (Wilson, Broocks) (Entered: 07/05/2024) |

| | | |
|---|---|---|
| 07/05/2024 | 🌐599<br>(83 pgs; 4 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 561 Notice) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Troop, Andrew) (Entered: 07/05/2024) |
| 07/05/2024 | 🌐600<br>(4 pgs) | Disclosure of Compensation of Attorney for Debtor (Filed By Galleria 2425 Owner, LLC ). (Baker, Reese) (Entered: 07/05/2024) |
| 07/05/2024 | 🌐601<br>(90 pgs; 6 docs) | Exhibit List (Filed By Christopher R Murray ).(Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 561 Notice, 590 Witness List, Exhibit List) (Attachments: # 1 Exhibit 31 - Murray Declaration # 2 Exhibit 32 - Azuse Declaration # 3 Exhibit 33 - Branch-Muhammad Declaration # 4 Exhibit 34 - Revised Calculation of CC2 TX, LLC Payoff Amount # 5 Exhibit 35 - Form of Sale Order (Version with Executed APA attached to be filed prior to Hearing)) (Shannon, R. J.) (Entered: 07/05/2024) |
| 07/05/2024 | 🌐602<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):588 Order on Motion to Amend) No. of Notices: 9. Notice Date 07/05/2024. (Admin.) (Entered: 07/05/2024) |
| 07/06/2024 | 🌐603<br>(47 pgs; 2 docs) | Notice of Appeal filed. (related document(s):566 Order Confirming Chapter 11 Plan). Fee Amount $298. Appellant Designation due by 07/22/2024. (Attachments: # 1 Exhibit 1) (Burks, H.) (Entered: 07/06/2024) |
| 07/07/2024 | 🌐604<br>(1 pg) | Hybrid Hearing Order Signed on 7/7/2024 (Related document(s):1 Voluntary Petition (Chapter 11)) (mar4) (Entered: 07/07/2024) |
| 07/07/2024 | 🌐605<br>(114 pgs; 3 docs) | Notice *of Proposed Sale Order*. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 266 Notice, 561 Notice) Filed by Christopher R Murray (Attachments: # 1 Exhibit 1 - Proposed Sale Order # 2 Exhibit 2 - Redline to July 5 Draft Sale Order) (Shannon, R. J.) (Entered: 07/07/2024) |
| 07/08/2024 | 🌐606<br>(78 pgs; 3 docs) | Notice *of Revised Proposed Order*. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b), 266 Notice, 561 Notice, 605 Notice) Filed by Christopher R Murray (Attachments: # 1 Exhibit 1 - Revised Proposed Order # 2 Exhibit 2 - Redline of Changes to Proposed Order) (Shannon, R. J.) (Entered: 07/08/2024) |
| 07/08/2024 | 🌐607 | Courtroom Minutes. Time Hearing Held: 9:30 and 2:00. Appearances: RJ Shannon for the Trustee, Mack Wilson for Saunders USA, Andrew Troop and Patrick Fitzmaurice for National Bank of Kuwait, Michelle Shriro for RGN-MCA Houston, Simon Mayer for QB Loop, Robert MacNaughton and Stephen Sather for 2425WL LLC, Reese Baker for the Debtor. (Related document(s):254 Order on Motion for Sale of Property under Section 363(b)) Proposed order filed at docket [606-1]. No opposition to proposed order. The Court will sign and enter the order. (trc4) (Entered: 07/08/2024) |
| 07/08/2024 | 🌐608<br>(72 pgs) | Order (A) Approving Asset Purchase Agreement Between the Trustee and QB Loop Property LP; (B) Approving the Sale of the Property Free and Clear of All Liens, Claims, Encumbrances, and Other Interests; (C) Approving Assumption and Assignment of Executory Contracts and Leases; (D) Determining the Amounts Necessary to Cure Such Executory Contracts and Unexpired Leases; and (E) Granting Related |

| | | |
|---|---|---|
| | | Relief Signed on 7/8/2024 (Related document(s):188 Motion for Sale of Property) (trc4) (Entered: 07/08/2024) |
| 07/09/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25411562. Fee amount $ 298.00. (U.S. Treasury) (Entered: 07/09/2024) |
| 07/09/2024 | 609 (1 pg) | Notice *of Withdrawal*. (Related document(s):115 Motion for Relief From Stay) Filed by Sonder USA Inc. (Wilson, Broocks) (Entered: 07/09/2024) |
| 07/09/2024 | 610 (1 pg) | Amended Notice *of Withdrawal*. (Related document(s):115 Motion for Relief From Stay, 609 Notice) Filed by Sonder USA Inc. (Wilson, Broocks) (Entered: 07/09/2024) |
| 07/09/2024 | 611 (2 pgs) | Amended Notice *of Withdrawal*. (Related document(s):115 Motion for Relief From Stay, 609 Notice, 610 Notice) Filed by Sonder USA Inc. (Wilson, Broocks) (Entered: 07/09/2024) |
| 07/09/2024 | 612 (16 pgs; 3 docs) | Response (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):430 Response) (Attachments: # 1 Proposed Order # 2 Service List) (Troop, Andrew) (Entered: 07/09/2024) |
| 07/10/2024 | 613 (7 pgs; 2 docs) | **Withdrawn at DKT 691** Motion *for Entry of an Order Approving the Assumption and Assignment of Additional Leases Pursuant to the Sale Order* Filed by Interested Party QB Loop Property LP Hearing scheduled for 8/14/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Mayer, Simon) Modified on 9/3/2024 (TraceyConrad). (Entered: 07/10/2024) |
| 07/10/2024 | 614 (4 pgs; 2 docs) | Ex Parte Motion for Expedited Consideration (related document(s):613 Generic Motion). Filed by Interested Party QB Loop Property LP (Attachments: # 1 Proposed Order) (Mayer, Simon) (Entered: 07/10/2024) |
| 07/10/2024 | 615 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (14-Day) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of proceeding held July 8, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Electronically forwarded to Veritext Legal Solutions on 8/1/2024. Estimated completion date: 8/15/2024. Modified on 8/1/2024 (CSRodriguez). (Entered: 07/10/2024) |
| 07/10/2024 | 616 (1 pg) | Order Granting Motion to Expedite and Setting Hearing Signed on 7/10/2024 (Related document(s):613 Generic Motion) **Hearing scheduled for 8/7/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** (mar4) (Entered: 07/10/2024) |
| 07/10/2024 | 617 (5 pgs) | BNC Certificate of Mailing. (Related document(s):604 Generic Order) No. of Notices: 10. Notice Date 07/10/2024. (Admin.) (Entered: 07/10/2024) |

| 07/10/2024 | 618 (76 pgs) | BNC Certificate of Mailing. (Related document(s):608 Generic Order) No. of Notices: 10. Notice Date 07/10/2024. (Admin.) (Entered: 07/10/2024) |
|---|---|---|
| 07/11/2024 | 619 | Election to Appeal to District Court . (hl4) (Entered: 07/11/2024) |
| 07/11/2024 | 620 (5 pgs) | Certificate *of Service* (Filed By QB Loop Property LP ).(Related document(s):613 Generic Motion) (Mayer, Simon) (Entered: 07/11/2024) |
| 07/11/2024 | 621 (5 pgs) | Certificate *of Service* (Filed By QB Loop Property LP ).(Related document(s):616 Order Setting Hearing) (Mayer, Simon) (Entered: 07/11/2024) |
| 07/11/2024 | 622 (1 pg) | Clerk's Notice of Filing of an Appeal. On 07/06/2024, 2425 WL, LLC filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 24-cv-02590. Parties notified (Related document(s):603 Notice of Appeal) (hl4) (Entered: 07/11/2024) |
| 07/12/2024 | 623 (1 pg) | Notice of Deficiency Regarding a Bankruptcy Appeal (Related document(s):423 Notice of Appeal) (hl4) (Entered: 07/12/2024) |
| 07/12/2024 | 624 (67 pgs; 5 docs) | Interim Application for Compensation *(First)* for Shannon & Lee LLP, Attorney, Period: 2/9/2024 to 6/30/2024, Fee: $519,400.00, Expenses: $10,579.56. Objections/Request for Hearing Due in 21 days. Filed by Attorneys R. J. Shannon, Shannon & Lee LLP Hearing scheduled for 8/14/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Exhibit A - Shannon & Lee LLP First Interim Fee Statement # 3 Exhibit B - Summary of Fees by Project Category # 4 Exhibit C - Invoices/Account Statements Reflecting Reimbursable Expenses) (Shannon, R. J.) (Entered: 07/12/2024) |
| 07/13/2024 | 625 (5 pgs) | BNC Certificate of Mailing. (Related document(s):616 Order Setting Hearing) No. of Notices: 10. Notice Date 07/13/2024. (Admin.) (Entered: 07/13/2024) |
| 07/13/2024 | 626 (5 pgs) | BNC Certificate of Mailing. (Related document(s):622 Clerk's Notice of Filing of an Appeal) No. of Notices: 10. Notice Date 07/13/2024. (Admin.) (Entered: 07/13/2024) |
| 07/15/2024 | 627 (2 pgs) | Order Granting Motion to Dismiss Amended Complaint (Related Doc # 21) Signed on 7/15/2024. (trc4) (Entered: 07/15/2024) |
| 07/16/2024 | 628 (7 pgs; 2 docs) | Transcript RE: trial held on 7/1/24 before Judge Jeffrey P. Norman. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 10/15/2024. (VeritextLegalSolutions) (Entered: 07/16/2024) |
| 07/17/2024 | 629 (33 pgs; 4 docs) | Application to Employ Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC as Special Insurance Recovery Counsel. Objections/Request for Hearing Due in 21 days. Filed by Trustee Christopher R Murray Hearing scheduled for 8/21/2024 at 11:00 |

| | | |
|---|---|---|
| | | AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit A - Engagement Agreement # 2 Exhibit B - Weinstock Declaration # 3 Proposed Order) (Shannon, R. J.) (Entered: 07/17/2024) |
| 07/19/2024 | 🌐 630<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):628 Transcript) No. of Notices: 11. Notice Date 07/19/2024. (Admin.) (Entered: 07/19/2024) |
| 07/20/2024 | 🌐 631<br>(13 pgs) | Operating Report for Filing Period June 2024, $75,644.86 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 07/20/2024) |
| 07/20/2024 | 🌐 632<br>(31 pgs) | Reply (related document(s):402 Objection to Claim, 403 Objection to Claim, 404 Objection to Claim, 591 Response, 592 Response, 593 Response, 594 Response, 595 Response). (Shannon, R. J.) (Entered: 07/20/2024) |
| 07/22/2024 | 🌐 633<br>(827 pgs; 34 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):402 Objection to Claim, 403 Objection to Claim, 404 Objection to Claim) (Attachments: # 1 Exhibit 1 - Proof of Claim No. 7 (Amended) # 2 Exhibit 2 - CFPB Appendix A to Part 1024 # 3 Exhibit 3 - 2021 Complaint against NBK # 4 Exhibit 4 - Loan Agreement between Debtor and NBK # 5 Exhibit 5 - Note Issued by Debtor to NBK # 6 Exhibit 6 - Deed of Trust Granted by Debtor to NBK # 7 Exhibit 7 - Assignment of Leases and Rents Debtor to NBK # 8 Exhibit 8 - Sworn Document Authorizing Transfer of Tax Lien # 9 Exhibit 9 - Tax Lien Contract # 10 Exhibit 10 - Debtor Corporate Org Chart # 11 Exhibit 11 - Debtor's Application for Registration as a Foreign LLC # 12 Exhibit 12 - Galleria 2425 JV, LLC Company Agreement dated 5/23/2018 # 13 Exhibit 13 - Galleria 2425 JV, LLC Application for Registration as a Foreign LLC # 14 Exhibit 14 - Galleria 2425 JV, LLC Unanimous Consent of Members 2021 # 15 Exhibit 15 - Notice of Deposition and Subpoena DT # 16 Exhibit 16 - Deposition Subpoena # 17 Exhibit 17 - Document Subpoena # 18 Exhibit 18 - June 7, 2024 Emails re Discovery # 19 Exhibit 19 - Notice of Appearance of Mark Smith # 20 Exhibit 20 - June 26, 2024, Emails re Discovery # 21 Exhibit 21 - July 16, 2024, Email re Discovery # 22 Exhibit 22 - Proof of Claim No. 21 # 23 Exhibit 23 - Assignment of Tax Liens # 24 Exhibit 24 - Plaintiff's Third Amended Complaint in AP No. 24-03120 # 25 Exhibit 25 - Proof of Claim No. 22 # 26 Exhibit 26 - Confidential Settlement Agreement # 27 Exhibit 27 - Ali Choudhri Net Worth Affidavit # 28 Exhibit 28 - Proof of Claim No. 23 # 29 Exhibit 30 - Lease and Amendments with Jetall Comanies, Inc. # 30 Exhibit 30 - Debtor's Schedules and SOFA # 31 Exhibit 31 - Proof of Claim No. 24 # 32 Exhibit 32 - Hearing Transcript 1.31.24 # 33 Exhibit 33 - Internal Notes of NBK on Loan) (Shannon, R. J.) (Entered: 07/22/2024) |
| 07/22/2024 | 🌐 634<br>(2 pgs) | Proposed Order RE: *Agreed Order on Trustee's Objection to Claim No. 21 of Ali Choudhri (Tax Liens)* (Filed By Ali Choudhri ).(Related document(s):403 Objection to Claim) (Burks, H.) (Entered: 07/22/2024) |
| 07/22/2024 | 🌐 635<br>(158 pgs; 13 docs) | Witness List, Exhibit List (Filed By 2425 WL, LLC ).(Related document(s):595 Response) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12) (Burks, H.) (Entered: 07/22/2024) |
| 07/22/2024 | 🌐 636<br>(410 pgs; 11 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):402 Objection to Claim, 403 |

| | | |
|---|---|---|
| | | Objection to Claim, 404 Objection to Claim, 575 Application for Compensation) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10) (Troop, Andrew) (Entered: 07/22/2024) |
| 07/22/2024 | 637 (198 pgs; 14 docs) | Witness List, Exhibit List (Filed By 2425 WL, LLC ).(Related document(s):635 Witness List, Exhibit List) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13) (Burks, H.) (Entered: 07/22/2024) |
| 07/22/2024 | 638 (9 pgs; 3 docs) | Witness List, Exhibit List (Filed By Ali Choudhri ).(Related document(s):592 Response) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Burks, H.) (Entered: 07/22/2024) |
| 07/22/2024 | 639 (3 pgs) | Response (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):634 Proposed Order) (Troop, Andrew) (Entered: 07/22/2024) |
| 07/22/2024 | 640 (2 pgs) | Agreed Order on Trustee's Claim Objection No. 21 of Ali Choudhri (Tax Liens) Signed on 7/22/2024 (Related document(s):403 Objection to Claim) (trc4) (Entered: 07/22/2024) |
| 07/23/2024 | 641 (29 pgs; 5 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):402 Objection to Claim, 403 Objection to Claim, 404 Objection to Claim, 633 Witness List, Exhibit List) (Attachments: # 1 Exhibit 34 -Choudhri Intervening Petition # 2 Exhibit 35 - HCDC Order requiring Bond and Payments # 3 Exhibit 36 - HCDC Certificate of Cash in Lieu of Bond ($400k) # 4 Exhibit 37 - HCDC Certificate of Cash in Lieu of Bond ($80k)) (Shannon, R. J.) (Entered: 07/23/2024) |
| 07/23/2024 | 642 (2 pgs) | Order Granting Application For Compensation (Related Doc # 575). Granting for CC2 TX, LLC, fees awarded: $13702.50, expenses awarded: $66.87 Signed on 7/23/2024. (trc4) (Entered: 07/23/2024) |
| 07/23/2024 | 643 (9 pgs; 3 docs) | Motion for Ex Parte Relief Filed by Creditors 2425 WL, LLC, Ali Choudhri, Jetall Capital, LLC (Attachments: # 1 Affidavit # 2 Proposed Order) (Burks, H.) (Entered: 07/23/2024) |
| 07/24/2024 | 644 | Courtroom Minutes. Time Hearing Held: 11:00. Appearances: RJ Shannon for the Trustee, Gray Burks for Galleria 2425 WL, et al.. (Related document(s):402 Objection to Claim, 403 Objection to Claim, 404 Objection to Claim) Motion for Ex Parte Relief/Continue Hearings filed by 2425WL, LLC et al at docket 643. Arguments heard. **Hearings continued to 9/6/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 07/24/2024) |
| 07/24/2024 | 645 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (14-Day) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of proceeding on July 24, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Electronically Forwarded to Veritext Legal Solutions on 7/29/2024. Estimated Date of Completion: 8/12/2024. Modified on 7/29/2024 (BrandisIsom). (Entered: 07/24/2024) |

| | | |
|---|---|---|
| 07/25/2024 | **646**<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):642 Order on Application for Compensation) No. of Notices: 11. Notice Date 07/25/2024. (Admin.) (Entered: 07/25/2024) |
| 07/25/2024 | **647**<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):640 Order on Claim Objection) No. of Notices: 12. Notice Date 07/25/2024. (Admin.) (Entered: 07/25/2024) |
| 07/25/2024 | **648**<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (14-Day) by Charles Conrad. This is to order a transcript of Proceedings held on 7/8/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions. (mew4) This is a duplicate of docket entry 615. {Modified on 8/1/2024 (CSRodriguez). (Entered: 07/31/2024) |
| 08/01/2024 | **649**<br>(8 pgs; 2 docs) | Objection *to QB Loop's Property LP's Motion for Entry of an Order Approving the Assumption and Assignment of Additional Leases Pursuant to the Sale Order* (related document(s):613 Generic Motion). Filed by Christopher R Murray (Attachments: # 1 Proposed Order) (Shannon, R. J.) (Entered: 08/01/2024) |
| 08/02/2024 | **650**<br>(6 pgs; 2 docs) | Response (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):613 Generic Motion, 649 Objection) (Attachments: # 1 Proposed Order) (Troop, Andrew) (Entered: 08/02/2024) |
| 08/05/2024 | **651**<br>(354 pgs; 11 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):613 Generic Motion) (Attachments: # 1 Exhibit 1 - Sale Order # 2 Exhibit 2 - Bid Procedures Order # 3 Exhibit 3 - Trustee's Complaint Against Jetall # 4 Exhibit 4 - Jetall's Answer to Trustee's Complaint # 5 Exhibit 5 - Proof of Claim No. 20 # 6 Exhibit 6 - Proof of Claim No. 23 # 7 Exhibit 7 - Proof of Claim No. 24 # 8 Exhibit 8 - 2425 West Loop (Metwell) Limited Objection # 9 Exhibit 9 - 07/30/24 Letter from QB Loop # 10 Exhibit 10 - 8/1/24 Response Letter from Trustee) (Shannon, R. J.) (Entered: 08/05/2024) |
| 08/05/2024 | **652**<br>(3 pgs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):613 Generic Motion) (Conrad, Charles) (Entered: 08/05/2024) |
| 08/05/2024 | **653**<br>(83 pgs; 4 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):613 Generic Motion, 652 Witness List, Exhibit List) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Conrad, Charles) (Entered: 08/05/2024) |
| 08/06/2024 | **654**<br>(116 pgs; 3 docs) | Witness List, Exhibit List (Filed By QB Loop Property LP ).(Related document(s):613 Generic Motion) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Mayer, Simon) (Entered: 08/06/2024) |
| 08/06/2024 | **655**<br>(35 pgs; 7 docs) | Application for Administrative Expenses . Objections/Request for Hearing Due in 21 days. Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 9/4/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Judge Norman Summary Form # 3 Exhibit B # 4 Time Records # 5 Mailing Matrix # 6 Experience List) (Baker, Reese) (Entered: 08/06/2024) |

| | | |
|---|---|---|
| 08/06/2024 | 🔵 656<br>(4 pgs; 2 docs) | Certificate *of Service* (Filed By Galleria 2425 Owner, LLC ).(Related document(s):655 Application for Administrative Expenses) (Attachments: # 1 Mailing Matrix) (Baker, Reese) (Entered: 08/06/2024) |
| 08/07/2024 | ⚪ 657 | Courtroom Minutes. Time Hearing Held: 11:00. Appearances: Simon Mayer for QB Loop, Robert MacNaughton for 2424 West Loop, RJ Shannon for the Trustee, Patrick Fitzmaurice and Charles Conrad for National Bank of Kuwait, Gray Burks for Jetall Companies. (Related document(s):613 Motion For Entry of Order) Mr Simon gave the Court a brief status update on the pending purchase of the property. Parties have not reached an agreement. Movant requested a continuance. No objections to continuing the hearing. **Hearing rescheduled for 9/4/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 08/07/2024) |
| 08/09/2024 | 🔵 658<br>(5 pgs) | Notice *of Failure to Close under Successful Bid*. (Related document(s):608 Generic Order) Filed by Christopher R Murray (Shannon, R. J.) (Entered: 08/09/2024) |
| 08/09/2024 | 🔵 659<br>(7 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):603 Notice of Appeal)., Statement of Issues on Appeal (related document(s):603 Notice of Appeal). (Burks, H.) (Entered: 08/09/2024) |
| 08/12/2024 | 🔵 660<br>(62 pgs; 14 docs) | Witness List, Exhibit List (Filed By Shannon & Lee LLP ).(Related document(s):624 Application for Compensation) (Attachments: # 1 Exhibit 1 - Order Approving Employment 125 # 2 Exhibit 2 - Engagement Letter [120-1] # 3 Exhibit 3 - S&L Fee Statement through 6.20.24 # 4 Exhibit 4 - K. Lee CV # 5 Exhibit 5 - R. Shannon CV # 6 Exhibit 6 - Account Statement re Service Expense # 7 Exhibit 7 - Receipt re Delaware UCC-1 Search # 8 Exhibit 8 - Receipt re Publication Notice of Sale # 9 Exhibit 9 - Receipt of Attempted Service on Debtor # 10 Exhibit 10 - Receipt of Attempted Service on 2425 WL LLC # 11 Exhibit 11 - Receipt of Attempted Service on A. Choudhri # 12 Exhibit 12 - Receipt for Transcript of Dep of NBK # 13 Exhibit 13 - Receipt re Transcript of Auction) (Shannon, R. J.) (Entered: 08/12/2024) |
| 08/12/2024 | ⚪ 661<br>(3 pgs) | Order Granting in part, Denying in part Application For Compensation (Related Doc # 624). Granting in part, Denying in part for Shannon & Lee LLP, fees awarded: $454170.00, expenses awarded: $10579.56 Signed on 8/12/2024. (trc4) (Entered: 08/12/2024) |
| 08/12/2024 | ⚪ 662<br>(13 pgs; 2 docs) | Transcript RE: trial held on 7/24/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 11/12/2024. (VeritextLegalSolutions) (Entered: 08/12/2024) |
| 08/13/2024 | ⚪ 663<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (14-Day) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of proceeding held August 7, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Electronically forwarded to Veritext Legal Solutions on |

| | | 8/14/2024. Estimated date of completion 8/15/24. (RebeccaBecknal). (Entered: 08/13/2024) |
|---|---|---|
| 08/14/2024 | [664](1 pg) | SUPPLEMENTAL Record Transmitted under Rule 8010(b). On 5/6/2024, 5/8/2024, the appeal was transmitted to the U.S. District Court, assigned Judge Keith P Ellison, Civil Action 4:24cv1746. All appellate filings must now be made in the United States District Court with the civil action caption and case number. (Related document(s):[287](Notice of Appeal, 297 Election to Appeal) (bwl4) (Entered: 08/14/2024) |
| 08/14/2024 | [665](7 pgs) | BNC Certificate of Mailing. (Related document(s):[661](Order on Application for Compensation) No. of Notices: 11. Notice Date 08/14/2024. (Admin.) (Entered: 08/14/2024) |
| 08/15/2024 | [666](3 pgs) | Order Granting Application to Employ and Granting Other Related Relief (Related Doc # [629]) Signed on 8/15/2024. (trc4) (Entered: 08/15/2024) |
| 08/15/2024 | [667](9 pgs; 2 docs) | Transcript RE: held on 07/08/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 11/13/2024. (VeritextLegalSolutions) (Entered: 08/15/2024) |
| 08/15/2024 | [668](5 pgs) | BNC Certificate of Mailing. (Related document(s):[662](Transcript) No. of Notices: 11. Notice Date 08/15/2024. (Admin.) (Entered: 08/15/2024) |
| 08/16/2024 | [671](1 pg) | Final Order By District Court Judge Keith P. Ellison, Re: Appeal on Civil Action Number: 4:24-cv-1746 , Pending before the Court is the Appellee Christopher R. Murrays Unopposed Motion for Enlargement of Period to File Appellee Brief (Dkt. No. 9) (the Motion). After reviewing the Motion, the record, and the applicable law, the Court is of the opinion that it should be GRANTED. The deadline for Christopher R. Murray, Trustee to file his appellees brief is extended to September 18, 2024. Signed on 8/16/2024 (jm4) (Entered: 08/19/2024) |
| 08/17/2024 | [669](7 pgs) | BNC Certificate of Mailing. (Related document(s):[666](Order on Application to Employ) No. of Notices: 11. Notice Date 08/17/2024. (Admin.) (Entered: 08/17/2024) |
| 08/18/2024 | [670](5 pgs) | BNC Certificate of Mailing. (Related document(s):[667](Transcript) No. of Notices: 11. Notice Date 08/18/2024. (Admin.) (Entered: 08/18/2024) |
| 08/19/2024 | [672](1 pg) | Order Denying Application For Administrative Expenses (Related Doc # [655]) Signed on 8/19/2024. (trc4) (Entered: 08/19/2024) |

| | | |
|---|---|---|
| 08/19/2024 | 🌐 673<br>(1 pg) | Final Order By District Court Judge Keith P. Ellison, Re: Appeal on Civil Action Number: 24-cv-01746 , Pending before the Court is the Unopposed Motion for Enlargement of Period to File Appellee Brief (the Motion) filed by the Appellee National Bank of Kuwait, S.A.K.P., New York Branch (NBK). ECF No. 12. After reviewing the Motion, the record, and the applicable law, the Court is of the opinion that it should be GRANTED. The deadline for NBK to file its Appellees Brief is extended to and including September 18, 2024. Signed on 8/19/2024 (jm4) (Entered: 08/20/2024) |
| 08/20/2024 | 🌐 674<br>(13 pgs) | Operating Report for Filing Period July 2024, $109850.57 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 08/20/2024) |
| 08/21/2024 | 🌐 675<br>(3 pgs) | Trustee's Report of Sale (Murray, Christopher) (Entered: 08/21/2024) |
| 08/21/2024 | 🌐 676<br>(49 pgs; 3 docs) | Notice *Notice of Confirmation and Effective Date of Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait, S.A.K.P., New York Branch*. (Related document(s):566 Order Confirming Chapter 11 Plan, 675 Trustee's Report of Sale) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 mailing matrix) (Troop, Andrew) (Entered: 08/21/2024) |
| 08/21/2024 | 🌐 677<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):671 Order District Court re: Appeal) No. of Notices: 10. Notice Date 08/21/2024. (Admin.) (Entered: 08/21/2024) |
| 08/21/2024 | 🌐 678<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):672 Order on Application for Administrative Expenses) No. of Notices: 10. Notice Date 08/21/2024. (Admin.) (Entered: 08/21/2024) |
| 08/21/2024 | 🌐 679<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):671 Order District Court re: Appeal) No. of Notices: 0. Notice Date 08/21/2024. (Admin.) (Entered: 08/21/2024) |
| 08/22/2024 | 🌐 680<br>(6 pgs; 2 docs) | Application for Compensation for Christopher R Murray, Trustee Chapter 11, Period: 2/9/2024 to 8/21/2024, Fee: $187540.95, Expenses: $0. Objections/Request for Hearing Due in 21 days. Filed by Attorney Christopher R Murray Hearing scheduled for 9/25/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Murray, Christopher) (Entered: 08/22/2024) |
| 08/22/2024 | 🌐 681<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):673 Order District Court re: Appeal) No. of Notices: 10. Notice Date 08/22/2024. (Admin.) (Entered: 08/23/2024) |
| 08/22/2024 | 🌐 682<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):673 Order District Court re: Appeal) No. of Notices: 0. Notice Date 08/22/2024. (Admin.) (Entered: 08/23/2024) |
| 08/23/2024 | 🌐 683<br>(5 pgs) | Certificate *of Service* (Filed By Christopher R Murray ).(Related document(s):680 Application for Compensation) (Murray, Christopher) (Entered: 08/23/2024) |

| | | |
|---|---|---|
| 08/23/2024 | 🌐 684<br>(412 pgs; 2 docs) | Appellee Designation of Contents for Inclusion in Record of Appeal (related document(s):603 Notice of Appeal, 659 Appellant Designation, Statement of Issues on Appeal). (Attachments: # 1 Item 32 - Transcript of June 17, 2024 Hearing) (Conrad, Charles) (Entered: 08/23/2024) |
| 08/26/2024 | 🌐 685<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 8/7/2024 11:00:18 AM ]. File Size [ 3048 KB ]. Run Time [ 00:06:21 ]. (admin). (Entered: 08/26/2024) |
| 08/27/2024 | 🌐 686<br>(1 pg) | Copy Order Dismissing Appeal in 4:24cv2111 Signed by Judge Keith P Ellison)on 8/27/2024 (Related document(s):423 Notice of Appeal) (hlc4) (Entered: 08/29/2024) |
| 08/29/2024 | 🌐 687<br>(11 pgs; 2 docs) | Transcript RE: held on 08/07/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 11/27/2024. (VeritextLegalSolutions) (Entered: 08/29/2024) |
| 08/30/2024 | 🌐 688<br>(27 pgs; 3 docs) | Response (related document(s):284 Objection to Claim, 430 Response, 543 Scheduling Order, 612 Response). (Attachments: # 1 Exhibit A - Proposed Order # 2 Service List) (Troop, Andrew) (Entered: 08/30/2024) |
| 08/31/2024 | 🌐 689<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):686 Generic Order) No. of Notices: 10. Notice Date 08/31/2024. (Admin.) (Entered: 08/31/2024) |
| 09/01/2024 | 🌐 690<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):687 Transcript) No. of Notices: 10. Notice Date 09/01/2024. (Admin.) (Entered: 09/01/2024) |
| 09/03/2024 | 🌐 691<br>(2 pgs) | Withdraw Document (Filed By QB Loop Property LP ).(Related document(s):613 Generic Motion) (Mayer, Simon) (Entered: 09/03/2024) |
| 09/04/2024 | 🌐 692<br>(1535 pgs; 28 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):402 Objection to Claim) (Attachments: # 1 Exhibit 1 - POC No. 7 (Amended) # 2 Exhibit 2 - Purported 2425 WL Note # 3 Exhibit 3 - Purported 2425 WL Deed of Trust # 4 Exhibit 4 - Settlement Statement re 5/23/2018 Transaction # 5 Exhibit 5 - 01.31.24 Hearing Transcript # 6 Exhibit 6 - 12 C.F.R. Pt. 1024, App. A (Westlaw) # 7 Exhibit 7 - NBK Loan Memo # 8 Exhibit 8 - NBK Loan Agreement # 9 Exhibit 9 - NBK Note # 10 Exhibit 10 - NBK Deed of Trust # 11 Exhibit 11 - NBK Assignment of Rents # 12 Exhibit 12 - Mezzanine Loan Agreement # 13 Exhibit 13 - Authorization of Transfer of Tax Lien # 14 Exhibit 14 - Tax Lien Contract # 15 Exhibit 15 - Zaheer Drawing of Debtor's Corporate Structure # 16 Exhibit 16 - Debtor Foreign LLC Registration # 17 Exhibit 17 - Galleria 2425 JV Foreign LLC Application # 18 Exhibit 18 - 05.23.2018 Galleria 2425 JV Company Agreement # 19 Exhibit 19 - Galleria 2425 JV Unanimous Consent # 20 Exhibit 20 - Notice of Rejection in Stage Stores Bankruptcy # 21 Exhibit 21 - 9.14.2021 Notice of Foreclosure NBK # 22 Exhibit 22 - Debtor's Original Petition Against NBK # 23 |

| | | |
|---|---|---|
| | | Exhibit 23 - 09.15.2021 Notice of Foreclosure by 2425 WL LLC # 24 Exhibit 24 - Unrecorded Substitute Trustee's Deed # 25 Exhibit 25 - Written Discovery on 2425 WL LLC # 26 Exhibit 26 - 07.30.2024 Email from R. Shannon to G. Burks re Written Discovery on 2425 WL LLC # 27 Exhibit 27 - Shannon Declaration re Deemed Admissions in Connection with Written Discovery) (Shannon, R. J.) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 693 (239 pgs; 12 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):403 Objection to Claim) (Attachments: # 1 Exhibit 1 - POC 22 # 2 Exhibit 2 - Confidential Settlement Agreement # 3 Exhibit 3 - Debtor's Original Petition Against NBK # 4 Exhibit 4 - Choudhri's Petition in Intervention Against NBK # 5 Exhibit 5 - Choudhri Complaint Against NBK AP No. 23-06009 # 6 Exhibit 6 - Temporary Injunction Against NBK # 7 Exhibit 7 - Clerk's Certificate of Cash Deposit ($400k) # 8 Exhibit 8 - Clerks Certificate of Cash Deposit ($80k) # 9 Exhibit 9 - Trustee's Written Discovery on A. Choudhri # 10 Exhibit 07.30.24 Email from R. Shannon to G. Burks re Written Discovery # 11 Exhibit 11 - Shannon Declaration re Deemed Admissions of A. Choudhri) (Shannon, R. J.) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 694 (271 pgs; 10 docs) | Witness List, Exhibit List (Filed By Christopher R Murray ).(Related document(s):404 Objection to Claim) (Attachments: # 1 Exhibit 1 - POC 23 # 2 Exhibit 24 - POC 24 # 3 Exhibit 3 - Lease Agreement with Jetall Companies, Inc. # 4 Exhibit 4 - Property Management Agreement with Jetall Companies, Inc. # 5 Exhibit 5 - Debtor's Schedules [ECF No. 70] # 6 Exhibit 6 - POC 20 # 7 Exhibit 7 - Written Discovery on Jetall Capital, LLC # 8 Exhibit 08 - 07.30.24 Email from R. Shannon to G. Burks re Jetall Capital Written Discovery # 9 Exhibit 9 - Shannon Declaration re Deemed Admissions and Production of Trustee's Ex 4) (Shannon, R. J.) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 695 (38 pgs; 6 docs) | Witness List, Exhibit List (Filed By Jetall Capital, LLC ).(Related document(s):594 Response) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5) (Burks, H.) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 696 (50 pgs; 4 docs) | Witness List, Exhibit List (Filed By Jetall Capital, LLC ).(Related document(s):593 Response) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Burks, H.) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 697 (10 pgs; 4 docs) | Witness List, Exhibit List (Filed By Ali Choudhri ).(Related document(s):638 Witness List, Exhibit List) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Burks, H.) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 698 (4 pgs) | Proposed Order Submission After Hearing (Filed By Galleria 2425 Owner, LLC ).(Related document(s):67 Application to Employ) (Baker, Reese) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 699 (4 pgs; 2 docs) | Notice of Filing Form of Order for Application to Employ of Baker & Associates. (Related document(s):698 Proposed Order Submission After Hearing (Greensheet)) Filed by Galleria 2425 Owner, LLC (Attachments: # 1 Exhibit) (Baker, Reese) (Entered: 09/04/2024) |
| 09/04/2024 | 🌐 700 (15 pgs) | Operating Report for Filing Period August 2024, $5,017,554.55 disbursed (Filed By Christopher R Murray ). (Murray, Christopher) (Entered: 09/04/2024) |

| | | |
|---|---|---|
| 09/05/2024 | ⬤ 701 (2 pgs) | Order Authorizing Employment of Reese Baker and Baker and Associates from 12/5/2023 to 2/8/2024 (Related Doc # 67) Signed on 9/5/2024. (trc4) (Entered: 09/05/2024) |
| 09/05/2024 | ⬤ 702 (4 pgs) | Order Granting Motion for Summary Judgment Signed on 9/5/2024 (Related document(s):688 Motion for Summary Judgment/Response) ORDERED that the Motion for Summary Judgment is GRANTED, and 2425 WLs Amended Objection to Claims 284 of National Bank of Kuwait is OVERRULED. (trc4) (Entered: 09/05/2024) |
| 09/05/2024 | ⬤ 703 (35 pgs; 7 docs) | Final Application for Administrative Expenses . Objections/Request for Hearing Due in 21 days. Filed by Debtor 2425 WL, LLC Hearing scheduled for 10/9/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Judge Norman's Summary Form # 3 Exhibit B # 4 Time Records # 5 Mailing Matrix # 6 Experience List) (Baker, Reese) (Entered: 09/05/2024) |
| 09/05/2024 | ⬤ 704 (4 pgs; 2 docs) | Certificate of Service (Filed By Galleria 2425 Owner, LLC ).(Related document(s):703 Application for Administrative Expenses) (Attachments: # 1 Mailing Matrix) (Baker, Reese) (Entered: 09/05/2024) |
| 09/05/2024 | ⬤ 705 (7 pgs; 2 docs) | Emergency Motion to Terminate or Deny Objections to Claim as Moot; or Alternatively Continue Hearings Filed by Creditors 2425 WL, LLC, Ali Choudhri, Jetall Capital, LLC (Attachments: # 1 Proposed Order) (Burks, H.) (Entered: 09/05/2024) |
| 09/06/2024 | ⬤ 706 (8 pgs; 2 docs) | Objection to Emergency Motion to Terminate or Deny Objections to Claim as Moot or Alternatively Continue Hearings (related document(s):705 Emergency Motion). Filed by Christopher R Murray (Attachments: # 1 Proposed Order) (Shannon, R. J.) (Entered: 09/06/2024) |
| 09/06/2024 | ⬤ 707 | Courtroom Minutes. Time Hearing Held: 9:00. Appearances: RJ Shannon for Trustee,Gray Burks for Claimant Ali Choudhri. (Related document(s):402 Objection to Claim) Evidentiary hearing held. Exhibits admitted on the record ECF no. 692-16 to 692-27 during opening arguments by RJ Shannon. Direct and Cross Examination of Azeemeh Zaheer. Exhibit ECF no. 692-16 admitted during Direct Examination. Direct and Cross Examination of Christopher Wyatt. Court orally denied Emergency Motion to Terminate or Deny Objection to Claim 705 for reasons stated on record. Court findings for RJ Shannon to submit Proposed Findings and Facts. Claim objections 22, 23, and 24 are denied for reasons stated on record. (srh4) (Entered: 09/06/2024) |
| 09/06/2024 | ⬤ 708 (1 pg) | Order Granting Claim Objection Signed on 9/6/2024 (Related document(s):403 Objection to Claim) (trc4) (Entered: 09/06/2024) |
| 09/06/2024 | ⬤ 709 (1 pg) | Order Granting Claim Objection Signed on 9/6/2024 (Related document(s):404 Objection to Claim) (trc4) (Entered: 09/06/2024) |
| 09/06/2024 | ⬤ 710 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by National Bank of Kuwait, S.A.K.P., New York Branch / Charles Conrad. This is to order a transcript of proceeding held September 6, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, |

| | | Charles) Electronically forwarded to Veritext Legal Solutions on 9/12/2024. Estimated completion date: 9/15/2024. Modified on 9/12/2024 (ChristinaLasley). (Entered: 09/06/2024) |
|---|---|---|
| 09/07/2024 | 711 (6 pgs) | BNC Certificate of Mailing. (Related document(s):701 Order on Application to Employ) No. of Notices: 10. Notice Date 09/07/2024. (Admin.) (Entered: 09/07/2024) |
| 09/07/2024 | 712 (8 pgs) | BNC Certificate of Mailing. (Related document(s):702 Generic Order) No. of Notices: 10. Notice Date 09/07/2024. (Admin.) (Entered: 09/07/2024) |
| 09/08/2024 | 713 (5 pgs) | BNC Certificate of Mailing. (Related document(s):708 Order on Claim Objection) No. of Notices: 11. Notice Date 09/08/2024. (Admin.) (Entered: 09/08/2024) |
| 09/08/2024 | 714 (5 pgs) | BNC Certificate of Mailing. (Related document(s):709 Order on Claim Objection) No. of Notices: 11. Notice Date 09/08/2024. (Admin.) (Entered: 09/08/2024) |
| 09/09/2024 | 715 (7 pgs; 2 docs) | Motion to Withdraw as Attorney. Objections/Request for Hearing Due in 21 days. Filed by Attorney Barron & Newburger, P.C. Hearing scheduled for 10/1/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Sather, Stephen) (Entered: 09/09/2024) |
| 09/09/2024 | 716 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by R.J. Shannon. This is to order a transcript of Objection to Claim 09/06/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Christopher R Murray ). (Shannon, R. J.) Copy request was electronically forwarded to Veritext Legal Solutions on 09/16/2024. Estimated date of completion: 09/17/2024. Modified on 9/16/2024 (DMcKinnieRichardson). (Entered: 09/09/2024) |
| 09/09/2024 | 717 (3 pgs) | Order Disallowing Proof of Claim and Referral to United States Attorney Signed on 9/9/2024 (Related document(s):402 Objection to Claim) The Court sustains the Chapter 11 Trustees Objection at ECF No. 402, and orders that Proof of Claim 7-2 is disallowed in its entirety. (trc4) (Entered: 09/09/2024) |
| 09/11/2024 | 718 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Kyle Hirsch. This is to order a transcript of 09/06/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Kyle Hirsch ). (Hirsch, Kyle) Copy request electronically forwarded to Veritext Legal Solutions on 09/16/2024. Estimated date of completion: 09/17/2024. Modified on 9/16/2024 (DMcKinnieRichardson). (Entered: 09/11/2024) |
| 09/11/2024 | 719 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Nationwide Security (Claim No. 25) To Guaranteed Claim Funding LLC Fee Amount $28 (Sar, Nathalie) (Entered: 09/11/2024) |
| 09/11/2024 | | Receipt of Transfer of Claim( 23-34815) [claims,trclm] ( 28.00) Filing Fee. Receipt number A25561573. Fee amount $ 28.00. (U.S. Treasury) (Entered: 09/11/2024) |

| | | |
|---|---|---|
| 09/11/2024 | ⊕720 (7 pgs) | BNC Certificate of Mailing. (Related document(s):717 Order on Claim Objection) No. of Notices: 11. Notice Date 09/11/2024. (Admin.) (Entered: 09/11/2024) |
| 09/12/2024 | ⊕721 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 1 Transferor: Zindler Cleaning Service Co To Guaranteed Claim Funding LLC Fee Amount $28 (Sar, Nathalie) (Entered: 09/12/2024) |
| 09/12/2024 | | Receipt of Transfer of Claim( 23-34815) [claims,trclm] ( 28.00) Filing Fee. Receipt number A25564393. Fee amount $ 28.00. (U.S. Treasury) (Entered: 09/12/2024) |
| 09/14/2024 | ⊕722 (5 pgs) | BNC Certificate of Mailing. (Related document(s):719 Transfer of Claim) No. of Notices: 1. Notice Date 09/14/2024. (Admin.) (Entered: 09/14/2024) |
| 09/15/2024 | ⊕723 (5 pgs) | BNC Certificate of Mailing. (Related document(s):721 Transfer of Claim) No. of Notices: 1. Notice Date 09/15/2024. (Admin.) (Entered: 09/15/2024) |
| 09/16/2024 | ⊕724 (5 pgs; 2 docs) | Motion to Pay *Ordinary Course Expenses as Allowed Administrative Claims under the Confirmed Plan*. Objections/Request for Hearing Due in 21 days. Filed by Liquidator Christopher Murray Hearing scheduled for 10/30/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Murray, Christopher) (Entered: 09/16/2024) |
| 09/16/2024 | ⊕725 (2 pgs; 2 docs) | Motion for Ex Parte Relief Filed by Liquidator Christopher Murray (Attachments: # 1 Proposed Order) (Murray, Christopher) (Entered: 09/16/2024) |
| 09/16/2024 | ⊕726 (6 pgs) | Certificate *of Service* (Filed By Christopher Murray ).(Related document(s):724 Motion to Pay, 725 Motion for Ex Parte Relief) (Murray, Christopher) (Entered: 09/16/2024) |
| 09/16/2024 | ⊕727 (1 pg) | Order Setting Hearing Signed on 9/16/2024 (Related document(s):724 Motion to Pay) Motion for Expedited Hearing at ECF 725 is Granted. **Hearing scheduled for 10/1/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 09/16/2024) |
| 09/16/2024 | ⊕728 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Ali Choudhri. This is to order a transcript of Objection to claim hearin on 9/6/24 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Ali Choudhri ). (cmk4) Copy request electronically forwarded to Veritext Legal Solutions on 9/20/2024. Estimated completion date: 9/21/2024. Modified on 9/20/2024 (HopeMcFarlin). (Entered: 09/16/2024) |
| 09/16/2024 | ⊕729 (99 pgs; 2 docs) | Transcript RE: trial held on 9/6/24 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 12/16/2024. (VeritextLegalSolutions) (Entered: 09/16/2024) |

| | | |
|---|---|---|
| 09/17/2024 | 730 (1 pg) | Order Granting Application For Compensation (Related Doc # 680). Granting for Christopher R Murray, fees awarded: $187540.95, expenses awarded: $0.00 Signed on 9/17/2024. (trc4) (Entered: 09/17/2024) |
| 09/17/2024 | 731 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (14-Day) by Connie Nim. This is to order a transcript of Proceedings held on 9/6/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions. (mew4) Copy request electronically forwarded to Veritext Legal Solutions on 9/20/2024. Estimated completion date 10/4/2024 Modified on 9/20/2024 (BrittanyNicklaus). (Entered: 09/17/2024) |
| 09/18/2024 | 732 (6 pgs) | BNC Certificate of Mailing. (Related document(s):727 Order Setting Hearing) No. of Notices: 11. Notice Date 09/18/2024. (Admin.) (Entered: 09/18/2024) |
| 09/19/2024 | 733 (6 pgs) | BNC Certificate of Mailing. (Related document(s):729 Transcript) No. of Notices: 11. Notice Date 09/19/2024. (Admin.) (Entered: 09/19/2024) |
| 09/19/2024 | 734 (6 pgs) | BNC Certificate of Mailing. (Related document(s):730 Order on Application for Compensation) No. of Notices: 11. Notice Date 09/19/2024. (Admin.) (Entered: 09/19/2024) |
| 09/20/2024 | 735 (1 pg) | Order Resetting Hearing Signed on 9/20/2024 (Related document(s):715 Motion to Withdraw as Attorney) **Hearing scheduled for 10/9/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 09/20/2024) |
| 09/20/2024 | 736 (6 pgs) | Notice *Of Hearing*. (Related document(s):735 Order Resetting Hearing) Filed by Barron & Newburger, P.C. (Sather, Stephen) (Entered: 09/20/2024) |
| 09/22/2024 | 737 (6 pgs) | BNC Certificate of Mailing. (Related document(s):735 Order Resetting Hearing) No. of Notices: 11. Notice Date 09/22/2024. (Admin.) (Entered: 09/22/2024) |
| 09/23/2024 | 738 (1 pg) | MOTION to Appear Pro Hac Vice for J Carl Cecere (Fee Paid: $100, receipt number A25586244) Filed by Creditor 2425 WL, LLC Hearing scheduled for 10/30/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Cecere, Joseph) (Entered: 09/23/2024) |
| 09/23/2024 | 739 (4 pgs; 2 docs) | Emergency Motion *for Withdrawal and Substitution of Counsel* Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order) (Burks, H.) (Entered: 09/23/2024) |
| 09/23/2024 | 740 (512 pgs; 16 docs) | Motion to Reconsider (related document(s):717 Order on Claim Objection). Filed by Creditor 2425 WL, LLC Hearing scheduled for 10/30/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Proposed Order) (Sather, Stephen) (Entered: 09/23/2024) |

| | | |
|---|---|---|
| 09/24/2024 | 🌐 741<br>(1 pg) | Order Granting Motion for J. Carl Cecere To Appear pro hac vice (Related Doc # 738) **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here** Signed on 9/24/2024. (trc4) (Entered: 09/24/2024) |
| 09/24/2024 | 🌐 742<br>(1 pg) | Order Granting Emergency Motion For Withdrawal and Substitution of Counsel (Related Doc # 739) Signed on 9/24/2024. (trc4) (Entered: 09/24/2024) |
| 09/24/2024 | 🌐 743<br>(3 pgs) | Order Denying Motion To Reconsider (Related Doc # 740) Signed on 9/24/2024. (trc4) (Entered: 09/24/2024) |
| 09/25/2024 | 🌐 744<br>(116 pgs; 3 docs) | Objection *NBK's Objection to the Fee Application of Baker & Associates* (related document(s):703 Application for Administrative Expenses). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B) (Conrad, Charles) (Entered: 09/25/2024) |
| 09/25/2024 | 🌐 745<br>(80 pgs; 2 docs) | Adversary case 24-03198. Nature of Suit: (91 (Declaratory judgment)) Complaint *for Declaratory Judgment* by QB Loop Property LP against Christopher Murray, Chapter 11 Trustee. Fee Amount $350 (Attachments: # 1 Exhibit 1) (Mayer, Simon) (Entered: 09/25/2024) |
| 09/25/2024 | 🌐 746<br>(31 pgs; 3 docs) | Application for Compensation *for Services as Special Insurance Counsel to the Trustee* for Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC, Special Counsel, Period: 5/14/2024 to 8/21/2024, Fee: $5887.50, Expenses: $. Objections/Request for Hearing Due in 21 days. Filed by Attorney Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC Hearing scheduled for 10/30/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order # 2 Exhibit A - Fee Statements) (Shannon, R. J.) (Entered: 09/25/2024) |
| 09/25/2024 | 🌐 747<br>(63 pgs; 6 docs) | Final Application for Compensation *for Services as General Bankruptcy Counsel to the Trustee* for Shannon & Lee LLP, Attorney, Period: 7/1/2024 to 8/21/2024, Fee: $202660.00, Expenses: $2733.98. Objections/Request for Hearing Due in 21 days. Filed by Attorney Shannon & Lee LLP Hearing scheduled for 10/30/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit A - S&L Final Fee Statement # 2 Exhibit B - Summary of Fees by Category # 3 Exhibit C - Invoices in Support of Reimbursement Request # 4 Exhibit D - Statement of Experience # 5 Proposed Order) (Shannon, R. J.) (Entered: 09/25/2024) |
| 09/25/2024 | 🌐 748<br>(3 pgs) | Objection *of Liquidation Trustee to Final Fee Application of Baker & Associates* (related document(s):703 Application for Administrative Expenses. Filed by Christopher Murray (Shannon, R. J.) (Entered: 09/25/2024) |
| 09/26/2024 | 🌐 749<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):741 Order on Motion to Appear pro hac vice) No. of Notices: 11. Notice Date 09/26/2024. (Admin.) (Entered: 09/26/2024) |
| 09/26/2024 | 🌐 750<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):742 Order on Emergency Motion) No. of Notices: 11. Notice Date 09/26/2024. (Admin.) (Entered: 09/26/2024) |

| 09/26/2024 | ⬤ 751<br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):743 Order on Motion To Reconsider) No. of Notices: 11. Notice Date 09/26/2024. (Admin.) (Entered: 09/26/2024) |
|---|---|---|
| 09/27/2024 | ⬤ 752<br>(3 pgs; 2 docs) | Witness List, Exhibit List (Filed By Christopher Murray ).(Related document(s):724 Motion to Pay) (Attachments: # 1 Exhibit 1) (Murray, Christopher) (Entered: 09/27/2024) |
| 09/27/2024 | ⬤ 753<br>(4 pgs; 2 docs) | Emergency Motion *to Modify Order Setting Hearing* Filed by Liquidator Christopher Murray (Attachments: # 1 Proposed Order) (Murray, Christopher) (Entered: 09/27/2024) |
| 09/27/2024 | ⬤ 754<br>(1 pg) | Order Setting Virtual Hearing Signed on 9/27/2024 (Related document(s):724 Motion to Pay) Motion to Modify Order at ECF 753 is Granted. **Hearing rescheduled for 10/4/2024 at 09:00 AM at telephone and video conference.** (trc4) (Entered: 09/27/2024) |
| 09/27/2024 | ⬤ 755<br>(6 pgs) | Certificate *of Service re Order Setting Virtual Hearing [ECF No. 754]* (Filed By Christopher Murray ).(Related document(s):724 Motion to Pay, 754 Order Setting Hearing) (Shannon, R. J.) (Entered: 09/27/2024) |
| 09/29/2024 | ⬤ 756<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):754 Order Setting Hearing) No. of Notices: 11. Notice Date 09/29/2024. (Admin.) (Entered: 09/29/2024) |
| 10/01/2024 | ⬤ 757<br>(1 pg) | Order Granting Liquidation Trustee's Motion To Treat Ordinary Course Expenses as Allowed Administrative Claims Under the Confirmed Plan (Related Doc # 724) Signed on 10/1/2024. (trc4) (Entered: 10/01/2024) |
| 10/02/2024 | ⬤ 758<br>(77 pgs; 8 docs) | Emergency Motion *National Bank of Kuwait, S.A.K.P., New York Branch's Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 Proposed Order # 7 Service List) (Conrad, Charles) (Entered: 10/02/2024) |
| 10/02/2024 | ⬤ 759<br>(1 pg) | Order Setting Hearing Signed on 10/2/2024 (Related document(s):758 Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan) **Hearing scheduled for 10/10/2024 at 01:30 PM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 10/02/2024) |
| 10/03/2024 | ⬤ 760<br>(8 pgs) | Certificate *of Service* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):759 Order Setting Hearing) (Conrad, Charles) (Entered: 10/03/2024) |
| 10/03/2024 | ⬤ 761<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):757 Order on Motion to Pay) No. of Notices: 10. Notice Date 10/03/2024. (Admin.) (Entered: 10/04/2024) |
| 10/04/2024 | ⬤ 762<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Sonder USA Inc.. This is to order a transcript of Objection to Claim 09/06/2024 before Judge Jeffrey P. Norman. Court |

| | | Reporter/Transcriber: Veritext Legal Solutions (Filed By Sonder USA Inc. ). (Wilson, Broocks) Copy request electronically forwarded to Veritext Legal Solutions on 10/4/2024. Estimated completion date: 10/5/2024. Modified on 10/4/2024 (HopeMcFarlin). (Entered: 10/04/2024) |
|---|---|---|
| 10/04/2024 | 763<br>(37 pgs; 2 docs) | Witness List, Exhibit List (Filed By Galleria 2425 Owner, LLC ). (Related document(s):703 Application for Administrative Expenses) (Attachments: # 1 Exhibit 1) (Baker, Reese) (Entered: 10/04/2024) |
| 10/04/2024 | 764<br>(244 pgs; 5 docs) | Motion to Set Hearing. Filed by Creditor 2425 WL, LLC (Attachments: # 1 Proposed Order # 2 Exhibit # 3 Exhibit # 4 Exhibit) (Cecere, Joseph) (Entered: 10/04/2024) |
| 10/04/2024 | 765<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):759 Order Setting Hearing) No. of Notices: 10. Notice Date 10/04/2024. (Admin.) (Entered: 10/04/2024) |
| 10/07/2024 | 766<br>(1 pg) | Order Denying Motion To Correct or Supplement the Record (Related Doc # 764) Signed on 10/7/2024. (trc4) (Entered: 10/07/2024) |
| 10/07/2024 | 767<br>(1 pg) | Order Granting Barron and Newburger's Motion To Withdraw As Counsel for 2425WL, LLC (Related Doc # 715) Signed on 10/7/2024. (trc4) (Entered: 10/07/2024) |
| 10/07/2024 | 768<br>(407 pgs; 9 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):703 Application for Administrative Expenses) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Conrad, Charles) (Entered: 10/07/2024) |
| 10/07/2024 | 769<br>(13 pgs; 3 docs) | Notice of Appeal filed. (related document(s):717 Order on Claim Objection, 743 Order on Motion To Reconsider). Fee Amount $298. Appellant Designation due by 10/21/2024. (Attachments: # 1 Exhibit # 2 Exhibit) (Cecere, Joseph) (Entered: 10/07/2024) |
| 10/07/2024 | 770 | Election to Appeal to District Court . (Cecere, Joseph) (Entered: 10/07/2024) |
| 10/08/2024 | 771<br>(11 pgs) | Additional Attachments Re: *Supplement to Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan* (related document(s):758 Emergency Motion, 759 Order Setting Hearing, 760 Certificate) (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):758 Emergency Motion, 759 Order Setting Hearing, 760 Certificate) (Troop, Andrew) (Entered: 10/08/2024) |
| 10/09/2024 | 772<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 10/07/2024, 2425 WL, LLC filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 4:24cv3834. Parties notified (Related document(s):769 Notice of Appeal) (bwl4) (Entered: 10/09/2024) |
| 10/09/2024 | 773 | Courtroom Minutes. Time Hearing Held: 1:30. Appearances: Reese Baker for Debtor, RJ Shannon for Chris Murray, Andrew Troop for National Bank of Kuwait. (Related document(s):703 Application for Administrative Expenses) Evidentiary Hearing Held. Opening |

| | | |
|---|---|---|
| | | Statements by Reese Baker, Rj Shannon, and Andrew Troop. ECF 703 Admitted on record. Reese Baker sworn. Provided Testimony. Direct examination of Reese Baker by RJ Shannon. Cross examination by Andrew Troop. Arguments heard by all. Closing arguments by Reese Baker. Court will take it under advisement and enter an Order. (srh4) (Entered: 10/09/2024) |
| 10/09/2024 | 774 (1 pg) | PDF with attached Audio File. Court Date & Time [ 10/9/2024 1:34:21 PM ]. File Size [ 63864 KB ]. Run Time [ 02:13:03 ]. (admin). (Entered: 10/09/2024) |
| 10/09/2024 | 775 (4 pgs) | Response (related document(s):758 Emergency Motion). Filed by Ali Choudhri (Cecere, Joseph) (Entered: 10/09/2024) |
| 10/09/2024 | 776 (6 pgs) | BNC Certificate of Mailing. (Related document(s):766 Order on Motion To Set Hearing No. of Notices: 10. Notice Date 10/09/2024. (Admin.) (Entered: 10/09/2024) |
| 10/09/2024 | 777 (6 pgs) | BNC Certificate of Mailing. (Related document(s):767 Order on Motion to Withdraw as Attorney No. of Notices: 10. Notice Date 10/09/2024. (Admin.) (Entered: 10/09/2024) |
| 10/10/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25628452. Fee amount $ 298.00. (U.S. Treasury) (Entered: 10/10/2024) |
| 10/10/2024 | 778 (3 pgs) | Proposed Order RE: *Agreed Order Granting Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):758 Emergency Motion, 775 Response) (Conrad, Charles) (Entered: 10/10/2024) |
| 10/10/2024 | 779 (3 pgs) | Order Granting Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan. (Related Doc # 758) Signed on 10/10/2024. (srh4) (Entered: 10/10/2024) |
| 10/11/2024 | 780 (5 pgs) | Memorandum Order on Fee Application (Related Doc # 703) Signed on 10/11/2024. (trc4) (Entered: 10/11/2024) |
| 10/11/2024 | 781 (8 pgs) | Certificate *of Compliance with Court Order* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):779 Order on Emergency Motion) (Conrad, Charles) (Entered: 10/11/2024) |
| 10/11/2024 | 782 (6 pgs) | BNC Certificate of Mailing. (Related document(s):772 Clerk's Notice of Filing of an Appeal) No. of Notices: 10. Notice Date 10/11/2024. (Admin.) (Entered: 10/11/2024) |
| 10/12/2024 | 783 (8 pgs) | BNC Certificate of Mailing. (Related document(s):779 Order on Emergency Motion) No. of Notices: 10. Notice Date 10/12/2024. (Admin.) (Entered: 10/12/2024) |
| 10/13/2024 | 784 (10 pgs) | BNC Certificate of Mailing. (Related document(s):780 Order on Application for Administrative Expenses) No. of Notices: 10. Notice Date 10/13/2024. (Admin.) (Entered: 10/13/2024) |

| | | |
|---|---|---|
| 10/21/2024 | 🌐 785<br>(9 pgs; 3 docs) | Objection to Claim Number 6 by Claimant *Rodney L. Drinnon* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 6 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 786<br>(8 pgs; 3 docs) | Objection to Claim Number 8 by Claimant *US Retailers LLC d/b/a Cirro Energy* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 8 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 787<br>(8 pgs; 3 docs) | Objection to Claim Number 9 by Claimant *Nichamoff Law Firm* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 9 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 788<br>(53 pgs; 7 docs) | Objection to Claim Number 11 by Claimant *H.N.B Construction, LLC* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 11 # 2 Declaration of Christopher R. Murray # 3 Exhibit A - HNB Lien Affidavit # 4 Exhibit B - Prism Lien Affidavit # 5 Exhibit C - Prism Payment # 6 Exhibit D - Arin-Air Lien Affidavit) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 789<br>(9 pgs; 3 docs) | Objection to Claim Number 15 by Claimant *Sonder USA Inc.* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 15 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 790<br>(8 pgs; 3 docs) | Objection to Claim Number 17 by Claimant *Arin-Air, Inc.* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 17 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 791<br>(9 pgs; 3 docs) | Objection to Claim Number 19 by Claimant *Lloyd E. Kelley* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 19 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 792<br>(9 pgs; 3 docs) | Objection to Claim Number 25 by Claimant *Nationwide Investigations & Security, Inc. Assigned to Guaranteed Claim Funding LLC* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 25 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |

| 10/21/2024 | 🌐 793<br>(8 pgs; 3 docs) | **Terminated. Corrected Objection filed at 795 ** Objection to Claim Number by Claimant *TK Elevator Corporation* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim Scheduled as Claim E/F 3.27 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.)Modified on 11/12/2024 (trc4). (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 794<br>(8 pgs; 3 docs) | Objection to Claim Number by Claimant *Cleaning Advanced Systems, Inc.* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Objection to Claim No. 26 # 2 Declaration of Christopher R. Murray) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 795<br>(11 pgs; 5 docs) | Objection to Claim Number by Claimant *TK Elevator Corporation - (Corrected)* Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order to Claim Scheduled as Claim E/F 3.27 # 2 Declaration of Christopher R. Murray # 3 Exhibit A - Invoice (4740) # 4 Exhibit B - Invoice (6185)) (Shannon, R. J.) (Entered: 10/21/2024) |
| 10/21/2024 | 🌐 796<br>(7 pgs) | Statement of Issues on Appeal (related document(s):717 Order on Claim Objection, 743 Order on Motion To Reconsider). (Cecere, Joseph) (Entered: 10/21/2024) |
| 10/22/2024 | 🌐 797<br>(2 pgs) | Order Granting in part, Denying in part Application For Compensation (Related Doc # 746). Granting in part, Denying in part for Gordon, Arata, Montgomery, Barnett, McCollam, Duplantis & Eagan, LLC, fees awarded: $4963.50, expenses awarded: $0.00 Signed on 10/22/2024. (trc4) (Entered: 10/22/2024) |
| 10/22/2024 | 🌐 798<br>(2 pgs) | Order Approving Application For Compensation (Related Doc # 747). Approving for Shannon & Lee LLP, Approving Application For Compensation Signed on 10/22/2024. (trc4) (Entered: 10/22/2024) |
| 10/24/2024 | 🌐 799<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):797 Order on Application for Compensation) No. of Notices: 10. Notice Date 10/24/2024. (Admin.) (Entered: 10/24/2024) |
| 10/24/2024 | 🌐 800<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):798 Order on Application for Compensation) No. of Notices: 10. Notice Date 10/24/2024. (Admin.) (Entered: 10/24/2024) |
| 10/30/2024 | 🌐 801<br>(1 pg) | Record Transmitted under Rule 8010(b). On 10/30/2024, the appeal was transmitted to the U.S. District Court, assigned Judge Keith P Ellison, Civil Action 4:24cv2590. All appellate filings must now be made in the United States District Court with the civil action caption and case number. (Related document(s):603 Notice of Appeal) (bwl4) (Entered: 10/30/2024) |
| 10/30/2024 | 🌐 802<br>(312 pgs; 8 docs) | Motion *to Comply With the Gatekeeping Provision of the Confirmed Chapter 11 Plan* Filed by Creditor Ali Choudhri Hearing scheduled for 12/3/2024 at 09:00 AM at Houston, 515 Rusk Suite 3401. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) (Cecere, Joseph) (Entered: 10/30/2024) |

| | | |
|---|---|---|
| 10/31/2024 | 803<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by R.J. Shannon. This is to order a transcript of Emergency Motion for Protective Order 6/17/2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Christopher Murray ). (Shannon, R. J.) Copy request electronically forwarded to Veritext Legal Solutions on 10/31/2024. Estimated completion date: 11/3/2024. Modified on 10/31/2024 (hem4). (Entered: 10/31/2024) |
| 10/31/2024 | 807<br>(1 pg) | Order Signed on 10/31/2024. Appellants claims are hereby DISMISSED due to Appellants failure to prosecute (re: Clerk's Notice of Appeal 769) (mmm4) (Entered: 11/04/2024) |
| 10/31/2024 | 808<br>(1 pg) | Order Signed on 10/31/2024 (Related document(s):769 Notice of Appeal. Appellants claims are hereby DISMISSED due to Appellants failure to prosecute. (mmm4) (Entered: 11/04/2024) |
| 11/01/2024 | 804<br>(1 pg) | Order Denying Motion to Comply (Related Doc # 802) Signed on 11/1/2024. (trc4) (Entered: 11/01/2024) |
| 11/03/2024 | 805<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):804 Generic Order) No. of Notices: 10. Notice Date 11/03/2024. (Admin.) (Entered: 11/03/2024) |
| 11/04/2024 | 806<br>(407 pgs; 2 docs) | Transcript RE: held on 6/17/2024 before Judge JEFFREY P. NORMAN. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 02/3/2025. (VeritextLegalSolutions) (Entered: 11/04/2024) |
| 11/04/2024 | 809<br>(4 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal (related document(s):769 Notice of Appeal, 796 Statement of Issues on Appeal). (Shannon, R. J.) (Entered: 11/04/2024) |
| 11/04/2024 | 810<br>(312 pgs; 8 docs) | Motion *MOTION TO COMPLY WITH THE GATEKEEPING PROVISIONS OF THE CONFIRMED CHAPTER 11 PLAN* Filed by Creditor Ali Choudhri Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit) (Cecere, Joseph) (Entered: 11/04/2024) |
| 11/05/2024 | 811<br>(1 pg) | Order Resetting Hearing Signed on 11/5/2024 (Related document(s):810 Motion to Comply with the Gatekeeping Provision of the Confirmed Ch 11 Plan) **Hearing rescheduled for 12/3/2024 at 09:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 11/05/2024) |
| 11/06/2024 | 812<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):806 Transcript) No. of Notices: 8. Notice Date 11/06/2024. (Admin.) (Entered: 11/06/2024) |
| 11/06/2024 | 813<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):807 Generic Order) No. of Notices: 8. Notice Date 11/06/2024. (Admin.) (Entered: 11/06/2024) |

| | | |
|---|---|---|
| 11/06/2024 | ⊕ 814<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):808 Generic Order) No. of Notices: 8. Notice Date 11/06/2024. (Admin.) (Entered: 11/06/2024) |
| 11/07/2024 | ⊕ 815<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):811 Order Setting Hearing) No. of Notices: 8. Notice Date 11/07/2024. (Admin.) (Entered: 11/07/2024) |
| 11/18/2024 | ⊕ 816<br>(20 pgs; 3 docs) | Emergency Motion *NBK's Emergency Motion to Enforce Sale Order* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B) (Conrad, Charles) (Entered: 11/18/2024) |
| 11/18/2024 | ⊕ 817<br>(1 pg) | Order Setting Hearing Signed on 11/18/2024 (Related document(s):816 Emergency Motion to Enforce Sale Order) **Hearing scheduled for 11/21/2024 at 10:30 AM at Houston, Courtroom 403 (JPN).** (srh4) (Entered: 11/18/2024) |
| 11/18/2024 | ⊕ 818<br>(5 pgs) | Notice *Notice of response Deadline and Hearing on NBK's Emergency Motion to Enforce Sale Order*. (Related document(s):816 Emergency Motion, 817 Order Setting Hearing) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 11/18/2024) |
| 11/18/2024 | ⊕ 819<br>(3 pgs) | Stipulation By Sonder USA Inc. and Christopher R. Murray, Liquidating Trustee. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Sonder USA Inc. ).(Related document(s):789 Objection to Claim) (Wilson, Broocks) (Entered: 11/18/2024) |
| 11/19/2024 | ⊕ 820<br>(3 pgs) | Stipulation and Agreed Order Modifying the Plan Objection Deadline Signed on 11/19/2024 (Related document(s):789 Objection to Claim) Response deadline extended to December 11, 2024. Hearing on 12/18/24 is a Status Conference. (trc4) (Entered: 11/19/2024) |
| 11/19/2024 | ⊕ 821<br>(4 pgs) | Objection *Response to Objection to Proof of Claim No. 9 (Doc. 787)*. Filed by Nichamoff Law PC, Borunda, P.C., The Norwood Firm, P.C. (Nichamoff, Seth) (Entered: 11/19/2024) |
| 11/19/2024 | ⊕ 822<br>(9 pgs) | Response *to Trustee's Objection to Claim No.6*. Filed by Rodney Drinnon (Drinnon, Rodney) (Entered: 11/19/2024) |
| 11/20/2024 | ⊕ 823<br>(1093 pgs; 22 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):816 Emergency Motion, 817 Order Setting Hearing, 818 Notice) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2A # 3 Exhibit 2B # 4 Exhibit 3 # 5 Exhibit 4 # 6 Exhibit 5 # 7 Exhibit 6 # 8 Exhibit 7 # 9 Exhibit 8A # 10 Exhibit 8B # 11 Exhibit 9 # 12 Exhibit 10A # 13 Exhibit 10B # 14 Exhibit 10C # 15 Exhibit 11 # 16 Exhibit 12 # 17 Exhibit 12B # 18 Exhibit 12C # 19 Exhibit 12D # 20 Exhibit 12E # 21 Exhibit 13) (Conrad, Charles) (Entered: 11/20/2024) |
| 11/20/2024 | ⊕ 824<br>(350 pgs; 6 docs) | Response *NBK's Response to Ali Choudhri's Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan* (related document(s):810 Generic Motion). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B |

| | | |
|---|---|---|
| | | # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Conrad, Charles) (Entered: 11/20/2024) |
| 11/20/2024 | 825 (71 pgs; 7 docs) | Motion Filed by Creditor Ali Choudhri Hearing scheduled for 11/25/2024 at 11:00 AM at Houston, 515 Rusk Suite 3401. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit) (Cecere, Joseph) (Entered: 11/20/2024) |
| 11/20/2024 | 826 (60 pgs; 6 docs) | Witness List (Filed By Ali Choudhri ). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit) (Cecere, Joseph) (Entered: 11/20/2024) |
| 11/20/2024 | 827 (6 pgs) | BNC Certificate of Mailing. (Related document(s):817 Order Setting Hearing) No. of Notices: 8. Notice Date 11/20/2024. (Admin.) (Entered: 11/20/2024) |
| 11/21/2024 | 828 | Courtroom Minutes. Time Hearing Held: 10:30. Appearances: Carl Cecere for Jettall Companies, Charles Conrad, Andrew Troop, Patrick Fitzmaurice for National Bank Kuwait, RJ Shannon for Trustee Christopher Murray. (Related document(s):816 Emergency Motion to Enforce Sale) Parties agree to withdraw Motion. Motion withdrawn on the record. (srh4) (Entered: 11/21/2024) |
| 11/21/2024 | 829 (1 pg) | Order Mooting Motion (Related Doc # 825) Signed on 11/21/2024. (trc4) (Entered: 11/21/2024) |
| 11/21/2024 | 830 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 11/21/2024 10:29:42 AM ]. File Size [ 5000 KB ]. Run Time [ 00:10:25 ]. (admin). (Entered: 11/21/2024) |
| 11/21/2024 | 831 (8 pgs) | BNC Certificate of Mailing. (Related document(s):820 Generic Order) No. of Notices: 8. Notice Date 11/21/2024. (Admin.) (Entered: 11/21/2024) |
| 11/21/2024 | 835 (1 pg) | Copy Final Judgement entered in 4:24cv2590 Signed on 11/21/2024 by Judge Keith P Ellison (Related document(s): 619 Election to Appeal) (hlc4) (Entered: 11/26/2024) |
| 11/23/2024 | 832 (6 pgs) | BNC Certificate of Mailing. (Related document(s):829 Generic Order) No. of Notices: 8. Notice Date 11/23/2024. (Admin.) (Entered: 11/23/2024) |
| 11/25/2024 | 833 (2 pgs) | Order Denying Motion (Related Doc # 810) Signed on 11/25/2024. Motion Denied with Prejudice. (trc4) (Entered: 11/25/2024) |
| 11/25/2024 | 834 (4 pgs; 2 docs) | Response to Objection to Claim. Filed by Lloyd E Kelley (Attachments: # 1 Proposed Order Proposed Order) (Pierce, James) (Entered: 11/25/2024) |
| 11/27/2024 | 836 (7 pgs) | BNC Certificate of Mailing. (Related document(s):833 Generic Order) No. of Notices: 8. Notice Date 11/27/2024. (Admin.) (Entered: 11/27/2024) |
| 11/28/2024 | 837 (6 pgs) | BNC Certificate of Mailing. (Related document(s):835 Generic Order) No. of Notices: 9. Notice Date 11/28/2024. (Admin.) (Entered: |

| | | 11/28/2024 |
|---|---|---|
| 12/02/2024 | ◉ 838<br>(45 pgs; 6 docs) | Emergency Motion *NBK's (Renewed) Emergency Motion to Enforce Sale Order (Jetall Companies, Inc.)* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B Proposed Order # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E) (Conrad, Charles) (Entered: 12/02/2024) |
| 12/02/2024 | ◉ 839<br>(99 pgs; 3 docs) | Emergency Motion *NBK's Second Emergency Motion to Enforce Sale Order (2425 WL, LLC)* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A - Proposed Order # 2 Exhibit B) (Conrad, Charles) (Entered: 12/02/2024) |
| 12/03/2024 | ◉ 840<br>(28 pgs; 3 docs) | Adversary case 24-03257. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal Jetall Companies, Inc.. Fee Amount $350 (Attachments: # 1 Exhibit A # 2 Exhibit B) (Conrad, Charles) (Entered: 12/03/2024) |
| 12/03/2024 | ◉ 841<br>(3 pgs) | Opposition Motion Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 12/3/2024 at 11:00 AM at Houston, 515 Rusk Suite 3401. (Cecere, Joseph) (Entered: 12/03/2024) |
| 12/03/2024 | ◉ 842<br>(3 pgs) | Opposition Objection (related document(s):838 Emergency Motion, 839 Emergency Motion). Filed by Galleria 2425 Owner, LLC (Cecere, Joseph) (Entered: 12/03/2024) |
| 12/03/2024 | ◉ 843<br>(1 pg) | Order Setting Hearing Signed on 12/3/2024 (Related document(s):838 Emergency Motion, 839 Emergency Motion) **Hearing scheduled for 12/5/2024 at 09:00 AM at Laredo, 1300 Victoria St.** (srh4) (Entered: 12/03/2024) |
| 12/03/2024 | ◉ 844<br>(3 pgs) | Certificate *of Service* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):838 Emergency Motion, 839 Emergency Motion, 843 Order Setting Hearing) (Conrad, Charles) (Entered: 12/03/2024) |
| 12/03/2024 | ◉ 845<br>(1 pg) | Order Striking Motion and Hearing (Related Doc # 841) Signed on 12/3/2024. (srh4) (Entered: 12/03/2024) |
| 12/04/2024 | ◉ 846<br>(1182 pgs; 24 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):838 Emergency Motion, 839 Emergency Motion, 843 Order Setting Hearing) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2-A # 3 Exhibit 2-B # 4 Exhibit 3 # 5 Exhibit 4 # 6 Exhibit 5 # 7 Exhibit 6 # 8 Exhibit 7 # 9 Exhibit 8-A # 10 Exhibit 8-B # 11 Exhibit 9 # 12 Exhibit 10-A # 13 Exhibit 10-B # 14 Exhibit 10-C # 15 Exhibit 11 # 16 Exhibit 12 # 17 Exhibit 12-B # 18 Exhibit 12-C # 19 Exhibit 12-D # 20 Exhibit 12-E # 21 Exhibit 13 # 22 Exhibit 14 # 23 Exhibit 15) (Conrad, Charles) (Entered: 12/04/2024) |
| 12/04/2024 | ◉ 847<br>(104 pgs; 8 docs) | Witness List (Filed By Galleria 2425 Owner, LLC ).(Related document(s):843 Order Setting Hearing) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit) (Cecere, Joseph) (Entered: 12/04/2024) |

| | | |
|---|---|---|
| 12/04/2024 | 🔵848<br>(122 pgs; 9 docs) | Response (related document(s):838 Emergency Motion, 839 Emergency Motion). Filed by 2425 WL, LLC, Jetall Companies, Inc. (Attachments: # 1 Exhibit Exhibit 1 # 2 Exhibit Exhibit 1A # 3 Exhibit Exhibit 1B # 4 Exhibit Exhibit 2 # 5 Exhibit Exhibit 3 # 6 Exhibit Exhibit 4 # 7 Exhibit Exhibit 5 # 8 Proposed Order) (Cecere, Joseph) (Entered: 12/04/2024) |
| 12/04/2024 | 🔵849<br>(7 pgs; 2 docs) | Response (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):838 Emergency Motion, 839 Emergency Motion, 848 Response) (Attachments: # 1 Exhibit A) (Conrad, Charles) (Entered: 12/04/2024) |
| 12/04/2024 | 🔵850<br>(5 pgs; 2 docs) | Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):838 Emergency Motion, 839 Emergency Motion, 843 Order Setting Hearing, 846 Witness List, Exhibit List, 849 Response) (Attachments: # 1 Exhibit 16) (Conrad, Charles) (Entered: 12/04/2024) |
| 12/04/2024 | 🔵851<br>(136 pgs; 4 docs) | Witness List (Filed By Galleria 2425 Owner, LLC ). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Cecere, Joseph) (Entered: 12/04/2024) |
| 12/05/2024 | 🔵852<br>(6 pgs; 2 docs) | Notice *of Suggestion of Bankruptcy*. Filed by Jetall Companies, Inc. (Attachments: # 1 Exhibit Exhibit 1) (Cecere, Joseph) (Entered: 12/05/2024) |
| 12/05/2024 | ⚫853 | Courtroom Minutes. Time Hearing Held: 9:00. Appearances: Andrew Troop for National Bank of Kuwait, Carl Cecere for Jetall Companies, RJ Shannon for Trustee Chris Murray. ERO: Yes. (Related document(s):838 Emergency Motion, 839 Emergency Motion) Emergency hearing held. Court heard arguments from parties. Court will take ECF 838 under advisement and Court will grant ECF 839 with modifications. Additionally, Court will request transfer of Jurisdiction for Western District Filing of Chapter 11 Involuntary Petition. (srh4) (Entered: 12/05/2024) |
| 12/05/2024 | 🔵854<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 12/5/2024 9:00:19 AM ]. File Size [ 30907 KB ]. Run Time [ 01:04:23 ]. (admin). (Entered: 12/05/2024) |
| 12/05/2024 | 🔵855<br>(4 pgs) | Supplemental Response *to the Motion to enforce Sale Order*. Filed by Jetall Companies, Inc. (Cecere, Joseph) (Entered: 12/05/2024) |
| 12/05/2024 | 🔵856<br>(1 pg) | Order Abating Ruling (Related Doc # 838, Related Doc # 839) Signed on 12/5/2024. (srh4) (Entered: 12/05/2024) |
| 12/05/2024 | 🔵857<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Carl Cecere. This is to order a transcript of Motion to Enforce Sale Order, December 5, 2024 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Access Transcripts (Filed By Jetall Companies, Inc. ). (Cecere, Joseph) Electronically forwarded to Access on 12/06/2024. Estimated completion date: 12/07/2024. Modified on 12/6/2024 (gc4). (Entered: 12/05/2024) |

| 12/05/2024 | ⬤ 858<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):843 Order Setting Hearing) No. of Notices: 9. Notice Date 12/05/2024. (Admin.) (Entered: 12/05/2024) |
|---|---|---|
| 12/05/2024 | ⬤ 859<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):845 Generic Order) No. of Notices: 9. Notice Date 12/05/2024. (Admin.) (Entered: 12/05/2024) |
| 12/06/2024 | ⬤ 860<br>(2 pgs) | Proposed Order RE: *AGREED ORDER SUSTAINING TRUSTEES OBJECTION TO CLAIM NO. 11 OF H.N.B. CONSTRUCTION, LLC* (Filed By Christopher R Murray ).(Related document(s):788 Objection to Claim) (Shannon, R. J.) (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 861<br>(13 pgs; 2 docs) | Statement *NBK's Supplement to Emergency Motions to Enforce Sale Orders [ECF Nos. 838 and 839]* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):843 Order Setting Hearing, 849 Response, 853 Courtroom Minutes, 856 Order on Emergency Motion, Order on Emergency Motion) (Attachments: # 1 Exhibit A) (Conrad, Charles) (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 862<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by National Bank of Kuwait, S.A.K.P., New York Branch. This is to order a transcript of Hearing held 12-5-2024 in Laredo before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Access Transcripts (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Troop, Andrew) Copy request electronically forwarded to Access on 12/06/2024. Estimated completion date: 12/09/2024. Modified on 12/6/2024 (gc4). (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 863<br>(1 pg) | Order Vacating Abatement Signed on 12/6/2024 (Related document(s):856 Order on Emergency Motion, Order on Emergency Motion) (srh4) (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 864<br>(2 pgs) | Order Sustaining Trustee's Objection to the Claim of TK Elevator Corporation Signed on 12/6/2024 (Related document(s):795 Objection to Claim) (srh4) (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 865<br>(2 pgs) | Order Sustaining Trustee's Objection Claim No 26 of Cleaning Advances Systems, Inc. Signed on 12/6/2024 (Related document(s):794 Objection to Claim) (srh4) (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 866<br>(2 pgs) | Order Sustaining Trustee's Objection to Claim No. 25 of Nationwide Investigations & Security, Inc. Signed on 12/6/2024 (Related document(s):792 Objection to Claim) (srh4) (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 867<br>(2 pgs) | Order Sustaining Trustee's Objection to Claim No 17 of Arin-Air Signed on 12/6/2024 (Related document(s):790 Objection to Claim) (srh4) (Entered: 12/06/2024) |
| 12/06/2024 | ⬤ 868<br>(2 pgs) | Order Sustaining Trustee's Objection to Claim No. 8 of US Retailers LLC d/b/a/Cirro Energy Signed on 12/6/2024 (Related document(s):786 Objection to Claim) (srh4) (Entered: 12/06/2024) |

| 12/06/2024 | 🌐 869<br>(2 pgs) | Agreed Order Sustaining Trustee's Objection to claim No. 11 of H.N. B. Construction, LLC Signed on 12/6/2024 (Related document(s):788 Objection to Claim) (srh4) (Entered: 12/06/2024) |
| --- | --- | --- |
| 12/06/2024 | 🌐 870<br>(4 pgs) | Memorandum Opinion of Bankruptcy Judge Signed on 12/6/2024 (Related document(s):838 Emergency Motion, 839 Emergency Motion) (srh4) (Entered: 12/06/2024) |
| 12/06/2024 | 🌐 871<br>(3 pgs) | Order Granting Emergency Motion to Enforce Sale Order and Requiring Jetall Companies, Inc. to Vacate Property (Related Doc # 838) Signed on 12/6/2024. (srh4) (Entered: 12/06/2024) |
| 12/06/2024 | 🌐 872<br>(3 pgs) | Order Releasing Deed of Trust Instrument No RP 2021-358619 (Related Doc # 839) Signed on 12/6/2024. (srh4) (Entered: 12/06/2024) |
| 12/07/2024 | 🌐 873<br>(43 pgs; 2 docs) | Transcript RE: Hearing on Emergency Motions held on 12/5/24 before Judge Jeffrey P. Norman. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 03/7/2025. (AccessTranscripts) (Entered: 12/07/2024) |
| 12/07/2024 | 🌐 874<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):856 Order on Emergency Motion) No. of Notices: 9. Notice Date 12/07/2024. (Admin.) (Entered: 12/07/2024) |
| 12/08/2024 | 🌐 875<br>(19 pgs; 4 docs) | Notice of Appeal filed. (related document(s):870 Opinion, 871 Order on Emergency Motion, 872 Order on Emergency Motion). Fee Amount $298. Appellant Designation due by 12/23/2024. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Cecere, Joseph) (Entered: 12/08/2024) |
| 12/08/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number B25763260. Fee amount $ 298.00. (U.S. Treasury) (Entered: 12/08/2024) |
| 12/08/2024 | 🌐 876<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):863 Order Vacating Order) No. of Notices: 42. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/08/2024 | 🌐 877<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):864 Generic Order) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/08/2024 | 🌐 878<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):865 Generic Order) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/08/2024 | 🌐 879<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):866 Generic Order) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |

| 12/08/2024 | ● 880<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):867 Generic Order) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
|---|---|---|
| 12/08/2024 | ● 881<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):868 Generic Order) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/08/2024 | ● 882<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):869 Generic Order) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/08/2024 | ● 883<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):870 Opinion) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/08/2024 | ● 884<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):871 Order on Emergency Motion) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/08/2024 | ● 885<br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):872 Order on Emergency Motion) No. of Notices: 9. Notice Date 12/08/2024. (Admin.) (Entered: 12/08/2024) |
| 12/09/2024 | ● 886<br>(21 pgs; 3 docs) | Motion to Compel Filed by Interested Party Houston 2425 Galleria, LLC (Attachments: # 1 Exhibit A # 2 Exhibit B Proposed Order) (Conrad, Charles) (Entered: 12/09/2024) |
| 12/09/2024 | ● 887<br>(9 pgs; 2 docs) | Notice of Appeal filed. (related document(s):833 Generic Order). Fee Amount $298. Appellant Designation due by 12/23/2024. (Attachments: # 1 Exhibit) (Cecere, Joseph) (Entered: 12/09/2024) |
| 12/09/2024 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25766899. Fee amount $ 298.00. (U.S. Treasury) (Entered: 12/09/2024) |
| 12/10/2024 | ● 888 | Election to Appeal to District Court *NOA 875*. (hl4) (Entered: 12/10/2024) |
| 12/10/2024 | ● 889<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 12/08/2024, Jetall Companies filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 24cv4835. Parties notified (Related document(s):875 Notice of Appeal) (hl4) (Entered: 12/10/2024) |
| 12/10/2024 | ● 890 | Election to Appeal to District Court *NOA 887*. (hl4) (Entered: 12/10/2024) |
| 12/10/2024 | ● 891<br>(1 pg) | Clerk's Notice of Filing of an Appeal. On 12/09/2024, Ali Choudhri filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 24cv4836. Parties notified (Related document(s):887 Notice of Appeal) (hl4) (Entered: 12/10/2024) |
| 12/10/2024 | ● 892<br>(347 pgs; 20 docs) | Motion Filed by Debtor Galleria 2425 Owner, LLC Hearing scheduled for 12/18/2024 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Exhibit # 11 |

| | | Exhibit # 12 Exhibit # 13 Exhibit # 14 Exhibit # 15 Exhibit # 16 Exhibit # 17 Exhibit # 18 Exhibit # 19 Proposed Order) (Cecere, Joseph) (Entered: 12/10/2024) |
|---|---|---|
| 12/10/2024 | 893 (1 pg) | Order Striking Document Signed on 12/10/2024 (Related document(s):886 Motion to Compel) (trc4) (Entered: 12/10/2024) |
| 12/10/2024 | 894 (27 pgs) | Exhibit List (Filed By Nichamoff Law PC ).(Related document(s):787 Objection to Claim) (Nichamoff, Seth) (Entered: 12/10/2024) |
| 12/10/2024 | 895 (19 pgs; 3 docs) | Emergency Motion *NBK's Third Emergency Motion to Enforce Sale Order (Jetall Companies, Inc. -- Lis Pendens)* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B Proposed Order) (Conrad, Charles) (Entered: 12/10/2024) |
| 12/11/2024 | 896 (1 pg) | Order Setting Hearing Signed on 12/11/2024 (Related document(s):895 Emergency Motion to Enforce Sale Order) **Hearing scheduled for 12/20/2024 at 11:00 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 12/11/2024) |
| 12/11/2024 | 897 (2 pgs) | Order Denying Emergency Motion (Related Doc # 892) Signed on 12/11/2024. (trc4) (Entered: 12/11/2024) |
| 12/11/2024 | 898 (3 pgs) | Certificate *of Service* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):896 Order Setting Hearing) (Troop, Andrew) (Entered: 12/11/2024) |
| 12/11/2024 | 899 (4 pgs; 2 docs) | **Withdrawn at ECF 902** Response (related document(s):789 Objection to Claim, 820 Generic Order). (Attachments: # 1 Proposed Order) (Lim, Lloyd)Modified on 12/12/2024 (trc4). (Entered: 12/11/2024) |
| 12/11/2024 | 900 (6 pgs) | BNC Certificate of Mailing. (Related document(s):873 Transcript) No. of Notices: 9. Notice Date 12/11/2024. (Admin.) (Entered: 12/11/2024) |
| 12/11/2024 | 901 (4 pgs; 2 docs) | Response (related document(s):789 Objection to Claim, 820 Generic Order). (Attachments: # 1 Proposed Order) (Wilson, Broocks) (Entered: 12/11/2024) |
| 12/11/2024 | 902 (2 pgs) | Withdraw Document (Filed By Sonder USA Inc. ).(Related document(s):899 Response) (Wilson, Broocks) (Entered: 12/11/2024) |
| 12/12/2024 | 903 (3 pgs) | BNC Certificate of Mailing. (Related document(s):893 Generic Order) No. of Notices: 9. Notice Date 12/12/2024. (Admin.) (Entered: 12/13/2024) |
| 12/12/2024 | 904 (6 pgs) | BNC Certificate of Mailing. (Related document(s):889 Clerk's Notice of Filing of an Appeal) No. of Notices: 9. Notice Date 12/12/2024. (Admin.) (Entered: 12/13/2024) |
| 12/12/2024 | 905 (6 pgs) | BNC Certificate of Mailing. (Related document(s):891 Clerk's Notice of Filing of an Appeal) No. of Notices: 9. Notice Date 12/12/2024. (Admin.) (Entered: 12/13/2024) |

| | | |
|---|---|---|
| 12/13/2024 | ◉906<br>(6 pgs) | Witness List (Filed By Rodney Drinnon ).(Related document(s):785 Objection to Claim) (Drinnon, Rodney) (Entered: 12/13/2024) |
| 12/13/2024 | ◉907<br>(358 pgs; 5 docs) | Exhibit List (Filed By Rodney Drinnon ).(Related document(s):785 Objection to Claim) (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit) (Drinnon, Rodney) (Entered: 12/13/2024) |
| 12/13/2024 | ◉908<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):896 Order Setting Hearing) No. of Notices: 9. Notice Date 12/13/2024. (Admin.) (Entered: 12/13/2024) |
| 12/13/2024 | ◉909<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):897 Generic Order) No. of Notices: 9. Notice Date 12/13/2024. (Admin.) (Entered: 12/13/2024) |
| 12/16/2024 | ◉910<br>(346 pgs; 23 docs) | Exhibit List, Witness List (Filed By Christopher R Murray ).(Related document(s):785 Objection to Claim, 787 Objection to Claim, 791 Objection to Claim) (Attachments: # 1 Exhibit 1 - Proof of Claim No. 6 filed by Rodney L. Drinnon # 2 Exhibit 2 - Trustee's Objection to Claim No. 6 of Rodney L. Drinnon # 3 Exhibit 3 - Declaration of Murray re Objection to Claim No. 6 # 4 Exhibit 4 - Drinnon's Response to Trustee's Objection to Claim No. 6 # 5 Exhibit 5 - Annotated Objection to Claim No. 6 of Rodney L. Drinnon # 6 Exhibit 6 - Proof of Claim No. 9 filed by Nichamoff Law PC, Borunda, P.C., and the Norwood Firm, P.C. # 7 Exhibit 7 - Trustee's Objection to Claim No. 9 of Nichamoff Law PC, Borunda, P.C., and the Norwood Firm, P.C. # 8 Exhibit 8 - Declaration of Murray re Objection to Claim No. 9 # 9 Exhibit 9 - Response to Objection to Proof of Claim No. 9 # 10 Exhibit 10 - Annotated Objection to Claim No. 9 of Nichamoff Law PC, Borunda, P.C., and the Norwood Firm, P.C. # 11 Exhibit 11 - Confidential Settlement Agreement # 12 Exhibit 12 - Proof of Claim No. 14 filed by National Bank of Kuwait # 13 Exhibit 13 - Memorandum Opinion # 14 Exhibit 14 - Order Confirming Chapter 11 Plan of Liquidation of the Debtor by National Bank of Kuwait, S.A.K.P. New York Branch # 15 Exhibit 15 - Final Judgement re Appeal of Confirmation Order # 16 Exhibit 16 - Proof of Claim No. 19 filed by Lloyd E. Kelley # 17 Exhibit 17 - Trustee's Objection to Claim No. 19 of Lloyd E. Kelley # 18 Exhibit 18 - Declaration of Murray re Objection to Claim No. 19 # 19 Exhibit 19 - Kelley's Response to Objection to Claim and Motion to Compel Arbitration # 20 Exhibit 20 - Sonder Sale Order # 21 Exhibit 21 - Deed of Trust Granted by the Debtor to NBK dated May 23, 2018 # 22 Exhibit 22 - Absolute Assignment of Leases Granted by the Debtor to NBK dated May 23, 2018) (Shannon, R. J.) (Entered: 12/16/2024) |
| 12/17/2024 | ◉911<br>(3 pgs) | Order Canceling Lis Pendens (Related Doc # 895) Signed on 12/17/2024. (trc4) (Entered: 12/17/2024) |
| 12/17/2024 | ◉912<br>(2 pgs) | Order Sustaining Objection to Claim Number 6 of Rodney Drinnon Signed on 12/17/2024 (Related document(s):785 Objection to Claim) (trc4) (Entered: 12/17/2024) |
| 12/17/2024 | ◉913<br>(1 pg) | Order on Objection to Claim #19 of Lloyd E. Kelley Signed on 12/17/2024 (Related document(s):791 Objection to Claim) (trc4) (Entered: 12/17/2024) |

| 12/17/2024 | 914 (2 pgs) | Order on Objection to Claim Number 9 of The Nichamoff Law PC Signed on 12/17/2024 (Related document(s):787 Objection to Claim) (trc4) (Entered: 12/17/2024) |
|---|---|---|
| 12/18/2024 | 915 | Courtroom Minutes. Time Hearing Held: 11:00. Appearances: RJ Shannon for Chris Murray. (Related document(s):789 Objection to Claim Number 15 by Claimant Sonder USA Inc ) Status Conference held. Parties agreed to a Continuance. **Hearing scheduled for 2/18/2025 at 11:00 AM at Houston, Courtroom 403 (JPN).** (srh4). (Entered: 12/18/2024) |
| 12/18/2024 | 916 (1 pg) | PDF with attached Audio File. Court Date & Time [ 12/18/2024 11:04:25 AM ]. File Size [ 745 KB ]. Run Time [ 00:01:33 ]. (admin). (Entered: 12/18/2024) |
| 12/19/2024 | 918 (5 pgs) | BNC Certificate of Mailing. (Related document(s):911 Order on Emergency Motion) No. of Notices: 9. Notice Date 12/19/2024. (Admin.) (Entered: 12/19/2024) |
| 12/19/2024 | 919 (7 pgs) | BNC Certificate of Mailing. (Related document(s):912 Order on Claim Objection) No. of Notices: 9. Notice Date 12/19/2024. (Admin.) (Entered: 12/19/2024) |
| 12/19/2024 | 920 (6 pgs) | BNC Certificate of Mailing. (Related document(s):913 Order on Claim Objection) No. of Notices: 10. Notice Date 12/19/2024. (Admin.) (Entered: 12/19/2024) |
| 12/19/2024 | 921 (7 pgs) | BNC Certificate of Mailing. (Related document(s):914 Order on Claim Objection) No. of Notices: 10. Notice Date 12/19/2024. (Admin.) (Entered: 12/19/2024) |
| 12/23/2024 | 922 (6 pgs) | Statement of Issues on Appeal (related document(s):870 Opinion, 871 Order on Emergency Motion, 872 Order on Emergency Motion). (Cecere, Joseph) (Entered: 12/23/2024) |
| 12/23/2024 | 923 (6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):833 Generic Order). (Cecere, Joseph) (Entered: 12/23/2024) |
| 01/06/2025 | 924 (3 pgs) | First Notice *of Hearing on Amended Motion for Remand*. Filed by Jetall Companies, Inc. (Rayome, Justin) (Entered: 01/06/2025) |
| 01/07/2025 | | Adversary Case 4:24-ap-3257 Closed. (trc4) (Entered: 01/07/2025) |
| 01/08/2025 | 925 (1 pg) | Docketed in Error - Notice of Deficiency Regarding a Bankruptcy Appeal (Related document(s):887 Notice of Appeal) (hl4)Modified on 1/10/2025 (hl4). (Entered: 01/08/2025) |
| 01/10/2025 | 926 (4 pgs; 2 docs) | Motion to Withdraw as Attorney. Objections/Request for Hearing Due in 21 days. Filed by Creditor Sonder USA Inc. (Attachments: # 1 Proposed Order) (Wilson, Broocks) (Entered: 01/10/2025) |
| 01/13/2025 | 927 (1 pg) | Order Granting Motion To Withdraw As Attorney (Related Doc # 926) Signed on 1/13/2025. (trc4) (Entered: 01/13/2025) |

| | | |
|---|---|---|
| 01/13/2025 | ⊙ 929<br>(8 pgs) | USM 285 Return of Service Executed (Related document(s):871 Order on Emergency Motion to Enforce Sale Order and Requiring Jetall Companies, Inc. to Vacate Property). Served on 12/23/2024 (jld4) (Entered: 01/17/2025) |
| 01/13/2025 | ⊙ 930<br>(7 pgs) | USM 285 Return of Service Executed (Related documents: 871 Order on Emergency Motion to Enforce Sale Order and Requiring Jetall Companies, Inc. to Vacate Property and 917 Writ Issued). Served on 12/23/2024). (jld4) (Entered: 01/17/2025) |
| 01/15/2025 | ⊙ 928<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):927 Order on Motion to Withdraw as Attorney) No. of Notices: 9. Notice Date 01/15/2025. (Admin.) (Entered: 01/15/2025) |
| 01/17/2025 | ⊙ 931<br>(18 pgs; 4 docs) | Emergency Motion *for Contempt Against Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC, and Justin Rayome for Violation of Bankruptcy Court's Orders* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C Proposed Order) (Conrad, Charles). (Entered: 01/17/2025) |
| 01/20/2025 | ⊙ 932<br>(1 pg) | Order Setting Hearing Signed on 1/20/2025 (Related document(s):931 Emergency Motion for Contempt) **Hearing scheduled for 1/24/2025 at 01:30 PM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 01/20/2025) |
| 01/21/2025 | ⊙ 933<br>(3 pgs) | Certificate *of Service* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):932 Order Setting Hearing) (Troop, Andrew) (Entered: 01/21/2025) |
| 01/22/2025 | ⊙ 934<br>(282 pgs; 22 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):931 Emergency Motion, 932 Order Setting Hearing) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17-A # 18 Exhibit 17-B # 19 Exhibit 17-C # 20 Exhibit 17-D # 21 Exhibit 18) (Conrad, Charles) (Entered: 01/22/2025) |
| 01/23/2025 | ⊙ 935<br>(3 pgs) | Notice of Appearance and Request for Notice Filed by J Eric Lockridge Filed by on behalf of Sonder USA Inc. (Lockridge, J) (Entered: 01/23/2025) |
| 01/23/2025 | ⊙ 936<br>(6 pgs) | Motion to Continue Hearing On (related document(s):931 Emergency Motion). Filed by Creditor Jetall Capital, LLC (Rayome, Justin) (Entered: 01/23/2025) |
| 01/23/2025 | ⊙ 937<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):932 Order Setting Hearing) No. of Notices: 9. Notice Date 01/23/2025. (Admin.) (Entered: 01/23/2025) |
| 01/24/2025 | ⊙ 938<br>(80 pgs; 4 docs) | Exhibit List (Filed By Jetall Capital, LLC ).(Related document(s):931 Emergency Motion) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Rayome, Justin) (Entered: 01/24/2025) |

| | | |
|---|---|---|
| 01/24/2025 | 🔵 939<br>(1 pg) | Order Setting Hearing Signed on 1/24/2025 (Related document(s):936 Motion to Continue/Reschedule Hearing) Hearing scheduled for 1/24/2025 at 01:30 PM at Houston, Courtroom 403 (JPN). (trc4) (Entered: 01/24/2025) |
| 01/24/2025 | 🔵 940<br>(14 pgs; 2 docs) | Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):931 Emergency Motion, 934 Witness List, Exhibit List) (Attachments: # 1 Exhibit 19) (Conrad, Charles) (Entered: 01/24/2025) |
| 01/24/2025 | 🔵 941<br>(7 pgs) | Amended Motion to Continue Hearing On (related document(s):931 Emergency Motion). Filed by Creditor Jetall Capital, LLC (Rayome, Justin) (Entered: 01/24/2025) |
| 01/24/2025 | 🔵 942<br>(8 pgs) | Response (Filed By Jetall Capital, LLC ).(Related document(s):931 Emergency Motion) (Rayome, Justin) (Entered: 01/24/2025) |
| 01/24/2025 | 🔵 943<br>(12 pgs; 2 docs) | Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):931 Emergency Motion, 934 Witness List, Exhibit List, 940 Exhibit List) (Attachments: # 1 Exhibit 20) (Conrad, Charles) (Entered: 01/24/2025) |
| 01/24/2025 | 🔵 944<br>(10 pgs) | Response (Filed By Jetall Capital, LLC ).(Related document(s):931 Emergency Motion) (Rayome, Justin) (Entered: 01/24/2025) |
| 01/24/2025 | ⚫ 945 | Courtroom Minutes. Time Hearing Held: 1:30. Appearances: Charles Conrad, James Dickinson and Andrew Troop for National Bank of Kuwait and Houston 2425 Galleria LLC, . R.J. Shannon for Chris Murray, Lance Nguyen for Jetall Compnaies, Inc. Jetall Captial, LLC, 2425 WL, LLC, and Justin Rayome. (Related document(s):931 Emergency Motion for Contempt, 936 Motion to Continue/Reschedule Hearing) Cased called. Court granted Motion to Continue. ECF 931 rescheduled to in person **01/29/2025 at 11:30 a.m.** (srh4) (Entered: 01/24/2025) |
| 01/24/2025 | 🔵 946<br>(1 pg) | Order Granting Motion To Continue (Related Doc # 941) Signed on 1/24/2025. **Hearing on ECF 931 is continued to 1/29/2025 at 11:30 AM at Houston, Courtroom 403 (JPN).** (trc4) (Entered: 01/24/2025) |
| 01/24/2025 | 🔵 947<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Justin Rayome. This is to order a transcript of Contempt Hearing 1/24/2025 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Trinity Transcription Services (Filed By Jetall Capital, LLC ). (Rayome, Justin) Electronically forwarded to Trinity on 1/27/2025. Estimated completion date: 1/28/2025. Modified on 1/27/2025 (gc4). (Entered: 01/24/2025) |
| 01/26/2025 | 🔵 948<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):939 Order Setting Hearing) No. of Notices: 9. Notice Date 01/26/2025. (Admin.) (Entered: 01/26/2025) |
| 01/26/2025 | 🔵 949<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):946 Order on Motion to Continue/Reschedule Hearing) No. of Notices: 9. Notice Date 01/26/2025. (Admin.) (Entered: 01/26/2025) |

| | | |
|---|---|---|
| 01/27/2025 | 950 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/24/2025 1:28:33 PM ]. File Size [ 7502 KB ]. Run Time [ 00:15:38 ]. (admin). (Entered: 01/27/2025) |
| 01/27/2025 | 951 (78 pgs; 8 docs) | Adversary case 25-03016. Nature of Suit: (01 (Determination of removed claim or cause)) Notice of Removal Jetall Companies, Inc.. Fee Amount $350 (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G) (Conrad, Charles) (Entered: 01/27/2025) |
| 01/27/2025 | 952 (34 pgs; 3 docs) | Reply *in Support of Emergency Motion for Contempt* (related document(s):931 Emergency Motion). Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B) (Conrad, Charles) (Entered: 01/27/2025) |
| 01/27/2025 | 953 (13 pgs) | Affidavit Re: *Proof of Service on Subpoena to Appear and Testify at a Hearing or Trial (Gene McCubbin)* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):931 Emergency Motion, 946 Order on Motion to Continue/Reschedule Hearing) (Conrad, Charles) (Entered: 01/27/2025) |
| 01/27/2025 | 954 (2 pgs) | Motion To Substitute Attorney. Filed by Creditor Jetall Capital, LLC Hearing scheduled for 1/29/2025 at 11:30 AM at Houston, Courtroom 403 (JPN). (Rayome, Justin) (Entered: 01/27/2025) |
| 01/27/2025 | 955 (427 pgs; 29 docs) | Witness List, Exhibit List (Filed By Houston 2425 Galleria, LLC, National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):931 Emergency Motion, 946 Order on Motion to Continue/Reschedule Hearing, 952 Reply) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17-A # 18 Exhibit 17-B # 19 Exhibit 17-C # 20 Exhibit 17-D # 21 Exhibit 18 # 22 Exhibit 19 # 23 Exhibit 20 # 24 Exhibit 21 # 25 Exhibit 22 # 26 Exhibit 23 # 27 Exhibit 24 # 28 Exhibit 25) (Conrad, Charles) (Entered: 01/27/2025) |
| 01/27/2025 | 956 (5 pgs) | Response (Filed By Jetall Capital, LLC ).(Related document(s):931 Emergency Motion) (Rayome, Justin) (Entered: 01/27/2025) |
| 01/27/2025 | 957 (73 pgs; 7 docs) | Emergency Motion *NBK's Fourth Emergency Motion to Enforce Sale Order and Cancel Lis Pendens Recorded as Instrument Nos. RP-2024-477576, RP-2025-23705, RP-2025-25888* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F Proposed Order) (Conrad, Charles) (Entered: 01/27/2025) |
| 01/28/2025 | 958 (3 pgs) | Order Canceling Lis Pendens Recorded as Instrument NOS. RP-2024-477576, RP-2025-23705, AND RP-2025-25888 (Related Doc # 957) Signed on 1/28/2025. (trc4) (Entered: 01/28/2025) |
| 01/28/2025 | 959 (1 pg) | Order Granting Motion to Substitute Attorney adding Lance Hac Nguyen for Jetall Companies, Inc.; 2425 WL, LLC and Jetall Capital, LLC, terminating Justin Peter Louis Rayome. (Related Doc # 954) Signed on 1/28/2025. (trc4) (Entered: 01/28/2025) |

| 01/28/2025 | 🌐960<br>(2 pgs) | Declaration re: *service of filed pleadings* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) (Entered: 01/28/2025) |
|---|---|---|
| 01/28/2025 | 🌐961<br>(20 pgs; 3 docs) | Emergency Motion *NBK's Emergency Motion to Adduce Gene McCubbin's Testimony Remotely for January 29, 2025 Hearing on Motion for Contempt [ECF No. 931]* Filed by Creditor National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B Proposed Order) (Troop, Andrew) (Entered: 01/28/2025) |
| 01/28/2025 | 🌐962<br>(6 pgs; 2 docs) | Motion to Quash *or Modify Subpoena* Filed by Creditor Ali Choudhri Hearing scheduled for 2/4/2025 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Proposed Order) (Hood, Lori) (Entered: 01/28/2025) |
| 01/29/2025 | 🌐963<br>(6 pgs; 2 docs) | Notice of Appeal filed. (related document(s):958 Order on Emergency Motion). Fee Amount $298. Appellant Designation due by 02/12/2025. (Attachments: # 1 Exhibit) (Rayome, Justin) (Entered: 01/29/2025) |
| 01/29/2025 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25881869. Fee amount $ 298.00. (U.S. Treasury) (Entered: 01/29/2025) |
| 01/29/2025 | ⚫964 | Election to Appeal to District Court *NOA 963*. (Rayome, Justin) (Entered: 01/29/2025) |
| 01/29/2025 | 🌐965<br>(2 pgs) | Order Granting NBK's Emergency Motion to Adduce Testimony of Gene McCubbin Remotely for January 29, 2025 Hearing on Motion for Contempt (Related Doc # 961) Signed on 1/29/2025. (trc4) (Entered: 01/29/2025) |
| 01/29/2025 | 🌐966<br>(2 pgs) | Order Denying Motion To Quash Subpoena (Related Doc # 962) Signed on 1/29/2025. (trc4) (Entered: 01/29/2025) |
| 01/29/2025 | ⚫967 | Courtroom Minutes. Time Hearing Held: 11:30. Appearances: Charles Conrad, James Dickinson and Andrew Troop for National Bank of Kuwait and Houston 2425 Galleria LLC,. Lance Nguyen for Jetall Companies, Inc. Jetall Captial, LLC, 2425 WL, LLC, and witness Justin Rayome and Gene McCubbin. (Related document(s):931 Emergency Motion) Witness Gene McCubbin sworn. Parties agreed to continue hearing and submit an agreed order on no fact findings. **Hearing scheduled for 2/11/2025 at 02:30 PM at Houston, Courtroom 403 (JPN).** (srh4) (Entered: 01/29/2025) |
| 01/29/2025 | 🌐968<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/29/2025 11:29:20 AM ]. File Size [ 1784 KB ]. Run Time [ 00:03:43 ]. (admin). (Entered: 01/29/2025) |
| 01/29/2025 | 🌐969<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/29/2025 11:41:37 AM ]. File Size [ 1377 KB ]. Run Time [ 00:02:52 ]. (admin). (Entered: 01/29/2025) |
| 01/29/2025 | 🌐970<br>(16 pgs; 2 docs) | Transcript RE: EMERGENCY MOTION HEARING held on January 24, 2025 before Judge Jeffrey P. Norman. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to |

| | | |
|---|---|---|
| | | comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 04/29/2025. (Battaglia, Cheryl) (Entered: 01/29/2025) |
| 01/30/2025 | 971 (8 pgs; 2 docs) | Emergency Motion *NBK's Emergency Motion to Correct Fourth Enforcement Order* Filed by Creditor National Bank of Kuwait, S.A.K.P, New York Branch (Attachments: # 1 Exhibit A Proposed Order) (Conrad, Charles) (Entered: 01/30/2025) |
| 01/30/2025 | 972 (3 pgs) | Corrected Order Canceling Lis Pendens Recorded as Instrument NOS. RP-2024-477576, RP-2025-23705, AND RP-2025-25888 (Related Doc # 971) Signed on 1/30/2025. (trc4) (Entered: 01/30/2025) |
| 01/30/2025 | 973 (2 pgs) | Proposed Order Submission After Hearing (Filed By National Bank of Kuwait, S.A.K.P, New York Branch ).(Related document(s):931 Emergency Motion, 967 Courtroom Minutes) (Conrad, Charles) (Entered: 01/30/2025) |
| 01/30/2025 | 974 (5 pgs) | BNC Certificate of Mailing. (Related document(s):958 Order on Emergency Motion) No. of Notices: 9. Notice Date 01/30/2025. (Admin.) (Entered: 01/30/2025) |
| 01/30/2025 | 975 (3 pgs) | BNC Certificate of Mailing. (Related document(s):959 Order on Motion To Substitute Attorney) No. of Notices: 10. Notice Date 01/30/2025. (Admin.) (Entered: 01/30/2025) |
| 01/31/2025 | 976 (2 pgs) | Interim Order on Motion for Contempt (Related Doc # 931) Signed on 1/31/2025. (srh4) (Entered: 01/31/2025) |
| 01/31/2025 | 977 (4 pgs) | BNC Certificate of Mailing. (Related document(s):965 Order on Emergency Motion) No. of Notices: 10. Notice Date 01/31/2025. (Admin.) (Entered: 01/31/2025) |
| 01/31/2025 | 978 (4 pgs) | BNC Certificate of Mailing. (Related document(s):966 Order on Motion To Quash) No. of Notices: 10. Notice Date 01/31/2025. (Admin.) (Entered: 01/31/2025) |
| 02/01/2025 | 979 (6 pgs) | BNC Certificate of Mailing. (Related document(s):970 Transcript) No. of Notices: 10. Notice Date 02/01/2025. (Admin.) (Entered: 02/01/2025) |
| 02/01/2025 | 980 (5 pgs) | BNC Certificate of Mailing. (Related document(s):972 Order on Emergency Motion) No. of Notices: 10. Notice Date 02/01/2025. (Admin.) (Entered: 02/01/2025) |
| 02/02/2025 | 981 (4 pgs) | BNC Certificate of Mailing. (Related document(s):976 Order on Emergency Motion) No. of Notices: 10. Notice Date 02/02/2025. (Admin.) (Entered: 02/02/2025) |
| 02/03/2025 | | NOA 887 ready to be transmitted to district court 24cv4836 (hl4) (Entered: 02/03/2025) |
| 02/03/2025 | 982 (1 pg) | Clerk's Notice of Filing of an Appeal. On 01-29-2025, Jetall Companies Inc. et al filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 25cv0439. Parties notified |

| | | |
|---|---|---|
| | | (Related document(s):963 Notice of Appeal) (hl4) (Entered: 02/03/2025) |
| 02/05/2025 | 983<br>(9 pgs) | Notice *Supplemental Notice of Authority [Related to ECF No. 931].* (Related document(s):952 Reply, 967 Courtroom Minutes) Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Conrad, Charles) (Entered: 02/05/2025) |
| 02/05/2025 | 984<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):982 Clerk's Notice of Filing of an Appeal) No. of Notices: 10. Notice Date 02/05/2025. (Admin.) (Entered: 02/05/2025) |
| 02/06/2025 | 985<br>(476 pgs; 35 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):955 Witness List, Exhibit List, 967 Courtroom Minutes) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17-A # 18 Exhibit 17-B # 19 Exhibit 17-C # 20 Exhibit 17-D # 21 Exhibit 18 # 22 Exhibit 19 # 23 Exhibit 20 # 24 Exhibit 21 # 25 Exhibit 22 # 26 Exhibit 23 # 27 Exhibit 24 # 28 Exhibit 25 # 29 Exhibit 26 # 30 Exhibit 27 # 31 Exhibit 28 # 32 Exhibit 29 # 33 Exhibit 30 # 34 Exhibit 31) (Conrad, Charles) (Entered: 02/06/2025) |
| 02/10/2025 | 986<br>(15 pgs; 4 docs) | Reply *National Bank of Kuwait, S.A.K.P. New York Branch's Supplement to the Emergency Motion for Contempt Against Jetall Companies, Inc., Jetall Capital, LLC, 2425 WL, LLC, and Justin Rayome for Violation of Bankruptcy Court's Order (related to ECF Nos. 931 and 958)).* Filed by National Bank of Kuwait, S.A.K.P., New York Branch (Attachments: # 1 Exhibit A # 2 Exhibit B Proposed Order # 3 Exhibit C) (Conrad, Charles) (Entered: 02/10/2025) |
| 02/10/2025 | 987<br>(764 pgs; 38 docs) | Witness List, Exhibit List (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s):932 Order Setting Hearing, 934 Witness List, Exhibit List, 946 Order on Motion to Continue/Reschedule Hearing, 955 Witness List, Exhibit List, 967 Courtroom Minutes, 985 Witness List, Exhibit List) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21 # 22 Exhibit 22 # 23 Exhibit 23 # 24 Exhibit 24 # 25 Exhibit 25 # 26 Exhibit 26 # 27 Exhibit 27 # 28 Exhibit 28 # 29 Exhibit 29 # 30 Exhibit 30 # 31 Exhibit 31 # 32 Exhibit 32 # 33 Exhibit 33 # 34 Exhibit 34 # 35 Exhibit 35 # 36 Exhibit 36 # 37 Exhibit 37) (Conrad, Charles) (Entered: 02/10/2025) |
| 02/10/2025 | 988<br>(4 pgs) | Response (Filed By Jetall Capital, LLC ).(Related document(s):976 Order on Emergency Motion) (Rayome, Justin) (Entered: 02/10/2025) |
| 02/10/2025 | 989<br>(4 pgs) | Declaration re: *Return of Non-Service re Subpoena to Appear and Testify - Ali Choudhri* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s): 967 Courtroom Minutes) (Conrad, Charles) (Entered: 02/10/2025) |
| 02/10/2025 | 990<br>(4 pgs) | Declaration re: *Return of Non-Service re Subpoena to Appear and Testify - Jetall Capital LLC* (Filed By National Bank of Kuwait, |

| | | |
|---|---|---|
| | | S.A.K.P., New York Branch ).(Related document(s): 967 Courtroom Minutes) (Conrad, Charles) (Entered: 02/10/2025) |
| 02/10/2025 | 🌐991<br>(4 pgs) | Declaration re: *Return of Non-Service re Subpoena to Appear and Testify - Jetall Companies, Inc.* (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ).(Related document(s): 967 Courtroom Minutes) (Conrad, Charles) (Entered: 02/10/2025) |
| 02/11/2025 | 🌐992<br>(2 pgs) | Notice of Appearance and Request for Notice Filed by Justin Peter Louis Rayome Filed by on behalf of Jetall Capital, LLC (Rayome, Justin) (Entered: 02/11/2025) |
| 02/11/2025 | ⬤ 993 | Courtroom Minutes. Time Hearing Held: 2:30. Appearances: Charles Conrad, Patrick Fitzmaurice, Andrew Troop for National Bank of Kuwait and Houston 2425 Galleria LLC Lance Nguyen for Justin Rayome, Russell Beustring Limited appearances Jetall properties, David McClure for limited appearance for Jetall Companies and 2524 WL LLC Witness : Justin Rayome and Dward Darjean. (Related document(s):931 Emergency Motion) Evidentiary Hearing held. Documents ECF 987-1 thru 987-37 admitted on the record. Opening Arguments by Andrew Troop and Lance Nguyen. Direct examination of Justin Rayome by Patrick Fitzmaurice. Cross examination by Lance Nguyen of Justin Rayome. Cross examination by Russell Beustring of Justin Rayome. Direct examination of Dward Darjean by Patrick Fitzmaurice. Closing argument by Lance Nguyen, Russell Beaustring, David McClure, and Andrew Troop. Court will enter order granting Motion for Contempt. (srh4) (Entered: 02/11/2025) |
| 02/11/2025 | 🌐994<br>(1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 2/11/2025 2:29:00 PM ]. File Size [ 70649 KB ]. Run Time [ 02:27:11 ]. (admin). (Entered: 02/11/2025) |
| 02/12/2025 | 🌐995<br>(6 pgs) | Order on Emergency Motion for Contempt Signed on 2/12/2025 (Related document(s):931 Emergency Motion, 986 Reply) (srh4) (Entered: 02/12/2025) |
| 02/12/2025 | 🌐996<br>(9 pgs; 2 docs) | Notice of Appeal filed. (related document(s):995 Generic Order). Fee Amount $298. Appellant Designation due by 02/26/2025. (Attachments: # 1 Exhibit 1) (Rayome, Justin) (Entered: 02/12/2025) |
| 02/12/2025 | | Receipt of Notice of Appeal( 23-34815) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number A25918341. Fee amount $ 298.00. (U.S. Treasury) (Entered: 02/12/2025) |
| 02/12/2025 | ⬤ 997 | Election to Appeal to District Court *for the Southern District of Texas*. (Rayome, Justin) (Entered: 02/12/2025) |
| 02/14/2025 | 🌐998<br>(8 pgs) | BNC Certificate of Mailing. (Related document(s):995 Generic Order) No. of Notices: 10. Notice Date 02/14/2025. (Admin.) (Entered: 02/14/2025) |
| 02/16/2025 | 🌐999<br>(2 pgs) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Jetall Capital, LLC. This is to order a transcript of Motion for Contempt 02/11/2025 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Trinity Transcription Services (Filed By Jetall Capital, LLC ). (Rayome, Justin) Electronically forwarded to Trinity on 2/18/2025. Estimated |

| | | completion date: 2/19/2025. Modified on 2/18/2025 (gc4). (Entered: 02/16/2025) |
|---|---|---|
| 02/18/2025 | 🔘 1000 | Courtroom Minutes. Time Hearing Held: 11:00. Appearances: Michelle Fiery for Sonder USA Inc., RJ Shannon for Christopher Murray,. (Related document(s):789 Objection to Claim) Case called. Parties agreed to a continuance. **Hearing scheduled for 4/23/2025 at 11:00 AM at Houston, Courtroom 403 (JPN).** (srh4) (Entered: 02/18/2025) |
| 02/18/2025 | 🔘 1001 (1 pg) | ⊕)) PDF with attached Audio File. Court Date & Time [ 2/18/2025 10:59:00 AM ]. File Size [ 1625 KB ]. Run Time [ 00:03:23 ]. (admin). (Entered: 02/18/2025) |
| 02/18/2025 | 🔘 1002 (1 pg) | Clerk's Notice of Filing of an Appeal. On 02/12/2025, Jetall Companies, Inc et al filed a notice of appeal. The appeal has been assigned to U.S. District Judge Keith P Ellison, Civil Action 4:25cv705. Parties notified (Related document(s):996 Notice of Appeal) (bwl4) (Entered: 02/18/2025) |
| 02/18/2025 | 🔘 1003 (1 pg) | DOCKETED IN ERROR - CORRECT NOTICE IS AT 1002 Clerk's Notice of Filing of an Appeal (Related document(s):996 Notice of Appeal) (sat4)Modified on 2/18/2025 (rbw4). (Entered: 02/18/2025) |
| 02/19/2025 | 🔘 1004 (2 pgs) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by National Bank of Kuwait, S.A.K.P. / Charles Conrad. This is to order a transcript of hearing 02/11/25 before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Trinity Transcription Services (Filed By National Bank of Kuwait, S.A.K.P., New York Branch ). (Conrad, Charles) Copy request electronically forwarded to Trinity on 2/20/2025. Estimated completion date: 2/23/2025. Modified on 2/20/2025 (gc4). (Entered: 02/19/2025) |
| 02/19/2025 | 🔘 1005 (10 pgs) | Chapter 11 Post-Confirmation Report for Quarter Ended 9/30/2024 (Filed By Christopher Murray ). (Murray, Christopher) (Entered: 02/19/2025) |
| 02/19/2025 | 🔘 1006 (10 pgs) | Chapter 11 Post-Confirmation Report for Quarter Ended 12/31/2024 (Filed By Christopher Murray ). (Murray, Christopher) (Entered: 02/19/2025) |
| 02/20/2025 | 🔘 1007 (116 pgs; 2 docs) | Transcript RE: EMERGENCY MOTION FOR CONTEMPT HEARING held on February 11, 2025 before Judge Jeffrey P. Norman. Transcript is available for viewing in the Clerk's Office. Within 21 days, parties are advised to comply with privacy requirements of Fed. R. Bank. P. 9037, ensuring that certain protected information is redacted from transcripts prior to their availability on PACER. Filed by Transcript access will be restricted through 05/21/2025. (Battaglia, Cheryl) (Entered: 02/20/2025) |
| 02/20/2025 | 🔘 1008 (6 pgs) | BNC Certificate of Mailing. (Related document(s):1002 Clerk's Notice of Filing of an Appeal) No. of Notices: 10. Notice Date 02/20/2025. (Admin.) (Entered: 02/20/2025) |
| 02/20/2025 | 🔘 1009 (6 pgs) | BNC Certificate of Mailing. (Related document(s):1003 Clerk's Notice of Filing of an Appeal) No. of Notices: 10. Notice Date 02/20/2025. (Admin.) (Entered: 02/20/2025) |

| 02/23/2025 | 1010<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):1007 Transcript) No. of Notices: 10. Notice Date 02/23/2025. (Admin.) (Entered: 02/23/2025) |
| 02/26/2025 | 1011<br>(166 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal (related document(s):995 Generic Order). (Rayome, Justin) (Entered: 02/26/2025) |
| 03/07/2025 | 1012<br>(1 pg) | COPY Order entered in 4:24cv2073. Deficiencies in appeal due within 7 days or the appeal will be dismissed. Signed by Judge Keith P Ellison on 3/7/2025 (Related document(s):398 Clerk's Notice of Filing of an Appeal) (hlc4) (Entered: 03/10/2025) |
| 03/12/2025 | 1013<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):1012 Generic Order) No. of Notices: 10. Notice Date 03/12/2025. (Admin.) (Entered: 03/12/2025) |
| 03/18/2025 | 1014<br>(1 pg) | AO 435 TRANSCRIPT ORDER FORM (3-Day) by R.J. Shannon. This is to order a transcript of Order on Motion for Sale of Property under Section 363(b) Proposed order filed at docket [606-1] on 7/08/2024 at 2:00 p.m. before Judge Jeffrey P. Norman. Court Reporter/Transcriber: Veritext Legal Solutions (Filed By Shannon & Lee LLP ). (Shannon, R. J.) Copy request forwarded electronically to Veritext Legal Solutions on 3/21/2025. Estimated completion date: 3/24/2025. Modified on 3/21/2025 (anc4). (Entered: 03/18/2025) |
| 03/19/2025 | 1015<br>(1 pg) | Final Order By District Court Judge Keith P. Ellison, Re: Appeal on Civil Action Number:4:24-cv-2073 , The appellant has not designated the record as required by Fed. R. Bankr. P. 8009. The Court hereby DISMISSSES the appeal. Signed on 3/19/2025 (jm4) (Entered: 03/19/2025) |
| 03/21/2025 | 1016<br>(6 pgs) | BNC Certificate of Mailing. (Related document(s):1015 Order District Court re: Appeal) No. of Notices: 10. Notice Date 03/21/2025. (Admin.) (Entered: 03/21/2025) |
| 03/21/2025 | 1017<br>(5 pgs) | BNC Certificate of Mailing. (Related document(s):1015 Order District Court re: Appeal) No. of Notices: 0. Notice Date 03/21/2025. (Admin.) (Entered: 03/21/2025) |
| 03/27/2025 | 1018<br>(6 pgs) | Motion *to Stay Contempt Order* Filed by Creditors 2425 WL, LLC, Jetall Capital, LLC (Rayome, Justin) (Entered: 03/27/2025) |
| 03/27/2025 | 1019<br>(6 pgs) | Motion To Stay Pending Appeal. Filed by Creditors 2425 WL, LLC, Jetall Capital, LLC (Rayome, Justin) (Entered: 03/27/2025) |
| 03/28/2025 | 1020<br>(1 pg) | Order Denying Motion To Stay Pending Appeal (Related Doc # 1019) Signed on 3/28/2025. This motion is a duplicate of the motion filed at ECF No. 1018. Denied as Moot. (trc4) (Entered: 03/28/2025) |
| 03/28/2025 | 1021<br>(2 pgs) | Order Denying Motion to Stay Pending Appeal (Related Doc # 1018) Signed on 3/28/2025. (trc4) (Entered: 03/28/2025) |
| 03/30/2025 | 1022<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):1020 Order on Motion To Stay Pending Appeal) No. of Notices: 10. Notice Date 03/30/2025. (Admin.) (Entered: 03/30/2025) |

| 03/30/2025 | 1023<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):1021 Generic Order) No. of Notices: 10. Notice Date 03/30/2025. (Admin.) (Entered: 03/30/2025) |
|---|---|---|
| 04/18/2025 | 1024<br>(30 pgs; 3 docs) | Motion to Approve Compromise under Rule 9019 *regarding Trustee's Objection to Claim No. 15 Filed by Sonder USA Inc [Dkt. No. 789]* Filed by Liquidator Christopher Murray Hearing scheduled for 5/22/2025 at 11:00 AM at Houston, Courtroom 403 (JPN). (Attachments: # 1 Exhibit A - Jackson Declaration # 2 Proposed Order) (Shannon, R. J.) (Entered: 04/18/2025) |
| 04/18/2025 | | Motion to Compromise at ECF 1024. Hearing Continued (Related document(s):789 Objection to Claim) **Status Conference Continued to 5/22/2025 at 11:00 AM at Houston, Courtroom 403 (JPN).** (srh4) (Entered: 04/18/2025) |

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | ) ) ) | Case No. 23-34815 |
| Debtor. | ) ) | |

**NOTICE OF APPEAL**

Notice is hereby given that creditor and real party in interest Ali Choudhri files this appeal to the United States District Court for the Southern District of Texas from the following order:

    a.  the "Order Denying Motion (ECF 810)" [Dkt. No. 833], attached as **<u>Exhibit 1</u>**;

Ali Choudhri is a creditor and real-party-in-interest in this bankruptcy case.

The other parties to the appeal and their attorneys include the following:

Galleria 2425 Owner, LLC

*Debtor*

Reese W Baker
Baker & Associates
950 Echo Lane
Suite 300
Houston, TX 77024
713-869-9200
Fax : 713-869-9100
courtdocs@bakerassociates.net

James Q. Pope
The Pope Law Firm
6161 Savoy Drive
Ste 1125
Houston, TX 77036
713-449-4481
ecf@thepopelawfirm.com

Jeffrey W Steidley
Steidley Law Firm
3000 Weslayan
Ste 200
Houston, TX 77027
713-523-9595
Jeff@texlaw.us

Christopher R Murray,

*Trustee*

**Christopher R Murray**
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007
832-529-1999
Fax : 832-529-3393
chris@jonesmurray.com

**R. J. Shannon**
**Kyung Shik Lee**
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002
713-714-5770
rshannon@shannonleellp.com
klee@shannonleellp.com

National Bank of Kuwait-New York
Branch
*Plan proponent*

Charles C. Conrad
Ryan Steinbrunner
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

Andrew M. Troop
Patrick E. Fitzmaurice
 Kwame O. Akuffo
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

3

Respectfully submitted,

*/s/ J. Carl Cecere*

J. Carl Cecere
State Bar No. 13268300
(admitted pro hac vice)
**Cecere PC**
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455

*Attorney for 2425 WL, LLC and*
*Ali Choudhri*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 9th day of December, 2024, a true and correct copy of the foregoing was served on the following in accordance with the CM/ECF e-filing system, and upon all others who have consented to service in this case by registering to receive notices in this case through the CM/ECF e-filing system.

Christopher R Murray
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007
832-529-1999
Fax : 832-529-3393
chris@jonesmurray.com

Charles C. Conrad
Ryan Steinbrunner
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

R. J. Shannon
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002
713-714-5770
rshannon@shannonleellp.com

Andrew M. Troop
Patrick E. Fitzmaurice
Kwame O. Akuffo
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

Kyung Shik Lee
Shannon and Lee LLP
2100 Travis St.
Ste 1525
Houston, TX 77002
713-301-4751
klee@shannonleellp.com

Reese W Baker
Baker & Associates
950 Echo Lane
Suite 300
Houston, TX 77024
713-869-9200
Fax : 713-869-9100
courtdocs@bakerassociates.net

James Q. Pope
The Pope Law Firm
6161 Savoy Drive
Ste 1125
Houston, TX 77036
713-449-4481
ecf@thepopelawfirm.com

Jeffrey W Steidley
Steidley Law Firm
3000 Weslayan
Ste 200
Houston, TX 77027
713-523-9595
Jeff@texlaw.us


*/s/ J. Carl Cecere*

**J. Carl Cecere**

EXHIBIT 1

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 25, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| GALLERIA 2425 OWNER, LLC, | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 11 |

## ORDER DENYING MOTION (ECF 810)

Before the Court is the Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan filed by Ali Choudhri ("Choudhri") and the National Bank of Kuwait's ("NBK") Response to Ali Choudhri's Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan (ECF No. 824). For the following reasons the motion is denied, with prejudice.

Choudhri by motion seeks to challenge or modify the "gatekeeping provisions" of the confirmed Chapter 11 Plan in this case so that he can continue to litigate with NBK. The Court stresses that the effect of the confirmed plan was to end the vexatious litigation between entities controlled by Choudhri and NBK. Choudhri continues to raise factual and legal issues which this Court has already considered and rejected.

The confirmed plan is under appeal but not by Choudhri only by a company he controls. The Court doubts that Choudhri has standing to make the claims he makes by motion. Irrespective of his lack of standing, he like all parties are bound by the terms of the confirmed plan.[1] There was no stay pending appeal and the Court continues to stand on the record in this case. If this Court has erred in any of its "gatekeeping provisions" then it welcomes an appropriate appellate review, which the Court assumes is ongoing. However, it will not revisit factual and legal issues that it has already litigated. The Court cannot sufficiently stress that Choudhri continues to raise and argue the same basic facts and claims that this Court has found lacked foundation and merit.

Choudhri's claims the Court has not considered the factual and legal arguments he makes in his motion. The Court strongly rejects any such claim. The Court has had ample opportunity to assess Mr. Choudhri's factual and legal arguments and has repeatedly rejected them. Choudhri's purpose for pursuing these claims is improper and clearly vexatious.

---

[1] Section 1141(a) of the Bankruptcy Code explicitly states that a confirmed plan is binding on all parties.

1 / 2

The motion is all things denied, with prejudice. The movant is warned that future ongoing litigation at the trial court level is subject to sanctions by this Court.

**SO ORDERED.**

SIGNED 11/25/2024

Jeffrey Norman
United States Bankruptcy Judge

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GALLERIA 2425 OWNER, LLC, | ) | Case No. 23-34815 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION TO COMPLY WITH THE GATEKEEPING PROVISIONS OF THE
CONFIRMED CHAPTER 11 PLAN**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**THERE WILL BE A HEARING ON THIS MOTION ON DECEMBER 18, 2024 AT 11:00 AM IN COURTROOM 403 AT 515 RUSK ST., HOUSTON, TEXAS 77002.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR RESPECTIVE ATTORNEYS.**

**To the Honorable Court:**

Ali Choudhri[1] hereby files this motion to comply with the gatekeeping provisions of the confirmed Chapter 11 Plan (Dkt. No. 566) (the "Plan") and would respectfully show as follows:

1.      When the National Bank of Kuwait, S.A.K.B., New York Branch ("NBK" or the "Bank") proposed a plan of reorganization in this case (Dkt. No. 194), the Bank snuck several provisions into its proposed plan that exist solely for its own benefit. The Bank included itself among the "Exculpated Parties" that enjoy the Plan's exculpation provision, and among the "Released Parties" covered by the Plan's third-party release, even though the Bank is not a debtor in bankruptcy and has no connection to the Debtor, Galleria 2425 WL Owner, LLC or the bankruptcy estate other than as a lender. (*See* Plan arts. I(A)(39) & (78); *id.* IX(C) & (D)) The Bank also granted itself the benefit of the Plan's gatekeeping provision, requiring parties to *any* litigation against the Bank bearing a relationship to this bankruptcy—pending in any court, anywhere—to receive approval from this Court before that litigation can continue. And the parties must obtain that approval according to a procedure and standards appearing nowhere in the Bankruptcy Code or the rules of state or federal procedure requiring them to demonstrate those claims

---

[1] Naissance Galleria, LLC has also raised claims against the Bank, but as the result of an injunction entered in state court which is presently on appeal, Choudhri is not currently permitted to take action on Naissance's behalf. *See* Appellant's Opening Br. at 12, *Naissance Galleria, LLC v. Zaheer*, No. 01-23-00727-CV (Tex. App. Dec. 18, 2023) For that reason, Choudhri is filing this motion solely on his own behalf but provides information on the claims brought by Naissance Galleria, LLC for informational purposes. And because of the factually intertwined nature of the claims asserted by Choudhri and Naissance, the Court should give Naissance's claims the same treatment as Choudhri's for purposes of satisfying the gatekeeping provision.

are "colorable." No legitimate bankruptcy purpose is furthered by extending this gatekeeping provision to the Bank. And the litigation subjected to the gatekeeping provision has no connection to, or effect on, the Debtor, the estate, or the Plan's consummation. Instead, extending the gatekeeping provision to the Bank is simply the Bank's reward for proposing the plan that the Court approved, a plan that already richly rewards the Bank with the right to credit bid on the valuable asset at the center of this bankruptcy—at a foreclosure sale the Bank itself arranged.

2.    The Bank now demands that the Court enforce the terms of the Plan's gatekeeping provision and invites the Court to dismiss claims against the Bank in the following three pending cases (the "Challenged Litigation"):

> *Naissance Galleria, LLC v. Zaheer, et al.*, Cause No. 2023-43755, pending in the 80th District Court of Harris County, Texas;
>
> *Galleria 2425, LLC, Naissance Galleria, LLC and Choudhri v. NBK*, Adversary Case No. 23-06009, pending in this Court; and
>
> *Choudhri v. NBK and Zaheer*, Adversary Case No. 23-03263, pending in this Court.

(*See* Dkt. No. 758 at 2-3; Dkt. No. 771)

3.    But the Court should reject the Bank's invitation. Gatekeeper provisions certainly have their uses. And the Plan's gatekeeping provision may have some legitimate use in protecting the Trustee in this case. But the Bank's demand to invoke that protection for itself is a bridge too far. This Court's gatekeeping services are not a party favor that the Bank can obtain simply by participating in the bankruptcy. Nor are they a convenience

3

whereby the Bank can shed liabilities simply because it would like to be rid of them. The only legitimate purposes for a gatekeeping order include protecting the Debtor, the estate, and the implementation of a bankruptcy plan. None of those purposes are served here. Allowing the Bank to make use of the Plan's gatekeeping provision would therefore contravene longstanding precedent, exceed the confines of the Bankruptcy Code, and violate fundamental limits on bankruptcy courts' jurisdiction. Accordingly, the Plaintiffs should not be forced to satisfy the Plan's gatekeeping provision before proceeding.

4.      But even if the Court did stretch its gatekeeping powers to protect the Bank, there should be no doubt that each of the cases among the Challenged Litigation satisfies the gatekeeping provision's requirements. This Court has already declined to exercise jurisdiction over one of these cases—finding that it would not "affect assets of the bankruptcy estate"—and the Court should not revisit that decision to exercise jurisdiction over that case now. (Order, Adv. No. 23-03259 (Bankr. S.D. Tex. Jan. 11, 2024) [Dkt No. 24]) All three cases concern a core set of operative facts regarding uncontroversial lender-liability claims that are colorable under any standard, which is why no *other* court has dismissed them. This Court should not be the first. The Challenged Litigation should be permitted to proceed.

## BACKGROUND

5.      The plan of reorganization that the Bank proposed (Dkt. No. 194) and the Court confirmed (Dkt. No. 566) contains several provisions that protect the Bank and other non-debtors from claims against other non-debtors. The Plan's "Exculpation" provision covers specified "Exculpated Parties," which are defined to include the Bank (Plan art.

I(A)(39)), protecting them from liability arising from conduct relating to the bankruptcy itself, including such actions as "filing, negotiating, prosecuting, administering, formulating, implementing, soliciting support or acceptance of, confirming or consummating" the Plan, the Purchase Agreement, or the property to be distributed under the Plan (*id*. art. IX(C)).

6.     The Plan's "Estate Releases" covers certain "Released Parties," which are also defined to include the Bank (Plan, art. I(A)(78)), granting them protection from claims by "the Debtor" or the "Estate" concerning "the money borrowed by the Debtor" (*id*. art. IX(D).

7.     By their terms, neither of these provisions apply to the Challenged Claims. While the Bank is both an Exculpated Party and a Released Party, neither of the Plaintiffs in those cases, Ali Choudhri and Naissance Galleria, LLC (*see* Dkt. 758 at 2) qualify as "the Debtor" or part of the "Estate." Ali is the "Debtor's principal." (*Id*.) And Naissance is provided mezzanine financing for the Debtors' purchase of the property at issue. So the Plan's Estate Release provision does not apply to these claims. The Exculpation provision does not apply either, because these claims arose before the bankruptcy and therefore do not concern any Released Party's conduct during the bankruptcy.

8.     Yet oddly, the Plan's gatekeeper provision provides protection that is broader than both the Estate Releases and Exculpation provisions. That gatekeeping provision pertains to any "Person who has held, holds, or may hold Claims" that are "in any way *related* to the Debtor," so long as they are brought "against any Released *Party*"—even if the claims themselves are not released under the Estate Releases. (Plan, Art. IX(E)) And

the gatekeeper provision does not merely apply to claims challenging conduct occurring *during* the bankruptcy but covers claims that "arose *before* the Petition Date." (*Id.*) For these claims, the parties must seek "notice and a hearing" wherein the parties must demonstrate to the Court that the claims asserted are valid before they can proceed. (Plan, Art. IX(E)) And to demonstrate the validity of that claim, the party must demonstrate that the claim is "colorable" and that the party "has standing and is otherwise entitled to assert" it. (*Id.*)

9.    The gatekeeper provision therefore purports to convey to the Bankruptcy Court the authority to approve, control, adjudicate, and ultimately terminate claims in pending litigation—including cases pending in other courts—merely because that litigation is "related to the Debtor," according to a test and a procedure appearing nowhere in the Code or the federal rules. It allows the Bank to make use of this power to have the Court dismiss claims that are not even released under the Plan. And the Bank now invokes this provision to have the Court terminate all the Plaintiffs' litigation against the Bank—even when the courts where that litigation is pending would allow that litigation to proceed, and even where the litigation at issue would not have any effect on the bankruptcy estate itself. That is not something the Court can do—nor is it something the Court *should* do.

<div align="center">

**ARGUMENT**

</div>

**I.    The Bank cannot invoke the Plan's gatekeeping provision to dismiss any of the claims against the Bank in the Challenged Litigation.**

10.    The Court should not dismiss any of the claims asserted against the Bank in the Challenged Litigation because none of those claims can properly be subject to the Plan's gatekeeping provision. So the Plaintiffs are not required to obtain the Court's

<div align="center">6</div>

approval before pursuing them. And even if the Plaintiffs are required to obtain the Court's gatekeeping approval to proceed on these claims, Plaintiffs can readily make the showing required to obtain that approval, because Plaintiffs' claims are grounded in theories of lender liability personal to them that have long been recognized under Texas law. That makes them colorable by any standard.

A. **Bankruptcy courts' gatekeeping powers can only be invoked to protect trustees and other court-appointees—not private parties serving in no official bankruptcy capacity like the Bank.**

11.     The first problem with the Bank's invocation of the Court's gatekeeping authority is that the Bank's demand exceeds the limited authority that bankruptcy courts possess to approve, control, adjudicate, or terminate claims in pending litigation. There is nothing in the Bankruptcy Code that conveys such gatekeeping power to bankruptcy courts. Instead, that power is derived from the century-old Supreme Court case, *Barton v. Barbour*, 104 U.S. 126 (1881). "Under the '*Barton* doctrine,' the bankruptcy court may require a party to 'obtain leave of the bankruptcy court before initiating [or maintaining] an action in district court **when the action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity**.'" *NexPoint Advisors, L.P. v. Highland Capital Mgmt., L.P. (In re Highland Cap. Mgmt., L.P.)*, 48 F.4th 419, 439 (5th Cir. 2022) (quoting *Villegas v. Schmidt*, 788 F.3d 156, 159 (5th Cir. 2015) (emphasis added)). The *Barton* doctrine was created to "prevent trustees from being subject to legal proceedings that interfere with their ability to administer the estate." *In re Cir. City Stores, Inc.*, 557 B.R. 443, 447 (Bankr. E.D. Va. 2016); *see also generally* COLLIER ON BANKRUPTCY ¶ 10.01 (16th ed. 2023) (citing and discussing cases). The doctrine therefore

7

serves to protect trustees and other bankruptcy-court appointees from vexatious and harassing litigation that could drain the estate and hamper bankruptcy plan implementation.

12.     There are several reasons why the Bank cannot legitimately invoke the *Barton* doctrine to have the Court terminate any claims against the Bank in the Challenged Litigation. For one thing, because the *Barton* doctrine exists only to protect trustees and other bankruptcy-court appointees, it cannot be invoked by private parties like the Bank that are not serving in any official court-appointed capacity. Indeed, in *Highland Capital*, the Fifth Circuit refused to "extend gatekeeping protections to non-debtors," including Highland's interim CEO. *Matter of Highland Cap.*, 48 F.4th at 435–39 (vacating gatekeeping provision "as to all parties *except* Highland Capital, the Committee and its members, and the Independent Directors for conduct within the scope of their duties"). And the Fifth Circuit's only recent opinion that actually applies the *Barton* doctrine did so in the context of a trustee, not a private corporation with no official bankruptcy role. *See In re Foster*, No. 22-10310, 2023 WL 20872, at *5–*6 (5th Cir. Jan. 3, 2023). For this reason alone, the Bank is not entitled to invoke the Bankruptcy Court's gatekeeping authority.

13.     Furthermore, not only are *Barton*'s gatekeeping protections reserved for actors appointed to serve in official bankruptcy capacities, they only protect those actors for actions taken within the scope of their "official duties."[2] But the Bank has no official

---

[2] *In re Ondova Ltd. Co.,* 914 F.3d 990, 993 (5th Cir. 2019); *see also In re Christensen*, 598 B.R. 658, 665 (Bankr. D. Utah 2019); *Phoenician Mediterranean Villa, LLC v. Swope (In re J & S Props., LLC)*, 545 B.R. 91, 105 (Bankr. W.D. Pa. 2015). A typical example is litigation against a receiver who seizes or otherwise attempts to administer property that is not receivership property,

duties in implementing the Plan or overseeing the Debtor's dissolution. The foreclosure sale at the center of the bankruptcy will be conducted and overseen by the Liquidation Trustee. (*See* Plan, art. VI(A)) The only duties that the Plan specifically assigns to the Bank are purely ministerial. And the only substantive right that the Plan provides to the Bank is the completely voluntary (and unofficial) right to credit bid the amount of its debt at the foreclosure sale for its own private benefit, which comes with a contractual promise to pay certain junior claims if its bid is successful. (*See* Plan, Introduction) The Challenged Litigation does not contest the Bank's exercise of any of these powers, rights, or responsibilities conveyed under the Plan. That litigation pertains only to the Bank's pre-bankruptcy conduct that arose long before the Plan was ever proposed. For this additional reason, *Barton* does not apply.

14.    Indeed, the only reason the Plan contains gatekeeping protections for the Bank is that the Bank *proposed* the Plan—and thus snuck that protection into the Plan for itself, demanding it as a condition to undertaking its minimal responsibilities in implementing the Plan. And the Bank did not seek this protection to benefit the estate, but simply to allow it to escape litigation it would rather not face. That is not a legitimate use of *Barton* gatekeeping powers. The Fifth Circuit has held that even when private parties face "exposure" to truly "vexatious" and frivolous litigation, bankruptcy courts are not empowered to use gatekeeping powers to halt it. *See Highland Capital Mgmt.*, 48 F.4th at

---

but actually belongs to a third party. *See In re DMW Marine, LLC*, 509 B.R. 497, 506 (Bankr. E.D. Pa. 2014) (citations omitted).

430, 440 n.19. And as explained below—the Challenged Litigation is neither vexatious nor frivolous.

**B.      Bankruptcy courts' gatekeeping powers have been significantly constrained by the Supreme Court's decision in *Purdue Pharma*.**

15.     In any event, whatever gatekeeping powers bankruptcy courts possess have been significantly constrained by the Supreme Court's recent decision in *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071 (2024) ("*Purdue Pharma*"), which held that "[t]he bankruptcy code does not authorize a release and injunction that, as part of a plan of reorganization under Chapter 11, effectively seek to discharge claims against a nondebtor without the consent of affected claimants." *Id*. A bankruptcy court's exercise of its gatekeeping authority to dismiss litigation against non-debtors is the functional equivalent of the non-consensual releases outlawed by *Purdue Pharma*—especially when used to dismiss litigation pending in other courts. Both involve exercises of authority to control, adjudicate, and ultimately terminate claims in litigation without consent, and without consideration—and *Purdue Pharma* confirms that this something that bankruptcy courts are not empowered to do.

16.     For all these reasons, allowing the Bank to terminate the Challenged Litigation would exceed the Court's legitimate authority to impose gatekeeping conditions under *Barton*. If the Bank wants to halt this litigation, it can do so through established procedural mechanisms in the Challenged Litigation.

**C.      The Court would exceed its jurisdiction by dismissing the Challenged Litigation.**

17.     The Court would also exceed its jurisdiction by using the gatekeeping powers

provided under the Plan to adjudicate and dismiss the Challenged Litigation. The Bank seeks only to dismiss litigation against itself, and dismissing that litigation affects only the Bank—having no conceivable effect on the Debtor or the estate. Indeed, on January 11, 2024, this Court remanded one of the proceedings among the Challenged Litigation— Cause No. 2023-43755—back to the 80th District Court of Harris County because it determined that "all the causes of action constitute claims rooted in Texas state law," "there are no bankruptcy issues or claims in the state court litigation," and "there has been no showing that the remand would affect assets of the bankruptcy estate." (Case No. 23-03259 [Dkt No. 24] (Bankr. S.D. Tex. Jan. 11, 2024)) The same is true of the other cases in the Challenged Litigation—because, as the Bank insists, these cases all share the same "basic facts and claims." (Dkt. No. 758 at 4) But that shared lack of connection to the estate deprives the Court of jurisdiction to resolve any of these cases through its gatekeeping powers.

18.      As the Fifth Circuit recognized in *Highland Capital*, the question of whether a claim may be resolved by a bankruptcy court through exercise of gatekeeping powers under *Barton* is entirely separate from the question of whether the Court has *jurisdiction* to resolve that litigation. 48 F.4d at 439 (holding, after approving of a gatekeeping provision to protect certain court-appointed officials, that "the bankruptcy court, faced with pre-approval of a claim" on remand, would still have "to determine whether it had subject matter jurisdiction over that claim in the first instance."). That makes sense, because the mere fact that the Plan contains a gatekeeping provision does not confer jurisdiction to resolve claims under that gatekeeping power: "[P]arties cannot confer subject matter

11

jurisdiction on federal courts," including through a bankruptcy plan. *Randall & Blake Inc. v. Evans*, 196 F.3d 579 (5th Cir. 1999).

19.     Instead, "[j]urisdiction for bankruptcy cases is rooted in the provisions of 28 U.S.C. § 1334." *Matter of Walker*, 51 F.3d 562, 568 (5th Cir. 1995) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 303 (U.S.1995) (stating that "[t]he jurisdiction of the bankruptcy courts ... is grounded in and limited by statute")). And a "third-party action" between two non-debtors "does not create 'related to' jurisdiction" under section 1334 "when the asset in question is not property of the estate and the dispute has no effect on the estate." *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 753 (5th Cir. 1995). Accordingly, because the claims against the Bank asserted in the Challenged Litigation do not have any effect on the estate, the Court lacks jurisdiction to hear them—much less dismiss them.

20.     It does not matter that the Plan's gatekeeper provision requires that the dispute must be "related to the Debtor" to fall within its scope. (Plan, art. IX(E)). Mere "shared facts between the third-party action and a debtor-creditor conflict do not in and of themselves suffice to make the third-party action 'related to' the bankruptcy." *In re Zale Corp.*, 62 F.3d at 753. Accordingly, a mere factual interrelationship between the Challenged Litigation and the arguments asserted in the bankruptcy does not convey jurisdiction to the Court to resolve that litigation.

21.     The Bankruptcy Court therefore lacks the power to require the Plaintiffs to comply with the gatekeeping orders to maintain that litigation, and the Plaintiffs in the Challenged Litigation are not required to obtain this Court's permission before maintaining it. *See Tufts v. Hay*, 977 F.3d 1204, 1210-11 (11th Cir. 2020) ("Thus, under the

12

'conceivable effects' test for section 1334(b), the Bankruptcy Court did not have jurisdiction to consider Tufts's action, and Tufts counsel were not required to obtain leave from that court before filing this action in the District Court.").

## II. The claims raised against the Bank satisfy the Plan's gatekeeping provision because they raise colorable lender-liability claims that the Plaintiffs have standing to pursue.

22.    Yet even if the Plaintiffs' claims against the Bank in the Challenged Litigation may be properly subjected to the Plan's gatekeeping provision, those claims satisfy the gatekeeping provision's standard for obtaining this Court's permission to maintain those claims.

23.    The remaining two actions include claims against the Bank, but these claims easily satisfy the gatekeeping provision's low threshold for maintaining a claim. Two of these cases originated in state court, and one was remanded in January. (Case No. 23-03259 [Dkt No. 24] (Bankr. S.D. Tex. Jan. 11, 2024)) The final case is an adversary proceeding that the Debtor filed in this court in conjunction with its original bankruptcy. *See* **Exhibit 1** (Original Complaint, No. 23-06009 (Bankr. S.D. Tex. Sept. 19, 2023) [Dkt. No. 1]) And the claims raised against the Bank in both cases are "colorable."

24.    The term "colorable" is not defined in the Plan or in the gatekeeping provision, but it nevertheless invokes the exceptionally low standard for determining whether a defendant has been fraudulently joined to avoid diversity jurisdiction. *See Overholt v. Purina Animal Nutrition LLC*, Case No. 1:14-CV-1216, 2015 WL 1631855, at *2 (W.D. Mich. Apr. 13, 2015) ("Under the fraudulent joinder rule, courts may disregard the citizenship of parties against whom there is no 'colorable' cause of action."). This

standard is "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). And even under a Rule 12(b)(6) analysis, the standard that courts apply is decidedly lenient and plaintiff-friendly, requiring a court to evaluate the sufficiency of plaintiff's complaint by accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and alteration omitted). The Court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. *Coyne*, 183 F.3d at 493. And to be "colorable," a claim need not meet "the stricter 12(b)(6) pleadings under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)." *Overholt*, 2015 WL 1631855, at *7-8.

25.     Plaintiffs' remaining claims against the Bank readily meet this lenient standard. The cases concern a common core of operative facts underlying all three cases in the Challenged Litigation relating to the Bank's efforts to foreclose on the Debtor's property so it could obtain that property for itself. *See* The Bank loaned the Debtor over $50 million to purchase the property (Dkt. No. 565 at 4), but throughout the life of the loan, the Bank made it progressively more difficult for the Debtor to pay that loan back. As Plaintiffs have alleged in the state court proceedings, the Bank inserted itself directly into the Debtor's business operations, interfering with those business operations in numerous unjustified ways. **Exhibit 2** (Plaintiff's Sixth Amended Petition, No, 2023-22748 (Harris County Dist. Ct. Dec. 18, 2023). And the pleadings in Case No. 23-6009, the adversary proceeding which remains pending in this Court, contains similar allegations of

14

interference by the Bank. (Ex. 1, ¶¶9-21)

26.    For example, the Bank thwarted the Debtor's efforts on at least *five* different occasions to sell interests in the building that would have cleared the Bank's debt—often through strategic declarations of defaults or foreclosure postings designed to discourage prospective buyers. (*See* Ex. 2, ¶¶ 22, 31- 33) The Bank likewise refused to approve or ignored at least *nine* different offers to lease space in the building, thereby preventing the Debtor from raising funds to pay off the loan, eventually forcing the Debtor to bring suit. (*Id*. ¶¶23, 27)

27.    After the parties settled their litigation through a Confidential Settlement Agreement (Dkt. No. 403-4) hat reduced the principal amount due under the loan, Plaintiff alleged that the Bank improperly disclosed the terms of the Confidential Settlement Agreement in direct violation of its express confidentiality obligations by disclosing the new loan balance to potential purchasers of the property, thereby revealing the Debtor's financial struggles, improperly impacting these prospective buyers' evaluation of the property's market value, "chill[ing] the market" for the property, and converting these potential buyers who would have negotiated a sale with the Debtor into potential purchasers of the Bank's note. (*See* Ex. 2, ¶¶28-29, 63-64)

28.    The Bank also actively attempted to wrest control of the Debtor and its property from Choudhri by interfering with Choudhri's control of Naissance. The Bank worked in league with Azeema Zaheer, Choudhri's ex-girlfriend, who acted as his agent in running Naissance until Ali exercised his right to take over control of the company from her. (*See* Ex. 2, ¶¶ 36-46) And these efforts by the Bank and Zaheer were all part of a larger

15

effort by Choudhri's disgruntled business partner, Osama Abdullatif, to seize Choudhri's business interests by brute force and fraud. Abdullatif has arranged to have hard drives seized from Choudhri's companies (**Exhibit 3** at 1 [Declaration of Quanell X Farrakhan No. 1]) He has also even arranged for Choudhri to be accused of a murder-for-hire plot to kill Abdullatif himself, which authorities dismissed as "a hoax." (*Id.*; *see also* **Exhibit 4** [Quanell X Farrakhan Aff. No. 2]) And Omar Khawaja, an attorney and close business associate of Abdullatif, admits to representing Abdullatif and Zaheer in furtherance of Abdullatif's avowed goal of seizing all of Choudhri's business interests through litigation—under their theory: "If [Ali] own[s] it, we own it." (**Exhibit 5** [Deposition of Omar Khawaja] at 23: 30: 17-21; 163:8-165:2; 194:3-6)

29.    Plaintiffs supported these allegations with voluminous documentary evidence, including examples of lease proposals that were rejected or ignored and elicit communications between Bank representatives and Zaheer. (*See* Ex. 2, pp. 6-7, 8, 9) Indeed, Plaintiffs produced a key document in their pleadings in which the Bank encouraged Zaheer to "stay on" until the Bank could find a "suitable replacement for her," even after Choudhri had exercised his right to regain control over the company, thereby demonstrating the Bank's intentional efforts to interfere with Choudhri's management of Naissance. (*See* Dkt. No. 88-29 at 1-2) The operative pleadings in these actions raise numerous claims against the Bank, including breach of contract, tortious interference, fraud, business disparagement, breach of the duty of good faith and fair dealing, unjust enrichment, and conspiracy. *See* Ex. 2, ¶¶ 62, 104)

30.    The Plaintiffs have also alleged how the Debtor, Naissance, and Choudhri all

16

experienced independent injuries from the Bank's conduct: While the Debtor was deprived of its right to survive and thrive as an ongoing business, Naissance and Choudhri suffered their own loss of a significant asset. And this establishes that Naissance and Choudhri each have standing to pursue claims against the Bank independently.

31.    While the facts alleged in the Challenged Litigation paint an extraordinary factual picture, they nevertheless present classic lender liability claims that have long been recognized under Texas law. Such lender-liability claims frequently involve both breach-of-contract *and* tort claims. *See Williams v. National Mortg. Co.*, 903 S.W.2d 398, 404 (Tex. Ct. App. 1995); *Jones v. First Nat'l Bank of Anson*, 846 S.W.2d 107, 109 (Tex. Ct. App. 1992, no writ) (concerning causes of action for breach of duty of good faith and fair dealing, breach of fiduciary duty, negligent misrepresentation, conversion, estoppel, and violations of the Deceptive Trade Practices Act); *Lamar Sav. Ass'n v. White*, 731 S.W.2d 715, 717-18 (Tex. Ct. App. 1987) (causes of action for breach of contract, breach of fiduciary duty, usury, duress, estoppel, and tortious interference).

32.    And courts have found such lender-liability claims to be viable under factual circumstances that are virtually identical to those at issue in this case. Texas courts have found that lenders can be held liable for wrongful defaults and wrongful acceleration. *See, e.g.*, *Rey v. Acosta*, 860 S.W.2d 654 (Tex. Ct. App. 1993); *Dixon v. Brooks*, 604 S.W.2d 330, 334 (Tex. Ct. App. 1980). Courts also routinely permit lenders to be held liable in the

context of improper refusals to approve leases.[3] And courts have even allowed borrowers to maintain claims that banks have conspired with others to interfere with their borrowers' businesses. *See, e.g.*, *State Nat'l Bank v. Farah Mfg. Co.*, 678 S.W.2d 661 (Tex. Ct. App. 1984). Indeed, the Bankruptcy Court for the Northern District of Texas recently found a lender liable under factual circumstances that are equally extreme to this case. *See Bailey Tool & Mfg. Co.*, *et al. v. Republic Bus. Credit (In re Bailey Tool & Mfg. Co.)*, Adv. No. 16-03025-SGJ (Bankr. N.D. Tex. December 23, 2021) (holding lender liable under numerous theories for, among other things, taking aggressive action to protect its interests, impacting the company's liquidity, and communicating in secret with the company's customers to have them pay the bank instead of the company). These cases demonstrate that the legal theories that Plaintiffs have asserted are well-founded in Texas law, and the allegations, while extraordinary, are hardly implausible. And that is why no court has ever dismissed them. That makes them colorable.

33.    And while, during plan confirmation, the Court concluded that these claims were "implausible" and "not viable" (Dkt. No. 565 at 17), Plaintiffs respectfully submit that these determinations should not be the Court's final word on the matter. During plan confirmation, the Plaintiffs were not permitted to present, and the Court was not permitted to hear, a full airing of the evidence to support the Plaintiffs' claims. It heard a mere summary. But even in that limited summary, the Court heard testimony from two of the

---

[3] *See, e.g.*, Metropolitan Corporate Counsel, *Liability Awaits the Unwary: Lenders and Leasing Decisions* (Dec. 13, 2004), https://bit.ly/4e6fGe7.

state's most respected attorneys, Tom Phillips, former Chief Justice of the Texas Supreme Court, and Jerry Alexander, both of whom felt the claims were so strong that they were both willing to take the case on contingency. (*See* Dkt. No. 570) While the Court discounted that testimony because the lawyers explained only that the Debtor "had claims" but never "explained how or why these claims arose," those questions are answered by the operative pleadings in the pending litigation, which provide extensive factual detail and evidence regarding the origin and basis for these claims. (Dkt. No. 565 at 17)

34.    The Court made barely any mention of the factual or legal merits of those claims. Instead, the Court simply found the claims incredible, questioning why the Debtor had "never been able" to pay the note, determining that it was unlikely likely that the Bank had "breached" the Settlement Agreement first, excusing the Debtor's own failure to pay, and challenging Choudhri's credibility as a witness. (Dkt. No. 565 at 17) But the first of these holdings ignore the Plaintiffs' factual allegations—which the Court must accept as true—that the Bank interfered with the Debtor's ability to pay the note. And the latter two should not weigh in the balance in determining whether Plaintiffs' claims against the Bank are "colorable," which requires examining solely the allegations pleaded and setting aside questions of witness credibility. Indeed, the fact that two well-respected Texas attorneys are willing to pursue the litigation on a contingency basis provides ample evidence that the claims are in fact "colorable."

35.    Finally, while the Court expressed concern about the motivations behind these various pieces of litigation, concluding that they were primarily meant "to postpone a real estate foreclosure" (Dkt. No. 565 at 16), those concerns are unfounded. Lender

19

liability claims are frequently asserted in efforts to halt foreclosure. *See, e.g.*, *Williams*, 903 S.W.2d at 404; *Jones*, 846 S.W.2d at 109. And the factual context in which those claims arose does not undercut their viability.

## CONCLUSION

For these reasons, Ali Choudhri respectfully requests that this Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan be granted, and that none of the claims in the challenged litigation should be dismissed.

Respectfully submitted,

*/s/ J. Carl Cecere*

J. Carl Cecere
State Bar No. 13268300
(admitted pro hac vice)
**Cecere PC**
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455
ccecere@cecerepc.com

*Counsel for 2425 WL, LLC and Ali Choudhri*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 30, 2024, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties who are deemed to have consented to ECF electronic service, and via US mail, including to each of the parties listed below.

Matías J. Adrogué
Leila M. El-Hakam
Matías J. Adrogué PLLC
1629 West Alabama Street
Houston, TX 77006
service@mjalawyer.com

*Putative Counsel for Naissance Galleria, LLC*

Omar Khawaja
Law Offices of Omar Khawaja, PLLC
177 Richmond Ave,
  Ste 1065
Houston, TX 77056
omar@attorneyomar.com

*Putative Counsel for Naissance Galleria, LLC*

Rodney Drinnon
McCathern
Houston 2000 West Loop South
  Ste 1850
Houston, TX 77027
rdrinnon@mccathernlaw.com

*Counsel for Azeemeh Zaheer*

David Tang
6711 Stella Link #343
West University Place, TX 77005
dtangattorney@gmail.com

*Counsel for Azeemeh Zaheer*

*/s/ J. Carl Cecere*

**J. Carl Cecere**

21

EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| *In re:* | § § | |
| **GALLERIA 2425 OWNER, LLC** | § § | **Case No. 23-60036** |
| *Debtor*, | § § | **(Chapter 11)** |
| | § | |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| **NAISSANCE GALLERIA, LLC, AND** | § | |
| **ALI CHOUDHRI** | § | |
| | § | |
| *Plaintiffs*, | § | **Adversary No. _____** |
| | § | |
| **v.** | § | **CONTAINS JURY DEMAND** |
| | § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P.,** | § | |
| **NEW YORK BRANCH** | § | |
| | § | |
| *Defendant*. | § | |

**GALLERIA 2425 OWNER, LLC, NAISSANCE GALLERIA, LLC,
AND ALI CHOUDHRI'S ORIGINAL COMPLAINT AGAINST
NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH**

COME NOW Galleria 2425 Owner, LLC, Naissance Galleria, LLC, and Ali Choudhri

("***Plaintiffs***"), and make and file this their Original Complaint against National Bank of Kuwait,

S.A.K.P., New York Branch ("***Defendant***"), and for same show the Court as follows:

**I.
JURISDICTION AND VENUE**

1.      This Court has personal jurisdiction over the Defendant named in this Complaint

due to the fact that the Defendant transacts business in the State of Texas, including entering into

a contract with a resident of the State of Texas performable in whole or in part within the State of

Texas, or have committed a tort in whole or in part in Texas and are thus subject to the Texas Long

**GALLERIA 2425 OWNER, LLC, NAISSANCE GALLERIA, LLC, AND ALI CHOUDHRI'S
ORIGINAL COMPLAINT AGAINST NATIONAL BANK OF KUWAIT, S.A.K.P.**

**PAGE 1 OF 14**

Arm Statute, Section 17.042 of the Texas Civil Practice and Remedies Code. The Court also has personal jurisdiction over the Defendants pursuant to 29 U.S.C. §1132(f).

2.     The Court has subject matter jurisdiction of this Adversary Proceeding pursuant to 28 U.S.C. § 1334.

3.     This adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), (D), (H), and (O) because it will determine the amount of NBK's claim against the Debtor. To the extent the Court determines that any of the claims asserted herein are not core, the Plaintiffs hereby request and demand a trial by jury.

4.     Venue of the Bankruptcy Case and the Adversary Proceeding is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.
## PARTIES

**A.     Galleria 2425 Owner, LLC.**

5.     Galleria 2425 Owner, LLC ("***Debtor***") is a limited liability company doing business in Texas and is the owner of the building located at 2425 West Loop S., Houston, Texas ("***2425 Building***"). It is the Debtor in the bankruptcy case in which this Adversary is filed.

6.     Naissance Galleria, LLC is a limited liability company doing business in Harris County, Houston, Texas.

7.     Ali Choudhri is an individual residing in Harris County, Texas.

8.     Defendant National Bank of Kuwait, S.A.K.P., New York Branch ("***NBK***") is a banking corporation organized under the laws of Kuwait, acting through its New York Branch. Defendant has not designated a registered agent for service of process in the State of Texas, but under Rule 7004(a)(8) of the Federal Rules of Bankruptcy Procedure, NBK may be served by mailing a copy of the Complaint to Corporation Service Company, 299 Park Avenue, New York,

New York 10171. Plaintiff requests that the clerk issue citation at this time. NBK has also filed a motion to dismiss the bankruptcy of Debtor and it and its counsel will be served by ECF in that proceeding.

### III.
### FACTUAL BACKGROUND

9.     In 2018, Defendant NBK loaned certain funds to Debtor. There have been various disputes between the Debtor and NBK about the timeliness of payments and the extent and validity of Defendant's security, but the gravamen of Debtor's Complaint is NBK has continually interfered with the Debtor's ability to lease the 2425 Building to produce revenue and Debtor's ability to sell the 2425 Building to pay NBK off. Every time NBK has so interfered, it has then blamed the Debtor for its inability supposedly to meet some of the loan terms.

10.     For example, in January 2021, Plaintiff Ali Choudhri, who is vilified by NBK in various pleadings, had the building at 2425 West Loop South, Houston, Texas, the asset of the Debtor, sold for a purchase price of $85 million, more than enough to clear NBK's debt. Attached hereto as **Exhibit 1** is a letter dated January 15, 2021 from SIBS International and two purchase contracts which would have paid off not only NBK, but left the Debtor and the other Plaintiffs with a great deal of value. NBK, rather than facilitate this sale, issued a formal notice of default to the Debtor and its intent to accelerate the loan on June 29, 2021, while the SIBS International deal was in progress, killing that deal.

11.     The same was true with regard to NBK's interference with the Debtor's attempt to lease space in the building to provide revenue so it could operate and make loan payments. By August 2021, this situation had become untenable due to NBK's refusal to approve new tenants and new leases, prompting the Debtor on August 13, 2021 to send NBK a detailed letter regarding lease-up and renewal prospects for discussions, none of which, it seemed NBK would approve.

- **Healthcare Service Organization**

  - •Size: 130,000+ RSF – large client requirement in their preliminary planning stages: •Industry: Healthcare Service Organization •Type of use: Administration Offices •Direct/Sublease •Commencement date: Q3/2023 •Term:5-10 yrs.   They are specifically VERY interested in amenities available, for example: deli, gym, day care, conference center (# of seats), training center (# of seats).

- **Invesco**

  - We met with the team twice and are actively pursuing them for 2425.   They are interested in a 157-month lease term for 208,830 SF of Net Rental Area.

- **Financial Services Firm**

  - Office •AREA: West Houston (610 West, Hwy 290, Beltway 8) •SPACE: Open Concept •SIZE: Approximately 20,000 – 25,000 rsf •PARKING: 5/1000 ratio •OCCUPANCY: Late 2Q22/Early3Q22 •TERM: 36-60 months with renewal options •This tenant is currently at 24 Greenway on their top floor and have been looking at other A buildings.

- **Beyond Finance**

  - We are discussing a 68-month lease term for +/- 40,000 rentable SF.

- **Banco Affirme**

  - We submitted a 64-month lease term for 4,545 SF of Net Rental Area.

- **Walls Bank (existing tenant)**

  - Renew 3,054 SF of rental space for 60-month term starting January 1, 2022.

- **Others (working directly with ownership)**

  - ResMed (https://www.resmed.com/en-us/), interested in the entire building, working directly with Dr. Peter Farrell, Founder and Chairman

  - Healthstore Holdings (https://www.healthstore.com/), interested in a 15-year term with 80,000 SF in phase 1 and 75,000 SF in 12 months as phase 2

  - Immunicom (https://immunicom.com/), interested in at least two full floors, moving HQ from San Diego, CA

12.     Reproduced below is an August 16, 2021 email from counsel for the Debtor to NBK

forwarding multiple leases for approval that NBK had failed to approve or even respond to.



manny.gardberg@hklaw.com <manny.gardberg@hklaw.com>
To: mona.dajani@pillsburylaw.com
Cc: ali@jetallcompanies.com, Bruce.Merwin@hklaw.com, Charles.Jackson@hklaw.com

Mona, Please see attached. Best, Manny

**Manny Gardberg | Holland & Knight**
Associate
Holland & Knight LLP
811 Main Street, Suite 2500 | Houston, Texas 77002
Phone 713.653.8615 | Fax 713.654.1871
manny.gardberg@hklaw.com | www.hklaw.com

Add to address book | View professional biography

7 attachments

_HK Letter re Notice - 8 13 2021.pdf
52K

_Unanimous Consent - January 2021.pdf
854K

2425 Galleria Owner - Operating Budget 2021 (July).pdf
232K

ttps://mail.google.com/mail/u/0/?ik=37856133f6&view=pt&search=all&permmsgid=msg-f%3A1708280571

/15/22, 8:10 PM                                                    Jetall Companies Mail - National Bank of

NBK - 2425WLS Leasing Prospect List.pdf
100K

NBK - Proposal 2021.08.13 final.pdf
562K

PSA - 2425 West Loop South.pdf
535K

Purchase - SIBS - 2425 West Loop South Offer letter Updated.pdf
42K

This lack of approval, or finding obstacles to approve, was not new. In September 2019, Related Group had reached out to lease the parking garage located at the 2425 Building to be used for overflow, for parking up to 110 spaces. NBK's authorized representative Michael Carter would not approve this lease (note "nbkny" email address below– *i.e.* National Bank of Kuwait, New York Branch), which would have generated a great deal of revenue for the Debtor.

From: Michael Carter <Michael.Carter@nbkny.com>
Date: Monday, 23 September 2019 at 13:22
To: Azeemeh Zaheer <azeemeh@naissancecapital.co.uk>, Lisa Walker
<Lisa.Walker@nbkny.com>
Subject: RE: LOI

My primary concern is that the tenant determines when the commencement date is, presumably
because they have zoning and building department approvals to complete as well as financing to
arrange, which is understandable, however there does not appear to be an outside expiration date
for the Commencement date. It appears they could tie up these space permanently without having
to pay rent. I think you should have an outside date for Commencement.

13.     The situation became so untenable that in September 2021, Debtor initiated a
lawsuit against NBK.

14.     In good faith, even during the pendency of this litigation, the Debtor was still trying
to get tenants into the building and get NBK's approval to do so, so it would not claim additional
breaches of loan agreements.  On July 2, 2022, the Debtor sent NBK five leases for approval,
which NBK did not approve.

15.     The parties litigated for eleven (11) months until August 22, 2022, when they
entered into a Confidential Settlement Agreement.  The entire Confidential Settlement Agreement
will be submitted to the Court *in camera* at the appropriate time, and the Debtor should be allowed
to use it in this Adversary since the breach of that Settlement Agreement by NBK is not only
actionable, but was also devastating to Debtor.  Because NBK has a way of interpreting any action
of the Debtor as one to breach or avoid some purported contractual obligation or other, when the
reverse is entirely true, the Confidential Settlement Agreement has not been attached.  NBK has
prevented Debtor's successful performance under any and all agreements it has with NBK,
including the Confidential Settlement Agreement.

16.     The Confidential Settlement Agreement permitted a timeframe in which Debtor could sell the 2425 Building, and Debtor was successful in receiving a hard Letter of Intent dated January 17, 2023 to purchase the building from Caldwell Soames.  A true and correct copy of that hard Letter of Intent is attached hereto as **Exhibit 2**.  Again, while these negotiations were ongoing, NBK took actions which interfered with the continuation and closing of that transaction, including issuing a notice of foreclosure on March 29, 2023 in breach of the Confidential Settlement Agreement, which Debtor believes was done intentionally to prevent the sale.  The sale would have cleared the Bank of Kuwait debt as it stood at that time and left great value for the other Plaintiffs.  Debtor believes that Bank of Kuwait recognized that greater value and wanted to take it for itself by foreclosure in a "loan to own" gambit.

17.     There are tremendous factual inaccuracies that NBK represents to courts and continues into these proceedings.  For example, in its Motion to Dismiss the Debtor's Bankruptcy, while it is absolutely true that temporary restraining orders were filed to attempt to prevent a foreclosure by NBK and its takeover of the 2425 Building, they were also **granted**.  The facts presented that NBK had not allowed the Debtor to lease up the building to generate revenue and had killed two transactions that Debtor was working on that would have cleared NBK and left value for the Debtor and the other Plaintiffs.

18.     Additionally, NBK posted for foreclosure in 2023 early, and against an extended grace period that a State Court had given Debtor, which chilled the bidding process and interest in the 2425 Building completely.  No one wants to buy a building posted for foreclosure.  Debtor believes that NBK knew this and did it on purpose to prevent the Debtor from successfully selling the property and paying off the loan, so NBK could foreclose and become the owner of the 2425 Building.

19.     Not the least of the misstatements that NBK makes about the Debtor are those hard statements that the Debtor has not made any payments to NBK since March 6, 2021.  This is stated both in paragraph 13 of NBK's Motion to Dismiss Debtor's Bankruptcy, and in NBK's Mr. Carter's Declaration (paragraph 8 of Declaration of Michael Carter).

20.     The absolute opposite is true.  Representatives of NBK have admitted in writing that the following substantial payments have been made to NBK well after March 6, 2021:

    a)      $801,509.42 paid by Debtor to NBK on August 27, 2022;

    b)      $80,000 paid by Debtor to NBK on April 18, 2023;

    c)      $80,000 paid by Debtor to NBK on May 10, 2023.

This is almost One Million Dollars ($1,000,000) that not only does NBK not give credit to the Debtor for having made the payments, but again, it vilifies it, saying exactly the opposite that no payments (zero) have been made since March 6, 2021.

21.     After NBK's disclosures of the situation created by the Confidential Settlement and the wrongful posting for foreclosure during an extension of that agreement, potential buyers of the property who would otherwise become good prospects to negotiate a sale with Debtor, became potential purchasers of the NBK Note and began negotiating with NBK.  NBK materially breached the Confidential Settlement Agreement and interfered with these potential purchases and with these business relationships.

**IV.**
**CAUSES OF ACTION**

**COUNT 1:  BREACHES OF CONFIDENTIAL SETTLEMENT AGREEMENT**

22.     Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

23.     Debtor and the other two Plaintiffs and Defendant reached a valid and enforceable agreement expressly set forth in the Confidential Settlement Agreement.  Pursuant to the Confidential Settlement Agreement, Defendant agreed to keep the contents and terms of the parties' agreement completely confidential.  Debtor dismissed its very good claims in the Lawsuit against Defendant in reliance upon Defendant's promises, including but not limited to, Defendant's promise to uphold the confidentiality obligations set forth in the Confidential Settlement Agreement.

24.     Defendant breached the Confidential Settlement Agreement by disclosing its contents and terms to third parties in violation of the agreement's express confidentiality provisions.  These disclosures prevented Debtor from closing on the sale of the 2425 Building and chilled the market for other buyers for Debtor's property.  The same is true for NBK's wrongful, early filing of a notice of foreclosure on the 2425 Building, also in violation of the Confidential Settlement Agreement.

25.     Debtor and all Plaintiffs hereby sue NBK for these breaches of the Confidential Settlement Agreement.  The damages for these breaches are the amounts of money that the Debtor would have made from the contemplated transaction, which is in excess of Fifty Million Dollars ($50,000,000).

### COUNT 2:  TORTIOUS INTERFERENCE WITH CONTRACT

26.     Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

27.     As alleged, NBK tortiously interfered with the SIBS International contract (**Exhibit 1**) and the Caldwell Soames Inc. contract (**Exhibit 2**), causing damages to the Debtor and the other two Plaintiffs in the net amounts of the contracts which, but for NBK's interference,

would have been paid to the Debtor and the other two Plaintiffs.  These damages are excess of Fifty Million Dollars ($50,000,000), for which the Debtor hereby sues NBK.

### COUNT 3:  TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

28.     Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

29.     After NBK's disclosures of the situation created by the confidential settlement and the wrongful posting for foreclosure during a judicial extension of the grace period contained in that agreement, potential buyers of the property who would otherwise have become good prospects to negotiate a sale with Debtor, became instead potential purchasers from NBK of the NBK note and began contacting and negotiating or attempting to negotiate with NBK instead of the Debtor.

30.     This interference by NBK damaged Debtor in amounts to be determined after discovery, but which exceed the minimum jurisdictional limits of this Honorable Court.

### COUNT 4:  FRAUD AND FRAUDULENT INDUCEMENT/LENDER LIABILITY

31.     Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

32.     NBK never had any intention of living up to the Confidential Settlement Agreement.  The Debtor was winning the lawsuit against NBK, so NBK induced the Debtor into dismissing its lawsuit and entering into the Confidential Settlement Agreement which NBK had no intention of living up to.   This fraud works an estoppel against NBK (see Count 6, "ESTOPPEL").  Plaintiffs hereby sue NBK for the fraud and fraudulent inducement and alleges it constitutes the basis for an action for Lender Liability.

33.     NBK knew at the time it entered into the Confidential Settlement Agreement it would deflect and tortiously interfere with the Debtor's attempts to sell the 2425 Building so NBK

would be able to foreclose on the building and take all of the value instead of just the value of the amounts otherwise owed at the time. The fraud, fraud in the inducement, lender liability, and subsequent interference for all of which Plaintiffs hereby sue NBK. These actions by NBK have damaged the Debtor and the other two Plaintiffs in an amount of at least Thirty Million Dollars ($30,000,000).

## COUNT 5: FRAUDULENT CONVEYANCE

34.     Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

35.     The funds paid by the Debtor to NBK:

  a) $801,509.42 paid Debtor to NBK on August 27, 2022;

  b) $80,000 paid by Debtor to NBK on April 18, 2023; and

  c) $80,000 paid by Debtor to NBK on May 10, 2023

were fraudulently induced by NBK and were payments for which the Debtor received nothing in return and constitute fraudulent conveyances in violation of U.S.C. § 544, 548, and 550 and TEX. BUS. & COMM. CODE §§ 24.001, *et seq.*, for which the Debtor hereby sues NBK to recover all such amounts.

## COUNT 6: ESTOPPEL

36.     Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

37.     NBK is estopped from claiming Debtor owes any more than the amount stated and agreed to in the Confidential Settlement Agreement because of its fraud and fraudulent inducement alleged previously.

## COUNT 7: BUSINESS DISPARAGEMENT

38. Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

39. The posting of the 2425 Building during any negotiation periods and/or the extended grace period when actual buyers were moving toward concluding a deal and when other potential buyers were expressing interest in the 2425 Building, constituted business disparagement against the Debtor for which Debtor hereby sues NBK. The damages are the net amount of money the Debtor would have received in the sales had they occurred.

## COUNT 8: BREACH OF GOOD FAITH AND FAIR DEALING

40. Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

41. Every contract has a duty of good faith and fair dealing engrafted upon it, especially in a lender/borrower relationship, and even more so when the lender is based in the State of New York as NBK is.

42. NBK breached its duty of good faith and fair dealing by:

   a) Inducing Plaintiffs to dismiss their State Court lawsuit;

   b) Inducing Plaintiffs to enter into the Confidential Settlement Agreement;

   c) Tortiously interfering with Debtor's performance under the Confidential Settlement Agreement;

   d) Tortiously interfering with third-party contracts;

   e) Not approving tenant leases or contracts for sale; and

   f) deflecting buyers so Debtor could not sell the 2425 Building.

43. Plaintiffs hereby sue NBK for breach of duty of good faith and fair dealing. The damages are for the value of the amounts that would have been recovered in the state court litigation and/or the value of the deals lost for leases and/or sales of the 2425 Building.

## COUNT 9: UNJUST ENRICHMENT

44. Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

45. If NBK is allowed to foreclose on the 2425 Building it will make an unconscionable profit and succeed in its "loan to own" gambit. The amount of its unjust enrichment for which Plaintiffs hereby sue NBK is the difference between what NBK would have been owed (but for its breaches of the Confidential Settlement Agreement) under the Confidential Settlement Agreement and the true value of the building, for which Plaintiffs hereby sue NBK.

## COUNT 10: ATTORNEYS' FEES

46. Plaintiffs repeat and reallege the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

47. Plaintiffs hereby sue NBK for their reasonable and necessary attorneys' fees under breach of contract and under any statutory or common law right to recover same.

## PRAYER

WHEREFORE, premises considered, Plaintiffs pray that Defendants be cited to appear herein as provided by law and that upon hearing:

1. NBK not be allowed to foreclose on the 2425 Galleria Building;

2. Plaintiffs recover their damages and attorneys' fees as alleged.

Dated: September 19, 2023

---

Respectfully submitted,

**HAYWARD PLLC**

By: /s/ Melissa S. Hayward
    Melissa S. Hayward
     Texas Bar No. 24044908
     MHayward@HaywardFirm.com
10501 North Central Expy., Suite 106
Dallas, Texas 75231
(972) 755-7100 (telephone/facsimile)
**PROPOSED COUNSEL FOR THE DEBTOR**

By: /s/ James Q. Pope
    James Q. Pope
     State Bar No. 24048738
     jamesp@thepopelawfirm.com
**THE POPE LAW FIRM**
6161 Savoy Drive, Suite 1125
Houston, Texas  77036
(713) 449-4481 Telephone
(281) 657-9693 Facsimile
**COUNSEL FOR PLAINTIFFS ALI CHOUDHRI AND NAISSANCE GALLERIA LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed with the Court and served via the Court's CM/ECF system upon all of the parties registered to receive such notice on September 19, 2023.

/s/ Melissa S. Hayward
Melissa S. Hayward

EXHIBIT 2

12/17/2023 7:53 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 82647538
By: Bonnie Lugo
Filed: 12/18/2023 12:00 AM

<div align="center">

**CAUSE NO. <u>2023-22748</u>**

</div>

| | | |
|---|---|---|
| **GALLERIA 2425 OWNER, LLC,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| *Defendant.* | § | **281ST JUDICIAL DISTRICT** |

<div align="center">

**<u>PLAINTIFF'S SIXTH AMENDED PETITION</u>**

</div>

Galleria 2425 Owner, LLC ("***Plaintiff***") files this Sixth Amended Petition against Defendant National Bank of Kuwait S.A.K.P., New York Branch (individually as "***NBK***", or collectively as "***Defendants***"), and Azeemeh Zaheer (individually as "***Zaheer***", or collectively as "***Defendants***") and, in support, submit the following:

<div align="center">

**I.**
**<u>DISCOVERY PLAN</u>**

</div>

1.     Discovery should be conducted pursuant to Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

<div align="center">

**II.**
**<u>PARTIES</u>**

</div>

2.     Galleria 2425 Owner, LLC ("***Plaintiff***") is a limited liability company doing business in Texas and is the owner of the building located at 2425 West Loop S., Houston, Texas ("***2425 Building***").

3.      National Bank of Kuwait, S.A.K.P., New York Branch ("*NBK*") is a banking corporation organized under the laws of Kuwait, acting through its New York Branch. NBK HAS APPEARED WITH COUNSEL.

4.      Azeemeh Zaheer ("**Zaheer**"), is an individual who resides, and may be personally served at 5513 Kansas Street, Houston, Texas 77007.

### III.
### INTRODUCTION

5.      This suit was originally filed against NBK, a party who has been shown to be willing to engage in bad faith actions, and who repeatedly attempts to make outside deals with third parties, specifically to deprive the plaintiff of its ownership interest in the 2425 Building in any way it can.

6.      Plaintiff, Galleria 2425 Owner, LLC, filed bankruptcy to preserve the asset, which NBK vehemently opposed, and fought to have dismissed from the bankruptcy court. However, at the hearing on NBK's motion to dismiss, Plaintiff was successful in defending against dismissal, and the bankruptcy case moved forward.

7.      Plaintiff promptly proposed a plan in the bankruptcy court, which was characterized as a "really smart" plan that "check[ed] all the boxes" for plan confirmation, according to Judge Lopez.

8.      Then, after NBK lost its motion to dismiss, it filed a letter in the bankruptcy case (Document 77) which made the bankruptcy court aware of litigation that was irrelevant to Galleria 2425 Owner, LLC's pursuit of its ongoing bankruptcy case. The state court litigation referenced by NBK is, in the words of Judge Lopez "an unrelated case involving Ms. Zahire [sic] and Naissance and Mr. Choudhri". The case is about a dispute over control of an entity called

Naissance Galleria, LLC, which is an entity that provided a mezzanine loan to Galleria 2425 Owner, LLC's sole member and is party to an intercreditor agreement with NBK. Upon information and belief, certain of the investors in Naissance Galleria LLC are substantial clients of or investors in NBK. Naissance Galleria LLC was also a party to the very settlement agreement with NBK at issue in this suit. Importantly, Naissance Galleria, LLC does not have any membership in, or control over Galleria 2425 Owner, LLC, or any of its members or managers.

9.　　Notably, the state court, in the litigation referenced in NBK's letter to Judge Lopez, did issue a Temporary Injunction, which maintained the status quo of Choudhri's management and control of Naissance Galleria, LLC, but limited any actions that could be taken by Choudhri on behalf of Naissance Galleria, LLC to only those which are also approved by Zaheer, until a trial resolves the issue once and for all.

10.　　After the Temporary Injunction was in place establishing Choudhri's control of Naissance Galleria, LLC, Zaheer directed her counsel, while purporting to act for Naissance Galleria, LLC, to appear at two separate hearings in the bankruptcy court, on or about October 12, 2023 and November 1, 2023, and on the eve of a November 1 status conference filed an emergency motion in the bankruptcy court, requesting for Judge Lopez to rule against the state court and find that Zaheer had control of, and could act for Naissance Galleria, LLC. Judge Lopez thereafter sua sponte dismissed the bankruptcy case during the November 1, 2023 status conference.

11.　　When the parties to the state court litigation returned to appear before Judge Manor on November 13, 2023, Judge Manor confirmed that her Temporary Injunction did not give Zaheer any right to act as the manager of Naissance Galleria, LLC, and confirmed that Choudhri was in control, subject to Zaheer's approval during the pendency of trial.

12.     All of these actions, gave rise to Judge Lopez's serious concerns about the ability to move forward with the bankruptcy case without resolution in the state court action. Judge Lopez stated, in the Status Conference held on November 1, 2023, the following:

> "I don't have anything to qualify it in state court issues. I don't know. There's just a lot of confusing stuff, and my gut tells me that I need to dismiss this case and let you all go figure this out in State Court, because there's not enough here, and there's real concerns that I have…".

13.     However, since Naissance Galleria, LLC has no ownership or control over the Plaintiff or any of its members or managers, these filings and appearances are just a smoke screen. The fact that they were also filed in violation of the Temporary Injunction not only makes these actions unlawful, but there could be no other purpose aside from attempting to cause the dismissal of the bankruptcy case brought by Galleria 2425 Owner, LLC, which is an action that, logically, would be counter to the company's interests.

14.     In its letter inviting the Naissance dispute and Ms. Zaheer's counsel into the bankruptcy proceedings, NBK cleverly attempts to confuse the court by implying that Ms. Zaheer had control of Naissance Galleria, LLC because the order says that management decisions could not be made without her approval. Ms. Zaheer's counsel then accepted NBK's invitation to create confusion and disruption, appearing at the October 13 emergency status conference purporting to represent Naissance Capital LLC.

15.     As this Court has handled cases related to Galleria 2425 Owner, LLC for years, it is well aware that Ms. Zaheer has been entirely absent from any of these proceedings until on or about July 5th, 2023, when Naissance Galleria, LLC appeared, allegedly controlled by Azeemeh

Zaheer, before this Court's ancillary docket, attempting to stop the foreclosure by NBK, at which hearing this Court itself questioned the absence of Ms. Zaheer over the last several years.

16.     Ms. Zaheer signed the assignment giving control over Naissance Galleria, LLC to Mr. Choudhri on July 3rd, 2020. Ms. Zaheer did not make any claims of control over Naissance Galleria, LLC, did not attempt to object to Mr. Choudhri's management of the company for three (3) years. These allegations are absurd, as Ms. Zaheer has been entirely absent from the company's management for years.

17.     As a result of this conspiracy by the defendants, the emergency status conference requested by NBK resulted in the dismissal of the bankruptcy case.

18.     What's interesting is that, if Ms. Zaheer was sincerely the manager of Naissance Galleria, LLC, she would not have worked to have the bankruptcy case dismissed.

19.     Such actions, if they had been taken by a legitimate manager for Naissance Galleria, LLC, would be a breach of fiduciary duty to the company, _unless there was a back room deal NBK_.

20.     Now that NBK has re-posted the 2425 Building for foreclosure, Plaintiff will suffer irreparable harm as a result of the defendants' actions.

**IV.**
**FACTUAL BACKGROUND**

21.     In 2018, NBK loaned certain funds to Plaintiff.  NBK has continually interfered with the Plaintiff's ability to lease the 2425 Building to produce revenue and Plaintiff's ability to sell the 2425 Building to pay NBK off.  Every time NBK has so interfered, it has then blamed the Plaintiff for its inability supposedly to meet some of the loan terms.

22.     For example, in January 2021, Plaintiff Ali Choudhri, who is vilified by NBK in various pleadings, had serious parties interested in acquiring interests in the building more than enough to clear NBK's debt.  A letter dated January 15, 2021, from SIBS International, and two purchase contracts would have paid off not only NBK, but left the Plaintiff with a great deal of value.  **NBK, rather than facilitate this sale, issued a formal notice of default to the Plaintiff and its intent to accelerate the loan on June 29, 2021**, while the SIBS International deal was in progress, killing that deal.

23.     **The same was true with regard to NBK's interference with the Plaintiff's attempt to lease space in the building to provide revenue so it could operate and make loan payments.**  By August 2021, this situation had become untenable due to NBK's refusal to approve new tenants and new leases, prompting the Plaintiff, on August 13, 2021, to send NBK a detailed letter regarding lease-up and renewal prospects for discussions, none of which, it seemed NBK would approve.

- **Healthcare Service Organization**

  - •Size: 130,000+ RSF – large client requirement in their preliminary planning stages:  •Industry: Healthcare Service Organization •Type of use: Administration Offices •Direct/Sublease •Commencement date: Q3/2023 •Term:5-10 yrs.  They are specifically VERY interested in amenities available, for example: deli, gym, day care, conference center (# of seats), training center (# of seats).

- **Invesco**

  - We met with the team twice and are actively pursuing them for 2425.  They are interested in a 157-month lease term for 208,830 SF of Net Rental Area.

- **Financial Services Firm**

  - Office •AREA: West Houston (610 West, Hwy 290, Beltway 8) •SPACE: Open Concept •SIZE: Approximately 20,000 – 25,000 rsf •PARKING: 5/1000 ratio •OCCUPANCY: Late 2Q22/Early3Q22 •TERM: 36-60 months with

renewal options •This tenant is currently at 24 Greenway on their top floor and have been looking at other A buildings.

- **Beyond Finance**

  - We are discussing a 68-month lease term for +/- 40,000 rentable SF.

- **Banco Affirme**

  - We submitted a 64-month lease term for 4,545 SF of Net Rental Area.

- **Walls Bank (existing tenant)**

  - Renew 3,054 SF of rental space for 60-month term starting January 1, 2022.

- **Others (working directly with ownership)**

  - ResMed (https://www.resmed.com/en-us/), interested in the entire building, working directly with Dr. Peter Farrell, Founder and Chairman

  - Healthstore Holdings (https://www.healthstore.com/), interested in a 15-year term with 80,000 SF in phase 1 and 75,000 SF in 12 months as phase 2.

  - Immunicom (https://immunicom.com/), interested in at least two full floors, moving HQ from San Diego, CA

24.    Below is an August 16, 2021 email from counsel for the Plaintiff to NBK forwarding multiple leases for approval that **NBK had failed to approve or even respond to.**



**manny.gardberg@hklaw.com** <manny.gardberg@hklaw.com>
To: mona.dajani@pillsburylaw.com
Cc: ali@jetallcompanies.com, Bruce.Merwin@hklaw.com, Charles.Jackson@hklaw.com

Mona, Please see attached. Best, Manny

**Manny Gardberg | Holland & Knight**
Associate
Holland & Knight LLP
811 Main Street, Suite 2500 | Houston, Texas 77002
Phone 713.653.8615 | Fax 713.654.1871
manny.gardberg@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**7 attachments**

_HK Letter re Notice - 8 13 2021.pdf
52K

_Unanimous Consent - January 2021.pdf
854K

2425 Galleria Owner - Operating Budget 2021 (July).pdf
232K

ttps://mail.google.com/mail/u/0/?ik=37856133f6&view=pt&search=all&permmsgid=msg-f%3A170828057f

/15/22, 8:10 PM                                    Jetall Companies Mail - National Bank of

NBK - 2425WLS Leasing Prospect List.pdf
100K

NBK - Proposal 2021.08.13 final.pdf
562K

PSA - 2425 West Loop South.pdf
535K

Purchase - SIBS - 2425 West Loop South Offer letter Updated.pdf
42K

25.    This lack of approval, or finding obstacles to approve, was not new.  In September 2019, Related Group had reached out to lease the parking garage located at the 2425 Building to be used for overflow, for parking up to 110 spaces.  **NBK's authorized representative Michael Carter would not approve this lease** (note "nbkny" email address below– *i.e.* National Bank of Kuwait, New York Branch), which would have generated a great deal of revenue for the Plaintiff.

**From:** Michael Carter <Michael.Carter@nbkny.com>
**Date:** Monday, 23 September 2019 at 13:22
**To:** Azeemeh Zaheer <azeemeh@naissancecapital.co.uk>, Lisa Walker
<Lisa.Walker@nbkny.com>
**Subject:** RE: LOI

My primary concern is that the tenant determines when the commencement date is, presumably because they have zoning and building department approvals to complete as well as financing to arrange, which is understandable, however there does not appear to be an outside expiration date for the Commencement date. It appears they could tie up these space permanently without having to pay rent. I think you should have an outside date for Commencement.

26.     The situation became so untenable that in September 2021, Plaintiff initiated a lawsuit against NBK.

27.     In good faith, even during the pendency of this litigation, the Plaintiff was still trying to get tenants into the building and get NBK's approval to do so, so it would not claim additional breaches of loan agreements.  **On July 2, 2022, the Plaintiff sent NBK five leases for approval, which NBK did not approve.**

28.     *The parties litigated for eleven (11) months until August 22, 2022, when they entered into a Confidential Settlement Agreement.*  **NBK has prevented Plaintiff's successful performance under any and all agreements it has with NBK, including the Confidential Settlement Agreement.**

29.     The Confidential Settlement Agreement permitted a timeframe in which Plaintiff could sell the 2425 Building, or seek refinancing, and Plaintiff was successful in obtaining a buyer for the building.  Upon closing this transaction, Plaintiff would have retained a forty-five (45%) ownership interest in the 2425 Building. However, **NBK again took actions which interfered with the continuation and closing of that transaction, including issuing a notice of foreclosure**

**on March 29, 2023 in breach of the Confidential Settlement Agreement, which Plaintiff believes was done intentionally to prevent the sale.**  The sale would have cleared the NBK debt as it stood at that time and left great value for the Plaintiff.  Plaintiff believes that NBK recognized that greater value and wanted to take it for itself by foreclosure in a "loan to own" gambit.

30.     There are tremendous factual inaccuracies that NBK represents to state and federal courts and they continue into these proceedings.  For example, in its Motion to Dismiss the Plaintiff's Bankruptcy, while it is absolutely true that temporary restraining orders were filed to attempt to prevent a foreclosure by NBK and its takeover of the 2425 Building, NBK fails to note that such requests were also **granted by this Court** based upon showings that **NBK had not allowed the Plaintiff to lease up the building to generate revenue, and had killed at least two transactions that Plaintiff was working on that would have cleared NBK and left value for the Plaintiff.**

31.     Additionally, NBK posted for foreclosure in 2023 early, and against an extended grace period that this Court had given Plaintiff, which silenced the bidding process and interest in the 2425 Building completely.  No one wants to buy a building posted for foreclosure.  **Plaintiff believes that NBK knew this and did it on purpose to prevent the Plaintiff from successfully selling the property and paying off the loan, so NBK could foreclose and take the 2425 Building for itself so it can open a Houston location.**

32.     After NBK's disclosures of the situation created by the Confidential Settlement and the wrongful posting for foreclosure during an extension of that agreement, potential buyers of the property who would otherwise become good prospects to negotiate a sale with Plaintiff, became potential purchasers of the NBK Note and began negotiating with NBK.  NBK interfered with

these potential purchases and with these business relationships.  At least the following were interfered with in this fashion:

          a)    Globix Investment,

          b)    Ironwood Commercial Realty,

          c)    Shah Firm, LLC, and

          d)    Jeb Brown Law.

**B.**    **Azeemeh Zaheer Decides She Wants the Building.**

33.    On June 26, 2023, Zaheer, filed a lawsuit in the name of Naissance Galleria, LLC ("*Naissance*"), despite having assigned control over such entity several years prior., in the 157th Judicial District Court in Harris County, Texas referenced by case number 2023-39006 against Brad Parker ("*Parker*") as an initial step in Zaheer's pursuit of a hostile takeover of the 2425 Building.

34.    On July 5, 2023, Zaheer, again acting in the name of Naissance, filed a second lawsuit in the 129th Judicial District Court in Harris County, Texas referenced by case number 2023-41091 against Parker and NBK, to further her hostile takeover attempt of the 2425 Building. Zaheer sought injunctive relief, but that request for an emergency temporary restraining order was denied.

35.    On or about July 5, 2023, Plaintiff commenced a Chapter 11 bankruptcy proceeding in the Southern District of Texas, referenced by case number 23-60036.  NBK sought to dismiss the bankruptcy proceeding, but after a full day evidentiary hearing its motion to dismiss was denied on September 26, 2023.  The Chapter 11 Plan could have been approved and would have substantially reduced the value of NBK's secured debt. So, after its motion to dismiss was denied,

NBK changed tactics and decided to invite Ms. Zaheer and her counsel into the bankruptcy case to cause confusion and disruption. NBK decided it could not allow its debt to be restructured under the bankruptcy code, just as it had decided it could not allow the prior sales of the building that had been lined up by Plaintiff.

**C.      Azeemeh Zaheer is a False Representative of Naissance.**

36.      Azeemeh Zaheer at one time had a business and personal relationship with Ali Choudhri, both of which appeared to have ended mutually for a time. Azeemeh Zaheer sought injunctive relief in the 80th Judicial District Court for Harris County against Naissance Galleria, LLC, which was a mezzanine lender to an LLC ("***LLC***") two steps up in the chain.

37.      Azeemeh Zaheer had signed, as the authorized representative of the Managing Member of Naissance Galleria, LLC an Assignment of the management rights of that LLC to Ali Choudhri. In response, Mr. Choudhri stepped into Naissance's shoes, covered its expenses, and did a miraculous job of negotiating the aforementioned settlement with NBK after the Assignment. Azeemeh Zaheer made this assignment for a number of reasons, but most of them stemmed from her ineffective management of the building and her fear of exposure to NBK and certain individuals affiliated with NBK because of her poor performance.

38.      After Mr. Choudhri received the Assignment and had negotiated the successful settlement with NBK and the building looked as if it might succeed (a period of years), Azeemeh Zaheer decided she wanted to misappropriate the value that Mr. Choudhri had just preserved and to an extent had just created. First, she claimed the Assignment was invalid and sought and received a Temporary Injunction, on September 21, 2023, from the 80th Judicial District Court in Harris County. This Temporary Injunction basically only created a stalemate with respect to the management of Naissance Galleria, LLC to preserve the status quo until a trial in January. Mr.

Choudhri is still the manager of Naissance Galleria, LLC, not Azeemeh Zaheer, although she did have some approval rights under the injunction.  Mr. Choudhri, as the manager of Naissance Galleria LLC and is only required to obtain approval from Zaheer for his actions.  Zaheer DOES NOT have any control of the entity.  Moreover, this was confirmed at a hearing on November 13, 2023 before Judge Manor in the 80th Judicial District Court.

**D.    Azeemeh Decides to Conspire with NBK So It Could Foreclose On the Building.**

39.    After the September 21, 2023 entry of the Temporary Injunction, some ironic, if not strange, events start taking place with respect to Ms. Zaheer and the Plaintiff.  First, it is against Azeemeh Zaheer and Naissance's financial interests if NBK forecloses.

40.    Second, on information and belief, Zaheer caused a copy of the Temporary Injunction Entered on September 21, 2023 by the 80th Judicial District Court in Harris County to be sent to counsel for NBK, who used it to interfere with the Plaintiff's ability to reorganize under the bankruptcy code and confirm a chapter 11 plan.

41.    Third, Zaheer's directed her counsel to appear without any forewarning at the October 12, 2023 status conference, in the Bankruptcy Court about the plan, claiming Azeemeh Zaheer now is the manager of Naissance Galleria, LLC and they have been hired by her to represent Naissance Galleria, LLC, all by virtue of the Temporary Injunction.

```
6         MR. DRINNON:  Okay.  I represent Mr. Abdullatif in

7    other cases but not this one.  I tend to get hired because I

8    have sued Mr. Choudhri successfully in numerous

9    jurisdictions and cases . . . .
```

**E.**    **Zaheer Changes Sides to Make a Deal with the NBK**

42.    Progressively, Azeemeh Zaheer's behavior becomes more inexplicable as she: (1) takes the position that the Temporary Injunction put her in charge of Naissance (it did not);[1] (2) that Naissance Galleria, LLC could or had already become the owner of the Debtor building (2425 Galleria Owner, LLC, Plaintiff herein) and as the new owner, they did not wish to pursue claims asserted in the bankruptcy case against NBK by Plaintiff and Naissance for breaching the settlement agreement  and would want to take the bankruptcy in another direction.

43.    This created an environment of confusion for the Bankruptcy Court, which was by Defendants' design, and it was a concerted effort by the Defendants to have the bankruptcy case dismissed, allowing NBK to foreclose.  Defendant NBK would not be impeded by the bankruptcy and Zaheer could tell Mr. Choudhri: "I will not go along with your reorganization plan unless you pay me millions of dollars" while making a deal with NBK to block the Plan of Reorganization in the event no payment was received from Mr. Choudhri.

44.    The Defendants are working in concert, to achieve the same end.  Specifically, the Defendants have devised, and intended to devise, a scheme or artifice to seize the 2425 Building by any means necessary.  Defendants will stop at nothing to see the Plaintiff lose possession of the 2425 Building, and upon information and belief, the driving force behind their efforts is Osama Abdullatif ("***Abdullatif***").

---

[1] At a hearing had in the issuing court (the 80th Judicial District Court) on Monday, November 13, 2023, the Court confirmed her Temporary Injunction Order had not turned control of Naissance over to Zaheer and Zaheer had no authority to authorize attorneys to make the filing and take the action they had on behalf of Naissance Galleria, LLC in the Bankruptcy.

45.     Defendants' scheme has involved false representations of material information, including but not limited to misrepresentations concerning the Plaintiff and the purpose and effects of the Temporary Injunction.

46.     On November 29, 2023, Azeemeh appeared, through counsel, at an emergency hearing where Naissance Galleria, LLC's Application for Temporary Restraining Order was being heard before the Harris County District Court Ancillary Judge.  Naissance Galleria, LLC sought an emergency temporary restraining order, to enjoin NBK from proceeding with the foreclosure sale scheduled for December 5, 2023, in an effort to protect its interests in the 2425 Building. However, Azeemeh, through counsel, argued against entry of the temporary restraining order, and worked alongside NBK to ensure its denial, leaving the 2425 Building subject to foreclosure. Azeemeh's stance is bizarre, considering Azeemeh, improperly acting as manager for Naissance Galleria, LLC, sought an emergency temporary restraining order to stop NBK from foreclosing on the 2425 Building in July 2023[2].

**F.     False Representations by Zaheer's Agents are Successful in Getting Plaintiff's Bankruptcy Dismissed.**

47.     The Bankruptcy Court scheduled a Status Conference for the Plaintiff's Bankruptcy Case for November 1, 2023.  Azeemeh's agents, on October 31, 2023, only hours before the Status Conference, filed an Emergency Motion.  This Motion contained many misrepresentations, some of which follow:

> a)     Even though Zaheer had no right to or standing necessary to file anything on behalf of Naissance, and the Temporary Injunction gave Zaheer no such rights, statements were made in their Emergency Motion directly to the contrary, stating Azeemeh Zaheer was in, Choudhri was out.

---

[2] See Cause No. 2023-41091: Naissance Galleria LLC v. National Bank of Kuwait S.A.K.P., New York Branch, transcript from the July 5, 2023 Temporary Restraining Order hearing is attached.

b)      The filing stated flatly at one point that the Assignment had been found to be forged – it had not.

c)      The filing stated that, because of the Temporary Injunction, Naissance was now controlled exclusively by Zaheer, who could make Naissance become the Owner of the Bankrupt.  (The issuing court on Monday, November 13, 2023, ruled from the bench it said no such thing.)

These misrepresentations had the desired effect, and the Bankruptcy Court dismissed the Bankruptcy, green-lighting NBK to foreclose.

**G.      Abdullatif is Choudhri's Competitor and Wants to Ruin Him.**

48.      Choudhri has been in the real estate investment and management business for the last 20 years.  The regular course of Choudhri's business involves numerous aspects of real estate development.   These activities include real estate and business acquisitions and dispositions, seeking and obtaining financing, and developing and managing commercial and residential properties.  He regularly raises capital for these activities through the issuance of equity and/or debt.  It is also within his normal course of business to enter into transactions with borrowers, lenders, and investors to support the purchase, development, and operations of real estate properties.

49.      Choudhri at times conducts his real estate investment and management business through the use of special purpose entities, such as Plaintiff Galleria Owner 2425, LLC.  Choudhri runs a management company, Jetall ("***Jetall***"), to provide employees and management services to entities for purposes of operating real estate investments.

50.      Abdullatif has provided financing for numerous third-party claims against Choudhri, including interfering with Choudhri's final divorce proceedings in both Pakistan Supreme Court and Harris County District Court by soliciting Choudhri's ex-wife for her legal claims against Choudhri and/or his entities and to gain access to Choudhri's protected financial

disclosures. Abdullatif has filed several dozen Lis Pendens against Choudhri, and his properties, and has sponsored litigation against Choudhri in several dozen cases.

51.     Upon information and belief, Abdullatif is also financing the litigation expenses of Zaheer against Choudhri in the dispute over the building owned by Plaintiff. Abdullatif, Zaheer, and others have all agreed to the enterprise course of action aimed at destroying Choudhri's business, including taking possession of the 2425 Building.

52.     On more than one occasion, Abdullatif resorted to violence and threats against Choudhri and/or his family, friends, and associates. Mr. Choudhri had another real estate venture involving an entity called Dalio. Abdullatif was present at Dalio's foreclosure proceeding, where a friend accompanying him assaulted one of Choudhri's lawyers. On another occasion, Abdullatif and his associates used firearms to hold Choudhri, and his associates, hostage.

53.     Abdullatif also formed an association with others in his illegal efforts to destroy Choudhri's business. These individuals include but are not limited to Chris Wyatt, former paralegal of Jetall ("**Wyatt**").

54.     Wyatt was hired by Jetall in 2019. In the course of his employment, Wyatt oversaw legal and litigation matters for Jetall. He was provided confidential information concerning Jetall's and its client's real estate transactions, finances and debt leverage on properties, and litigation management strategies. As a Jetall representative, Wyatt was regularly involved in and provided access to privileged information and communications, including information subject to attorney-client and work product privileges. Wyatt signed a non-disclosure agreement at the beginning of his employment prohibiting him from disclosing confidential information and requiring him to return all files upon his termination.

55.    Wyatt's employment at Jetall ended in December 2020. When he left Jetall, Wyatt stole corporate files including electronic communications and secretly recorded privileged phone communications between Choudhri and his attorneys.

56.    Jetall obtained a restraining order in January 2021 enjoining Wyatt from disclosing or divulging confidential information obtained through his course of employment with Jetall.

57.    Abdullatif met with Wyatt before, during and after Wyatt's departure from Jetall. Abdullatif, directly and through his lawyers, received confidential and privileged information from Wyatt. This information included but is not limited to illegal recordings of Choudhri's conversations with attorneys.

58.    Upon information and belief, Abdullatif and his lawyers were aware that Wyatt was a former employee of Jetall who was involved in confidential and privileged communications and that a restraining order was entered enjoining Wyatt from disclosing confidential information.

59.    Abdullatif and his agents have used the illegally obtained information and recordings as part of Abdullatif's scheme to destroy Choudhri's business. Abdullatif retained Wayne Dolcefino ("***Dolcefino***") as a "consultant" to publish on the internet a series of hit pieces on Choudhri. Dolcefino advertises that his services included "litigation support," and Abdullatif has utilized Dolcefino in the course of his numerous lawsuits asserted against Choudhri and his businesses.

60.    Information illegally obtained from Wyatt is included in many of Dolcefino's hit pieces. Dolcefino continues to publish these hit pieces on the internet, including videos posted in May 2023.

61.    Abdullatif has made several false claims against his competitor, Choudhri, in many ways, two of the most egregious being:

a)      Hiring Dolcefino to create video "hit pieces" about Choudhri, his business, his marital status, and inappropriate character based upon his actions during that marital status. This video contained "over the top" falsehoods, e.g. that he was still married and had been for years. It was commercial speech designed to designate a competitor (Choudhri) and give Abdullatif a competitive advantage, and was introduced into interstate commerce by release to major television (broadcast and cable) networks and by placing on the internet where it still resides today, making it available to the potential customers and lenders that are competed for; and

b)      Placing multiple improper Lis Pendens on the record title to properties owned by Choudhri or his business entities, which created a double negative effect on Choudhri's ability to conduct business by hampering his ability to find new lenders or renewing existing loans because the security for them was impaired and making it impossible to sell those properties to raise new capital on his own. These Lis Pendens were "over the top" misrepresentations because they were illegal and did not assert valid interests in the subject properties. The Lis Pendens were also introduced into interstate commerce because they were filed of record and were available "online" over the internet to any potential customer for commercial real estate in the Houston area.

## V.
## <u>CAUSES OF ACTION</u>

### COUNT 1:  <u>BREACHES OF CONFIDENTIAL SETTLEMENT AGREEMENT</u>

62.     Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

63.     Plaintiff and NBK reached a valid and enforceable agreement expressly set forth in the Confidential Settlement Agreement.  Pursuant to the Confidential Settlement Agreement, NBK agreed to keep the contents and terms of the parties' agreement completely confidential.  Plaintiff dismissed its very good claims in the Lawsuit against NBK in reliance upon NBK's promise to uphold the confidentiality obligations set forth in the Confidential Settlement Agreement.

64.     NBK breached the Confidential Settlement Agreement by disclosing its contents and terms to third parties in violation of the agreement's express confidentiality provisions.  These

Page **19** of 29

disclosures prevented Plaintiff from closing on the sale of the 2425 Building and chilled the market for other buyers for Plaintiff's property.  The same is true for NBK's wrongful, early filing of a notice of foreclosure on the 2425 Building, also in violation of the Confidential Settlement Agreement.

65.    Plaintiff hereby sues NBK for these breaches of the Confidential Settlement Agreement, including monetary damages for such breaches and  injunctive relief preventing NBK from foreclosing on the building because Civil Practices & Remedies Code Section 65.011 authorizes injunction relief when: 1) the applicant is entitled to a writ of injunction under the principles of equity and the laws of Texas relating to injunctions. Texas Civil Practices & Remedies Code Section 65.011(3); See Butnaru v. Ford Motor Co., 84 S.W.3rd 198, 210 (Tex. 20002); and 2) when irreparable injury to real or personal is threatened, irrespective of any remedy of law. Tex. Civ. Practice & Remedies Code Section 65.011(5).

66.    Plaintiff requests injunctive relief as allowed pursuant to *CytoGenix, Inc. v. Waldroff*, 213 S.W.3d 479, 487 (Tex.App.—Houston, [1st Dist.] 2006, pet. denied), and *L Series, L.L.C. v. Holt*, 571 S.W.3d 864, 876 (Tex.App.—Fort Worth 2019, pet. denied) due to Defendant's breach.

**COUNT 2:  <u>TORTIOUS INTERFERENCE WITH CONTRACT</u>**

67.    Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

68.    As alleged, NBK tortiously interfered with the SIBS International contract and the Caldwell Soames Inc. contract, causing damages to the Plaintiff in the net amounts of the contracts which, but for NBK's interference, would have been paid to the Plaintiff.

69.     Zaheer has tortiously interfered with Plaintiff's contract with NBK, and abused process by interfering in Plaintiff's bankruptcy proceeding.

**COUNT 3:  <u>TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS</u>**

70.     Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

71.     After NBK's disclosures of the situation created by the confidential settlement and the wrongful posting for foreclosure during a judicial extension of the grace period contained in that agreement, potential buyers of the property who would otherwise have become good prospects to negotiate a sale with Plaintiff, became instead potential purchasers from NBK of the NBK note and began contacting and negotiating or attempting to negotiate with NBK instead of the Plaintiff. NBK interfered with these potential purchasers and with these potential business relationships.  At least the following were interfered with in this fashion:

        a)     Globix Investment,
        b)     Ironwood Commercial Realty,
        c)     Shah Firm, LLC, and
        d)     Jeb Brown Law.

72.     Zaheer have interfered with the Plaintiff's relationship with NBK and/or entered into a relationship with Zaheer and their antics caused the dismissal of Plaintiff's Chapter 11 bankruptcy proceeding, which was otherwise proceeding to a cram-down restructuring under Chapter 11 of the bankruptcy code

73.     This interference by the Defendants damaged Plaintiff in amounts to be determined after discovery, but which exceed the minimum jurisdictional limits of this Honorable Court.

<p style="text-align:center;">**COUNT 4:  COMMON LAW FRAUD/LENDER LIABILITY**</p>

74.     Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

75.     NBK never had any intention of living up to the Confidential Settlement Agreement.  The Plaintiff was winning the lawsuit against NBK, so NBK induced the Plaintiff into dismissing its lawsuit and entering into the Confidential Settlement Agreement which NBK had no intention of living up to.  This fraud works an estoppel against NBK (see Count 6, "ESTOPPEL").  Plaintiff hereby sues NBK for fraud and fraudulent inducement and alleges it constitutes the basis for an action for Lender Liability.

76.     NBK knew at the time it entered into the Confidential Settlement Agreement it would deflect and tortiously interfere with the Plaintiff's attempts to sell the 2425 Building so NBK would be able to foreclose on the building and take all of the value instead of just the value of the amounts otherwise owed at the time.  Plaintiff accordingly sues NBK for its fraud, fraud in the inducement, lender liability, and subsequent interference with the settlement agreement. Plaintiff seeks benefit of the bargain damages for the fraud related to the enforceable contract. Plaintiff requests injunctive relief as allowed pursuant to *CytoGenix, Inc. v. Waldroff*, 213 S.W.3d 479, 487 (Tex.App.—Houston, [1st Dist.] 2006, pet. denied), and *L Series, L.L.C. v. Holt*, 571 S.W.3d 864, 876 (Tex.App.—Fort Worth 2019, pet. denied) due to Defendant's breach.

<p style="text-align:center;">**COUNT 5:  FRAUDULENT TRANSFER**</p>

77.     Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

78.     The funds paid by the Plaintiff to NBK:

    a)     $801,509.42 paid Plaintiff to NBK on August 27, 2022;

b)      $80,000 paid by Plaintiff to NBK on April 18, 2023; and

c)      $80,000 paid by Plaintiff to NBK on May 10, 2023

were fraudulently induced by NBK and were payments for which the Plaintiff received nothing in return and constitute fraudulent conveyances in violation of U.S.C. § 544, 548, and 550 and TEX. BUS. & COMM. CODE §§ 24.001, *et seq.*, for which the Plaintiff hereby sues NBK to recover all such amounts.  In addition, the Loan Agreement between NBK and Plaintiff set aside reserve funds to cover certain events of default related to the anchor tenant. Due to COVID-19, this provision of the Loan Agreement activated, and Plaintiff's loan payments were being drawn down from the reserve funds. However, NBK intentionally depleted Plaintiff's reserve funds, and transferred Plaintiff's funds to itself prior to the time when they were actually due. Plaintiff requests an injunction pursuant to Sec. 24.008.

## COUNT 6:  <u>ESTOPPEL</u>

79.      Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

80.      NBK is estopped from claiming Plaintiff owes any more than the amount stated and agreed to in the Confidential Settlement Agreement because of its fraud and fraudulent inducement alleged previously.

## COUNT 7:  <u>BUSINESS DISPARAGEMENT</u>

81.      Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

82.      The posting of the 2425 Building during any negotiation periods and/or the extended grace period when actual buyers were moving toward concluding a deal and when other

potential buyers were expressing interest in the 2425 Building, constituted business disparagement against the Plaintiff for which Plaintiff hereby sues NBK.

83.     The efforts of Zaheer to make false accusations and representations about the Plaintiff's ownership interests, management, and decision-making abilities constituted business disparagement against the Plaintiff for which the Plaintiff hereby sues Zaheer.

84.     The business disparagement by the Defendants damaged Plaintiff in amounts to be determined after discovery, but which exceed the minimum jurisdictional limits of this Honorable Court.

## COUNT 8:  <u>BREACH OF GOOD FAITH AND FAIR DEALING</u>

85.     Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

86.     Every contract has a duty of good faith and fair dealing engrafted upon it, especially in a lender/borrower relationship, and even more so when the lender is based in the State of New York as NBK is.

87.     NBK breached its duty of good faith and fair dealing by:

    a)    Inducing Plaintiff to dismiss their State Court lawsuit;

    b)    Inducing Plaintiff to enter into the Confidential Settlement Agreement;

    c)    Tortiously interfering with Plaintiff's performance under the Confidential Settlement Agreement;

    d)    Tortiously interfering with third-party contracts;

    e)    Not approving tenant leases or contracts for sale; and

    f)    deflecting buyers so Plaintiff could not sell the 2425 Building.

88.     Plaintiff hereby sues NBK for breach of duty of good faith and fair dealing.  The damages are for the value of the amounts that would have been recovered in the state court litigation and/or the value of the deals lost for leases and/or sales of the 2425 Building.

### COUNT 9:  UNJUST ENRICHMENT

89.     Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

90.     If NBK is allowed to foreclose on the 2425 Building it will make an unconscionable profit and succeed in its "loan to own" gambit.  The amount of its unjust enrichment for which Plaintiff hereby sues NBK is the difference between what NBK would have been owed (but for its breaches of the Confidential Settlement Agreement) under the Confidential Settlement Agreement and the true value of the building, for which Plaintiff hereby sue NBK.

### COUNT 10:  CONSPIRACY

91.     Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

92.     Defendants agreed to work in concert with each other in order to interfere with Plaintiff's bankruptcy case, and to have it dismissed by making fraudulently claiming Azeemeh had control over Naissance Galleria, LLC.

93.     Defendants acted with the intent to harm plaintiff by disrupting its bankruptcy proceedings and ultimately obtaining a sua-sponte dismissal of such proceeding based upon their allegations

94.     To accomplish the object of their agreement Defendants intentionally or negligently mischaracterized the effect of the state court temporary injunction, in order to confuse and disrupt Plaintiff's bankruptcy case, which resulted in dismissal.

95.    The agreement to engage in this conduct proximately caused injury to plaintiff. Plaintiff's sole asset and its ability to reorganize its affairs under Chapter 11 of the bankruptcy code, has now been posted for foreclosure on December 5th, 2023, instead of being protected through its reorganization proceedings. A foreclosure will irreparably harm Plaintiff.

### COUNT 11:  <u>FEDERAL MISREPRESENTATION OF SERVICES AND UNFAIR COMPETITION UNDER THE LANHAM ACT</u>

96.    Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

97.    Section 43 of the Lanhan Act provides civil relief to any person damaged by the acts of another with connection to "any goods or services," who uses any "false designation of origin, false, or misleading description of fact, or false or misleading representation of fact" that either is either "likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person," or "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 41 U.S.C. § 1125(a)(1).

98.    To establish a prima facie claim under § 43 of the Lanham Act of 1946, a plaintiff must establish  that: (1) the defendant made a "false or misleading statement of fact," (2) the statement "either deceived or had the capacity to deceive a substantial segment of potential consumers," (3) the deception was "material, in that it is likely to influence the consumer's purchasing decision," (4) the goods, services, or commercial activities must be "in interstate commerce," and finally, (5) "as a result of the statement at issue," there was injury to the plaintiff

or the plaintiff "is likely to be injured." *IQ Prod. Co. v. Pennzoil Prod. Co*., 305 F.3d 368, 375 (5th Cir. 2002).

99.    NBK and the Plaintiff entered into a settlement agreement in the spring of 2023. The settlement agreement was confidential. Thereafter, NBK made misleading statements about the confidential settlement agreement that deceived others, the actions were material, the actions were in interstate commerce and resulted in injury to the Plaintiff. Since the settlement agreement was and may still be confidential, further information about the actions could be argued to be a breach of the confidentiality provisions.

100.    Further, NBK made misleading statements on the potential leases in the building owned by the Plaintiff. The Plaintiff had numerous potential leases, NBK refused to approve the leases, the actions of NBK were misleading, the actions were deceptive as to both the Plaintiff and the potential leases, the actions were material in influencing the potential tenants in future relations with the Plaintiff, many of the larger proposed tenants were or are national companies in interstate commerce and the actions caused injury to the Plaintiff.

101.    Further, the Plaintiff and principally its owner purchase liens on properties and to purchase properties oftentimes at foreclosure sales, but other times as purchasers from willing sellers. Many of these properties are worth millions of dollars. Buying properties worth millions of dollars is a very capital-intensive business. Consequently, Choudhri must maintain good reputations to assure that lenders will lend him money and buyers will enter into contracts to purchase their properties since the primary sources of capital necessary to keep this business functioning are capital from lenders and proceeds from the sales of their existing properties.

102.    The capital utilized in the leases and businesses comes from and flows through interstate commerce and at times through international commerce, and the purchasers or some of

their members are oftentimes citizens of states other than Texas or countries other than the United States of America.

103.    NBK has engaged in false advertising in violation of Section 43(a) of the Lanham Act as described above and possibly in other ways.

104.    These acts and others were in violation of 15 USC § 1125(a), Section 43a of the Lanham Act.

## COUNT 12:  ATTORNEYS' FEES

105.    Plaintiff repeats and realleges the allegations set forth in all preceding and subsequent paragraphs of this Complaint, as if fully set forth herein.

106.    Plaintiff hereby sues Defendants for its reasonable and necessary attorneys' fees under breach of a written contract under Civil Practice and Remedies Code §38.001, under the fee shifting agreement of the contract, and under any statutory or common law right to recover same.

## VI. JURY DEMAND

107.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VII. PRAYER

108.    For the reasons set forth above, Plaintiff asks that the Court enter a judgment relief in the following manners:

      a)    Actual damages including economic injuries & consequential damages;

      b)    Attorney's fees;

      c)    Exemplary damages;

      d)    Prejudgment and post judgment interest;

      e)    Court costs; and

f)      All other relief to which Plaintiff is entitled under both law and equity.

Respectfully submitted,

The Pope Law Firm
6161 Savoy Drive, Suite 1125
Houston, Texas 77036
Ph: 713-449-4481
Fx: 281-657-9693
jamesp@thepopelawfirm.com

By: /s/ James Q. Pope
     James Q. Pope
     TBN: 24048738
     Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on December 17, 2023, a copy of the foregoing was served on interested parties by electronic service using the court's electronic noticing system.

By: /s/ James Q. Pope
     James Q. Pope

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

James Pope on behalf of James Pope
Bar No. 24048738
jamesp@thepopelawfirm.com
Envelope ID: 82647538
Filing Code Description: Amended Filing
Filing Description: Plaintiff Sixth Amended Petition
Status as of 12/18/2023 9:54 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jerry CAlexander | | alexanderj@passmanjones.com | 12/17/2023 7:53:14 PM | SENT |
| Ruth NVera | | verar@passmanjones.com | 12/17/2023 7:53:14 PM | SENT |
| Sheryl Chandler | | chandlers@passmanjones.com | 12/17/2023 7:53:14 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 12/17/2023 7:53:14 PM | SENT |
| James Quantrele Pope | 24048738 | ecf@thepopelawfirm.com | 12/17/2023 7:53:14 PM | SENT |
| Rodney Lee Drinnon | 24047841 | rdrinnon@mccathernlaw.com | 12/17/2023 7:53:14 PM | SENT |
| Robin Harrison | | rharrison@hicks-thomas.com | 12/17/2023 7:53:14 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 12/17/2023 7:53:14 PM | SENT |
| Nancy Jones | | nancy.jones@pillsburylaw.com | 12/17/2023 7:53:14 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 12/17/2023 7:53:14 PM | SENT |
| David Clark | | dclark@mccathernlaw.com | 12/17/2023 7:53:14 PM | SENT |
| Danielle Chester | | dchester@mccathernlaw.com | 12/17/2023 7:53:14 PM | SENT |
| Haseeb Dada | | hdada@mccathernlaw.com | 12/17/2023 7:53:14 PM | SENT |
| Averyll  Mauch | | amauch@Mccathernlaw.com | 12/17/2023 7:53:14 PM | SENT |
| Gage Fender | | gage@clouthierlaw.com | 12/17/2023 7:53:14 PM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 12/17/2023 7:53:14 PM | SENT |
| Jackie Marlowe | | jmarlowe@hicks-thomas.com | 12/17/2023 7:53:14 PM | SENT |
| Jetall Legal | | legal@jetallcompanies.com | 12/17/2023 7:53:14 PM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 12/17/2023 7:53:14 PM | SENT |
| Clouthier Law | | info@clouthierlaw.com | 12/17/2023 7:53:14 PM | SENT |
| Ryan Steinbrunner | | ryan.steinbrunner@pillsburylaw.com | 12/17/2023 7:53:14 PM | SENT |
| Elizabeth Klingensmith | | liz.klingensmith@pillsburylaw.com | 12/17/2023 7:53:14 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

James Pope on behalf of James Pope
Bar No. 24048738
jamesp@thepopelawfirm.com
Envelope ID: 82647538
Filing Code Description: Amended Filing
Filing Description: Plaintiff Sixth Amended Petition
Status as of 12/18/2023 9:54 AM CST

Case Contacts

| | | | | |
|---|---|---|---|---|
| Elizabeth Klingensmith | | liz.klingensmith@pillsburylaw.com | 12/17/2023 7:53:14 PM | SENT |
| Angela McGinnis | | angela.mcginnis@pillsburylaw.com | 12/17/2023 7:53:14 PM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 12/17/2023 7:53:14 PM | SENT |

Associated Case Party: Ali Choudhri

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ali Choudhri | | legal@jetallcompanies.com | 12/17/2023 7:53:14 PM | SENT |

EXHIBIT 3

# EXHIBIT

# B

Unofficial Copy Office of Marilyn Burgess District Clerk

## DECLARATION OF QUANELL X

I, Quanell X Farrakhan, am a person over the age of eighteen (18) years and am competent to give this declaration. I have personal knowledge of the facts set forth in this declaration, and such facts are true and correct.

In October 2020, I met with Osama Abdullatif. During that meeting, Mr. Abdullatif told me he had text messages from Chris Wyatt. Mr Abdullatif said he felt like Mr. Wyatt was trying to extort him. I understood Mr. Wyatt to be a former employee of Ali Choudhri. Mr. Abdullatiff told me that he Mr. Wyatt wanted to sell Mr. Choudhri's business records/files and property.

Mr. Abdullatif said he had in his phone text messages from Mr. Wyatt where Mr. Wyatt asked Mr. Abdullatif to pay $200,000 in exchange for assisting and selling information and property to Mr. Abdullatif. Mr. Abdullatif told me he wanted to pay Mr. Wyatt for information and business records/files of Mr. Choudhri.

During this meeting Mr. Abdullatif showed me his phone and told me about a series of text messages from Chris Wyatt. The messages identified specific documents Mr. Wyatt was able to steal from his employer, Jetall companies, prior to his resignation. Wyatt's messages also touted his personal knowledge of Jetall's business operations and its President Ali Choudhri. Wyatt apparently believed his stolen documents and information were extremely valuable. The series of text messages culminated with a request by Wyatt for $200,000.00 in exchange for his cooperation, information and the stolen property. Based on the text messages Mr. Abdullatif told me and related discussions, Mr. Wyatt asked Mr. Abdullatif to pay $200,000 in exchange for assisting Mr. Abdullatif and providing him with documents and information belonging to Ali Choudhri. Mr. Wyatt asked Mr. Abdullatif to pay $200,000 in exchange for assisting Mr. Abdullatif and providing him with documents and information belonging to Ali Choudhri.

My date of birth is __12-7-70__, and my address is __10061 Rebel Rd__.
I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas, on the __29__ day of December, 2020.

_Quanell X Farrakhan_

ALEJANDRA PEREZ
Notary Public, State of Texas
Comm. Expires 06-28-2023
Notary ID 129933928

1

EXHIBIT 4

# EXHIBIT 14

### THIRD DECLARATION OF QUANELL X

I, Quanell X Farrakhan, am a person over the age of eighteen (18) years and am competent to give this declaration. I have personal knowledge of the facts set forth in this declaration, and such facts are true and correct.

On approximately January 20, 2021, I received the text attached as Exhibit A hereto from Wayne Dolcefino.

In regards to my prior Declarations and discussions of meetings with Osama Abdullatif, Abdullatif informed me in one of the meetings that Chris Wyatt had told him that Ali Choudhri had hired me to kill Abdullatif. Since this was obviously false, I spoke with officers from the Houston Police Department concerning these allegations and they confirmed to me that they had dismissed Wyatt's false accusations against me and Choudhri as a hoax.

My date of birth is December 7, 1970, and my address is 10061 Rebel Road, Houston, TX 77016.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Harris County, Texas, on the 25TH day of January, 2021.

Quanell X Farrakhan

1



.ıll AT&T 🛜    11:19 AM    55% ⚡

‹ 55

+1 (713) 389-0810 ›

that brother you can intimidate with this foolishness

Delivered

The evidence.  Go to war

Yesterday 6:22 PM

We will be reporting the falsities in your affidavit to the da. You disappoint me

https://youtu.be/LhRO1mxeWh8

  iMessage 

EXHIBIT 5

# In the Matter Of:

TEXAS REIT LLC

24-10120-smr

# OMAR KHAWAJA

*September 11, 2024*

1    IN THE UNITED STATES BANKRUPTCY COURT

2    FOR THE WESTERN DISTRICT OF TEXAS

3      AUSTIN DIVISION

4

5 In re:     Chapter 11

6 TEXAS REIT, LLC   Case No.

7 Debtor     24-10120-smr

8

9

10

11    REMOTE DEPOSITION OF

12     OMAR KHAWAJA

13

14

15

16    September 11, 2024
     10:15 a.m.

17

18

19    5051 Westheimer, Suite 1200
     Houston, Texas

20

21

22

23

24

25   Cheryl Madriaga, Shorthand Reporter

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                      2

1                    APPEARANCES OF COUNSEL:

2

  On behalf of Debtor, Texas Reit, LLC:
3
    STEPHEN W. SATHER, ESQ.
4    BARRON & NEWBURGER, P.C.
    7320 N. Mopac Expy, Suite 400
5    Austin, TX 78731
    (512) 476-9103
6    ssather@bn-lawyers.com

7
  On behalf of Deponent, Omar Khawaja:
8
    MICHAEL BALLASES, ESQ.
9    HOOVER SLOVACEK, LLP
    5051 Westheimer, Suite 1200
10    Houston, Texas 77056
    (713) 977-8686
11    ballases@hooverslovacek.com

12
  On behalf of Dalio Holdings I and II, LLC:
13
    LORI A. HOOD, ESQ.
14    SHACKELFORD, MCKINLEY & NORTON, LLP
    717 Texas Avenue, 27th Floor
15    Houston, TX 77002
    (832) 669-6081
16    lhood@shackelford.law

17
  Also Present:
18
    Dwayne Mason, Esq., Greenberg Traurig, LLP -
19    prospective counsel for Dalio Holdings I and II, LLC

20    Ali Chouhdri, pro se - in his individual capacity

21    Gene McCubbin - assistant to Lori Hood

22    Tammy Luu - assistant to Ali Choudhri

23    Osama Abdullatif - noticed deponent

24    John Quinlan - noticed deponent

25

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                      3

1                    INDEX TO EXAMINATION

2    EXAMINATION                          PAGE

3    Examination by Mr. Sather                6
     Examination by Ms. Hood                 47
4    Examination by Ms. Hood                 72
     Examination by Mr. Choudhri            126
5    Reporter's Certificate            229

6

7                    INDEX OF EXHIBITS

8    DEBTOR'S          DESCRIPTION                 PAGE

9
     Exhibit 1    Proof of Claim                9
10
     Exhibit 2    Supplemental Notice of Lis      35
11              Pendens for 8052 Westheimer

12   Exhibit 3    Supplemental Notice of Lis      37
                Pendens for 8098 Westheimer
13
     Exhibit 4    Adversary Complaint - George Lee   38
14
     Exhibit 5    Debtor's Objection to Claim     44
15
     Exhibit 6    Motion for Leave to Withdraw    45
16              Claim Number 9

17

18

19

20

21

22

23

24

25

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                         4

1                    P R O C E E D I N G S

2            THE REPORTER:  We are on the record.  The date

3    is September 11th, 2024.  This begins the deposition

4    of Omar Khawaja.

5            My name is Cheryl Madriaga, representing

6    Esquire Deposition Solutions.

7            Will counsel please state their name on the

8    record and whom they represent?

9            MR. SATHER:  Stephen Sather --

10           MR. BALLASES:  Michael Ballases --

11           MR. SATHER:  -- attorney for --

12           MR. BALLASES:  -- (unintelligible) Khawaja --

13           THE REPORTER:  Sorry --

14           MR. BALLASES:  -- John Quinlan, and Osama

15   Abdullatif.

16           THE REPORTER:  Okay.  Sorry.  I just had two

17   people speaking at once.  Could I start with one

18   counsel, please?

19           MR. BALLASES:  Sure.  Michael Ballases,

20   counsel of record for the deponent, Omar Khawaja, also

21   John Quinlan, also Osama Abdullatif.

22           THE REPORTER:  Thank you.

23           MR. SATHER:  Stephen Sather --

24           MR. BALLASES:  You're welcome.

25           MR. SATHER:  -- for Texas REIT, LLC, the

OMAR KHAWAJA
TEXAS REIT LLC

1    debtor in this case.

2          MS. HOOD:  Lori Hood of Dalio Holdings, a

3    creditor in the case.

4          MR. CHOUDHRI:  Ali Choudhri, a creditor in the

5    case.

6          THE REPORTER:  Okay.  Is there anything else,

7    or are we ready to have me swear in the witness?

8          MR. BALLASES:  Now, there are other people on

9    the call.  They need to make an appearance.

10          MR. MASON:  This is Dwayne Mason, prospective

11    counsel for Dalio with Greenberg Traurig.

12          MR. MCCUBBIN:  Gene McCubbin, assistant to

13    Lori Hood.

14          MR. BALLASES:  Okay.  I'm going to object --

15    this is Michael Ballases.  I'm going to object to Lori

16    Hood, her assistant, Ali Choudhri, and Dwayne Mason

17    being present on the call.  They're not -- they don't

18    represent Texas REIT.  They're not parties, they don't

19    have standing, and they cannot participate.  And this

20    is not a creditors' meeting.  So I want that to be on

21    the record.

22          MR. SATHER:  All right.  Your objection is

23    noted.  Let's proceed.

24          THE REPORTER:  Okay.  And just before we go on

25    the record, I just ask that we please do our best not

1    to speak over one another.

2            Mr. Khawaja, please keep your voice nice and

3    loud, allow counsel to finish his completely before

4    you begin your answer, and all answers must be verbal.

5    Thank you.

6            MR. CHOUDHRI:  Just confirming, Madam Court

7    Reporter, we are on the record; right?

8            THE REPORTER:  Yes, we are.

9            MR. SATHER:  All right.

10           MR. CHOUDHRI:  Okay.

11           MR. SATHER:  If you would swear in the

12   witness, please.

13                   OMAR KHAWAJA,

14   having been first duly sworn, was examined and

15   testified as follows:

16                   EXAMINATION

17           MR. BALLASES:  Real quick before we get

18   started -- this is Michael Ballases -- I assume we

19   have an agreement to take this deposition by the

20   Federal Rules of Civil Procedure and also the Court's

21   limiting instruction.

22           MR. SATHER:  Yes.

23           MR. BALLASES:  Okay.

24   BY MR. SATHER:

25       Q.  All right.  Mr. Khawaja, have you ever given a

1  deposition before?

2      A.  I don't think so, no.

3      Q.  All right.  But are you familiar with the

4  process for taking a deposition, sir?

5      A.  Yes.  Yes, I am.

6      Q.  And do you understand that your testimony

7  today is under oath?

8      A.  Yes, I do.

9      Q.  And is there anyone present in the room with

10  you where you are giving your testimony?

11      A.  Yes, my attorney, Michael Ballases, and the

12  other two parties, Osama Abdullatif and John Quinlan.

13      Q.  All right.  And, Mr. Khawaja, do you

14  understand that you cannot confer with any of the

15  parties in the room with respect to your answers?

16      A.  Yes, I do.

17      Q.  Tell me what you do for a living.

18      A.  I'm an attorney.

19      Q.  And are you familiar with a company called

20  Texas REIT, LLC?

21      A.  Yes, I am.

22      Q.  And how are you familiar with Texas REIT, LLC?

23      A.  So an entity that Ali Choudhri owns.

24      Q.  Okay.

25      A.  Or controls.

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                      8

1    Q.  And have you ever entered into a business

2  transaction with Texas REIT, LLC?

3    A.  No, I have not.

4    Q.  Do you claim to be an owner of Texas REIT,

5  LLC?

6    A.  No, I don't.

7    Q.  Have you ever filed a notice of lis pendens on

8  behalf of any party against Texas REIT, LLC?

9    A.  I may have, yes.

10    Q.  Okay.  And are you familiar with what a notice

11  of lis pendens is?

12    A.  Yes.

13    Q.  Are you familiar with Ali Choudhri, who is

14  present here today?

15    A.  Yes.

16    Q.  And how are you familiar with Mr. Choudhri?

17    A.  I have litigation against him.  He's defrauded

18  me.  He's defrauded people I know.  I represent people

19  against him.  And, you know, we're sitting here in

20  this case today, so I know him because I am a party in

21  this case.

22    Q.  All right.  Are you familiar with Jetall

23  Companies?

24    A.  Yes.

25    Q.  And how are you familiar with Jetall

OMAR KHAWAJA                            September 11, 2024
TEXAS REIT LLC                                    9

1   Companies?

2     A.   It's an entity that Ali Choudhri controls or

3   owns, and I have judgments against them.

4       MR. SATHER:   All right.   I'm going to share my

5   screen and show Exhibit 1.

6       (Debtor's Exhibit No. 1 was marked for

7   identification.)

8     Q.   (BY MR. SATHER)   I have previously provided

9   this document to the court reporter and your counsel.

10       And so can you see Exhibit Number 1 on the

11   screen, sir?

12     A.   Yes, I do.

13       THE WITNESS:   Do you have a physical copy too,

14   Michael?

15     Q.   (BY MR. SATHER)   All right.   Now, are you

16   familiar -- are you aware that this is a proof of

17   claim filed with the United States Bankruptcy Court?

18     A.   Yes, I am.

19     Q.   And are you one of the claimants listed on

20   this proof of claim?

21     A.   I am.

22     Q.   And as I read the proof of claim, there are

23   three individuals who are listed as the current

24   creditor:   John Quinlan, Omar Khawaja, and Osama

25   Abdullatif.   What is the relationship between the

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                      10

1    three individuals with respect to the proof of claim?

2        A.  They're just judgment orders.

3        Q.  Okay.  But do each of you assert the claim

4    jointly and severally, or do each of you have

5    different pieces of the claim?

6        A.  You know, jointly and severally.

7        Q.  All right.  Now, do you have an agreement

8    between the three of you as to how any monies received

9    on the claim will be divided?

10       A.  Not particularly.  I mean, you know, we don't

11   have a written agreement, from my understanding.

12       Q.  Okay.  Now, if I could go --

13           MR. BALLASES:  (Unintelligible) Ballases.  I'm

14   going to object.  You're violating -- you're being

15   harassing and oppressive and that you're violating the

16   Court's limiting instruction.

17           I'm going to give you a little bit of leeway

18   to get into all this just because it's background, but

19   the purpose of this deposition is for you to ascertain

20   why my clients filed the proof of claim and why they

21   now want to withdraw it.  And so I'll give you some

22   leeway, but I'm just letting you know.

23           MR. SATHER:  All right.  I disagree with that

24   contention.  I've listened to Judge Robinson's ruling.

25   I think it's broader.  But I'm going to continue on,

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                                11

1   and if we run into a problem, we may have to take that

2   up with the Court.  But let me move on with my

3   questions.

4        Q.  (BY MR. SATHER)  Mr. Khawaja, did you sign the

5   proof of claim?

6        A.  I don't recall signing it.  I may have.  I

7   don't know.

8        Q.  Okay.  Did you authorize filing the proof of

9   claim?

10       A.  Yes, I did.

11       Q.  Did you read the proof of claim before it was

12  filed?

13       A.  Yes.

14       Q.  What steps did you take to ensure that the

15  proof of claim was accurate?

16       A.  I read it.

17       Q.  All right.  Now, I'm going to go down to Box 7

18  on the claim, and that has a dollar amount.  Do you

19  see that?

20       A.  Yes.

21       Q.  And do you know how that number was

22  calculated?

23       A.  I don't recall.

24       Q.  Going to page 8 of 54, there is a summary of

25  damages.  Does that refresh your recollection as to

1  how the proof of claim numbers were calculated?

2      A.  Can you enlarge it just a little bit so I can

3  look at it carefully?

4      Q.  Sure I can.  It does depend on my ability to

5  work this.  Does that help?

6      A.  Yeah, that -- that helps.  Thank you.

7      Q.  And so do you know where -- and let me scroll

8  up here.

9      A.  Sure.

10      Q.  Do you know where these numbers came from?

11      A.  This appears to be numbers that my counsel

12  provided.

13      Q.  And for the record, who is your counsel who

14  provided the numbers?

15      A.  Michael Ballases with Hoover Slovacek.

16      Q.  And have you taken any steps personally to

17  verify that these amounts are correct?

18      A.  I mean, I looked at the judgments before we

19  filed them.

20      Q.  Anything else?

21      A.  That's it.

22      Q.  Now I'm going to go to Box 9 and -- now, on

23  this page, it asks:  Is any -- all or any part of the

24  claim secured?  And it's not checked, but I'd like to

25  go to a subsequent page.  It may be a prior page.

1   Excuse me.

2        Okay.  Here we go.  Looking at Box 9, do you

3   see where the box of, Is the claim secured, checked

4   "Yes."  Do you see that, sir?

5        A.  I do see that.

6        Q.  What is the basis for the claim being secured

7   according to the proof of claim?

8        A.  I mean, I'd have to ask my attorney.

9        Q.  Okay.  But it says -- and I believe this is

10  probably a typo, but it says "les pendens."  You think

11  that's a reference to filing of a notice of lis

12  pendens?

13       A.  It could be.

14       Q.  And is it your contention that filing a notice

15  of lis pendens creates an interest in property?

16       A.  It doesn't create -- it doesn't create an

17  interest in property.

18       Q.  All right.  What do you believe that it does?

19       A.  It secures a potential claim against property.

20       Q.  Okay.  Now, it's my understanding that the

21  proof of claim is based upon three separate judgments.

22  Is that your understanding?

23       A.  I think that's accurate.

24       Q.  Now, would you agree with me that none of

25  these judgments were taken against Texas REIT, LLC,

1   the debtor in this case?

2       A.  I believe that's correct.

3       Q.  Now, I'm going to go down and look at the

4   different judgments, and I'm going to ask you some

5   questions about them.  And actually I'm just going to

6   start with the summary here.

7           Number 1 is -- Judgment 1 is called the "Davy

8   and Heil Judgment."  Do you see that?

9       A.  I do.

10      Q.  And this appears to be -- actually, I am going

11  to go to the judgment.  I apologize.  This appears to

12  be a judgment in a case from the Court of Appeal

13  styled Jetall Companies, Inc., Appellant, versus

14  Richard Heil, Todd Oakum, and Renee Davy, formerly

15  known as Renee Davy, formally known as Renee Oakum.

16          Do you see that?

17      A.  I do.

18      Q.  Now, you were not a party to this judgment,

19  were you, sir?

20      A.  I was not.

21      Q.  And what is your connection to the judgment

22  that would give you the authority to submit a proof of

23  claim in this case?

24      A.  The judgment was assigned to me.

25      Q.  Okay.  And is that -- was that a written

1  assignment of judgment?

2      A.  Yes.

3      Q.  And I will represent to you that the

4  assignment of judgment is not part of the proof of

5  claim.  Do you know why that assignment was not

6  included?

7      A.  I don't know why.

8      Q.  And if we were to look at the assignment of

9  the judgment, would the assignee be just Omar Khawaja,

10  or would it be someone else?

11      A.  I believe my assignment would have my name on

12  it.  I'm not sure about the other assignments.

13      Q.  Okay.  So for this particular judgment, it was

14  assigned to you, Omar Khawaja?

15      A.  I don't have it in front of me.  It's possible

16  that Mr. Abdullatif and Mr. Quinlan's name are on the

17  assignment.

18      Q.  All right.  How much did you pay to have the

19  judgment assigned to you?

20      A.  I don't recall.

21      Q.  And did you pay anything to acquire the

22  judgment?

23      A.  Yes, I did.

24      Q.  Now, do you agree with me that this judgment

25  is against Jetall Companies and not Texas REIT?

1　　　　MR. BALLASES:  Objection.  Form.

2　　　A.  This particular judgment is against Jetall;

3　that is correct.

4　　　Q.  (BY MR. SATHER)  All right.  And so do you

5　contend that Texas REIT, LLC, is liable for a judgment

6　against Jetall Companies, Inc.?

7　　　A.  Yes, I do.

8　　　Q.  And why do you contend that, sir?

9　　　A.  Because all of the entities that Mr. Choudhri

10　either controls or is involved in are essentially

11　shell companies for his own personal finances, so

12　any --

13　　　Q.  (Unintelligible)

14　　　A.  Any company are -- I'm sorry.  Would you like

15　me to continue, or --

16　　　Q.  Yes, please.

17　　　A.  -- do you want to --

18　　　Q.  I did not mean to cut you off.

19　　　A.  Sorry.  I was saying any entity that

20　Mr. Choudhri controls or owns is treated as if it is

21　his own personal asset with no respect for the

22　corporate form and, I believe, is responsible for --

23　one entity is responsible for the other entity's

24　conduct.

25　　　Q.  Now I'd like to scroll down to the second

OMAR KHAWAJA               September 11, 2024
TEXAS REIT LLC                             17

1   judgment.  And this document says it's a judgment from

2   the 14th Court of Appeals in Jetall Companies, Inc.

3   Versus Hoover Slovacek, LLP.  Are you familiar with

4   this judgment?

5      A.  Yes, I am.

6      Q.  Is Hoover Slovacek the law firm that is

7   representing you today in connection with this

8   deposition?

9      A.  Yes, it is.

10        MR. BALLASES:  Objection.  Form.

11      Q.  (BY MR. SATHER)  You can answer.

12      A.  Yes.

13      Q.  What is your connection to -- your connection,

14   if any, to this judgment?

15      A.  I believe I acquired it.

16      Q.  Did you acquire it by way of a written

17   assignment?

18      A.  Yes.

19      Q.  And did you pay any consideration to Hoover

20   Slovacek to acquire their judgment?

21      A.  Yes.

22      Q.  And how much did you pay them to acquire this

23   judgment?

24      A.  I don't recall how much I paid.

25      Q.  And is it a regular part of your business to

1　purchase judgments?

2　　A.  Yes, it is.

3　　Q.  Now, I may have asked this already, in which

4　case I apologize, but do you have a written assignment

5　of judgment?

6　　A.  Yes -- yes, I believe there is one.  I don't

7　have it in front of me.

8　　Q.  Is there a reason that assignment was not

9　included with the proof of claim?

10　　A.  I don't know.

11　　Q.  And do you know whether the assignment would

12　have been in favor of you, John Quinlan, Osama

13　Abdullatif, or some combination of the three of you?

14　　A.  I believe all three of us.  It was assigned to

15　all three of us on the same instrument.

16　　Q.  Now, do you agree with me that this judgment

17　is against Jetall Companies and not Texas REIT, LLC?

18　　A.  Yes.

19　　Q.  And why do you contend that Texas REIT, LLC,

20　is liable for a judgment against Jetall Companies?

21　　A.  Because Texas REIT, LLC, is an alter ego of

22　Jetall Companies, Inc.

23　　Q.  Now I'm going to go to the third judgment.

24　And this is a judgment in a case -- well, first of

25　all, do you see the judgment that I have up on the

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                  19

1    screen?

2        A.  I do.

3        Q.  And that appears to be a judgment in a case,

4    Osama Abdullatif, individually, and Abdullatif &

5    Company, LLC, versus Ali Choudhri and Houston Real

6    Estate Properties, LLC; is that correct?

7        A.  That's correct.

8        Q.  And do you have an interest in this judgment,

9    or is this just Mr. Abdullatif's judgment?

10       A.  This particular judgment is Mr. Abdullatif's

11   judgment.

12       Q.  All right.  So do you have any interest in

13   this judgment whatsoever?

14       A.  No, I do not.

15           MR. BALLASES:  Objection.  Form.

16       Q.  (BY MR. SATHER)  All right.  Do you assert an

17   interest in the judgment in Cause Number 2013-41273?

18       A.  No.

19           MR. BALLASES:  Objection.  Form.

20       Q.  (BY MR. SATHER)  Now, of the three judgments

21   we went through, you assert an interest in the first

22   two, but not the third; is that correct?

23           MR. BALLASES:  Objection.  Form.

24       A.  That's correct.

25       Q.  (BY MR. SATHER)  Now, continuing down in the

1  claim, there is a copy of an adversary proceeding that

2  was filed in the United States Bankruptcy Court for

3  the Southern District of Texas.  Are you familiar with

4  this adversary proceeding?

5      A.  Vaguely.

6      Q.  Okay.  And I see that you are named as one of

7  the movants in the adversary proceeding.  Do you see

8  that?

9      A.  Yes, I do.

10      Q.  Did you authorize the adversary proceeding to

11  be filed listing you as one of the participants?

12      A.  Yes, I did.

13      Q.  Did you read it before it was signed?

14      A.  Yes, I did.

15      Q.  Now, so what is your understanding of the role

16  that this adver -- or that this original complaint

17  plays with respect to the proof of claim that was

18  filed on your behalf?

19      A.  I mean, I'm not a bankruptcy attorney.  We're

20  doing whatever we need to do to try to collect our

21  judgment.

22      Q.  So you're an attorney; right?

23      A.  Yes.

24      Q.  And you -- when you represent clients, you

25  file pleadings on their behalf; correct?

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                            21

1       A.  That's correct.

2       Q.  And -- but your clients need to understand

3   what you're filing for them, don't they?  Isn't that

4   part of the rules regarding filing lawsuits?

5       A.  Yes.

6       Q.  What steps did you take to familiarize

7   yourself with the allegations in this adversary

8   proceeding?

9       A.  I reviewed the judgments, and I reviewed the

10  complaint.

11      Q.  And after reviewing them, did you conclude

12  that the allegations were true and correct?

13      A.  Yes, I did.

14      Q.  Now I'm going to read you a statement in

15  paragraph 1 of the adversary proceeding, which says:

16          This lawsuit shall prove that Jetall

17          Companies, Inc., Arabella PH 3201, LLC,

18          9201 Memorial Drive, LLC, 2727 Kirby 26L,

19          LLC, Texas REIT, LLC, Dalio Holdings I,

20          LLC, Dalio Holdings II, LLC, Houston Real

21          Estate Properties, LLC, Shahnaz Choudhri,

22          Ali Choudhri, Shepherd-Huldy

23          Development I, LLC, Shepherd-Huldy

24          Development II, LLC, and Galleria Loop

25          Note Holder, LLC, (collectively the

OMAR KHAWAJA                                  September 11, 2024
TEXAS REIT LLC                                                  22

1          Choudhri defendants) are alter egos of

2          each other and intentionally acting in a

3          manner to defraud creditors and evade

4          legal obligations through a series of

5          fraudulent transfers.  The evidence will

6          demonstrate that Ali Choudhri is the

7          puppeteer controlling his web of business

8          entities, which hold his various

9          properties and other assets.  This web

10          includes Houston Real Estate Properties,

11          LLC, and Jetall Companies, Inc., as well

12          as the other named defendants.

13    Did I read that correctly?

14      A.  Yes, you did.

15      Q.  Do you have an understanding of what it means

16    to say that one person or company is the alter ego of

17    another person or company?

18      A.  Yes.

19      Q.  And what is your understanding?

20      A.  That one entity pays the debts or obligations

21    of another.  They commingle funds, commingle assets.

22    One principal is taking actions on behalf of any of

23    the various alter egos at any given time with no

24    respect for the corporate form.  Yeah, that's my --

25    that's my understanding.

1     Q.  All right.  Now, is it your contention that

2  each of the 13 persons and companies named as

3  defendants is the alter ego of every other one of the

4  persons and companies named?

5     A.  That's what --

6        MR. BALLASES:  Objection.  Form.

7     A.  Yes.

8     Q.  (BY MR. SATHER)  So are you contending that

9  Texas REIT is the alter ego of Jetall Companies?

10       MR. BALLASES:  Objection.  Form.

11    A.  That's what it says.  Yes.

12    Q.  (BY MR. SATHER)  And are you alleging that

13 Texas REIT is the alter ego of Arabella PH 3201, LLC?

14    A.  Yes.

15       MR. BALLASES:  Objection.  Form.

16    Q.  (BY MR. SATHER)  Are you alleging that Texas

17 REIT is the alter ego of Dalio I Holdings (sic), LLC?

18       MR. BALLASES:  Objection.  Form.

19    A.  Yes.

20    Q.  (BY MR. SATHER)  And would your answers be the

21 same if I went through all of the rest of the names of

22 the defendants in this case?

23    A.  Yes, because Ali Choudhri controls all of

24 them.

25    Q.  All right.  And so are you alleging that Ali

1  Choudhri and Shahnaz Choudhri are alter egos of each

2  other?

3      A.  Yes.

4          MR. BALLASES:  Objection.  Form.

5      Q.  (BY MR. SATHER)  So are you -- it's your

6  contention that any company or entity in which Ali

7  Choudhri has an interest is an alter ego of Ali

8  Choudhri?

9          MR. BALLASES:  Objection.  Form.

10     A.  I don't know if there's any.  I mean, are

11  there entities that I don't know about?  I don't know.

12     Q.  (BY MR. SATHER)  Were you aware that there was

13  an amended complaint filed that names 17 defendants?

14     A.  I believe --

15         MR. BALLASES:  Objection.  Form.

16     A.  I believe so.

17     Q.  (BY MR. SATHER)  And is it your contention

18  that each of the 17 defendants is the alter ego of

19  each of the other 17 defendants?

20     A.  If that's what the petition says, yes, that's

21  my contention.

22     Q.  The complaint alleges that each of the claimed

23  alter egos were, quote (Reading:)  ...intentionally

24  acting in a manner to defraud creditors and evade

25  legal obligations through a series of fraudulent

1    transfers.

2           Did I read that right?

3       A.  Yes, you did.

4       Q.  So are you claiming that every one of these 13

5    or 17 persons and companies listed made fraudulent

6    transfers to each and every other one of the persons

7    and companies listed?

8       A.  Yes.

9       Q.  So, for example, are you claiming that Shahnaz

10   Choudhri made fraudulent transfers to 2727 Kirby 26L,

11   LLC?

12      A.  I don't know about that.

13      Q.  As we sit here today, do you know of any

14   fraudulent transfers that any of these defendants made

15   to Texas REIT, LLC, the debtor in this case?

16      A.  I don't.

17      Q.  And so with respect to that particular

18   allegation about making fraudulent transfers, you're

19   not aware of any involving the debtor in this case;

20   correct?

21      A.  I'm not aware of any sitting as -- as I'm

22   sitting here right now.  But any specific one?  No.

23      Q.  And what would you need to do --

24           THE WITNESS:  Oh, Mr. Sather, I'm sorry.  I

25   need to just take a quick restroom break if you don't

1    mind.

2          MR. SATHER:  All right --

3          MR. CHOUDHRI:  No.  No.  No.  Hold on.  Let's

4    finish this line of questioning.  Please ask your

5    question --

6          MR. SATHER:  Mr. Choudhri -- Mr. Choudhri,

7    it's my questions.  I decide whether we're going to

8    take a bathroom break or not.

9          I don't have a problem with taking a break,

10   but do not discuss your testimony with your attorney

11   while we're off the record.

12         THE WITNESS:  Not a problem.

13         MR. SATHER:  All right.  And so five minutes?

14         THE WITNESS:  Five minutes should be good.

15         MR. SATHER:  All right.  Madam Reporter, we

16   will be off the record for five minutes.

17         THE REPORTER:  Off the record.

18         (A recess was taken.)

19         THE REPORTER:  All right.  We are back on the

20   record.

21     Q.  (BY MR. SATHER)  And, Mr. Khawaja, I want to

22   follow up on something I asked you earlier.  When I

23   asked you how you knew Ali Choudhri, you said that he

24   defrauded you.  Can you tell me what transaction that

25   he defrauded you with regard to?

1        MR. BALLASES:  Objection.  Form.

2     A.  It was an apartment complex that my family

3  owned.

4     Q.  (BY MR. SATHER)  And was it you personally, or

5  was it your family?

6        MR. BALLASES:  I'm going to instruct the

7  witness not to answer.  He's here to answer the basis

8  for his proof of claim and why he wants to withdraw

9  it.  That's not a part of his claim.  It's not alleged

10  in any of the documents, and therefore, it's outside

11  the scope of the judge's limiting instruction.

12     Q.  (BY MR. SATHER)  Is this prior transaction --

13  have anything to do with this case?

14     A.  I'm sorry.  Can you repeat that question?

15     Q.  Yes.  Does the prior transaction where you say

16  Mr. Choudhri defrauded you or your family -- does that

17  have anything to do with the proof of claim against

18  Texas REIT?

19     A.  No.

20     Q.  Now, earlier I asked you about whether your

21  business involved purchasing judgments, and I also --

22  you also testified that you're an attorney.  Are those

23  separate businesses that you're involved in?

24     A.  No.

25     Q.  And so do you purchase judgments through your

1    law firm?

2       A.  Yes.

3       Q.  And about how many judgments have you

4    purchased in, say, the last five years?

5          MR. BALLASES:  Objection.  Form.

6       A.  I don't know.  I'm not sure, to be honest with

7    you.

8       Q.  (BY MR. SATHER)  More than ten?

9       A.  No, probably not more than ten.

10       Q.  And --

11          MR. BALLASES:  Objection.  Form.

12       Q.  (BY MR. SATHER)  -- have you -- do you

13    purchase judgments against anyone other than entities

14    related to Ali Choudhri?

15          MR. BALLASES:  Objection.  Form.

16       A.  Not that I can recall.

17       Q.  (BY MR. SATHER)  All right.  So when we talk

18    about your purchase of judgments, that -- at least as

19    you recall today, those relate to your dealings with

20    Ali Choudhri.

21       A.  Yes.

22       Q.  And how would you describe your relationship

23    with Mr. Choudhri?

24          MR. BALLASES:  Objection.  Form.

25       A.  What do you -- what do you mean?

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
29

1     Q.  (BY MR. SATHER)  Is it cordial?  Unpleasant?

2  Adversarial?

3         MR. BALLASES:  Objection.  Form.

4     A.  He owes me money.  I mean, that's about it.

5     Q.  (BY MR. SATHER)  Going back to the adversary

6  proceeding that's part of the proof of claim, I'm

7  going to go to paragraph 22.  And it's kind of a long

8  paragraph, so I'm just going to read you some

9  sentences towards the end where it says, quote

10  (Reading:)  Choudhri views HREP, Jetall, and himself,

11  as well as the other named defendants, as one and the

12  same and utilizes them in such a fashion.  In other

13  words, there is unity between Choudhri, HREP, Jetall,

14  and his other business entities such that the

15  separateness of the business entities has ceased, and

16  thus this Court should treat the Choudhri defendants

17  accordingly to protect plaintiffs/the creditors.  And

18  this is where the lawsuit begins.

19         So did I read that correctly?

20     A.  Yes.

21     Q.  And so what is the basis for your statement

22  that Mr. Choudhri views all of the Choudhri defendants

23  as one and the same?

24         MR. BALLASES:  Objection.  Form.

25     A.  It's in the petition, Counsel.  All of the

1    bases that we have are listed out in very clear, you

2    know, language, just like you read.

3        Q.  (BY MR. SATHER)  Can you articulate what any

4    of those bases are?

5        A.  It's -- I mean --

6            MR. BALLASES:  Objection.  Form.

7        A.  -- do you want me to -- do you want me to

8    start reading the petition for you?  I'm happy to read

9    it for you, but it's in the petition.

10       Q.  (BY MR. SATHER)  I'm asking you -- I mean,

11   without reading the petition, do you know what the

12   basis for the allegations is?

13       A.  I mean the -- without reading the petition,

14   the purpose of the petition was to articulate the

15   basis of the petition.  So it's in the petition

16   itself.  I'm happy to read through the petition for

17   you if you'd like me to, but in -- in plain language,

18   he treats every entity that he controls or owns as a

19   personal piggy bank, just like the petition states.

20   And that's the basis of the alter ego claim that we're

21   making.

22       Q.  All right.  And so your allegation is also

23   that he views his mother as one and the same with

24   himself?

25           MR. BALLASES:  Objection.  Form.

1    A.  Yes.

2    Q.  (BY MR. SATHER)  Now, you obviously don't

3  contend that they're the same person; right?  You --

4  they are different human beings.

5        MR. BALLASES:  Objection.  Form.

6        (Crosstalk)

7    A.  Sorry.  Is that a -- was that -- do you really

8  want me to answer that question?  I'm not sure.

9    Q.  (BY MR. SATHER)  Yes, I do.  I wouldn't have

10  asked it if I --

11    A.  You mean like Norman Bates, that kind of thing

12  or -- is that what -- I'm sorry.  It's just a

13  stupid --

14    Q.  (BY MR. SATHER)  I just want you to

15  acknowledge that these are two different human beings,

16  sir.

17    A.  Yes, sir.  Yes, they're two different human

18  beings.

19    Q.  And so is it your contention that there's no

20  separateness between, say, Houston Real Estate

21  Properties, LLC, and Texas REIT, LLC?

22        MR. BALLASES:  Objection.  Form.

23    A.  Again, I'm gonna -- I'm gonna refer you back,

24  Mr. Sather, to the petition.  That's what the petition

25  states.

1    Q.  (BY MR. SATHER)  All right.  And you contend

2   that -- and you stand by the allegations in the

3   petition.

4    A.  Yes, sir.  I stand by each and every

5   allegation in the petition.

6       MR. BALLASES:  Objection.  Form.

7    Q.  (BY MR. SATHER)  And so is everything that you

8   know about this allegation of alter ego contained in

9   the petition?

10    A.  I mean, we don't -- I don't believe we

11   finished discovering the process, sir, so we're -- I'm

12   sure we're gonna get to learn a lot more about the

13   alter-ego basis on which Mr. Choudhri operates and the

14   other defendants.

15    Q.  And so did the petition set forth all of the

16   bases that you knew about at the time it was filed?

17    A.  In a good faith manner, yes.

18    Q.  All right.  What does that mean, "in a good

19   faith manner"?

20       MR. BALLASES:  Objection.  Form.

21    A.  To the best of our ability, right, on some --

22   on some evidence that we've been able to muster.

23    Q.  (BY MR. SATHER)  Did you intentionally omit

24   any bases for making an allegation of alter ego?

25    A.  No.

1　　　　MR. BALLASES:  No, I instruct the client not

2　to answer, simply because you're invading attorney

3　work product, legal privileges.  What we decided to

4　put in or not in our petition is subject to work

5　product and privilege.  Don't invade our privilege,

6　please.

7　　　Q.  (BY MR. SATHER)  All right.  Do you know of

8　any evidence that you decided not to include in the

9　petition?

10　　　　MR. BALLASES:  Same assertion of privilege.

11　　　Q.  (BY MR. SATHER)  You can answer, sir.

12　　　　MR. BALLASES:  It's work product and

13　privilege.  I'm instructing him not to answer.  It's

14　invading a legal privilege that he enjoys.

15　　　　THE REPORTER:  And I'm sorry.  Counsel, if I

16　could just get you to just speak up a little bit as

17　well.  You're just sounding a little bit muffled.

18　　　　MR. BALLASES:  Yes, ma'am.

19　　　　THE REPORTER:  Thank you.

20　　　Q.  (BY MR. SATHER)  I'd like to go to

21　paragraph 23 where it says (Reading:)  Plaintiffs are

22　upstanding, honest, and respectable businessmen, real

23　estate developers, attorneys, and/or a combination of

24　all.

25　　　　Which of those categories do you fall into,

1  sir?

2    A.  (Reading:)  Plaintiffs are upstanding, honest,

3  respectable businessmen, attorneys --

4       A combination.

5    Q.  Okay.  A combination of what?

6    A.  Of all.

7    Q.  Okay.  So you're a businessman, real estate

8  developer, and attorney?

9    A.  But I'm also upstanding, honest, and

10  respectable.

11    Q.  Okay.  Now, was it upstanding, honest, and

12  respectable for you to sponsor Mr. Choudhri's ex-wife

13  to claim to still be married to him and file notices

14  of lis pendens against all of his properties?

15      MR. BALLASES:  I'm going to instruct the

16  client not to answer.  You are violating the Court's

17  limiting instruction as to this deposition, and the

18  purpose of this deposition is to find the basis for

19  the filing of the proof of claim and why we are

20  willing to withdraw it now.  I'll let you go on and

21  get past that, but I'm going to start putting stops to

22  it if this is the kind of stuff we're going to have.

23    Q.  (BY MR. SATHER)  Okay.  But it's your

24  contention that you are, in fact, an upstanding,

25  honest, and respectable businessman, real estate

1  developer, and attorney, sir.

2      A.  Yes --

3          MR. BALLASES:  Objection.  Form.

4          MR. SATHER:  Now, I'm going to move on to a

5  different exhibit, Exhibit Number 2, assuming I can

6  bring it up on the screen.

7          (Debtor's Exhibit No. 2 was marked for

8  identification.)

9      Q.  (BY MR. SATHER)  Actually, one thing I didn't

10  ask you, Mr. Khawaja:  How old of a man are you?

11      A.  46.

12      Q.  And are you licensed to practice law in the

13  state of Texas?

14      A.  Yes, I am.

15      Q.  And when were you licensed?

16          MR. BALLASES:  Objection.  Form.

17      A.  2010.

18      Q.  (BY MR. SATHER)  I've brought up on the screen

19  what we've marked as Exhibit 2, which is titled

20  "Supplemental Notice of Lis Pendens."  Are you

21  familiar with this document?

22          MR. BALLASES:  Mr. Sather, we don't have

23  copies of that.  Could you please e-mail that to

24  myself and Steve Leyh and any other exhibits you'd

25  like to use?

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
36

1        MR. SATHER:  Sure.  Those should've been
2   provided to you in a ShareFile yesterday.
3        MR. BALLASES:  Could you resend them?
4        MR. SATHER:  I will -- yes, I will resend
5   those --
6        MR. BALLASES:  Please send them to Steve and
7   myself.
8        MR. SATHER:  My computer is lagging just a
9   little bit, so it'll take a second for them to load.
10  But I had tried to provide these to you ahead of time
11  so we could avoid this.
12        Okay.  And as you can see from the screen
13  share, I have sent the e-mail to you.
14        THE WITNESS:  Michael, I think he's addressing
15  you on the e-mail.
16        MR. BALLASES:  That's fine.
17     Q.  (BY MR. SATHER)  Now, what we've marked as
18  Exhibit Number 2 is a supplemental notice of lis
19  pendens.  And I'm going to scroll down to the end of
20  it, and do you see the real property description
21  there?
22     A.  I do, yes.
23     Q.  And are you aware that that is real property
24  owned by Texas REIT, LLC?
25     A.  Yes.

OMAR KHAWAJA                                      September 11, 2024
TEXAS REIT LLC                                                        37

1      Q.  And are you familiar with this notice of

2  lis pendens?

3      A.  I believe I looked at it before it was filed,

4  yes.

5      Q.  And it looks like it's filed by

6  Mr. Abdullatif, and he is one of the parties to the

7  proof of claim; correct?

8      A.  Yes.

9        MR. BALLASES:  Objection.  Form.

10     Q.  (BY MR. SATHER)  And did you approve of the

11  filing of this notice?

12     A.  I must have if it was filed.

13     Q.  And what's your understanding of the purpose

14  of this notice?

15     A.  To make sure that we secure any proceeds that

16  could potentially come to Ali Choudhri or his entities

17  that he owes to us.

18     Q.  And do you know why it was filed?

19     A.  For that reason.

20        MR. SATHER:  I'm going to show you another lis

21  pendens which we have marked as Exhibit Number 3.

22        (Debtor's Exhibit No. 3 was marked for

23  identification.)

24     Q.  (BY MR. SATHER)  And are you familiar with

25  this document?

1   A.  Exhibit Number 3.  Sorry.  Yes.

2   Q.  And I see this was signed by Osama Abdullatif

3  as well.

4   A.  Yes.

5   Q.  And would your questions be the same -- or

6  your answers be the same with regard to this notice of

7  lis pendens as with the prior one?

8   A.  Yes.

9      MR. SATHER:  I'm going to switch gears now and

10  go to Exhibit Number 4, which is an adversary

11  complaint filed by George Lee against Texas REIT, LLC,

12  and Ali Choudhri -- or at Exhibit 4.  Excuse me.

13      (Debtor's Exhibit No. 4 was marked for

14  identification.)

15   Q.  (BY MR. SATHER)  Do you know George Lee?

16      MR. BALLASES:  I'm going to object to this

17  line of questioning and instruct the witness not to

18  answer as it exceeds the scope of the limited

19  deposition the judge granted you.  This has nothing to

20  do with our proof of claim or adversary proceeding.

21   Q.  (BY MR. SATHER)  Are you going to take your

22  counsel's advice?

23   A.  I am.

24   Q.  So let me just ask you by way of background.

25  Do you know George Lee?

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                   39

1          MR. BALLASES:  Objection.  Form.  Same -- same

2    instruction.

3        Q.  (BY MR. SATHER)  Are you refusing --

4          MR. CHOUDHRI:  So (unintelligible) --

5        Q.  (BY MR. SATHER)  -- to answer that you know

6    George Lee?

7          MR. BALLASES:  Objection to form.  Same

8    objection; this has nothing to do with our claim, and

9    you're exceeding the scope of the limited deposition

10   the judge granted.

11       A.  I'm taking my counsel's advice.

12         MR. CHOUDHRI:  I just want to make sure the

13   record is clear.  Are you instructing the witness not

14   to answer?

15         MR. SATHER:  Mr. Choudhri, let me --

16         MR. BALLASES:  Mr. Choudhri, please be quiet.

17   You're not a party involved in this.  You have no

18   standing to be here.

19         MR. SATHER:  He actually does under the

20   Court's ruling.  But, Mr. Ballases --

21         MR. CHOUDHRI:  Wait a second.  Wait -- wait --

22   wait a second.  I want to get this on the record.

23         Mr. Ballases, I am here, and I have a standing

24   to object.  Okay?  And so --

25         MR. BALLASES:  (Unintelligible)

1      MR. CHOUDHRI:  -- I have a standing to be

2 here.  So are you telling me on the record that you

3 are not going to cooperate and allow me to ask

4 questions on a deposition that I've cross-noticed?

5      MR. BALLASES:  That is correct.  You have no

6 party -- you're not a party in this proceeding.  You

7 have no standing.  We've also objected to your

8 cross-notice, so you better bet your bottom dollar.

9      MR. CHOUDHRI:  Okay.  Besides betting my

10 bottom dollar, Mr. Ballases, you understand that the

11 Honorable Judge Robinson made a ruling --

12      MR. BALLASES:  You're wasting your time --

13      MR. CHOUDHRI:  -- and said that --

14      MR. BALLASES:  -- (unintelligible) with the

15 judge's ruling.  Why don't you let your counsel ask

16 questions.

17      MR. CHOUDHRI:  No, no.  I'm here representing

18 myself pro se as a creditor.  I have filed a proof of

19 claim.  I'm a creditor.  I have standing.

20      Are you saying on the record that you are

21 going to instruct your client not to answer any of my

22 questions?  I just want to get this on the record so

23 it's clear.  Are you instructing your client not to

24 answer any questions, and is your client going to take

25 your advice?

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
41

1      MR. BALLASES:  Yeah, so the way this

2   proceeding words, there's a court reporter who writes

3   down everything we say.  I've been clear in my speech

4   and what I say in my objections.  If you're confused,

5   you can ask the court reporter to read it back, or you

6   can just take better notes.  Be quiet, and let your

7   counsel ask questions.

8      MR. CHOUDHRI:  So just so the record is

9   crystal clear, Mr. Ballases, you are instructing your

10  client, Omar Khawaja, who is a deponent today, to not

11  answer any questions that I'm gonna have, and you're

12  also obstructing my ability to object or make any

13  objections in this deposition.  Is that all correct?

14  I just want to make sure the record is very crystal

15  clear.

16     MR. BALLASES:  Let Mr. Sather ask his

17  questions.  Please be quiet.

18     MR. CHOUDHRI:  Sir, I just want to clarify,

19  because I have a right to be here and object, and you

20  are --

21     MR. BALLASES:  Let --

22     MR. CHOUDHRI:  -- telling me to be quiet.

23     MR. BALLASES:  -- (unintelligible) questions.

24  So let your counsel ask questions.  You're wasting

25  everybody's time.

1      MR. CHOUDHRI:  Okay.  Just so the record is

2    clear, you are refusing to allow me to participate and

3    object and ask questions in this deposition that I've

4    cross-noticed; is that correct?  So we're clear, is

5    that correct or not?

6      MR. BALLASES:  You are not a party.  You do

7    not --

8      THE REPORTER:  I'm --

9      MR. BALLASES:  Let me make it very clear for

10   you.  You are not a party to this dispute.  You are

11   not an attorney.  You lack standing.  This is not a

12   creditors' meeting.  We've objected to your

13   cross-notice.  Is that clear enough for you, buddy?

14      MR. CHOUDHRI:  Mr. Sather, please proceed.

15   We'll -- we'll deal with this on the record later and

16   deal with the Court.

17      And -- and as you know, Mr. Ballases, counsel

18   for Dalio is also on the line.  Are you also objecting

19   for them -- for Dalio's counsel to ask questions?  Is

20   that your --

21      MR. BALLASES:  Yeah.

22      MR. CHOUDHRI:  -- position?

23      MR. BALLASES:  Yeah.

24      MR. CHOUDHRI:  And you're gonna instruct your

25   client, Omar Khawaja, to not answer questions --

1      MR. BALLASES:  Mr. Choudhri, my point is you

2  like to play attorney, but you're not an attorney, and

3  you don't know the legal procedure or the rules or

4  regulations of court.  So please be quiet and let the

5  deposition proceed.  You're wasting everybody's time.

6      MR. CHOUDHRI:  Okay, Mr. Ballases.  You don't

7  have to be disrespectful.  I was -- you know, the

8  rules apply to all of us.  If I'm pro se or if -- or

9  if you're a lawyer, the rules apply equally.  And I

10  have to follow the rules, just like you have to follow

11  the rules.  And when a judge makes a ruling, it

12  applies, and it says what it says.  We all got to

13  honor it.  But you're refusing to honor the judge's

14  ruling.  I understand that.  You're refusing to honor

15  what --

16      MR. BALLASES:  (Unintelligible)

17      MR. CHOUDHRI:  -- Judge Robinson said on his

18  oral order.

19      THE REPORTER:  Sorry.  Just one person at a

20  time.

21      Mr. Ballases, I can hear you speaking in the

22  background, but I can't hear what you're saying while

23  Mr. Choudhri is speaking.

24      So just one person at a time if you'd like

25  this on the record, please.

OMAR KHAWAJA                                      September 11, 2024
TEXAS REIT LLC                                                    44

1          MR. BALLASES:  Mr. Sather, please continue.

2      Q.  (BY MR. SATHER)  Mr. Khawaja, I have brought

3   back up Exhibit Number 1, the proof of claim.  When

4   you authorized the proof of claim to be filed, did you

5   understand that it was being filed under penalty of

6   perjury?

7      A.  Yes.

8      Q.  And as a lawyer, do you know what penalty of

9   perjury means?

10     A.  Yes.

11         MR. BALLASES:  Objection.  Form.

12     Q.  (BY MR. SATHER)  Now, what was your purpose in

13   filing the proof of claim?

14     A.  The purpose in filing the proof of claim?  I

15   mean, it's to collect monies that are owed to us.

16     Q.  Any other purpose?

17     A.  No, that's it.

18     Q.  Now, I'm going to show you Exhibit Number 5,

19   and I'm going to try to make it bigger.

20         (Debtor's Exhibit No. 5 was marked for

21   identification.)

22     Q.  (BY MR. SATHER)  Were you aware that Texas

23   REIT, LLC, filed an objection to the proof of claim?

24     A.  Yes.

25     Q.  And were you aware that you have not filed a

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
45

1  response to this objection to proof of claim?

2      A.  No.

3      Q.  And do you see that this was filed with

4  negative notice language?

5      A.  I'm not sure what that means, sir.

6      Q.  Okay.  Fair question.

7          Next, I'd like to show you what we've marked

8  as Exhibit Number 6, which is --

9      A.  Yes.

10      Q.  -- a motion for leave to withdraw Claim

11  Number 9.

12          (Debtor's Exhibit No. 6 was marked for

13  identification.)

14      Q.  (BY MR. SATHER)  Do you see that?

15      A.  Yes, sir, I do.

16      Q.  And what is your understanding of the reason

17  why you filed a -- well, let me ask you this:  Did you

18  authorize the motion for leave to withdraw Claim

19  Number 9?

20      A.  I did.

21      Q.  And why did you authorize the claim to be

22  withdrawn?

23      A.  It appears there's no money in Texas REIT,

24  LLC.

25      Q.  Any other reason?

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                          46

1    A.  No, sir.  That's it.

2    Q.  And do you understand that the consequence of

3  withdrawing the claim means that you're not able to

4  assert a claim to any of the property in the Texas

5  REIT bankruptcy estate?

6      MR. BALLASES:  Objection.  Form.  You're going

7  beyond the scope of the limited purpose of this

8  deposition.

9      MR. SATHER:  I don't believe so.

10    Q.  (BY MR. SATHER)  Are you aware that Texas REIT

11  has objected to withdrawal of the proof of claim

12  unless it is withdrawn with prejudice?

13    A.  I wasn't aware of that, no.

14    Q.  All right.  Do you know what "with prejudice"

15  means?

16    A.  Yes, I do.

17    Q.  And you understand that if the claim is

18  withdrawn with prejudice, you can never make these

19  allegations against Texas REIT again.

20    A.  Yes, I understand that.

21      MR. SATHER:  All right.  At this point I will

22  pass the witness.  I know there are other counsel

23  present who wish to ask questions, and so I'm not

24  concluding the deposition.  I'm giving the other

25  parties present an opportunity to ask their questions.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    47

1  BY MS. HOOD:

2      Q.  Mr. Khawaja, my name is Lori Hood, and I

3  represent Dalio Holdings.  Nice to meet you.

4          MR. BALLASES:  Ms. Hood --

5      A.  Nice to meet you.

6          MR. BALLASES:  -- I'm going to go ahead and

7  just object.  I'm not going to let you ask questions.

8  You're not a party to this dispute, and you lack

9  standing to be here.  This isn't a creditors' meeting,

10  and so -- and of course, your notice was just filed

11  this morning, which we're going to object to.  So I'm

12  not going to let you ask questions.

13          MS. HOOD:  All right.  Mr. Ballases, my notice

14  was this morning because you failed to give notice to

15  all the creditors that this was taking place.

16          In my understanding -- and my client is a

17  creditor.  In my understanding of the judge's ruling,

18  it allows for creditors to be in attendance at this

19  deposition and to ask questions of your clients as to

20  the basis and motivation of their filing the proof of

21  claim.  We can argue all day long about whether you

22  agree with that or not.  If you don't allow me to take

23  questions -- ask questions today, then we're going to

24  have a do-over because we're going to go back to the

25  Court and seek a motion to compel your client's

1  attendance at a deposition where I will ask my

2  questions.

3       MR. BALLASES:  So that's not the Court's

4  order.  The Court's order was to allow Mr. Sather to

5  take questions -- or to ask questions to determine the

6  basis to -- as to why we filed the proof of claim and

7  why it has been requested to be withdrawn.

8       It is not for creditors to ask questions.  The

9  creditors -- this isn't a creditors' meeting, and so

10 I'm not going to let you ask -- I mean, you can ask

11 him, but I'm going to instruct him not to answer

12 because I think you're violating the Court's ruling,

13 and I'm going to abide by the Court's ruling.

14      MS. HOOD:  So you're -- no matter what

15 question I ask him, you're going to tell him not to

16 answer me?

17      MR. BALLASES:  Yes, ma'am.

18      MS. HOOD:  Okay.  And that's --

19      MR. BALLASES:  You're violating the Court's

20 ruling, and I want to abide by it.

21      MS. HOOD:  All right.  So you want to abide by

22 the Court's ruling, and we have a difference of

23 opinion as to the impact and the breadth of the

24 Court's ruling.

25      I'm going to tell you I'm going to file a

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
49

1   motion to compel your client's attendance at a

2   deposition where I'm going to be allowed to ask

3   questions.  And when I do so, I'm going to ask for

4   compensation of my attorney's fees.  Do you understand

5   that?

6        MR. BALLASES:  I understand.

7        MS. HOOD:  All right.  And just to be clear on

8   the record, Madam Court Reporter, Mr. Ballases is

9   stating to me on the record that he's going to

10  instruct his client not to answer any of my questions

11  that I have prepared for today, all relating to the

12  filing of the proof of claim and the motivation for

13  filing the proof of claim and the motivation for

14  withdrawing the proof of claim, all of which go into

15  the merits of the judge's order.

16        And I'm objecting to Mr. Ballases' refusal to

17  allow me to take questions -- or ask questions of his

18  client and putting him on notice that I am going to

19  seek my attorney's fees as compensation for me having

20  to do a do-over with his client.

21        MR. BALLASES:  For the record -- so again,

22  this is Michael Ballases -- I believe Ms. Hood is

23  misinterpreting the judge's ruling.  She's not a party

24  to this -- her client is not a party to this dispute.

25  They lack standing.  This is not a creditors' meeting.

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
50

1　The basis of this deposition was for a limited purpose

2　to allow the debtor to inquire as to why we filed the

3　proof of claim and why we now want to withdraw it.  We

4　are abiding by the judge's ruling, and we will not

5　deviate from it.

6　　　　MS. HOOD:  Mr. Ballases, please don't put

7　words in my mouth.  And just because, you know, we're

8　here taking a deposition doesn't mean you always have

9　to get the last word in.  We are in a disagreement

10　about your statements.  You're not going to allow --

11　you're going to instruct your client not to answer my

12　questions.  There's not much I can do about it if he's

13　going to sit here and not answer my questions.

14　　　　I will go back to the Court and ask for him to

15　reappear and answer my questions related to the

16　subject of this deposition of which I represent a

17　creditor, and we are entitled to ask questions.

18　　　　Your client's proof of claim has unnecessarily

19　complicated the underlying chapter proceeding and

20　gummed up a lot of other issues with regard to the

21　debtor's property, and even today they haven't

22　withdrawn their -- or released their lis pendens.  So

23　there's a lot to talk to him about with regard to the

24　filing of the proof of claim, the motivation, and

25　everything else.  And I've read the judge's

1  instructions on this issue, and I believe I'm

2  completely within my rights to ask these questions.

3          And you really don't have to answer, because I

4  don't need you to answer.  We're in a disagreement,

5  and I'm going to file the motion to compel.  So I

6  do --

7          MR. BALLASES:  (Unintelligible)

8          MS. HOOD:  I do not -- I do not pass the

9  witness.  I reserve my rights.

10          MR. CHOUDHRI:  And --

11          MR. BALLASES:  Thank you for telling me --

12          MR. CHOUDHRI:  -- I would like to make the

13  record -- I would also like to make the record very

14  clear.

15          So the record is clear, Mr. Khawaja, are you

16  taking your attorney's -- are you following your

17  attorney's instructions, and are you going to refuse

18  to answer any questions asked by Lori Hood or by my --

19  or any questions that I may ask you?

20          MR. BALLASES:  So no question's on the table,

21  Mr. Choudhri, so I think you're confused --

22          MR. CHOUDHRI:  Mr. Ballases -- Mr. Ballases,

23  please --

24          (Crosstalk)

25          THE REPORTER:  Sorry.  Just --

1          MR. CHOUDHRI:  Hang on a second.  I just

2    want --

3          THE REPORTER:  Sorry.  One at a time, please.

4    Thank you.

5          MR. CHOUDHRI:  I just want to make sure that,

6    Mr. Ballases, your client can affirm that he's taking

7    your instructions, and he's not going to answer any

8    questions, so we don't have to sit here and ask

9    questions if your instructions are going to be for him

10   to not answer any of my questions that I've properly

11   cross-noticed this deposition on pursuant to the

12   Court's order.  I just want to make sure the record is

13   clear that your client's not answering any questions

14   that I may ask.

15         MR. BALLASES:  For the record, the record is

16   clear.  I made the same objection that I made to

17   Ms. Hood as to you.  You are not a party.  You do not

18   have standing.  You're not an attorney.  This isn't a

19   creditors' meeting.  We are here to answer --

20         MR. CHOUDHRI:  Okay --

21         MR. BALLASES:  -- the debtor's questions about

22   the proof of claim --

23         MR. CHOUDHRI:  I'm --

24         MR. BALLASES:  -- and that's it.

25         MR. CHOUDHRI:  Okay.  We have the audio of the

1  order, oral ruling of Judge Robinson.  I would like to

2  play that at this point for the record.  So, please,

3  if we can play that for the record --

4         MR. BALLASES:  That's not --

5         (Crosstalk)

6         THE REPORTER:  I'm --

7         MR. CHOUDHRI:  Tammy or Gene, can y'all play

8  that?

9         THE REPORTER:  I'm sorry.  Sorry.  I have two

10  people speaking at once.  I can hear Mr. Ballases, and

11  I can hear Mr. Choudhri.  Could I please just get one

12  speaker on the record at a time.

13         MR. CHOUDHRI:  So I was speaking --

14         MR. BALLASES:  That's not --

15         MR. CHOUDHRI:  -- and --

16         (Crosstalk)

17         THE REPORTER:  Sorry.

18         MR. CHOUDHRI:  So the quote from the ruling

19  is -- and I'm quoting the judge (Reading:)  I'm going

20  to grant the motion as to the date and time of the

21  examinations, and my order is going to be very simple.

22  It's going to say that.  It's also going to further

23  order that the debtor and any creditor -- any other

24  creditor, for that matter, that cross-noticed this

25  deposition is permitted to take a deposition --

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                54

1          -- participate.  So I just want to be clear,

2    Mr. Ballases.  I want to give you one more chance so

3    we can conclude --

4          MR. BALLASES:  It's not unclear --

5          MR. CHOUDHRI:  -- and complete the deposition.

6          (Crosstalk)

7          MR. CHOUDHRI:  Can I finish?

8          MR. BALLASES:  You're being --

9          MR. CHOUDHRI:  Mr. --

10          MR. BALLASES:  You're being investigated

11    (unintelligible).  You're being investigated by the

12    Department of Justice.  You've been found by courts to

13    file lawsuits for improper purposes and harassment.

14    You're founded by courts and juries to have committed

15    fraud and libel, and you were just, on Monday, held by

16    Judge Norman to be a forger and a liar.  So anything

17    you say, I don't believe --

18          MS. HOOD:  How about if I -- how about if I

19    say it?

20          (Crosstalk)

21          THE REPORTER:  Sorry.  I'm sorry.  No --

22    sorry.  Sorry.  I need one person speaking at a time.

23    The record is not clear when I have multiple speakers.

24    Thank you.

25          MR. CHOUDHRI:  So let me just respond,

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    55

1   Mr. Ballases.  First of all, you are supporting

2   perjury.  Okay?  Mr. Ballases, your client has

3   solicited --

4          MR. BALLASES:  (Unintelligible)

5          MR. CHOUDHRI:  -- solicited people -- so,

6   please, all of this is all supported and solicited by

7   your client, and we'll get to the bottom of it --

8          MR. BALLASES:  (Unintelligible)

9          MR. CHOUDHRI:  -- which is why your client

10  doesn't want to answer questions.  I understand that.

11         THE WITNESS:  You'll be a great jailhouse

12  lawyer.

13         MR. CHOUDHRI:  This is proper --

14         THE REPORTER:  I'm sorry --

15         MR. BALLASES:  Can we start the next --

16         MR. CHOUDHRI:  Sorry?

17         MR. BALLASES:  -- deposition?  Can we start --

18         MR. CHOUDHRI:  Hold on.

19         MR. BALLASES:  -- the next deposition --

20         THE WITNESS:  You're going to be a great

21  lawyer --

22         MR. BALLASES:  -- if Mr. Sather doesn't have

23  any more questions?

24         THE WITNESS:  You'll be a great lawyer in

25  jail, man.

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
56

1       MR. CHOUDHRI:  Okay.  So -- so that's your

2  goal --

3       MR. BALLASES:  (Unintelligible)

4       MR. CHOUDHRI:  -- going around telling

5  people --

6       THE REPORTER:  I'm sorry --

7       MR. BALLASES:  -- let's jump to the next

8  witness --

9       MR. CHOUDHRI:  Please --

10       THE REPORTER:  I'm sorry.  Sorry.  Sorry.  I

11  am not getting Mr. Ballases' words on the record.

12       Mr. Ballases, if you have something to say, I

13  need just one speaker at a time.  I'm not getting

14  anything you're saying at this point.

15       MR. BALLASES:  Okay.  What I'm saying is --

16       MR. CHOUDHRI:  Please, Mr. Ballases, go ahead.

17       MR. BALLASES:  -- (unintelligible) remains the

18  same.  And if Mr. Sather has more questions, we're

19  happy to answer them.  If he doesn't, then let's go to

20  the next witness.

21       MR. CHOUDHRI:  No, no.  We're -- we're not --

22  we're not playing any games here.  Please play the

23  audio from the Court's ruling.  Let's do that right

24  now --

25       MR. BALLASES:  Okay (unintelligible) --

1        MR. CHOUDHRI:  -- so the record is crystal

2   clear.

3        THE WITNESS:  This is getting ridiculous.

4        MR. BALLASES:  I'm going to end the deposition

5   if Mr. Sather doesn't have any more questions, and we

6   can jump to --

7        MR. CHOUDHRI:  You can't end the deposition --

8        (Crosstalk)

9        MR. CHOUDHRI:  Unless all parties agree to go

10  off the record, we stay on the record.  That's the

11  rule, Mr. Ballases.  The rule applies to everyone.

12       Please play --

13       MR. BALLASES:  (Unintelligible)

14       MR. CHOUDHRI:  -- the audio --

15       (Crosstalk)

16       MR. CHOUDHRI:  Please play the audio --

17       MR. BALLASES:  I'm going to shut it down if

18  you don't take control of your client in the

19  deposition.  Your choice, Mr. Sather.

20       MR. CHOUDHRI:  I'm here as a creditor.  We're

21  going to play the audio --

22       MR. BALLASES:  (Unintelligible) Okay.

23       MR. CHOUDHRI:  Mr. --

24       MR. BALLASES:  We're going to -- we're all

25  ready to go forward with the next witness.  We're

1    here, and we're ready to go forward.

2          Mr. Sather, if you have more questions, let me

3    know, and he will stay and answer them.

4          MR. SATHER:  I am adjourning the deposition --

5          MR. CHOUDHRI:  I have the floor.  I have the

6    floor.  I'm a creditor.  I've cross-noticed this

7    deposition.  Please play --

8          MR. BALLASES:  (Unintelligible)

9          MR. CHOUDHRI:  -- the oral ruling from the

10   Court right now.  Go ahead.

11         MR. BALLASES:  Mr. Sather --

12         (Crosstalk)

13         (Audio file played.)

14         THE REPORTER:  I'm sorry.  Sorry.  I -- I'm

15   sorry.  Mr. McCubbin, I cannot hear anybody when I

16   have multiple speakers at once.  I don't know if you

17   want this on the record, but it's going in as

18   crosstalk because it's not coming through clearly.

19         MR. CHOUDHRI:  Yes, Madam Court Reporter.

20         MR. BALLASES:  Mr. Sather --

21         MR. CHOUDHRI:  I have the floor.

22         MR. BALLASES:  -- (unintelligible) the

23   questioning --

24         MR. CHOUDHRI:  Please stop interrupting,

25   Mr. Ballases.

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                     59

1          MR. BALLASES:  -- (unintelligible) not going

2    to the next witness.

3          MR. CHOUDHRI:  I am -- I am making the record.

4    Mr. Ballases, please let me speak, and please don't

5    interrupt me.  Okay?  Please --

6          MR. BALLASES:  Okay --

7          MR. CHOUDHRI:  -- play the audio ruling of

8    Judge Robinson --

9          MR. BALLASES:  We're going to --

10         MR. CHOUDHRI:  -- so it's clear on the record.

11   Go ahead.

12         (Audio file played.)

13         MR. CHOUDHRI:  No, we're -- we're --

14         (Audio file continues playing.)

15         MR. MCCUBBIN:  He just said any other

16   creditor (unintelligible) --

17         THE REPORTER:  I'm sorry, Mr. McCubbin.  You

18   just cut out for a second.

19         MR. MCCUBBIN:  He just said --

20         MR. CHOUDHRI:  Go and play that,

21   Mr. McCubbin --

22         MR. MCCUBBIN:  -- any other creditor --

23         MR. CHOUDHRI:  -- just so the record is clear.

24   Please go ahead --

25         MR. MCCUBBIN:  The judge just stated any other

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024

60

1   creditor.  I can replay it.

2        MR. CHOUDHRI:  Please replay it for the record

3   so the record is crystal clear, and it's the judge --

4        So, Madam Court Reporter, so the record is

5   clear, we are about to begin playing the oral ruling

6   of Judge Robinson.

7        THE REPORTER:  Okay.  So are you wanting me to

8   transcribe --

9        MR. CHOUDHRI:  Yes.

10        THE REPORTER:  -- this audio into the record?

11        MR. CHOUDHRI:  Yes.  Yes, Madam Court

12   Reporter.  He's about -- we're about to play the

13   judge's ruling -- oral ruling on the record so that

14   way we can have a simple and clean completion of this

15   deposition and end this shenanigan and argument with

16   Mr. Ballases.

17        Please, Mr. -- please, sir, please proceed

18   with the record -- the audio ruling of Judge Robinson.

19   Go ahead.

20        (Audio file played.)

21        THE REPORTER:  I'm sorry.  Sorry --

22        (Audio file continues playing.)

23        THE REPORTER:  Sorry.  The audio is not clear.

24   The audio is not crystal clear.  I hear Mr. Sather

25   responding on the audio, and it's not clear.

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                      61

1         Typically in a transcript, we do not

2    transcribe audio played.

3         MR. BALLASES:  And I'm going to object --

4         MR. CHOUDHRI:  Time out.

5         MR. BALLASES:  I'm objecting --

6         MR. CHOUDHRI:  We're going to e-mail you --

7    Court Reporter, we're going to e-mail you this audio

8    right now, and he's going to adjust the volume and

9    play it again.

10        Go ahead.  Play it again, please.

11        And, Court Reporter, let us know if you're

12   getting a clear --

13        MR. BALLASES:  Mr. Sather --

14        MR. CHOUDHRI:  -- read on it.  Okay?

15        MR. BALLASES:  -- take control of the depo.

16   This is a waste of time.  It's a waste of the client's

17   time --

18        MR. CHOUDHRI:  Mr. Ballases, please -- please

19   stop talking.

20        MR. BALLASES:  -- (unintelligible) control of

21   the deposition --

22        MR. CHOUDHRI:  I have the floor --

23        MR. SATHER:  You don't have it yet,

24   Mr. Choudhri.

25        (Crosstalk)

1          MR. BALLASES:  Let's just jump to the next

2    witness.  I'm not allowing the questions to be asked.

3    So it's not going to change.  We're just wasting

4    time --

5          MR. CHOUDHRI:  We're playing the oral ruling

6    of Judge Robinson.  Please, Mr. Ballases, be quiet so

7    we can play the ruling of Judge --

8          MR. BALLASES:  (Unintelligible)

9          MR. CHOUDHRI:  -- Judge Robinson's ruling.

10          MR. BALLASES:  (Unintelligible) we're not

11    going to play -- we're not -- that's not how

12    depositions work, Mr. Choudhri.  I'm sorry you like to

13    play an attorney --

14          MR. CHOUDHRI:  Well, please --

15          MR. BALLASES:  -- but that's not how this

16    works.  So either I'm going to --

17          MR. CHOUDHRI:  No.  No, no.  Please stop.

18          MR. BALLASES:  Again, I'm going to get off --

19    if you'd like to have another -- if you'd like to ask

20    questions of my other clients, I'm happy to do that,

21    and you're happy to ask questions, Mr. Sather.  But

22    these shenanigans are not --

23          MR. CHOUDHRI:  If your --

24          MR. BALLASES:  -- going to happen.

25          MR. CHOUDHRI:  -- responses, Mr. Ballases, is

1   gonna -- the shenanigans are yours, Mr. Ballases.  If

2   your responses are gonna be the same and you're not

3   going to allow cross-notice creditors who are here,

4   want to ask questions, then let's clarify this right

5   now so we can complete the deposition properly,

6   Mr. Ballases.  Please don't obstruct the discovery

7   right now.

8        Go ahead and play the oral ruling of Judge

9   Robinson.

10        MR. BALLASES:  I'm going to object --

11        (Audio file played.)

12        THE REPORTER:  I'm sorry.  I'm sorry.  I

13   cannot hear when Mr. Ballases is speaking --

14        MR. CHOUDHRI:  Mr. Ballases --

15        THE REPORTER:  I need one person --

16        MR. CHOUDHRI:  Mr. Ballases --

17        THE REPORTER:  -- at a time.

18        MR. CHOUDHRI:  -- intentionally --

19   Mr. Ballases intentionally interferes, interrupts when

20   we play the ruling of Judge Robinson that is gonna

21   clarify this issue that cross-notice creditors are not

22   allowed to participate and ask questions.

23        So please play the ruling of Judge Robinson.

24        And, Mr. Ballases, please refrain and be

25   quiet, because the court reporter cannot take

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                    64

1    different people talking at the same time.

2          So please play the audio of Judge Robinson.

3          THE REPORTER:  Sorry --

4          MR. CHOUDHRI:  Go ahead.

5          THE REPORTER:  Sorry.  One second, please,

6    before you play it.

7          Mr. Sather, this is your deposition

8    transcript.  Normally if I can't hear, I can't

9    transcribe what's being said.  It would need to be

10   transcribed separately, because I'm not transcribing

11   this on the record right now if I cannot hear it

12   clearly.

13         MR. SATHER:  All right.  If you're unable to

14   hear it clearly, I suggest that we move on.  The judge

15   said what he said.  I do have one more question for --

16         MR. CHOUDHRI:  Hold on, Mr. Sather.  Just one

17   second, please, before we conclude anything here.  I

18   do want to take a break before we do conclude

19   anything, but I want to play this, and I think he can

20   do it a little bit louder.

21         Let's try if you can hear it again.  Ms. Court

22   Reporter, let's try one more time.

23         MR. BALLASES:  (Unintelligible)

24         MR. CHOUDHRI:  Go ahead.  Play the recording.

25         THE REPORTER:  I'm sorry.  Mr. Ballases --

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    65

 1        MR. BALLASES:  The court reporter is saying

 2   (unintelligible).

 3        THE REPORTER:  I'm sorry.  Mr. Ballases, could

 4   you please repeat that?

 5        MR. BALLASES:  Sure.  I just was telling

 6   Mr. Choudhri that you have instructed him you cannot

 7   take it down in this manner, and so I'm just trying to

 8   tell him that he's wasting more time.

 9        Mr. Sather --

10        MR. CHOUDHRI:  Mr. Ballases, that's not what

11   she said.

12        MR. BALLASES:  -- if you want to go --

13        MR. CHOUDHRI:  Mr. Ballases, we're going to

14   try for her to hear it.  Okay?

15        MR. BALLASES:  Okay.  Call us when you're

16   ready --

17        MR. CHOUDHRI:  So she's being very cooperative

18   and polite.

19        Please, Mr. Ballases, be quiet.

20        Go ahead, Mr. -- sir.  Please play the -- play

21   the audio for the judge's ruling.

22        (Audio file played.)

23        MR. MCCUBBIN:  He said, And any other

24   creditor.

25        MR. CHOUDHRI:  Can you please --

1          MR. SATHER:  Madam Reporter --

2          MR. CHOUDHRI:  Please play the -- please play

3     the whole recording.

4          MR. MCCUBBIN:  The recording is starting --

5          MR. SATHER:  Okay.  Stop.  Stop.

6          Madam Reporter, were you able to get the last

7     excerpt?

8          MR. BALLASES:  Ms. Court Reporter, you told us

9     you couldn't take anything down in that manner.  It'd

10    have to be transcribed by the person who noticed the

11    deposition, Mr. Sather.  I assume you're going to

12    stick by what you stated earlier.

13         THE REPORTER:  Okay.  It's not crystal clear.

14    And because it's being played, I'm not sure where the

15    audio and where it is stopping.

16         MR. CHOUDHRI:  Well, let's take a five-,

17    ten-minute break.  Let's e-mail it to you, Madam Court

18    Reporter, and so we can be efficient, and that way we

19    don't have to interrupt the deposition and come back a

20    different day and go seek court intervention.  We can

21    save the Court's time and not bother the Court.

22         But if Mr. Ballases insists that we have to

23    bother the Court, then we'll seek emergency relief

24    from the Court.  But why don't we go ahead and e-mail

25    you right now.

1       And let's not allow anybody to bully anybody

2   here.  So, Mr. Ballases, please don't put words in her

3   mouth.

4       So let's go ahead and take -- because at this

5   point, this is -- I've cross-noticed the depo, and I

6   want the record to be clear.  If Mr. Ballases is going

7   to continue to not allow questions despite the order

8   by the judge being shown and heard for him -- so the

9   record is clear.  But we'll go ahead and take a --

10  let's go and take a ten-minute break.

11      Madam Court Reporter, we're going to e-mail

12  you the audio oral ruling of Judge Robinson so we can

13  have a smooth deposition and complete discovery, and

14  no one can obstruct this process.  Okay?  So can you

15  provide your e-mail address, Madam Court Reporter,

16  just so I have it?

17      MR. BALLASES:  Mr. Sather, are we moving on to

18  the next witness?

19      MR. SATHER:  Yeah, I don't think this is

20  productive.  Mr. Ballases has indicated that he is not

21  going to allow you to ask questions regardless of what

22  the Court ruled, and so it is my intent at this time

23  to adjourn the deposition subject to any future

24  rulings from Judge Robinson.  If Judge Robinson

25  allows --

1          MR. CHOUDHRI:  Well --

2          MR. SATHER:  -- the other parties to ask

3    questions, I may have -- I reserve the right to ask

4    follow-up questions.

5          MR. CHOUDHRI:  So -- so I --

6          MR. BALLASES:  Would you like to ask --

7          MR. CHOUDHRI:  No, no.  Hold --

8          MR. BALLASES:  Would you like to proceed --

9          (Crosstalk)

10          THE REPORTER:  I'm sorry.  I can't --

11          MR. BALLASES:  -- with Osama Abdullatif or

12    John Quinlan next?

13          THE REPORTER:  Mr. Ballases -- sorry --

14          MR. CHOUDHRI:  Hang on a second.

15          THE REPORTER:  -- Mr. Ballases --

16          MR. CHOUDHRI:  I have --

17          THE REPORTER:  -- could you --

18          MR. CHOUDHRI:  -- contacted the Court.  I'll

19    be e-mailing the Court right now.  We are not

20    suspending this deposition.  I want to go ahead and

21    pause the deposition.  We are going to contact the

22    Court.  Okay?

23          Madam Court Reporter, would you give us your

24    e-mail address, please?

25          THE REPORTER:  And I just want to note,

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                        69

1    Mr. Ballases, I did not get anything you just said as

2    you were speaking at the same time as Mr. Choudhri.

3    So do you have anything to put on the record?

4            MR. BALLASES:  Myself, me?

5            THE REPORTER:  Yes.  I did not get what you

6    were saying while -- after what Mr. Sather said.

7            MR. BALLASES:  Sure.  I just asked Mr. Sather

8    if we're ready to move to the next witness.  I think

9    he indicated he was before Mr. Choudhri interrupted.

10   And so that's all I'm asking.

11           MR. CHOUDHRI:  So --

12           MR. BALLASES:  Do we want to move to the next

13   witness, Steve?

14           MR. CHOUDHRI:  So this part is -- at this

15   moment, I'd like to e-mail the court reporter the

16   judge's oral ruling, and let's take a 15-minute break.

17   And I've already reached out to the Court.  The Court

18   has asked for us to e-mail the Court for relief so we

19   can complete the deposition and not waste the Court's

20   time or disrupt the deposition and have to come back a

21   different day.  Everybody's schedules are -- are very

22   important.

23           Mr. Ballases, in the event we are able to

24   resume or reschedule the deposition, can you provide

25   us dates?

OMAR KHAWAJA
TEXAS REIT LLC

1      MR. BALLASES:  Steve, can we move on?  Can you

2  control your client to any degree?  I mean --

3      MR. SATHER:  Mr. Choudhri --

4      MR. CHOUDHRI:  I'm not his client.

5      MR. SATHER:  -- is not my client in his

6  individual capacity, and therefore --

7      MR. BALLASES:  I understand he's a principal

8  of Texas REIT, the debtor.

9      MR. SATHER:  He's also asserting his right to

10  appear as a pro se creditor and that I do not have any

11  control over that capacity.  If he wishes to contact

12  the Court, that is his business.

13      MR. BALLASES:  I understand that, but you've

14  noticed the deposition.  Do we want to proceed with

15  the next witness?  I've got my --

16      MR. CHOUDHRI:  And we --

17      MR. BALLASES:  -- clients here.  We've

18  rearranged our schedules for you.  Do you want to take

19  the deposition or not?  It's up to you, Steve.

20      MR. SATHER:  I want to proceed --

21      MR. CHOUDHRI:  We are resuming.  We are

22  pausing the deposition, and we're going to have a

23  conversation, and we'll come back in 15 minutes on the

24  record.

25      But in the meantime, Court Reporter, can I

1  have your e-mail address so we can e-mail you the

2  audio ruling of the judge?  And I think that'll solve

3  any issues and resolve the -- the objection or

4  position that Mr. Ballases is taking that the judge

5  said something the judge didn't say, so it's clear.

6  If I can get your e-mail address, we can e-mail you

7  the audio right now, and we can resume.

8          Let's -- let's resume the deposition at noon.

9  It's 11:40 right now.

10          THE REPORTER:  Okay.  May I go off the record,

11  please?  If we're pausing?

12          MR. CHOUDHRI:  Please.

13          MR. SATHER:  Yes, you may.  Yes.

14          MR. BALLASES:  Yes, you can go off the record.

15          THE REPORTER:  Okay.  So I am off the record.

16          (Discussion held off the record.)

17          (A recess was taken.)

18          THE REPORTER:  Back on the record.

19          MR. BALLASES:  So this is Michael Ballases,

20  counsel for John Quinlan, Omar Khawaja, and Osama

21  Abdullatif.  There is no written order, but I did

22  listen to the recording, and it appears he did say

23  "creditors."  And so I was mistaken, and so I will

24  allow creditors to ask questions, however, in the

25  limited capacity that he stated in the oral hearing.

1  So we can go forth with Mr. Khawaja.

2        Ms. Hood, if you want to ask questions, go for

3  it.

4        MS. HOOD:  Thanks.  Okay.  Steve, I may use

5  your exhibits, so if you can have those by the --

6        MR. SATHER:  I'm happy to --

7        MS. HOOD:  -- by the ready for me, I

8  appreciate it.

9        MR. SATHER:  -- put them up on the screen if

10  you need them.

11        MS. HOOD:  Thank you.

12  BY MS. HOOD:

13    Q.  Mr. Khawaja, my name is Lori Hood.  We've

14  never met before; correct?

15    A.  That's correct.

16    Q.  And I understand that you are an attorney

17  licensed in the state of Texas; correct?

18    A.  That's also correct.

19        MR. BALLASES:  Objection.  Form.

20    Q.  (BY MS. HOOD)  And do you practice law?

21    A.  Yes, ma'am.

22        MR. BALLASES:  Objection.  Form.

23    Q.  (BY MS. HOOD)  And do you have -- where do you

24  practice law?

25        MR. BALLASES:  Objection --

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                        73

1      A.  At my own law firm.

2      Q.  (BY MS. HOOD)  And what is the name of that

3   law firm?

4      A.  The Law Offices of -- and my name.

5      Q.  And where is that?  Where are your offices

6   located?

7          MR. BALLASES:  Objection.  Form.

8      A.  On Richmond and Sage.

9          MS. HOOD:  If you'll -- thanks, Steve.  Can

10  you scroll down, Steve?

11         MR. SATHER:  Certainly.

12     Q.  (BY MS. HOOD)  In the proof -- if I understand

13  your testimony correctly, you stated that your proof

14  of claim is based upon some judgments that you had

15  assigned to you by virtue of purchasing those

16  judgments from third parties; is that correct?

17         MR. BALLASES:  Objection.  Form.

18     A.  Yes.

19         MS. HOOD:  Mr. Ballases, what is the basis of

20  your objection?

21         MR. BALLASES:  Asked and answered.  We've gone

22  through all this.

23         MS. HOOD:  And I understand that,

24  Mr. Ballases, but you were objecting quite frequently

25  to Mr. Sather's questions, and I just want to make

OMAR KHAWAJA
TEXAS REIT LLC

1   sure that the record is clear with regard to what your

2   objection is.  I didn't know what your objection was

3   during his questioning, and so I'm just trying to make

4   sure that if the question needs to be rephrased or has

5   come out at a different angle, that the question is

6   clear to your client and that we're not going to deal

7   with objections in the transcript later on.  Is that

8   fair?

9        MR. BALLASES:  I'm going to make my objections

10  according to the rules.  You can respond how you think

11  appropriate pursuant to the rules.

12       MS. HOOD:  Okay.  I appreciate that.

13       Oops.  What's that?  No, take that down.

14       MR. SATHER:  Sorry.

15       Q.  (BY MS. HOOD)  All right.  So -- okay.  So

16  this proof of claim is your individual proof of claim;

17  is that correct?

18       A.  My individual proof of claim?  It looks like

19  my name is on there as well as Mr. Quinlan's and

20  Mr. Abdullatif's.

21       Q.  Right.  But this isn't a proof of claim you

22  filed on behalf of your law office; correct?

23       A.  Oh, yeah.  Yeah, that's filed on my behalf,

24  correct.  Mm-hmm.

25       Q.  And if I understand your testimony, the value

1  of the property that is included in Section 9 consists

2  of the total of the three judgments that form the

3  basis of your proof of claim; correct?

4      A.  That's right.

5      Q.  And you've used these three judgments as the

6  basis for filing an adversary action in the Southern

7  District but also attached the adversary action to

8  your proof of claim; is that correct?

9      A.  That sounds correct.

10      Q.  Okay.  So if I can drill down, we've got --

11  the basis for your proof of claim was, one, three

12  judgments and, two, an adversary action; is that

13  correct?

14      A.  That sounds correct.

15      Q.  All right.  And the basis of the adversary

16  action were the three judgments; is that correct?

17          MR. BALLASES:  Objection.  Form.

18      A.  Sorry.  Can you repeat the question?

19      Q.  (BY MS. HOOD)  Yeah.  The basis of your

20  adversary action is the three judgments that you claim

21  you're unable to collect; is that correct?

22      A.  That's correct.

23          MR. BALLASES:  I'm going to object to form.

24          MS. HOOD:  And what is the basis of your

25  objection?

1      MR. BALLASES:  I think it's vague and

2  ambiguous and misstates the evidence.  I mean, the

3  petition or the complaint speaks for itself.

4      MS. HOOD:  So last time I checked, documents

5  don't talk.  So let me correct my question just to

6  make it clear.

7      Q.  (BY MS. HOOD)  Mr. Khawaja, in your adversary

8  action which is attached to your proof of claim, you

9  reference three judgments; is that correct?

10     A.  Yes.

11     Q.  And you testified earlier, when Mr. Sather was

12  asking you questions, that the reason you brought the

13  adversary action was your inability to collect on

14  those judgments and that somehow all of these related

15  entities are alter egos of Mr. Choudhri; correct?

16     A.  Yes.

17     Q.  Okay.  Let me drill down on the judgments.

18     You state that you're an assignee of two of

19  these judgments; is that correct?

20     A.  That's correct.

21     MR. BALLASES:  Objection.  Form.

22     MS. HOOD:  All right.  What is the basis of

23  your objection?

24     MR. BALLASES:  Asked and answered.  This has

25  been already discussed and answered clearly by

1  Mr. Sather.

2        MS. HOOD:  Okay.  I disagree --

3        MR. BALLASES:  You're just rehashing --

4        MS. HOOD:  -- but -- okay.  Let me finish.

5     Q.  (BY MS. HOOD)  You have --

6        MS. HOOD:  Steve, can you go to the basis of

7  the damages that were attached?  And thank you for

8  being my paralegal.  I appreciate it.

9     Q.  (BY MS. HOOD)  All right.  So Judgment

10  Number 1, you have an assigned interest in; correct?

11     A.  Yes.

12        MR. BALLASES:  Objection.  Form.

13     Q.  (BY MS. HOOD)  Before you purchased your

14  assignment, did you do any due diligence on the

15  underlying pleadings in the case?

16        MR. BALLASES:  Objection.  Form.

17     A.  Yes.

18     Q.  (BY MS. HOOD)  And because you did underlying

19  due diligence in the case, you understand that nowhere

20  in that case is there any allegation of fraudulent

21  transfer; correct?

22     A.  In which case?

23     Q.  Judgment Number 1, Davy versus Heil.

24     A.  I mean, I didn't get into the facts of that

25  case.  There's a final judgment, I purchased it, and

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
78

1  it was assigned to me.  Why do I care what happened in

2  that case?

3      Q.  Okay.  Well, I just asked you if you looked at

4  the underlying pleadings in the case, and you said

5  yes.  So now your testimony is that you did not look

6  at the underlying pleadings.

7      A.  I mean, I skimmed through them.

8      Q.  And as you were skimming through them, did you

9  understand that there was no cause of action for

10  fraudulent transfers?

11      A.  I don't recall.

12      Q.  Have you read the judgment?

13      A.  Yes, I have.

14      Q.  And did you read it before you purchased it?

15      A.  Yes, I did.

16      Q.  And do you understand that nowhere in that

17  judgment is there a finding of fraudulent transfers?

18      A.  Okay.  If you say so.

19      Q.  Well, no, I'm asking you if you've read it and

20  if you understand that.

21          MR. BALLASES:  Objection.  Form.

22      A.  I mean, if there isn't, I'm gonna take your

23  word for it and say there isn't.

24      Q.  (BY MS. HOOD)  Okay.  Well, take my word for

25  it.  There isn't.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                  79

1          Did you purchase this judgment at a discount?

2          MR. BALLASES:  Objection.  Form.

3     A.  I don't recall.

4          MS. HOOD:  What's the basis for your

5     objection?

6          MR. BALLASES:  Lacking relevance.  The purpose

7     of the deposition is to understand why the proof of

8     claim was filed and why it is now being withdrawn.

9          MS. HOOD:  All right.  Well, I think --

10         (Crosstalk)

11         MR. BALLASES:  (Unintelligible) an underlying

12    matter in the Southern District.

13         MS. HOOD:  All right.  I disagree with your

14    analysis, but we can argue that another day.

15    Q.  (BY MS. HOOD)  So you don't recall how much

16    you purchased the judgment for.

17    A.  Correct.

18    Q.  And you are one of three assignees of this

19    judgment; correct?

20    A.  That's correct.

21         MR. BALLASES:  Objection.  Form.

22    Q.  (BY MS. HOOD)  Before you purchased the

23    judgment, did you have an agreement with the other two

24    claimants, Mr. Quinlan and Mr. Abdullatif, as to why

25    you were purchasing the judgment?

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    80

1          MR. BALLASES:  Objection.  Form.

2       A.  Did I have an agreement as to why we were

3   purchasing the judgment?  I mean, the purpose of

4   purchasing the judgment is to collect on a judgment,

5   so that was the agreement.

6       Q.  (BY MS. HOOD)  So you sat down with the other

7   two gentlemen, and the three of you decided to

8   purchase this judgment together.

9       A.  I don't recall if we sat down together

10  anywhere and had that -- a sit-down discussion about

11  what was gonna happen.  I think maybe that did.

12      Q.  Maybe it did, or maybe it didn't?

13      A.  Yeah.  Maybe it was a phone call; maybe it was

14  a sit-down meeting.

15      Q.  When did you --

16          MR. BALLASES:  And just for the record --

17      Q.  (BY MS. HOOD)  Can you tell us when the

18  judgment --

19          MR. BALLASES:  Just so that I have --

20          THE REPORTER:  I'm sorry.  I'm sorry.

21          MS. HOOD:  Sorry.

22          THE REPORTER:  I hear somebody else speaking.

23          MR. BALLASES:  Sure.  I just -- I wanted to

24  caution Ms. Hood.

25          You're getting real close to attorney-client

1 privilege and/or work product legal privilege. So I

2 don't think you're there yet, but you're close, so I

3 just wanted to warn you to keep that in mind.

4    Q. (BY MS. HOOD) Sure. And, Mr. Khawaja, please

5 understand that I don't want to know what you talked

6 about with your lawyers, okay, ever, or what your

7 lawyers have discussed with you regarding their

8 strategy. Okay? So if you feel like you have to

9 reveal that kind of information in response to my

10 question, I don't want to know that stuff. Okay?

11      And certainly you understand as a lawyer that

12 you have the right to discuss this kind of response

13 with your lawyer prior to answering; right?

14    A. Yes.

15    Q. Can you tell us when you -- when you purchased

16 the judgment?

17    A. Sometime before this proof of claim was filed.

18 I don't recall exactly when, no.

19    Q. Do you recall the year?

20    A. I think it was --

21      MR. BALLASES: Objection. Form.

22    A. I think it was 2023.

23    Q. (BY MS. HOOD) And how did it come about that

24 this judgment came across your desk to be purchased?

25      MR. BALLASES: Objection. Form.

1    Q.  (BY MS. HOOD)  You can answer.

2    A.  I mean, that's -- that's privileged

3  information that I'm not gonna discuss.

4        MR. BALLASES:  I'll go ahead and assert the

5  attorney work product, attorney-client privilege.  I'm

6  going to instruct him not to answer.

7    Q.  (BY MS. HOOD)  How do you typically learn of

8  judgments that are available for you to purchase?

9    A.  I would say typically it is something that's

10  brought to my attention by a third party.

11    Q.  And which third party brought this particular

12  judgment to your attention?

13        MR. BALLASES:  Objection.  Form.  Assertion of

14  attorney-client and work product legal privileges.

15  Instruct client not to answer.

16    Q.  (BY MS. HOOD)  Did Mr. Abdullatif bring this

17  judgment to your attention?

18        MR. BALLASES:  Same assertion of privilege,

19  same instruction to the client not to answer.  It

20  violates attorney-client and attorney work product.

21    Q.  (BY MS. HOOD)  Mr. Khawaja, do you have any

22  sort of agreement with Mr. Abdullatif or Mr. Quinlan

23  regarding a joint prosecution of this proof of claim?

24    A.  We do.

25    Q.  And is that in writing?

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    83

1        MR. BALLASES:  Also joint litigation

2    privilege, I'll assert.

3        Q.  (BY MS. HOOD)  Okay.

4        A.  I'm not gonna answer.

5        Q.  Is your -- is your agreement in writing?

6        MR. BALLASES:  Instruct client not to answer.

7    He doesn't need to give work product, attorney-client,

8    or joint litigation privilege information away.

9        Q.  (BY MS. HOOD)  Back to my question.

10   Mr. Khawaja, do you have an agreement in writing with

11   Mr. Abdullatif and Mr. Quinlan with regard to pursuing

12   this proof of claim?

13       MR. BALLASES:  I'm going object again to the

14   question and assert the legal privileges of

15   attorney-client, work product, also joint litigation

16   privilege and instruct the client not to answer.

17       Q.  (BY MS. HOOD)  Mr. Khawaja, are you adhering

18   to your -- to your counsel's instruction?

19       A.  I am.

20       Q.  And refusing to answer my question?

21       A.  On advice of counsel, yes.

22       Q.  With regard to this particular Davy-Heil

23   judgment, do you know Mr. Heil?

24       A.  I don't.

25       Q.  Do you know Mr. Oakum?

1    A.  I don't.

2    Q.  Do you know Renee Davy?

3    A.  Not personally.

4    Q.  Not personally?  How else would you know her?

5    A.  I've seen videos of her online.

6    Q.  Doing what?

7    A.  Stating that Mr. Choudhri's a fraud and a

8  thief and shouldn't be trusted.

9    Q.  Have you ever spoken to her?

10    A.  I have not.

11     Q.  When you purchased this judgment, who did you

12  pay?

13        MR. BALLASES:  Objection.  Form.

14        I'm going to also -- it's harassing and

15  oppressive.  I'm also going to assert the

16  attorney-client, attorney work product, and joint

17  litigation privilege and instruct the client not to

18  answer.

19     Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

20  follow your attorney's instruction and not answer my

21  question?

22    A.  I am.

23     Q.  When you guys purchased your assignment of

24  this judgment, the Davy-Heil judgment, did you each

25  provide separate payment, or did it come from one

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                              85

1  source?

2        MR. BALLASES:  I'm going to assert the same

3  objection and the same assertions of legal privilege

4  and instruct the client not to answer, as I did to the

5  question before.

6     Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

7  follow your counsel's instruction and refuse to answer

8  my question?

9     A.  I am.

10     Q.  Mr. Khawaja, when you purchased your interest

11  in this judgment, did you purchase it via wire

12  transfer or a check?  Cash?  How did you purchase it?

13        MR. BALLASES:  I'm going to assert the same

14  legal objections and the same assertions of legal

15  privilege and instruct client not to answer, as I did

16  with the previous question.

17     Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

18  adhere to your client's (sic) instruction and refuse

19  to answer my question?

20     A.  My counsel's.  Yes, I am.

21     Q.  Mr. Khawaja, do you know a gentleman by the

22  name of Wayne Dolcefino?

23     A.  I've seen him online.

24     Q.  And was it one of Mr. Dolcefino's videos in

25  which Ms. Davy appeared?

OMAR KHAWAJA                                        September 11, 2024
TEXAS REIT LLC                                                      86

1    A.  I think so, yes.

2        MR. BALLASES:  Objection.  Form.

3    Q.  (BY MS. HOOD)  Have you ever met

4  Mr. Dolcefino?

5    A.  I've met him, yes.

6        MR. BALLASES:  Objection --

7    Q.  (BY MS. HOOD)  In connection with any of your

8  cases related to Mr. Choudhri?

9    A.  No.

10       MR. BALLASES:  Objection.  Form.

11   Q.  (BY MS. HOOD)  With regard to this Judgment

12  Number 1 that was assigned to you, how much of -- how

13  much do you own of this judgment?

14       THE WITNESS:  I think that goes to the

15  privilege again.

16       MR. BALLASES:  I'm going to object to the

17  question as being oppressive and harassing and assert

18  the attorney-client, attorney work product, and joint

19  litigation privilege and instruct him not to answer.

20   Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

21  adhere to your lawyer's instruction not to answer my

22  question?

23   A.  I am.

24   Q.  As you sit here today, you're not going to

25  tell me how much of this $501,513.85 judgment that you

OMAR KHAWAJA                                  September 11, 2024
TEXAS REIT LLC                                                    87

1   own.

2        MR. BALLASES:  Objection.  Form.

3     A.  On advice of counsel, I will not answer that

4   question.

5     Q.  (BY MS. HOOD)  And you testified that you

6   purchased this judgment sometime last year; correct?

7        MR. BALLASES:  Objection.  Form.

8     A.  I believe so, yes.

9     Q.  (BY MS. HOOD)  Okay.  And what have you done

10  to try and collect this judgment?

11    A.  Well, we filed --

12       MR. BALLASES:  Objection.  Form.

13    A.  -- in Bankruptcy Court or, I guess, in our

14  proof of claims.  And I think -- I think that's it at

15  this stage.

16    Q.  (BY MS. HOOD)  Have you filed any

17  post-judgment discovery in the underlying lawsuit in

18  the 152nd?

19    A.  I don't -- I don't -- I'm not aware of that.

20    Q.  Have you hired a lawyer to pursue

21  post-judgment discovery or collection of this

22  judgment?

23    A.  The only lawyer I've hired is Mr. Ballases.

24    Q.  And you're certainly not aware of Mr. Ballases

25  doing anything to try to collect this judgment outside

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
88

1    of the bankruptcy action; correct?

2         MR. BALLASES:  Objection.  Form.

3      Q.  (BY MS. HOOD)  You can answer.

4      A.  I'm not aware.

5      Q.  As an attorney in the state of Texas,

6    certainly you're aware of the fact that, as a judgment

7    creditor, you have the right to pursue post-judgment

8    collection efforts within the confines of the Court

9    that issued the judgment; correct?

10     A.  Sure.

11      Q.  And you've chosen not to avail yourselves of

12   those opportunities; correct?

13        MR. BALLASES:  I'm going to go ahead and

14   object to the question as misleading, also oppressive

15   and harassing, and assert attorney-client, attorney

16   work product, and joint litigation privilege.

17        What we do for collection, you do not get to

18   ask about to aid Mr. Choudhri and Jetall and his

19   companies to hide assets any further.  So we're not

20   going to answer that.

21        MS. HOOD:  All right.  I object to any

22   commentary about me helping anybody do anything.  All

23   right?  I'm here representing a creditor, and I'm

24   trying to determine the basis for the filing of this

25   proof of claim.  And part of that issue is any attempt

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
89

1  by the judgment creditor to collect the judgment

2  outside of filing a proof of claim in a bankruptcy

3  action, that has nothing to do with the underlying

4  judgment.

5      Q.  (BY MS. HOOD)  Mr. Khawaja, do you personally

6  know of any action taken in the public forum by you to

7  collect this judgment outside of this bankruptcy

8  action?

9      A.  I'm not aware of any.

10        MR. BALLASES:  I'm further going to instruct

11  you:  Don't answer any more questions regarding what

12  we've done to collect because that gets into attorney

13  work product, also attorney-client, and joint

14  litigation privilege.

15        THE WITNESS:  I understand.

16        MS. HOOD:  And certainly, Mr. Ballases, I

17  appreciate the nuances and everything else.  And

18  again, I don't want to know anything about your

19  strategy or anything else.  That's why I asked for

20  public record, because I can't find anything in the

21  public record that shows any attempt to try to collect

22  this judgment.  And so I'm just trying to clarify and

23  get commentary and testimony from your client

24  confirming that.

25        MR. BALLASES:  I appreciate that, but we don't

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    90

1    need to get into anything that could aid your client

2    or the principal who owns your client to hide assets

3    any further.

4         MS. HOOD:  I'm going to object to the sidebar

5    commentary there.

6    Q.  (BY MS. HOOD)  The judgment that you bought,

7    the judgment debtor is Jetall Companies, Inc.;

8    correct?

9         A.  Correct.

10        Q.  Certainly that judgment does not include my

11   client as a judgment debtor; correct?

12        A.  Yeah, it's not -- does not include?  Correct.

13        Q.  It certainly doesn't include Mrs. Choudhri as

14   a judgment debtor; correct?

15        A.  It does not include them as a judgment debtor,

16   correct.

17        Q.  It doesn't include Texas REIT as a judgment

18   debtor either; right?

19        A.  Correct.

20        Q.  On Judgment Number 2, I think you testified

21   that you don't own any part of that judgment; correct?

22        A.  Judgment Number 2, I believe I do own part of

23   it.

24        Q.  The Abdullatif judgment?

25        A.  Okay.  No, I do not.  Sorry.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    91

1      Q.  Okay.  Are you aware of the fact that that

2   judgment has been bonded around?

3      A.  I'm not aware of --

4         MR. BALLASES:  Objection.  Form.

5      A.  I'm not aware of that.

6      Q.  (BY MS. HOOD)  And when you filed the proof of

7   claim that included Judgment Number 2, did you do any

8   due diligence on that judgment in order to satisfy

9   yourself that that judgment was not bonded around?

10         MR. BALLASES:  Objection.  Form.

11      A.  I -- minimally, not -- minimally.

12      Q.  (BY MS. HOOD)  What do you mean "minimally"?

13      A.  Meaning it was a final judgment, and that's

14   how I -- that was what I understood it to be.

15      Q.  Certainly as a lawyer in the state of Texas,

16   you understand that when a judgment is superceded,

17   that that stays any collection activities; correct?

18         MR. BALLASES:  I'm going to object to the

19   question as misleading and harassing and oppressive.

20      Q.  (BY MS. HOOD)  You can answer --

21      A.  I'm not aware of that --

22      Q.  You're not aware of that?

23      A.  I'm not aware of that being -- I'm not aware

24   of the judgment being superceded.

25      Q.  And did you take any independent actions to

1   determine whether or not this judgment, which is on

2   appeal, had been superceded?

3      A.  No.

4      Q.  Judgment Number 3, this HSLLP judgment.

5      A.  Yes.

6      Q.  All right.  That judgment, when did you

7   purchase that judgment?

8      A.  I think 2023, if I recall correctly.

9      Q.  And how did you become aware that that

10   judgment was available to purchase?

11        MR. BALLASES:  Objection.  Form.  Harassing

12   and oppressive.  I'm also going to assert

13   attorney-client, attorney work product, and joint

14   litigation privilege and instruct the client not to

15   answer.

16      Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

17   adhere to your client's -- excuse me -- to your

18   lawyer's instructions?

19      A.  I am.

20      Q.  And if I understand your testimony, you are

21   one of three owners also of this judgment; is that

22   correct?

23        MR. BALLASES:  Objection.  Form.

24      A.  That's correct.

25      Q.  (BY MS. HOOD)  And can you tell me how you

1 paid for the purchase of this judgment?

2      MR. BALLASES:  I'm going to object to the

3 question again as harassing and oppressive, assert the

4 attorney-client legal privilege, the work product

5 legal privilege, and the joint litigation legal

6 privilege and instruct the client not to answer.

7    Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

8 adhere to your lawyer's instruction?

9    A.  Yes.

10    Q.  Mr. Khawaja, can you tell me whether you paid

11 for -- excuse me.  Strike that.

12      Can you tell me who you paid when you

13 purchased this assignment of this judgment?

14      MR. BALLASES:  I'm going to assert the same

15 objection I just levied to the prior question as well

16 as the same assertion of legal privileges to the prior

17 question and instruct the client not to answer, just

18 like the prior question.

19    Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

20 adhere to your lawyer's instruction and not answer my

21 question as to who you paid for the purchase of this

22 judgment?

23    A.  I am.

24    Q.  I see that this judgment -- the judgment

25 creditor is Hoover Slovacek; correct?

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                             94

1      A.  That appears correct.

2      Q.  And that's the same law firm that is

3  representing you here today; correct?

4      A.  That's correct.

5          MR. BALLASES:  Objection.  Form.

6      Q.  (BY MS. HOOD)  Do you have any joint defense

7  agreements with Hoover Slovacek?

8          MR. BALLASES:  Objection.  Form.  I think --

9  well, objection.  Form.

10     A.  I'm not aware.

11     Q.  (BY MS. HOOD)  Do you have any prosecution

12  agreements with Hoover Slovacek?

13         MR. BALLASES:  Objection.  Form.

14     A.  I'm not aware of any.

15     Q.  (BY MS. HOOD)  At the time that you purchased

16  this judgment, were you represented by Hoover

17  Slovacek?

18         MR. BALLASES:  Objection.  Form.

19     A.  At the time I purchased the judgment, I was

20  represented by nobody.

21     Q.  (BY MS. HOOD)  So you were representing

22  yourself?

23     A.  Correct.

24     Q.  Who drafted the assignments?

25         MR. BALLASES:  Objection.  Form.

OMAR KHAWAJA                                      September 11, 2024
TEXAS REIT LLC                                                    95

1      A.  I think that's a privileged answer.

2          MR. BALLASES:  Also assert the same legal

3   privileges we asserted in the previous questions,

4   which would be attorney-client, attorney work product,

5   and joint litigation and instruct the client not to

6   answer.

7      Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

8   adhere to your lawyer's instructions and not answer my

9   question?

10     A.  Yes.

11     Q.  When you purchased the assignment of this

12  judgment and the other two also purchased their

13  portion of the judgment, was it all done at one time?

14         MR. BALLASES:  Objection.  Form.

15         I'm also going to assert the same legal

16  privileges and instruct the client not to answer, as I

17  did with the previous question.

18     Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

19  adhere to your client's instruction and not answer my

20  question as to the timing of the purchase of the

21  assignment by the three of you?

22     A.  Yes.

23     Q.  Did you purchase the assignment of this

24  judgment from Mr. Abdullatif?

25         MR. BALLASES:  Objection.  Form.  Same

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                              96

1  objections, same assertions of legal privilege, same

2  instruction not to answer based on those legal

3  privileges as the question before.

4      Q.  (BY MS. HOOD)  Are you going to follow your

5  lawyer's instruction and not answer my question as to

6  who you purchased the assignment from?

7      A.  Yes.

8      Q.  When you purchased the assignment and you were

9  representing yourself, what lawyers did you deal with

10  for the other purchasers?

11      MR. BALLASES:  Objection.  Form.  I'm also

12  going to assert the same attorney work product and

13  attorney -- joint litigation legal privilege and

14  instruct the client not to answer.

15      Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

16  adhere to your lawyer's instructions and not answer my

17  questions?

18      A.  Yes.

19      Q.  Okay.  When you purchased your assignment, was

20  Mr. Abdullatif represented by counsel?

21      MR. BALLASES:  Objection.  Form.

22      Asserting the same legal privileges as the

23  previous question and instructing client not to answer

24  as I did with the previous question.

25      Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

OMAR KHAWAJA                                         September 11, 2024
TEXAS REIT LLC                                                        97

1   adhere to your client's instruction -- or to your

2   lawyer's instruction and not answer my question as to

3   whether or not Mr. Abdullatif had a lawyer at the time

4   of the purchase?

5       A.  Yes.

6       Q.  At the time you purchased your assignment of

7   this judgment, was Mr. Quinlan represented by counsel?

8           MR. BALLASES:  Objection.  Form.

9           I'm also going to assert the same legal

10  privileges as I did before and instruct the client not

11  to answer.

12      Q.  (BY MS. HOOD)  Mr. Khawaja, are you adhering

13  to your counsel's instructions and not answering my

14  question as to whether or not Mr. Quinlan was

15  represented by counsel at the time of the assignment

16  of the judgment?

17      A.  Yes.

18      Q.  Does your assignment include just your

19  signature, or is it an assignment that includes the

20  other purchasers' signatures?

21          MR. BALLASES:  I'm going to object to the

22  question -- object to the form of the question.

23  Excuse me.

24      A.  I don't -- I don't recall.

25      Q.  (BY MS. HOOD)  Do you have a physical copy, or

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
98

1   do you have the original of this assignment?

2      A.  I believe I do somewhere, not with me today.

3   I'm sure it was provided to me.

4      Q.  The copy or the original?

5      A.  The copy.

6      Q.  Do you know who holds the original of the

7   assignment?

8      A.  I don't.

9      Q.  Because you don't know who holds the original

10  of the assignment, you can't tell us whether or not

11  the assignment has been paid; correct?

12         MR. BALLASES:  Objection.  Form.

13         I'm going to assert the attorney-client and

14  attorney work product and attorney joint -- or excuse

15  me -- joint litigation privilege and instruct the

16  client not to answer.

17     A.  I'm going to follow advice of counsel.

18     Q.  (BY MS. HOOD)  And as you sit here today, you

19  can't tell us who holds the original of this

20  assignment.

21     A.  I can't.

22         MR. BALLASES:  Objection.  Form.

23     Q.  (BY MS. HOOD)  You can't?

24     A.  I cannot.

25         MR. BALLASES:  Objection.  Form.

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
99

1    Q.  (BY MS. HOOD)  Can you tell me why you didn't

2    include a copy of the assignment with your proof of

3    claim?

4          MR. BALLASES:  Objection.  Form.

5          Just -- and I'm -- and I apologize because I

6    know I'm not supposed to talk right now, but it's

7    attached to the actual complaint in the Southern

8    District, so you can pull it up.  It's public record.

9          MR. CHOUDHRI:  Mr. Ballases, please stop

10   coaching the witness.

11         MR. BALLASES:  Be quiet.

12         MR. CHOUDHRI:  I'm sorry.  Mr. Khawaja, did

13   you say something?

14         MS. HOOD:  Okay --

15         MR. BALLASES:  No, I told you to be quiet.

16   This is Mr. Ballases.

17         MS. HOOD:  Okay.  This is my time.  Okay?  You

18   guys can bicker and do your little boy thing when I'm

19   not talking.

20   Q.  (BY MS. HOOD)  So if I understand correctly,

21   this adversary action, which is based upon two

22   judgments that you claim to have an assignment in, was

23   originally filed in the Southern District of Texas; is

24   that correct?

25   A.  That's correct.

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                              100

1      Q.  And then you took that adversary and used it

2   as -- as an exhibit to your proof of claim that you

3   then filed in this action; correct?

4      A.  That's correct.

5      Q.  And if I understand your testimony, along with

6   this adversary action, you filed lis pendens against

7   the debtor's property in this action; correct?

8      A.  That's correct.

9      Q.  And if I remember the lis pendens, you did not

10  sign that lis pendens; correct?

11     A.  Correct.

12     Q.  Did Mr. Abdullatif have your permission to

13  sign that lis pendens that was filed against the

14  debtor's property in this action?

15     A.  Yes.

16     Q.  And when did you give him permission to file

17  that lis pendens?

18     A.  I'm not sure.  I'm assuming sometime before it

19  was filed.

20     Q.  Was it done prior to the time that you brought

21  the adversary action in the Southern District of

22  Texas?

23     A.  I don't know.

24        MS. HOOD:  Steve, my trustee paralegal, can

25  you bring up the first lis pendens, the supplemental

1    lis pendens, which I think is Exhibit -- yeah --

2    Exhibit 2, yeah.  Can you go down to the signature

3    page?

4         MR. SATHER:  Yes.

5       Q.  (BY MS. HOOD)  All right.  So Exhibit 2 is the

6    supplemental lis pendens that you authorized

7    Mr. Abdullatif to file against the debtor's property

8    in this action; correct?

9       A.  That's correct.

10      Q.  All right.  And the date of that says

11   August 22nd, 2023.  Do you agree with me?

12      A.  Yes.

13      Q.  Okay.  And would it be fair to say that you

14   gave Mr. Abdullatif your authority to sign on your

15   behalf somewhere around August 22nd, 2023?

16      A.  It could've been before that, but it sounds

17   correct.

18      Q.  Did you have a conversation with

19   Mr. Abdullatif about the filing of the lis pendens?

20        MR. BALLASES:  I'm going to object to the

21   question.  I'm also going to assert the

22   attorney-client, attorney work product, and joint

23   litigation privilege and instruct the client not to

24   answer.

25      A.  On advice of counsel, I'm not answering any

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                      102

1   questions regarding my conversations with

2   Mr. Abdullatif or Mr. Quinlan.

3       Q.  (BY MS. HOOD)  Did you prov -- the authority

4   that you provided to Mr. Abdullatif for you -- for him

5   to sign on your behalf this lis pendens, was that

6   given verbally or in writing?

7           MR. BALLASES:  Objection.  Form.

8           Same assertion of legal privilege, same

9   instruction not to answer.

10      Q.  (BY MS. HOOD)  Mr. Khawaja, are you going to

11  adhere to your client's (sic) instructions and not

12  answer my question about how you gave permission to

13  Mr. Abdullatif --

14      A.  Yes, I am.

15          MS. HOOD:  Steve, can you bring up the --

16  Exhibit Number 3?

17      Q.  (BY MS. HOOD)  Exhibit Number 3 is the second

18  supplemental lis pendens that was filed also on the

19  debtor's property, and it looks to me that that also

20  is dated August 22nd, 2023.  Is that accurate?

21      A.  That looks accurate.

22      Q.  All right.  And is it fair to say that you

23  again gave Mr. Abdullatif permission or authorized him

24  to sign on your behalf somewhere around August 22nd of

25  2023?

OMAR KHAWAJA                                                September 11, 2024
TEXAS REIT LLC                                                            103

1       A.  Or prior to that, yes.

2       Q.  Certainly you didn't give him permission to

3   file it before you actually were an owner in the

4   judgment; correct?

5       A.  That's correct.

6       Q.  And again, just to summarize your testimony,

7   you think you recall purchasing your assignment in

8   this judgment sometime in 2023; correct?

9       A.  That's correct.

10      Q.  So we've got somewhere between January and

11  August 22nd that you purchased your interest in this

12  judgment; correct?

13      A.  That sounds right.

14      MR. BALLASES:  Ms. Hood, I don't mean to

15  derail your testimony, but if you look at the

16  complaint itself, it says when he obtained the

17  assignment.  It's February 17th, 2023.  You can read

18  it for yourself.  It's Exhibit 1.

19      MS. HOOD:  So I appreciate that, Mr. Ballases.

20  I'm trying to get your client's testimony on these

21  issues, not what's in a document that you wrote.  I

22  want his testimony, but I appreciate it.  He said he

23  couldn't recall, and that's fine with me.

24      Q.  (BY MS. HOOD)  On this judgment that you

25  purchased from Hoover Slovacek, prior -- prior --

1  sorry; my mouth is not working -- prior to your

2  purchase of the assignment, did you review the

3  underlying pleadings related to the lawsuit?

4      A.  Not really.

5      Q.  Can you be more specific than "not really"?

6  Is that you didn't look at them at all, or you kind of

7  looked at them?

8      A.  I may have briefly skimmed through them.

9      Q.  And by skimming through them, were you aware

10  that there were no causes of action for fraudulent

11  transfer, et cetera, against Jetall?

12      A.  No, I wasn't, but I'll take your word for it

13  that there were not.

14      Q.  And would you agree with me that the judgment

15  debtor in Judgment Number 3 is Jetall Companies, Inc.?

16      A.  Yes.

17      Q.  And the judgment debtor is not Arabella PH

18  3201; correct?

19      A.  No, they're an alter ego of Jetall Companies.

20          MS. HOOD:  Objection.  Non-responsive.

21      Q.  (BY MS. HOOD)  Arabella PH 3201 is not a

22  judgment debtor; correct?

23          MR. BALLASES:  Objection.  Form.

24      A.  That's correct.

25      Q.  (BY MS. HOOD)  9201 Memorial Drive is not a

1    judgment creditor; correct?

2       A.  Correct.

3          MR. BALLASES:  Objection.  Form.

4       Q.  (BY MS. HOOD)  2727 Kirby 26L, LLC, is not a

5    judgment debtor; correct?

6          MR. BALLASES:  Objection.  Form.

7       A.  Correct.

8       Q.  (BY MS. HOOD)  Texas REIT, LLC, is not a

9    judgment debtor; correct?

10      A.  Correct.

11         MR. BALLASES:  Objection.  Form.

12      Q.  (BY MS. HOOD)  Dalio Holdings I is not a

13   judgment debtor; correct?

14      A.  Correct.

15         MR. BALLASES:  Objection.  Form.

16      Q.  (BY MS. HOOD)  Dalio Holdings II is not a

17   judgment debtor; correct?

18      A.  Correct.

19         MR. BALLASES:  Objection.  Form.

20      Q.  (BY MS. HOOD)  Houston Real Estate Properties,

21   LLC, is not a judgment debtor; correct?

22      A.  (Unintelligible)

23         MR. BALLASES:  Objection.  Form.

24         THE REPORTER:  Sorry.  Was that "correct"?

25      Q.  (BY MS. HOOD)  What was your -- yeah, I didn't

OMAR KHAWAJA                                              September 11, 2024
TEXAS REIT LLC                                                          106

1  hear your --

2      A.  That's correct.

3      Q.  -- answer either.  Yeah.

4      A.  Correct.  Correct.

5          MR. BALLASES:  And I object to the form.

6      Q.  (BY MS. HOOD)  Shahnaz Choudhri is not a

7  judgment debtor; correct?

8      A.  Correct.

9          MR. BALLASES:  Objection.  Form.

10     Q.  (BY MS. HOOD)  Ali Choudhri is not a judgment

11  debtor; correct?

12     A.  Correct.

13         MR. BALLASES:  Objection.  Form.

14     Q.  (BY MS. HOOD)  Shepherd-Huldy Development I is

15  not a judgment debtor; correct?

16     A.  Correct.

17         MR. BALLASES:  Objection.  Form.

18     Q.  (BY MS. HOOD)  Shepherd-Huldy Development II

19  is not a judgment debtor; correct?

20     A.  Correct.

21         MR. BALLASES:  Objection.  Form.

22     Q.  (BY MS. HOOD)  Galleria Loop Note Holder, LLC,

23  is not a judgment debtor; correct?

24     A.  Correct.

25         MR. BALLASES:  Objection.  Form.

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
107

1     Q.  (BY MS. HOOD)  What due diligence did you do,

2  if any, before you alleged in this adversary action,

3  which forms the basis of your proof of claim, that my

4  client, Dalio Holdings, LLC, is the alter ego of

5  Houston Real Estate Properties?

6     A.  What due diligence did I do personally?

7     Q.  Yeah.

8     A.  I mean, I think it's stated pretty clearly in

9  the petition what evidence we have.  There's a whole

10  court history of fraudulent transfers, commingling of

11  assets; you know, fraudulent, unethical conduct that

12  we have available as public record as to Mr. Choudhri

13  and, by extension, your client's conduct.  And that's

14  the due diligence I did to make these claims.

15     Q.  Okay.  So you based your due diligence off

16  your allegation that this is all public record.

17     A.  That's correct.

18        MR. BALLASES:  Objection.  Form.

19     Q.  (BY MS. HOOD)  What public records did you

20  look at?

21     A.  Well, if you -- everything that's stated in

22  the petition.  If you look at Lawsuit 2013-41273,

23  Harris County District Court, he was found to have

24  committed fraud, filed a fraudulent lien, and there

25  was no promissory note, and that was an entity that he

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    108

1  controlled, HREP.  If you look at -- on February 16th,

2  2017, in Case Number 2017-1 --

3      Q.  Let's go -- let's go back to the first one.

4  You --

5          MR. BALLASES:  I'm going to --

6      Q.  (BY MS. HOOD)  -- said that there was a --

7          THE REPORTER:  I'm sorry.

8      Q.  (BY MS. HOOD)  You claim to have a finding --

9          (Crosstalk)

10     Q.  (BY MS. HOOD)  You claim there's a finding of

11 fraud --

12         MR. BALLASES:  Ms. Hood --

13         THE REPORTER:  Sorry --

14         MR. BALLASES:  -- can you let my client answer

15 the question, please?

16         MS. HOOD:  I -- it's my question-and-answer,

17 and if I want to cut him off, I can.

18         MR. BALLASES:  Okay.  So you want to --

19         MS. HOOD:  I want to -- I want to drill down

20 on the first one.  Well, he's referencing a pleading

21 that I'm assuming that you wrote, so I just want to

22 find out what he knows personally about some of this

23 stuff.

24         MR. BALLASES:  Objection (unintelligible).

25     Q.  (BY MS. HOOD)  So you reference a lawsuit --

1    hang on.  Let me find it.

2         Is that the lawsuit involving HREP?

3    A.  Yes.

4    Q.  Okay.  And were you involved in that lawsuit?

5    A.  I was not.

6    Q.  So everything you know about that lawsuit, you

7    read as a matter of public record.

8    A.  That's correct.

9    Q.  Was there a finding of fraudulent transfers in

10   that case?

11        MR. BALLASES:  Objection.  Form.

12    A.  Other fraud, but I don't know if fraudulent

13   transfer was part of that.

14    Q.  (BY MS. HOOD)  I didn't see it.

15        MR. BALLASES:  Objection.  Sidebar.

16    Q.  (BY MS. HOOD)  All right.  That's the first

17   lawsuit that you said you looked at for public record

18   in order to determine that my client is somehow the

19   alter ego of all these other things; correct?

20    A.  That's correct.

21    Q.  Okay.  What other -- what other public records

22   did you review?

23    A.  There's also these videos by a guy named Wayne

24   Dolcefino I saw.

25    Q.  So you looked at videos.

1    A.  Yes.

2        Q.  Anything else you reviewed?

3        A.  I think just generally people in the community

4    know that your client commits fraud.  He's known as a

5    fraudster.

6        Q.  Who are these --

7        A.  So many people have approached me.

8        Q.  Okay.  Who are these people?

9        A.  Yeah, I can't -- many people that he's

10   defrauded over the years.

11       Q.  Name one.

12       A.  Well, Judge Norman is one.  I don't know if

13   you know him.  He's in the Southern District.

14       Q.  Okay.  Who else?

15       A.  Let's see.  Who else in the community have

16   called him a fraudster?

17           Judge Landrum, Judge Michael Landrum in the

18   Harris County District Court, 164th District Court.

19   He considers your client a fraud.

20       Q.  And is that in relation to the HREP case?

21       A.  I just think generally.

22       Q.  Okay.  So Judge Landrum has spoken to you

23   about Mr. Choudhri being a fraudster?

24       A.  It's in a final judgment.  I can read that for

25   you if you'd like.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                111

1    Q.  No, I'm asking --

2    A.  Do you want me to read it to you?

3    Q.  No, no, no.  I'm asking you.  You said people

4  have told you; many people have told you.  So I'm

5  asking who --

6    A.  Yes.

7    Q.  -- who's had a conversation with you about

8  Mr. Choudhri being a fraudster?  And you've said Judge

9  Norman, and I'm assuming you didn't --

10    A.  Yes.

11    Q.  -- talk personally with Judge Norman.  That's

12  out of an opinion; right?

13    A.  Yes.

14    Q.  Okay.  The same as --

15    A.  Members of the community --

16    Q.  Okay.  So who --

17    A.  I'm sorry --

18       THE REPORTER:  Sorry.  One at a time, please.

19  Thank you.

20    Q.  (BY MS. HOOD)  What community?

21       MR. BALLASES:  Objection.  Form.

22    A.  The real estate community, the Pakistani

23  community, basically anyone Mr. Choudhri has come in

24  contact with and done business with, people from those

25  communities.

1    Q.  (BY MS. HOOD)  Okay.  So we've got the real

2  estate community.  We've got the Pakistani community.

3    A.  His family members.  His own family members

4  have said the same.

5    Q.  Family members.

6      All right.  So who in the real estate

7  community have you had a specific conversation with

8  that have informed you that he's -- that he -- that my

9  client fraudulently -- my client, Dalio, is -- has

10  been the recipient or the instigator of fraudulent

11  transfers such that they're the alter ego of

12  Mr. Choudhri?

13    A.  Harold Polk.

14    Q.  Who?

15    A.  So just a -- Harold Polk.

16    Q.  And who is Mr. Polk?

17    A.  Somebody that your client knows that he ripped

18  off, I guess.

19    Q.  Well, how do you know him?

20    A.  He came to me and told me that your client

21  ripped him off.

22    Q.  Okay.  He came to you just out of the blue?

23    A.  Yeah.  I mean, you know, I don't know why he

24  came to me, but yeah, he did.

25    Q.  When did you have this --

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                        113

1      A.  He probably saw the --

2      Q.  When did you have this conversation with

3  Mr. Polk?

4      A.  Years ago.

5          MR. BALLASES:  Objection.  Form.

6      A.  I can't remember.

7      Q.  (BY MS. HOOD)  Years ago?  Okay.

8      A.  Yes.

9      Q.  Okay.  Who else?

10         MR. BALLASES:  Objection.  Form.

11      A.  I don't -- I can't recall.  I mean, a lot of

12  people.  A lot of people.

13         MR. BALLASES:  I'm going to object to the

14  question as exceeding the scope of the judge's

15  limiting order.

16         Can we please just stick to the basis for the

17  proof of claim and why we are willing to withdraw it?

18         MS. HOOD:  Objection.  Sidebar.

19         I've asked him, what due diligence did he do

20  in order to craft together the adversary proceeding,

21  which was attached to the proof of claim as evidence

22  supporting his proof of claim.  And I've got, so far,

23  two public lawsuits and some people in the community

24  that have spoken to him, one of whose name is Harold

25  Polk.  And he can't remember anybody else's name

1  because there's just so many over so many years.

2     Q.  (BY MS. HOOD)  Is that correct?

3        MR. BALLASES:  No, he's identified several

4  people.

5        I'm going to object to sidebar.

6        If you want to engage in discovery in the

7  Southern District, we can do that, but right now we're

8  just trying to understand why we filed the proof of

9  claim and why we're willing to withdraw it.

10       MS. HOOD:  Yeah, I understand.

11       And I object to your sidebar.

12    Q.  (BY MS. HOOD)  Mr. Khawaja, certainly your

13  lawyer and Mr. Abdullatif had your permission to file

14  this proof of claim; correct?

15       MR. BALLASES:  Objection.  Form.

16    A.  Yes.

17    Q.  (BY MS. HOOD)  And you understand the proof of

18  claim was filed under penalty of perjury.

19    A.  Yes.

20       MR. BALLASES:  Objection.  Form.

21    Q.  (BY MS. HOOD)  And you understand that the

22  amount in the proof of claim is based upon these three

23  judgments; correct?

24    A.  Yes.

25    Q.  And we've run through the three judgments, and

1   one of which you don't even have an interest in;

2   correct?

3       A.  Yes, that's correct.

4       Q.  And you don't know anything about the

5   substance of that judgment; correct?

6       A.  That's (unintelligible).

7           MR. BALLASES:  Objection.  Form.

8           MS. HOOD:  Excuse me.  What was the answer?

9       A.  That was correct.

10      Q.  (BY MS. HOOD)  Do you own an assigned interest

11  in any other judgment related to any of these entities

12  that you claim are alter egos of Mr. Choudhri?

13      A.  I don't think so.

14          MR. BALLASES:  I object to the form of the

15  question.

16      Q.  (BY MS. HOOD)  Is it your habit to -- strike

17  that.

18          If one of these judgments became available to

19  purchase, would you buy it?

20          MR. BALLASES:  Objection.  Form.

21      A.  I don't know.  I don't know how much money

22  your client has.  It just depends.  Collectibility

23  matters, so...

24      Q.  (BY MS. HOOD)  Collectibility matters?

25      A.  Yes.

1    Q.  Did collectibility matter to you when you

2  purchased the assignment of the judgments that form

3  the basis of your proof of claim?

4    A.  Yes.

5      MR. BALLASES:  Objection.  Form.

6    Q.  (BY MS. HOOD)  Did you do any due diligence

7  prior to filing your proof of claim in this lawsuit as

8  to the debtor's ability to pay these judgments?

9    A.  Yes.

10      MR. BALLASES:  Objection.  Form.

11    Q.  (BY MS. HOOD)  What due diligence did you do?

12    A.  Reviewed public documents, spoke to people,

13  watched videos of Wayne Dolcefino online.

14    Q.  Okay.  So the public documents that you

15  reviewed prior to filing your proof of claim in this

16  lawsuit --

17    A.  Yes.

18    Q.  -- that -- let me finish -- that supported

19  your proof of claim regarding collectibility were

20  public records and the --

21    A.  Yes.

22    Q.  -- Dolcefino videos.

23    A.  That's correct.

24      MR. BALLASES:  Objection.  Form.

25    Q.  (BY MS. HOOD)  When did you learn that your

1    proof of claim was uncollectible?

2         MR. BALLASES:  Objection.  Form.

3      A.  I think the Texas REIT judge in that case said

4    that there wasn't enough money in the Texas REIT

5    matter to pay us.

6      Q.  (BY MS. HOOD)  When you filed your proof of

7    claim, how much money was in Texas REIT?

8         MR. BALLASES:  Objection.  Form.

9      A.  I'm not sure.  No idea.

10     Q.  (BY MS. HOOD)  If I understand correctly,

11   bankrupt debtors have to file documents that outline

12   their assets; correct?

13     A.  Yes.

14        MR. BALLASES:  Objection.  Form.

15     Q.  (BY MS. HOOD)  Did you look at any of those

16   filings by the debtor?

17     A.  I believe I did, but a lot of what your client

18   files is fraudulent, so -- or the debtor in this case.

19   So it's hard to trust those documents.

20        MS. HOOD:  Objection.  Non-responsive.

21     Q.  (BY MS. HOOD)  Did you look at any of the

22   documents filed by the debtor, the accounting

23   documents, prior to filing your proof of claim?

24        MR. BALLASES:  Objection.  Form.

25     A.  Yes.

OMAR KHAWAJA                                   September 11, 2024
TEXAS REIT LLC                                                    118

1      Q.  (BY MS. HOOD)  Which documents did you look

2   at?

3      A.  I'm sure I reviewed the schedules.  I don't --

4   I can't recall specifically what I looked at.

5          MR. BALLASES:  I'm going to go ahead on this

6   line of questioning and instruct him not to answer

7   because it gets into attorney work product.

8          MS. HOOD:  I'm just asking what he looked at.

9   I don't want to know what you looked at or what you

10  talked to him about.

11         MR. BALLASES:  I understand.

12         MR. CHOUDHRI:  I'm gonna object.

13         Mr. Ballases, you continue to coach the

14  witness, so I'm gonna object.  Please stop coaching

15  the witness.

16         MR. BALLASES:  What's your legal basis, sir,

17  for your objection?

18         MR. CHOUDHRI:  Mr. Ballases, because you're

19  making sidebar, coaching the witness.  Keep your

20  objections limited.  Don't coach the witness.  You've

21  been doing it throughout the whole depo, and you're

22  also objecting on a frivolous basis.  But regardless,

23  please stop coaching the witness.

24         MR. BALLASES:  Okay.  So what's your formal

25  objection for the record?

1      MR. CHOUDHRI:  For the record, you're

2  improperly coaching the witness.  Refrain your

3  objections --

4      MR. BALLASES:  Okay.

5      MR. CHOUDHRI:  -- to just objections.

6      MR. BALLASES:  I want to make sure.  Okay.  I

7  just want to make sure your formal objection was on

8  the record.

9      THE WITNESS:  He's just buying time for his

10  lawyer to make up questions.

11      MS. HOOD:  What?  Mr. --

12      MR. CHOUDHRI:  Mr. Khawaja, what did you say?

13      MS. HOOD:  Yeah.  Excuse me, Mr. Choudhri.

14  This is my time.

15    Q.  (BY MS. HOOD)  First of all, there's no

16  requirement that I pepper you incessantly directly.

17  I'm going through my notes.  I don't need time to come

18  up with questions for you.

19      I'd actually like it if you would answer my

20  questions, but you've chosen not to do that.  So I'm

21  going through my notes to see if I can actually ask

22  some questions that you would be kind enough to answer

23  relating to your proof of claim and why you filed it.

24  So when you --

25      MR. BALLASES:  (Unintelligible) and what

1   you're doing, okay, or your sidebar.  And we are

2   answering questions.  I'm sorry you don't like them.

3        MS. HOOD:  You're not answering them.  You're

4   objecting.

5     Q.  (BY MS. HOOD)  At the time that you filed your

6   proof of claim, you had satisfied yourself that you'd

7   be able to collect your judgments through this debtor.

8     A.  Yes.

9        MR. BALLASES:  Objection.  Form.

10    Q.  (BY MS. HOOD)  Do you understand that in order

11  to collect your judgments through this debtor, you

12  would have to win on your adversary claim regarding

13  the alter egos?

14    A.  Yes.

15    Q.  And if I read your adversary complaint, it's

16  your assertion that Mr. Choudhri keeps his entities

17  devoid of assets in order to keep creditors from

18  collecting their judgments.  Is that a fair statement?

19    A.  I mean, I think that's one of many tactics

20  that he uses, but yes.

21    Q.  And certainly you have these judgments at your

22  ready; correct?

23        MR. BALLASES:  Objection.  Form.

24    A.  Yeah.  I'm sorry.  I didn't -- I didn't quite

25  understand the question.

1      Q.  (BY MS. HOOD)  Yeah, bad question.

2          You have these judgments that you own that you

3  could go out and try to collect absent filing

4  documents in Bankruptcy Court; correct?

5      A.  I guess.

6      Q.  And you've not chosen to pursue any

7  post-judgment collection of these judgments in Texas

8  State Court; correct?

9          MR. BALLASES:  Objection.  Form.

10          I'm going to instruct the client not to

11  answer.

12          You're invading attorney-client, work

13  privilege -- attorney-client, and you're also getting

14  into joint litigation privilege.  We're not going to

15  help Mr. Choudhri hide more assets.

16      A.  On advice of counsel, I will not answer that

17  question.

18      Q.  (BY MS. HOOD)  It's not -- okay.  The question

19  is this.  Okay?  Based upon public records, I find no

20  activity by you to collect these judgments in Texas

21  State Courts; is that an accurate statement?

22      A.  Yes.

23          MR. BALLASES:  I object to the form.

24      Q.  (BY MS. HOOD)  And rather than pursue

25  opportunities in State Court, you and your co-owners

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    122

1    have chosen to pursue unrelated third parties in

2    Bankruptcy Court; correct?

3         MR. BALLASES:  Objection.  Form.

4      A.  No, that's not correct.  "Unrelated"?  What do

5    you mean "unrelated"?  What is that supposed to mean?

6      Q.  (BY MS. HOOD)  Texas (sic) Real Estate

7    Properties, LLC, is not a judgment debtor; correct?

8    You've already admitted this.

9      A.  Does that mean -- you said "unrelated."

10   That's not -- they're very related.

11     Q.  In your mind, but they don't -- they're not a

12   party to the judgment; correct?

13        MR. BALLASES:  Objection.  Sidebar.

14     A.  In reality and on public record.

15     Q.  (BY MS. HOOD)  The debtor in this case is not

16   a judgment debtor; correct?

17     A.  Asked and answered.

18     Q.  Okay.  Now you're objecting to your own

19   questions?  Are you a lawyer or a witness?

20     A.  I am a lawyer, but I mean --

21     Q.  Okay.  Answer my question.

22     A.  -- just answering --

23     Q.  Answer my question.

24     A.  No, I'm not gonna answer that question.

25     Q.  This debtor is not a judgment debtor to you;

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                        123

1    correct?

2        THE WITNESS:  Do you want me to answer?

3        MR. BALLASES:  Objection.  Form.

4        You can answer.

5    A.  No.

6    Q.  (BY MS. HOOD)  And yet you chose to pursue

7    this debtor to try to collect your judgments that are

8    in the name of others; correct?

9    A.  This -- yes.  This debtor is an alter ego of

10   all the other debtor -- all the other defendants in

11   this case.

12   Q.  Tell me where there's a finding by a court of

13   law that this debtor is the alter ego of one of the

14   two entities in which you hold an assigned interest.

15   A.  We will prove it in this case.

16   Q.  Okay.  That's not my question.  Tell me where

17   I can find as a matter of law that Ali Choudhri and

18   Houston Real Estate Properties, LLC, are one and the

19   same.

20       MR. BALLASES:  Objection.  Form.

21   A.  We don't have that.

22   Q.  (BY MS. HOOD)  Tell me where I can find as a

23   matter of public record that Jetall is one and the

24   same with this debtor.

25       MR. BALLASES:  Objection --

1      A.  Based on his testimony in multiple cases.

2          MR. BALLASES:  Objection.  Form.

3      Q.  (BY MS. HOOD)  Tell me where I can find as a

4   matter of public record a finding by a trier of fact

5   that Jetall Companies is one and the same as this

6   debtor.

7          MR. BALLASES:  Objection.  Form.

8      A.  I don't -- I'm not sure if we'll find that.

9      Q.  (BY MS. HOOD)  There isn't one, is there?

10         MR. BALLASES:  Objection.  Form.

11     A.  We have multiple public record documents

12   indicating that Ali Choudhri is one and the same as

13   all of his entities.

14     Q.  (BY MS. HOOD)  And there's not a finding by a

15   trier of fact that this debtor is one and the same

16   with Jetall Companies, is there?

17     A.  Only admissions by your client.  That's it.

18         MR. BALLASES:  Objection.  Form.

19     Q.  (BY MS. HOOD)  There's no finding by a trier

20   of fact that this debtor is one and the same as Jetall

21   Companies; correct?

22         MR. BALLASES:  Objection.  Form.

23         (Phone ringing.)

24     A.  (Unintelligible)

25         THE REPORTER:  I'm sorry.  I'm sorry.  I

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
125

1  did -- sorry.  I did not hear your answer.  Could you

2  please restate your answer?

3      A.  I said -- I said, Correct, not by a trier of

4  fact, but by admissions through your client.

5          MS. HOOD:  Objection.  After "correct" --

6  objection.  Non-responsive after "correct."

7          Mr. Khawaja, I fully expect to go back to the

8  Court and try to get him to compel you to answer some

9  of my questions that I think were improperly objected

10  to, and so I can go through that with your lawyer

11  through motion practice.  I appreciate your time

12  today.  Based upon whether or not the other lawyers

13  and Mr. Choudhri have questions, I may or may not get

14  another pass at you, and I appreciate your time.

15          THE WITNESS:  Thank you.

16          MS. HOOD:  I'm going to pass the witness to

17  the next creditor in line, and I reserve my right to

18  come back and ask questions -- follow-up questions if

19  I deem necessary.

20          THE REPORTER:  Sorry.  Just before we go to

21  Mr. Choudhri, would it be possible to just take two

22  minutes to go to the bathroom?

23          MS. HOOD:  Oh, absolutely.  You're in charge.

24  You're the one doing the hard work.

25          THE REPORTER:  Thank you.  Just two minutes.

1    Thanks.

2         MR. CHOUDHRI:  Absolutely, Cheryl.  Take your

3    time.

4         THE REPORTER:  Thank you.

5         (A recess was taken.)

6    BY MR. CHOUDHRI:

7      Q.  Mr. Khawaja, good afternoon.  How are you?

8      A.  I'm good, man.  Just -- let's get to your

9    questions.  I don't -- we don't have time for

10   formalities.  Thank you.

11     Q.  Mr. Khawaja, you're not looking at -- first of

12   all, who is present with you in the room there?

13        MR. BALLASES:  We've already answered that.

14        Objection.  Form.

15        We're also having trouble hearing you, so you

16   might want to turn up your volume --

17     A.  Yeah, you need to turn your speaker up.

18     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, can you hear

19   me now?

20     A.  Better, but you still need to speak up a

21   little bit.

22     Q.  So can you identify who's in the room there

23   with you, Mr. Khawaja?

24        MR. BALLASES:  Objection.  Form.

25     A.  Mr. Quinlan is here; my attorney, Michael

1   Ballases.

2       Q.  Is Osama Abdullatif in the room with you?

3       A.  He has --

4          MR. BALLASES:  Objection.  Form.

5       A.  He's not in the room, like, at this minute.

6       Q.  (BY MR. CHOUDHRI)  But throughout this

7   deposition, you've had Osama Abdullatif and John

8   Quinlan sitting in the room with you, present;

9   correct?

10      A.  Yes.

11         MR. BALLASES:  Objection.  Form.

12         We've already answered that and said that.

13  Quit wasting everybody's time.

14         MR. CHOUDHRI:  Mr. Ballases, I would ask you

15  to please calm down and allow me to ask my questions.

16         MR. BALLASES:  Objection.  Sidebar.

17      Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, you had -- as

18  we started this deposition, you had said that I had

19  defrauded you?

20      A.  Ali, I'm sorry.  You're really going to have

21  to turn up your sound because I can't hear you and

22  neither can the people in the room.

23         MR. CHOUDHRI:  Is everybody -- can everybody

24  hear me okay?

25         Cheryl, can you hear me?

1        THE REPORTER:  I can hear you.

2        MR. CHOUDHRI:  Okay.  Maybe it's only

3   Mr. Khawaja who can't hear me, then.

4        THE WITNESS:  Osama, can you hear him?

5        MR. BALLASES:  It's difficult to hear you.

6        MR. ABDULLATIF:  No, I can't hear him without

7   hearing aid.

8      A.  Mr. Quinlan can't hear you and neither can

9   Osama, and they need to hear you.

10     Q.  (BY MR. CHOUDHRI)  Well, the court reporter

11   can hear me.  If they want me to come closer, they

12   can.  I would actually object to them even being there

13   and handing you notes, but we'll try to --

14        MR. BALLASES:  Objection.  Sidebar.

15        MR. CHOUDHRI:  -- get on with the deposition.

16        MR. BALLASES:  (Unintelligible)

17        MR. CHOUDHRI:  The court reporter could hear

18   me just fine.

19        THE WITNESS:  Okay.

20     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, how do you

21   know John Quinlan?

22        MR. BALLASES:  Objection.  Form.

23     A.  I'm not gonna answer that question.

24     Q.  (BY MR. CHOUDHRI)  You're not gonna answer the

25   question of how you know John Quinlan?

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
129

1    A.  I -- I met him in the real estate community.

2    Q.  When did you meet Mr. Quinlan?

3       MR. BALLASES:  Objection.

4       Ali, can you show yourself?  If you're going

5    to be asking questions, you need to show yourself.

6       THE WITNESS:  Yes.

7       MR. BALLASES:  Thank you.

8       MR. CHOUDHRI:  Okay.  Can you all see me now?

9    Is that okay?

10      MR. BALLASES:  Yes.

11   Q.  (BY MR. CHOUDHRI)  Okay.  Mr. Khawaja, you

12   were present earlier during the deposition when you

13   were being asked questions.  Did you happen to listen

14   to Judge Robinson's oral ruling?

15      MR. BALLASES:  Objection.  Form.

16   A.  I don't know what that has to do with

17   anything.

18   Q.  (BY MR. CHOUDHRI)  The deposition that we're

19   here on, Mr. Khawaja, is --

20   A.  Yes.

21   Q.  -- subject to a court order.  Do you

22   understand that?

23      MR. BALLASES:  Objection.  Form.

24      This has nothing to do with the proof of

25   claim.  Move on.

1     A.  Please get to the proof of claim,

2   Mr. Choudhri.

3     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, this is my

4   deposition.  I get to ask you questions, and you can

5   answer them.  This is my opportunity.

6       MR. CHOUDHRI:  And so, again, Court Reporter,

7   would you please repeat the question?

8       THE REPORTER:  The question is (Reading:)  The

9   deposition that we're here on, Mr. Khawaja, is subject

10   to a court order.  Do you understand that?

11     A.  I didn't -- I have not seen a court order.

12     Q.  (BY MR. CHOUDHRI)  Are you aware, earlier

13   today, that an oral ruling on an audio from the Court

14   was sent to your attorney, Michael Ballases?

15     A.  It -- it may have been.

16       MR. BALLASES:  Objection.  Form.

17     Q.  (BY MR. CHOUDHRI)  And are you aware, whether

18   written or oral, we are here pursuant to a court

19   order?  Are you aware of that?

20       MR. BALLASES:  Objection.  Form.

21     A.  Might -- that might be the case.

22     Q.  (BY MR. CHOUDHRI)  But you're not aware that

23   we're here pursuant to a court order.

24       MR. BALLASES:  Objection.  Form.

25     A.  It could possibly be the case.

OMAR KHAWAJA
September 11, 2024
TEXAS REIT LLC
131

1    Q.  (BY MR. CHOUDHRI)  But you don't know?

2    A.  I don't know.

3    Q.  And I've asked you earlier as how you know

4  Mr. Quinlan, and your answer was you're not going to

5  answer that; is that correct?

6        MR. BALLASES:  Objection.  Form.

7    A.  I think I told you after -- after that that I

8  met him in the real estate community.

9    Q.  (BY MR. CHOUDHRI)  And when did you meet him?

10        MR. BALLASES:  Objection.  Form.

11        Are you going to ask every question two or

12  three times?  Ask good questions.

13        MR. CHOUDHRI:  Mr. --

14    A.  I can't remember.

15        MR. CHOUDHRI:  Mr. Ballases -- Mr. Ballases,

16  for the record, I would ask you to please stop

17  interfering and obstructing the deposition.

18        MR. BALLASES:  Objection.  Sidebar.

19        So I would just request that you comply with

20  the judge's instruction to tailor the questions

21  narrowly to the reasons why the proof of claim was

22  filed and why it was withdrawn and not ask why he

23  knows people and who he knows people and not ask

24  things three times.

25    Q.  (BY MR. CHOUDHRI)  Is John Quinlan a

1   co-claimant on the proof of claim?

2       A.  I believe so.

3           MR. BALLASES:  Objection.  Form.

4       Q.  (BY MR. CHOUDHRI)  Is Osama Abdullatif a

5   co-claimant on the proof of claim?

6           MR. BALLASES:  Objection.  Form.

7       A.  I believe so, yes.

8       Q.  (BY MR. CHOUDHRI)  When did you meet Osama

9   Abdullatif?

10          MR. BALLASES:  Objection.  Form.

11      A.  Maybe 2010.  2009 or '10, something like that.

12  I'm not sure.  Around the time you deprived me of my

13  property, I think.

14      Q.  Which property is that, Mr. Khawaja?

15      A.  The Avondale property.

16          MR. BALLASES:  Objection.  Form.

17      Q.  (BY MR. CHOUDHRI)  Can you tell us a little

18  bit about that, because you've mentioned it several

19  times in this deposition, and so I'd like you to tell

20  us a little more about the Avondale property.

21      A.  No --

22          MR. BALLASES:  Objection.  Form.

23          I'm going to instruct him not to answer

24  because you're violating the judge's instruction as to

25  this limited deposition.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                     133

1          Please stick to the proof of claim and the

2     reason why it's being withdrawn.

3          MR. CHOUDHRI:  Mr. Ballases, he's opening the

4     door.  He's answering my questions.  I have a right to

5     ask him questions.  Okay?

6          MR. BALLASES:  Yeah, so you're not a lawyer.

7     You don't know what you're talking about.

8          MR. CHOUDHRI:  Mr. Ballases, please be

9     respectful, sir.  I know it's difficult, but please be

10    respectful.

11        Q.  (BY MR. CHOUDHRI)  Mr. Khawaja --

12         MR. BALLASES:  I am.

13        Q.  (BY MR. CHOUDHRI)  -- are you going to answer

14    my --

15         MR. BALLASES:  I'm respecting my client --

16        Q.  (BY MR. CHOUDHRI)  -- questions --

17         MR. CHOUDHRI:  Mr. Ballases, please stop

18    disrupting the deposition.

19        Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, you said you

20    met Mr. Osama Abdullatif when I deprived you of your

21    property.  Is that -- did I hear that correct?

22         MR. BALLASES:  Objection.  Form.

23        A.  Yes.

24         MR. BALLASES:  I'm going to instruct you not

25    to answer.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                        134

1         We're not going to talk about this.

2         THE WITNESS:  Okay.  Sorry.

3         MR. BALLASES:  It has nothing to do with the

4    proof of claim.  It has nothing to do for the reason

5    for filing it.  It has nothing --

6      A.  Ali, we can grab a cup of coffee afterwards.

7    You can ask me all about that.  Let's please stick to

8    the purpose of this.  Okay?

9         MR. CHOUDHRI:  Let's have some decorum,

10   gentlemen.  This is a formal deposition.  I'm asking

11   the questions.  Mr. Khawaja just said yes, so why the

12   proof of claim was filed is very relevant.  And

13   Mr. Khawaja just answered that, so I have an

14   opportunity to explore that.

15        Mr. Ballases, you have a law license.  You

16   have to follow the creed that you've been licensed by,

17   so please don't frivolously object and coach the

18   witness.  Okay?  I --

19        MR. BALLASES:  Objection.  Sidebar.

20        MR. CHOUDHRI:  -- would like -- if everybody

21   wants, I'm happy to play the audio of the judge's oral

22   ruling so Mr. Khawaja is aware -- and so are you,

23   Mr. Ballases -- and we don't have to waste more time

24   like we did this morning about what the scope of the

25   deposition is about.  Would you like me to do that,

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                   135

1   Mr. Ballases, so you can stop --

2          MR. BALLASES:  Objection.  Sidebar --

3          MR. CHOUDHRI:  -- interfering --

4          MR. BALLASES:  The only reason you're asking

5   questions is because I heard it.  So why don't you be

6   quiet and focus on asking questions if it's relevant

7   to the judge's scope.  Thank you.

8          MR. CHOUDHRI:  Madam Court Reporter, do you

9   have a -- do you have an ability to play at a certain

10  point of the audio?  Is that something you're able to

11  do for us?

12         THE REPORTER:  I am actually not authorized to

13  be playing audio or sharing exhibits during the

14  deposition.

15         MR. CHOUDHRI:  Okay.  Well, maybe we can then

16  play the audio at 23 minutes and 14 seconds, and then

17  we'll play it at 28 minutes and 12 seconds.

18     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, you -- you

19  have indicated that you have not heard the oral

20  ruling, why we're here, by Judge Robinson; is that

21  correct?

22     A.  Let's assume for purposes of this question I

23  have.  What would you like me to answer?

24     Q.  Well, I just want to clarify because you keep

25  not answering, and Mr. Ballases keeps interfering and

1  interrupting, so I want to go ahead and get the

2  judge's ruling on the record, so --

3     A.  Just ask me the questions that you want the

4  answers to.  I'm happy to answer the questions.

5     Q.  Were you present or on the phone when the

6  hearing took place with Judge Robinson?

7     A.  I was not.

8       MR. BALLASES:  Objection.  Form.

9       MR. CHOUDHRI:  Let's go ahead and play at

10  23 minutes and 14 seconds.

11        Gene, can you play that right now?

12        MR. BALLASES:  So just for the record, we --

13  as I've told your counsel, we have to cut if off at

14  4:30.  If this is how you want to use your time, by

15  all means.  It's your dime.

16        MR. CHOUDHRI:  Mr. Ballases, you've been

17  interfering with the depo all day, and we're going to

18  do this by the rules and what the rules -- the federal

19  rules are and the timing.  So if you want to walk out

20  of a depo, that's really your choice --

21        MR. BALLASES:  (Unintelligible)

22        MR. CHOUDHRI:  -- and you'll suffer the

23  consequences.

24        THE REPORTER:  Okay.  So just before we play

25  the audio, as I let everybody know in the e-mail, I

cannot transcribe anything I cannot clearly hear. If you would like a separate transcription of this audio, then you can contact our office.
MR. CHOUDHRI: No -- no problem, Cheryl. We'll do the best we can.
THE REPORTER: Okay. Thank you.
MR. CHOUDHRI: And I'm sure you will too. And if it works, great.
THE REPORTER: Thank you.
MR. CHOUDHRI: So while we're getting ready to do that -- go ahead, Gene. Are you ready?
MR. MCCUBBIN: Yeah. You said 23:14.
MR. CHOUDHRI: Correct, at 23 minutes and 14 seconds. Let's start there.
MR. MCCUBBIN: Yeah, this is, I think, 23:10. Here we go.
(Audio file played.)
MR. MCCUBBIN: There you go.
MR. CHOUDHRI: Would you go to 23 minutes and 18 -- 28 minutes and 12 seconds, please?
MR. MCCUBBIN: Yeah, give me a second.
MR. CHOUDHRI: 28 minutes and 12 seconds. Let's get that on the record. Go ahead.
MR. MCCUBBIN: Okay.
(Audio file played.)

1          MR. MCCUBBIN:  There you go.

2      Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, were you able

3   to hear the judge, Robinson?

4      A.  Yes.

5      Q.  Does that help you understand a little more

6   about what we're here about?

7      A.  What's your question?

8      Q.  Did you --

9          MR. BALLASES:  Objection (unintelligible) --

10     Q.  (BY MR. CHOUDHRI)  -- hear him say motivations

11  of filing the proof of claim?  Do you understand what

12  that means, motivations of filing the proof --

13     A.  Yes.

14     Q.  -- of claim?  Okay.

15     A.  Yes.

16     Q.  So again, I want to go back to some of my

17  questions, Mr. Khawaja.  You said that I defrauded you

18  of your property.

19     A.  Yes.

20     Q.  So can you explain how I defrauded you of your

21  property?  I want to understand the motivations here.

22     A.  I think we got a trial --

23         MR. BALLASES:  Objection.  Form.

24     A.  -- on that case coming up in a month.  Let's

25  wait till trial.  Let's wait till we get to trial on

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
139

1  that.

2     Q.  (BY MR. CHOUDHRI)  Well, Mr. Khawaja, you

3  filed this proof of claim in the Texas REIT bankruptcy

4  case; correct?

5     A.  Yes.

6        MR. BALLASES:  Objection.  Form.

7     Q.  (BY MR. CHOUDHRI)  And so your motivation,

8  when I asked you earlier -- and we can go back and

9  have the court reporter reread some of your answers

10  earlier in the deposition.  I've taken notes as well.

11  I just want to make sure the record is good and clear;

12  there's no confusion.

13        MR. BALLASES:  Objection.  Form.

14        Objection.  Sidebar.

15     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, I just want to

16  understand today; you're under no medication.  Right?

17     A.  Yes.

18        MR. BALLASES:  Objection.  Form.

19     Q.  (BY MR. CHOUDHRI)  And you're here and able to

20  answer truthfully under oath?

21     A.  Yes.

22        MR. BALLASES:  Objection.  Form.

23     A.  Yes.

24     Q.  (BY MR. CHOUDHRI)  And you understand you're

25  under oath as if you were in a courtroom; correct?

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                   140

1          MR. BALLASES:  Objection.  Form.

2     A.  Like I'm in front of a jury, yes.

3     Q.  (BY MR. CHOUDHRI)  Or a judge.

4     A.  Or a judge.

5     Q.  Okay.  So, Mr. Khawaja, can you tell us about

6  when you say, You defrauded me of my property, and you

7  said Avondale.  Did I hear that correctly?

8          MR. BALLASES:  Objection --

9     A.  Mr. Choudhri, here's the thing --

10         MR. BALLASES:  Objection.  Form.

11         I'm going to instruct my client not to answer

12 because it exceeds the scope of the deposition as to

13 what -- the judge's order.

14         Plus, as I understand it, based on what was

15 just said --

16         THE WITNESS:  There's a trial coming.

17         MR. BALLASES:  -- he got a trial coming up,

18 and I'm not going to let you ask him -- get a second

19 deposition of him in a wholly separate matter that's

20 irrelevant to our proof of claim.  Move along, please,

21 sir.

22         MR. CHOUDHRI:  Mr. Ballases, you have been

23 disrupting this deposition the entire time.  You

24 refused to let me answer -- ask questions, Ms. Lori

25 Hood.  We had to send you the audio.  You misstated

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
141

1  what the judge said.  You continue to disrupt the

2  deposition.  We're allowed -- I played the audio

3  ruling.  The judge says the motivation of filing the

4  proof of claim, and he says, Because you defrauded me

5  of my property, Avondale.  So I have a right to get

6  into that.

7          When he answers a question, Mr. Ballases, I

8  have a right to explore that because that's his

9  answer.  He opened the door.  Throughout this depo, he

10  opened the door, Mr. Ballases, so I am entitled to ask

11  those questions.  And if you're going to continue --

12          MR. BALLASES:  (Unintelligible)

13          MR. CHOUDHRI:  -- to instruct him wrongfully

14  to not answer that, then just instruct him, but stop

15  doing what you're doing and making talking objections.

16  Either object or instruct him not to answer, and we'll

17  keep moving on.  But keep your objections limited to

18  what's correct and not frivolous --

19          MR. BALLASES:  What's your legal objection,

20  sir -- what's your legal objection, sir, because I

21  didn't hear it.

22          MR. CHOUDHRI:  You continue to do sidebars

23  throughout the deposition and disrupt and frustrate

24  the deposition.  We're trying to have a smooth

25  deposition; you continue to have sidebars.  So please

OMAR KHAWAJA
TEXAS REIT LLC

1   refrain from that, Mr. Ballases.

2     Q. (BY MR. CHOUDHRI) Mr. Khawaja, when you

3   said --

4       MR. BALLASES: Objection. Sidebar.

5     Q. (BY MR. CHOUDHRI) -- you -- Mr. Khawaja, what

6   is the Avondale property?

7       MR. BALLASES: Objection. Form.

8       This has nothing do to with the proof of claim

9   or the withdrawal --

10      (Crosstalk)

11     A. We're getting ready to stop this depo -- you

12   need to get to your questions. We're not talking

13   about cases that are going to trial. You know better

14   than that. I'm not doing it. So get to the questions

15   you have about this proof of claim. I'm happy to

16   answer those, or we're done.

17     Q. (BY MR. CHOUDHRI) Mr. Khawaja, are you going

18   to comply with the Court's order on this --

19     A. Yes.

20     Q. -- now getting into motivations for filing the

21   claim? And when asked, you said, Because you

22   defrauded me of my property.

23     A. No, I didn't. That's not true. You asked

24   me --

25     Q. That's not --

1      A.  -- when did I meet Osama -- you asked me when

2   did I meet Osama Abdullatif, and I said, Around the

3   time you defrauded me of my property.

4      Q.  And when I -- when you said "my property,"

5   you're defining your property as Avondale; is that

6   correct?

7        MR. BALLASES:  Objection.  Form.

8      A.  Yeah, I'm not going to -- again, we're getting

9   ready to shut the depo down, so it's up to you.

10     Q.  (BY MR. CHOUDHRI)  So you're refusing to

11  answer these questions; correct?

12     A.  I'm refusing to answer questions that are

13  outside the scope of what you're permitted to ask,

14  correct.

15        MR. BALLASES:  Objection.  Form.

16     A.  You're not an attorney.

17     Q.  (BY MR. CHOUDHRI)  So because I'm not an

18  attorney, I can't ask you questions per the Court's

19  ruling --

20     A.  Outside --

21     Q.  -- is your objection?

22     A.  -- of the scope -- outside of the scope,

23  you're not.  That's correct.

24     Q.  So are you saying motivations for filing the

25  claim and you opening the door is outside the scope?

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
144

1    A.  Yes.

2    Q.  Okay.

3        MR. BALLASES:  Objection.  Form.

4    Q.  (BY MR. CHOUDHRI)  And you're gonna refuse --

5    you're gonna refuse to answer any of those questions;

6    correct?

7        MR. BALLASES:  Objection.  Form.

8    A.  You've only asked me one that I'm not gonna

9    talk about because there's a trial coming up.  I think

10   the judge will understand that.  Your -- if your --

11   any of the attorneys that you're paying that are here

12   with you would care to speak up, they'll tell you,

13   Mr. Choudhri, you can't ask those questions.  So you

14   should ask them too.

15       MR. BALLASES:  I object to the form of the

16   question.

17   Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, did you -- you

18   mentioned Wayne Dolcefino; correct?

19   A.  Yes.

20       MR. BALLASES:  Objection.  Form.

21   Q.  (BY MR. CHOUDHRI)  And, Mr. Khawaja, is

22   somebody in the room coaching you?  Because you keep

23   looking at somebody else and talking and -- who's in

24   front of you right now that you keep looking at and

25   talking --

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
145

1    A.  I don't need to be coached to answer your

2   silly questions, no.

3        MR. BALLASES:  Objection.  Sidebar.

4    A.  I can answer them with my eyes closed.  Do you

5   want me to do that?

6    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, you can answer

7   them however you want.  I just want you to answer them

8   truthfully --

9    A.  Yes.

10   Q.  -- and honestly.

11   A.  Yes.

12   Q.  When did you meet Mr. Ballases?

13       MR. BALLASES:  Objection.  Form.

14   A.  I don't know, to be hon -- but, you know, you

15  understand he's my attorney, and this is all --

16  anything I discussed with him, ever, including when I

17  met him or where I met him, is protected by

18  attorney-client privilege.  You can't ask me those

19  questions.

20   Q.  (BY MR. CHOUDHRI)  So are you going to refuse

21  to answer my question on when you met Mr. Ballases?

22   A.  Yes, I am.

23   Q.  Mr. Khawaja, are you aware -- let's --

24       MR. CHOUDHRI:  Steve, are you there?  Would

25  you pull up that proof of claim, Steve?

OMAR KHAWAJA
TEXAS REIT LLC

1          MR. SATHER:  Just give me just a moment.  I

2     need to turn my sharing back on.

3          MR. CHOUDHRI:  No problem.

4          THE REPORTER:  And just while he's doing that,

5     Mr. Khawaja, could you spell Avondale for me, please?

6          THE WITNESS:  A-V-O-N-D-A-L-E.

7          THE REPORTER:  Thank you.

8          MR. SATHER:  Okay.  I'm there.

9          MR. CHOUDHRI:  Would you go down, Mr. Sather?

10    Just scroll down a little bit, please.  Keep going.

11    Go to paragraph 9.  Stop right there.

12        Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, what does

13    Number 9 say on the proof of claim?

14        A.  9 --

15         MR. CHOUDHRI:  Time out.  Time out.  Before we

16    go there, Mr. Sather, would you scroll up just for a

17    second a little bit?  Stop right there.

18        Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, what does that

19    captioning say?  It starts at "24-10120."  Would you

20    read that, please, into the record?

21        A.  24-1010 (sic), and this is at Number 4?  Oops.

22    Sorry.  One second here.

23         MR. BALLASES:  Steve, would you mind -- this

24    is Michael Ballases.  Will you make it bigger?  I

25    can't read it on the screen.  Please.

1     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, my question is

2   to you.

3         MR. BALLASES:  Thank you.

4         MR. CHOUDHRI:  Stop, please.

5     Q.  (BY MR. CHOUDHRI)  What does it say?  Claim

6   Number -- what exactly does that say?  Would you read

7   that -- that entire header --

8     A.  (Reading:)  Read the --

9     Q.  -- into the record?

10    A.  (Reading:)  Read the instructions before

11  filling out this form.  This form is for making a --

12    Q.  No --

13    A.  (Reading:)  -- claim for payment in a

14  bankruptcy case --

15    Q.  No.

16    A.  Which one?

17    Q.  No, Mr. Khawaja.  No, Mr. Khawaja.  Look on

18  top where it says -- where it has a case number,

19  starts off with a case number.  And then --

20    A.  Yes.

21    Q.  -- that's what -- would you read what's

22  highlighted, Mr. Khawaja, into the record?

23    A.  Yeah, twenty -- okay.  (Reading:)

24  24-10120-smr, Claim Number 9-1, filed 06/04/24, Main

25  Document page 1 of 3.

1    Q.  Yes.  Is that what you authorized to be filed?

2    A.  Yes.

3        MR. BALLASES:  Objection.  Form.

4        MR. CHOUDHRI:  Scroll down, Mr. Sather.

5  Scroll down, Mr. Sather.  Okay.  Stop right there.

6    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, what does it

7  say on paragraph 9?

8    A.  (Reading:)  Is all or part of the claim

9  secured?  Yes.  The claim is secured by a lien on

10  property.

11        Is that what you're referring to?

12    Q.  Yes.

13        MR. CHOUDHRI:  Stop right there.

14    Q.  (BY MR. CHOUDHRI)  So it's your contention

15  that your claim is secured by a lien on the property;

16  is that correct?

17    A.  I believe so, if that's what we filed.

18    Q.  Okay.  And you understand -- at least what

19  you're representing here is that a lis pendens is a

20  lien on property; correct?

21    A.  I'm assuming that's what we're referring to,

22  yes.

23    Q.  Okay.  Mr. Khawaja, you're familiar with the

24  property Texas REIT that --

25    A.  Yes.

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
149

1    Q.  Let me strike that.  Let me strike that.  It's

2  a bad question.  Let me clear the record here.  Okay?

3        Mr. Khawaja, you're aware that debtor, Texas

4  REIT, LLC, is in the Western District of the

5  Bankruptcy Court.

6        MR. BALLASES:  Objection.  Form.

7    A.  I guess.  I mean, that's -- if that's where

8  you chose to file it.  I'm not sure.

9    Q.  (BY MR. CHOUDHRI)  You understand --

10    A.  The property's located here in Houston, Harris

11  County.

12    Q.  So my question, Mr. Khawaja, is that you are

13  aware that Texas REIT is the debtor that's in

14  bankruptcy in the Western District.

15    A.  Yes.

16    Q.  And Texas REIT owns a property.  Are you

17  familiar with the property that Texas REIT owns?

18    A.  Yes.

19    Q.  What do you know about the property that Texas

20  REIT owns?

21        MR. BALLASES:  Objection.  Form.

22    A.  That you have defrauded your partners out of

23  money in that property, that it's -- Walgreens left.

24  It's falling apart; a lot of homeless, a lot of crack

25  addicts in the area now.  It's not maintained

1　properly.  It's part of this case, that there's a

2　judgment against you on it, and it's basically -- and

3　it's in Houston, yeah.  It's in Houston, Texas, too.

4　　Q.  Anything else that you want to add to it?

5　　A.  No, that's it.

6　　Q.  When did you become familiar with this

7　property?

8　　A.  I think in the course of just monitoring

9　litigation against you.

10　　Q.  And remind me what kind of lawyer you are,

11　Mr. Khawaja.

12　　　MR. BALLASES:  Objection.  Form.

13　　A.  I do plaintiff's work.

14　　Q.  (BY MR. CHOUDHRI)  Is that personal injury

15　mainly, what your --

16　　A.  Yes.

17　　Q.  -- focus is?

18　　A.  Yes, correct.

19　　Q.  Personal injury attorney?

20　　A.  Yes, correct.

21　　　MR. BALLASES:  Objection.  Form.

22　　Q.  (BY MR. CHOUDHRI)  And, Mr. Khawaja, so you

23　became familiar with this property through the course

24　of litigation, you said?

25　　A.  Yes, just monitoring litigation.

OMAR KHAWAJA　　　　　　　　　　September 11, 2024
TEXAS REIT LLC　　　　　　　　　　　　　　　　151

1　　Q.  When did you first become familiar with this

2　property?

3　　A.  I couldn't say --

4　　　MR. BALLASES:  Objection.  Form.

5　　A.  I couldn't say when.

6　　Q.  (BY MR. CHOUDHRI)  Were you involved in any

7　way, shape, or form of filing any lis pendenses (sic)

8　on this property?

9　　A.  No.

10　　　MR. BALLASES:  Objection.  Form.

11　　Q.  (BY MR. CHOUDHRI)  You've never been involved

12　of filing any lis pendenses on this property?

13　　A.  You mean --

14　　　MR. BALLASES:  Objection.  Form.

15　　A.  You mean other than the one that's in this --

16　or is part of the bankruptcy case?

17　　Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, my question is

18　very simple.  Are you or have you ever been involved

19　in filing, directly or indirectly, lis pendenses

20　against the property that the debtor owns?

21　　A.  Not to my -- not to my understanding, no.

22　　　MR. BALLASES:  Objection.  Form.

23　　A.  I'm not sure what that has to do with the

24　scope of this deposition either, by the way.

25　　Q.  (BY MR. CHOUDHRI)  Do you know what a

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
152

1   bankruptcy stay is, Mr. Khawaja?  Do you know what an

2   automatic --

3       A.  Yes.

4       Q.  -- stay is?

5       A.  Yes.

6           THE REPORTER:  I'm sorry.  Do you know what

7   a --

8           MR. BALLASES:  Objection.  Form.

9           THE REPORTER:  -- what is?  I'm sorry.  Mr. --

10          MR. CHOUDHRI:  An automatic -- an automatic

11  stay.

12          THE REPORTER:  Okay.  Thank you.

13      A.  You have more experience than I do on that,

14  but I do know what it is, yes.

15      Q.  (BY MR. CHOUDHRI)  Have you violated any

16  automatic stays?

17          MR. BALLASES:  Objection.  Form.

18      A.  No, absolutely not.

19      Q.  (BY MR. CHOUDHRI)  Do you believe filing --

20  okay.  Who is Hira Azhar?

21          MR. BALLASES:  Objection.  Form.  And instruct

22  the client not to answer --

23          THE WITNESS:  (Unintelligible)

24          MR. BALLASES:  -- because it has nothing to

25  do --

1 　A.　It's not --

2 　　　MR. BALLASES:　-- with our proof of claim or

3 the withdrawal of it, and it exceeds the judge's

4 limitations on this depo.　So I'm going to object to

5 the question as harassing and oppressive and instruct

6 the client not to answer.

7 　　　THE WITNESS:　Thank you.

8 　Q.　(BY MR. CHOUDHRI)　Did you participate with

9 Hira Azhar of filing a lis pendens against the subject

10 property?

11 　　　MR. BALLASES:　Same objection, same assertions

12 of privilege, same assertions of -- same objections

13 and same instruction not to answer.

14 　Q.　(BY MR. CHOUDHRI)　You can answer,

15 Mr. Khawaja.　What's your answer?

16 　A.　I will not answer on advice of counsel.

17 　Q.　Are you aware of any lis pendenses filed by

18 Hira Azhar against the debtor's property?

19 　　　MR. BALLASES:　Objection.　Same objections,

20 same assertions of privilege, same instruction not to

21 answer.　This has nothing to do with the proof of

22 claim in this matter or the reason for withdrawal.

23 　A.　I'm not going to answer.

24 　Q.　(BY MR. CHOUDHRI)　Mr. Khawaja, has it been

25 your motivation to prevent me or any of my entities

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
154

1   from transacting business?

2        MR. BALLASES:  Objection.  Form.

3        A.  No.

4        Q.  (BY MR. CHOUDHRI)  Is it your -- is it your

5   habit to contact people that me or my entities are

6   doing business with and tell them not to do business

7   with me?

8        A.  Never --

9        MR. BALLASES:  Objection.  Form.

10       A.  Never done that.

11       MR. BALLASES:  Can we please ask questions

12   about the purpose for the deposition today, the reason

13   for the filing of the proof of claim and the reason

14   for the withdrawal, sir?

15       MR. CHOUDHRI:  Mr. Ballases, stop wasting

16   time.  Keep it to objections.

17       Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, do you -- what

18   is your phone number?

19       MR. BALLASES:  Object -- don't answer that.

20   Objection --

21       Q.  (BY MR. CHOUDHRI)  Your cell --

22       A.  You know my number.  You've called me.

23       MR. BALLASES:  Objection.  Stop.  Stop.

24       I'm going to instruct you not to answer.  Your

25   cell phone is not relevant to this proceeding today.

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                      155

1    You don't need to give it on the record.

2          It's oppressive -- objection of oppressive and

3    harassing.

4       Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, are you not

5    gonna answer the question about what your cell phone

6    is on the record today --

7       A.  Correct.

8       Q.  You refuse to answer --

9       A.  Yeah, on advice of counsel --

10          THE REPORTER:  I'm sorry --

11       A.  On advice of counsel --

12          THE REPORTER:  Just --

13       A.  On advice of counsel --

14          THE REPORTER:  -- one person --

15          THE WITNESS:  Sorry.

16          THE REPORTER:  -- at a time, please.  Thank

17    you.

18          THE WITNESS:  On answering the question that

19    Mr. Choudhri just asked, on advice of counsel, I will

20    not answer that question.

21       Q.  (BY MR. CHOUDHRI)  Isn't it true that you've

22    been involved with over 50 lis pendenses relating to

23    Texas REIT or any other entity that I have ownership

24    or control of?

25       A.  No --

1        MR. BALLASES:  Objection.  Form.

2     A.  -- not true.

3     Q.  (BY MR. CHOUDHRI)  You have not participated

4  in any slander of title or fraudulent liens or

5  lis pendenses on any properties that Texas REIT or I

6  own or control.

7        MR. BALLASES:  Objection.  Form.

8     A.  Correct.

9     Q.  (BY MR. CHOUDHRI)  You've not participated or

10  been involved with any filing of any lis pendenses

11  relating to the debtor's property.

12     A.  That's correct.

13        MR. BALLASES:  Objection.  Form.

14        Are you referring to -- aside from the lis

15  pendens filed --

16        MR. CHOUDHRI:  Sir -- no, Mr. Ballases.  Stop.

17  Stop.  Stop coaching the witness.

18        I'm going to object to you, your sidebar.

19        You're continually coaching the witness.

20  Please stop.

21     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, do you use --

22        MR. BALLASES:  (Unintelligible)

23     Q.  (BY MR. CHOUDHRI)  -- text messaging as a form

24  of communication --

25        (Crosstalk)

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                     157

1           THE REPORTER:  Sorry.  I'm sorry.  I'm getting

2    two speakers again.

3           MR. BALLASES:  Sure.  I just -- I'm just

4    trying to help Mr. Choudhri answer questions --

5           MR. CHOUDHRI:  No, please don't help.

6           MR. BALLASES:  -- on our --

7           MR. CHOUDHRI:  Please don't help me.  I don't

8    need your help, Mr. Ballases.  Please stop talking.

9    Object and limit your objections.  Stop talking.

10        Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, do you use

11   text messaging as a form of communication?

12          MR. BALLASES:  Objection.  Form.

13        A.  Occasionally, sure.  I think we all do.

14        Q.  (BY MR. CHOUDHRI)  Have you texted Wayne

15   Dolcefino?

16        A.  No.

17          MR. BALLASES:  Objection.  Form.

18        Q.  (BY MR. CHOUDHRI)  Have you received any text

19   messages from Wayne Dolcefino?

20        A.  No.

21          MR. BALLASES:  Objection.  Form.

22        Q.  (BY MR. CHOUDHRI)  What's your answer,

23   Mr. Khawaja?

24        A.  No.

25          MR. BALLASES:  Objection.  Form.

1    Q.  (BY MR. CHOUDHRI)  Have you ever paid Wayne

2   Dolcefino directly or indirectly, in any way?

3         MR. BALLASES:  Objection.  Form.

4    A.  (Unintelligible) no.

5         MR. BALLASES:  I'm going to -- your answer is

6   what?

7         THE WITNESS:  My answer is no.

8         MR. BALLASES:  The answer is no, but I'm going

9   to instruct him not to answer any more questions that

10   have nothing to do with the scope and purpose of this

11   deposition pursuant to the judge's instruction.

12        MR. CHOUDHRI:  Stop frivolously objecting,

13   Mr. Ballases.  He said he learned based on Wayne

14   Dolcefino's videos, so I definitely have an

15   opportunity to get into the line of questions that I

16   need to get into, and you're going to continue to

17   object and instruct him not to answer.  Is that what

18   you're going to say on the record?

19        MR. BALLASES:  Objection.  Sidebar.

20    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, just so the

21   record is clear, you have not ever, in any way, shape,

22   or form, paid Wayne Dolcefino any amount of money or

23   consideration?

24    A.  I'm not answering that question.

25        MR. BALLASES:  Objection.  Form.

1      I'm going to instruct the client --

2      MR. CHOUDHRI:  I --

3      MR. BALLASES:  -- not to answer because it is

4  oppressive and harassing and has nothing to do with

5  the limited scope of the deposition, and he's already

6  answered it.

7      Move along.

8      Q.  (BY MR. CHOUDHRI)  Are you not going to answer

9  any questions relating to Wayne Dolcefino?

10     A.  That means, yes, I'm not going to answer any

11  questions relating to Wayne Dolcefino.  He has nothing

12  to do with this case at all.

13     Q.  Well, can I ask you why?  When Ms. Hood was

14  asking you, you mentioned that you -- you mentioned

15  Wayne Dolcefino and how you --

16     A.  He --

17     MR. BALLASES:  Objection.  Form.

18     (Crosstalk)

19     THE REPORTER:  I'm sorry.  One at a time,

20  please.

21     THE WITNESS:  I'm sorry.  Go ahead.

22     MR. BALLASES:  Objection.  Form, for the

23  record.

24     A.  Well, can I answer?  You asked very -- she

25  asked me very specifically where did I learn about the

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                      160

1    potential for the claims that -- the basis of the

2    claims that we filed against you in this case, and I

3    answered, Through multiple sources, including Wayne

4    Dolcefino.  That's a factual answer.

5        Q.  (BY MR. CHOUDHRI)  And have you paid Wayne

6    Dolcefino any amount of money --

7            MR. BALLASES:  Objection.  Form.

8        Q.  (BY MR. CHOUDHRI)  -- or consideration,

9    directly or indirectly --

10           (Crosstalk)

11           MR. BALLASES:  -- (unintelligible) not to

12   answer your question.

13           MR. CHOUDHRI:  Mr. Ballases --

14           THE REPORTER:  I'm --

15           MR. CHOUDHRI:  Mr. Ballases, would you please

16   let the court reporter take her turn -- please take

17   turns.  When I'm asking the question, wait till my

18   question is over before you need to --

19           MR. BALLASES:  So you've asked -- you've asked

20   this question three times, and he's answered it three

21   times.  And all three times, I've told him -- I've

22   objected and told him not to answer.  So you don't

23   need to ask it a fourth time.

24           It's on the record clear.  I know you're not

25   an attorney, and you're not familiar with this, but

1    it's on the record and it's clear, I promise.  Move

2    along.

3        Q.  (BY MR. CHOUDHRI)  So the record is clear,

4    when I've asked you, Have you been -- have you paid

5    Wayne Dolcefino any amount of money, directly or

6    indirectly, or any consideration, your answer is:  I'm

7    not going to answer that question.  Is that -- is that

8    clear --

9        MR. BALLASES:  Objection --

10       Q.  (BY MR. CHOUDHRI)  -- for the record?

11       MR. BALLASES:  Objection.  Form.  I've --

12       A.  I'm not going to answer that question.

13       MR. BALLASES:  -- objected --

14       A.  I've already asked it -- answered.

15       MR. BALLASES:  -- to the form.  It's

16   oppressive and harassing.  The client's already

17   answered it.  I'm instructing him not to answer

18   because it's exceeding the scope of the deposition,

19   and it's oppressive and harassing, and it's asked and

20   answered.

21       Did you hear me, Mr. Choudhri?

22       MR. CHOUDHRI:  Mr. Ballases, throughout today,

23   you have been frustrating this deposition.

24       MR. BALLASES:  Objection.  Sidebar.

25       MR. CHOUDHRI:  You have been disrupting -- so

OMAR KHAWAJA                                           September 11, 2024
TEXAS REIT LLC                                                        162

1   please refrain from your -- your sidebar and your

2   objections.  Limit to your objections as form.

3      Q.  (BY MR. CHOUDHRI)  So, Mr. Khawaja --

4         MR. BALLASES:  Objection.  Sidebar.

5      Q.  (BY MR. CHOUDHRI)  -- have you paid --

6   Mr. Khawaja, have you paid -- no, let me back up.

7         Mr. Khawaja, who is Wayne Dolcefino?  What

8   does he do?

9         MR. BALLASES:  Objection --

10     A.  I'm not going to answer these questions.

11        MR. BALLASES:  Objection.  Form.

12     A.  I'm sorry.  You've got to move on to the

13  claim -- claim questions, Ali, or we're gonna end

14  this.

15     Q.  (BY MR. CHOUDHRI)  So, Mr. Khawaja, are you

16  going to tell me that you're not going to describe --

17     A.  Yes.

18     Q.  -- who Wayne --

19     A.  I'm not going to.

20     Q.  -- Dolcefino is, and you're not --

21     A.  Correct.

22        MR. BALLASES:  Objection.  Form.

23        I'm going to instruct him not to answer

24  because your questions are oppressive and harassing,

25  and they exceed the scope of the limited deposition.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    163

1          I'm instructing him not to answer.  I'm doing

2    it, Mr. Ballases.

3          Q.  (BY MR. CHOUDHRI)  Are you taking his

4    instructions and not answering any questions as it

5    relates to Wayne Dolcefino, Mr. Khawaja?

6          A.  Yes, sir.  Yes.  I'm not.  I will follow

7    advice of counsel.

8          Q.  Who is Chris Wyatt, Mr. Khawaja?

9          A.  Again, that has nothing to do with this case.

10          Q.  So Chris Wyatt has nothing to do with this

11    case.  So -- I want the record clear.

12          A.  I -- Chris Wyatt is a witness, and he is a --

13    he was your former chief financial officer, and that's

14    how I know him -- or chief operating officer.

15          Q.  Has he ever given you documents from the

16    Jetall server?

17          A.  From the Jetall server?  I don't -- I don't

18    know that.  I don't know the answer to that question.

19          Q.  Has Mr. Wyatt --

20          A.  I don't know what the Jetall server is.

21          Q.  Has Mr. Wyatt ever given you any documents?

22          A.  No.

23          Q.  Mr. Chris Wyatt has never given you any

24    documents; that's a true statement?

25          A.  I cannot discuss anything pertaining to Chris

1   Wyatt because of attorney-client privilege, so we're

2   not talking about Chris Wyatt.

3      Q.   What is the privilege, Mr. Khawaja, with you

4   and Chris Wyatt?

5      A.   Attorney-client privilege.

6      Q.   Is Chris Wyatt an attorney?

7      A.   No, no.   I'm the attorney; he's the client.

8   He sought counsel from me, which I provided,

9   pertaining to this case, and I will not discuss

10   anything further regarding him.

11      Q.   Pertaining to this case, the case we're here

12   for today.

13      A.   No, pertaining to other matters involving you

14   and him.

15      Q.   So Chris Wyatt is your client; is that

16   correct?

17      A.   Yes.

18       MR. BALLASES:   Objection --

19      Q.   (BY MR. CHOUDHRI)   And Hira Azhar is your

20   client; correct?

21      A.   Yes.

22      Q.   And Azeemah Zaheer is your client; correct?

23      A.   Yes.

24       MR. BALLASES:   Objection.   Form.

25      Q.   (BY MR. CHOUDHRI)   And Osama -- and Osama

OMAR KHAWAJA
TEXAS REIT LLC

1　Abdullatif is your client; correct?

2　　A.　Yes.

3　　　　MR. BALLASES:　Objection.　Form.

4　　Q.　(BY MR. CHOUDHRI)　Is David Tang your client?

5　　A.　No.

6　　　　MR. BALLASES:　Objection.　Form.

7　　A.　He's just a friend.

8　　Q.　(BY MR. CHOUDHRI)　Is Rodney Drinnon your

9　client?

10　　　　MR. BALLASES:　Objection.　Form.

11　　A.　No.

12　　Q.　(BY MR. CHOUDHRI)　Is Harold Polk --

13　　A.　He's an attorney.

14　　Q.　-- your client?　Is Harold Polk your client?

15　　　　MR. BALLASES:　Objection.　Form.

16　　A.　No, he's not.

17　　Q.　(BY MR. CHOUDHRI)　Harold Polk is not your

18　client.

19　　A.　Correct.

20　　　　MR. BALLASES:　Objection.　Form.

21　　Q.　(BY MR. CHOUDHRI)　How did you meet Chris

22　Wyatt?

23　　　　MR. BALLASES:　Objection.　Form.

24　　A.　Yeah, I can't talk about that.　I'm sorry.

25　　Q.　(BY MR. CHOUDHRI)　Why can't you talk about

1  how you met Chris Wyatt?

2     A.  That's protected.

3     Q.  By what?

4     A.  Attorney-client privilege.

5     Q.  Are you refusing to answer when you met Chris

6  Wyatt?

7     A.  Yes.

8     Q.  When did the attorney-client privilege start

9  with Chris Wyatt?

10       MR. BALLASES:  Objection.  Form.

11     A.  Since I met him.

12     Q.  (BY MR. CHOUDHRI)  And when did you meet him?

13       MR. BALLASES:  Objection.  Form.

14     A.  Sometime after he left your employment.

15     Q.  (BY MR. CHOUDHRI)  You never met him while he

16  was employed as a paralegal for me?

17     A.  No.

18       MR. BALLASES:  Objection.  Form.

19     Q.  (BY MR. CHOUDHRI)  You never saw him come to

20  court in the divorce case when you were representing

21  the -- Hira Azhar?

22       MR. BALLASES:  Objection.  Form.

23     A.  No, I didn't, actually, to be honest with you.

24  No.

25     Q.  (BY MR. CHOUDHRI)  And you're not aware that

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                          167

1   Chris Wyatt worked on the case that Jetall has against

2   Khawaja?

3       A.  No --

4           MR. BALLASES:  Objection.  Form.

5       A.  -- I'm not aware of that.

6       Q.  (BY MR. CHOUDHRI)  You're not aware of that --

7       A.  If he --

8       Q.  -- is that correct?

9       A.  Correct.  If he did, he never discussed it

10  with me.

11      Q.  So you're not aware that Chris Wyatt did legal

12  work for me while he was employed for me.

13          MR. BALLASES:  Objection.  Form.

14      A.  No.

15      Q.  (BY MR. CHOUDHRI)  Isn't it true that Jetall

16  Companies has a judgment against Khawaja?

17          MR. BALLASES:  Objection.  Form.

18      A.  "Against Khawaja," what does that mean?

19      Q.  (BY MR. CHOUDHRI)  Against Khawaja Partners.

20      A.  Possibly.

21          MR. BALLASES:  Objection.  Form.

22      Q.  (BY MR. CHOUDHRI)  And that judgment has not

23  been appealed and not been superceded.

24      A.  Yes.

25      Q.  Is that one --

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                      168

1          MR. BALLASES:  Objection.  Form.

2      Q.  (BY MR. CHOUDHRI)  -- of your motivations,

3  Mr. Khawaja?

4          MR. BALLASES:  Objection.  Form.

5      A.  No.

6      Q.  (BY MR. CHOUDHRI)  So Jetall owns an asset --

7  Jetall Companies owns an asset, and that's a judgment

8  against Khawaja Partners; correct?

9          MR. BALLASES:  Objection.  Form.

10      A.  I don't know if Jetall owns an asset or --

11  Jetall doesn't seem to be doing too well right now.

12      Q.  (BY MR. CHOUDHRI)  And how do you know that?

13          MR. BALLASES:  Objection.  Form.

14      A.  I mean, there was a great article about you

15  the other day in The Real Deal.  I don't know if you

16  saw that.

17      Q.  (BY MR. CHOUDHRI)  Have you spoken to The Real

18  Deal?

19      A.  I haven't --

20          MR. BALLASES:  Objection.  Form.

21      A.  -- but I read that article.

22          THE REPORTER:  Sorry --

23      A.  It's not a good look.

24      Q.  (BY MR. CHOUDHRI)  You haven't spoken --

25          THE REPORTER:  Sorry.  Sorry.  Just one at a

1  time, please.  Thank you.

2      A.  I haven't, no.

3      Q.  (BY MR. CHOUDHRI)  Has anybody on your behalf,

4  indirectly or directly, spoken to The Real Deal?

5          MR. BALLASES:  Objection.  Form.

6      A.  No, but a lot of people sent me that article,

7  like real estate -- people in real estate, legal.  A

8  lot of people sent it to me.

9      Q.  (BY MR. CHOUDHRI)  And Chris Wyatt testified

10  at the that hearing; correct?

11          MR. BALLASES:  Objection.  Form.

12      A.  I don't --

13          MR. BALLASES:  What hearing are you talking

14  about, sir?  I mean, come on.

15          MR. CHOUDHRI:  Mr. Ballases --

16      A.  You're all over the place.

17          MR. CHOUDHRI:  -- can you --

18      Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, The Real Deal

19  quotes an order and mentions Chris Wyatt.

20          MR. BALLASES:  Objection.  Form.

21      A.  Okay.  Anything else you want to share with me

22  about the article?  I mean, that's fine.

23      Q.  (BY MR. CHOUDHRI)  And so have you paid Chris

24  Wyatt any money?

25      A.  No.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    170

1        MR. BALLASES:  Objection.  Form.

2    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, you had

3    mentioned that you're in the business of buying

4    judgments.  Do you recall that line of testimony

5    earlier?

6    A.  Yes.

7    Q.  And you've bought less than ten judgments; is

8    that correct?

9    A.  I think so.

10       Q.  And your answers earlier were -- and I just

11   want to make sure the record is clear --

12       MR. BALLASES:  Objection.  Sidebar.

13   Q.  (BY MR. CHOUDHRI)  -- that the only --

14   Mr. Khawaja, are you done looking at your phone?

15   A.  Yes.  Sorry.  Go ahead.

16       MR. CHOUDHRI:  Just for the record, throughout

17   the deposition, Mr. Khawaja has been continuing to

18   look at his phone and make communications with other

19   people in the room and has constantly looked at his

20   phone throughout the entire duration of this

21   deposition.

22   Q.  (BY MR. CHOUDHRI)  So, Mr. Khawaja, I just ask

23   you to please refrain from looking at your phone.

24   Okay?

25       MR. BALLASES:  Objection.  Sidebar.

1    Don't instruct my client anything, and you are

2    incorrect with your assertions.

3        MR. CHOUDHRI:  Mr. Ballases, please stop

4    talking.

5    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, can you please

6    stop looking at your phone?

7        MR. BALLASES:  Objection.  Sidebar.

8    A.  I've got a sick relative in the hospital right

9    now.  That's what I'm worried about, so...

10    Q.  (BY MR. CHOUDHRI)  Well, I'm sorry about your

11    relative.  I hope they get better.

12        Mr. Khawaja, which judgments -- strike that.

13        Mr. Khawaja, it's your contention that any

14    entity that I -- at least if I heard your testimony

15    correctly earlier, that any entity that Ali Choudhri

16    has ownership or control in is an alter ego.  Is that

17    your contention --

18    A.  Of Ali --

19    Q.  -- Mr. Khawaja?

20    A.  Yes, it is.

21        MR. BALLASES:  Objection.  Form.

22    Q.  (BY MR. CHOUDHRI)  So any entity that Ali

23    Choudhri has any ownership or control of is an alter

24    ego of Ali Choudhri; correct?

25    A.  I believe that -- I believe that to be the

1    case, yes.

2         MR. BALLASES:  Objection.  Form.

3         Q.  (BY MR. CHOUDHRI)  Okay.  Mr. Khawaja, which

4    judgments have you acquired?

5         MR. BALLASES:  Objection.  Form.

6         A.  You mean other than yours?  Other than the

7    Jetall judgments?

8         Q.  (BY MR. CHOUDHRI)  Again, Mr. Khawaja --

9         A.  Are you there?

10        Q.  -- I believe your answers earlier were that

11   you have not acquired any judgments other than

12   judgments relating to Jetall or Ali Choudhri.

13        A.  I think that's --

14        Q.  Is that true?

15        A.  -- correct.  That's true.

16        MR. BALLASES:  Objection.  Form.

17        Q.  (BY MR. CHOUDHRI)  So what I want to do is I

18   want to go down, because your contention is Texas REIT

19   is an alter ego of Ali Choudhri; correct?

20        A.  Yes.

21        MR. BALLASES:  Objection.  Form.

22        Q.  (BY MR. CHOUDHRI)  So basically what you're

23   saying is any obligations of Ali Choudhri or any of

24   Ali Choudhri's entities are the obligations of Texas

25   REIT; is that correct?

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                              173

1      A.  Yes.  That's correct, yes.

2      Q.  So it's just basically one big pot.

3      A.  That's the way you've treated them, yes.

4      Q.  And that's your contention, and that's the --

5      A.  I believe the evidence will show that.  Yes.

6      Q.  And outside what's in your pleading, you don't

7    have any other evidence that --

8         MR. BALLASES:  Objection.  Form.

9      A.  Well, we've got to do discovery -- we have to

10   do discovery, sir, which you're obstructing, but yes.

11     Q.  (BY MR. CHOUDHRI)  Okay.  So the record is

12   clear, outside your pleading, there's no other

13   evidence other than the discovery you're yet to do.

14        MR. BALLASES:  Objection.  Form.

15     Q.  (BY MR. CHOUDHRI)  Is that correct?

16     A.  We're in the -- we're in the middle of

17   discovery.

18        MR. BALLASES:  Objection.  Form.

19     Q.  (BY MR. CHOUDHRI)  Is that correct?

20        MR. BALLASES:  Objection.  Form.

21     A.  Outside the pleading?  The pleading contains a

22   lot of evidence.  I don't know if you've seen the

23   attachments or not, but there's a lot.  There's a lot

24   more that will have to be done.

25     Q.  (BY MR. CHOUDHRI)  And so you're refusing to

1   answer any questions relating to Chris Wyatt; correct?

2       A.  Yes.

3           MR. BALLASES:  Objection.  Form.

4       A.  That's -- that encompasses attorney-client

5   privilege.  Correct.

6       Q.  (BY MR. CHOUDHRI)  So anything I would ask you

7   today about Chris Wyatt, you would refuse to answer.

8       A.  That's correct.

9           MR. BALLASES:  Objection.  Form.

10      Q.  (BY MR. CHOUDHRI)  Who drafted the affidavit

11  that was attached to the petition that's attached to

12  this proof of claim that Chris Wyatt signed?

13          MR. BALLASES:  Objection.  Form.

14      A.  I have no idea.

15      Q.  (BY MR. CHOUDHRI)  You don't know --

16      A.  It wasn't me.

17      Q.  -- who drafted -- it wasn't you.  Was it

18  Mr. Ballases?

19          MR. BALLASES:  Objection.  Form.

20          Instructing not to answer.  It violates

21  attorney work product, attorney-client privilege.

22      A.  I'm not answering on advice of counsel.

23      Q.  (BY MR. CHOUDHRI)  Does Mr. Ballases or Hoover

24  Slovacek represent Chris Wyatt?

25      A.  I don't think so.

1    Q.  Does Ashish Mahendru represent Chris Wyatt?

2        MR. BALLASES:  Objection.  Form.

3    A.  I don't know.  I mean, ask Ashish.

4    Q.  (BY MR. CHOUDHRI)  Did you refer Chris Wyatt

5   to Ashish Mahendru?

6        MR. BALLASES:  Objection.  Form.

7    A.  I mean, again, I just told you I'm not

8   answering any questions about Chris Wyatt.

9    Q.  (BY MR. CHOUDHRI)  So can you explain to me

10   why the adversary where you claim alter ego and

11   fraudulent transfer has an attachment of Chris Wyatt

12   as a declaration?

13    A.  I mean, he had some evidence that you are an

14   alter ego, that you have alter egos that operate under

15   you, so he provided it.  It's evidence.

16    Q.  Do you hold any -- do you hold any contingency

17   claims or rights of any adverse parties to Ali

18   Choudhri or any of his related entities?

19        MR. BALLASES:  Objection.  Form.

20    A.  Do I hold any -- I mean, if I did, it's

21   attorney-client privilege, so I'm not answering that.

22    Q.  (BY MR. CHOUDHRI)  So any contingency claims

23   you hold against --

24    A.  Right.

25    Q.  -- Texas REIT or any other entity --

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                              176

1      A.  Yes.

2      Q.  -- or party relating to Ali Choudhri is --

3   you're not going to answer because it's

4   attorney-client privilege?

5      A.  Yes.

6         MR. BALLASES:  Objection.  Form.

7      A.  And outside the scope of what you're allowed

8   to ask me about.

9      Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, do you have

10  surveillance on me or any of my entities or companies?

11        MR. BALLASES:  Objection.  Form.

12        I'm going to instruct you not to answer.  It's

13  harassing and oppressive.  It has nothing to do with

14  the limited scope of this deposition.

15     A.  I'm not answering that.

16     Q.  (BY MR. CHOUDHRI)  Do you have any agreement

17  with George Lee?

18        MR. BALLASES:  Objection.  Form.

19     A.  I don't.

20        MR. BALLASES:  It's not relevant to the

21  limited scope of this deposition; therefore, I'm going

22  to instruct him not to answer.

23     A.  I should be asking you that question.  It's

24  gonna come up in trial.

25     Q.  (BY MR. CHOUDHRI)  Do you have any text

1    messages between you and George Lee?

2        MR. BALLASES:  Object --

3    A.  No --

4        MR. BALLASES:  Objection.  Form.

5    A.  -- I'm not gonna talk about that.

6        MR. BALLASES:  And I'm going to instruct

7    him not to --

8    A.  It has nothing to do with this.

9        MR. BALLASES:  I'm going to instruct you not

10   to answer.  It violates the scope of this deposition

11   that the judge indicated.  It's harassing and

12   oppressive.  This isn't a free-for-all discovery.

13       THE WITNESS:  Yeah.

14       MR. BALLASES:  It's just about why the proof

15   of claim was filed or why it's being withdrawn.

16   Q.  (BY MR. CHOUDHRI)  So is it your contention

17   that you have information you've received from Chris

18   Wyatt that has to do with the basis of your claim?

19       MR. BALLASES:  Objection.  Form.

20   A.  I mean, he provided an affidavit in this case,

21   so...

22   Q.  (BY MR. CHOUDHRI)  So again, when did he

23   become your client, and when did you establish that

24   attorney-client privilege?

25       MR. BALLASES:  Objection.  Form.

1    A.  I'm not sure when.

2    Q.  (BY MR. CHOUDHRI)  Do you have text messages

3  between you and Chris Wyatt?

4       MR. BALLASES:  Objection.  Form.

5    A.  I mean, if I did, I wouldn't disclose them to

6  you, and nor would a court compel me to.  It's

7  attorney-client privilege.

8    Q.  (BY MR. CHOUDHRI)  Well, here's the thing,

9  Mr. Khawaja.  Here's the thing.  There's something

10  called a privilege log, right?  I'm entitled to know

11  if you have communications.  I'm not asking you --

12       MR. BALLASES:  Objection.  Sidebar.

13    Q.  (BY MR. CHOUDHRI)  -- about the content of

14  your communications.

15       MR. CHOUDHRI:  Mr. Ballases, please stop

16  interrupting.

17    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, I'm not asking

18  you about the contents of your --

19       MR. BALLASES:  (Unintelligible)

20    Q.  (BY MR. CHOUDHRI)  Let me finish my question

21  before you answer.  Okay?

22       I'm asking you not about -- so we're very

23  clear, I'm not eliciting or asking you for privileged

24  information.  I'm asking you if there are

25  communications, not the contents.  Do you have --

1    A.  Even if it existed --

2    Q.  -- communications with Chris -- can I finish?

3        Do you have communications with Chris Wyatt,

4  yes or no?

5        MR. BALLASES:  Objection.  Form.

6    A.  Even if it existed, I would not disclose that

7  to you, nor would I be compelled to, nor is it a part

8  of this case.

9    Q.  (BY MR. CHOUDHRI)  So why are you adding the

10  declaration of Chris Wyatt as a part of this case?

11       MR. BALLASES:  Objection.  Form.

12   A.  It's evidence.

13   Q.  (BY MR. CHOUDHRI)  Well, do you understand

14  what a sword --

15   A.  It's evidence of the alter (unintelligible).

16   Q.  -- and shield is?

17       THE REPORTER:  I'm sorry --

18   Q.  (BY MR. CHOUDHRI)  It's evidence of the alter

19  ego?

20       I'm sorry.  Finish your question -- your

21  answer, Mr. Khawaja.  It's --

22   A.  It's evidence --

23   Q.  -- evidence of what?

24   A.  -- of the alter ego.  It's evidence of the

25  alter ego.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    180

1    Q.  So Chris Wyatt has evidence of the alter ego.

2  That's your answer?

3    A.  Yes.

4    Q.  And you're refusing to answer any questions

5  about Chris Wyatt.

6    A.  I'm not gonna talk about any attorney-client

7  privileged communications.  Correct.

8    Q.  So do you have any communications with Chris

9  Wyatt, yes or no?

10       MR. BALLASES:  Objection.  Form.

11    A.  I'm not gonna talk about it.

12       MR. BALLASES:  Objection.  Form.

13       MR. CHOUDHRI:  Mr. Ballases, being emphatic on

14  your objection doesn't change the objection.

15    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja --

16       MR. BALLASES:  Objection.  Sidebar.

17    Q.  (BY MR. CHOUDHRI)  -- are you refusing to --

18  are you refusing to answer the mere fact that

19  communications exist between you and Chris Wyatt?

20       MR. BALLASES:  Objection.  Form.

21    A.  I'm telling you that if they do exist -- I'm

22  not confirming that they do or don't, but they would

23  be privileged.  That's it.  And this is not the

24  case --

25    Q.  (BY MR. CHOUDHRI)  So how did --

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
181

1    A.  This is not the case that you're going to get

2  any of that information.

3    Q.  Now, you'll agree with me that Chris Wyatt --

4  that in your petition in adversary that you've

5  attached to this proof of claim, you've attached a

6  declaration of Chris Wyatt, true or false?

7    A.  True.

8    Q.  And you're refusing to provide me any

9  communications or the fact that any communications

10  even exist between you and Chris Wyatt, true?

11       MR. BALLASES:  Objection.  Form.

12    A.  True.

13    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, would you

14  please stop looking at your phone?

15    A.  I'm not looking at my phone.  I'm looking at

16  the petition that you just asked me about, the

17  adversary.

18       MR. BALLASES:  Objection.  Sidebar.

19       Don't instruct my client again.

20    A.  This is the adversary petition I'm reading.

21    Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, what

22  contingency claims, if any, do you hold, indirectly or

23  directly, against me or any of my entities?

24       MR. BALLASES:  Objection.  Form.

25    A.  Outside the scope of this discussion.  I'm not

1  answering.

2      Q.  (BY MR. CHOUDHRI)  So, Mr. Khawaja, it's your

3  contention that Texas REIT is an alter ego of every

4  one of those entities that I have interest in;

5  correct?  That's your contention.

6          MR. BALLASES:  Objection.  Form.

7      Q.  (BY MR. CHOUDHRI)  You're refusing to answer

8  what claims -- so is your statement or answer here,

9  under oath, that you're refusing to answer what

10  motivations and rights or claims or contingencies you

11  have against Texas REIT?  Now, when I --

12          MR. BALLASES:  Objection.  Form.

13      Q.  (BY MR. CHOUDHRI)  -- say "Texas REIT," that

14  applies to any and all entities that I have ownership

15  in, directly or indirectly; correct?

16      A.  Yes, based on alter ego.  Yeah, I'm not gonna

17  give you any -- whether I have any contingency-related

18  litigation against you on that.  If I do, you'll find

19  out about it at some point.

20      Q.  So you're refusing to disclose any claims you

21  have against the debtor.

22          MR. BALLASES:  Objection.  Form.

23      A.  Any claims I have against the debtor?  I don't

24  have any claims against the debtor other than the ones

25  I presented in this case.

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
183

1    Q.  (BY MR. CHOUDHRI)  So when you have

2    contingencies or claims against me, under your theory,

3    those would be claims against the debtor as well.

4         MR. BALLASES:  Objection.  Form.

5    A.  I don't know about that.

6    Q.  (BY MR. CHOUDHRI)  Do you use WhatsApp?

7    A.  Yes.

8         MR. BALLASES:  Objection.  Form.

9    Q.  (BY MR. CHOUDHRI)  Have you communicated --

10    A.  We're in some group -- we're in some groups

11    together on WhatsApp, I think.  Yes.

12    Q.  Mr. Khawaja, did you come to me for a job?

13         MR. BALLASES:  Objection.  Form.

14    A.  A job?  I'm not talking about that, no.

15    Q.  (BY MR. CHOUDHRI)  You never came to me for a

16    job.

17    A.  No.  Look, that's outside the scope of this

18    conversation.

19         MR. CHOUDHRI:  Mr. Osama Abdullatif needs to

20    stop talking in the background and coaching the

21    witness.

22         MR. BALLASES:  Objection.  Sidebar.

23         MR. CHOUDHRI:  Mr. Ballases, please stop.

24    Control Mr. Osama --

25         MR. BALLASES:  Objection.  Sidebar.

1        MR. CHOUDHRI:  -- (unintelligible) your

2    witnesses.

3        Q.  (BY MR. CHOUDHRI)  Mr. Khawaja --

4        MR. BALLASES:  Objection.  Sidebar.

5        Q.  (BY MR. CHOUDHRI)  -- would you mind sharing

6    the camera around your office there?

7        A.  We're not gonna do that.

8        Q.  You're not gonna do that?  Okay.  You're

9    refusing to do that.

10       MR. BALLASES:  Objection.  Sidebar.

11       Objection.  Form.

12       Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, did you ever

13   seek employment from Jetall Companies?

14       MR. BALLASES:  Objection.  Form.

15       I'm going to instruct the client not to

16   answer.  It's harassing and oppressive.  It exceeds

17   the limited scope of this deposition per the judge's

18   instructions.

19       Stop wasting time, sir.

20       Q.  (BY MR. CHOUDHRI)  You can answer,

21   Mr. Khawaja.

22       A.  On advice of counsel, I'm not gonna answer

23   that question.  Sorry.

24       Q.  Are you upset at Jetall Companies in any way,

25   shape, or form?

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                              185

1      A.  No.

2         Q.  Are you upset at Ali Choudhri in any shape,

3   way, or form?

4      A.  I mean, I want the money that I'm owed.  Just

5   pay me the money that you owe.  This will -- this will

6   go away.  It's nothing personal.

7         Q.  And how much money would it take to make this

8   go away?

9         MR. BALLASES:  Objection.  Form.

10         We're not -- I'm going to instruct my client

11   not to answer.  It has nothing do with the limited

12   scope of this deposition and exceeds what the judge's

13   orders were.

14      Q.  (BY MR. CHOUDHRI)  Are you going to answer the

15   question, Mr. Khawaja?

16      A.  I'm gonna follow the advice of counsel and not

17   answer.

18      Q.  So you say this is about money; Just pay me

19   the money you owe me, and I'll go away.  But you won't

20   tell me what that amount is.  Is that your answer?

21         MR. BALLASES:  Objection.  Form.

22      A.  Yeah, we're not --

23         MR. CHOUDHRI:  Is Osama Abdullatif --

24      A.  -- in a settlement --

25      Q.  (BY MR. CHOUDHRI)  No, this is not a

OMAR KHAWAJA
TEXAS REIT LLC

1   settlement.  I'm asking you -- again, this is not

2   settlement discussion.  This is a deposition under

3   oath on the record.

4         I'm asking you a follow-up to your answer that

5   this is not personal; it's about money.  That's all

6   you want.  You want money, and you'll go away.  That's

7   what you said.  Did I hear -- did I hear your

8   answer --

9         MR. BALLASES:  Objection --

10      Q.  (BY MR. CHOUDHRI)  -- incorrectly, or do we

11   need the court reporter to repeat your answer?

12         MR. BALLASES:  Objection.  Form.

13         Objection.  Sidebar.

14      Q.  (BY MR. CHOUDHRI)  Are you answering the

15   question --

16      A.  You need to move along, sir.  I'm not going to

17   answer that question.

18         MR. CHOUDHRI:  Ms. Court Reporter, would you

19   read back his statement or his answer earlier:  This

20   is not personal; it's just money; if you pay me the

21   money you owe me, I'll go away.

22         Would you read that back into the record so

23   it's clear?  There's been a lot of objections, and

24   I've been distracted.

25         THE REPORTER:  I'll need a minute to go

1  through and find that answer.

2       MR. CHOUDHRI:  Take your time.  No problem.

3       Mr. Khawaja is not on the screen any longer,

4  for the record.

5       MR. BALLASES:  Yeah, he is.

6       MR. CHOUDHRI:  Mr. --

7       THE REPORTER:  Sorry.  Just off the record.  I

8  just need to go off the record because I can't type

9  and look for the testimony at the same time.

10       MR. CHOUDHRI:  So why don't we take a five --

11       THE WITNESS:  Can you see me?

12       MR. CHOUDHRI:  I'll tell you what.  Why don't

13  we do this, Ms. Court Reporter.  It looks like we've

14  been going for a little bit here.  So it's 2:42.  Why

15  don't we come back in 15 minutes at 3:00.

16       MR. BALLASES:  No, we'll take a five-minute

17  break.

18       THE WITNESS:  We'll take a five-minute break,

19  and that's it.  We're done.

20       MR. CHOUDHRI:  Again, Mr. Khawaja, this is my

21  deposition.  I get to ask questions.  And with all due

22  respect, you really don't dictate the -- but if you

23  need to take a break, I'm happy to let you take a

24  break --

25       THE WITNESS:  I'll take a five-minute break,

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                     188

1    and that's it.

2         No?  Okay.  No, we don't need a break.  Thank

3    you.

4         MR. CHOUDHRI:  So, Court Reporter, while

5    you're looking for the answer, let's go and take a

6    five-minute break.  We'll come back in five minutes.

7    We're off the record.

8         (A recess was taken.)

9         THE REPORTER:  So we are back on the record.

10   And I just please ask everybody, in order to keep the

11   record clear, please, one speaker at a time.

12        And, Mr. Khawaja, if your counsel does have an

13   objection, just please allow him to make the objection

14   and then answer afterwards, just so I don't have both

15   of you speaking.  Thank you.

16        THE WITNESS:  All right.  Thank you.

17        MR. BALLASES:  So just for the record,

18   Ms. Court Reporter, we've looked at the live schedule

19   that was filed by the debtor under declaration of

20   penalty and was signed by Mr. Ali Choudhri, and it

21   does not list Mr. Choudhri as a debtor anywhere on

22   here, and therefore -- or excuse me -- as a creditor

23   anywhere on here.  And so, therefore, him not being a

24   creditor based upon his own sworn document, he has no

25   legal basis to continue to ask questions here today.

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                        189

1          So I'd like to have -- if Ms. Hood or

2    Mr. Sather have any more questions, I'd like to finish

3    it up.  Mr. Khawaja does have to go because he has a

4    relative who is probably passing away relatively soon

5    in the hospital.  We can then move on --

6          MR. CHOUDHRI:  So --

7          MR. BALLASES:  -- with the next deponents.

8          MS. HOOD:  So --

9          MR. CHOUDHRI:  So, Mr. Ballases --

10   Mr. Ballases, this is my deposition.  If you want --

11   if there is a life/death situation, I'm not -- I'm

12   happy to work with you and Mr. Khawaja on schedules.

13   I have no problem doing that.  Family's important.  So

14   if we need to reset this deposition to tomorrow or

15   another day, I'm happy to accommodate that.

16         But what I don't want to do is have you

17   control the deposition and who can ask questions and

18   who can't, because I'm in the middle of my questioning

19   of Mr. Ballases (sic).  So --

20         MR. BALLASES:  Okay.  So --

21         MR. CHOUDHRI:  -- let's continue on with the

22   questions.

23     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, are you ready

24   to answer more questions?

25         THE WITNESS:  What do you think, Michael?

1        MR. BALLASES:  It's up to you.  If you've got

2   to go to the hospital, then --

3        A.  Okay.  I can go for a little bit longer.

4        MR. CHOUDHRI:  Okay.  Madam Court Reporter,

5   would you please read the answer back while we took a

6   break?

7        THE REPORTER:  Okay.  One second.  Okay.  So

8   the question and answer was (Reading:)  Question:  Are

9   you upset at Ali Choudhri in any way, shape, or form?

10       Answer:  I mean, I want the money that I'm

11  owed.  Just pay me the money that you owe.  This will

12  go away.  It's nothing personal.

13       Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, did she read

14  your answer correctly and accurately?

15       A.  Yes.

16       Q.  And so to follow up on that answer, what is

17  the amount of the money that you claim you're owed?

18       A.  Well, there's a certain amount of -- there's a

19  certain amount that's claimed in the judgment that

20  probably has gone up since we filed it.  And, you

21  know, you can go through that.  Your attorney can

22  discuss that with my attorney if you want to make an

23  offer.  Someone will --

24       Q.  I'm not asking about a settlement,

25  Mr. Khawaja.  I'm just asking about how much money

1   you're owed, because I can go to the oral ruling

2   that -- from Judge Robinson about how you came up with

3   the number, how you calculated it, and what that

4   number is.  And that's what we're here today to ask

5   you questions about on your proof of claim.

6        So you said, Owe me -- pay me the money you

7   owe, so my question is --

8     A.  Right.

9     Q.  -- what are you claiming you're owed?

10     A.  Do you have a copy of the adversary?

11     Q.  Go ahead, Mr. Khawaja.  What is the amount of

12   money you're owed?  That's my question.  Do you know?

13     A.  Yeah, it's somewhere north of $500,000.  Give

14   me one second here.

15        The total amount is $4,847,894.68.

16     Q.  I'm sorry.  Would you repeat that again?  The

17   total amount that you're owed is what?

18     A.  $4,847,894.68.

19     Q.  Sorry.  There's somebody talking in the

20   background.  I think Osama's helping you and talking,

21   so --

22     MR. BALLASES:  Objection.  Sidebar.

23     Q.  (BY MR. CHOUDHRI)  So what is the total amount

24   that you need to be paid so you can go away?

25     MR. BALLASES:  Objection.  Form.

OMAR KHAWAJA　　　　　　　　　　　September 11, 2024
TEXAS REIT LLC　　　　　　　　　　　　　　　　　192

1　　A.  $4,847,894.68.

2　　Q.  (BY MR. CHOUDHRI)  Okay.  Thank you for your

3　answer, Mr. Khawaja.

4　　　　And you stand behind that number as being

5　truthful, accurate with all lawful offsets?

6　　A.  I mean, I don't -- I don't know what that

7　means, but yeah, it's truthful, for sure.

8　　Q.  Okay.

9　　A.  There are no offsets.

10　　Q.  There are no offsets?

11　　A.  No.

12　　Q.  Is that what you said?

13　　　　Okay.  So there are no offsets; is that

14　correct?

15　　A.  That's correct.

16　　Q.  Okay.  Mr. Khawaja, is that the basis of -- so

17　let me just kind of set the table for a second.

18　　　　So we said this earlier, and I just want to

19　make sure that I don't have to go through a list of,

20　you know, all these entities and all these other

21　parties.

22　　　　So when we talk about Texas REIT, when you

23　answer the question that -- against Texas REIT, your

24　position is that any entity that I have ownership,

25　directly in or indirectly, is an alter ego of Texas

1   REIT; correct?

2        MR. BALLASES:  Objection.  Form.

3   A.  Alter ego of Ali Choudhri.  Yes.

4   Q.  (BY MR. CHOUDHRI)  Okay.  So --

5   A.  And Jetall Companies.

6   Q.  -- that's the basis?

7        THE REPORTER:  I'm sorry?

8   Q.  (BY MR. CHOUDHRI)  And Jetall.  So when the --

9        THE REPORTER:  And who?  Sorry.

10       THE WITNESS:  Sorry.  Of Ali Choudhri and

11  Jetall Companies.

12       THE REPORTER:  Thank you.

13   Q.  (BY MR. CHOUDHRI)  And so that is the basis of

14  several lis pendenses that have been filed; is that

15  correct?

16   A.  I don't know about several.  There's one

17  that's filed in this case.

18   Q.  Well, if you contend that any and all

19  liabilities and assets of Texas REIT's are alter egos

20  of Ali Choudhri, you have -- in this adversary that is

21  the basis of your proof of claim -- back up.

22       This proof -- the adversary is the basis of

23  your proof of claim; correct?

24   A.  Yes.

25   Q.  So in that adversary, you have filed many lis

1 pendenses on various properties, true or false?

2    A. Yes.

3    Q. And what real property interest do you contend

4 that you own in any of these properties?

5    A. We're a judgment creditor. So if you own it,

6 we own it.

7    Q. So it's your contention that -- again, I just

8 want to get the whole scope here. It's your

9 contention that, based on the fact that you're a

10 judgment creditor, you have real property interest in

11 all these various properties, true or false?

12    A. Yes.

13    Q. Is that true?

14    A. True.

15    Q. Outside of that, do you have any other real

16 property interest that you contend you own in any of

17 these properties?

18    A. No.

19    Q. And do you know where I live?

20      MR. BALLASES: Objection. Form.

21    A. I think you live in 9201 Arabella.

22    Q. (BY MR. CHOUDHRI) 9201 Arabella?

23      MR. BALLASES: Objection. Form.

24    A. Let me see here. Ninety -- sorry -- 9201.

25 You live at Arabella PH, whatever property Arabella PH

OMAR KHAWAJA                              September 11, 2024
TEXAS REIT LLC                                          195

1  3201, LLC, owns.  At the Arabella, I think, unless you

2  moved.

3      Q.  (BY MR. CHOUDHRI)  And you have knowledge that

4  I've lived there for how long?

5          MR. BALLASES:  Objection.  Form.

6      A.  I mean, I guess at least a few years.  Maybe

7  two.

8      Q.  (BY MR. CHOUDHRI)  And are you aware that --

9      A.  You sold your house and then -- I think so.  I

10 mean, look, I -- I'm not sure, to be honest with you.

11 I think you live there.  I can find out if you want me

12 to.

13     Q.  So you said I sold my house?

14         MR. BALLASES:  Ali, can -- Mr. Choudhri, can

15 you put yourself on the screen again so we know it's

16 you asking questions?

17     Q.  (BY MR. CHOUDHRI)  So you said --

18         MR. BALLASES:  Thank you.

19     Q.  (BY MR. CHOUDHRI)  -- I sold my house,

20 Mr. Khawaja, that you know I sold my house?

21     A.  Yeah.

22         MR. BALLASES:  Objection.  Form.

23     A.  You sold the River Oaks house; right?

24     Q.  (BY MR. CHOUDHRI)  I'm asking you,

25 Mr. Khawaja.  You said I sold my house.  What do you

1    mean by that?

2        A.  Yes.  I think you sold your River --

3            MR. BALLASES:  Objection.  Form.

4        A.  I think you sold the River Oaks house, and

5    then you moved.

6        Q.  (BY MR. CHOUDHRI)  And how do you know that?

7            MR. BALLASES:  Objection.  Form.

8        A.  I think -- I mean, that's just -- that's the

9    rumors.

10       Q.  (BY MR. CHOUDHRI)  And who told you that?

11           MR. BALLASES:  Objection.  Form.

12       A.  I think it was in The Real Deal.

13       Q.  (BY MR. CHOUDHRI)  Is that where you -- are

14   you saying that's where you know about it?

15       A.  Possibly.

16           MR. BALLASES:  Objection.  Form.

17       A.  I don't know, to be honest with you.

18       Q.  (BY MR. CHOUDHRI)  Do you know who Kevin

19   Powers is?

20           MR. BALLASES:  Objection.  Form.

21       A.  He's an attorney.  Yes.

22       Q.  (BY MR. CHOUDHRI)  Have you communicated with

23   Kevin Powers?

24           MR. BALLASES:  Objection.  Form.

25       A.  I think he called me once or twice, but no

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                              197

1    real communication with him.

2        Q.  (BY MR. CHOUDHRI)  Have you ever texted him or

3    received texts from him?

4            MR. BALLASES:  Objection.  Form.

5        A.  Not that I recall.  I don't think so.

6        Q.  (BY MR. CHOUDHRI)  Do you know who WCW is?

7            MR. BALLASES:  Objection.  Form.

8        A.  Some entity that you owe money, I think.

9        Q.  (BY MR. CHOUDHRI)  Do you know who Steven Wu

10   is?

11       A.  Another guy that you --

12           MR. BALLASES:  Objection.  Form.

13       A.  -- that you owe money to.

14       Q.  (BY MR. CHOUDHRI)  And your contention is I

15   owe money to Steven Wu?

16       A.  You owe money --

17           MR. BALLASES:  Objection.  Form.

18       A.  -- to a lot of people, including me, but yes.

19       Q.  (BY MR. CHOUDHRI)  And what do you know about

20   what I owe to Steven Wu?

21           MR. BALLASES:  Objection.  Form.

22       A.  That you defrauded him, and they have --

23   they're seeking to recover the money that you owe them

24   and --

25       Q.  (BY MR. CHOUDHRI)  And how much money is

1  that --

2     A.  -- defrauded them in the Texas REIT --

3        THE REPORTER:  I'm sorry --

4     Q.  (BY MR. CHOUDHRI)  I defrauded in the Texas

5  REIT case, you said?

6     A.  Yes.  I think some Texas REIT case.  I'm not

7  sure which one, but it's millions of dollars.

8     Q.  And so is it Steven Wu that you contend that I

9  defrauded?

10     A.  Yes.

11        MR. BALLASES:  Objection.  Form.

12     Q.  (BY MR. CHOUDHRI)  And Steven Wu is owed money

13  by Texas REIT is your contention?

14        MR. BALLASES:  Objection.  Form.

15     A.  Yes, and there's probably many other creditors

16  out there I'm not aware of.

17     Q.  (BY MR. CHOUDHRI)  Which creditors are you

18  aware of?

19        MR. BALLASES:  Objection.  Form.

20     A.  Only the ones that I would know.  I mean, I'm

21  one of them.  So, I mean, whoever's listed in these

22  schedules, I guess.

23     Q.  (BY MR. CHOUDHRI)  Have you contacted TIG

24  Romspen?  Do you know who Romspen is?

25     A.  No.

1      MR. BALLASES:  Objection.  Form.

2      A.  I know who they are, but I have not -- I read

3  about them in The Real Deal, but I've not contacted

4  them.

5      Q.  (BY MR. CHOUDHRI)  Do you know who Mansoor

6  Chaudhry is?

7      A.  Yes.

8      Q.  Do you have an attorney-client privilege with

9  him?

10     A.  No, I don't.

11     MR. BALLASES:  Objection.  Form.

12     Q.  (BY MR. CHOUDHRI)  Have you ever texted him or

13  received texts from him?

14     A.  No.

15     MR. BALLASES:  Objection.  Form.

16     A.  I mean, yes, he's texted me.  Yes, he has.

17     Q.  (BY MR. CHOUDHRI)  So when did you meet

18  Mansoor Chaudhry?

19     A.  Maybe two years --

20     MR. BALLASES:  Objection.  Form.

21     Q.  (BY MR. CHOUDHRI)  Under what circumstance?

22     MR. BALLASES:  Objection.  Form.

23     A.  He's a -- he has a title company, and I've

24  done some title work with him.

25     Q.  (BY MR. CHOUDHRI)  So you do some title work

1    with him?

2        A.  Yes.

3            MR. BALLASES:  Objection.  Form.

4        Q.  (BY MR. CHOUDHRI)  What is the name of his

5    title company?

6            MR. BALLASES:  Objection.  Form.

7        A.  I think it's called Transact Title.

8        Q.  (BY MR. CHOUDHRI)  And is Transact Title a

9    tenant at 1001 West Loop?

10           MR. BALLASES:  Objection.  Form.

11       A.  Yes.

12       Q.  (BY MR. CHOUDHRI)  And have you filed a lis

13   pendens against 1001 West Loop?

14           MR. BALLASES:  Objection.  Form.

15       A.  If it's an alter ego of yours -- no, I don't

16   think so.  Maybe not.

17       Q.  (BY MR. CHOUDHRI)  You're looking at Osama to

18   answer the questions.  Do you understand this

19   deposition is me asking you, not Osama answering the

20   questions?  You understand that; right?

21           MR. BALLASES:  Objection.  Sidebar.

22           Don't pretend like you know what's happening

23   over here.

24           Objection.  Sidebar.

25       A.  I'm not looking at anybody.  But I don't know.

1  Do you want me to file a lis pendens on 1001 West

2  Loop?

3      Q.  (BY MR. CHOUDHRI)  As we sit here today, are

4  you telling me that you have not caused any lis

5  pendens to be filed on 1001?

6      A.  No.  I don't know.  I don't think so.

7      Q.  Do you contend 1001, the property, 1001, or

8  the entity that owns 1001, is an alter ego of Ali

9  Choudhri or Texas REIT?

10     A.  Yes.  Yes, it is.

11     Q.  Do you contend --

12     A.  Even if it's not listed by -- even if it's not

13  here, it is -- anything that you control or own is an

14  alter ego, because that's how you operate.

15     Q.  Okay.  Do you know who BridgeCo is,

16  Mr. Khawaja?

17     A.  Yes.

18        MR. BALLASES:  Objection.  Form.

19     Q.  (BY MR. CHOUDHRI)  Have you spoken to anybody

20  at BridgeCo?

21     A.  No.

22        MR. BALLASES:  Objection.  Form.

23     Q.  (BY MR. CHOUDHRI)  But you've sued BridgeCo;

24  correct?

25     A.  Yes.

1        MR. BALLASES:  Objection.  Form.

2     Q.  (BY MR. CHOUDHRI)  And are you aware that

3   BridgeCo made six loans?

4     A.  Yeah.

5        MR. BALLASES:  Objection.  Form.

6     Q.  (BY MR. CHOUDHRI)  Do you know which

7   properties BridgeCo made loans on?

8     A.  There were --

9        MR. BALLASES:  Objection.  Form.

10     A.  -- some properties in Austin and some

11   properties in Houston, but I don't know -- I couldn't

12   tell you it's this one or that one.

13     Q.  (BY MR. CHOUDHRI)  And you contend those

14   properties are alter egos of Ali Choudhri or Texas

15   REIT.

16        MR. BALLASES:  Objection.  Form.

17     A.  I mean, they would be.  If you own them, they

18   would be.  But I don't know if we're making that claim

19   in this case anymore.

20     Q.  (BY MR. CHOUDHRI)  Have you sued Cypress

21   BridgeCo and Magnolia BridgeCo in this case?

22     A.  I think we did.  And I'm not sure if we still

23   have maintained those claims.  But I know they

24   foreclosed on their interest.

25     Q.  So you're aware that BridgeCo foreclosed on

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
203

1  the properties that you filed lis pendenses on.

2      A.  Yes.

3      Q.  And you realize that a lis pendens frustrates

4  and interferes with the sale of a property.

5          Please don't look at Osama for an answer.  I

6  know you really want to.

7          MR. BALLASES:  Objection --

8          MR. CHOUDHRI:  But, Mr. Abdullatif, would you

9  please stop helping Mr. Khawaja?

10         MR. BALLASES:  Objection.  Sidebar.

11         You don't know what you're talking about.

12         (Crosstalk)

13         MR. CHOUDHRI:  Madam Court Reporter, did you

14  get -- did --

15         (Crosstalk)

16         THE REPORTER:  Sorry.  What is your question,

17  Mr. Choudhri?

18         MR. CHOUDHRI:  What did Osama say?  I couldn't

19  hear him.

20         THE REPORTER:  I couldn't hear him either.  If

21  I can't hear him, I can't transcribe him.  And he's

22  not on the record.  Like, he's not --

23      A.  Let's please continue with the deposition.

24         MR. CHOUDHRI:  Mr. Osama Abdullatif, I can

25  hear you in the background calling me a liar.  That's

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
204

1    unprofessional.

2         MR. BALLASES:  Objection.  Sidebar.

3         Ask your question, or I'll --

4    A.  Or we're gonna cut this -- or we're gonna shut

5    this thing down.

6    Q.  (BY MR. CHOUDHRI)  So, Mr. Khawaja, you're

7    aware -- let me back up.

8         You're in the real estate business as well;

9    right?

10        MR. BALLASES:  Objection.  Form.

11   A.  Not really.  A little bit.

12   Q.  (BY MR. CHOUDHRI)  Do you own real estate

13   outside of your home?

14   A.  Yes.

15   Q.  Which real estate?

16        MR. BALLASES:  Objection.  Form.

17   A.  I'm not gonna get -- I'm not gonna get into

18   that.

19   Q.  (BY MR. CHOUDHRI)  Are you refusing to answer

20   the question about what real estate you own --

21   A.  Yes, I'm --

22   Q.  -- outside of your house?

23   A.  I am -- I am refusing to answer that.

24        MR. BALLASES:  I'm instructing him not to

25   answer because it's outside the scope of the limited

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                      205

1    deposition that the judge ordered.

2        Q.  (BY MR. CHOUDHRI)  So, Mr. Khawaja, we've

3    already established many, many, many times it's your

4    contention that any entity I own or control is an

5    alter ego of Texas REIT; correct?

6        A.  Yes.

7            MR. BALLASES:  Objection.  Form.

8        Q.  (BY MR. CHOUDHRI)  And so you're also aware,

9    Mr. Khawaja, that when you file a lis pendens on a

10   piece of property, you have to meet certain elements

11   to have a lis pendens on a piece of property.  Are you

12   aware of that?

13       A.  Yes.

14       Q.  And do you know what those elements are?

15           MR. BALLASES:  Objection.  Form.

16       A.  I don't.

17       Q.  (BY MR. CHOUDHRI)  You're unaware what the

18   elements are to file a lis pendens against real

19   property.

20       A.  I'm not sure.

21           MR. BALLASES:  Objection.  Form.

22       Q.  (BY MR. CHOUDHRI)  You're unaware, or you're

23   aware?

24       A.  I'm not aware.

25           MR. BALLASES:  Objection.  Form.

1　　　　MR. CHOUDHRI:  Mr. Ballases, it doesn't change

2　by you yelling on the objection, so --

3　　　　MR. BALLASES:  Objection.  Sidebar.

4　　　Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, how many

5　lawsuits have you been involved in where you have

6　instructed, sponsored litigation against Texas REIT or

7　any other entity that I own or control?

8　　　　MR. BALLASES:  Objection.  Form.

9　　　A.  I don't know.  I don't -- I don't think many

10　at all.  Not as many as I could.  That's for sure.

11　　　Q.  (BY MR. CHOUDHRI)  And so you have filed a lis

12　pendens against a property at 2232 Swift Boulevard.

13　Are you aware of that?

14　　　A.  Yes.  Yes.

15　　　Q.  And you contend 2232 Swift Boulevard -- that

16　property and any interest in that property is an alter

17　ego of Texas REIT?

18　　　A.  Or Ali Choudhri.

19　　　　MR. BALLASES:  Objection.  Form.

20　　　A.  Or Ali Choudhri.

21　　　Q.  (BY MR. CHOUDHRI)  Texas REIT or Ali --

22　　　A.  Or Jetall.

23　　　Q.  -- Choudhri; correct?

24　　　A.  Or Jetall.

25　　　Q.  Sorry?

1        A.  Or Jetall Companies, Inc.

2        Q.  Okay.  So basically any and all entities that

3    I have any ownership in -- directly, indirectly --

4    it's an alter ego, and that's what you believe.

5        A.  I believe the evidence will show that, yes.

6           MR. BALLASES:  Objection.  Form.

7        Q.  (BY MR. CHOUDHRI)  But as we sit here today,

8    you don't have any evidence --

9        A.  No, we have plenty --

10          MR. BALLASES:  Objection.  Form.

11       A.  We've been talking about it all day.

12          MR. BALLASES:  Objection.  Form.

13       Q.  (BY MR. CHOUDHRI)  So outside of whatever we

14   talked about today, you don't have any other evidence.

15          MR. BALLASES:  Objection.  Form.

16       A.  Not until we get into the discovery, which

17   you're obstructing, but yes.

18       Q.  (BY MR. CHOUDHRI)  So this is your opportunity

19   to tell --

20       A.  You'll find out more after you and, I think,

21   your mom's deposition coming up.

22       Q.  Oh, okay.  So you've sued my mom; correct?

23       A.  Yes.  Don't try to get out of that deposition

24   either.  I'm gonna have a court reporter, translator,

25   everything.  So don't try to get out of that.

1    Q.  Mr. Khawaja, have you -- let me pull this up.

2  Hold on.

3         Have you contacted anybody related to QB Loop

4  Property?

5         MR. BALLASES:  Objection.  Form.

6    A.  No.

7    Q.  (BY MR. CHOUDHRI)  Have you contacted --

8    A.  What's going on with that?

9         THE WITNESS:  Sorry.  Sorry.

10    A.  I have not.

11    Q.  (BY MR. CHOUDHRI)  Have you contacted -- would

12  you dispute if third parties made statements that you

13  contacted them and told them not to do business with

14  me?

15         MR. BALLASES:  Objection.  Form.

16    A.  I would dispute that, yeah.  I mean, tell

17  them -- who said that I said that?

18         MR. BALLASES:  Objection.  Form.

19    Q.  (BY MR. CHOUDHRI)  Have you ever contacted

20  anybody who I do business with, or any of my related

21  entities, and told them not to do business with me?

22         MR. BALLASES:  Objection.  Form.

23    A.  I mean, that's outside the scope of what we're

24  talking about, but no, unless I was specifically

25  asked.

1   Q.  (BY MR. CHOUDHRI)  Have you contacted Anwar

2   Qadeer (phonetic) in relation to --

3   A.  No.

4       MR. BALLASES:  Objection.  Form.

5   A.  No.  Are you trying to sue Anwar now?  No.

6   Q.  (BY MR. CHOUDHRI)  Have you contacted Qasim --

7   Abdul Qasim (phonetic)?

8       MR. BALLASES:  Objection --

9   A.  Abdul Qasim?

10  Q.  (BY MR. CHOUDHRI)  Abdul Qasim.

11      THE REPORTER:  Sorry.  One at a time, please.

12  A.  I never contacted -- no, he's a friend of --

13      THE REPORTER:  Sorry.  One at a time, please.

14      Mr. Khawaja, could you please repeat your

15  answer?

16  A.  I have not.

17      MR. BALLASES:  Objection.  Form.

18      Please stick to the limited purpose of this

19  deposition.

20  Q.  (BY MR. CHOUDHRI)  And --

21  A.  Don't get those guys in trouble.

22  Q.  -- Mr. Khawaja, are you -- are you -- are you

23  done laughing?

24  A.  Yes.  Yes.

25  Q.  Thank you.  You understand this is a serious

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
210

1   situation we're here, right?  This is a deposition.

2   It's not a joke --

3       A.  Oh, very much.

4           MR. BALLASES:  Objection.  Sidebar.

5       A.  Very much.  Very much so.

6       Q.  (BY MR. CHOUDHRI)  And, Mr. Khawaja, you're

7   taking this serious; correct?

8       A.  Oh, yeah, absolutely.

9           MR. BALLASES:  Objection.  Sidebar.

10      Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, can you tell

11  me why -- you know, why you believe that the BridgeCo

12  entities are an alter ego of Texas REIT?

13          MR. BALLASES:  Objection.  Sidebar.

14          No, excuse me.  I'm gonna go ahead, and I'm

15  gonna actually object to this exceeding the scope of

16  the deposition that the judge ordered and instruct him

17  not to answer.

18      A.  I'm gonna take the advice of counsel.

19      Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, you're not

20  going to answer the question, I understand; is that

21  correct?

22      A.  Yes.

23      Q.  Mr. Khawaja, are you aware that when a lis

24  pendens is filed on a property, a property -- the

25  title is clouded, and it interferes with the ability

OMAR KHAWAJA                                   September 11, 2024
TEXAS REIT LLC                                              211

1   for the property to be sold or refinanced?

2        A.  I mean --

3           MR. BALLASES:  Objection.  Form.

4        A.  -- you filed many of those, so you're pretty

5   aware of what it does, so yes.

6        Q.  (BY MR. CHOUDHRI)  And besides whatever we've

7   covered today, you don't have any other -- are you --

8        A.  Plans?

9        Q.  -- familiar with the -- sorry?

10       A.  Other plans?  I don't know.  I'm just trying

11  to guess what you were gonna say.

12       Q.  I'm sorry, Mr. Khawaja.  What was your

13  statement?

14       A.  I said -- you said, You don't have any other,

15  and then you just trailed off.  So I said, What,

16  plans?

17       Q.  What -- so I think I've asked this earlier,

18  and you've refused to answer.  I just want to make

19  sure the record is clear.  You're refusing to answer

20  any contingency claims or any claims you own or hold,

21  indirectly or directly, against me or any of my

22  entities.  You're refusing to answer any of those

23  questions.

24       A.  Yes --

25           MR. BALLASES:  Objection --

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                   212

1      A.  -- that's correct.

2          MR. BALLASES:  Objection.  Form.

3      Q.  (BY MR. CHOUDHRI)  And you're aware that

4   2727 Kirby was foreclosed on.

5          MR. BALLASES:  Objection.  Form.

6      A.  That's what I understand.

7      Q.  (BY MR. CHOUDHRI)  And you're aware that

8   that's one of the properties you filed a lis pendens

9   on.

10         MR. BALLASES:  Objection.  Form.

11     A.  Sure.  You owe a lot of money on it.

12     Q.  (BY MR. CHOUDHRI)  Is there money owed to you

13  on 2727 Kirby?

14     A.  I mean, it's an alter --

15         MR. BALLASES:  Objection.  Form.

16     A.  -- ego of Jetall Companies, so yeah, we

17  should've gotten something out of it.

18     Q.  (BY MR. CHOUDHRI)  Is that why you filed a

19  lis pendens, so you could get something out of it?

20         MR. BALLASES:  Objection.  Form.

21     A.  To prevent you from committing fraudulent

22  transfers and defrauding people like you do.

23     Q.  (BY MR. CHOUDHRI)  And so let's elaborate.

24  How do I defraud people?

25         MR. BALLASES:  Objection.  Form.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                  213

1    A.  I mean -- I mean, come on.

2    Q.  (BY MR. CHOUDHRI)  I just want to --

3        (Crosstalk)

4    A.  You really want me to answer that question?

5    Q.  (BY MR. CHOUDHRI)  Absolutely.  Go ahead.

6        MR. BALLASES:  Objection.  Sidebar.

7        It's not the opportunity to ask an improper

8    question.

9        THE WITNESS:  No.

10       MR. BALLASES:  It is your opportunity to ask

11   about why a proof of claim was filed and why it was

12   withdrawn.  You are mistaken, and you're exceeding the

13   Court's order.  Please stick to the Court's limited

14   deposition order.

15       Q.  (BY MR. CHOUDHRI)  Are you going to refuse to

16   answer the question, Mr. Khawaja?

17   A.  Yes.

18       MR. BALLASES:  Objection.  Form.

19       Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, you're aware

20   that following the filing of lis pendenses on various

21   properties, those properties were foreclosed after you

22   filed those lis pendenses, true or false?

23       MR. BALLASES:  Objection.  Form.

24   A.  After -- I mean, what does that mean, after I

25   filed those lis pendenses?  You lost those properties

OMAR KHAWAJA                                     September 11, 2024
TEXAS REIT LLC                                                      214

1   because you refused to pay on them, like you've done

2   on so many properties throughout your entire life.

3         So, you know, you excel at losing properties.

4   That's what happened.  That's what happened to

5   2425 West Loop.  Don't try to put that on me unless

6   you want more lawsuits.  We're happy to oblige.

7      Q.  (BY MR. CHOUDHRI)  Do you --

8      A.  Yes.

9         MR. BALLASES:  Objection.  Sidebar.

10     A.  No, I'm not done.  I'm just getting started.

11     Q.  (BY MR. CHOUDHRI)  So continue on.  I'm

12   listening.

13         MR. BALLASES:  There's no question on the

14   table.

15     Q.  (BY MR. CHOUDHRI)  You're just getting

16   started?

17         THE REPORTER:  I'm sorry --

18     Q.  (BY MR. CHOUDHRI)  What do you mean by "just

19   getting started" --

20         THE REPORTER:  I'm sorry.  Mr. Ballases, what

21   was your objection or your comment?

22         MR. BALLASES:  Objection.  Form.

23         There was no question on the table.

24     Q.  (BY MR. CHOUDHRI)  Go ahead, Mr. Khawaja.  If

25   you want to talk, you can talk.  You said you're just

1   getting started --

2        MR. BALLASES:  Objection.  Sidebar.

3      A.  Stick --

4      Q.  (BY MR. CHOUDHRI)  Do you want to --

5      A.  Stick to the questions, please.  Stick to the

6   questions.

7      Q.  You're answering -- you're answering the

8   questions, so I'm allowing you to finish your answers.

9   And you said --

10        MR. BALLASES:  Objection.  Sidebar.

11      Q.  (BY MR. CHOUDHRI)  -- you're just getting

12   started.  What do you mean by, "I'm just getting

13   started"?  That was your answer.

14      A.  Yes.  We have --

15      Q.  (Unintelligible)

16      A.  We have a lot of -- we have discovery to

17   complete in this case.

18      Q.  And so what do you mean, "I'm just getting

19   started"?  Elaborate on that --

20        MR. BALLASES:  Objection.  Form.

21      A.  Yeah, we need -- we have to complete

22   discovery.

23      Q.  (BY MR. CHOUDHRI)  And what evidence or

24   information do you have that my mom is an alter ego of

25   Texas REIT?

1          MR. BALLASES:  Objection.  Form.

2      A.  Have you reviewed the -- have you reviewed our

3  evidence in this case?  Have you looked at what we've

4  been able to uncover, or no?  I hope your attorneys

5  are sharing it with you.  There's a lot.

6      Q.  (BY MR. CHOUDHRI)  So what evidence do you

7  have that Shahnaz Choudhri is an alter ego --

8      A.  Yes.

9      Q.  -- of Texas REIT?

10      A.  There's money flowing through bank accounts.

11  There's checks that she's written to entities that you

12  control.  There's personal payments going out to her

13  from entities that you control.  I mean, there's a

14  lot.  There's a lot.  We're gonna get into all of

15  that.

16      Q.  And so the evidence is all within your

17  pleadings.  Is that --

18      A.  Not all of it.

19          MR. BALLASES:  Objection.  Form.

20      A.  Not all of it.  There's just something --

21  there's discovery.  There's subpoenas.  There's --

22  there's things.  There's a deposition coming up that

23  you're aware of that you're gonna try to get out of.

24  We're not gonna let you.

25      Q.  (BY MR. CHOUDHRI)  Have you made statements to

1  third parties that Judge Norman is gonna do whatever

2  you ask him to do because you have him on payroll?

3      MR. BALLASES:  Objection.  Form.

4      And objection.  Sidebar.

5    A.  Man, come on.  Don't do stuff like that.

6  That's gonna get you --

7    Q.  (BY MR. CHOUDHRI)  Have you made a

8  statement to anybody --

9    A.  -- in a lot of trouble.

10     THE REPORTER:  I'm sorry.

11   Q.  (BY MR. CHOUDHRI)  Have you made --

12     THE REPORTER:  One person at a time, please.

13   A.  That's -- that's gonna get you into a lot of

14  trouble with the FBI.  I wouldn't do that.  That's a

15  mistake on your part.

16   Q.  (BY MR. CHOUDHRI)  Have you ever made any

17  statements like that?  Have you ever made any

18  statements --

19   A.  No.

20   Q.  -- like that?

21     MR. BALLASES:  Objection.  Form.

22   A.  That's very dangerous of you to say that.  I'm

23  just warning you.  It's very dangerous.

24     MR. CHOUDHRI:  Mr. Ballases --

25   Q.  (BY MR. CHOUDHRI)  Mr. Khawaja --

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
218

1      THE WITNESS:  Make sure you get a copy of this

2 transcript, please --

3     Q.  (BY MR. CHOUDHRI)  -- you've never made --

4      THE WITNESS:  -- and provide that.

5     Q.  (BY MR. CHOUDHRI)  You --

6      THE REPORTER:  Sorry --  okay.

7     A.  I would stop if I were you.  I would stop

8 right now if I were you.

9     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, please.  I'm

10 asking the questions.  Okay?

11     A.  Yeah, you are.

12     Q.  Have you met with Anthony Gill or Kenneth

13 Shaitelman?

14      MR. BALLASES:  Objection.  Form.

15     A.  I'm not gonna --

16      (Crosstalk)

17      MR. BALLASES:  I'm going to instruct you not

18 to answer.  That has nothing to do with the proof of

19 claim that was filed or the reason that we've offered

20 to withdraw it, and therefore, I'm instructing not to

21 answer.  It exceeds the scope of the judge's order.

22      So I object to the form of the question.

23     A.  I'm not answering.

24     Q.  (BY MR. CHOUDHRI)  Mr. Khawaja, were you

25 present on September 6, 2023, when Chris Wyatt, your

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                 219

1   client, testified on the stand in Judge Manor's court?

2        MR. BALLASES:  Objection --

3    A.  No.

4        MR. BALLASES:  Objection.  Form.

5    A.  I wasn't.

6    Q.  (BY MR. CHOUDHRI)  Were you present around

7   September 2023 in front of Judge Manor regarding a

8   case styled Naissance versus Zaheer?

9        MR. BALLASES:  Objection.  Form.

10   A.  I don't even know if I was or not, but that's

11  outside the scope of this purpose of this deposition,

12  so move on.

13   Q.  (BY MR. CHOUDHRI)  Are you aware that Chris

14  Wyatt, your client, testified that he has given you

15  my -- Jetall Companies' hard drive?

16        MR. BALLASES:  Objection.  Form.

17   A.  Not -- not in the -- within the scope of this

18  conversation -- I mean this deposition.  But if he

19  testified to that, I'd have to look back and see.

20  Maybe he did.

21   Q.  (BY MR. CHOUDHRI)  Is Chris Wyatt truthful?

22        MR. BALLASES:  Objection.  Form.

23   A.  You hired him.  What do you think?

24   Q.  (BY MR. CHOUDHRI)  Have you hired --

25        THE WITNESS:  Look, I'm done, Michael.  This

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                      220

1   is it.  This is getting into things --

2          MR. BALLASES:  Okay.

3          THE WITNESS:  -- that are unrelated.  So we

4   can --

5          MR. BALLASES:  And you've got to go see your

6   family --

7          THE WITNESS:  I have to go see my family --

8          MR. BALLASES:  Then we'll take it up with a

9   judge.

10          THE WITNESS:  Thank you.

11          (Crosstalk)

12      Q.  (BY MR. CHOUDHRI)  Are you going to walk out

13  of this deposition?

14          THE REPORTER:  I'm sorry --

15      A.  Yes.

16      Q.  (BY MR. CHOUDHRI)  No --

17          THE REPORTER:  Sorry.  One at a -- sorry.  One

18  at a time, please.  Thank you.

19          MR. CHOUDHRI:  I am not done with my --

20          THE WITNESS:  I have a medical --

21          MR. CHOUDHRI:  -- questions.

22          THE WITNESS:  -- emergency.

23      Q.  (BY MR. CHOUDHRI)  If you have a medical

24  emergency, we can agree to a rescheduling.  Your

25  medical emergency, Mr. Khawaja, is you have a family

1　member in the hospital; correct?

2　　A.　Yes, I do.

3　　　　MR. BALLASES:　You don't need to answer any

4　more questions.

5　　　　He has to get out of here.　You took up enough

6　time --

7　　　　THE WITNESS:　We'll take it up with a judge.

8　　Q.　(BY MR. CHOUDHRI)　Mr. Khawaja --

9　　　　MR. BALLASES:　Do you want a five-minute

10　break, or do you want to start?

11　　Q.　(BY MR. CHOUDHRI)　Mr. Khawaja --

12　　　　MR. BALLASES:　You go.　I got it.

13　　Q.　(BY MR. CHOUDHRI)　-- the deposition is still

14　going.　Are you going to get up and walk out?

15　　　　MR. CHOUDHRI:　Madam Court Reporter --

16　　　　MR. BALLASES:　Yes, he's got to --

17　　　　MR. CHOUDHRI:　-- would you --

18　　　　MS. HOOD:　Okay.　If I can weigh in here, I

19　had some follow-up questions for him; very few, but I

20　do have follow-up questions.

21　　　　MR. BALLASES:　How much time?　Like, how much

22　would you estimate, Ms. Hood?

23　　　　MS. HOOD:　Ten minutes.

24　　　　MR. BALLASES:　It's up to you.　If you've got

25　to get out of here --

OMAR KHAWAJA
TEXAS REIT LLC

September 11, 2024
222

1          MR. CHOUDHRI:  But I'm not done --

2          MS. HOOD:  But it's -- I need -- Mr. Choudhri

3    hasn't passed the witness.  But I did want to go on

4    the record that I do have a few more questions for

5    him.

6          MR. BALLASES:  Okay.  Well --

7          THE WITNESS:  We'll take it up if we need to

8    with a judge.

9          MR. BALLASES:  Okay.  Then unless we're going

10   to go directly to your ten minutes, then he's got to

11   get to the hospital.

12         MR. CHOUDHRI:  Mr. Ballases, if he's got to go

13   to the hospital, is there a mutually agreeable time

14   before he leaves that we can agree to maybe --

15         MR. BALLASES:  No.

16         MR. CHOUDHRI:  -- pick this up?

17         MR. BALLASES:  No.

18         MR. CHOUDHRI:  Are you not agreeing to resume

19   the deposition at a convenient time after his

20   emergency for his visitor -- for his family member in

21   the hospital?

22         MR. BALLASES:  I'm not right now.  You've had

23   plenty of time to ask questions.  You've asked

24   questions that had nothing to do with the limited

25   scope of the deposition.  I let you ask them.  I

OMAR KHAWAJA                                          September 11, 2024
TEXAS REIT LLC                                                       223

1   probably shouldn't have.  And so you used your time as

2   you saw fit.

3         Do you all want to take a two-minute break or

4   five-minute break before we start the next one, or no?

5         MR. CHOUDHRI:  Mr. Ballases, I am -- this is

6   still my deposition that I'm asking questions on.  I

7   want the record to be clear.  Have you instructed your

8   witness to leave?  Have you instructed the witness to

9   leave --

10        MR. BALLASES:  He's gone.  Yes, he is gone.

11  He is gone.  I've instructed him to leave because he

12  has a family member who is dying.  I don't know how

13  much clearer I can make that.  Stop repeating

14  yourself.

15        MR. CHOUDHRI:  Well, Mr. Ballases --

16        MR. BALLASES:  So you can either --

17        MR. CHOUDHRI:  -- as you know -- can I finish

18  talking, please, before you keep --

19        MR. BALLASES:  No --

20        MR. CHOUDHRI:  -- cutting me off?

21        MR. BALLASES:  -- you can't.  You waste

22  everybody's time.

23        So we can start with the next deposition.

24        It's clear that --

25        MR. CHOUDHRI:  Mr. Ballases --

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                 224

1          MR. BALLASES:  -- he's left, and it's clear

2    you want to ask questions.

3          So we can start with the next deposition now

4    or in two minutes.  Please make your decision.

5          Stephen, if you want to make it because you're

6    the lead, that's fine.

7          MS. HOOD:  Can I just say on the record that I

8    would like to finish my questioning of the deponent

9    when he has the next available opportunity that's

10   convenient for everybody so I can ask my four

11   questions.

12         MR. BALLASES:  And I would -- that's fine.

13   You can take it up with the Court.  He was on record

14   for five hours.  Take away maybe the 30 minutes where

15   we argued about the judge's oral order.  Four and a

16   half hours, that's plenty of time for this deposition

17   to go forward and for y'all to complete it.

18         We have two more people here, and I have till

19   4:30.  I'd like to get started to go as fast as

20   possible, but it's y'all's call.

21         MS. HOOD:  Okay.  Well, I'll just --

22         MR. CHOUDHRI:  Mr. Ballases, the time is --

23   the time is 3:30 p.m.  Is that --

24         Or, Court Reporter, would you just confirm

25   what time we have right now?

OMAR KHAWAJA                                                September 11, 2024
TEXAS REIT LLC                                                           225

1          MR. BALLASES:  No one needs to confirm the
2   time.  Do you want to get started with the next one or
3   not?  I mean, stop wasting everybody's time?
4          MS. HOOD:  I just want to -- for my part of
5   this, I wasn't -- I didn't adjourn the deposition with
6   regard to this deponent for my questioning.  I was
7   waiting for it to come back, to cycle around with me
8   again.  I have a few more questions for him, and I
9   want to finish those.
10          And I understand he's left, and I understand
11   the basis for it, and I wish all Godspeed to his
12   family member.  And I don't want to get involved in
13   any sort of issue about whether someone needs to
14   leave, doesn't need to leave, that sort of thing,
15   right?  I just -- and if we have to go back to the
16   judge for my four questions, I'm happy to do it.
17          I just want that on the record for me.  What
18   the other lawyer does and what Mr. Choudhri does --
19          MR. BALLASES:  (Unintelligible)
20          MS. HOOD:  -- I'm not in control of that.
21          MR. BALLASES:  I understand.  You've made
22   it -- you've put it on the record twice.  That's fine.
23   I understand, and I'll stipulate that you do have more
24   questions.
25          Do we want to go to the next witness now?

OMAR KHAWAJA                                              September 11, 2024
TEXAS REIT LLC                                                           226

1          MR. CHOUDHRI:  Mr. Ballases, would you at

2     least provide, subject to your client's availability,

3     times you're available to resume the deposition of

4     Omar Khawaja?

5          MR. BALLASES:  No.  No, I will not.  I've said

6     that twice now.

7          MR. CHOUDHRI:  Are you not --

8          MR. BALLASES:  Do we want to move to the next

9     deposition?

10          MR. CHOUDHRI:  Are you going to refuse to make

11     him available --

12          MR. BALLASES:  Stop wasting time.  I'm not

13     going to provide it unless we have an order from a

14     judge.  Do you understand?  Stop wasting time.  We've

15     got a limited amount --

16          MR. CHOUDHRI:  Well, I just want to --

17          MR. BALLASES:  -- of time --

18          MR. CHOUDHRI:  -- get this on the --

19          (Crosstalk)

20          MR. BALLASES:  -- basis to take a deposition.

21          Do we want to move to the next person or not?

22     Please tell me.

23          MR. CHOUDHRI:  Before --

24          MR. BALLASES:  I would say, Stephen, it's your

25     job to say it.

OMAR KHAWAJA                                    September 11, 2024
TEXAS REIT LLC                                                    227

1          MR. SATHER:  Yeah, I'm prepared --

2          MR. CHOUDHRI:  Mr. --

3          MR. SATHER:  -- to move to the next --

4          MR. CHOUDHRI:  Mr. Ballases --

5          MR. SATHER:  -- witness --

6          MR. BALLASES:  All right.  Let's go.

7          MR. SATHER:  Who do you have --

8          MR. CHOUDHRI:  Mr. Ballases --

9          MR. SATHER:  -- up next?

10          THE REPORTER:  I'm sorry --

11          MR. BALLASES:  Osama.

12          THE REPORTER:  Okay.

13          MR. CHOUDHRI:  Mr. Ballases --

14          MR. BALLASES:  Osama's ready to go.

15          MR. CHOUDHRI:  Time out.  I just want to get

16     this on the record very clearly, Mr. Ballases.

17          MR. BALLASES:  Oh, Jesus.

18          MR. CHOUDHRI:  I just want to make it --

19          MR. BALLASES:  It's on the record clearly.

20     Stop wasting time.

21          MR. CHOUDHRI:  You are not willing to

22     cooperate to resume the deposition of Omar Khawaja

23     absent a court order.  Is that your position?

24          MR. BALLASES:  I've stated my position.  Let's

25     move forward.

OMAR KHAWAJA                                September 11, 2024
TEXAS REIT LLC                                           228

1          Let's take a two-minute break, and then

2   Osama's going to be in this chair.

3          THE REPORTER:  Okay.  So I am going off the

4   record.

5          (End of proceedings at 3:31 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 6

**THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

_____  )
                                    )
In re:                        )          Chapter 11
                                    )
GALLERIA 2425 OWNER, LLC,    )          Case No. 23-34815
                                    )
               Debtor.    )
_____  )

_____

**ORDER GRANTNG MOTION TO COMPLY WITH THE GATEKEEPING
PROVISIONS OF THE CONFIRMED CHAPTER 11 PLAN**
_____

BEFORE THE COURT is the Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan.

The Court hereby GRANTS the motion.

IT IS THEREFORE HEREBY ORDERED that the claims raised by Ali Choudhri and Naissance Galleria, LLC against the Bank can proceed in the following cases:

> _Naissance Galleria, LLC v. Zaheer, et al_., Cause No. 2023-43755, pending in the 80th District Court of Harris County, Texas;

> _Galleria 2425, LLC, Naissance Galleria, LLC and Choudhri v. NBK_, Adversary Case No. 23-06009, pending in this Court; and

> _Choudhri v. NBK and Zaheer_, Adversary Case No. 23-03263, pending in this Court.

Dated:          _____

                      UNITED STATES BANKRUPTCY COURT

EXHIBIT 7

## IN RE GALLERIA 2425 OWNER, LLC, CASE NO. 23-34815
## SERVICE LIST (a/o July 2, 2024)

**Debtor:**
Galleria 2425 Owner, LLC
1001 West Loop South Ste 700
Houston, TX 77027

**Debtor's Counsel:**
Reese W. Baker
Baker & Associates
950 Echo Lane Ste 300
Houston, TX 77024

James Q. Pope
The Pope Law Firm
616 Savoy Drive Ste 1125
Houston, TX 77036

**U.S. Trustee:**
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street Suite 3516
Houston, TX 77002

**Chapter 11 Trustee:**
Christopher R. Murray
602 Sawyer Street Ste 400
Houston, TX 77007

**Chapter 11 Trustee's Counsel:**
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street Ste 1525
Houston, TX 77002

**Governmental Entities:**
Harris County Tax Assessor
P O Box 4622
Houston, TX 77210

Harris County, et al.
P O Box 2928
Houston, TX 77252-2928

**Twenty Largest Creditors:**
Caz Creek Lending
118 Vintage Park Blvd No. W
Houston, TX 77070

Cirro Electric
P O Box 60004
Dallas, TX 75266

City of Houston
P O Box 1560
Houston, TX 77251-1560

City of Houston Water Department
P O Box 1560
Houston, TX 77251-1560

Datawatch Systems
Suite 200
4520 East West Highway
Bethesda, MD 20814

Firetron
10101A Stafford Centre Dr.
Stafford, TX 77477

First Insurance Funding
450 Skokie Blvd
Northbrook, IL 60062

Gulfstream Legal Group
1300 Texas Street
Houston, TX 77002
(*Returned to Sender / Unable to Forward*)

Gulfstream Legal Group
720 N Post Oak Rd Ste 355
Houston, TX 77024

Hayward PLLC
10501 N Central Expy Ste 106
Dallas, TX 75231-2203

HNB Construction, LLC
521 Woodhaven
Ingleside, TX 78362

Houston Community College System
c/o Tara Grundemeier
Linebarger, Groggan, Blair & Sampson
P O Box 3064
Houston, TX 77253-3064

Houston Independent School District
P O Box 4668
Houston, TX 77210
(*Returned to Sender / Unable to Forward*)

Lexitas
P O Box 734298 Dept 2012
Dallas, TX 75373

Nationwide Security
2425 W Loop South Ste 300
Houston, TX 77027
(*Returned to Sender / Unable to Forward*)

Nichamoff Law Firm
2444 Times Blvd Ste 270
Houston, TX 77005

T&R Mechanical
21710 White Oak Drive
Conroe, TX 77306-8848
(*Returned to Sender / Unable to Forward*)

TKE
3100 Interstate North Cir SE 500
Atlanta, GA 30339

Zindler Cleaning Service Co.
2450 Fondren Ste 113
Houston, TX 77063

**Other Creditors / Interest Holders:**
2425 WL, LLC
60 West 2nd Street
Freeport, NY 11746

ADT
P O Box 382109
Pittsburgh, PA 15251

Ali Choudhri
1001 West Loop South 700
Houston, TX 77027

Ash Automated Control Systems, LLC
P O Box 1113
Fulshear, TX 77441

CFI Mechanical, Inc.
6109 Brittmoore Rd
Houston, TX 77041

CNA Insurance Company
P O Box 74007619
Chicago, IL 60674

Comcast
P O Box 60533
City of Industry, CA 91716

Environmental Coalition Inc.
P O Box 1568
Stafford, TX 77497

Ferguson Facilities Supplies
P O Box 200184
San Antonio, TX 78220

Jetall Companies Inc.
2425 West Loop South Ste 1100
Houston, TX 77027-4210

Kings 111 Emergency Communications
751 Canyon Drive Suite 100
Coppell, TX 75019

Logix Fiber Networks
P O Box 734120
Dallas, TX 75373

2

Mueller Water Treatment
1500 Sherwood Forest Dr
Houston, TX 77043

Smart Office Solutions
6623 Theall Road
Houston, TX 77066-1213
(*Returned to Sender / Unable to Forward*)

Waste Management
P O Box 660345
Dallas, TX 75266

Metwall Design Solutions LLC
10931 Day Road
Houston, TX 77043-4901

US Retailers LLC d/b/a Cirro Energy
Attn: Bankruptcy Department
P O Box 3606
Houston, TX 77253-3606

Naissance Galleria, LLC
c/o Law Office of Nima Taherian
701 N Post Oak Rd Ste 216
Houston, TX 77024

H.N.B. Construction, LLC
c/o Malcolm D. Dishongh
P O Box 2347
Humble, TX 77347-2347

CC2 TX, LLC
14800 Landmark Blvd Ste 400
Dallas, TX 75254

MacGeorge Law Firm
2921 E 17th St Bldg D Ste 6
Austin, TX 78702
(*Returned to Sender / Unable to Forward*)

MacGeorge Law Firm
701 Tillery Street Ste 12
Austin, TX 78702

**Executory Contract Counterparties:**
2425 West Loop LLC dba Metwall Design
Solutions LLC
2425 West Loop South Ste 800
Houston, TX 77027-4214
(*Returned to Sender / Unable to Forward*)

2425 WL, LLC
13498 Pond Springs Rd
Austin, TX 78729-442
(*Returned to Sender / Unable to Forward*)

2425 WL, LLC
700 Lavaca Street Ste 1401
Austin, TX 78701
(*Returned to Sender / Unable to Forward*)

Bankable Equities
2425 West Loop South Ste 600
Houston, TX 77027-4203

Boho Lounge
2425 West Loop South Ste 100
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

CNA Insurance Company
P O Box 74007619
Chicago, IL 60674

Eyebrows 4UTX LLC
2425 West Loop South Ste 340b
Houston, TX 77027-4205

First Insurance Funding
450 Skokie Blvd
Northbrook, IL 60062

G3 Global Services LLC
2425 West Loop South Ste 310
Houston, TX 77027-4208

Galloworks
2425 West Loop South Ste 400
Houston, TX 77027-4205

4868-8377-7229.v1

Jetall Companies Inc.
2425 West Loop South Ste 1100
Houston, TX 77027-4210

Kudrath Enterprises PLLC
2425 West Loop South Ste 350
Houston, TX 77027-4208

Nationwide Investigations & Security Inc.
2425 West Loop South Ste 300
Houston, TX 77027-4207
(*Returned to Sender / Unable to Forward*)

Shah Sloan LLC
2425 West Loop South Ste 501, 503 and 523
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

SIBS International Inc.
2425 West Loop South Ste 900
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

SIBS International Inc.
2425 West Loop South Ste 350
Houston, TX 77027
(*Returned to Sender / Unable to Forward*)

SprintCom Inc.
2425 West Loop South, Rooftop
Houston, TX 77027-4205
(*Returned to Sender / Unable to Forward*)

St. Christopher Holdings GP LLC
2425 West Loop South Ste 700
Houston, TX 77027-4205

UL Therapy
2425 West Loop South Ste 315
Houston, TX 77027-4211
(*Returned to Sender / Unable to Forward*)

Uptown Cosmetic and Implant Dentistry
2425 West Loop South Ste 333
Houston, TX 77027-4211

**Parties Requesting Notice:**

Jeannie Lee Andressen
Tara Grundemeier
Linebarger Goggan Blair & Sampson LLP
P O Box 3064
Houston, TX 77253-3064
*Counsel for City of Houston, Houston Community College System, and Houston ISD*

Rodney Lee Drinnon
McCathern Houston
2000 West Loop South Ste 1850
Houston, TX 77027
*Counsel for Rodney Drinnon*

Susan Fuertes
Harris County Attorney's Office
P O Box 2928
Houston, TX 77252-2928
*Counsel for Harris County, Attn: Property Tax Division*

James Robert MacNaughton
Porter & Powers PLLC
5900 Memorial Drive Ste 305
Houston, TX 77027
*Counsel for 2425 West Loop, LLC*
(*Returned to Sender / Unable to Forward*)

James Robert MacNaughton
Porter & Powers PLLC
1776 Yorktown St Ste 300
Houston, TX 77056
*Counsel for 2425 West Loop, LLC*
(*Returned to Sender / Unable to Forward*)

James Robert MacNaughton
Porter Firm, PLLC
2221 S. Voss Road, Suite 200
Houston, TX 77057
*Counsel for 2425 West Loop, LLC*

4868-8377-7229.v1

Stephen Wayne Sather
Mark E. Smith
Barron Newburger, P.C.
7320 N Mopac Expy Ste 400
Austin, TX 78731
*Counsel for 2425 WL, LLC*

Howard Marc Spector
Spector & Cox, PLLC
12770 Coit Road Ste 850
Dallas, TX 75251
*Counsel for CC2 TX, LLC*

Broocks Wilson
Kean Miller LLP
711 Louisiana Suite 1800
Houston, TX 77002
*Counsel for Sonder USA Inc.*

Ali Choudhri
2425 West Loop South 11th Floor
Houston, TX 77027

David Tang
6711 Stella Link #343
West University Place, TX 77005
*Counsel for Azeemeh Zaheer*

Omar Khawaja
5177 Richmond Ave Ste 1065
Houston, TX 77056
*Counsel for Azeemeh Zaheer*

4868-8377-7229.v1

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 25, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-34815** |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | **CHAPTER 11** |

## <u>ORDER DENYING MOTION (ECF 810)</u>

Before the Court is the Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan filed by Ali Choudhri ("Choudhri") and the National Bank of Kuwait's ("NBK") Response to Ali Choudhri's Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan (ECF No. 824). For the following reasons the motion is denied, with prejudice.

Choudhri by motion seeks to challenge or modify the "gatekeeping provisions" of the confirmed Chapter 11 Plan in this case so that he can continue to litigate with NBK. The Court stresses that the effect of the confirmed plan was to end the vexatious litigation between entities controlled by Choudhri and NBK. Choudhri continues to raise factual and legal issues which this Court has already considered and rejected.

The confirmed plan is under appeal but not by Choudhri only by a company he controls. The Court doubts that Choudhri has standing to make the claims he makes by motion. Irrespective of his lack of standing, he like all parties are bound by the terms of the confirmed plan.[1] There was no stay pending appeal and the Court continues to stand on the record in this case. If this Court has erred in any of its "gatekeeping provisions" then it welcomes an appropriate appellate review, which the Court assumes is ongoing. However, it will not revisit factual and legal issues that it has already litigated. The Court cannot sufficiently stress that Choudhri continues to raise and argue the same basic facts and claims that this Court has found lacked foundation and merit.

Choudhri's claims the Court has not considered the factual and legal arguments he makes in his motion. The Court strongly rejects any such claim. The Court has had ample opportunity to assess Mr. Choudhri's factual and legal arguments and has repeatedly rejected them. Choudhri's purpose for pursuing these claims is improper and clearly vexatious.

---

[1] Section 1141(a) of the Bankruptcy Code explicitly states that a confirmed plan is binding on all parties.

The motion is all things denied, with prejudice. The movant is warned that future ongoing litigation at the trial court level is subject to sanctions by this Court.

**SO ORDERED.**

SIGNED 11/25/2024

_____

Jeffrey Norman
United States Bankruptcy Judge

## THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | ) ) | Case No. 23-34815 |
| Debtor. | ) ) ) | |

## ALI CHOUDHRI'S STATEMENT OF THE ISSUES AND DESIGNATION OF ITEMS FOR RECORD ON APPEAL OF GATEKEEPING ORDER (DKT NO. 833)

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure, Creditor 2425 WL, LLC hereby submits this: (a) Statement of the Issues Presented on Appeal; and (b) Designation of Items to be Included on Record on Appeal in connection with their appeal of the following order:

a. "Order Denying Motion (ECF 810) dated November 25, 2024 (Dkt. No. 833).

That appeal is before the United States District Court for the Southern District of Texas: 4:24-cv-4836.

## ISSUES ON APPEAL

On November 25, 2024, the Court denied the Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan filed by Ali Choudhri, and

ordered that Choudhri refrain from "future ongoing litigation" against the National Bank of Kuwait, S.A.K.P., New York Division, in the following cases:

> *Naissance Galleria, LLC v. Zaheer, et al*., Cause No. 2023- 43755, pending in the 80th District Court of Harris County, Texas;

> *Galleria 2425, LLC, Naissance Galleria, LLC and Choudhri v. NBK*, Adversary Case No. 23-06009, pending in this Court; and

> *Choudhri v. NBK and Zaheer*, Adversary Case No. 23-03263, pending in this Court.

This order gives rise to the following issue:

I.    Did the Court have legal, factual, or evidentiary grounds to force Choudhri and entities associated with him to refrain from pursuing the above-mentioned claims against the Bank of Kuwait?

**DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

The following items from the bankruptcy case and adversary proceeding are to be included in the record on appeal. Each designated item shall also include any and all exhibits and documents annexed to and referenced within such items.

| Dkt. No. | DESCRIPTION |
|---|---|
|  | Docket Report |
| 1 | Chapter 11 Voluntary Petition Non-Individual Fee Amount $1738 Filed by Galleria 2425 Owner, LLC. Chapter 11 Plan (Small Business) (dated 12/05/2024) |
| 758 | Emergency Motion of National Bank of Kuwait, S.A.K.P., New York Branch's Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan (filed 10/02/2024) |
| 759 | Order Setting Hearing (entered 10/02/2024) |
| 771 | Supplement to Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan (filed 10/08/2024) |

| 778 | Proposed Order RE: Agreed Order Granting Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan (dated 10/10/2024) |
| 779 | Order Granting Emergency Motion to Enforce the Gate-Keeping Provisions of the Confirmed Chapter 11 Plan (entered 10/10/2024) |
| 802 | Motion to Comply with the Gatekeeping Provision of the Confirmed Chapter 11 Plan Filed by Creditor Ali Choudhri (filed October 30, 2024) |
| 804 | Order Denying Motion to Comply (entered 11/01/2024) |
| 810 | Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan (filed 11/04/2024) |
| 811 | Order Resetting Hearing (entered 11/05/2024) |
| 824 | NBK's Response to Ali Choudhri's Motion to Comply with the Gatekeeping Provisions of the Confirmed Chapter 11 Plan (filed 11/20/2024) |
| 833 | Order Denying Motion (entered 11/25/2024) |
| 887 | Notice of appeal (filed 12/09/2024) |

Appellant reserves the right to amend, modify, and/or supplement the foregoing statement of issues and designations and/or object, or otherwise supplement or move to strike or modify, some or all of the appellees' counter-designation of additional items to be included in the record on appeal and/or cross-statement of issues on appeal. This filing is made expressly subject to, and without waiver of any and all rights, remedies, challenges, and objections.

Respectfully submitted,

*/s/ J. Carl Cecere*

J. Carl Cecere
State Bar No. 13268300
(admitted pro hac vice)
**Cecere PC**
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455

*Attorneys for 2425 WL, LLC and
Ali Choudhri*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 23rd day of December, 2024, a true and correct copy of the foregoing was served on the following in accordance with the CM/ECF e-filing system, and upon all others who have consented to service in this case by registering to receive notices in this case through the CM/ECF e-filing system.

Reese W Baker
Baker & Associates
950 Echo Lane, Ste 300
Houston, TX 77024
(713) 869-9200
Fax : (713) 869-9100
courtdocs@bakerassociates.net

James Q. Pope
The Pope Law Firm
6161 Savoy Drive
Ste 1125
Houston, TX 77036
(713) 449-4481
ecf@thepopelawfirm.com

Jeffrey W Steidley
Steidley Law Firm
3000 Weslayan St., Ste 200
Houston, TX 77027
(713) 523-9595
Jeff@texlaw.us

Christopher R. Murray
Jones Murray LLP
602 Sawyer St., Ste 400
Houston, TX 77007
(832) 529-1999
Fax: (832) 529-3393
chris@jonesmurray.com

R. J. Shannon
Shannon & Lee LLP
2100 Travis St, Ste 1525
Houston, TX 77002
(713) 714-5570
rshannon@shannonleellp.com

Kyung Shik Lee
Shannon and Lee LLP
2100 Travis St., Ste. 1525
Houston, TX 77002
(713) 301-4751
klee@shannonleellp.com

Charles C. Conrad
Ryan Steinbrunner
Pillsbury Winthrop Shaw Pittman
609 Main St. Ste 2000
Houston, TX 77002
(713) 276-7600
Fax: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

Andrew M. Troop
Patrick E. Fitzmaurice
Kwame O. Akuffo
Pillsbury Winthrop Shaw Pittman
31 West 52nd Street
New York, NY  10019-6131
(212) 858-1000
Fax: (212) 858-1500
Andrew.troop@pillsburylaw.com
Patrick.fitzmaurice@pillsburylaw.com

*/s/ J. Carl Cecere*

**J. Carl Cecere**