# THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **GALLERIA 2425 OWNER, LLC,** | ) | **Case No. 23-34815** |
| Debtor. | ) | |
| **ALI CHOUDHRI,** | ) | |
| Appellant, | ) | |
| v. | ) | **Civil Action No. 4:24-cv-04836** |
| **NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH,** | ) | |
| Appellee. | ) | |

## APPENDIX

J. Carl Cecere
State Bar No. 13268300
(admitted pro hac vice)
**Cecere PC**
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455
ccecere@cecerepc.com

*Counsel for Appellant Ali Choudhri*

**TABLE OF CONTENTS**

Order Confirming Chapter 11 Plan of Liquidation of the Debtor
    by National Bank of Kuwait, S.A.K.P. New York Branch (Bankr. Dkt. 566),
    filed June 22, 2024 ...................................................................................App. 1

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 23, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties who are deemed to have consented to ECF electronic service, and via email to those listed below.

Christopher R Murray
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007
832-529-1999
Fax : 832-529-3393
chris@jonesmurray.com

Charles C. Conrad
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

R. J. Shannon
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002
713-714-5770
rshannon@shannonleellp.com

Andrew M. Troop
Patrick E. Fitzmaurice
Kwame O. Akuffo
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

*/s/ J. Carl Cecere*
J. Carl Cecere

1

App.1

United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 22, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-34815** |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | **CHAPTER 11** |
| | § | |

**ORDER CONFIRMING CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTOR
BY NATIONAL BANK OF KUWAIT, S.A.K.P. NEW YORK BRANCH**

**BASED ON THE COURT'S MEMORANDUM OPINION, IT IS HEREBY ORDERED THAT:**

**A. Findings of Fact and Conclusions of Law** The findings of fact and conclusions of law set forth in the Court's Memorandum Opinion are hereby incorporated by reference as though fully set forth herein and constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014.

**B. Eligibility for Relief** The Debtor was and is eligible for relief under section 109 of the Bankruptcy Code.

**C. Confirmation** The Plan is confirmed under section 1129 of the Bankruptcy Code. The Plan Supplement is incorporated by reference into, and is an integral part of, the Plan and this Confirmation Order, and is authorized and approved. NBK is authorized to implement and consummate the Plan, including taking all actions necessary or appropriate to effectuate the Plan, without further authorization except as may be required by the Plan or this Confirmation Order.

**D. Objections** All objections, responses, reservations, statements, and comments to the Plan, other than those resolved, adjourned, or withdrawn with prejudice prior to, or on the record at, the Confirmation Hearing, are overruled on the merits in all respects. All withdrawn objections, if any, are deemed withdrawn with prejudice. All objections to Confirmation not filed and served prior to the deadline for filing objections to the Plan set forth in the Confirmation Hearing Notice, if any, are deemed waived and will not be considered by the Court.

**E. Binding Effect** Effective as of entry of this Confirmation Order and subject to the occurrence of the Effective Date, the Plan, the Plan Supplement, and this Confirmation Order shall bind any Holder of a Claim or Interest and such Holder's respective successors and assigns, whether or not: (a) the Claim or Interest is impaired under the Plan; (b) such Holder has accepted the Plan; (c) such Holder has failed to vote to accept or reject the Plan or voted to reject the Plan; (d) such Holder is entitled to a distribution under the Plan; (e) such Holder will receive or retain any property or interests in property under the Plan; and (f) such Holder has filed a Proof of Claim in this Chapter 11 Case. The Plan, the Plan Supplement, and this Confirmation Order constitute

1 / 7

legal, valid, binding, and authorized obligations of the respective parties and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan, the Plan Documents, and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

**F. Plan Classification Controlling** The terms of the Plan shall govern the classification of Claims and Interests for purposes of distributions to be made thereunder. The classification set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth thereon solely for the purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on NBK or the Chapter 11 Trustee except for voting purposes.

**G. Allowance of Claims** As provided in Article VII of the Plan, no Claim is or shall be deemed Allowed until the later of the Claims Objection Deadline or the expiration of some other applicable period of limitation fixed by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Court, unless otherwise ordered by a Final Order of the Bankruptcy Court or Allowed pursuant to the Plan.

**H. Effective Date** Except as otherwise provided herein, upon the occurrence of the Effective Date, the terms of the Plan, the Plan Supplement, and this Confirmation Order shall be immediately effective and enforceable and deemed binding upon the Estate, the Liquidation Trust, and any and all Holders of Claims against or Interests in the Debtor (irrespective of whether their Claims or Interests are presumed to have accepted or deemed to have rejected the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor.

**I. Distributions** All distributions pursuant to the Plan shall be made in accordance with Article VII of the Plan, and such methods of distribution are approved. The Distribution Agent shall have no duty or obligation to make distributions to any Holder of an Allowed Claim unless and until such Holder executes and delivers, in a form acceptable to the Distribution Agent, any and all documents applicable to such distributions in accordance with Article VI of the Plan.

**J. Retained Assets** Pursuant to Article VI of the Plan, except as otherwise provided in the Plan or in any contract, instrument, release, indenture or other agreement entered into in connection with the Plan, in accordance with Bankruptcy Code § 1123(b)(3), any claims, Causes of Action, defenses and counterclaims that the Debtor may hold against any Person, shall vest in the Liquidation Trust, and the Liquidation Trustee shall retain and may exclusively enforce any and all such claims, causes of action, defenses and counterclaims.

**K. Treatment of Executory Contracts and Unexpired Leases** Notwithstanding any provision in the Plan to the contrary, all Executory Contracts and Unexpired Leases are deemed rejected

2 / 7

unless (i) described in the Plan as to be assumed in connection with Confirmation, (ii) identified on the Schedule of Contracts/Leases, (iii) subject to a motion by the Chapter 11 Trustee to assume (or assume and assign) as of the Effective Date, and (iv) entered into in connection with the Plan. Entry of this Confirmation Order shall constitute a Court order approving the rejection of such executory contracts or unexpired leases, as applicable.

**L. Exemption From Transfer Taxes** To the fullest extent applicable and permitted by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making of delivery of an instrument of transfer, provided under the Plan, from the Estate to NBK or any other Person pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax or governmental assessment. The appropriate federal, state or local governmental officials or agents are directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the instruments or other documents as set forth in the Plan without the payment of any such tax or governmental assessment.

**M. Filing and Recording** This Confirmation Order is, and shall be, binding upon and shall govern the acts of all persons or entities including all filing agents, filing officers, title agents, title companies, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.

Each and every foreign, federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, advisable, or appropriate (including financing statements under the applicable uniform commercial code) to effectuate, implement, and consummate the transactions under the Plan.

**N. Tax Withholding** In accordance with the provisions of the Plan and subject to Article VII.G of the Plan, to the extent applicable, the Distribution Agent shall comply with all tax withholding and reporting requirements imposed on it by any Governmental Unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Distribution Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding distributions pending receipt of information necessary to facilitate such distributions, or establishing any other mechanisms the Distribution Agent believes is reasonable and appropriate.

**O. Discharge of Claims and Termination of Interests; Compromise and Settlement of Claims, Interests and Controversies** Pursuant to section 1141(d) of the Bankruptcy Code and except as otherwise specifically provided in the Plan or this Confirmation Order, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations

3 / 7

of, rights against, and Interests in the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests, including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (i) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (ii) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (iii) the Holder of such a Claim or Interest voted to accept or reject the Plan.

This Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date, and all actions taken to effectuate the Plan, including by any agent, shall be given the same effect as if such actions were performed under the applicable nonbankruptcy laws that govern the documents under which such agent was appointed. In accordance with the provisions of the Plan, pursuant to Bankruptcy Rule 9019 and without any further notice to or action, order, or approval of the Court, after the Effective Date, the Liquidation Trustee may compromise and settle Claims against, and Interests in, the Debtor and its Estate and Causes of Action against other Entities.

**P. Releases, Injunction, Exculpation and Related Provisions Under the Plan** Except to the extent modified by this Confirmation Order, the releases, injunctions, exculpations, and related provisions in Article IX of the Plan are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order of this Court or any other party.

The injunction provision in Article IX.E of the Plan will be immediately effective on the Effective Date and is (i) within the jurisdiction of this Court; (ii) necessary to preserve and enforce the exculpation provision in Article IX.C of the Plan, the Estate Release in Article IX.D of the Plan, and the compromises and settlements implemented under the Plan; and (iii) are narrowly tailored to achieve these purposes. Notwithstanding any provision in the Plan, including Article IX.C of the Plan and the definition of Exculpated Party contained in Article I.A.39 of the Plan, "Exculpated Parties" shall mean only the Chapter 11 Trustee and any Related Parties of the Chapter 11 Trustee.

**Q. Post-Confirmation Notice** In accordance with Bankruptcy Rules 2002 and 3020(c), no later than seven (7) days after the Effective Date, NBK shall cause a notice of Confirmation and occurrence of the Effective Date, substantially in the form attached as Exhibit B (the "Notice of Confirmation and Effective Date") to be served on all parties served with the Confirmation Hearing Notice by email or U.S. first-class mail, postage prepaid. The Notice of Confirmation and Effective Date will have the effect of an order of the Court, will constitute sufficient notice of entry of this Confirmation Order and occurrence of the Effective Date to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable nonbankruptcy law.

**R. Cancellation of Interests** Pursuant to Article III of the Plan, on the Effective Date, all Interests shall be deemed automatically cancelled and extinguished.

**S. Distribution Record Date** The record date for purposes of making distributions under the Plan on account of Allowed Claims shall be the Confirmation Date or such other date as is announced by the Chapter 11 Trustee, the Liquidation Trustee or another designated party in a Final Order.

**T. Ad Valorem Taxes** Notwithstanding any provision in the Plan to the contrary, on the Effective Date, any claim held by a governmental unit and Caz Creek TX, LLC for *ad valorem* taxes shall be paid statutory interest accruing from the Petition Date until such taxes are paid in full; *provided*, that any and all *ad valorem* statutory tax liens held by a governmental unit and Caz Creek TX, LLC, whether for prepetition or postpetition tax years, shall be retained until the *ad valorem* taxes are paid in full.

**U. Post-Confirmation Sale of Property** Notwithstanding any provision in the Plan to the contrary, the Bankruptcy Court will consider approval of the sale of the Property post-confirmation and for the sake of a clean record, will enter a separate Final Order with respect to the sale at that time.

**V. Effect of Confirmation Order and Other Orders** Unless expressly provided for herein, nothing in the Plan or this Confirmation Order shall affect any orders entered in this Chapter 11 Case.

**W. Inconsistency** In the event of an inconsistency between the Plan and the Disclosure Statement, the terms of the Plan shall control in all respects. In the event of an inconsistency between the Plan and the Plan Supplement, the terms of the relevant document in the Plan Supplement shall control (unless stated otherwise in the Plan Supplement or in this Confirmation Order). In the event of any inconsistency between any of the Plan, Plan Supplement, or the Disclosure Statement on the one hand, and this Confirmation Order on the other hand, this Confirmation Order shall control.

**X. Injunctions and Automatic Stay** Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in this Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on this Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order), shall remain in full force and effect through and including the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

**Y. Authorization to Consummate** NBK and to the extent required the Chapter 11 Trustee are authorized to consummate the Plan and finalize and implement the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver of the conditions precedent to consummation set forth in Article VIII of the Plan.

5 / 7

**Z. Substantial Consummation** On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101(2) and 1127(b) of the Bankruptcy Code.

**AA. Severability** Except as set forth in Article VIII of the Plan, the provisions of the Plan, including its release, injunction, exculpation and compromise provisions are mutually dependent and nonseverable. This Confirmation Order constitutes a judicial determination and hereby provides that each term and provision of the Plan are: (i) valid and enforceable pursuant to their terms; (ii) integral to the Plan and may not be deleted or modified without NBK's consent; and (iii) nonseverable and mutually dependent.

