# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 11** |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | **Case No. 23-34815 (JPN)** |
| Debtor. | § | |

---

| | | |
|---|---|---|
| **ALI CHOUDHRI,** | § | |
| | § | |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **Case No. 4:24-cv-04836** |
| | § | |
| **NATIONAL BANK OF KUWAIT,** | § | |
| **S.A.K.P., NEW YORK BRANCH,** | § | |
| | § | |
| **Appellee.** | § | |

## APPELLEE'S EXPEDITED MOTION TO
## DISMISS, ABATE DEADLINES, OR STRIKE ISSUES

TO THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE:

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") submits this

*Expedited Motion to Dismiss, Abate Deadlines, or Strike Issues* (the "Motion") in

this appeal (the "Appeal") brought by Ali Choudhri ("Choudhri") from the *Order

Denying Motion (ECF 810)* (the "Order Denying Choudhri's Motion to Comply")

entered by the United States Bankruptcy Court for the Southern District of Texas

(the "Bankruptcy Court").

4919-0231-6376

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...........................................................................1

BACKGROUND AND PROCEDURAL POSTURE ...............................................4

    A. The Parties, the Loan, the Bankruptcy, and the Appointment of a
       Chapter 11 Trustee.............................................................................4

    B. Confirmation of the Plan, 2425 WL's Confirmation Order Appeal,
       Dismissal of the Confirmation Order Appeal, and 2425 WL's
       Dismissal Order Appeal.......................................................................5

    C. Disallowance of 2425 WL's Fraudulent Claim and 2425 WL's
       Fraudulent Claim Appeal....................................................................8

    D. Stay of the Dismissal Order Appeal ...............................................10

    E. Choudhri's Motion to Comply with the Plan's Gatekeeping Provisions
       and the Present Appeal .....................................................................10

    F. State Court Turnover of Choudhri's Assets to Receiver.................13

ARGUMENT & AUTHORITIES .......................................................................14

    A. This Appeal Is an Impermissible Collateral Attack on the
       Confirmation Order .........................................................................14

    B. Choudhri Waived Any Personal Objection to the Propriety of the
       Gatekeeping Provisions Through the Agreed Gatekeeping Order................16

    C. Choudhri Is Enjoined from Acting on Behalf of Naissance.........18

    D. Choudhri Has Not Shown Authority to Prosecute This Appeal on His
       Own Behalf.......................................................................................19

    E. Choudhri Is Not a Person Aggrieved, and He Thus Lacks Standing to
       Appeal...............................................................................................20

EXPEDITED CONSIDERATION .......................................................................22

CONCLUSION ...............................................................................................22

4919-0231-6376

# TABLE OF AUTHORITIES

## Cases

*In re CJ Holding Co.*,
    597 B.R. 597 (S.D. Tex. 2019) .............................................................................14

*Matter of Dean*,
    18 F.4th 842 (5th Cir. 2021) ........................................................................20, 22

*Fortune Nat. Res. Corp. v. U.S. Dept. of Interior*,
    806 F.3d 363 (5th Cir. 2015) ................................................................20, 21, 22

*Matter of Highland Capital Mgmt., L.P.*,
    48 F.4th 419 (5th Cir. 2022) .............................................................................15

*M&E Endeavours LLC v. Air Voice Wireless LLC*,
    No. 01-18-00852-CV, 2020 WL 5047902
    (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.)...................................19

*Matter of Technicool Sys., Inc.*,
    896 F.3d 382 (5th Cir. 2018) ........................................................................20, 22

*In re Tony3Cars, LLC*,
    No. 3:19-CV-2137-E, 2020 WL 13561593 (N.D. Tex. Dec. 4, 2020)...............15

*In re Tullius*,
    500 F. App'x 286 (5th Cir. 2012) ......................................................................14

## Statutes and Codes

United States Code
    Title 11 Section 1129 ...........................................................................................6

Texas Civil Practice and Remedies Code
    Section 31.002.....................................................................................................13

4919-0231-6376

## **PRELIMINARY STATEMENT**

1.      Choudhri—through this Appeal of an order denying his motion to show compliance ("Choudhri's Motion to Comply") with the gatekeeping provisions of the confirmed chapter 11 plan of liquidation of Galleria 2425 Owner, LLC (the "Plan") filed by NBK—challenges both the legal and factual bases supporting the Bankruptcy Court's enforcement of the Plan's gatekeeping provisions.  Choudhri, however, cannot obtain any relief from the Plan's gatekeeping provisions for at least the following reasons:

- The only party to object to or appeal the Plan's gatekeeping provisions was 2425 WL, LLC ("2425 WL"), but 2425 WL did not obtain a stay of the confirmation order, and the gatekeeping provisions remain in effect.  Thus, the indirect legal challenge presented in this Appeal constitutes an impermissible collateral attack on the unstayed gatekeeping provisions by a party that neither objected to the Plan nor appealed its confirmation.

