# **EXHIBIT 10**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Galleria 2425 Owner, LLC, | § | Bankruptcy Case No. 23-34815 |
|     DEBTOR | § | |
| | § | |
| 2425 WL, LLC, | § | |
|     APPELLANT | § | Civil Action No. 4:24-cv-02590 |
| | § | |
| v. | § | |
| | § | |
| National Bank of Kuwait, S.A.K.P., New | § | |
| York Branch, | § | |
|     APPELLEE | § | |

**APPELLANT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS APPEAL**

COMES NOW Appellant, 2425 WL, LLC ("Appellant" or "2425 WL"), and respectfully files this response in opposition to the Motion to Dismiss Appeal filed by National Bank of Kuwait, S.A.K.P. New York Branch ("NBK") on August 23, 2024 (Docket No. 3).

1. **No cause to dismiss appeal for filing "Appellant's Statement of the Issues on Appeal and Designation of Record on Appeal" eighteen (18) days late, on the facts of this case.** The Appellant must file a designation of record on appeal and statement of issues on appeal within fourteen (14) days after the notice of appeal becomes effective. Fed. R. Bank. P. 8009(a). Failure to comply with various appellate deadlines after filing a notice of appeal does not affect the validity of the appeal, but is ground only for the district court to act as it considers appropriate, including dismissing the appeal. Fed. R. Bank. P. 8003(a)(2). The Fifth Circuit standard is that dismissal of a bankruptcy appeal is discretionary with the District Court and should be considered

in light of the prejudicial effect on the appellee and the bonafides of the appellant of a missed deadline.

2. NBK pleads that filing the designation of record and statement of issues eighteen (18) days late compels dismissal, and cites three (3) Fifth Circuit cases:

    a. *In re Pyramid Mobile Homes, Inc.* (one-year delay in ordering transcripts);

    b. *In Re Nikolai* (ten-month delay in filing appellant's brief); and

    c. *In re Braniff Airways, Inc.* (nineteen and one half month delay in filing appellant's brief).

But, the cases it cites do not support their requested result. Here, Appellant timely filed the Notice of Appeal on July 6, 2024, the appeal was docketed on July 11, 2024, the appeal fee was timely paid, the transcript was timely ordered, and thereafter, the designation of record on appeal and statement of issues on appeal was filed on August 9, 2024. Then, NBK filed the Motion to Dismiss Appeal and a supplement to the record on August 23, 2024.

3. None of the cases cited by NBK involve a designation of record and notice of issues on appeal, none involve a fifteen (15) to eighteen (18)-day late period. None involve the fact pattern where the appellant's document at issue was filed before the appellee filed a motion to dismiss appeal.

4. Even though there is absolutely no case law to support dismissal of an appeal from a Bankruptcy Order on these facts, NBK asserts there is an inherent prejudice to any party appellee for any missed appellant deadline.

5. **<u>Bonafide Issues on Appeal.</u>** There are two (2) clear issues of law at the core of 2425 WL's appeal of the plan confirmation order.

a. The plan provides that: "On the Effective Date all Insider Claims shall be **canceled and extinguished**." (Bankruptcy Docket No. 566, p. 19, Plan Article III(B)(h)) (emphasis added). This violates fundamental Fifth Circuit Bankruptcy Law that proof of claims are deemed allowed until objected to and adjudicated. Claims cannot simply be wiped out by a plan becoming effective. See *In re Simmons*, 765 Fed. 2d 547, 552 (Fifth Circuit 1985).

b. In the plan, NBK is included as a **"Released Party"**. The plan provides that all claims against NBK relating to NBK's loan on the property are permanently enjoined, subject to a gate-keeper provision. (Bankruptcy Docket No. 566, pp. 20 & 21). This violates long-standing Fifth Circuit case law prohibiting a debtor's plan from enjoining actions by third-parties against other third-parties, and would extend the gate-keeper provision to a party other than the debtor, liquidating trustee, or some other party tasked with running a reorganized business pursuant to a plan of reorganization. Here, this is a liquidation plan and not a plan of reorganization, and an appointed liquidating trustee has all of the plan liquidation duties, while NBK has no part in the liquidation of the debtor.

6. But, NBK tells this Court that subsequent to 2425 WL filing its appeal, conditions regarding confirmation or affecting confirmation were changing. The sale of property, which NBK claims is at the core of the plan, was not completed to the winning bidder, rather was sold to NBK on a credit bid as the back-up bidder.

