# EXHIBIT 15

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Galleria 2425 Owner, LLC |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Southern District of Texas |
| Case number | 23-34815 |

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

2425 WL, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Stephen W. Sather | |
| Name | Name |
| 7320 N. MoPac Expwy., Suite 400 | |
| Number      Street | Number      Street |
| Austin          TX          78731 | Austin          US          78731 |
| City          State          ZIP Code | City          State          ZIP Code |
| Contact phone 512-649-3243 | Contact phone 5126493243 |
| Contact email ssather@bn-lawyers.com | Contact email ssather@bn-lawyers.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☐ No
☑ Yes. Claim number on court claims registry (if known) 7-1          Filed on 03/21/2024
                                                                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

| | | |
|---|---|---|
| 7. | How much is the claim? | $_____22,968,231.58_. Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | | |
|---|---|---|
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Real Eseate Lien |

| | | |
|---|---|---|
| 9. | Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** Deed of Trust<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) 10.00 %<br>☑ Fixed<br>☐ Variable |

| | | |
|---|---|---|
| 10. | Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ |

| | | |
|---|---|---|
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:  Sign Below**

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | *Check the appropriate box:* |
|---|---|
| | ☑ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  04/10/2024
                   MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:** |

| Name | Ali Choudhri |
|---|---|
| | First name          Middle name          Last name |
| Title | Manager |
| Company | 2425 WL, LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 2425 West Loop South, 11th Floor |
| | Number        Street |
| | Houston                    TX        77027 |
| | City                       State     ZIP Code |
| Contact phone | _____   Email _____ |

| | |
|---|---|
| Principal | $ 14,780,332.38 |
| Interest Rate | 10% |
| Start Date | 5/23/2018 |
| Petition Date | 12/5/2023 |
| Intrest Accrued | $  8,187,899.20 |
| Total | $ 22,968,231.58 |

## PROMISSORY NOTE

**$14,730,332.38 (USD)**                                        **Houston, Texas**
**May 23, 2018**

**FOR VALUE RECEIVED, Galleria 2425 Owner, LLC** ("Borrower"), a Delaware limited liability company with an address at 1001 W. Loop South, Suite 700 Houston Texas 77027, through its managing member **Galleria 2425 JV, LLC**, a Delaware limited liability company, hereby unconditionally promises to pay to the order of **2425 WL, LLC**, a New York limited liability company, having an address at 11509 S Lou Al Dr Houston Texas 77024 ("Lender"), or at such other place as the holder hereof may from time to time designate in writing, the maximum principal sum of **FOURTEEN MILLION SEVEN HUNDRED AN THIRTY THOUSAND THREE HUNDRED AND THIRTY TWO AND 38/100 DOLLARS ($14,730,332.38)** in lawful money of the United States of America with interest thereon to be computed from the date of this Note at the Applicable Interest Rate, and to be paid in accordance with the terms of this Note, and the Deed of Trust (the "Deed of Trust"), dated as of the date hereof, between Borrowers and Lender (the "Loan Agreement"). All capitalized terms not defined herein shall have the meanings set forth in the Deed of Trust. This Note and the Deeds of Trust are sometimes collectively referred to as the "Loan Documents" or singly as "Loan Document."

### ARTICLE 1 - Payment Terms

Borrowers agree to pay the principal sum of this Note, together with all accrued and unpaid interest thereon, all at the stated regular rate of ten percent (10.00%) per annum (the "Applicable Rate") on or before May 22, 2021 (the "Maturity Date"). Commencing May 23, 2018 and continuing on the 23rd of each subsequent May until the Maturity Date, Borrower agrees to pay to Lender interest-only payments based on the principal sum of this Note and the Applicable Rate.

If Borrowers fail to pay the amount stated in the preceding paragraph, together with all accrued and unpaid interest thereon on or before the Maturity Date, Borrower shall pay to Lender additional interest at the Default Rate of the lesser of eighteen percent (18.00%) per annum (the "Default Rate") or the maximum amount allowed by the laws for the State of New York.

### ARTICLE 2 - Default And Acceleration

The Debt shall without notice become immediately due and payable at the option of Lender if any payment of principal or interest required in this Note is not paid on or prior to the date when due or if not paid on the Maturity Date or on the happening of any other Event of Default and in addition, Lender shall be entitled to receive interest on the entire unpaid principal sum at the Default Rate pursuant to the terms of the Loan Agreement. This Article 2, however, shall not be construed as an agreement or privilege to extend the date of the payment of the Debt, nor as a waiver of any other right or remedy accruing to Lender by reason of the occurrence of any Event of Default.

## ARTICLE 3 - Loan Documents

This Note is secured by the Deed of Trust. All of the terms, covenants and conditions contained in any other Loan Document are hereby made part of this Note to the same extent and with the same force as if they were fully set forth herein.

## ARTICLE 4 - Savings Clause

This Note and the other Loan Documents are subject to the express condition that at no time shall Borrowers be obligated or required to pay interest on the principal balance of the Loan at a rate which could subject Lender to either civil or criminal liability as a result of being in excess of the Maximum Legal Rate. If, by the terms of this Note or any other Loan Document, Borrowers are at any time required or obligated to pay interest on the principal balance due hereunder at a rate in excess of the Maximum Legal Rate, the Applicable Interest Rate or the Default Rate, as the case may be, shall be deemed to be immediately reduced to the Maximum Legal Rate and all previous payments in excess of the Maximum Legal Rate shall be deemed to have been payments in reduction of principal and not on account of the interest due hereunder. All sums paid or agreed to be paid to Lender for the use, forbearance, or detention of the sums due under the Loan, shall, to the extent permitted by applicable law, be amortized, prorated, allocated, and spread throughout the full stated term of the Loan until payment in full so that the rate or amount of interest on account of the Loan does not exceed the Maximum Legal Rate of interest from time to time in effect and applicable to the Loan for so long as the Loan is outstanding.

## ARTICLE 5 - No Oral Change

This Note may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act or failure to act on the part of Borrowers or Lender, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought.

## ARTICLE 6 - Waivers

Borrowers and all others who may become liable for the payment of all or any part of the Debt do hereby severally waive presentment and demand for payment, notice of dishonor, notice of intent to accelerate, notice of acceleration, protest, notices of protest and/or of non-payment and any and all other notices of any kind except any such notice expressly required by this Note. No release of any security for the Debt or extension of time for payment of this Note or any installment hereof, and no alteration, amendment or waiver of any provision of this Note or any other Loan Documents made by agreement between Lender or any other Person shall release, modify, amend, waive, extend, change, discharge, terminate or affect the liability of Borrowers, and any other Person who may become liable for the payment of all or any part of the Debt, under this Note, the Loan Agreement or the other Loan Documents.

No notice to or demand on Borrowers shall be deemed to be a waiver of the obligation of Borrowers or of the right of Lender to take further action without further notice or demand as provided for in this Note, the Loan Agreement or the other Loan Documents.  In the case of

Grove, the agreements herein contained shall remain in force and be applicable, notwithstanding any changes in the members comprising Grove, and the term "Borrower" as used herein, shall include any alternate or successor limited liability company, but any predecessor limited liability company shall not thereby be released from any liability. (Nothing in the foregoing sentence shall be construed as a consent to, or a waiver of, any prohibition or restriction on transfers of interests in such partnership, corporation or limited liability company which may be set forth in any Loan Document.)

