**EXHIBIT 23**

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | ) ) ) | Case No. 23-34815 |
| Debtor. | ) ) ) |  |

## NOTICE OF APPEAL

Notice is hereby given that Creditor 2425 WL, LLC ("Appellant") appeals to the United States District Court for the Southern District of Texas from the following orders:

a. Order Disallowing Proof of Claim and Referral to United States Attorney (the "Disallowance Order") dated September 9, 2024 (Dkt. No. 717), attached as **Exhibit 1**; and

b. the Order Denying Motion to Reconsider (the "Reconsideration Order") dated September 24, 2024 (Dkt. No. 743), attached as **Exhibit 2**.

2425 WL, LLC is a creditor in this bankruptcy case.

The other parties to the appeal and their attorneys include the following:

| | |
|---|---|
| Galleria 2425 Owner, LLC<br><br>*Debtor* | Reese W Baker<br>Baker & Associates<br>950 Echo Lane<br>Suite 300<br>Houston, TX 77024<br>713-869-9200<br>Fax : 713-869-9100<br>courtdocs@bakerassociates.net |

|  | James Q. Pope<br>The Pope Law Firm<br>6161 Savoy Drive<br>Ste 1125<br>Houston, TX 77036<br>713-449-4481<br>ecf@thepopelawfirm.com |
|---|---|
|  | Jeffrey W Steidley<br>Steidley Law Firm<br>3000 Weslayan<br>Ste 200<br>Houston, TX 77027<br>713-523-9595<br>Jeff@texlaw.us |
| Christopher R Murray,<br><br>*Trustee* | Christopher R Murray<br>Jones Murray LLP<br>602 Sawyer St<br>Ste 400<br>Houston, TX 77007<br>832-529-1999<br>Fax : 832-529-3393<br>chris@jonesmurray.com |
|  | R. J. Shannon<br>Kyung Shik Lee<br>Shannon & Lee LLP<br>2100 Travis Street, STE 1525<br>Houston, TX 77002<br>713-714-5770<br>rshannon@shannonleellp.com<br>klee@shannonleellp.com |
| Office of the US Trustee | Jana Smith Whitworth<br>Office of United States Trustee<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>(713) 718-4650<br>Fax : (713) 718-4670<br>jana.whitworth@usdoj.gov |
| National Bank of Kuwait-New York | Charles C. Conrad |

| | |
|---|---|
| Branch | Ryan Steinbrunner |
| *Plan proponent* | Pillsbury Winthrop Shaw Pittman |
| | 609 Main Street Suite 2000 |
| | Houston, TX 77002 |
| | Telephone: (713) 276-7600 |
| | Facsimile: (713) 276-7634 |
| | charles.conrad@pillsburylaw.com |
| | ryan.steinbrunner@pillsburylaw.com |
| | |
| | Andrew M. Troop |
| | Patrick E. Fitzmaurice |
| | Kwame O. Akuffo |
| | Pillsbury Winthrop Shaw Pittman |
| | 31 West 52nd Street |
| | New York, NY 10019-6131 |
| | Telephone: (212) 858-1000 |
| | Facsimile: (212) 858-1500 |
| | andrew.troop@pillsburylaw.com |
| | patrick.fitzmaurice@pillsburylaw.co |

This appeal is timely pursuant to Fed. R. Bankr. Pr. 8002(a)(1) & 8002(b)(1)(B)-(D) because the Appellant timely filed a motion for reconsideration and relief from judgment on September 23, 2024 (*see* Dkt. N. 740), 14 days after the Disallowance Order was entered (*see* Dkt. No. 717). That motion for reconsideration was denied by order entered on September 24, 2024. (*See* Dkt. No. 743.) And this notice is filed within 14 days from the entry of that order.