**BB. Effect of Non-Occurrence of Effective Date** If the Effective Date does not occur, the Plan shall be null and void in all respects, and nothing contained in the Plan, the Disclosure Statement, or this Confirmation Order shall (i) constitute a waiver or release of any Claims by or Claims against or Interests in the Debtor; (ii) prejudice in any manner the rights of NBK, any Holders of Claims or Interests, or any other Entity; or (iii) constitute an admission, acknowledgment, offer, or undertaking by NBK, any Holders of Claims or Interests, or any other Entity in any respect.

**CC. Chapter 11 Trustee's Actions Post-Confirmation Through the Effective Date** Until the Effective Date, the Chapter 11 Trustee shall continue to manage the estate, subject to the Court's oversight as provided under the Bankruptcy Code, the Bankruptcy Rules, and this Confirmation Order and any order of the Court that is in full force and effect.

**DD. Reports** After the Effective Date, the Chapter 11 Trustee has no obligation to file with this Court or serve on any parties reports that the Estate was obligated to file under the Bankruptcy Code or a prior order of the Court, including monthly operating reports (except for any periods for which a monthly operating report was not filed before the Confirmation Date), ordinary course professional reports, and monthly or quarterly reports for Professionals; *provided*, *however*, that the Chapter 11 Trustee shall continue to comply with the U.S. Trustee's quarterly reporting requirements.

**EE. Conditions to Effective Date** The Plan shall not become effective unless and until the conditions in Article VIII.B of the Plan have been satisfied or waived pursuant to Article VIII.C of the Plan.

**FF. Waiver of Stay** Notwithstanding any Bankruptcy Rule (including Bankruptcy Rules 3020(e) and 6004(h)), this Confirmation Order is effective immediately and not subject to any stay, sufficient cause having been shown.

**GG. Modification of Plan Supplement** Subject to the terms of the Plan and this Confirmation Order, NBK is authorized to modify and amend the Plan Supplement through and including the Effective Date, and to take all actions necessary and appropriate to effectuate the transactions contemplated therein.

**HH. Post-Confirmation Modification of the Plan** Subject to the terms of the Plan and this Confirmation Order, NBK is authorized to amend or modify the Plan at any time prior to the

6 / 7

substantial consummation of the Plan without further order of this Court, but only in accordance with section 1127 of the Bankruptcy Code and Article XI.H of the Plan.

**II. No Waiver/References to and Omissions of Plan Provisions** References to articles, sections, documents and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan. The failure to include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, document or provision nor constitute a waiver thereof, an such article, section, document or provision shall have the same validity, binding effect, and enforceability as every other article, section, document, or provision of the Plan, it being the intent of the Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

**JJ. Reservation of Rights** The filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by NBK with respect to the Plan shall not be deemed to be an admission or waiver of any rights of NBK, the Chapter 11 Trustee, the Liquidation Trustee, or any other Person with respect to Claims against and Interests in the Debtor.

**KK. Final Order** The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

**LL. Retention of Jurisdiction** Notwithstanding the entry of this Confirmation Order, from and after the Effective Date, this Court shall retain exclusive jurisdiction over this Chapter 11 Case and all matters arising under, arising out of, or related to, this Chapter 11 Case, including all matters listed in Article XI of the Plan or addressed by this Confirmation Order, as well as for the purposes set forth in section 1142 of the Bankruptcy Code, to the fullest extent legally permissible.

Signed: June 22, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

7 / 7

**THE SOLICITATION MATERIALS ACCOMPANYING THE PLAN OF LIQUIDATION HAVE NOT BEEN APPROVED BY THE BANKRUPTCY COURT AS CONTAINING "ADEQUATE INFORMATION" WITHIN THE MEANING OF 11 U.S.C. § 1125(a). NBK EXPECTS TO SEEK AN ORDER OF THE BANKRUPTCY COURT, AMONG OTHER THINGS: (1) APPROVING THE SOLICITATION OF VOTES AS HAVING BEEN IN COMPLIANCE WITH 11 U.S.C. § 1126(b); AND (2) CONFIRMING THE PLAN OF LIQUIDATION PURSUANT TO 11 U.S.C. § 1129.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **GALLERIA 2425 Owner, LLC** | § | **Case No. 23-34815 (JPN)** |
| | § | |
| **Debtor.** | § | **Chapter 11** |
| | § | |
| | § | |

---

### CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTOR BY
### NATIONAL BANK OF KUWAIT S.A.K.P., NEW YORK BRANCH

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Phone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

*Counsel for National Bank of Kuwait, S.A.K.P., New York Branch*

**PILLSBURY WINTHROP SHAW PITTMAN LLP**
Andrew M. Troop
Federal Bar No. MA547179
Patrick E. Fitzmaurice (admitted *pro hac vice*)
Kwame O. Akuffo (admitted *pro hac vice*)
31 West 52nd Street
New York, NY 10019
Phone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

**INTRODUCTION**

National Bank of Kuwait, S.A.K.P., New York Branch, proposes this Chapter 11 Plan of Liquidation pursuant to the provisions of the United States Bankruptcy Code for the resolution of Debtor's outstanding Claims and Interests. All Holders of Claims and Interests are encouraged to read the Plan and any exhibits or supplements attached hereto, or filed by NBK in conjunction with the Plan, in their entirety before voting to accept or reject the Plan.

As set forth more fully below, the Plan proposes that the Debtor's Property be sold through a public auction run by the Chapter 11 Trustee. Pursuant to the Purchase Agreement, NBK has agreed to purchase the Property through a credit bid in the amount of $18,600,000, subject to any higher and better offers that may be received; NBK reserves the right to increase its credit bid.

In general, the Plan provides that if NBK is the Successful Bidder, NBK will make a Cash contribution to the Estate in an amount sufficient to (i) satisfy in full Other Secured Claims and Other Priority Claims; (ii) pay 70% of the Trade General Unsecured Claims in Cash on or after the Effective Date; and (iii) fund the Liquidation Trust. If NBK is not the Successful Bidder, then the Plan provides that the foregoing sums will be paid out of the third-party Purchase Price with the balance being paid to NBK on account of its secured claim against the Debtor.

Capitalized terms not defined in this Introduction shall have the meanings ascribed to them in Article I of the Plan.

PLEASE READ THE PLAN CAREFULLY WITH RESPECT TO HOW YOUR RIGHTS MAY BE AFFECTED.

**ARTICLE I**
**DEFINITIONS AND CONSTRUCTION OF TERMS**

**A. Defined Terms**

1. *Action* means Causes of Action and Avoidance Actions.

2. *Administrative Claim* means any Claim constituting a cost or expense of administration of the Chapter 11 Case under Bankruptcy Code section 503(b) and that is entitled to priority under Bankruptcy Code section 507(a), including, inter alia, any actual and necessary expenses of preserving the estate, and all fees and charges assessed against the bankruptcy estate under Chapter 123 of Title 28, United States Code.

3. *Affiliate* has the meaning set forth in Bankruptcy Code section 101(2).

4. *Allowed* means any Claim or Interest: (a) that has been listed in the Debtor's Schedules as liquidated in amount and not disputed or contingent and for which no contrary Proof of Claim has been filed or with respect to which no objection has been filed; (b) expressly allowed (i) by a stipulation with the Chapter 11 Trustee executed before the Confirmation Date and approved by the Court regarding the amount and nature of such Claim, (ii) by a stipulation with the Liquidation Trustee executed after the Confirmation Date and, if necessary, approved by the Court regarding the amount and nature of such Claim or (iii) in any contract or other agreement

2

entered into or assumed in connection with the Plan; (c) related to a rejected executory contract or unexpired lease that is (i) not a Disputed Claim or (ii) has been allowed by a Final Order; or (d) expressly allowed by a Final Order or pursuant to the Plan.

5.    ***Allowed Claim*** means a Claim that is Allowed.

6.    ***Auction*** means the sale of the Property that was held in accordance with the Sale and Bid Procedures.

7.    ***Avoidance Actions*** means any and all Causes of Action which a trustee, debtor in possession, the Estate or other appropriate party in interest may assert under Bankruptcy Code sections 502, 510, 541, 542, 543, 544, 545, 547, 548, 549, 550, 551, or 553 (other than those which are released or dismissed as part of and pursuant to the Plan) or under other similar or related state or federal statutes or common law, including fraudulent conveyance laws.

8.    ***Bankruptcy Code*** means Title 11 of the United States Code, as amended from time to time.

9.    ***Bankruptcy Rules*** means the Federal Rules of Bankruptcy Procedure, as amended from time to time and made applicable to the Chapter 11 Case.

10.    ***Broker*** means JLL or other broker engaged by the Chapter 11 Trustee to market the Property.

11.    ***Business Day*** means any day, other than a Saturday, Sunday, or a legal holiday, as defined in Bankruptcy Rule 9006(a).

12.    ***Cash*** means the legal tender of the United States of America or the equivalent thereof, including bank deposits, checks, and cash equivalents, as applicable.

13.    ***Cash Contribution*** means the Cash contribution set forth in Article VI(C).

14.    ***Cause of Action*** means any and all actions, Claims, rights, defenses, third party claims, damages, executions, demands, crossclaims, counterclaims, suits, choses in action, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment and claims whatsoever, whether known, unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, Disputed, undisputed, secured or unsecured and whether asserted or assertable directly, indirectly or derivatively, at law, in equity or otherwise, including, but not limited to, the Avoidance Actions.

15.    ***Chapter 11 Case*** means the chapter 11 case filed by the Debtor on the Petition Date.

16.    ***Chapter 11 Trustee*** means Christopher R. Murray, solely in his capacity as such.

17.    ***Claim*** has the meaning set forth in Bankruptcy Code section 101(5).

18.    ***Claims Objection Deadline*** means the deadline for objecting to filed Proofs of Claims or scheduled claims, which shall be the sixtieth (60) day following the later of (a) the

3

Effective Date and (b) the date that a Proof of Claim is filed or amended or a Claim is otherwise asserted or amended in writing by or on behalf of a holder of such Claim, as the same may be extended by time to time in accordance with Article VII(D).

19.    *Claimant* means the Holder of a Claim.

20.    *Class* means a category of Holders of Claims or Interests as classified in the Plan.

21.    *Confirmation Date* means the date on which the Court enters the Confirmation Order.

22.    *Confirmation Hearing* means the hearing at which the Court will consider confirmation of the Plan, as such hearing may be adjourned or continued from time to time.

23.    *Confirmation Order* means the order of the Court confirming the Plan.

24.    *Court* means the United States Bankruptcy Court for the Southern District of Texas, Houston Division, or in the event such court ceases to exercise jurisdiction over the Chapter 11 Case, such court as may have jurisdiction with respect to the liquidation of Debtor under Chapter 11 of the Bankruptcy Code.

25.    *Cure Costs* means the payment of Cash by the Purchaser necessary to cure a default of an executory contract or unexpired lease pursuant to Bankruptcy Code section 365(b).

26.    *Debtor* means Galleria 2425 Owner, LLC.

27.    *Disallowed* means, with respect to any Claim or Interest, that such Claim or Interest: (a) has been withdrawn by agreement of the Debtor and the Holder thereof; (b) has been withdrawn by the Holder thereof; (c) has been disallowed by Final Order; or (d) specified in a provision of the Plan not to be Allowed.

28.    *Disallowed Claim* means a Claim, or any portion thereof, that is Disallowed.

29.    *Disclosure Statement* means the disclosure statement for the Plan, as the Disclosure Statement may be amended, supplemented or otherwise modified from time to time, including all exhibits and schedules thereto and references therein that relate to the Plan, that is prepared and distributed in accordance with the Bankruptcy Code, the Bankruptcy Rules and applicable law.

30.    *Disputed* means, with respect to any Claim or Interest, any Claim or Interest that is not yet Allowed.

31.    *Disputed Claim* means a Claim, or any portion thereof, that is Disputed. Under the Plan, a Claim that has been neither Allowed nor Disallowed shall be considered a Disputed Claim.