- Choudhri lacks authority to prosecute this Appeal based on a recent state court order requiring Choudhri to turnover all non-exempt assets to a receiver and a separate order confirming he has no control over Naissance Galleria, LLC, a plaintiff in one of the lawsuits dismissed by the Bankruptcy Court.

1

- Choudhri cannot pursue a "lender liability" claim – the only "colorable" non-estate claim Choudhri identifies in his opening brief. Choudhri was not NBK's borrower. The Debtor was the borrower, and any of its claims have been resolved and released in the bankruptcy case.

2.    Accordingly, NBK moves to dismiss this Appeal or, in the alternative, abate all deadlines in this Appeal unless and until (a) Choudhri's authority to prosecute this appeal is resolved _and_ (b) 2425 WL's appeal, currently pending before the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit"), of the Bankruptcy Court's order confirming the Plan, including its gatekeeping provisions, is resolved in a manner that provides an opportunity for the legal challenge made in Choudhri's opening brief or otherwise impacts this Appeal.

3.    As a further alternative, absent dismissal or complete abatement, NBK moves to limit this Appeal to proceed only on the factual issue, _i.e._, whether the Bankruptcy Court erred in finding that the causes of action described in Choudhri's Motion to Comply were not "colorable" and he otherwise did not comply with the gatekeeping provisions. Striking the legal challenge is appropriate, not only because Choudhri cannot collaterally attack the gatekeeping provisions, but also because (a) he is deemed to have consented to the gatekeeping provisions by participating in the bankruptcy proceeding and failing to object and (b) he actually consented to the

2

gatekeeping provisions by agreeing to an abatement of litigation against NBK so he could comply with those gatekeeping provisions by demonstrating the underlying lawsuits assert colorable non-estate claims.

4.    Even then, this Appeal should only proceed if the Court can look past a separate standing issue—Choudhri cannot act for the Debtor, which is controlled by a chapter 11 trustee. He cannot act for Naissance Galleria, LLC, due to a state court injunction that was recently upheld on appeal. Those other parties never sought to comply with the gatekeeping provisions or appealed the Order Denying Choudhri's Motion to Comply. When Choudhri argues on behalf of "Plaintiffs" in his opening brief, he overreaches, and the Court should only consider the colorability of Choudhri's own claims, if any, in the litigation subject to the gatekeeping provisions to the extent he can prosecute them (the "Challenged Litigation").

5.    To minimize any waste of this Court's time and resources, the present Appeal should be dismissed or, if not dismissed, abated, in its entirety, pending final resolution of (a) the issue of Choudhri's authority and (b) 2425 WL's appeal of the confirmation order or, in the alternative, the Appeal should proceed only on the factual issue of the colorability of Choudhri's personal claims. NBK requests a ruling on this Motion before its briefing commences so that the parties can either avoid further briefing if this Appeal is dismissed or abated, or tailor their briefs if the Appeal is not abated but issues on Appeal are limited. If the Court decides this

3

Appeal may proceed with Choudhri as the Appellant, NBK requests that Choudhri be required to amend the opening brief to address only the colorability of Choudhri's personal claims, rather than obscuring an obvious standing issue by arguing the colorability of all plaintiffs' claims in the Challenged Litigation.

## BACKGROUND AND PROCEDURAL POSTURE

### A.   The Parties, the Loan, the Bankruptcy, and the Appointment of a Chapter 11 Trustee

6.     In 2018, NBK loaned Galleria 2425 Owner LLC (the "Debtor") approximately $51.6 million to purchase a commercial office building in Houston, Texas (the "Property") from 2425 WL.[1]  Both the Debtor and 2425 WL are owned and controlled by Choudhri.[2]  The loan was interest only, had a maturity date of May 23, 2023, and was secured by the Property and an assignment of rents.[3]

7.     By mid-2020, the Debtor stopped making payments on the loan.[4] Between early-2021 and late-2023, NBK attempted to foreclose four times.[5]  The Debtor (acting through Choudhri) temporarily halted the first two foreclosures

---

[1]  *See* **Exhibit 1** to the Declaration of Charles C. Conrad (the "**Conrad Decl.**") attached hereto as **Exhibit A**; Appellant's Br. at 3.  References to page numbers of the Appellant's Brief are to the PDF page number specified in the header of the 39-page document.

[2]  *See* Appellant's Br. at 2; Conrad Decl. **Exhibit 2** at 2.

[3]  *See* Conrad Decl. **Exhibit 1** at 11-89, 113-141; Conrad Decl. **Exhibit 2** at 4.

[4]  Conrad Decl. **Exhibit 2** at 4.

[5]  Conrad Decl. **Exhibit 2** at 4-7.