7. Additionally, the case is ongoing. According to NBK, the plan did not become effective until August 21, 2024.

8. At least three other appeals related to the appeal of order confirming plan have been filed:

   a. District Court Case 4:24-cv-01746 is an appeal from a final cash collateral order which purports to release NBK from all claims of all third-parties, including 2425 WL;

   b. District Court Case 4:24-cv-02073 is an appeal filed by Sonder USA, Inc. ("Sonder") from an order authoring the Trustee's sale to 2425 WL of his cause of action against Sonder (which effects distributions under the plan); and

   c. District Court Case 4:24-cv-03198 is an appeal from an order dismissing Ali Choudhri's adversary proceeding versus NBK.

9. Additionally, on September 6, 2024, the Bankruptcy Court conducted a hearing on the Chapter 11 Trustee's objection to the proof of claim filed by 2425 WL, which NBK asserts impacts the plan and this appeal. In sum, eighteen (18) days has not prejudiced NBK in any manner, due to other appeals which effect plan confirmation and other litigation which effects distribution under the plan.

10. **<u>Equitable Mootness Does Not Apply to 2425 WL's Appeal of the Plan.</u>** It is unclear where NBK is going with this argument. The Fifth Circuit has already addressed the issue of equitable mootness with respect to third-party injunctions and gate-keeper provisions, and the same analysis applies equally to the claim extinguishment provisions in a plan. *Nextpoint Advisors, LP v. Highland Capital Mgmt., L.P.* (*In re Highland Capital Mgmt*), 48 F.4th 419 (Fifth Cir. 2022). "This Court uses equitable mootness as a 'scalpel' rather than an 'axe', applying it claim-by-claim instead of appeal-by-appeal." *Highland Capital Mgmt.,* 48 F.4th at 429. As in *Highland Capital Mgmt.*, the focus of 2425 WL's appeal of the plan is the injunction and gate-keeper provisions

protecting a third party (NBK) from other third parties (including 2425 WL). Here, as in *Highland Capital Mgmt.*, this appeal is not equitably moot.

11. Additionally, 2425 WL appeals from the *per se* cancelation and extinguishment of its claim against the debtor's estate. Utilizing the same analysis in *Highland Capital Mgmt.*, the fact is that the liquidating trustee has not and will not in the near future be disbursing funds to any classes of unsecured creditors, and therefore appeal of the cancellation of 2425 WL's claim is not moot. The Fifth Circuit held that no other panel of the Fifth Circuit had extended the doctrine of equitable mootness so far. *Highland Capital Mgmt.,* 48 F.4th at 432.

WHEREFORE, PREMISES CONSIDERED, 2425 WL, LLC respectfully prays that this Court deny the Motion to Dismiss Appeal filed by NBK, and grant 2425 WL, LLC such other and further relief, in equity or at law, to which it may show itself justly entitled.

Date: September 13, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ H. Gray Burks, IV*
　　　　　　　　　　　　　　　　　　　H. Gray Burks, IV
　　　　　　　　　　　　　　　　　　　State Bar No. 03418320
　　　　　　　　　　　　　　　　　　　BurksBaker, PLLC
　　　　　　　　　　　　　　　　　　　950 Echo Ln, Suite 300
　　　　　　　　　　　　　　　　　　　Houston, TX 77024
　　　　　　　　　　　　　　　　　　　Telephone: (713) 897-1297
　　　　　　　　　　　　　　　　　　　Facsimile: (713) 869-9100
　　　　　　　　　　　　　　　　　　　Email: gray.burks@burksbaker.net
　　　　　　　　　　　　　　　　　　　*Attorneys for 2425 WL, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2024 a true and correct copy of the foregoing document was served on the parties listed below, via electronic delivery through the Court's CM/ECF system:

Charles Clayton Conrad on behalf of Creditor National Bank of Kuwait, S.A.K.P., New York Branch
charles.conrad@pillsburylaw.com, docket@pillsburylaw.com, nancy.jones@pillsburylaw.com, ryan.steinbrunner@pillsburylaw.com

Andrew M. Troop on behalf of Creditor National Bank of Kuwait, S.A.K.P., New York Branch
andrew.troop@pillsburylaw.com

*/s/ H. Gray Burks, IV*
H. Gray Burks, IV