## ARTICLE 7 - Transfer

Upon the transfer of this Note, Borrowers hereby waiving notice of any such transfer, Lender may deliver all the collateral mortgaged, granted, pledged or assigned pursuant to the Loan Documents, or any part thereof, to the transferee who shall thereupon become vested with all the rights herein or under applicable law given to Lender with respect thereto, and Lender shall thereafter forever be relieved and fully discharged from any liability or responsibility in the matter accruing from and after the date of the transfer; but Lender shall retain all rights hereby given to it with respect to any liabilities and the collateral not so transferred.

## ARTICLE 8 - Governing Law

This Note shall be governed in accordance with the laws of the State of New York.

## ARTICLE 9 - Notices

All notices or other written communications hereunder shall be delivered to the respective addresses for each such party shown hereinabove, unless the party to whom notice is directed has given notice that its address has changed and provided the party from whom notice is given its new address.

## ARTICLE 10 -

[Intentionally omitted.]

## ARTICLE 11 - Liability

The obligations and liabilities of each Borrower hereunder shall be joint and several.

## [NO FURTHER TEXT ON THIS PAGE]

- 3 -

IN WITNESS WHEREOF, EFFECTIVE as of the day and year first above written.

**BORROWER:**

**GALLERIA 2425 OWNER, LLC,**
a Delaware limited partnership

By: **GALLERIA 2425 JV, LLC**
Its Managing Member

By:_____
Its Authorized Agent

RP-2021-258619
05/11/2021   ER   $66.00

# Deed of Trust

**Notice of confidentiality rights: If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records: your Social Security number or your driver's license number.**

## Basic Information

**Date:**  May 23, 2018

**Grantor:**    Galleria 2425 Owner, LLC, a Delaware limited liability company

**Grantor's Mailing Address:** 1001 West Loop South Suite 700, Houston, TX 77027

**Trustee:**    Michael O'Connor

**Trustee's Mailing Address:** 11509 S Lou Al Dr., Houston, TX 77024

**Lender:**    2425 WL, LLC, a New York limited liability company

**Lender's Mailing Address:** 11509 S Lou Al Dr., Houston, TX 77024

**Obligation**

>   **Note**

>>   **Date:**  May 23, 2018

>>   **Original principal amount:** $14,730,332.38

>>   **Borrower:**    Galleria 2425 Owner, LLC.

>>   **Lender:**    2425 WL, LLC

>>   **Maturity date:**    June 1, 2021

>   **Other Debt:** N/A

**Property** (including any improvements): that certain real property described on <u>Exhibit A</u> attached hereto.

**Other Exceptions to Conveyance and Warranty:** N/A

**A.    Granting Clause**

For value received and to secure payment of the Obligation, Grantor conveys the Property to Trustee in trust. Grantor warrants and agrees to defend the title to the Property,

UNOFFICIAL COPY

1

subject to the Other Exceptions to Conveyance and Warranty. On payment of the Obligation and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Lender will release it at Grantor's expense.

**B.  Grantor's Obligations**

*B.1.*  Grantor agrees to maintain all property and liability insurance coverages with respect to the Property, revenues generated by the Property, and operations on the Property that Lender reasonably requires ("Required Insurance Coverages"), issued by insurers and written on policy forms acceptable to Lender, and as to property loss, that are payable to Lender under policies containing standard mortgagee clauses, and deliver evidence of the Required Insurance Coverages in a form acceptable to Lender before execution of this deed of trust and again at least ten days before the expiration of the Required Insurance Coverages.

*B.2.*  Grantor agrees to—

a.  keep the Property in good repair and condition;

b.  pay all taxes and assessments on the Property before delinquency, not authorize a taxing entity to transfer its tax lien on the Property to anyone other than Lender, and not request a deferral of the collection of taxes pursuant to section 33.06 of the Texas Tax Code;

c.  defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

d.  obey all laws, ordinances, and restrictive covenants applicable to the Property;

e.  keep any buildings occupied as required by the Required Insurance Coverages; and

f.  notify Lender of any change of address.

**C.  Lender's Rights**

*C.1.*  Lender or Lender's mortgage servicer may appoint in writing one or more substitute trustees, succeeding to all rights and responsibilities of Trustee.

*C.2.*  If the proceeds of the Obligation are used to pay any debt secured by prior liens, Lender is subrogated to all the rights and liens of the holders of any debt so paid.

*C.3.*  Lender may apply any proceeds received under the property insurance policies covering the Property either to reduce the Obligation or to repair or replace damaged or destroyed improvements covered by the policy. If the Property is Grantor's primary residence and Lender reasonably determines that repairs to the improvements are economically feasible, Lender will make the property insurance proceeds available to Grantor for repairs.

RP-2021-258619

2

521550.000001 24808189.2

*C.4.* Notwithstanding the terms of the Note to the contrary, and unless applicable law prohibits, all payments received by Lender from Grantor with respect to the Obligation or this deed of trust may, at Lender's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Lender with respect to the Obligation, to be applied to late charges, principal, or interest in the order Lender in its discretion determines.

*C.5.* If Grantor fails to perform any of Grantor's obligations, Lender may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Note for matured, unpaid amounts. The amount to be reimbursed will be secured by this deed of trust.

*C.6.* **COLLATERAL PROTECTION INSURANCE NOTICE**

**In accordance with the provisions of section 307.052(a) of the Texas Finance Code, the Beneficiary hereby notifies the Grantor as follows:**

**(A)** **the Grantor is required to:**

**(i)** **keep the collateral insured against damage in the amount the Lender specifies;**

**(ii)** **purchase the insurance from an insurer that is authorized to do business in the state of Texas or an eligible surplus lines insurer; and**

**(iii)** **name the Lender as the person to be paid under the policy in the event of a loss;**

**(B)** **the Grantor must, if required by the Lender, deliver to the Lender a copy of the policy and proof of the payment of premiums; and**

**(C)** **if the Grantor fails to meet any requirement listed in Paragraph (A) or (B), the Lender may obtain collateral protection insurance on behalf of the Grantor at the Grantor's expense.**

*C.7.* If a default exists in payment of the Obligation or performance of Grantor's obligations and the default continues after any required notice of the default and the time allowed to cure, Lender may—

    a.    declare the unpaid principal balance and earned interest on the Obligation immediately due;

    b.    exercise Lender's rights with respect to rent under the Texas Property Code as then in effect;

    c.    direct Trustee to foreclose this lien, in which case Lender or Lender's

3

521550.000001 24808189.2

UNOFFICIAL COPY

RP-2021-258619

agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

    d.    purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Obligation.

    *C.8.*    Lender may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**D.    Trustee's Rights and Duties**

If directed by Lender to foreclose this lien, Trustee will—

    *D.1.*    either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

    *D.2.*    sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

    *D.3.*    from the proceeds of the sale, pay, in this order—

    a.    expenses of foreclosure, including a reasonable commission to Trustee;

    b.    to Lender, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

    c.    any amounts required by law to be paid before payment to Grantor; and

    d.    to Grantor, any balance; and

    *D.4.*    be indemnified, held harmless, and defended by Lender against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

**E.    General Provisions**

    *E.1.*    If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor does not, Grantor will be a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

    *E.2.*    Recitals in any trustee's deed conveying the Property will be presumed to be true.