While the Bankruptcy Court concluded that the motion for reconsideration was untimely (*see* Dkt. No. 743 at 1), that conclusion was incorrect. The Bankruptcy Court may have been correct that the original order denying Proof of Claim was entered "*after an evidentiary hearing*" conducted on "September 6, 2024" (*id.*), but the order itself was not entered on September 6. Instead, it was entered on September 9, 2024. (*See* Dkt. No. 717.) Furthermore, Appellant's motion for reconsideration was not filed on "September 24, 2024," as the Bankruptcy Court believed (Dkt. No. 743 at 1), but rather on September

23, 2024 (s*ee* Dkt. No. 740). And that means the motion was timely filed pursuant to Rule 8002(b)(1).

                                                Respectfully submitted,

                                                */s/ J. Carl Cecere*

                                                J. Carl Cecere
                                                State Bar No. 13268300
                                                (admitted pro hac vice)
                                                **Cecere PC**
                                                6035 McCommas Blvd.
                                                Dallas, TX 75206
                                                Telephone: 469-600-9455
                                                ccecere@cecerepc.com

                                                *Attorney for 2425 WL, LLC and Ali Choudhri*

### CERTIFICATE OF SERVICE

The undersigned certifies that on this 7th day of October, 2024, a true and correct copy of the foregoing was served on the following in accordance with the CM/ECF e-filing system, and upon all others who have consented to service in this case by registering to receive notices in this case through the CM/ECF e-filing system.

Reese W Baker
Baker & Associates
950 Echo Lane, Ste 300
Houston, TX 77024
(713) 869-9200
Fax : (713) 869-9100
courtdocs@bakerassociates.net

James Q. Pope
The Pope Law Firm
6161 Savoy Drive
Ste 1125
Houston, TX 77036
(713) 449-4481
ecf@thepopelawfirm.com

Jeffrey W Steidley
Steidley Law Firm
3000 Weslayan St., Ste 200
Houston, TX 77027
(713) 523-9595
Jeff@texlaw.us

Christopher R. Murray
Jones Murray LLP
602 Sawyer St., Ste 400
Houston, TX 77007
(832) 529-1999
Fax: (832) 529-3393
chris@jonesmurray.com

R. J. Shannon
Shannon & Lee LLP
2100 Travis St, Ste 1525
Houston, TX 77002
(713) 714-5570
rshannon@shannonleellp.com

Kyung Shik Lee
Shannon and Lee LLP
2100 Travis St., Ste. 1525
Houston, TX 77002
(713) 301-4751
klee@shannonleellp.com
Charles C. Conrad
Ryan Steinbrunner
Pillsbury Winthrop Shaw Pittman
609 Main St. Ste 2000
Houston, TX 77002
(713) 276-7600
Fax: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

Andrew M. Troop
Patrick E. Fitzmaurice
Kwame O. Akuffo
Pillsbury Winthrop Shaw Pittman
31 West 52nd Street
New York, NY 10019-6131
(212) 858-1000
Fax: (212) 858-1500
Andrew.troop@pillsburylaw.com
Patrick.fitzmaurice@pillsburylaw.com

/s/ J. Carl Cecere

**J. Carl Cecere**

EXHIBIT 1

1

Case 23-34815 Document 769 Filed in TXSB on 10/07/24 Page 22 of 14
Case 4:24-cv-03485 Document 15-24 Filed on 02/20/25 in TXSD Page 2 of 14

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 09, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | **CHAPTER 11** |

### ORDER DISALLOWING PROOF OF CLAIM AND REFERRAL TO UNITED STATES ATTORNEY

Filing a false Proof of Claim is a federal crime.[1] For the reasons so stated the Court holds that Proof of Claim 7, and the Amended Claim 7-2 signed by Ali Choudhri as manager of 2425 WL, LLC is a false Proof of Claim, the claim is disallowed in its entirety and the Court refers this matter to the United States Attorney for investigation.

On March 21, 2024, Proof of Claim Number 7 was filed by 2425 WL, LLC in the amount of $22,968,231.58. On June 3, 2024, the Chapter 11 Trustee, Christopher R. Murray filed his Objection to Claim No. 7 (ECF No. 402). On June 28, 2024, the claim was amended (Claim 7-2) for the same amount of $22,968,231.58. Trial was held on September 6, 2024, evidence was introduced, and witnesses testified.