32.    *Distribution* means a distribution of Cash from the Liquidation Trustee on account of an Allowed Claim.

33.    *Distribution Account Claims* has the meaning set forth in Article VI(E).

4

34.      ***Distribution Agent*** means the Liquidation Trustee who shall make Distributions and transfers in accordance with the Plan.

35.      ***Effective Date*** means the first Business Day following the date on which all conditions to consummation set forth in Article VIII(B) have been satisfied or waived pursuant to Article VIII(C).

36.      ***Entity*** has the meaning set forth in Bankruptcy Code section 101(15).

37.      ***Estate*** means the estate of the Debtor as defined in section 541 of the Bankruptcy Code.

38.      ***Estate Assets*** means all legal or equitable interests as defined in Bankruptcy Code section 541 or the Plan belonging to the Estate.

39.      ***Exculpated Party*** means: (a) the Chapter 11 Trustee; (b) NBK; (c) the Liquidation Trustee; (d) the Distribution Agent; (e) the Purchaser; (f) each current and former Affiliate of each Entity in clause (a) through the following clause (g); and (g) each Related Party of each Entity in clause (a) through this clause (g).

40.      ***Final Decree*** means the decree contemplated under Bankruptcy Rule 3022.

41.      ***Final Order*** means an order or judgment of the Court as entered on the docket in the Chapter 11 Case, or other court of competent jurisdiction, the operation or effect of which has not been stayed, reversed or amended, and as to which order or judgment (or any reversal, modification or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending; *provided*, *however*, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be filed with respect to such order, shall not cause an order not to be a Final Order.

42.      ***General Unsecured Claim*** means an Unsecured Claim which is not entitled to priority under the Bankruptcy Code, including the NBK Deficiency Claim.

43.      ***Holder*** means a Person or an Entity holding a Claim against or an Interest in the Debtor.

44.      ***Impaired*** means, with respect to a Claim or Interest, or Class of Claims or Interests, "impaired" within the meaning of sections 1123(a)(4) and 1124 of the Bankruptcy Code.

45.      ***Insider*** has the meaning set forth in section 101(31) of the Bankruptcy Code.

46.      ***Insider Claims*** means Claims that are held by Insiders. For the avoidance of doubt, the Insider Claims include the following:

5

| Reference | Claimant | C, D, UL | Est. Claim |
|---|---|---|---|
| POC No. 7 | 2425 WL, LLC | - | $22,968,231.58 |
| POC No. 21 | Ali Choudhri | - | $4,176,657.46 |
| POC No. 22 | Ali Choudhri | - | $1,844,500.45 |
| POC No. 20 | Jetall Companies Inc. | | $3,180,223.30 |
| POC No. 23 | Jetall Capital, LLC | - | $1,699,750.00 |
| | | TOTAL: | $33,869,362.79 |

47. **_Interest_** means any equity security (as defined in Bankruptcy Code section 101(16)) of Debtor, including, _inter alia_, any rights arising from the issued and outstanding membership interest or the right to purchase membership interest in Debtor.

48. **_JLL_** means Jones Lang LaSalle.

49. **_Lien_** has the meaning set forth in Bankruptcy Code section 101(37), and, with respect to any asset, includes, _inter alia_, any mortgage, lien, pledge, charge, security interest or other encumbrance of any kind, or any other type of preferential arrangement that has the practical effect of creating a security interest, in respect of such asset.

50. **_Liquidation Trust_** means the trust established under Article VI.

51. **_Liquidation Trust Agreement_** means the agreement to be executed among the Liquidation Trustee and the Chapter 11 Trustee establishing the Liquidation Trust.

52. **_Liquidation Trust Assets_** means any and all assets of the Liquidation Trust.

53. **_Liquidation Trust Fund_** means the Remaining Cash transferred to the Liquidation Trust and any other proceeds of the Liquidation Trust Assets.

54. **_Liquidation Trustee_** means the trustee of the Liquidation Trust.

55. **_NBK_** means National Bank of Kuwait, S.A.K.P., a banking corporation organized under the laws of Kuwait, acting through its New York branch.

56. **_NBK Deficiency Claim_** means the Claim of NBK set forth in Article III(B)(g).

57. **_NBK Tax Claim_** means the Claim of NBK in the aggregate amount of $1,696,384.85 for tax liens imposed against the Property for years 2019 and 2020 pursuant to the Texas Property Tax Code, which liens have been assigned to NBK under that certain confidential settlement agreement, dated August 22, 2022.

58. **_Objection Deadline_** means the deadline to object to any of: (a) the proposed Cure Costs set forth in the Schedule of Contracts/Leases; (b) the proposed assumption and assignment of any executory contract or unexpired lease; and (c) the proposed sale of the Property pursuant to

the Sale and Bid Procedures. The Objection Deadline shall be set forth in the notice of Auction (as defined in the Sale and Bid Procedures Final Order).

59. ***Other Priority Claim*** means any Claim against the Debtor entitled to priority in right of payment under section 507(a) of the Bankruptcy Code, excluding Administrative Claims, Professional Fee Claims, Priority Tax Claims or any Claim asserted by an Insider, Affiliate of the Debtor or Related Party to the Debtor.

60. ***Other Secured Claim*** means any Secured Claim against the Debtor, including a Claim of a governmental unit for the payment of *ad valorem* real property taxes that is secured by property of the Estate. For avoidance of doubt, Other Secured Claim does not include the NBK Secured Claim or any Secured Claim asserted by an Insider.

61. ***Other General Unsecured Claim*** means any Unsecured Claim against the Debtor that is not a Trade General Unsecured Claim, an Insider Claim, or a Subordinated Claim.

62. ***Person*** has the meaning set forth in section 101(41) of the Bankruptcy Code.

63. ***Petition Date*** means December 5, 2023, the date of filing of the Chapter 11 Case.

64. ***Plan*** means this Chapter 11 Plan of Liquidation with respect to the Debtor, as amended, modified, or supplemented from time to time, together with all addenda, exhibits, schedules, supplements or other attachments.

65. ***Plan Supplement*** means any supplement to this Plan that is filed with the Court prior to the Confirmation Hearing.

66. ***Purchaser*** means the buyer of the Property under the Purchase Agreement.

67. ***Purchase Agreement*** means that certain Asset Purchase Agreement dated as of April 10, 2024, as it may be modified or amended, by and among the Chapter 11 Trustee, as seller, and NBK, as stalking horse bidder or other buyer, which provides for the sale of the Property, and any schedules, exhibits or other documents attached thereto or contemplated thereby, in each case as amended from time to time in accordance with their terms.

68. ***Purchase Price*** has the meaning given to it in the Purchase Agreement.

69. ***Priority Claim*** means any Claim entitled to priority in payment pursuant to Bankruptcy Code section 507(a), excluding Administrative Claims or Priority Tax Claims.

70. ***Priority Tax Claim*** means any Claim entitled to priority in payment pursuant to Bankruptcy Code sections 502(i) and 507(a)(8).

71. ***Property*** means that certain real property located at 2425 West Loop South, Houston, Texas 77027.

72. ***Pro-Rata Share*** means the proportion that an Allowed Claim in a particular Class bears to the aggregate amount of Allowed Claims in that Class.

7

73. ***Professional*** means any professional employed in the Chapter 11 Case pursuant to Bankruptcy Code sections 327, 328 or 1103 or any professional or other Entity seeking compensation or reimbursement of expenses in connection with the Chapter 11 Case pursuant to Bankruptcy Code section 503(b)(4).

74. ***Professional Fee Claim*** means a Claim by a Professional seeking an award by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Confirmation Date under Bankruptcy Code sections 330 or 331.

75. ***Proof of Claim*** means a proof of Claim filed against the Debtor.

76. ***Quarterly Fees*** means fees payable to the U.S. Trustee.

77. ***Related Party*** means with respect to a Person, that Person's current and former, direct or indirect, directors, members, managers, officers, control persons, equity holders, partners, participants, managed accounts or funds, fund advisors or managers, investment managers, management companies, affiliates, predecessors, successors, assigns, subsidiaries, principals, employees, agents, trustees, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals and advisors, but does not include the Chapter 11 Trustee or Professionals employed by the Chapter 11 Trustee.

78. ***Released Parties*** means (a) the Chapter 11 Trustee; (b) NBK; (c) the Liquidation Trustee, and (d) each Related Party of each Entity in clause (a) through this clause (d). For avoidance of doubt, the Debtor, its current and former equity holders and their Affiliates and Related Parties are not Released Parties.

79. ***Releasing Parties*** means, collectively, and in each case solely in their capacity as such, each of the Released Parties.

80. ***Remaining Cash*** means the Cash transferred to the Liquidation Trust in accordance with Article VI(E).

81. ***Sale*** means the sale of the Property under the Sale and Bid Procedures.

82. ***Sale and Bid Procedures*** means the Final Order setting forth the requirements of a qualifying bidder and the manner in which bidding will occur at the Auction.

83. ***Schedules*** means, collectively, the (a) schedules of assets and liabilities and (b) statements of financial affairs filed pursuant to section 521 of the Bankruptcy Code filed at docket number 70 in the Chapter 11 Case.

84. ***Schedule of Contracts/Leases*** means the schedule of executory contracts and unexpired leases assumed by the Debtor and to be assigned to the Purchaser in connection with the Purchase Agreement, which schedule shall be an attachment to the Purchase Agreement.

85. ***Secured Claim*** means: (a) any Claim that is secured by a Lien on property in which the Estate has an interest, which Liens are valid, perfected and enforceable under applicable law or by reason of a Final Order, or that is subject to setoff under Bankruptcy Code section 553, to

8

the extent of the value of the creditor's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to Bankruptcy Code section 506(a); and (b) any Claim which is Allowed under the Plan as a Secured Claim.

86.     **Subordinated Claims** means any Claim that is not a Class 1, 2, 3, 4, 5 or 6 Claim/that is the Other Secured Claims, Priority Claims, the NBK Tax Claim, NBK Secured Claim, Trade General Unsecured Claims and Other General Unsecured Claims.

87.     **Successful Bid** means the offer accepted for the Property in accordance with the Sale and Bid Procedures.

88.     **Successful Bidder** means the Qualifying Bidder who makes the Successful Bid.

89.     **Trade General Unsecured Claims** means any Claim against the Debtor for goods and repair, maintenance, and utility services provided to the Debtor prior to the Petition Date by a party other than the Debtor, an Affiliate of the Debtor, or a Related Party to the Debtor.  For the avoidance of doubt, the Trade General Unsecured Claims include the following (subject to being Allowed pursuant to the procedures set forth in this Plan):

| Reference | Claimant | C, D, UL | Est. Claim |
|---|---|---|---|
| Sch. 3.2 | ADT | - | $1,487.00 |
| Sch. 3.4 | Ash Automated Control Systems, LLC | - | $1,548.31 |
| Sch. 3.5 | CFI Mechanical | - | $668.44 |
| POC No. 8 | Cirro Electric | - | $62,405.41 |
| Sch. 3.7 | City of Houston Water | - | $6,126.00 |
| Sch. 3.8 | CNA Insurance Co. | - | $0.00 |
| Sch. 3.9 | Comcast | - | $300.00 |
| Sch. 3.10 | Datawatch Systems | - | $22,900.00 |
| Sch. 3.11 | Environmental Coalition Inc. | D, UL | $800.00 |
| Sch. 3.12 | Ferguson Facilities Supplies | - | $2,001.00 |
| Sch. 3.13 | Firetron | - | $30,000.00 |
| Sch. 3.14 | First Insurance Funding | - | $5,507.36 |
| Sch. 3.17 | HNB Construction | D, UL | $84,853.00 |
| Sch. 3.19 | Kings 111 Emergency Communications | - | $315.00 |
| Sch. 3.21 | Logix Fiber Networks | - | $323.42 |
| Sch. 3.22 | Mueller Water Treatment | - | $950.00 |
| Sch. 3.23 | Nationwide Security | - | $32,549.70 |
| Sch. 3.25 | Smart Office Solutions | - | $1,877.00 |
| Sch. 3.26 | T&R Mechanical | - | $4,216.34 |

9

| Sch. 3.27 | TKE (TK Elevator Corporation) | - | $76,935.00 |
|---|---|---|---|
| Sch. 3.28 | Waste Management | - | $456.00 |
| Sch. 3.29 | Zindler Cleaning Service Co. | - | $4,221.00 |
| | | TOTAL: | $340,439.98 |

90. **_Transferred Actions_** means all Actions of the Estate other than Causes of Action and Avoidance Actions released, enjoined or exculpated under the Plan. All such Transferred Actions will be transferred to the Liquidation Trust on the Effective Date.