4919-0231-6376

through state court lawsuits and stopped the second two foreclosures through bankruptcy filings when its state court efforts failed.[6] This Appeal arises from the second bankruptcy case.

8.    In December 2023, Choudhri caused the Debtor to file its second voluntary chapter 11 petition in the Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") just one month after the Bankruptcy Court *sua sponte* dismissed its first chapter 11 case.[7] In January 2024, the Bankruptcy Court appointed a chapter 11 trustee (the "Trustee"), divesting Choudhri of control over the Debtor and the Property primarily because the Bankruptcy Court found Choudhri (the Debtor's manager) hopelessly conflicted and unable to represent the best interests of the Debtor's estate.[8]

**B.    Confirmation of the Plan, 2425 WL's Confirmation Order Appeal, Dismissal of the Confirmation Order Appeal, and 2425 WL's Dismissal Order Appeal**

9.    In April 2024, NBK filed the Plan, supported by the Trustee.[9] 2425 WL objected to the Plan.[10] At the same time, the Debtor and 2425 WL filed a total

---

[6] Conrad Decl. **Exhibit 2**

[7] Conrad Decl. **Exhibit 2** at 2, 7.

[8] Conrad Decl. **Exhibit 2** at 3; Conrad Decl. **Exhibit 3**.

[9] Conrad Decl. **Exhibit 4**.

[10] Conrad Decl. **Exhibit 2** at 1.

4919-0231-6376

of six patently unconfirmable chapter 11 plans.[11]  The Bankruptcy Court rejected each iteration, noting they were all "dead on arrival," "were never going to be approved," and "took great pains to protect the interests not of the estate or the debtor but of its principal and other entities that the principal controlled," such as 2425 WL.[12]

10.    In June 2024, over 2425 WL's objection, the Bankruptcy Court entered an order confirming NBK's Plan (the "Confirmation Order").[13]  2425 WL appealed the Confirmation Order (the "Confirmation Order Appeal," docketed as Case No. 24-cv-02590)[14] to the United States District Court for the Southern District of Texas (the "District Court").  In August 2024, 2425 WL filed its statement of issues for the Confirmation Order Appeal to the District Court, which include whether the Plan's gatekeeping provisions complied with section 1129 of the Bankruptcy Code.[15]

11.    In August 2024, NBK moved to dismiss the Confirmation Order Appeal as equitably moot (the "Motion to Dismiss").[16]  In response, 2425 WL narrowed the confirmation issues to: (a) the Plan's gatekeeping provisions; and

---

[11]  Conrad Decl. **Exhibit 2** at 4.

[12]  Conrad Decl. **Exhibit 5** at 2-3.

[13]  Conrad Decl. **Exhibit 6**.

[14]  Conrad Decl. **Exhibit 7**.

[15]  Conrad Decl. **Exhibit 8**.

[16]  *See* Conrad Decl. **Exhibit 9**.

4919-0231-6376

(b) the Plan's disallowance of insider claims.[17]  2425 WL argued that these two issues were not subject to dismissal for equitable mootness even though (a) 2425 WL did not seek or obtain a stay of the Confirmation Order; (b) the Plan had gone effective and been substantially consummated; and (c) the sale of the Debtor's Property free and clear of liens, claims and interests to NBK's designee had closed.[18]

12.    In November 2024, the District Court granted the Motion to Dismiss "[p]ursuant to Federal Rule of Civil Procedure 58(a), and for the reasons stated on the record at the November 21 hearing . . . ." (the "Dismissal Order").[19]  In brief, the District Court held that, after carefully reviewing the law of equitable mootness (a legal doctrine it admitted not to like), it had never seen a case that falls more squarely within applicable precedent compelling dismissal.[20]  In December 2024, 2425 WL appealed the Dismissal Order to the Fifth Circuit (the "Dismissal Order Appeal," docketed as Case No. 24-20541).[21]  As noted below, the Dismissal Order Appeal has been abated by the Fifth Circuit pending a final determination of whether the Bankruptcy Court erred in disallowing 2425 WL's claim against the Debtor as fraudulent.

---

[17]  *See* Conrad Decl. **Exhibit 10** at 4-5.

[18]  *See* Conrad Decl. **Exhibit 10**.

[19]  Conrad Decl. **Exhibit 11**.

[20]  Conrad Decl. **Exhibit 12** at 11-12.

[21]  Conrad Decl. **Exhibit 13**.