    *E.3.*    Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4

RP-2021-258619

*E.4.*    This lien will remain superior to liens later created even if the time of payment of all or part of the Obligation is extended or part of the Property is released.

*E.5.*    If any portion of the Obligation cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

*E.6.*    Grantor assigns to Lender all amounts payable to or received by Grantor from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property. After deducting any expenses incurred, including attorney's fees and court and other costs, Lender will either release any remaining amounts to Grantor or apply such amounts to reduce the Obligation. Lender will not be liable for failure to collect or to exercise diligence in collecting any such amounts. Grantor will immediately give Lender notice of any actual or threatened proceedings for condemnation of all or part of the Property.

*E.7.*    Grantor collaterally assigns to Lender all present and future rent from the Property and its proceeds. Grantor warrants the validity and enforceability of the assignment. Grantor will apply all rent to payment of the Obligation and performance of this deed of trust, but if the rent exceeds the amount due with respect to the Obligation and the deed of trust, Grantor may retain the excess. If a default exists in payment of the Obligation or performance of this deed of trust, Lender may exercise Lender's rights with respect to rent under the Texas Property Code as then in effect. Lender neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property. Lender may exercise Lender's rights and remedies under this paragraph without taking possession of the Property. Lender will apply all rent collected under this paragraph as required by the Texas Property Code as then in effect. Lender is not required to act under this paragraph, and acting under this paragraph does not waive any of Lender's other rights or remedies.

*E.8.*    Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

*E.9.*    In no event may this deed of trust secure payment of any debt that may not lawfully be secured by a lien on real estate or create a lien otherwise prohibited by law.

*E.10.*    Grantor may not sell, transfer, or otherwise dispose of any Property, whether voluntarily or by operation of law, without the prior written consent of Lender. If granted, consent may be conditioned upon (a) the grantee's integrity, reputation, character, creditworthiness, and management ability being satisfactory to Lender; and (b) the grantee's executing, before such sale, transfer, or other disposition, a written assumption agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other

521550.000001 24808189.2

modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not cause or permit any Property to be encumbered by any liens, security interests, or encumbrances other than the liens securing the Obligation and the liens securing ad valorem taxes not yet due and payable without the prior written consent of Lender. If granted, consent may be conditioned upon Grantor's executing, before granting such lien, a written modification agreement containing any terms Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, an approval fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

Grantor may not grant any lien, security interest, or other encumbrance (a "Subordinate Instrument") covering the Property that is subordinate to the liens created by this deed of trust without the prior written consent of Lender. If granted, consent may be conditioned upon the Subordinate Instrument's containing express covenants to the effect that—

    a.    the Subordinate Instrument is unconditionally subordinate to this deed of trust;

    b.    if any action is instituted to foreclose or otherwise enforce the Subordinate Instrument, no action may be taken that would terminate any occupancy or tenancy without the prior written consent of Lender, and that consent, if granted, may be conditioned in any manner Lender determines;

    c.    rents, if collected by or for the holder of the Subordinate Instrument, will be applied first to the payment of the Obligation then due and to expenses incurred in the ownership, operation, and maintenance of the Property in any order Lender may determine, before being applied to any indebtedness secured by the Subordinate Instrument;

    d.    written notice of default under the Subordinate Instrument and written notice of the commencement of any action to foreclose or otherwise enforce the Subordinate Instrument must be given to Lender concurrently with or immediately after the occurrence of any such default or commencement; and

    e.    in the event of the bankruptcy of Grantor, all amounts due on or with respect to the Obligation and this deed of trust will be payable in full before any payments on the indebtedness secured by the Subordinate Instrument.

Grantor may not cause or permit any of the following events to occur without the prior written consent of Lender: if Grantor is (a) a corporation, the termination of the corporation or the sale, pledge, encumbrance, or assignment of any shares of its stock; (b) a limited liability company, the termination of the company or the sale, pledge, encumbrance, or assignment of any of its membership interests; (c) a general partnership or joint venture, the termination of the

RP-2021-258619

UNOFFICIAL COPY

6

partnership or venture or the sale, pledge, encumbrance, or assignment of any of its partnership or joint venture interests, or the withdrawal from or admission into it of any general partner or joint    enture; or (d) a limited partnership, (i) the termination of the partnership, (ii) the sale, pledge, encumbrance, or assignment of any of its general partnership interests, or the withdrawal from or admission into it of any general partner, (iii) the sale, pledge, encumbrance, or assignment of a controlling portion of its limited partnership interests, or (iv) the withdrawal from or admission into it of any controlling limited partner or partners. If granted, consent may be conditioned upon (a) the integrity, reputation, character, creditworthiness, and management ability of the person succeeding to the ownership interest in Grantor (or security interest in such ownership) being satisfactory to Lender; and (b) the execution, before such event, by the person succeeding to the interest of Grantor in the Property or ownership interest in Grantor (or security interest in such ownership) of a written modification or assumption agreement containing such terms as Lender may require, such as a principal pay down on the Obligation, an increase in the rate of interest payable with respect to the Obligation, a transfer fee, or any other modification of the Note, this deed of trust, or any other instruments evidencing or securing the Obligation.

E.11.   When the context requires, singular nouns and pronouns include the plural.

E.12.   The term *Note* includes all extensions, modifications, and renewals of the Note and all amounts secured by this deed of trust.

E.13.   This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

E.14.   If Grantor and Borrower are not the same person, the term *Grantor* includes Borrower.

E.15.   Grantor and each surety, endorser, and guarantor of the Obligation waive, to the extent permitted by law, all (a) demand for payment, (b) presentation for payment, (c) notice of intention to accelerate maturity, (d) notice of acceleration of maturity, € protest, (f) notice of protest, and (g) rights under sections 51.003, 51.004, and 51.005 of the Texas Property Code.

E.16.   Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Lender's rights under this deed of trust if an attorney is retained for its enforcement.

E.17.   If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

E.18.   The term *Lender* includes any mortgage servicer for Lender.

E.19.   Grantor hereby grants Lender a right of first refusal with respect to Grantor's power to authorize any third party (other than Lender pursuant to its rights as set forth in this instrument) to pay ad valorem taxes on the Property and authorize a taxing entity to transfer its tax lien on the Property to that third party. Grantor's authorization to any third party (other than Lender) to pay the ad valorem taxes and receive transfer of a taxing entity's lien for ad valorem taxes shall be null and void and of no force and effect unless Lender, within ten days after

7

receiving written notice from Grantor, fails to pay the ad valorem taxes pursuant to Lender's rights as set forth in this instrument.

*E.20.* Grantor represents that this deed of trust and the Note are given for the following purposes: evidence and secure the Obligation.

**GRANTOR**:

**GALLERIA 2425 OWNER, LLC,**
a Delaware limited liability company

By:   Galleria 2425 JV, LLC,
      a Delaware limited liability company,
      its Managing Member

By:   Galleria West Loop Investments II LLC,
      its Managing Member

By: _____
Name: Ali Choudhri
Title: Manager

STATE OF TEXAS       §
                     §
COUNTY OF Harris     §

This instrument was acknowledged before me on this _____ day of _____, 2021, by Ali Choudhri, the Manager of Galleria West Loop Investments II LLC, the Managing Member of Galleria 2425 JV, LLC, a Delaware limited liability company, the Managing Member of Galleria 2425 Owner, LLC, a Delaware limited liability company, on behalf of said limited liability companies.