Proof of Claim 7-2 attaches as documentary evidence a Promissory Note (ECF No. 692-2) dated May 23, 2018, and a Deed of Trust (ECF No. 692-3) dated May 23, 2018, that was recorded on May 11, 2021. The Deed of Trust contains an undated notary acknowledgment, the attachments to the Proof of Claim also include a Settlement Statement (ECF No. 692-4) with a settlement date of May 23, 2018. Claim 7-2, the Promissory Note and Deed of Trust are all signed by Ali Choudhri. The Promissory Note and Deed of Trust are fraudulent. They were not created on May 23, 2018, and were created at a date substantially thereafter but prior to the recording date on the Deed of Trust of May 11, 2021.

The false secured Proof of Claim 7-2 is based on the Settlement Statement attached thereto that arises out of a real estate transaction that is shown by exhibits at ECF No. 692-8 to ECF No. 692-12. On May 23, 2018, Galleria 2425 Owner, LLC as borrower and National Bank of Kuwait, S. A. K. P., New York Branch ("NBK) as lender loaned $51,675,000.00 to the borrower for the purchase of real estate. The Promissory Note (ECF 692-9) is secured by a Deed of Trust (ECF 692-10) against the subject real estate. In addition to the NBK promissory note there was an additional Mezzanine Loan Agreement between Galleria 2425 JV, LLC as borrower and Naissance Galleria, LLC as lender in the amount of $16,100,000.00 (ECF 692-12). These various transactions are incorporated into the Settlement Statement, attached to the false Proof of Claim.

---

[1] 28 U.S.C. § 152 "A person who – …(4) knowingly and fraudulently presents any false claim for proof against the estate of a debtor or used any such claim in any case under title 11, in a personal capacity or as or though an; agent, proxy or attorney; …shall be fined under this title, imprisoned not more than 5 years or both."

As indicated by the Settlement Statement the borrower was Galleria 2425 Owner, LLC (the debtor), the Seller was 2425 WL, LLC (the claimant) and the lender was NBK. The Contract Sales Price (Line 401) is $79,500,000.00 and after payment of all outstanding debits and credits the Seller and claimant received cash of $13,720,254.15 (Line 603). The false Proof of Claim 7-2 is based on line 518 of the Settlement Statement which indicates a "Seller Credit to Buyer" of $14,730,332.38, which when netted against debits to the Buyer in the settlement statement leads to the cash payment to the Seller and claimant of $13,720,254.15. Somehow line 603 of the Settlement Statement leads the claimant to make the fanciful, and wholly false claim that the claimant who received over $13 million in cash has an additional claim against the debtor for over $14 million dollars plus accumulated interest as if it lent the debtor this sum, when it did not.

The actual May 23, 2018, transactions were authorized and signed by Azeemeh Zaheer ("Zaheer") in her various capacities including the representative(s) of Galleria 2425 Owner, LLC, Naissance Galleria, LLC, Naissance Capital Real Estate, Ltd, and Galleria 2425 JV, LLC. On this date she was the only person who could have authorized these transactions, and no other persons had authority to bind these entities. Zaheer appeared under subpoena and testified that the Promissory Note and Deed of Trust signed by Choudhri that are attached to the Proof of Claim 7-2 did not exist as of May 23, 2018, their purported date, and that even if they had existed, she would have been the only person authorized to enter such transactions. Choudhri had at that time no authority to sign these documents even though they purported to be signed on that date.

A plain reading of the Settlement Statement indicates that the Seller and claimant received over $13 million dollars from the sales transaction of May 23, 2018, and did not have a claim against the debtor for over $14 million plus accumulated interest. There could have been no consideration paid by the claimant for the Promissory Note or the Deed of Trust as alleged in Claim 7-2. The claimant received funds and did not and could not have paid any monies in the subject transaction. The Court holds that on May 23, 2018, the Promissory Note and Deed of Trust attached to the false Proof of Claim 7-2 did not exist, that they were created without the payment of any consideration by the claimant and that they were fraudulently created after the fact by Ali Choudhri, who controls the claimant.