91. **_Unclaimed Property_** means any distribution of Cash or any other property made to the Holder of an Allowed Claim pursuant to the Plan that is returned to the Debtor, the Distribution Agent, or the Liquidation Trustee as undeliverable and no appropriate forwarding address is received prior to the date on which the Final Decree is entered in the Chapter 11 Case.

92. **_Unimpaired_** means a Claim that is not Impaired within the meaning of Bankruptcy Code section 1124.

93. **_Unsecured Claim_** means a Claim that is not a Secured Claim, other than Administrative Claims, Other Secured Claims, Priority Tax Claims, and Professional Fee Claims.

94. **_U.S. Trustee_** means the United States Trustee for Region 7.

**B.** **Exhibits and Schedules.** All exhibits and schedules to the Plan are incorporated into and are a part of the Plan.

**C.** **Rules of Interpretation and Construction.** For purposes of the Plan, (a) any reference in the Plan to an existing document or exhibit filed or to be filed means that document or exhibit as it may have been or may be amended, modified, or supplemented; (b) unless otherwise specified, all references in the Plan to sections, articles, and exhibits are references to sections, articles, or exhibits to the Plan; (c) the words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan in its entirety and not to any particular portion of the Plan; (d) captions and headings contained in the Plan are inserted for convenience and reference only, and are not intended to be part of or to affect the interpretation of the Plan; (e) wherever appropriate from the context, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine, or neutral gender shall include the masculine, feminine, and neutral gender; and (f) the rules of construction outlined in Bankruptcy Code section 102 and in the Bankruptcy Rules shall apply to the Plan. In addition, unless otherwise indicated herein, (i) all references to dollars are to United States dollars and (ii) all amounts set forth in the Plan, including, inter alia, with respect to shares, dollar amounts and percentages, shall be subject to rounding and other immaterial changes.

## ARTICLE II
## ADMINISTRATIVE AND PRIORITY CLAIMS

**A.** **Allowed Administrative Claims.** Except to the extent that a Holder of an Allowed Administrative Claim agrees to a different treatment, the Holders of Allowed Administrative

10

Claims will receive Cash equal to the unpaid portion of such Allowed Administrative Claim on the later of the (a) the Effective Date, (b) the date on which said Entity becomes a holder of such Allowed Administrative Claim, or (c) such date as such Entity may agree to with the Chapter 11 Trustee or Liquidation Trustee; *provided, however*, that Administrative Claims representing liabilities incurred in the ordinary course of business by the Estate or liabilities arising under other obligations incurred by the Estate whether or not incurred in the ordinary course of business, shall be paid by the Estate in accordance with the terms and subject to the conditions of any orders or agreements governing, instruments evidencing, or other documents relating to, such transactions.

**B.** **Administrative Claims Bar Date.** Notwithstanding Bankruptcy Code section 503(a), any person seeking payment of an asserted Administrative Claim under Bankruptcy Code section 503, other than a governmental unit seeking payment of an expense under sections 503(b)(1)(B) or (C), that was incurred on or before the Effective Date but which has not been paid as of the Effective Date, shall be required to file an application for the allowance of final payment of said claim on or before forty-five (45) calendar days after the Effective Date, and any such claim not filed by that date shall be forever barred and discharged. The provisions of this Article II shall apply to any Professional applying for the allowance and payment of a Professional Fee Claim.

**C.** **Allowed Priority Tax Claims.** Pursuant to section 1129(a)(9)(C) of the Bankruptcy Code, unless otherwise agreed by the Holder of an Allowed Priority Tax Claim and the Chapter 11 Trustee or Liquidation Trustee, as applicable, each Holder of an Allowed Priority Tax Claim will, in full and final satisfaction of that portion of its Allowed Priority Tax Claim that is due and payable on the Effective Date, either (i) receive Cash equal to the amount of such Allowed Claim on or after the Effective Date or (ii) otherwise be treated in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

Except for the Claims addressed in Article II, all Claims and Interests are classified in the Classes set forth below in accordance with Bankruptcy Code section 1122. A Claim or an Interest is classified in a particular Class for the purpose of receiving distributions under the Plan only to the extent that such Claim or Interest is an Allowed Claim or Interest in that Class and has not been paid, released, or otherwise satisfied prior to the Effective Date.

### A. Summary of Classification

Below is a summary of the classification of Claims against and Interests in the Debtor:

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Secured Claims | Unimpaired | Deemed to Accept |
| 2 | Other Priority Claims | Unimpaired | Deemed to Accept |
| 3 | NBK Tax Claim | Impaired | Deemed to Reject |
| 4 | NBK Secured Claim | Impaired | Entitled to Vote |
| 5(a) | Trade General Unsecured Claims | Impaired | Entitled to Vote |
| 5(b) | Other General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Insider Claims | Impaired | Deemed to Reject |
| 7 | Subordinated Claims | Impaired | Deemed to Reject |
| 8 | Interests | Impaired | Deemed to Reject |

11

**B. Treatment of Classes of Claims and Interests**

      **a.**      **Unclassified Claims.** Administrative Claims and Priority Tax Claims are treated in accordance with Article II and Bankruptcy Code sections 1129(a)(9)(A) and 1129(a)(9)(C), respectively. Such Claims are Unimpaired under the Plan and, in accordance with section 1123(a)(1) of the Bankruptcy Code, are not designated as Classes of Claims for purposes of this Plan or sections 1123, 1124, 1126 and 1129 of the Bankruptcy Code.

      **b.**      **Class 1: Other Secured Claims.** On or after the Effective Date, each Holder of an Allowed Other Secured Claim shall receive Cash in an amount equal to the Allowed amount of such Claim or, at the discretion of the Liquidation Trustee, shall be given the property securing its claim in full satisfaction of that claim.

      **c.**      **Class 2: Other Priority Claims.** On or after the Effective Date, each Holder of an Allowed Other Priority Claim shall receive Cash in an amount equal to the Allowed amount of such Claim.

      **d.**      **Class 3: NBK Tax Claim.** The NBK Tax Claim shall be Allowed in an amount equal to $1,696,384.85. If NBK is not the Purchaser of the Property, on or after the Effective Date, NBK shall receive Cash in an amount equal to the Allowed amount of the NBK Tax Claim. NBK shall not receive a distribution on account of the NBK Tax Claim if it is the Purchaser of the Property.

      **e.**      **Class 4: NBK Secured Claim.** The NBK Secured Claim shall be Allowed in an amount equal to: (a) $18,600,000 (which is the appraised value of the Property according to the most recent appraisal obtained by NBK); or (b) any other amount established at the Auction as determined by the Successful Bid. If NBK is not the Purchaser of the Property, on or after the Effective Date, NBK shall receive in full and final satisfaction of the NBK Secured Claim: (x) the Remaining Cash and (y) any excess proceeds after payment of the Distribution Account Claims. NBK shall not receive a distribution on account of the NBK Secured Claim if it is the Purchaser of the Property

      **f.**      **Class 5(a): Trade General Unsecured Claims.** Each Holder of a Trade General Unsecured Claim shall receive in full and final satisfaction of such Claim (x) Cash equal to 70% of the Allowed amount of such Claim, and (y) a *Pro-Rata* Share of the Liquidation Trust Assets.

      **g.**      **Class 5(b): Other General Unsecured Claims.** Each Holder of an Other General Unsecured Claim shall receive in full and final satisfaction of such Claim, a *Pro-Rata* Share of the Liquidation Trust Assets; *provided*, *however*, NBK shall be deemed to have an Other General Unsecured Claim equal to 90% of the Allowed amount of the NBK Deficiency Claim as determined by the Successful Bid and in accordance with section 506 of the Bankruptcy Code. The NBK Deficiency Claim shall not be subject to objection, disallowance, offset, reduction or subordination.

      **h.**      **Class 6: Insider Claims.** On the Effective Date, all Insider Claims shall be canceled and extinguished. Holders of Class 6 Insider Claims shall not receive or retain any property under the Plan on account of such Claims.

12

**i.** **Class 7: Subordinated Claims.** On the Effective Date, all Subordinated Claims shall be canceled and extinguished, and Holders of such Claims shall not receive or retain any property under the Plan on account of such Subordinated Claims against the Debtor.

**j.** **Class 8: Interests.** On the Effective Date, all Interests in the Debtor shall be canceled and extinguished, and holders of such Interests shall not receive or retain any property under the Plan on account of such Interests in the Debtor.

## ARTICLE IV
## ACCEPTANCE OR REJECTION OF THE PLAN

**A.** **Presumed Acceptance by Unimpaired Classes.** Holders of Claims in Classes 1 and 2 are Unimpaired under the Plan, and therefore are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code.

**B.** **Impaired Classes of Claims Entitled to Vote.** Holders of Claims in Classes 4, 5(a) and 5(b) are Impaired and are entitled to vote to accept or reject the Plan.

**C.** **Classes Deemed to Reject the Plan.** Holders of Claims in Classes 3, 6 and 7 and Holders of Interests in Class 8 are not entitled to receive or retain any property under the Plan. Under Bankruptcy Code section 1126(g), Holders of Claims in Classes 6 and 7, and Holders of Interests in Class 8 are deemed to reject the Plan, and therefore their votes will not be solicited.

**D.** **Acceptance of Impaired Class.** Pursuant to Bankruptcy Code section 1126(c), an Impaired Class of Claims shall have accepted the Plan if it is accepted by Holders of at least two-thirds (2/3) in dollar amount and one-half (1/2) in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject this Plan.

**E.** **Cramdown.** If all applicable requirements for confirmation of this Plan are met as set forth in Bankruptcy Code section 1129(a)(1) through (16) except subsection (a)(8) thereof, NBK intends to request confirmation of this Plan in accordance with Bankruptcy Code section 1129(b), notwithstanding the failure to satisfy the requirements of section 1129(a)(8).

## ARTICLE V
## EXECUTORY CONTRACTS AND LEASES

**A.** **Executory Contracts and Unexpired Leases.** Except as otherwise provided herein, on the Effective Date, each executory contract and unexpired lease not previously rejected, assumed, or assumed and assigned shall be deemed automatically rejected pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such executory contract or unexpired lease: (i) is specifically described in the Plan as to be assumed in connection with confirmation of the Plan, (ii) is identified on the Schedule of Contracts/Leases; (iii) is subject to a motion filed by the Chapter 11 Trustee to assume (or assume and assign) such unexpired lease or executory contract as of the Effective Date; or (iv) is a contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan; *provided, however,* that NBK as plan proponent in cooperation with the Purchaser shall have the right to amend the Schedule of Contracts/Leases up to thirty days (30) after the Effective Date or by any other means approved by the Court or to

13

delete any executory contract or unexpired lease listed therein, thus providing for its rejection pursuant to this Article V or to add any executory contract or unexpired lease, thus providing for its assumption and assignment pursuant to this Article V and the terms of the Purchase Agreement. Such rejection or assumption and assignment shall be effective upon the filing and serving of a final version of the Schedule of Contracts/Leases, which final Contract/Lease Schedule shall be filed and served no later than thirty days (30) after the Effective Date.

B. **Assumption of Executory Contracts and Unexpired Leases.** Entry of the Confirmation Order shall constitute the approval, pursuant to Bankruptcy Code section 365(a), of the assumption of the executory contracts and unexpired leases assumed as of the Effective Date.