### C. Disallowance of 2425 WL's Fraudulent Claim and 2425 WL's Fraudulent Claim Appeal

13.    In March 2024—two months after the Bankruptcy Court appointed the Trustee and one month before NBK filed its Plan—Choudhri, as manager of 2425 WL, filed a fraudulent $22.9 million proof of claim against the Debtor's estate based on purported "seller financing" provided during the 2018 sale transaction and related NBK financing (the "Fraudulent Claim").[22]

14.    In June 2024, the Trustee objected to the Fraudulent Claim because, among other things: (a) the fraudulent "seller financing" documents were signed by Choudhri who lacked authority to act for the Debtor at the time he claims to have signed them; (b) the fraudulent "seller financing" documents were purportedly signed in 2018 at the time of the loan transaction, yet were not notarized until 2021, at the time NBK began its foreclosure efforts; and (c) 2425 WL *received* approximately $14 million from the sale—it did not *lend* any amount to the Debtor.[23]

15.    In September 2024, while the Confirmation Order Appeal was pending in the District Court, the Bankruptcy Court held an evidentiary hearing on the Trustee's objection to the Fraudulent Claim.[24]  The Bankruptcy Court found, based

---

[22]  Conrad Decl. **Exhibit 14**.  2425 WL would go on to file an amended proof of claim for the same debt.  Conrad Decl. **Exhibit 15**.

[23]  *See* Conrad Decl. **Exhibit 16** at 2-11.

[24]  Conrad Decl. **Exhibit 17**.

4919-0231-6376

on witness testimony and documents, that Choudhri "is a forger and a liar" and there was "clear and convincing" evidence that the alleged seller financing documents "were fraudulently created after the fact."[25]  Based on these factual findings, the Bankruptcy Court disallowed 2425 WL's claim, voided the alleged security for claim, and referred the matter to the United States Attorney (the "<u>Fraudulent Claim Order</u>").[26]  2425 WL moved for reconsideration,[27] and the Bankruptcy Court denied that.[28]

16.     In October 2024, 2425 WL then appealed the Fraudulent Claim Order and the denial of its motion for reconsideration to the District Court (the "<u>Fraudulent Claim Appeal</u>," docketed as Case No. 4:24-cv-03834).[29]  On July 23, 2025, 2425 WL filed its opening brief in the Fraudulent Claim Appeal.[30]  The Trustee's response brief is due August 22, 2025.

---

[25]  Conrad Decl. **Exhibit 17** at 88-91; Conrad Decl. **Exhibit 18**.

[26]  Conrad Decl. **Exhibit 18**.  The Bankruptcy Court subsequently ordered 2425 WL's lien expunged from the land records and deed of trust released when it would not do so voluntarily.  *See* Conrad Decl. **Exhibit 19** and **Exhibit 20**.

[27]  Conrad Decl. **Exhibit 21**.

[28]  Conrad Decl. **Exhibit 22**.

[29]  Conrad Decl. **Exhibit 23**.

[30]  Conrad Decl. **Exhibit 24**.

4919-0231-6376

**D.      Stay of the Dismissal Order Appeal**

17.      On June 2, 2025, 2425 WL filed its opening brief in the Dismissal Order

Appeal (the appeal to the Fifth Circuit of the District Court's dismissal of the

Confirmation Order Appeal as equitably moot).  On June 20, 2025, NBK filed an

expedited motion to abate the Dismissal Order Appeal pending resolution of the

Fraudulent Claim Appeal because 2425 WL lacks standing unless the disallowance

of its Fraudulent Claim is reversed.[31]  On June 23, 2025, the Fifth Circuit granted

NBK's motion and stayed the Dismissal Order Appeal.[32]

**E.      Choudhri's Motion to Comply with the Plan's Gatekeeping
Provisions and the Present Appeal**

18.      In October 2024, NBK filed an emergency motion to enforce the Plan's

gatekeeping provisions requesting the Bankruptcy Court to (a) stay the Challenged

Litigation against NBK and (b) order the respective plaintiffs to show cause why the

Challenged Litigation should proceed.[33]  Choudhri responded to NBK's emergency

---

[31]  Conrad Decl. **Exhibit 25**.

[32]  Conrad Decl. **Exhibit 26**.

[33]  Conrad Decl. **Exhibit 27**.  The Challenged Litigation originally including four
separate pieces of litigation.  On October 8, 2024, the plaintiff in *Naissance Galleria,
LLC v. NBK*, Cause No. 2023-41091 pending in the District Court of Harris County,
Texas, 129th Judicial District nonsuited, leaving three remaining actions.  *See*
Conrad Decl. **Exhibit 28**.

motion.[34]  In his response, Choudhri claimed not to oppose the requested relief but also claimed to preserve his purported objection to the gatekeeping provisions.

> Choudhri does not oppose this requested relief.  While Choudhri objected to both the Plan's gatekeeping provision and its releases, and entities affiliated with his interests are currently challenging those provisions of the Plan on appeal, subject to those objections, and without waiving same, Choudhri is willing to cooperate with NBK in seeking to stay or abate the above-mentioned litigation while the Court decides any motions seeking gatekeeping approval to maintain that litigation against NBK.[35]

19.     Ultimately, the parties submitted, and the Bankruptcy Court entered, an agreed order—signed by counsel for NBK and counsel for 2425 WL and Choudhri—staying the Challenged Litigation and requiring the plaintiffs to file show cause motions demonstrating that their claims in the Challenged Litigation are colorable, non-estate claims (the "Agreed Gatekeeping Order").[36]  Nothing in the Agreed Gatekeeping Order purports to preserve any objection based on the enforceability of the Plan's gatekeeping provisions.