[SEAL]                              _____
                                    Notary Public in and for the
                                    STATE OF Texas



STEPHANIE ALVAREZ
Notary Public, State of Texas
Comm. Expires 04-06-2021
Notary ID 131078509

RP-2021-258619

8

EXHIBIT A
PROPERTY DESCRIPTION

**TRACT 1: FEE TRACT**

BEING 2.4462 ACRES (106,557 SQUARE FEET) OF LAND OUT OF THE WILLIAM
WHITE SURVEY, ABSTRACT NO. 836, HOUSTON, HARRIS COUNTY, TEXAS, BEING
THE SAME PROPERTY CONVEYED TO 2425 WEST LOOP, LP BY SPECIAL
WARRANTY DEED RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO.
20070732472, SAID TRACT CONVEYED BY DEED TO ONE WEST LOOP PLAZA, LTD.
UNDER HCCF NO. S547896 AND BEING MORE PARTICULARLY DESCRIBED BY
METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY LINE
WESTHEIMER ROAD (ROW VARIES) BEING THE SOUTHEAST CORNER OF A 2.3468
ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY
TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. S056346 AND THE
SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R.
HOUCK, JR. TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 204.61
FEET ALONG THE COMMON LINE OF THE AFORESAID 2.3468 ACRE PARCEL TO
THE WEST AND 3.4385 ACRE PARCEL TO THE EAST, TO A 1/2 INCH IRON
ROD FOUND AT THE NORTHEAST CORNER OF THE 2.3468 ACRE PARCEL BEING
THE SOUTHEAST CORNER OF THE HEREIN DESCRIBED PARCEL AND THE POINT
OF BEGINNING:

THENCE, WESTERLY ALONG THE COMMON LINE OF THE 2.3468 ACRE PARCEL TO
THE SOUTH AND THE HEREIN DESCRIBED PARCEL TO THE NORTH, SOUTH
87 DEGREES 44 MINUTES 46 SECONDS WEST, 464.50 FEET TO A POINT ON THE
EASTERLY RIGHT OF WAY (ROW) LINE OF INTERSTATE 610 WEST LOOP AND THE
SOUTHWEST CORNER OF THE HEREIN DESCRIBED PARCEL FROM. WHICH A
FOUND RAILROAD SPIKE BEARS SOUTH 21 DEGREES 43 MINUTES EAST 2.42
FEET;

THENCE, NORTHERLY ALONG THE EASTERLY RIGHT OF WAY LINE OF
INTERSTATE 610 WEST LOOP (ROW 350 FEET) NORTH 10 DEGREES 55 MINUTES 17
SECONDS EAST 251.27 FEET TO AN "X" SET IN CONCRETE BEING THE
SOUTHWEST CORNER OF A 7.8998 ACRE PARCEL AS SHOWN ON THE HOUSTON
VENTURE PLAT UNRESTRICTED RESERVE "A" FILED IN THE HARRIS COUNTY
MAP RECORDS AS FILM CODE NUMBER 356074, AND THE NORTHWEST CORNER
OF THE HEREIN DESCRIBED PARCEL;

THENCE, EASTERLY ALONG THE COMMON LINE OF THE ABOVE INDICATED 7.8998
ACRE PARCEL TO THE NORTH AND THE HEREIN DESCRIBED PARCEL TO THE
SOUTH NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 406.61 FEET TO AN "X"

9

RP-2021-258619

FOUND IN THE WESTERLY LINE OF A 3.4385 ACRE PARCEL OF LAND CONVEYED TO RESTPROP, LTD AS RECORDED IN THE HCCF NO. R228886;

THENCE, SOUTHERLY ALONG A COMMON LINE OF THE ABOVE INDICATED 3.4385 ACRE PARCEL TO THE EAST AND THE HEREIN DESCRIBED PARCEL TO THE WEST, SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, 244.64 FEET TO THE POINT OF BEGINNING CONTAINING 106,557 SQUARE FEET, 2.4462 ACRES MORE LESS.

**TRACT 2 EASEMENT TRACT**: 20 FOOT NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT

A NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT OVER AND ACROSS A TRACT OF LAND NORTHERLY OF AND 20 FEET WIDE ALONG THE ENTIRE NORTHERLY BOUNDARY LINE OF TRACT I; SAID EASEMENT CREATED AND GRANTED BY VI IAN L. SMITH, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX OF THE ESTATE OF R. E. SMITH, DECEASED IN THAT CERTAIN GENERAL WARRANTY DEED DATED JULY 5, 1977 FILED IN HCCF NO. F216562 AND DESCRIBED IN HCCF NO. G743294, BEING THE SAME EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS INC. IN A DEED RECORDED IN HCCF NO. S056346 AND

THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R. HOUCK, JR., TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 204.61 FEET ALONG THE COMMON LINE OF THE AFORESAID 2.3468 ACRE PARCEL TO THE WEST AND 3.4385 ACRE PARCEL TO THE EAST TO A 1/2 INCH IRON ROD FOUND FOR THE SOUTHEAST CORNER OF TRACT I;

THENCE CONTINUING NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 244.64 FEET ALONG A COMMON LINE OF A PREVIOUSLY NOTED 3.4385 ACRE PARCEL OF LAND TO THE EAST AND TRACT I TO THE WEST TO AN "X" FOUND FOR THE NORTHEAST CORNER OF TRACT I AND THE POINT OF BEGINNING;

THENCE, WESTERLY SOUTH 87 DEGREES 44 MINUTES 46 SECONDS WEST, 406.61 FEET ALONG THE NORTHERLY LINE OF TRACT 1 TO AN "X" SET ON THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP (350 FEET WIDE);

10

RP-2021-258619



THENCE, NORTHERLY NORTH 10 DEGREES 55 MINUTES 17 SECONDS EAST 20.54 FEET ALONG THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP TO A POINT;

THENCE, EASTERLY 20.00 FEET NORTHERLY FROM AND PARALLEL TO THE NORTHERLY LINE OF TRACT 1, NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 401.88 FEET TO A POINT;

THENCE, SOUTHERLY SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST 20.00 FEET TO THE POINT OF BEGINNING AND CONTAINING 0.1856 ACRES OR 8,085 SQUARE FEET OF LAND MORE OR LESS.