If the testimony of Zaheer was not damning enough to Choudhri, Christopher Wyatt ("Wyatt") also testified under subpoena at the hearing. Wyatt was the Chief Operating Officer of Jetall Companies, Inc from July of 2019 to October of 2020. Jetall is also controlled by Ali Choudhri. Wyatt testified that Choudhri requested that he draft a Promissory Note and Deed of Trust in order to secure leverage against NBK due to a bankruptcy proceeding that severely impacted the financial standing of the debtor.[2] Wyatt was concerned about the request, conducted an independent investigation and determined that the claimant did not have a valid claim as contained in the false Promissory Note and false Deed of Trust and that any documents he drafted would be fraudulent. The Court finds both Zaheer and Wyatt to be incredibly competent witnesses.

This Court now has a long history with Ali Choudhri. This Court has held that his truth and veracity are questionable in prior proceedings in this case. The Court after hearing finds again that

---

[2] Case No. 20-32564, Stage Stores, Inc.

2 / 3

his truth and veracity are questionable, unfortunately entirely questionable. He did not appear for this hearing, claiming again, falsely, that he was ill.[3] The Court understands his failure to appear, as the only witnesses before the Court testified that Choudhri was of questionable conduct and created false documents. There are questions that Choudhri does not want to answer and if he had appeared, the Court would have forced him to answer them. The Court believes that Choudhri is a forger and a liar, but he at least is smart enough to avoid a Court hearing where he would be forced to testify and face what is now very evident to this Court.

The Court sustains the Chapter 11 Trustee's Objection at ECF No. 402, and orders that Proof of Claim 7-2 is disallowed in its entirety. This matter is referred to the United States Attorney for investigation.

**SO ORDERED.**

SIGNED 09/09/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[3] Choudhri has made this claim in various matter set before this Court.

# EXHIBIT 2

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 24, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-34815 |
| **GALLERIA 2425 OWNER, LLC,** | § | |
| | § | |
| Debtor. | § | |
| | § | CHAPTER 11 |

## ORDER DENYING MOTION (ECF NO. 740)

Before the Court is the Motion to Reconsider (ECF No. 740) filed by 2425 WL, LLC. For the following reasons the motion is denied. This motion was filed under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 59(e), 60(a) and 60(b), as well as Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") 9023 and 9024.

The Court is being asked to reconsider its Order Disallowing Proof of Claim No. 7 which it entered after an evidentiary hearing on September 6, 2024. Although the movant also claims that Fed. R. Civ. P. 60(a) applies, it does not point to any clerical mistake or a mistake in oversight or omission as provided by Rule 60(a). Instead, the main thrust of its arguments is found under Rule 60(b)'s allowance of relief from mistake, inadvertence, surprise or excusable neglect. The Court stands on the hearing record, the evidence presented to it and its order with fact and legal findings.

Motions filed under Fed. R. Civ. P. 59(e) in bankruptcy court must be brought within 14 days.[1] The movant filed this motion on September 24, 2024, when the 14 days expired on September 20, 2024. Accordingly, this motion was not timely filed under Rule 59(e).

Furthermore, Fed. R. Civ. P. 59(e) requires movant to clearly establish either a manifest error of law or fact or mut present newly discovered evidence.[2] This motion makes the same arguments made at trial, i.e. that the Settlement Statement attached to the disallowed Proof of Claim (Claim 7-2) somehow supports it rather than disproves it; that there was proper consideration; and that Choudhri has legal authority to sign the disallowed Promissory Note and Deed of Trust. All of these arguments were expressly rejected at trial. Thus, there is no error of law or fact, and the movant has not presented any newly discovered evidence.

---

[1] Fed. R. Bankr. P. 9023. Movant mistakenly states that the deadline is 28 days in its motion.
[2] *Pluet v. Frasier*, 355 F.3d 381, 384 (5th Cir. 2004).