C. **Rejection Claims.** If the rejection of an executory contract or unexpired lease pursuant to the Plan results in damages to the other party or parties to such contract or lease, a Claim for such damages, if not evidenced by a filed proof of claim, shall be forever barred and shall not be enforceable against the Debtor or any property to be distributed under the Plan, unless a proof of claim is filed with the Court and served upon the Trustee or the Liquidation Trustee, as applicable, on or before the date that is thirty (30) calendar days after the Effective Date.

D. **Cure of Defaults for Assumed Contracts and Leases.** The cure of all defaults under executory contracts and unexpired leases to be assumed and assigned under the Purchase Agreement, including the resolution of all objections to the adequacy of assurance of future performance under such contracts and leases and as to the adequacy of amounts proposed to cure defaults under such contracts and leases filed by the Objection Deadline, if any, shall be governed by the terms and conditions of the Sale and Bid Procedures Final Order and other orders of the Court. All such Cure Costs shall be satisfied by the Purchaser.

## ARTICLE VI
## MEANS OF IMPLEMENTATION OF THE PLAN

A. **Sale of Property.** The Confirmation Order shall authorize the consummation of the Sale pursuant to Bankruptcy Code sections 363, 365, 1123(a)(5), 1123(b)(4), 1129(b)(2)(A), 1141(c) and 1146(a) under the terms and conditions of the Purchase Agreement free and clear of any Claims, Liens, Interests, encumbrances, executory contracts or unexpired leases of real or personal property other than Assumed Liabilities or Contracts as defined in the Purchase Agreement. Any Sale conducted via the Auction shall be conducted in accordance with applicable orders of the Court, including, without limitation, the Sale and Bid Procedures (prior to entry of the Confirmation Order). Upon Confirmation, the Chapter 11 Trustee shall be authorized and directed to take any action necessary to consummate the Sale.

B. **Management of Property.** Upon entry of the Confirmation Order, JLL shall continue to manage the Property and pay any expenses associated with the Property until such time as the Sale is consummated pursuant to the Purchase Agreement.

C. **Cash Contribution.** If NBK is the Successful Bidder, on or after the Effective Date, NBK shall contribute Cash to the Estate in the amounts necessary for the following (the "**Cash Contribution**"): (i) payment of the Distribution Account Claims in full; (ii) initial funding

14

of the Liquidation Trust in the amount of $150,000.00; and (iii) payment of $238,307.99 to Trade General Unsecured Claims, as provided for in Article III(B)(f).

**D.      Dissolution of Debtor.** The Debtor shall be dissolved effective upon filing a certificate of dissolution (or its equivalent) with the secretary of state or similar official jurisdiction of organization of the Debtor after the Effective Date. Any such certificates shall be executed for Debtor by the Liquidation Trustee. On the Effective Date, each of the managers and any other officers or directors of the Debtor shall be deemed to have resigned from all of their respective positions. No separate vote or authorization shall be required to cause or show the authority for the Debtor to be dissolved.

**E.      Distribution Account.** A Distribution Account shall be established to receive any proceeds of the Sale and/or Cash Contribution.  If NBK is not the Purchaser of the Property, on or after the Effective Date, the Distribution Agent shall receive the proceeds of the Sale and: (a) make distributions from the Distribution Account to Holders of Allowed Administrative Claims (including any commission for the Broker), Allowed Priority Tax Claims, Allowed Other Secured Claims, Allowed Other Priority Claims, the NBK Tax Claim, and the NBK Secured Claim in accordance with the Plan (collectively, the "**Distribution Account Claims**"); and (b) transfer the Remaining Cash to the Liquidation Trust; *provided*, *however*, if NBK is the Purchaser of the Property, the Distribution Agent shall receive the Cash Contribution and make distributions to all other Holders of the Distribution Account Claims, except the Holder of the NBK Tax Claim. The Liquidation Trustee shall be authorized to hold and control a Distribution Account for the purpose of administering and resolving Disputed Administrative Claims and distributing Cash to Holders of Administrative Claims if and when they become Allowed after the Administrative Claims bar date approved by the Court.

**F.      Liquidation Trust.** Except as otherwise provided for herein, the Liquidation Trust shall be established on the Effective Date and shall on or after the Effective Date receive: (a) the Liquidation Trust Fund; (b) the Transferred Actions; and (c) any other assets conveyed to the Liquidation Trust under the Plan, all of which assets shall vest in the Liquidation Trust on the Effective Date free and clear of all Claims, encumbrances and Interests in accordance with section 1141 of the Bankruptcy Code. The Liquidation Trust shall be the representative of the Estate pursuant to section 1123(b)(3) of the Bankruptcy Code.

**G.      Liquidation Trustee Powers and Duties.** The Liquidation Trustee shall administer the Liquidation Trust and its assets in accordance with this Plan and the Liquidation Trust Agreement, and shall be responsible for, among other things, as Distribution Agent, making distributions required under this Plan.  From and after the Effective Date and continuing through the date of entry of a Final Decree, the Liquidation Trustee shall: (a) have and be entitled to exercise all rights and powers of the Debtor and the Estate, including but not limited to those provided for in the Bankruptcy Code, including section 1107 thereof; (b) possess all rights and powers granted in the Liquidation Trust Agreement, including the authority to direct the affairs of, and dissolve, the Debtor (and all bylaws, articles or certificates of incorporation, and related corporate documents are deemed amended by this Plan to permit and authorize such appointment); (c) possess the rights of a party in interest pursuant to section 1109(b) of the Bankruptcy Code for all matters arising in, arising under, or related to the Chapter 11 Cases and, in connection therewith, shall (i) have the right to appear and be heard on matters brought before the Court or other courts,

15

(ii) be entitled to notice and opportunity for hearing on all such issues, (iii) participate in all matters brought before the Court, and (iv) receive notice of all applications, motions, and other papers and pleadings filed in the Court; (d) have the authority to act as and for the Debtor in all adversary proceedings and contested matters pending in the Court and in all actions and proceedings pending elsewhere; (e) have the power to prosecute, compromise and settle the Transferred Actions; (f) have the right to object to Claims; (g) have the authority to retain such personnel or professionals (including, without limitation, legal counsel, financial advisors or other agents) as it deems appropriate and compensate such personnel and professionals as it deems appropriate, all without prior notice to or approval of the Court; and (h) borrow money for such purposes as financing the costs of prosecuting the Transferred Actions, on terms and conditions it deems appropriate, upon Court approval after notice and hearing. Professionals and personnel retained or employed by the Liquidation Trust or the Liquidation Trustee need not be disinterested as that term is defined in the Bankruptcy Code.

**H.        Dissolution of Liquidation Trust.**  The Liquidation Trust shall be discharged or dissolved as set forth in the Liquidation Trust Agreement.

**I.        Application of Sale Proceeds and Powers of Purchaser.**  In accordance with the Plan and the Purchase Agreement, the Purchaser or the Chapter 11 Trustee, as applicable, shall, among other things: (a) deliver the proceeds of the Sale to the Distribution Agent to (i) satisfy Allowed Distribution Account Claims and (ii) fund the Liquidation Trust; (b) satisfy all costs to cure and provide adequate assurance of performance with respect to all executory contracts and unexpired leases assumed and assigned to Purchaser; and (c) direct the distribution of the Remaining Cash, if necessary.

**J.        Transfer of Excluded Assets.** On the Effective Date, the Debtor or Chapter 11 Trustee, as applicable, shall transfer to the Liquidation Trust for Holders of Claims in Classes 4, 5(a) and 5(b), the Transferred Actions and those Excluded Assets (as defined in the Purchase Agreement) not otherwise provided in the Plan.

**K.        Causes of Action and Avoidance Actions.** Other than Causes of Action and Avoidance Actions released, enjoined or exculpated under Article IX, all Causes of Action and Avoidance Actions shall automatically be transferred to and become property of the Liquidation Trust. Pursuant to section 1123(b)(3) of the Bankruptcy Code, the Liquidation Trustee (as a representative of the Estate) will have the right to retain, enforce and prosecute such Transferred Actions against any Person, Entity, Affiliate or Insider of the Debtor, that arose before the Effective Date. The Debtor shall provide to the Liquidation Trustee copies of all its books and records as may be necessary, in the Liquidation Trustee's reasonable discretion, to identify, analyze and prosecute such Transferred Actions.

## ARTICLE VII
## CLAIMS AND DISTRIBUTIONS

**A.        Distribution Agent.** On the Effective Date, the Liquidation Trustee shall serve as Distribution Agent for all Distributions required under the Plan.

16

**B.** **Time and Manner of Distributions.** Except as set forth herein or ordered by the Court, on the Effective Date, the Liquidation Trustee shall establish deposit and reserve accounts for the Holders of Allowed Claims to make payments to such Holders in accordance with this Plan. All Distributions to be made or otherwise reserved pursuant to this Plan shall be held by the Liquidation Trust in trust in such accounts for Holders of Allowed Claims entitled to receive Distributions.

**C.** **Delivery of Distributions.** Distributions to be made to Holders of Allowed Claims shall be made at (a) the address of each Holder as set forth in the Schedules filed with the Court unless superseded by the address set forth on proof(s) of Claim filed by such Holder, or (b) the last known address of such Holder if no proof of Claim is filed and if the Chapter 11 Trustee or the Liquidation Trustee has been notified in writing of a change of address. If any Distribution is returned as undeliverable, the Liquidation Trust may, in its discretion, make such efforts to determine the current address of the Holder of the Claim or Interest with respect to which the Distribution was made as the Liquidation Trust deems appropriate, but no Distribution to any Holder shall be made unless and until the Liquidation Trust has determined the then-current address of the Holder, at which time the Distribution to such Holder shall be made to the Holder without interest. Amounts in respect of any undeliverable Distributions made through or by the Liquidation Trust shall be returned and held in trust by, the Liquidation Trust until such Distributions are claimed or are deemed to be Unclaimed Property under section 347(b) of the Bankruptcy Code or otherwise distributed as set forth herein.

**D.** **Claims Objection.** The Liquidation Trustee shall file, prosecute, litigate, settle or withdraw objections to any Claim. Objections to claims shall be filed by the Claims Objection Deadline unless extended by the Court or agreement with the holder of a Claim. No party in interest, including the Debtor, shall have the authority to file, prosecute, litigate, settle or withdraw objections to any Claim.

**E.** **Claims Estimation.** The Liquidation Trustee may request estimation or liquidation of any Disputed Claim that is contingent or unliquidated pursuant to Bankruptcy Code section 502(c); *provided*, *however*, that the Court shall determine (a) whether such Disputed Claim is subject to estimation pursuant to Bankruptcy Code section 502(c) and (b) the timing and procedures for such estimation proceedings, if any.

**F.** **Disputed Claims Reserves.** On and after the Effective Date, the Liquidation Trustee may establish and maintain reserves for all Disputed Claims. For purposes of establishing a reserve, Cash will be set aside in the applicable deposit account equal to the amount that would have been distributed to the Holders of Disputed Claims in such Class had their Disputed Claims been deemed Allowed Claims on the Effective Date, or such other amount as may be approved by the Court upon motion of the Liquidation Trustee. If any such Disputed Claim becomes an Allowed Claim by Final Order, the relevant portion of the Cash held in reserve therefor shall be distributed by the Liquidation Trustee to the Claimant. The balance of such Cash, if any, remaining after all Disputed Claims have been resolved, shall be distributed by the Liquidation Trustee to Holders of Allowed Claims in Classes 4, 5(a) and 5(b) on account of their *Pro-Rata* Share of such amount. No Distributions shall be made with respect to a Claim that is a Disputed Claim pending resolution of the dispute by Final Order.

17

**G.** **Withholding Taxes.** Any federal, state, or local withholding taxes or other amounts required to be withheld under applicable law shall be deducted from Distributions hereunder. All Persons holding Claims shall have an affirmative duty and be required to provide any information necessary to effect the withholding of such taxes, including its federal tax identification number or social security number.