20.     In November 2024, Choudhri was the only plaintiff in the Challenged Litigation to file a motion showing cause ("Choudhri's Motion to Comply").[37]  The

---

[34]  Conrad Decl. **Exhibit 29**.

[35]  Conrad Decl. **Exhibit 29** at 2.

[36]   Conrad Decl. **Exhibit 30**.  Consistent with paragraphs 7 of the Agreed Gatekeeping Order, NBK filed notice of the agreed order in all three of the remaining Challenged Litigation cases, and no activity has occurred in those cases since.

[37]  Conrad Decl. **Exhibit 31**.

11

other plaintiffs were the Debtor, which was controlled by the Trustee, and Naissance Galleria, LLC ("Naissance").  Choudhri indisputably could not act for the Debtor. Choudhri also could not act on behalf of Naissance, due to a state court injunction.[38]

21.    The Bankruptcy Court dismissed Choudhri's Motion to Comply with prejudice (the "Order Denying Choudhri's Motion to Comply").[39]  The Bankruptcy Court noted:

> . . . The Court stresses that the effect of the confirmed plan was to end the vexatious litigation between entities controlled by Choudhri and NBK.  Choudhri continues to raise factual and legal issues which this Court has already considered and rejected.
>
> . . . The Court cannot sufficiently stress that Choudhri continues to raise and argue the same basic facts and claims that this Court has found lacked foundation and merit.
>
> . . . The Court has had ample opportunity to assess Mr. Choudhri's factual and legal arguments and has repeatedly rejected them. Choudhri's purpose for pursuing these claims is improper and clearly vexatious.

Order Denying Choudhri's Motion to Comply at 1-2.

22.    In December 2024, Choudhri initiated this Appeal.  On July 23, 2025, Choudhri filed his opening brief, in which he argues the protections of the Plan's gatekeeping provisions cannot be extended to NBK and, even if the protections could extend to NBK, the claims asserted in the Challenged Litigation are colorable

---

[38] *See* Appellant's Br. at 16; Conrad Decl. **Exhibit 31** at 2 n.1.
[39] Conrad Decl. **Exhibit 32**.

non-estate claims and should be permitted to proceed.  On this last point, Choudhri's argument boils down to him claiming his alleged "lender liability" claim is not derivative of any the Debtor might have had and released, even though he was neither a borrower nor guarantor of the credit extended by NBK to the Debtor.  He was just a holder of equity.[40]

### F.    State Court Turnover of Choudhri's Assets to Receiver

23.     On March 31, 2025, the 333rd District Court of Harris County, Texas entered an order (as amended on April 9, 2025, the "Receivership Order") appointing Travis B. Vargo as receiver in aid of collecting on a judgment against Choudhri pursuant to TEX. CIV. PRAC. & REM. CODE § 31.002.[41]  All of Choudhri's non-exempt assets were turned over to Mr. Vargo upon entry of the Receivership Order, vesting in him exclusive authority to manage and control such assets.[42]  On April 29, 2025, Choudhri appealed the Receivership Order.[43]

---

[40]  Appellant's Br. at 3 (". . . the Debtor Galleria 2425 Owner, LLC (also owned by Choudhri) . . .").

[41]  *See* Conrad Decl. **Exhibit 33**.

[42]  Conrad Decl. **Exhibit 33** ¶¶ 14, 17, 20, 41, 42.  Mr. Vargo is "authorized to compromise and settle any disputes, claims and/or causes of action by and/or against [Choudhri] within [Mr. Vargo's] discretion."  Conrad Decl. **Exhibit 33** ¶ 42.

[43]  Conrad Decl. **Exhibit 34**.

4919-0231-6376

## ARGUMENT & AUTHORITIES

**A.    This Appeal Is an Impermissible Collateral Attack on the Confirmation Order**

24.    It was 2425 WL that objected to the Plan and appealed the Confirmation Order—not Choudhri.   "Whether [Choudhri] would have standing to appeal a confirmation order in this case, absent an earlier objection, is doubtful."   *In re Tullius*, 500 F. App'x 286, 291 n.13 (5th Cir. 2012) (quoting COLLIER ON BANKRUPTCY ¶ 5.07 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("noting, in a discussion about standing to appeal an order of the bankruptcy court, that 'an appearance at and objection to (or support of) the matter being considered by the bankruptcy court have been held prerequisite to the right to appeal'")).

25.    This Court and other courts in this Circuit have held that parties who receive notice and do not timely and properly object to confirmation of a plan through the underlying bankruptcy proceeding lack standing to appeal.