**TRACT 3 EASEMENT TRACT**: 20 FOOT NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT;

A NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT OVER AND ACROSS A TRACT OF LAND SOUTHERLY OF AND 20.00 FEET WIDE ALONG THE ENTIRE SOUTHERN BOUNDARY LINE OF TRACT 1, SAID EASEMENT CREATED AND GRANTED ON FEBRUARY 16, 1979, FROM WEST LOOP HOTEL, LIMITED TO FIN PROPERTIES, LIMITED FILED IN HCCF NO. G041310, BEING THE SAME PROPERTY EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. S056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R HOUCK, JR., TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, NORTHERLY NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 184.61 FEET ALONG THE COMMON LINE OF THE AFORESAID 2.3468 ACRE PARCEL TO THE WEST AND 3.4385 ACRE PARCEL TO THE EAST TO THE POINT OF BEGINNING, WHENCE THE SOUTHEAST CORNER OF TRACT 1 BEARS NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 20.02 FEET;

THENCE, WESTERLY 20.00 FEET SOUTHERLY FROM AND PARALLEL TO THE SOUTHERLY LINE OF TRACT 1, SOUTH 87 DEGREES 44 MINUTES 46 SECONDS WEST, 469.23 FEET TO A POINT IN THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP;

THENCE, NORTHERLY NORTH 10 DEGREES 55 MINUTES 17 SECONDS EAST, 20.54 FEET ALONG THE EASTERLY LINE OF INTERSTATE 610 WEST LOOP TO THE

11

RP-2021-258619

SOUTHWEST CORNER FOR TRACT 1 FROM WHICH A FOUND RAILROAD SPIKE BEARS SOUTH 21 DEGREES 43 MINUTES EAST, 2.42 FEET;

THENCE, EASTERLY NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 464.50 FEET ALONG THE SOUTHERLY LINE OF TRACT 1 TO A 1/2 INCH IRON ROD FOUND AT THE SOUTHEAST CORNER OF TRACT 1;

THENCE, SOUTHERLY SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, 20.02 FEET ALONG THE A COMMON LINE BETWEEN A PREVIOUSLY DESCRIBED 2.3468 ACRES PARCEL TO THE WEST AND A 3.4385 ACRE PARCEL TO THE EAST TO THE POINT OF BEGINNING AND CONTAINING 0.2144 ACRES OR 9,337 SQUARE FEET OF LAND, MORE OR LESS.

**TRACT 4 EASEMENT TRACT**: 28 FOOT ROADWAY AND PEDESTRIAN EASEMENT;

A NON-EXCLUSIVE ROADWAY AND PEDESTRIAN EASEMENT ACROSS EASTERLY 28 FEET OF A 2.3468 ACRE TRACT ADJACENT TO AND SOUTHERLY OF TRACT I, CREATED AND GRANTED IN THAT CERTAIN ROAD AND PEDESTRIAN EASEMENT DATED FEBRUARY 16, 1979 FROM WEST LOOP HOTEL, LIMITED TO FIN PROPERTIES, LIMITED, FILED IN HCCF NO. G041313, BEING THE SAME PROPERTY EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS;

BEGINNING AT A FOUND 5/8 INCH IRON ROD IN THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. S056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R. HOUCK, JR., TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE, WESTERLY SOUTH 86 DEGREES 46 MINUTES 52 SECONDS WEST, 28.00 FEET ALONG THE NORTHERLY LINE OF WESTHEIMER ROAD TO A POINT;

THENCE, NORTHERLY 28.00 FEET WESTERLY OF AND PARALLEL TO THE EASTERLY LINE OF SAID 2.3468 ARE TRACT NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, 205.08 FEET TO A POINT ON THE SOUTHERLY LINE OF TRACT I;

THENCE, EASTERLY NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST, 28.00 FEET ALONG THE SOUTHERLY LINE OF TRACT I TO A 1/2 INCH IRON ROD FOUND IN THE WESTERLY LINE OF A 3.4385 ACRE PARCEL OF LAND PRESENTLY OWNED BY RESTPROP, LTD AS RECORDED IN THE HCCF NO. R228886;

RP-2021-258619

521550.000001 24808189.2

THENCE, SOUTHERLY SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, 204.61 FEET ALONG A COMMON LINE OF THE ABOVE INDICATED 3.4385 ACRE PARCEL TO THE EAST SAID THE PREVIOUSLY DESCRIBED 2.3468 ACRE PARCEL TO THE WEST, TO THE POINT OF BEGINNING, CONTAINING 0.1317 ACRES OR 5,735 SQUARE FEET (CALLED 5,740) OF LAND MORE OR LESS.

**TRACT 5 EASEMENT TRACT**: 5 FOOT STORM SEWER EASEMENT

A 1,025 SQUARE FOOT TRACT OF LAND, BEING THAT SAME TRACT UN PROPERTIES, LIMITED, RECORDED IN HCCF NUMBER G041311, LOCATED IN THE WILLIAM WHITE SURVEY, ABSTRACT NUMBER 836, CITY OF HOUSTON, HARRIS COUNTY, TEXAS, BEING THE SAME EASEMENT CONVEYED TO PCCP FULLER 2425 WEST LOOP, LLC BY SPECIAL WARRANTY DEED WITH VENDOR'S LIEN RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20100450007, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTHERLY RIGHT OF WAY (ROW) OF WESTHEIMER ROAD (ROW VARIES), BEING THE SOUTHEAST CORNER OF A 2.3468 ACRE PARCEL CONVEYED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY TO RED LION HOTELS, INC. IN A DEED RECORDED IN HCCF NO. 5056346 AND THE SOUTHWEST CORNER OF A 3.4385 ACRE PARCEL CONVEYED BY HARVEY R. HOUCK, JR. TO RESTPROP, LTD IN A DEED RECORDED IN HCCF NO. R228886;

THENCE ALONG THE NORTHERLY RIGHT OF WAY LINE OF WESTHEIMER ROAD, SOUTH 86 DEGREES 46 MINUTES 52 SECONDS WEST, A DISTANCE OF 16.00 FEET TO THE SOUTHEAST CORNER OF SAID EASEMENT AND THE HEREIN DESCRIBED TRACT;

THENCE CONTINUING ALONG THE NORTHERLY LINE OF WESTHEIMER ROAD, SOUTH 86 DEGREES 46 MINUTES 52 SECONDS WEST A DISTANCE OF 5.00 FEET, THE SOUTHWEST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE DEPARTING SAID WESTHEIMER ROAD, NORTH 02 DEGREES 23 MINUTES 52 SECONDS WEST, A DISTANCE OF 204.96 FEET, TO A POINT IN THE SOUTHERLY LINE OF A 2.4462 ACRE TRACT CONVEYED BY DEED TO HE 2425 WEST LOOP, LP RECORDED UNDER HARRIS COUNTY CLERK'S FILE NO. 20070732472;

THENCE ALONG THE SOUTHERLY LINE OF SAID 2.4462 ACRE TRACT, NORTH 87 DEGREES 44 MINUTES 46 SECONDS EAST A DISTANCE OF 5.00 FEET TO THE NORTHEAST CORNER OF THE HEREIN DESCRIBED TRACT;

THENCE DEPARTING THE SOUTHERLY LINE OF SAID 2.4462 ACRE TRACT, SOUTH 02 DEGREES 23 MINUTES 52 SECONDS EAST, A DISTANCE OF 204.88 FEET TO THE POINT OF BEGINNING AND CONTAINING 1,025 SQUARE FEET OF LAND, MORE OR LESS.