1 / 3

> As the Court stated:
>
> As indicated by the Settlement Statement the borrower was Galleria 2425 Owner, LLC (the debtor), the Seller was 2425 WL, LLC (the claimant) and the lender was NBK. The Contract Sales Price (Line 401) is $79,500,000.00 and after payment of all outstanding debits and credits the Seller and claimant received cash of $13,720,254.15 (Line 603). The false Proof of Claim 7-2 is based on line 518 of the Settlement Statement which indicates a "Seller Credit to Buyer" of $14,730,332.38, which when netted against debits to the Buyer in the settlement statement leads to the cash payment to the Seller and claimant of $13,720,254.15. Somehow line 603 of the Settlement Statement leads the claimant to make the fanciful, and wholly false claim that the claimant who received over $13 million in cash has an additional claim against the debtor for over $14 million dollars plus accumulated interest as if it lent the debtor this sum, when it did not.

The Court reiterates that a plain reading of the settlement statement in conjunction with the testimony of the two appearing witnesses Azeemeh Zaheer and Christopher Wyatt can only lead to one conclusion, the conclusion reached by the Court in its order disallowing the claim. That the movant believes there is "no basis for the Court to disallow the claim" is in the opinion of this Court again fanciful and without a factual or legal basis.

The Court disagrees with the allegation that it erred as a matter of law by rendering a moot decision to invalidate the Proof of Claim. First, the Court notes that the Chapter 11 Plan has been appealed, that is it possible that Plan confirmation may be reversed, and the claim would therefore not be disallowed. Additionally, that the issues of claim validity that were raise in the objection to claim are substantially different than those raised by plan confirmation.

The Court also reiterates the long history this Court has experienced with Ali Choudhri ("Choudhri"). The Court has found Choudhri's truth and veracity to be lacking on multiple occasions. The Court stresses that Choudhri cannot expect the Court give weight to his unsubstantiated claims in this motion given (1) its prior holdings and (2) the prior hearing testimony of the Chapter 11 Trustee where "he could not rely on the veracity of Choudhri."[3]

The Court addresses Choudhri's claims that he was ill and unable to testify at the claim objection hearing. Unfortunately, Choudhri is much like "the boy who cried wolf."[4] Choudhri has on multiple occasions claimed to have suffered a stroke only to appear before this Court and another Bankruptcy Court [Judge Marvin Isgur] and give testimony. The Court therefore must

---

[3] ECF No. 565, pg 10) "He further testified that it was his opinion that he could not rely on the veracity of Choudhri."
[4] One of Aesop's Fables, to cry wolf is to give a false alarm so that future claims are treated as doubtful.

severely discount his claims that he was unable to appear. The Court additionally notes that his Emergency Motion to continue the claims disallowance hearing was filed at 10:05 p.m. the night before the scheduled hearing, less than twelve hours prior to that hearing. As the Court stated on the record when it denied Choudhri's request to continue, there were no reasons as to what only became apparent at 10:00 p.m. the night before the hearing, that the Choudhri parties could not have known much, much earlier.

The Court stresses its prior holding regarding what it perceives to be a long running scheme by Choudhri to stall a foreclosure and litigate.[5] The Motion to Reconsider is simply more of the same and rehashes the same arguments made at the hearing. This Court, as the trial court, has ruled. The parties have appeal rights, and the Court encourages them to exercise them, it will not however reconsider its ruling.

Therefore, for the reasons stated above, the Court denies in its entirety the Motion for Reconsideration and Relief from Judgment.

**SO ORDERED.**

SIGNED 09/24/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[5] ECF No. 565, pg 16) "As shown by the record, the Debtor and its principal have attempted and to this point been very successful in delaying NBK from exercising its rights under its loan documents, deed of trust and the Confidential Settlement Agreement. The Debtor and its principal Choudhri have been involved in a long running scheme to postpone a real estate foreclosure. This Court has spent over two days June 17 and 19, 2024, hearing specific evidence regarding the disputes between the Debtor, its principal and the NBK. The Court has previously found that the disputes raised by the Debtor, primarily the Debtor's principal, who is also the principal of the other objecting creditor, to be dubious and of limited value that includes primarily nuisance litigation to avoid foreclosure of the subject real estate. The Court finds that is has evaluated the claims raised by the Debtor and its principal based on the evidence presented in this case, especially the documentary evidence. The Courts evaluation finds these claims are not viable."