**H.** **Setoffs.** Except as otherwise provided for herein, the Liquidation Trustee may, but shall not be required to, set off against any Claim and the Distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that the Debtor or its Estate may have against the Holder of such Claim, but neither the failure to do so nor the allowance of a Claim hereunder shall constitute a waiver or release by the Debtor, the Liquidation Trustee or the Estate of any Claim they may have against such Creditor; *provided* that such right of setoff shall be subject to this Article VII and in no event shall the Debtor or the Liquidation Trustee set off, or be permitted to set off, against any Claims Allowed under this Plan.

**I.** **Unclaimed Distributions.** All property distributed on account of Claims must be claimed prior to the date on which the Court enters the Final Decree. All Unclaimed Property will be retained by and will vest in the Liquidation Trust for distribution to Holders of Allowed Claims in Classes 4, 5(a) and 5(b). Pursuant to section 1143 of the Bankruptcy Code, all Claims in respect of Unclaimed Property shall be deemed Disallowed and the Holder of any Claim Disallowed in accordance with this Article VII(I) will be forever barred, expunged, estopped and enjoined from asserting such Claim in any manner against the Debtor, the Distribution Agent, the Liquidation Trustee, NBK, or the Purchaser, or their respective assets.

**J.** **De Minimis Distribution.** No Cash payment of less than twenty-five ($25.00) dollars shall be made to any Holder of an Allowed Claim on account of such Allowed Claim.

**K.** **Satisfaction of Claims**. Except as otherwise provided in the Plan, any distributions and deliveries to be made on account of Allowed Claims under the Plan shall be in complete and final satisfaction, settlement, and discharge of and exchange for such Allowed Claims.

**L.** **No Fractional Distributions.** Cash distributions of fractions of dollars will not be made; rather, whenever any payment of a fraction of a dollar would be called for, the actual payment made shall reflect a rounding of such fraction to the nearest whole dollar (up or down), with half dollars being rounded down. To the extent that Cash remains undistributed as a result of the rounding of such fraction to the nearest whole cent, such Cash shall be treated as Unclaimed Property pursuant to Article VII(I).

**ARTICLE VIII**
**CONDITIONS TO CONSUMMATION OF THE PLAN**

**A.** **Confirmation Order.** The Confirmation Order shall not be entered until the Court enters an order approving the Sale of the Property in accordance with the Sale and Bid Procedures, and the Plan Supplement and all of the schedules, documents, and exhibits contained therein, and all other schedules, documents, supplements and exhibits to the Plan, if any, shall have been filed.

18

**B.**    **Conditions to the Effective Date.**  The Plan shall not be consummated, and the Effective Date shall not occur, until the following conditions have occurred or been waived (if waivable):

      **a.**    the Confirmation Order shall have been entered and shall not be stayed, vacated, or otherwise rendered ineffective by order of a court of competent jurisdiction;

      **b.**    all conditions precedent under the Purchase Agreement shall have been satisfied;

      **c.**    the transactions contemplated in the Purchase Agreement shall have been consummated;

      **d.**    the Liquidation Trustee shall have been appointed, the Liquidation Trust Agreement shall have been executed, and the Liquidation Trust shall have received the Liquidation Trust Fund; and

      **e.**    no order of a court shall have been entered and shall remain in effect restraining NBK from consummating the Plan, or if it is the Successful Bidder, taking title to the Property directly or through a designee.

**C.**    **Waiver of Conditions.** Each of the conditions set forth in Article VIII(B) may be waived at any time by the Successful Bidder, without notice, leave or order of the Court or any further action other than proceeding to confirm or consummate the Plan. The Successful Bidder's failure to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

**D.**    **Effect of Failure of Conditions; Order Denying Confirmation.** If one or more of the conditions specified in Article VIII(B) have not been satisfied (or waived) or if the Allowed NBK Secured Claim has not been paid in full where NBK is not the Successful Bidder, upon notification submitted by the Chapter 11 Trustee to the Court: (a) the Confirmation Order shall be vacated, (b) no Distributions under the Plan shall be made, (c) Estate Assets shall revest in the Estate, and (d) all Holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Confirmation Date as though the Confirmation Date never occurred; (e) the Purchase Agreement shall become null and void; and (f) the Estate's obligations with respect to the Claims and Interests shall be as if the Confirmation Order had not been entered.

**ARTICLE IX**
**EFFECT OF CONFIRMATION**

**A.**    **Discharge.**  Pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation of the Plan will not discharge Claims against the Debtor.

**B.**    **Compromise and Settlement of Claims and Interests**.  Pursuant to section 1123 of the Bankruptcy Code and Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to this Plan, the provisions of this Plan, including the settlement of all Claims, Interests, or controversies among the Debtor, the Estate and NBK, shall constitute an integrated and global good faith compromise of all Claims, Interests and controversies relating to the contractual, legal and subordination rights that a Holder of a Claim or Interest may have

19

with respect to any Allowed Claim or Allowed Interest, or any distribution to be made on account of such Allowed Claim or Allowed Interest or any distribution to be made on account of such Allowed Claim or Allowed Interest. The entry of the Confirmation Order shall constitute the Court's integrated and global approval of the compromise or settlement of all such Claims, Interests and controversies, as well as a finding by the Court that such compromise or settlement is in the best interest of the Debtor, its Estate and Holders of Claims and Interests and is fair, equitable and is within the range of reasonableness. Subject to the provisions of this Plan governing distributions, all distributions made to holders of Allowed Claims and Allowed Interests in any Class are intended to be and shall be final.

**C.** **Exculpation. Except as otherwise provided in the Plan, to the maximum extent permitted by the Bankruptcy Code and applicable law, no Exculpated Party shall have or incur any liability to any Person, including, any Holder of a Claim or Interest or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys or affiliates or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, filing, negotiating, prosecuting, administering, formulating, implementing, soliciting support or acceptance of, confirming or consummating this Plan, the Purchase Agreement, or the property to be distributed under this Plan, including all activities leading to the promulgation and Confirmation of the Plan, the Disclosure Statement (including any information provided or statement made in the Disclosure Statement or omitted therefrom), or any contract, instrument, release or other agreement or document created in connection with or related to the Plan or the administration of the Debtor or this Chapter 11 Case; *provided*, *however*, that the foregoing exculpation shall not apply to any act of gross negligence or willful misconduct.**

**D.** **Estate Releases. Except as otherwise provided in the Plan or the Confirmation Order, on the Effective Date, and for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtor and this Estate will be deemed to have forever released, waived and discharged the Released Parties from any and all Actions, Claims, obligations, suits, judgments, damages, demands, debts, rights, and liabilities, whether for tort, contract, violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence, including actions in connection with indebtedness for money borrowed by the Debtor, taking place on or prior to the Effective Date in any way relating to the Debtor, the Chapter 11 Case, or the Plan. This release does not release any Action, Claim, obligation, suit, judgment, damages, demands, debts, rights, and liabilities of a Released Party arising under or pursuant to the Plan or Purchase Agreement, and the contracts, instruments, releases and other agreements delivered in connection with the Plan or Purchase Agreement, which may be enforced only by the Chapter 11 Trustee, NBK, the Purchaser, the Distribution Agent or the Liquidation Agent, as applicable.**

**E.** **Injunction. Except as otherwise provided herein, on the Effective Date, the Confirmation Order shall constitute an injunction permanently enjoining any Person (excluding the Liquidation Trustee) that has held, currently holds or may hold a Claim,**

Action or liability that is released pursuant to Article IX(D) from enforcing or attempting to enforce any such Claim, Action or liability against any Released Party or any of their respective Property; *provided*, *further*, that no Person who has held, holds, or may hold Claims, Interests, or Action may commence or pursue a Claim or Action, as applicable, of any kind in any way related to the Debtor against any Released Party that arose before the Petition Date or arose or arises from or is related to the Chapter 11 Case, the negotiation of the Plan, the administration of the Plan or property to be distributed under the Plan, the wind down of the Debtor's business, the administration of the Liquidation Trust, or the transactions in furtherance of the foregoing without the Court (i) first determining, after notice and a hearing, that such claim or cause of action represents a colorable claim of any kind, including, negligence, bad faith, criminal misconduct, willful misconduct, fraud, or gross negligence against a Released Party that such person has standing and is otherwise entitled to assert such claim or cause of action and (ii) specifically authorizing such Releasing Party to bring such claim or cause of action against any such Released Party.

F.    **Duration of Injunctions and Stays.**  Unless otherwise provided in this Plan, in the Confirmation Order, or in a Final Order of the Court, all injunctions and stays entered during the Chapter 11 Case and in existence on the Confirmation Date shall remain in full force and effect in accordance with their terms; and (ii) the automatic stay arising under Bankruptcy Code section 362 shall remain in full force and effect subject to Bankruptcy Code Section 362(c).

## ARTICLE X
## RETENTION OF JURISDICTION

The Court shall retain jurisdiction of all matters arising under, or related to, these proceedings, including, but not limited to:

a.  ensuring that the Plan is carried out;

b.  considering any modification of the Plan under Bankruptcy Code section 1127;

c.  hearing and determining all controversies, suits, and disputes that may arise in connection with the interpretation of the Plan;

d.  hearing and determining all objections to claims, controversies, suits, and disputes that may be pending as of or initiated after the Effective Date;

e.  hearing and determining all claims, controversies, suits, and disputes against the Debtor or that may arise in connection with the interpretation of the Plan;

f.  hearing and determining all requests for compensation and/or reimbursement of expenses that may be made for fees/expenses incurred before the Effective Date;

g.  enforcing any Final Order, the Confirmation Order, the Final Decree, and all injunctions contained in those orders;

h.  entering an order concluding and terminating this Chapter 11 Case;

21

  **i.** correcting any defect, cure any omission, or reconcile any inconsistency in the Plan or the Confirmation Order;

  **j.** determining all questions and disputes regarding title to the Property and any other assets of Debtor;

  **k.** enter a Final Decree in the Chapter 11 Case according to Bankruptcy Rule 3022;

  **l.** enforcing the provisions set forth in the Plan, the Confirmation Order, any Final Decree, and any Final Order that provides for the adjudication of any issue by the Court; and

  **m.** entering and implementing such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated.

**ARTICLE XI**
**MISCELLANEOUS PROVISIONS**

  **A.** **Additional Documents/Execution of Documents Generally.** On or before substantial consummation of the Plan, the Chapter 11 Trustee or NBK shall issue, execute, deliver, and file with the Court or record any agreements and other documents consistent with, and take any action as may be necessary or appropriate to effectuate, consummate and further evidence the terms and conditions of the Plan. The Chapter 11 Trustee has the authority, and the Confirmation Order shall constitute conclusive authority, of the Chapter 11 Trustee to act for, and in the name of the Debtor, and any document executed by the Chapter 11 Trustee in connection with the Plan or Sale shall be accepted by any recording office and shall be recorded and published on receipt.

  **B.** **Binding Effect.** This Plan shall be binding upon and inure to the benefit of the Debtor, NBK, the Estate, the Liquidation Trustee, the Liquidation Trust, the Distribution Agent, the Purchaser, any Holder of any Claim or Interest treated herein or any Person named or referred to in the Plan, and each of their respective heirs, executors, administrators, representatives, predecessors, successors, assigns, agents, officers and directors, and, to the fullest extent permitted under the Bankruptcy Code and other applicable law, each other Person affected by the Plan.

  **C.** **Entire Agreement.** The Plan (and all exhibits thereto and the Plan Supplement) sets forth the entire agreement and undertakings relating to the subject matter hereof and supersedes all prior discussions and documents. The Debtor shall not be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein or as may hereafter be agreed to by the parties in writing.

  **D.** **Final Order.** Except as otherwise provided in the Plan, any requirement in the Plan for a Final Order may be waived: (a) by the Purchaser, in its sole discretion, provided, however, that in the event the Debtor determines in good faith that any such waiver would constitute a breach of the Chapter 11 Trustee's fiduciary duties, NBK may seek to prevent any such waiver by seeking an order of the Court on an expedited basis; or (b) after the Effective Date, by the Liquidation

22

Trustee upon written notice to the Court. No such waiver shall prejudice the right of any party in interest to seek a stay pending appeal of any order that is not a Final Order.