> If a claimholder receives notice of the bankruptcy proceeding, including the bar date, the debtors' proposed plan, and the confirmation hearing, but has failed to timely file a proof of claim, appear in the bankruptcy proceeding, or object to the plan, that claimholder cannot appeal from the bankruptcy court's confirmation order.  *See In re Palmaz Sci. Inc.*, 262 F.Supp.3d 428, 437 (W.D. Tex. 2017) (examining the Fifth Circuit's restrictive view on nonobjecting creditors' rights); *In re Watch, Ltd.*, 257 F. App'x 748, 748-50 (5th Cir. 2007); *In re Tullius*, 500 F. App'x 286, 290 n.13 (5th Cir. 2012).

*In re CJ Holding Co.*, 597 B.R. 597, 609 (S.D. Tex. 2019).   "[S]o long as a party had proper notice of the proceedings below and of its opportunity to object to the

14

action proposed to be taken, a failure to appear and object before the bankruptcy court deprives that party of standing to bring an appeal." *In re Tony3Cars, LLC*, No. 3:19-CV-2137-E, 2020 WL 13561593, at *5 (N.D. Tex. Dec. 4, 2020) (quoting *In re Palmaz Sci., Inc.*, 262 F. Supp.3d at 435).

26.    Choudhri cannot evade this prohibition by attacking the Confirmation Order and its gatekeeping provisions collaterally through the Appeal. He lacks standing to do so, and the Court lacks jurisdiction over a collateral attack of a confirmation order.[44]

27.    There is no way to characterize this Appeal as anything other than a challenge to the Confirmation Order. Choudhri argues that this Court should reverse the Order Denying Choudhri's Motion to Comply because: (a) "[b]ankruptcy courts' gatekeeping powers can only be invoked to protect trustees and other court-appointees—not private parties serving in no official bankruptcy capacity like [NBK];" (b) "Bankruptcy courts' gatekeeping powers have been significantly

---

[44]    We lack jurisdiction to consider collateral attacks on final bankruptcy orders even when it concerns whether the court properly exercised jurisdiction or authority at the time. . . . To the extent Appellants seek to roll back the protections in the bankruptcy court's [gatekeeping] orders (which is not clear from their briefing), such a collateral attack is precluded.

Matter of Highland Capital Mgmt., L.P., 48 F.4th 419, 438 n.15 (5th Cir. 2022) (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, (2009); *In re Linn Energy, L.L.C.*, 927 F.3d 862, 866-67 (5th Cir. 2019)).

constrained by the Supreme Court's decision in *Purdue Pharma*;" and (c) "[t]he [Bankruptcy] Court exceeded its jurisdiction by dismissing the Challenged Litigation."[45]

28.     If there are infirmities in the Confirmation Order and Plan's gatekeeping provisions (which there are not) that 2425 WL can advance, they will be addressed exclusively through the Confirmation Order Appeal to which Choudhri is not a party.

29.     Choudhri's effort to challenge the Confirmation Order here is even more egregious because he never objected to the Plan or its gatekeeping provisions. Choudhri *qua* Choudhri failed to preserve the purely legal issue for appeal, and this Court should not permit Choudhri, who utterly lacks standing to do so, to use this Appeal as a separate conduit to collaterally attack the Plan's gatekeeping provisions.

**B.     Choudhri Waived Any Personal Objection to the Propriety of the Gatekeeping Provisions Through the Agreed Gatekeeping Order**

30.     In addition to failing to appeal the Confirmation Order and its gatekeeping provisions, Choudhri agreed to stay the Challenged Litigation pending resolution of a "motion seeking a ruling, and showing cause why, the claims asserted in their respective Pending Actions are colorable, non-estate claims."[46]     Both

---

[45]  Appellant's Br. at 19, 23, 24.

[46]  Agreed Gatekeeping Order at 2.

4919-0231-6376

Choudhri's response to NBK's emergency motion to enforce the gatekeeping provisions and the Agreed Gatekeeping Order are clear that "Choudhri does not oppose the relief sought in" NBK's emergency motion to enforce the Plan's gatekeeping provisions.[47]

31.     Choudhri's attempt to preserve any personal objection to the gatekeeping provisions in his response to NBK's emergency motion to enforce is of no avail for at least three reasons. *First*, Choudhri conceded that "entities affiliated with his interests are currently challenging those provisions of the Plan on appeal"[48] and not himself. *Second*, Choudhri filed no objection to the Plan on his own behalf, and although, "Ali Choudhri also appeared pro se"[49] at the confirmation hearing, there is no statement on the record, much less a clear statement, indicating that Choudhri objected to the gatekeeping provisions in his personal capacity, separate and apart from his interest in 2425 WL.[50] *Third,* the Agreed Gatekeeping Order resolved any objection to NBK's emergency motion and no issues were preserved.