RP-2021-258619

UNOFFICIAL COPY

521550.000001 24808189.2

RP-2021-258619
# Pages 14
05/11/2021 12:19 PM
e-Filed & e-Recorded in the
Official Public Records of
HARRIS COUNTY
TENESHIA HUDSPETH
COUNTY CLERK
Fees $66.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS

## A. Settlement Statement

**B. Type of Loan**

| 1. ☐ FHA   2. ☐ FmHA   3. ☐ Conv Unins | 6. File Number | 7. Loan Number | 8. Mortgage Ins Case Number |
|---|---|---|---|
| 4. ☐ VA   5. ☐ Conv Ins   6. ☐ Seller Finance | 12000990 | | |
| 7. ☐ Cash Sale | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing, they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower | E. Name & Address of Seller | F. Name & Address of Lender |
|---|---|---|
| Galleria 2425 Owner, LLC, a Delaware limited liability company<br>60 W 2nd St<br>Freeport, NY 11520 | 2425 WL, LLC, a New York Limited Liability Company<br>2500 West Loop South, Suite 255<br>Houston, TX 77027 | National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch<br>299 Park Avenue<br>New York, NY 10171 |

| G. Property Location | H. Settlement Agent Name |
|---|---|
| TR 31D ABST 836 W WHITE<br>2425 W Loop S<br>Houston , TX 77027 | TransAct Title - Galleria<br>6117 Richmond Ave, Suite 250<br>Houston, TX 77057  Tax ID: 45-3483105<br>Underwritten By: WFG National Title Insurance Company |

| | Place of Settlement | I. Settlement Date |
|---|---|---|
| | TransAct Title - Galleria<br>6117 Richmond Ave, Suite 250<br>Houston, TX 77057 | 5/23/2018<br>Fund. |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract Sales Price | | 401. Contract Sales Price | $79,500,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower | | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City property taxes | | 406. City property taxes | |
| 107. County property taxes | | 407. County property taxes | |
| 108. Assessment Taxes | | 408. Assessment Taxes | |
| 109. School property taxes | | 409. School property taxes | |
| 110. MUD taxes | | 410. MUD taxes | |
| 111. Other taxes | | 411. Other taxes | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due from Borrower** | | **420. Gross Amount Due to Seller** | $79,500,000.00 |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess Deposit | |
| 202. Principal amount of new loan(s) | | 502. Settlement Charges to Seller (line 1400) | $206,079.65 |
| 203. Existing loan(s) taken subject to | | 503. Existing Loan(s) Taken Subject to | |
| 204. Mezzanine financing | | 504. Payoff of first mortgage loan | $46,174,360.27 |
| 205. | | 505. Payoff of second mortgage loan | $3,039,880.50 |
| 206. | | 506. Escrow Reserve (Lee et al) | $50,000.00 |
| 207. Earnest Money pd directly | | 507. Earnest Money pd directly | $100.00 |
| 208. | | 508. CPate Family Investment Payoff | $608,007.88 |
| 209. | | 509. CC Multifamily G.P. Payoff | $608,007.88 |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City property taxes | | 510. City property taxes | |
| 211. County property taxes   01/01/18 05/23/18 | | 511. County property taxes   01/01/18 05/23/18 | $363,777.29 |
| 212. Assessment Taxes | | 512. Assessment Taxes | |
| 213. School property taxes | | 513. School property taxes | |
| 214. MUD taxes | | 514. MUD taxes | |
| 215. Other taxes | | 515. Other taxes | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. SELLER CREDIT TO BUYER | | 518. SELLER CREDIT TO BUYER | $14,730,332.38 |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | | **520. Total Reduction Amount Due Seller** | $65,779,745.85 |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | | 601. Gross Amount due to seller (line 420) | $79,500,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | | 602. Less reductions in amt. due seller (line 520) | $65,779,745.85 |
| **303. Cash Borrower** | | **603. Cash To Seller** | $13,720,254.15 |

Page 1

File No. 12000990

## L. Settlement Charges

| | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price @ % = | | | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. | to | | | |
| 702. | to | | | |
| 703. | | | | |
| 800. Items Payable in Connection with Loan | | | | |
| 801. Loan Origination Fee % | to | | | |
| 802. Loan Discount % | to | | | |
| 803. Appraisal Fee | to | | | |
| 804. Attorney Fees (Invoice needed) | to Baker & McKenzie LLP | | | |
| 805. Senior Loan | to Polsinelli | | | |
| 806. Mezzanie Loan | to Polsinelli | | | |
| 807. Equity / Joint Venture | to Polsinelli | | | |
| 808. Commitment fee (Mezzanie lender) | to Naissance Galleria, LLC | | | |
| 809. Interest 5/24/18 end 5/29/18 | to National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | | | |
| 810. Interest 5/29/18 and 6/1/18 | to National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | | | |
| 811. Interest Reserve Deposit | to National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | | | |
| 812. 50 bps Upfront Fee | to National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | | | |
| 900. Items Required by Lender To Be Paid in Advance | | | | |
| 901. Interest from 5/23/2018 to 6/1/2018 @ $0/day | | | | |
| 902. Mortgage Insurance Premium for months to | | | | |
| 903. Hazard Insurance Premium for years | to HANDLED OUTSIDE OF | | | |
| 1000. Reserves Deposited With Lender | | | | |
| 1001. Hazard insurance | months @ per month | | | |
| 1002. Mortgage insurance | months @ per month | | | |
| 1003. City property taxes | months @ per month | | | |
| 1004. County property taxes | months @ per month | | | |
| 1005. Assessment Taxes | months @ per month | | | |
| 1006. School property taxes | months @ per month | | | |
| 1007. MUD taxes | months @ per month | | | |
| 1008. Other taxes | months @ per month | | | |
| 1011. Aggregate Adjustment | | | | |
| 1100. Title Charges | | | | |
| 1101. Settlement or closing fee | to TransAct Title, LLC-Settlement Fees | | | $2,500.00 |
| 1102. Abstract or title search | to | | | |
| 1103. Title examination | to | | | |
| 1104. Title insurance binder | to TransAct Title, LLC | | | |
| 1105. Document preparation (Curative) | to Umatiya Law Firm, LLC | | | $1,250.00 |
| 1106. Notary fees | to | | | |
| 1107. Attorney's fees | to | | | |
| (includes above items numbers: | ) | | | |
| 1108. Title insurance | to TransAct Title, LLC | | | $175,601.00 |
| (includes above items numbers: | ) | | | |
| 1109. Lender's coverage | $51,675,000.00/$13,533.10 . | | | |
| 1110. Owner's coverage | $79,500,000.00/$237,161.35 | | | |
| 1111. Escrow fee | to TransAct Title, LLC | | | |
| 1112. Guaranty Assessment Recoupment Fee | to Texas Title Insurance Guaranty Association | | | $4.50 |
| 1113. Courier Service | to TransAct Title-Courier | | | $575.00 |
| 1114. E-recording Fee | to TransAct Title, LLC-Recording | | | $20.00 |
| 1115. Document Review | to Umatiya Law Firm, PLLC | | | |
| 1116. Non-Imputation Endorsement | to TransAct Title, LLC | | | |
| 1117. Adjustable Mortgage Loan | to TransAct Title, LLC | | | |
| 1118. Survey Amendment (OTP only) | to TransAct Title, LLC | | | $26,340.15 |
| 1119. Not yet due/payable (MTP & DIN | to TransAct Title, LLC | | | |
| 1120. T19 Non-Res. Endorsemen | to TransAct Title, LLC | | | |
| 1121. Access Endorsement | to TransAct Title, LLC | | | |
| 1122. Centiguity Endorsement | to TransAct Title, LLC | | | |
| 1123. MSD MTP T-19.2 End | to TransAct Title, LLC | | | |
| 1124. MSD MTP T-19.3 End | to TransAct Title, LLC | | | |
| 1125. REM OTP T-19 1 No Amendment | to TransAct Title, LLC | | | |
| 1126. MSD OTP T-19.2 End | to TransAct Title, LLC | | | |
| 1127. MSD OTP T-19.3 End | to TransAct Title, LLC | | | |
| 1200. Government Recording and Transfer Charges | | | | |
| 1201. Recording Fees Deed $44.00 ; Mortgage $184.00 . Rel $200.80 | to TransAct Title, LLC-Recording | | | $200.00 |
| 1202. City/county tax/stamps Deed ; Mortgage | to | | | |
| 1203. State tax/stamps Deed ; Mortgage | to | | | |
| 1204. Tax certificates | to Kirby TaxNet, Inc. | | | $89.00 |