E.    **Governing Law.**  Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan shall be governed and construed and enforced in accordance with the laws of the State of New York.

F.    **No Admissions or Waivers.** Notwithstanding anything herein to the contrary, nothing contained in the Plan shall be deemed an admission or waiver by the Debtor with respect to any matter set forth herein, including, without limitation, liability on any Claim or Interest or the propriety of any classification of any Claim or Interest.

G.    **Notices.** Any notice required or permitted to be provided under this Plan to the Debtor, or any request for information with respect to the Plan, shall be in writing and served by either (a) certified mail, return receipt requested, postage prepaid, (b) hand delivery or (c) reputable overnight delivery service, freight prepaid, to be addressed as follows:

| Chapter 11 Trustee | Counsel to Chapter 11 Trustee |
|---|---|
| Christopher R. Murray<br>**Jones Murray LLP**<br>602 Sawyer Street, Suite 400<br>Houston, TX 77007 | R. J. Shannon<br>Kyung S. Lee<br>**Shannon & Lee LLP**<br>2100 Travis Street, Suite 1525<br>Houston, TX 77002 |
| **NBK** | **Counsel to NBK** |
| Marwan Isbaih<br>Michael C. Carter<br>**National Bank of Kuwait,**<br>**S.A.K.P., New York Branch**<br>299 Park Avenue<br>New York, NY 10171 | **Pillsbury Winthrop Shaw Pittman LLP**<br>Charles C. Conrad<br>Ryan Steinbrunner<br>609 Main Street Suite 2000<br>Houston, TX 77002<br>------------------------<br>Andrew M. Troop<br>Patrick E. Fitzmaurice<br>Kwame O. Akuffo<br>31 West 52nd Street<br>New York, NY 10019 |

H.    **Plan Modification.** NBK may amend or modify the Plan in accordance with Bankruptcy Code section 1127 or as permitted at any time prior to the Confirmation Date.

I.    **Post-Confirmation Operating Reports.** The Liquidation Trustee shall file quarterly operating reports as required by the U.S. Trustee until such time as a Final Decree or other order is entered under section 350(a) of the Bankruptcy Code closing the Chapter 11 Case.

J.    **Quarterly Fees.** Quarterly Fees due shall be paid on or after the Effective Date.

K.    **Severability.** Should the Court determine, prior to the Confirmation Date, that any provision of the Plan is either illegal on its face or illegal as applied to any Claim or Interest, such

23

provision shall be unenforceable as to all Holders of Claims or Interests or to the specific Holder of such Claim or Interest, as the case may be, as to which such provision is illegal. Unless otherwise determined by the Court, such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

L.      **Section 1146 Exemption.** To the fullest extent permitted under Bankruptcy Code section 1146(a), the execution, delivery or recording of an instrument of transfer under the Plan, or the revesting, transfer or sale of any real or other property of or to the Debtor shall not be taxed under any state or local law imposing a stamp tax, transfer tax or similar tax or fee. Consistent with the foregoing, each recorder of deeds or similar official for any county, city or governmental unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument, without requiring the payment of any documentary stamp tax, deed stamps, stamp tax, transfer tax, mortgage recording tax, intangible tax or similar tax.

M.      **Solicitation.** NBK (and each of its respective Affiliates, officers, directors, employees, consultants, agents, advisors, members, attorneys, accountants, financial advisors, other representatives and Professionals) has, and upon Confirmation of the Plan, shall be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

N.      **Withdrawal of the Plan.** NBK shall reserve the right, at any time prior to Confirmation of the Plan, to withdraw the Plan. If the Plan is withdrawn, the Plan shall be null and void and have no force and effect. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other Person or to prejudice the rights of the Debtor or any Person in any further proceedings involving the Debtor.

NBK requests Confirmation of the Plan under section 1129(a) or section 1129(b) of the Bankruptcy Code.

Dated: April 10, 2024

> **NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH**
>
> By: _____
> Name:   Michael C. Carter
> Title:    Vice President

24

**Exhibit B**

Notice of Confirmation and Effective Date

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 23-34815 (JPN)** |
| **GALLERIA 2425 Owner, LLC** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |
| | § | |

---

**NOTICE OF CONFIRMATION AND EFFECTIVE DATE OF
CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTOR BY
NATIONAL BANK OF KUWAIT S.A.K.P., NEW YORK BRANCH**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

1.    **Entry of Confirmation Order**.  On June [●], 2024, the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Court") entered an order [ECF No. [●]] (the "Confirmation Order") confirming the National Bank of Kuwait S.A.K.P., New York Branch's ("NBK") *Chapter 11 Plan of Liqudiation of the Debtor by National Bank of Kuwait, S.AK.P., New York Branch* [ECF No. [●]] attached as Exhibit A to the Confirmation Order (together with all exhibits thereto, and as may be amended, modified or supplemented, the "Plan") in the chapter 11 case of the above-captioned debtor (the "Debtor").

2.    **Effective Date of the Plan**.  The Effective Date of the Plan was [●] **[●], 2024**.

3.    **Substantial Consummation of Plan**.  NBK gives notice that the Plan has been substantially consummated.

4.    **Release, Exculpation, and Injunction**.  Pursuant to the Confirmation Order, the release, injunction, and exculpation provisions in the Article IX of the Plan are now in full force and effect.

5.    **Administrative Claim Bar Date**.  As provided for in Article II.B of the Plan and in the Confirmation Order, all requests for payment of an Administrative Claim must be filed with the Bankruptcy Court and served on NBK, the Chapter 11 Trustee, the Liquidation Trustee and the U.S. Trustee no later than [●] [●], 2024 (the date that is 45 days after the Effective Date).

6.    **Deadline to File Professional Fee Claims**.  As provided for in the Article II.B of the Plan and in the Confirmation Order, all final applications for payment of Professional Fee Claims must be filed with the Bankruptcy Court and served on NBK, the Liquidation Trustee, and the U.S. Trustee no later than 4:00 p.m. (prevailing Central Time) on [●] [●], 2024 (the date that is 45 days after the Effective Date),  unless otherwise ordered by the Bankruptcy Court or such later date is agreed to by the Liquidation Trustee.

7. **Deadline to File Rejection Damages Claims**.  Except as set forth in Article V of the Plan, [all Executory Contracts and Unexpired Leases that are not listed in the Schedule of Contracts and Leases attached to [●] [ECF No. [●]] have been rejected as of the Effective Date. As provided for in Article [●] of the Plan and in the Confirmation Order, unless otherwise provided by a Bankruptcy Court order, any proofs of claim asserting rejection damages claims pursuant to the Plan must be filed within [●].

8. **Inquiries by Interested Parties**. Copies of all pleadings (including the Confirmation Order, to which the Plan is attached as Exhibit A) may be examined for a fee via PACER by visiting http://ecf.txsb.uscourts.gov, or for free at during regular business hours at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, Bob Casey United States Courthouse, 515 Rusk, Houston, TX 77002.

DATED: [●] [●], 2024

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

*/s/ Draft*
Charles C. Conrad
Texas State Bar No. 24040721
Ryan Steinbrunner
Texas State Bar No. 24093201
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

-  *and*  -

Andrew M. Troop (Bar No. MA547179)
Patrick E. Fitzmaurice*
Kwame O. Akuffo*
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com
kwame.akuffo@pillsburylaw.com

*Admitted *pro hac vice*

***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

2

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 23-34815** |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | **CHAPTER 11** |

### ORDER CONFIRMING CHAPTER 11 PLAN OF LIQUIDATION OF THE DEBTOR
### BY NATIONAL BANK OF KUWAIT, S.A.K.P. NEW YORK BRANCH

**BASED ON THE COURT'S MEMORANDUM OPINION, IT IS HEREBY ORDERED THAT:**

**A. Findings of Fact and Conclusions of Law** The findings of fact and conclusions of law set forth in the Court's Memorandum Opinion are hereby incorporated by reference as though fully set forth herein and constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein by Bankruptcy Rule 9014.

**B. Eligibility for Relief** The Debtor was and is eligible for relief under section 109 of the Bankruptcy Code.

**C. Confirmation** The Plan is confirmed under section 1129 of the Bankruptcy Code. The Plan Supplement is incorporated by reference into, and is an integral part of, the Plan and this Confirmation Order, and is authorized and approved. NBK is authorized to implement and consummate the Plan, including taking all actions necessary or appropriate to effectuate the Plan, without further authorization except as may be required by the Plan or this Confirmation Order.

**D. Objections** All objections, responses, reservations, statements, and comments to the Plan, other than those resolved, adjourned, or withdrawn with prejudice prior to, or on the record at, the Confirmation Hearing, are overruled on the merits in all respects. All withdrawn objections, if any, are deemed withdrawn with prejudice. All objections to Confirmation not filed and served prior to the deadline for filing objections to the Plan set forth in the Confirmation Hearing Notice, if any, are deemed waived and will not be considered by the Court.

**E. Binding Effect** Effective as of entry of this Confirmation Order and subject to the occurrence of the Effective Date, the Plan, the Plan Supplement, and this Confirmation Order shall bind any Holder of a Claim or Interest and such Holder's respective successors and assigns, whether or not: (a) the Claim or Interest is impaired under the Plan; (b) such Holder has accepted the Plan; (c) such Holder has failed to vote to accept or reject the Plan or voted to reject the Plan; (d) such Holder is entitled to a distribution under the Plan; (e) such Holder will receive or retain any property or interests in property under the Plan; and (f) such Holder has filed a Proof of Claim in this Chapter 11 Case. The Plan, the Plan Supplement, and this Confirmation Order constitute legal, valid,

1 / 7

binding, and authorized obligations of the respective parties and shall be enforceable in accordance with their terms. Pursuant to section 1142(a) of the Bankruptcy Code, the Plan, the Plan Documents, and this Confirmation Order shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

**F. Plan Classification Controlling** The terms of the Plan shall govern the classification of Claims and Interests for purposes of distributions to be made thereunder. The classification set forth on the Ballots tendered to or returned by the Holders of Claims in connection with voting on the Plan: (a) were set forth thereon solely for the purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any Holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on NBK or the Chapter 11 Trustee except for voting purposes.

**G. Allowance of Claims** As provided in Article VII of the Plan, no Claim is or shall be deemed Allowed until the later of the Claims Objection Deadline or the expiration of some other applicable period of limitation fixed by the Bankruptcy Code, Bankruptcy Rules, or Bankruptcy Court, unless otherwise ordered by a Final Order of the Bankruptcy Court or Allowed pursuant to the Plan.

**H. Effective Date** Except as otherwise provided herein, upon the occurrence of the Effective Date, the terms of the Plan, the Plan Supplement, and this Confirmation Order shall be immediately effective and enforceable and deemed binding upon the Estate, the Liquidation Trust, and any and all Holders of Claims against or Interests in the Debtor (irrespective of whether their Claims or Interests are presumed to have accepted or deemed to have rejected the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtor.

**I. Distributions** All distributions pursuant to the Plan shall be made in accordance with Article VII of the Plan, and such methods of distribution are approved. The Distribution Agent shall have no duty or obligation to make distributions to any Holder of an Allowed Claim unless and until such Holder executes and delivers, in a form acceptable to the Distribution Agent, any and all documents applicable to such distributions in accordance with Article VI of the Plan.

**J. Retained Assets** Pursuant to Article VI of the Plan, except as otherwise provided in the Plan or in any contract, instrument, release, indenture or other agreement entered into in connection with the Plan, in accordance with Bankruptcy Code § 1123(b)(3), any claims, Causes of Action, defenses and counterclaims that the Debtor may hold against any Person, shall vest in the Liquidation Trust, and the Liquidation Trustee shall retain and may exclusively enforce any and all such claims, causes of action, defenses and counterclaims.