32.     If Choudhri wished to preserve a legal challenge to the gatekeeping provisions, he should have filed an objection to confirmation of the Plan *and* joined

---

[47]  Conrad Decl. **Exhibit 29** at 2; Agreed Gatekeeping Order at 1.

[48]  Conrad Decl. **Exhibit 29** at 2.

[49]  Conrad Decl. **Exhibit 2** at 2.

[50]  Conrad Decl. **Exhibit 35**.

2425 WL's Confirmation Order Appeal instead of consenting to the relief requested in NBK's motion to enforce the gatekeeping provisions. The Court should not permit Choudhri now to present a legal challenge to the gatekeeping provisions to which he subjected himself by agreement and by participation in the proceedings under which his claims were determined not to be colorable, non-estate claims.

### C. Choudhri Is Enjoined from Acting on Behalf of Naissance

33. There are three Challenged Litigation cases: (a) Naissance is the sole plaintiff in the case pending in state court; (b) the Debtor, Naissance, and Choudhri are co-plaintiffs in one of the adversary proceedings in the Bankruptcy Court (though the Debtor's claims against NBK were released through the Plan with the support of the Trustee); and (c) Choudhri is the sole plaintiff in the other adversary proceeding in the Bankruptcy Court.[51]

34. Choudhri acknowledges that a state court injunction prevents him from acting on behalf of Naissance (which never attempted to demonstrate it had non-estate, colorable claims in response to the Agreed Gatekeeping Order) but attempts

---

[51] The Challenged Litigation includes: (a) *Naissance v. Zaheer and NBK* , Cause No. 2023- 43755, pending in the 80th District Court of Harris County, Texas; (b) *Galleria 2425 Owner, LLC, Naissance, and Choudhri v. NBK*, Adversary Proceeding No. 23-06009, pending in the Bankruptcy Court; and (c) *Choudhri v. NBK and Zaheer*, Adversary Proceeding No. 23-03263, pending in the Bankruptcy Court.

4919-0231-6376

to minimize this fact by claiming the injunction "is presently on appeal."[52] However, the Court of Appeals for the First District of Texas affirmed the state court injunction six days before Choudhri filed his opening brief.[53]  That Choudhri cannot act or argue on behalf of Naissance is free from any doubt, and there is no avenue Choudhri can pursue "to obtain permission [to pursue the Challenged Litigation] on Nassance's behalf."[54]  This Court should disregard any attempt by Choudhri to show that the claims brought by Naissance satisfy the gatekeeping provisions' colorability requirements.

### D.    Choudhri Has Not Shown Authority to Prosecute This Appeal on His Own Behalf

35.    Under Texas law, the Receivership Order vests control all of Choudhri's non-exempt assets—including assignable causes of action—to Mr. Vargo as *custodia legis*.  "During the pendency of a receivership, the property held in *custodia legis* is free from interference, with the exclusive custody and possession that the court assumes over it."  *M&E Endeavours LLC v. Air Voice Wireless LLC*, No. 01-18-00852-CV, 2020 WL 5047902, at *5 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.).  Choudhri, therefore, cannot prosecute this Appel even with respect to claims he asserts are his own.

---

[52]  Appellant's Br. at 16.

[53]  Conrad Decl. **Exhibit 36**.

[54]  Appellant's Br. at 31.

### E.     Choudhri Is Not a Person Aggrieved, and He Thus Lacks Standing to Appeal

36.     "Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets." *Matter of Dean*, 18 F.4th 842, 844 (5th Cir. 2021).  As explained by the Fifth Circuit:

> Bankruptcy courts are not Article III creatures bound by traditional standing requirements.  But that does not mean disgruntled litigants may appeal every bankruptcy court order willy-nilly.  Quite the contrary.  Bankruptcy cases often involve numerous parties with conflicting and overlapping interests.  Allowing each and every party to appeal each and every order would clog up the system and bog down the courts.  Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.

*Matter of Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018) (citations omitted).

37.     Consequently, "a bankruptcy appellant must [] show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court." *Id.* (quotation omitted).  "The narrow inquiry for bankruptcy standing—known as the 'person aggrieved' test—is 'more exacting' than the test for Article III standing." *Id.* (citations omitted).  This requires "a higher causal nexus between act and injury," and "narrows the playing field, ensuring only those with a direct, financial stake in a given order can appeal it." *Id.* (citation and quotation omitted).  Put simply, "[t]he order must burden [appellant's] pocket before he burdens a docket." *Id.*

38.     Further, a party must establish standing before challenging the merits of a bankruptcy court order. *Fortune Nat. Res. Corp. v. U.S. Dept. of Interior*, 806

20

F.3d 363, 366-67 (5th Cir. 2015).  That is true even where the putative appellant argues the appealed-from order "violated substantive bankruptcy law."  *Id.*  An appellant cannot obtain standing by arguing a violation of substantive bankruptcy law unless it also has a direct financial stake in the outcome.  *Id.*