| 1205 | | to | | |
|---|---|---|---|---|
| 1300. Additional Settlement Charges | | | | |
| 1301 | Survey | to | South Texas Surveying & Associates, Inc. | |
| 1302 | Pest Inspection | to | | |
| 1303 | HOA Transfer Fee | to | | |
| 1304 | Home Warranty | to | | |
| 1305 | Third Parties - Appraisal | to | Jack W. Bass II, MAI | |
| 1306 | Promotion | to | NAZAR (INVOICE NEEDED) | |
| 1307 | Promotion | to | Eastil Secured LLC | |
| 1308 | BBG Third Parties -ESA | to | AWA, LLC dba BBG Assessment | |
| 1309 | BBG Third Parties - PCA | to | AWA, LLC dba BBG Assessment | |
| 1310 | Third Parties - Valuations | to | Hibco Services, LLC | |
| 1311 | UCCPlus Policy Premium | to | UCCPlus Insurance | |
| 1312 | | to | | |
| 1313 | | to | | |
| 1314 | | to | | |
| 1315 | | to | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | | $286,079.65 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a completed copy of pages 1, 2 and 3 of this HUD-1 Settlement Statement

GALLERIA 2425 OWNER, LLC
a Delaware limited liability company

By: Galleria 2425 JV, LLC
a Delaware limited liability company,
its sole member

By: Naissance Capital Real Estate, LLC
a Delaware limited liability company
its Managing Member

By: _____
Azeemeh Zahaer, Managing Member

2425 WL LLC,
a New York Limited Liability Company

By: _____
Adam Broder, Sole Member

SETTLEMENT AGENT CERTIFICATION
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement

_____        5-24-18
Settlement Agent                          Date

Page 3                                                                                               2

## A. **Settlement Statement**

| B. Type of Loan | | | | |
|---|---|---|---|---|
| 1. ☐ FHA  2. ☐ FmHA  3. ☐ Conv Unins<br>4. ☐ VA  5. ☐ Conv Ins.  6. ☐ Seller Finance<br>7. ☐ Cash Sale | | 6. File Number<br>12800990 | 7. Loan Number | 8. Mortgage Ins Case Number |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower:<br>Galleria 2425 Owner, LLC, a Delaware limited<br>liability company<br>60 W 2nd St<br>Freeport, NY 11520 | E. Name & Address of Seller<br>2425 WL, LLC, a New York Limited Liability<br>Company<br>2500 West Loop South, Suite 255<br>Houston, TX 77027 | F. Name & Address of Lender<br>National Bank of Kuwait, S.A.K.P., New York<br>Branch, a banking corporation organized under the<br>laws of Kuwait, acting through its New York branch<br>299 Park Avenue<br>New York, NY 10171 |
|---|---|---|

| G. Property Location<br><br>TR 31D ABST 836 W WHITE<br>2425 W Loop S<br>Houston, TX 77027 | H. Settlement Agent Name<br>TransAct Title - Galleria<br>6117 Richmond Ave, Suite 250<br>Houston, TX 77057  Tax ID: 45-3483105<br>Underwritten By: WFG National Title Insurance Company |
|---|---|
| | Place of Settlement<br>TransAct Title - Galleria<br>6117 Richmond Ave, Suite 250<br>Houston, TX 77057 | I. Settlement Date<br>5/23/2018<br>Fund: |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract Sales Price | $79,588,000.00 | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower | $3,369,209.67 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustments for items paid by seller in advance** | | **Adjustments for items paid by seller in advance** | |
| 106. City property taxes | | 406. City property taxes | |
| 107. County property taxes | | 407. County property taxes | |
| 108. Assessment Taxes | | 408. Assessment Taxes | |
| 109. School property taxes | | 409. School property taxes | |
| 110. MUD taxes | | 410. MUD taxes | |
| 111. Other taxes | | 411. Other taxes | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower** | $82,869,209.67 | **420. Gross Amount Due to Seller** | |
| **200. Amounts Paid By Or In Behalf Of Borrower** | | **500. Reductions In Amount Due to Seller** | |
| 201. Deposit or earnest money | | 501. Excess Deposit | |
| 202. Principal amount of new loan(s) | $51,875,000.00 | 502. Settlement Charges to Seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing Loan(s) Taken Subject to | |
| 204. Mezzanine financing | $16,100,000.00 | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. Earnest Money pd directly | $100.00 | 507. Earnest Money pd directly | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City property taxes | | 510. City property taxes | |
| 211. County property taxes  01/01/18  05/23/18 | $363,777.29 | 511. County property taxes  01/01/18  05/23/18 | |
| 212. Assessment Taxes | | 512. Assessment Taxes | |
| 213. School property taxes | | 513. School property taxes | |
| 214. MUD taxes | | 514. MUD taxes | |
| 215. Other taxes | | 515. Other taxes | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid By/For Borrower** | $68,138,877.29 | **520. Total Reduction Amount Due Seller** | |
| **300. Cash At Settlement From/To Borrower** | | **600. Cash At Settlement To/From Seller** | |
| 301. Gross Amount due from borrower (line 120) | $82,869,209.67 | 601. Gross Amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | $68,138,877.29 | 602. Less reductions in amt. due seller (line 520) | |
| 303. Cash From Borrower | $14,730,332.38 | 603. Cash To Seller | |