**K. Treatment of Executory Contracts and Unexpired Leases** Notwithstanding any provision in the Plan to the contrary, all Executory Contracts and Unexpired Leases are deemed rejected unless (i) described in the Plan as to be assumed in connection with Confirmation, (ii) identified on the Schedule of Contracts/Leases, (iii) subject to a motion by the Chapter 11 Trustee to assume

2 / 7

(or assume and assign) as of the Effective Date, and (iv) entered into in connection with the Plan. Entry of this Confirmation Order shall constitute a Court order approving the rejection of such executory contracts or unexpired leases, as applicable.

**L. Exemption From Transfer Taxes**  To the fullest extent applicable and permitted by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of a security, or the making of delivery of an instrument of transfer, provided under the Plan, from the Estate to NBK or any other Person pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax or governmental assessment. The appropriate federal, state or local governmental officials or agents are directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the instruments or other documents as set forth in the Plan without the payment of any such tax or governmental assessment.

**M. Filing and Recording**  This Confirmation Order is, and shall be, binding upon and shall govern the acts of all persons or entities including all filing agents, filing officers, title agents, title companies, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any document or instrument.

Each and every foreign, federal, state, and local government agency is hereby directed to accept any and all documents and instruments necessary, useful, advisable, or appropriate (including financing statements under the applicable uniform commercial code) to effectuate, implement, and consummate the transactions under the Plan.

**N. Tax Withholding**  In accordance with the provisions of the Plan and subject to Article VII.G of the Plan, to the extent applicable, the Distribution Agent shall comply with all tax withholding and reporting requirements imposed on it by any Governmental Unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements. Notwithstanding any provision in the Plan to the contrary, the Distribution Agent shall be authorized to take all actions necessary or appropriate to comply with such withholding and reporting requirements, including liquidating a portion of the distribution to be made under the Plan to generate sufficient funds to pay applicable withholding taxes, withholding distributions pending receipt of information necessary to facilitate such distributions, or establishing any other mechanisms the Distribution Agent believes is reasonable and appropriate.

**O. Discharge of Claims and Termination of Interests; Compromise and Settlement of Claims, Interests and Controversies**  Pursuant to section 1141(d) of the Bankruptcy Code and except as otherwise specifically provided in the Plan or this Confirmation Order, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Effective Date, of Claims, Interests, and Causes of Action of any nature whatsoever, including any interest accrued on Claims or Interests from and after the Petition Date, whether known or unknown, against, liabilities of, Liens on, obligations of, rights against, and Interests in the Debtor or any of its assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims and Interests,

3 / 7

including demands, liabilities, and Causes of Action that arose before the Effective Date, any contingent or non-contingent liability on account of representations or warranties issued on or before the Effective Date, and all debts of the kind specified in sections 502(g), 502(h), or 502(i) of the Bankruptcy Code, in each case whether or not (i) a Proof of Claim based upon such debt or right is filed or deemed filed pursuant to section 501 of the Bankruptcy Code; (ii) a Claim or Interest based upon such debt, right, or Interest is Allowed pursuant to section 502 of the Bankruptcy Code; or (iii) the Holder of such a Claim or Interest voted to accept or reject the Plan.

This Confirmation Order shall be a judicial determination of the discharge of all Claims and Interests subject to the occurrence of the Effective Date, and all actions taken to effectuate the Plan, including by any agent, shall be given the same effect as if such actions were performed under the applicable nonbankruptcy laws that govern the documents under which such agent was appointed. In accordance with the provisions of the Plan, pursuant to Bankruptcy Rule 9019 and without any further notice to or action, order, or approval of the Court, after the Effective Date, the Liquidation Trustee may compromise and settle Claims against, and Interests in, the Debtor and its Estate and Causes of Action against other Entities.

**P. Releases, Injunction, Exculpation and Related Provisions Under the Plan** Except to the extent modified by this Confirmation Order, the releases, injunctions, exculpations, and related provisions in Article IX of the Plan are incorporated herein in their entirety, are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further order of this Court or any other party.

The injunction provision in Article IX.E of the Plan will be immediately effective on the Effective Date and is (i) within the jurisdiction of this Court; (ii) necessary to preserve and enforce the exculpation provision in Article IX.C of the Plan, the Estate Release in Article IX.D of the Plan, and the compromises and settlements implemented under the Plan; and (iii) are narrowly tailored to achieve these purposes. Notwithstanding any provision in the Plan, including Article IX.C of the Plan and the definition of Exculpated Party contained in Article I.A.39 of the Plan, "Exculpated Parties" shall mean only the Chapter 11 Trustee and any Related Parties of the Chapter 11 Trustee.

**Q. Post-Confirmation Notice** In accordance with Bankruptcy Rules 2002 and 3020(c), no later than seven (7) days after the Effective Date, NBK shall cause a notice of Confirmation and occurrence of the Effective Date, substantially in the form attached as Exhibit B (the "Notice of Confirmation and Effective Date") to be served on all parties served with the Confirmation Hearing Notice by email or U.S. first-class mail, postage prepaid. The Notice of Confirmation and Effective Date will have the effect of an order of the Court, will constitute sufficient notice of entry of this Confirmation Order and occurrence of the Effective Date to filing and recording officers, and will be a recordable instrument notwithstanding any contrary provision of applicable nonbankruptcy law.

**R. Cancellation of Interests** Pursuant to Article III of the Plan, on the Effective Date, all Interests shall be deemed automatically cancelled and extinguished.

**S. Distribution Record Date** The record date for purposes of making distributions under the Plan on account of Allowed Claims shall be the Confirmation Date or such other date as is announced by the Chapter 11 Trustee, the Liqudiation Trustee or another designated party in a Final Order.

**T. Ad Valorem Taxes** Notwithstanding any provision in the Plan to the contrary, on the Effective Date, any claim held by a governmental unit and Caz Creek TX, LLC for *ad valorem* taxes shall be paid statutory interest accruing from the Petition Date until such taxes are paid in full; *provided*, that any and all *ad valorem* statutory tax liens held by a governmental unit and Caz Creek TX, LLC, whether for prepetition or postpetition tax years, shall be retained until the *ad valorem* taxes are paid in full.

**U. Post-Confirmation Sale of Property** Notwithstanding any provision in the Plan to the contrary, the Bankruptcy Court will consider approval of the sale of the Property post-confirmation and for the sake of a clean record, will enter a separate Final Order with respect to the sale at that time.

**V. Effect of Confirmation Order and Other Orders** Unless expressly provided for herein, nothing in the Plan or this Confirmation Order shall affect any orders entered in this Chapter 11 Case.

**W. Inconsistency** In the event of an inconsistency between the Plan and the Disclosure Statement, the terms of the Plan shall control in all respects. In the event of an inconsistency between the Plan and the Plan Supplement, the terms of the relevant document in the Plan Supplement shall control (unless stated otherwise in the Plan Supplement or in this Confirmation Order). In the event of any inconsistency between any of the Plan, Plan Supplement, or the Disclosure Statement on the one hand, and this Confirmation Order on the other hand, this Confirmation Order shall control.

**X. Injunctions and Automatic Stay** Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays in effect in this Chapter 11 Case pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Court, and extant on this Confirmation Date (excluding any injunctions or stays contained in the Plan or this Confirmation Order), shall remain in full force and effect through and including the Effective Date. All injunctions or stays contained in the Plan or this Confirmation Order shall remain in full force and effect in accordance with their terms.

**Y. Authorization to Consummate** NBK and to the extent required the Chapter 11 Trustee are authorized to consummate the Plan and finalize and implement the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver of the conditions precedent to consummation set forth in Article VIII of the Plan.

**Z. Substantial Consummation** On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101(2) and 1127(b) of the Bankruptcy Code.

**AA. Severability** Except as set forth in Article VIII of the Plan, the provisions of the Plan, including its release, injunction, exculpation and compromise provisions are mutually dependent and nonseverable. This Confirmation Order constitutes a judicial determination and hereby provides that each term and provision of the Plan are: (i) valid and enforceable pursuant to their

5 / 7

terms; (ii) integral to the Plan and may not be deleted or modified without NBK's consent; and (iii) nonseverable and mutually dependent.

**BB. Effect of Non-Occurrence of Effective Date**  If the Effective Date does not occur, the Plan shall be null and void in all respects, and nothing contained in the Plan, the Disclosure Statement, or this Confirmation Order shall (i) constitute a waiver or release of any Claims by or Claims against or Interests in the Debtor; (ii) prejudice in any manner the rights of NBK, any Holders of Claims or Interests, or any other Entity; or (iii) constitute an admission, acknowledgment, offer, or undertaking by NBK, any Holders of Claims or Interests, or any other Entity in any respect.

**CC. Chapter 11 Trustee's Actions Post-Confirmation Through the Effective Date** Until the Effective Date, the Chapter 11 Trustee shall continue to manage the estate, subject to the Court's oversight as provided under the Bankruptcy Code, the Bankruptcy Rules, and this Confirmation Order and any order of the Court that is in full force and effect.

**DD. Reports**  After the Effective Date, the Chapter 11 Trustee has no obligation to file with this Court or serve on any parties reports that the Estate was obligated to file under the Bankruptcy Code or a prior order of the Court, including monthly operating reports (except for any periods for which a monthly operating report was not filed before the Confirmation Date), ordinary course professional reports, and monthly or quarterly reports for Professionals; *provided*, *however*, that the Chapter 11 Trustee shall continue to comply with the U.S. Trustee's quarterly reporting requirements.

**EE. Conditions to Effective Date** The Plan shall not become effective unless and until the conditions in Article VIII.B of the Plan have been satisfied or waived pursuant to Article VIII.C of the Plan.

**FF. Waiver of Stay** Notwithstanding any Bankruptcy Rule (including Bankruptcy Rules 3020(e) and 6004(h)), this Confirmation Order is effective immediately and not subject to any stay, sufficient cause having been shown.

**GG. Modification of Plan Supplement** Subject to the terms of the Plan and this Confirmation Order, NBK is authorized to modify and amend the Plan Supplement through and including the Effective Date, and to take all actions necessary and appropriate to effectuate the transactions contemplated therein.

**HH. Post-Confirmation Modification of the Plan** Subject to the terms of the Plan and this Confirmation Order, NBK is authorized to amend or modify the Plan at any time prior to the substantial consummation of the Plan without further order of this Court, but only in accordance with section 1127 of the Bankruptcy Code and Article XI.H of the Plan.

**II. No Waiver/References to and Omissions of Plan Provisions** References to articles, sections, documents and provisions of the Plan are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan. The failure to include or to refer to any particular article, section, or provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such article, section, document or provision nor constitute

6 / 7

a waiver thereof, an such article, section, document or provision shall have the same validity, binding effect, and enforceability as every other article, section, document, or provision of the Plan, it being the intent of the Court that the Plan be confirmed in its entirety, except as expressly modified herein, and incorporated herein by this reference.

**JJ. Reservation of Rights** The filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by NBK with respect to the Plan shall not be deemed to be an admission or waiver of any rights of NBK, the Chapter 11 Trustee, the Liquidation Trustee, or any other Person with respect to Claims against and Interests in the Debtor.

**KK. Final Order** The provisions of Federal Rule of Civil Procedure 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

**LL. Retention of Jurisdiction** Notwithstanding the entry of this Confirmation Order, from and after the Effective Date, this Court shall retain exclusive jurisdiction over this Chapter 11 Case and all matters arising under, arising out of, or related to, this Chapter 11 Case, including all matters listed in Article XI of the Plan or addressed by this Confirmation Order, as well as for the purposes set forth in section 1142 of the Bankruptcy Code, to the fullest extent legally permissible.

**MM. Sonder USA, Inc. claim** The estate's claims against Sonder USA, Inc. was sold to 2425 WL LLC or another entity designated by Ali Choudhri by order entered on May 15, 2024 (ECF No. 337), and those claims are no longer property of the estate.