39.    Choudhri has not made, and cannot make, the required showing here. Choudhri rests his personal claim on an alleged lender liability claims against NBK. But, NBK's borrower was the Debtor, not Choudhri (or Naissance).  And in the ten pages Choudhri dedicates to defending the colorability of the lender liability claims collectively for all "plaintiffs" (*i.e.*, the Debtor, Naissance, and Choudhri) in the Challenged Litigation, the only injury he claims to have suffered as the result of NBK's actions is the "loss of a significant asset."[55]  Choudhri claims the loss is not derivative of a claim of the Debtor and is personal to him, but he fails to describe how that is so.[56]

40.    If the "significant asset" is the Property itself, which was indisputably owned by the Debtor and sold by the Trustee for the benefit of the estate, Choudhri has no claim at all against NBK for "loss," but at most that claim of loss is derivative of the Debtor.  Choudhri's interest in this "significant asset" is only an indirect economic interest in the Debtor, which renders his claims entirely derivative, no

---

[55]  Appellant's Br. at 31, 36.

[56]  Appellant's Br. at 36.

21

matter how pleaded, and renders him unable to demonstrate that the Order Denying Choudhri's Motion to Comply "directly, adversely, and financially" impacts him. *Dean*, 18 F.4th at 844; *Technicool Sys., Inc.*, 896 F.3d at 385; *Fortune Nat. Res. Corp.*, 806 F.3d at 366-67.  Regardless, any value attributable to Choudhri's indirect equity interest in the Debtor was, in effect, forfeited when voluntarily he caused the hopelessly insolvent entity to file its first or second chapter 11 petition.

41.    Because personal claims in the Challenged Litigation, if any, are quintessentially derivative, this Appeal should be dismissed for lack of standing under the person-aggrieved standard.

## EXPEDITED CONSIDERATION

42.    NBK requests expedited consideration of the Motion and a ruling in advance of the briefing schedule so the parties can either avoid further briefing (if NBK's motion to dismiss or abate is granted) or tailor their briefs properly (if NBK's motions to dismiss or to abate are not granted but its motion to strike is).

## CONCLUSION

For the foregoing reasons, NBK respectfully requests this Court enter an order dismissing this Appeal or, if the Appeal is not dismissed, abating all proceedings in this Appeal unless and until a court of competent jurisdiction determines Choudhri has authority to prosecute this Appeal *and* 2425 WL has obtained a final order reversing or modifying the Confirmation Order such that NBK is not protected under

the Plan's gatekeeping provision for parties other than the sole appellant, 2425 WL. In the alternative, NBK respectfully requests this Court enter an order striking all issues raised by Choudhri except those that relate directly to the question of whether his personal claims (not the claims of the Debtor or Naissance) in the Challenged Litigation comply with the requirements of the Plan's gatekeeping provisions.

Dated: August 1, 2025

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

 */s/ Andrew M. Troop*
Charles C. Conrad
Tex. Bar No.24040721
S.D. Tex. Fed. No. 37220
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com

- and -

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. No. 30089813
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch***

4919-0231-6376

## CERTIFICATE OF SERVICE

On August 1, 2025, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record for the parties to this Appeal.  Appellee's counsel will serve the parties listed below by separate email.

Appellant's Counsel:
J. Carl Cecere
Cecere PC
6035 McCommas Boulevard
Dallas, TX 75206
ccecere@cecerepc.com

Liquidation Trustee:
Christopher R. Murray
602 Sawyer Street, Suite 400
Houston, TX 77007
chris@jonesmurray.com

U.S. Trustee:
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street, Suite 3516
Houston, TX 77002
jana.whitworth@usdoj.gov

Liquidation Trustee's Counsel:
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street, Suite 1525
Houston, TX 77002
rshannon@shannonleellp.com

/s/ Andrew M. Troop
Andrew M. Troop

## CERTIFICATE OF CONFERENCE

I certify that, as required by Southern District of Texas Local Rule 7.1D, counsel for NBK emailed counsel for Choudhri on August 1, 2025, advising of its intent to file this Motion today, and counsel for Choudhri responded that he would confer with Choudhri.  As of the filing of this Motion, counsel for Choudhri has not responded that Choudhri consents to the relief requested.  NBK, therefore, assumes that Choudhri will oppose the relief sought in this Motion.

/s/ Andrew M. Troop
Andrew M. Troop

24

## <u>CERTIFICATE OF COMPLIANCE</u>

This Motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) because it contains 5,175 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

This Motion also complies with the typeface and style requirements of FED. R. APP. P. 27(d)(1)(E) and 32(a)(5) and (6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

*/s/ Andrew M. Troop*

Andrew M. Troop

25

4919-0231-6376