Page 1

File No. 12000990

## L. Settlement Charges

| | | | Paid From Borrower's Funds at Settlement | Paid From Seller's Funds at Settlement |
|---|---|---|---|---|
| 700. Total Sales/Broker's Commission based on price | | @ ½ = | | |
| Division of Commission (line 700) as follows: | | | | |
| 701. | to | | | |
| 702. | to | | | |
| 703. | | | | |
| **800. Items Payable in Connection with Loan** | | | | |
| 801. Loan Origination Fee    % | to | | | |
| 802. Loan Discount    % | to | | | |
| 803. Appraisal Fee | to | | | |
| 804. Attorney Fees (Invoice needed) | to | Baker & McKenzie LLP | $150,237.25 | |
| 805. Senior Loan | to | PolsinelH | $67,200.25 | |
| 806. Mezzanin Loan | to | PolsinelH | $64,340.00 | |
| 807. Equity / Joint Venture | to | PolsinelH | $26,417.00 | |
| 808. Commitment fee (Mezzanine lender) | to | Neissance Galleria, LLC | $161,000.00 | |
| 809. Interest 5/24/18 end 5/29/18 | to | National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | $31,308.29 | |
| 810. Interest 5/29/18 end 6/1/18 | to | National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | $24,287.25 | |
| 811. Interest Reserve Deposit | to | National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | $2,500,000.00 | |
| 812. 50 bps Upfront Fee | to | National Bank of Kuwait, S.A.K.P., New York Branch, a banking corporation organized under the laws of Kuwait, acting through its New York branch | $259,375.00 | |
| **900. Items Required by Lender To Be Paid In Advance** | | | | |
| 901. Interest from    @ $0/day | | | | |
| 902. Mortgage Insurance Premium for months | to | | | |
| 903. Hazard Insurance Premium for years | to | HANDLED OUTSIDE OF SETTLEMENT | | |
| **1000. Reserves Deposited With Lender** | | | | |
| 1001. Hazard insurance | months @ | per month | | |
| 1002. Mortgage insurance | months @ | per month | | |
| 1003. City property taxes | months @ | per month | | |
| 1004. County property taxes | months @ | per month | | |
| 1005. Assessment Taxes | months @ | per month | | |
| 1006. School property taxes | months @ | per month | | |
| 1007. MUD taxes | months @ | per month | | |
| 1008. Other taxes | months @ | per month | | |
| 1011. Aggregate Adjustment | | | | |
| **1100. Title Charges** | | | | |
| 1101. Settlement or closing fee | to | TransAct Title LLC-Settlement Fees | $2,500.00 | |
| 1102. Abstract or title search | to | | | |
| 1103. Title examination | to | | | |
| 1104. Title insurance binder | to | TransAct Title, LLC | | |
| 1105. Document preparation (Curative) | to | Umatliya Law Firm, LLC | | |
| 1106. Notary fees | to | | | |
| 1107. Attorney's fees | to | | | |
| (includes above items numbers: | | ) | | |
| 1108. Title insurance | to | TransAct Title, LLC | $100.00 | |
| (includes above items numbers: | | ) | | |
| 1109. Lender's coverage | $51,675,000.00/$13,533.10 | | | |
| 1110. Owner's coverage | $79,580,000.00/$237,161.35 | | | |
| 1111. Escrow fee | to | TransAct Title, LLC | | |
| 1112. Guaranty Assessment Recoupment Fee | to | Texas Title Insurance Guaranty Association | $4.50 | |
| 1113. Courier Service | to | TransAct Title-Courier | $150.00 | |
| 1114. Recording Fee | to | TransAct Title, LLC-Recording | $20.00 | |
| 1115. Document Review | to | Umatliya Law Firm, PLLC | | |
| 1116. Non-Imputation Endorsement | to | TransAct Title, LLC | $5,780.05 | |
| 1117. Adjustable Mortgage Loan | to | TransAct Title, LLC | $20.00 | |
| 1118. Survey Amendment (OTP only) | to | TransAct Title, LLC | | |
| 1119. Not yet due/payable (MTP & BIN | to | TransAct Title, LLC | $5.00 | |
| 1120. T19 Non-Res. Endorsement | to | TransAct Title, LLC | $13,103.10 | |
| 1121. Access Endorsement | to | TransAct Title, LLC | $100.00 | |
| 1122. Contiguity Endorsement | to | TransAct Title, LLC | $100.00 | |
| 1123. MSD MTP T-19.2 End | to | TransAct Title, LLC | $50.00 | |
| 1124. MSD MTP T-19.3 End | to | TransAct Title, LLC | $50.00 | |
| 1125. REM OTP T-19.1 No Amendment | to | TransAct Title, LLC | $26,348.15 | |
| 1126. MSD OTP T-19.2 End | to | TransAct Title, LLC | $50.00 | |
| 1127. MSD OTP T-19.3 End | to | TransAct Title, LLC | $50.00 | |
| **1200. Government Recording and Transfer Charges** | | | | |
| 1201. Recording Fees    Deed $44.00 ; Mortgage $184.00 ; Rel $200.00 | to TransAct Title, LLC-Recording | | $228.00 | |
| 1202. City/county tax/stamps    Deed ; Mortgage | to | | | |
| 1203. State tax/stamps    Deed ; Mortgage | to | | | |



| 1204. Tax certificates | to | Kirby TaxNet, Inc. | | |
|---|---|---|---|---|
| 1205. | to | | | |
| 1300. Additional Settlement Charges | | | | |
| 1301. Survey | to | South Texas Surveying & Associates, Inc. | $3,193.38 | |
| 1302. Pest Inspection | to | | | |
| 1303. HOA Transfer Fee | to | | | |
| 1304. Home Warranty | to | | | |
| 1305. Third Parties - Appraisal | to | Jack W. Bass II, MAI | $1,000.00 | |
| 1306. Promotion | to | NAZAR (INVOICE NEEDED) | $1,200.00 | |
| 1307. Promotion | to | Eastil Secured LLC | $5,979.00 | |
| 1308. BBG Third Parties -ESA | to | AWA, LLC dba BBG Assessment | $1,450.00 | |
| 1309. BBG Third Parties - PCA | to | AWA, LLC dba BBG Assessment | $1,650.00 | |
| 1310. Third Parties - Valuations | to | Hibco Services, LLC | $3,731.00 | |
| 1311. UCCPlus Policy Premium | to | UCCPlus Insurance | $11,185.45 | |
| 1312. | to | | | |
| 1313. | to | | | |
| 1314. | to | | | |
| 1315. | to | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | $3,369,209.67 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a completed copy of pages 1, 2 and 3 of this HUD-1 Settlement Statement.

GALLERIA 2425 OWNER, LLC
a Delaware limited liability company

By: Galleria 2425 JV, LLC
   a Delaware limited liability company,
   its sole member

By: Naissance Capital Real Estate, LLC
   a Delaware limited liability company
   its Managing Member

By: _____
   Azeemeh Zaheer, Managing Member

2425 WL LLC,
a New York Limited Liability Company

By: _____
   Adam Broder, Sole Member

SETTLEMENT AGENT CERTIFICATION
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused the funds to be disbursed in accordance with this statement.

_____    _____
Settlement Agent              Date
Warning: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

# Interest Calculator

| | |
|---|---|
| Initial investment | 14,730,332.38 |
| Annual contribution | 0 |
| Monthly contribution | 0 |

Contribute at the ○ beginning ○ end
of each compounding period

| | |
|---|---|
| Interest rate | 10 |
| Compound | annually ▼ |
| Investment length | 5 years 8 months |
| Tax rate ⓘ | 0 |
| Inflation rate | 0 |

**Calculate**     Clear



| Results | |
|---|---|
| **Ending balance** | **$25,279,652.27** |
| Total principal | $14,730,332.38 |
| **Total interest** | **$10,549,319.89** |

- Initial investment
- Interest

42% / 58%

# Accumulation Schedule

**Annual Schedule**   **Monthly Schedule**

| Year | Deposit | Interest | Ending balance |
|---|---|---|---|
| 1 | $14,730,332.38 | $1,473,033.24 | $16,203,365.62 |
| 2 | $0.00 | $1,620,336.56 | $17,823,702.18 |
| 3 | $0.00 | $1,782,370.22 | $19,606,072.40 |
| 4 | $0.00 | $1,960,607.24 | $21,566,679.64 |
| 5 | $0.00 | $2,156,667.96 | $23,723,347.60 |
| 6 | $0.00 | $1,556,304.67 | $25,279,652.27 |



by Calculator.net