# EXHIBIT 25

No. 24-20541

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

In the Matter of GALLERIA 2425 OWNER, LLC, *Debtor.*

---

2425 WL, LLC, *Appellant*

v.

NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, *Appellee.*

---

**On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Case No. 4:24-cv-02590, Honorable Keith P. Ellison**

---

### APPELLEE'S OPPOSED EXPEDITED MOTION TO (I) ABATE
### APPEAL; AND (II) STRIKE ISSUES

---

Pillsbury Winthrop Shaw Pittman LLP

Charles C. Conrad
Tex. Bar No. 24040721
S.D. Tex. Fed. No. 37220
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. No. 3089813
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

*Counsel for National Bank of Kuwait, S.A.K.P., New York Branch*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

No. 24-20541, *2425 WL, LLC v. National Bank of Kuwait, S.A.K.P., New York Branch*.

The undersigned counsel certifies that the following persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**<u>The Debtor:</u>**

Galleria 2425 Owner, LLC

**<u>The Appellant:</u>**

2425 WL, LLC

**<u>The Appellant's and Debtor's sole owner:</u>**

Ali Choudhri

**<u>The Appellee:</u>**

National Bank of Kuwait, S.A.K.P., New York Branch

**<u>The United States Trustee (Region 7)</u>**

Kevin M. Epstein

**<u>The Liquidation Trustee of the confirmed chapter 11 plan of liquidation of Debtor</u>**

Christopher R. Murray

i

**Counsel to the parties/entities identified above:**

**Appellant and Ali Choudhri:**

J. Carl Cecere, P.C.

J. Carl Cecere
6035 McCommas Boulevard
Dallas, TX 75206
Telephone: (469) 600-9455
ccecere@cecerepc.com

**Appellee:**

Pillsbury Winthrop Shaw Pittman LLP

Charles C. Conrad
Tex. Bar No. 24040721
S.D. Tex. Fed. No. 37220
609 Main Street, Suite 2000
Houston, Texas 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com

-and-

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. No. 3089813
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

4932-8596-0523

**United States Trustee**

Office of United States Trustee

Jana Smith Whitworth
515 Rusk Street, Suite 3516
Houston, TX 77002
Telephone: (713) 718-4650
Facsimile: (713) 718-4670
jana.whitworth@usdoj.gov

**Liquidation Trustee**

Shannon & Lee LLP

R. J. Shannon
2100 Travis Street, Suite 1525
Houston, TX 77002
Telephone (713) 714-5770
rshannon@shannonleellp.com

Appellee National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") certifies that (i) NBK is the United States branch office of the National Bank of Kuwait S.A.K.P., a publicly held financial institution whose shares are listed on the Kuwait Stock Exchange; and (ii) NBK has no parent corporation, and no publicly held company owns more than 10% of the bank's shares.

/s/ Charles C. Conrad
Charles C. Conrad

4932-8596-0523

# <u>TABLE OF CONTENTS</u>

Page

BACKGROUND AND PROCEDURAL POSTURE ................................. 3

  A. The Parties, the Loan, the Bankruptcy, the Plan of
     Liquidation, and the Present Appeal .............................. 3

  B. The Bankruptcy Court's Disallowance of 2425 WL's
     Fraudulent Claim and 2425 WL's Appeal of That Order ............... 9

ARGUMENT & AUTHORITIES ................................................ 11

  A. Pillsbury Is Not Disqualified; 2425 WL's Assertion is
     Sanctionable ............................................... 11

  B. 2425 WL Does Not Have Standing to Appeal the
     Confirmation Order ......................................... 14

  C. The Confirmation Issues Are Not Ripe for Appeal ................. 19

EXPEDITED CONSIDERATION ............................................. 22

CONCLUSION ......................................................... 23

CERTIFICATE OF SERVICE .............................................. 25

CERTIFICATE OF CONFERENCE .......................................... 26

ECF CERTIFICATION ................................................... 26

CERTIFICATE OF COMPLIANCE .......................................... 26

4932-8596-0523

# TABLE OF AUTHORITIES

Page(s)

### Cases

*In re Blast Energy Services, Inc.*,
   593 F.3d 418 (5th Cir. 2010)................................................................21

*In re CPDC Inc.*,
   221 F.3d 693 (5th Cir. 2000)................................................................21

*Fortune Nat. Res. Corp. v. U.S. Dept. of Interior*,
   806 F.3d 363 (5th Cir. 2015)............................................ 14, 15, 16, 18

*In re GWI PCS 1 Inc.*,
   230 F.3d 788 (5th Cir. 2000)......................................................... 19, 20

*In re Pac. Lumber Co.*,
   584 F.3d 229 (5th Cir. 2009)................................................................21

*In re Serta Simmons Bedding, L.L.C.*,
   No. 23-20181, 2024 WL 5250365 (5th Cir. Dec. 31, 2024)................ 20

*Matter of Dean*,
   18 F.4th 842 (5th Cir. 2021) ......................................................... 13, 18

*Matter of Highland Capital Mgmt., L.P.*,
   48 F.4th 419 (5th Cir. 2022) ......................................................... 20, 21

*Matter of Technicool Sys., Inc.*,
   896 F.3d 382 (5th Cir. 2018)......................................................... 14, 18

4932-8596-0523

Appellee National Bank of Kuwait, S.A.K.P., New York Branch ("NBK"), moves to:

(1)     Abate all deadlines because 2425 WL LLC ("2425 WL") does not have standing to prosecute this appeal and cannot obtain standing unless it first obtains reversal of a separate bankruptcy court order disallowing its claim in the bankruptcy case as fraudulent and, as 2425 WL makes clear in its opening brief, the rights it seeks to vindicate are its alleged creditor rights; and

(2)     Strike all issues raised by 2425 WL in its opening brief except those related to whether the district court erred in dismissing its appeal as moot because the remaining "merits" issues are not ripe for appeal or decision by this Court until they are first briefed and decided by the district court.

This appeal cannot proceed, at least not yet and not in its current form, for two reasons.  First, 2425 WL does not have standing.  It is not a creditor and has no conceivable legal or economic interest to vindicate through the appeal.  The only *possible* way for 2425 WL to obtain standing is for it to succeed in a different, ongoing appeal where it is

1

attempting to reverse the bankruptcy court's decision disallowing its fraudulent claim and making a criminal referral to the United States Attorney.  So that the parties and this Court do not spend unnecessary time and resources furthering a futile effort, this Court should abate the present appeal in its entirety pending a final resolution of 2425 WL's appeal of the order disallowing its fraudulent claim.

Second, nearly all the issues identified in 2425 WL's opening brief are not ripe for appeal, having not yet been briefed to or decided by the district court.  The district court dismissed 2425 WL's appeal of the confirmation order as moot.  It did not receive briefing on or decide any other issue.  The only issue properly before this Court at this time, then, is whether the district court's mootness dismissal was proper.  Yet 2425 WL's opening brief includes a litany of additional "merits" issues.  So that the parties and this Court do not spend unnecessary time and resources addressing issues not properly on appeal, this Court should strike all issues unrelated to mootness and order 2425 WL to file an amended opening brief.

NBK requests a ruling on this Motion before its briefing commences, so the parties can either avoid further briefing if this appeal

2

is abated or tailor their briefs if the appeal is not abated but issues on appeal are limited. NBK's counsel emailed 2425 WL's counsel about the relief sought in this Motion on June 18, 2025, advising of its intent to file this Motion today. 2425 WL's counsel responded that he would confer with 2425 WL. NBK's counsel followed up by email on June 20, 2025. Counsel for 2425 WL did not respond. NBK thus assumes that 2425 WL will oppose the relief sought in this Motion.

## BACKGROUND AND PROCEDURAL POSTURE

### A. The Parties, the Loan, the Bankruptcy, the Plan of Liquidation, and the Present Appeal

In 2018, NBK loaned Galleria 2425 Owner LLC (the "<u>Debtor</u>") approximately $51.6 million to purchase a commercial office building in Houston, Texas (the "<u>Property</u>") from 2425 WL (the Appellant).[1] Both the Debtor and 2425 WL are owned and controlled by Ali Choudhri.[2] The loan was interest only, had a maturity date of May 23, 2023, and was secured by the Property and an assignment of rents.[3]

---

[1] *See* **Exhibit 1** to the Declaration of Charles C. Conrad ("<u>Conrad Decl.</u>") attached hereto as **Exhibit A**; Appellant's Br. 4.

[2] Appellant's Br., 4.

[3] *See* Conrad Decl., **Exhibit 1**, 11-89, 113-141; Conrad Decl., **Exhibit 2**, 4.

3

By mid-2020, the Debtor stopped making payments on the loan.[4] Between early-2021 and late-2023, NBK attempted to foreclose four times.[5] The Debtor (acting through Mr. Choudhri) temporarily halted the first two foreclosures through state court lawsuits and stopped the second two foreclosures through bankruptcy filings when its state court efforts failed.[6] This appeal arises from the second bankruptcy case.

In December 2023, Mr. Choudhri caused the Debtor to file its second voluntary chapter 11 petition in the Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>") just one month after the Bankruptcy Court *sua sponte* dismissed its first chapter 11 case.[7] In January 2024, the Bankruptcy Court appointed a chapter 11 trustee (the "<u>Trustee</u>"), divesting Mr. Choudhri of control over the Debtor and the Property primarily because the Bankruptcy Court found Mr. Choudhri (the Debtor's manager) hopelessly conflicted and unable to represent the best interests of the Debtor's estate.[8]

---

[4] Conrad Decl., **Exhibit 2**, 4.

[5] *Id.*, 4-7.

[6] *Id.*

[7] *Id.*, 2, 7.

[8] *Id.*, 3; Conrad Decl., **Exhibit 3**.

4932-8596-0523

In April 2024, NBK filed a chapter 11 plan of liquidation (the "Plan"), supported by the Trustee.[9]  2425 WL objected to the plan.[10]  At the same time, the Debtor and 2425 WL filed a total of six patently unconfirmable chapter 11 plans.[11]  The Bankruptcy Court rejected each iteration, noting they were all "dead on arrival," "were never going to be approved," and "took great pains to protect the interests not of the estate or the debtor but of its principal and other entities that the principal controlled," such as 2425 WL.[12]

In June 2024, the Bankruptcy Court confirmed NBK's Plan over 2425 WL's objection.[13]  2425 WL appealed the Confirmation Order to the United States District Court for the Southern District of Texas (the "District Court").[14] In August 2024, 2425 WL filed its statement of issues and designation of record and identified the following issues for the Confirmation Order Appeal to the District Court:[15]

---

[9] Conrad Decl., **Exhibit 4**.

[10] Conrad Decl., **Exhibit 2**, 1.

[11] *Id.*, 4.

[12] Conrad Decl., **Exhibit 5**, 2-3.

[13] Conrad Decl., **Exhibit 6** (the "Confirmation Order").

[14] Conrad Decl., **Exhibit 7** (the "Confirmation Order Appeal").

[15] Conrad Decl., **Exhibit 8**.

4932-8596-0523

1. Whether the Bankruptcy Court committed error in finding and concluding that the Chapter 11 plan propounded by a secured creditor, National Bank of Kuwait, S.A.K.P. New York Branch ("NBK") complied with all of the mandatory requirements for confirmation set forth in Bankruptcy Code Section 1129, and did not violate any of the provisions of Bankruptcy Code Section 1123 – specifically the provisions of:

   - Section 1129(a)(10) (regarding at least one creditor with an unimpaired allowed claim accepting the plan);

   - Section 1129(a)(1) & (a)(3) (regarding the plan voting & balloting, the Plan's Exculpation Clause, the Estate Release Clause, the Injunction on causes of actions by creditors against third party non-debtors clause, and applying a "Gate Keeper" Provision to third party creditors);

   - Section 1129(a)(8) and 1129(b)(1) (unfair discrimination and not fair and equitable as to 2425 WL, LLC);

   - Section 1122 (regarding claim classification); and

   - Section 1123(a)(4) (regarding claims discrimination).

(the "Confirmation Issues").[16]

In August 2024, NBK moved to dismiss the Confirmation Order Appeal as equitably moot (the "Motion to Dismiss").[17] In response, 2425

---

[16] *Id.*

[17] *See* Conrad Decl., **Exhibit 9**.

6

4932-8596-0523

WL narrowed the Confirmation Issues to: (a) the Plan's gatekeeping provisions; and (b) the Plan's disallowance of insider claims. [18]  2425 WL argued that these two issues were not subject to dismissal for equitable mootness even though (a) 2425 WL did not seek or obtain a stay of the Confirmation Order; (b) the Plan had gone effective and been substantially consummated; and (c) the sale of the Debtor's Property free and clear of liens, claims and interests to NBK's designee had closed. [19]

In November 2024, the District Court held a hearing on NBK's Motion to Dismiss. [20]  After, the District Court granted the Motion to Dismiss "[p]ursuant to Federal Rule of Civil Procedure 58(a), and for the reasons stated on the record at the November 21 hearing . . . ." [21]  In brief, the District Court held that, after carefully reviewing the law of equitable mootness (a legal doctrine it admitted not to like), it had never seen a case that falls more squarely within applicable precedent compelling dismissal. [22]

---

[18] *See* Conrad Decl., **Exhibit 10**, 4-5.

[19] *Id.*

[20] *See* Conrad Decl., **Exhibit 11**.

[21] Conrad Decl., **Exhibit 12** ("the <u>Dismissal Order</u>").

[22] *Id.*, 11-12.

4932-8596-0523

2425 WL appealed the Dismissal Order to this Court in December 2024.[23]  Its statement of issues here lists all the Confirmation Issues, plus a new one:

> II.    Whether an appeal from the order confirming the Plan regarding any of these issues is equitably moot.

(the "<u>Mootness Issue</u>").[24]

2425 WL included the Confirmation Issues despite the fact that: (a) it had previously, and intentionally, narrowed the issues on appeal to the Plan's gatekeeping provisions and disallowance of 2425 WL's claim;[25] (b) neither party has briefed any of the Confirmation Issues, and only briefed the Mootness Issue, to the District Court; and (c) the District Court never considered or decided any of the Confirmation Issues, and only considered and decided the Mootness Issue, in the order that gives rise to the present appeal.[26]  This Court ordered that NBK raise whether only the Mootness Issue is properly before this Court in response to merits briefing.[27]

---

[23] Conrad Decl., **Exhibit 13**.

[24] Conrad Decl., **Exhibit 14**; Appellant's Br., xiii.

[25] *See* Conrad Decl., **Exhibit 10**.

[26] *See* Conrad Decl., **Exhibit 11**.

[27] ECF No. 16.  All "ECF No." references are to the docket in this appeal.

8

**B.** **The Bankruptcy Court's Disallowance of 2425 WL's Fraudulent Claim and 2425 WL's Appeal of That Order**

In March 2024—two months after the Bankruptcy Court appointed the Trustee and one month after NBK filed its Plan—Mr. Choudhri, as manager of 2425 WL, filed a fraudulent $22.9 million proof of claim against the Debtor's estate based on purported "seller financing" provided during the 2018 sale transaction and related NBK financing (the "<u>Fraudulent Claim</u>").[28]  In June 2024, the Trustee objected to the Fraudulent Claim because, among other things: (a) the fraudulent "seller financing" documents were signed by Mr. Choudhri who lacked authority to act for the Debtor at the time he supposedly signed them; (b) the fraudulent "seller financing" documents were purportedly signed in 2018 at the time of the loan transaction, yet were not notarized until 2021, at the time NBK began its foreclosure efforts; and (c) 2425 WL *received* approximately $14 million from the sale—it did not *lend* any amount to the Debtor.[29]

---

[28] Conrad Decl., **Exhibit 15**.  2425 WL would go on to file an amended proof of claim for the same debt.  Conrad Decl., **Exhibit 16**.

[29] *See* Conrad Decl., **Exhibit 17**, 2-11.

9

In September 2024, while the Confirmation Order Appeal was pending in the District Court, the Bankruptcy Court held an evidentiary hearing on the Trustee's objection.[30]  The Bankruptcy Court found, based on witness testimony and documents, that Mr. Choudhri "is a forger and a liar" and there was "clear and convincing" evidence that the alleged seller financing documents "were fraudulently created after the fact."[31]  Based on these factual findings, the Bankruptcy Court disallowed 2425 WL's claim, voided the alleged security for claim, and referred the matter to the United States Attorney (the "Fraudulent Claim Order").[32]

2425 WL moved for reconsideration,[33] and the Bankruptcy Court denied that.[34]  2425 WL then appealed the Fraudulent Claim Order and the denial of its motion for reconsideration to the District Court (the "Fraudulent Claim Appeal").[35]  Nine months later, 2425 WL still has not filed its opening brief.  The Fraudulent Claim Appeal remains pending.

---

[30] Conrad Decl., **Exhibit 18**.

[31] *Id.*, 88-91; Conrad Decl., **Exhibit 19**.

[32] Conrad Decl., **Exhibit 19**.  The Bankruptcy Court subsequently ordered 2425 WL's deed of trust expunged from the land records when it would not do so voluntarily. Conrad Decl., **Exhibit 20**.

[33] Conrad Decl., **Exhibit 21**.

[34] Conrad Decl., **Exhibit 22**.

[35] Conrad Decl., **Exhibit 23**.

10

## ARGUMENT & AUTHORITIES

### A. Pillsbury Is Not Disqualified; 2425 WL's Assertion is Sanctionable

Before turning to the merits of the Motion, it is necessary to address the final argument in 2425 WL's opening brief. There, 2425 WL spends three pages arguing that NBK's counsel, Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury"), has "been disqualified from representation in any matter having to do with the Property."[36]

The statement that Pillsbury is (or has ever been) disqualified from representing NBK or from representation in any matter dealing with the Property is false. 2425 WL and its counsel know the statement is false. This is another example of Mr. Choudhri, and those in his orbit, advancing false, fraudulent, self-serving positions—the same type of conduct that led to the appointment of the Trustee, the disallowance of 2425 WL's Fraudulent Claim, and the Bankruptcy Court's criminal referral of Mr. Choudhri to the United States Attorney.

For context, one of the Property's tenants prior to the Debtor's bankruptcy was an entity called Jetall Companies, Inc. ("Jetall") which,

---

[36] Appellant's Br., 49-51.

4932-8596-0523

predictably, is another Choudhri-controlled entity.[37]  After the Property

was sold free and clear of all liens, claims, encumbrances and interests –

including Jetall's putative lease – under 11 U.S.C. § 363 to NBK's

designee and subsidiary Houston 2425 Galleria, LLC ("Houston 2425"),[38]

Jetall refused to vacate the Property.

Houston 2425 filed an eviction proceeding against Jetall in the

Harris County Justice of the Peace Court (the "JP Court").[39]  Houston

2425 was represented by Jackson Walker, LLP ("Jackson Walker").[40]

Jetall moved to disqualify ***only*** Jackson Walker, which the JP Court

granted in October 2024.[41]  Jetall later submitted a proposed order to the

JP Court, which extended the disqualification to include unspecified "co-

counsel." [42]   Jetall thereafter asserted that Pillsbury was Jackson

---

[37] *See* Conrad Decl., **Exhibit 24**, 2-7, n.6 (background about Jetall Companies and the Bankruptcy Court's sale order, which is not at issue here).

[38] *See id.*

[39] *See* Conrad Decl., **Exhibit 25** (background about the eviction proceeding and the JP Court's orders).

[40] *See id.*

[41] *See id.*

[42] *See id.*

12

Walker's co-counsel and, thus, disqualified from anything having to do with the Property.[43] Not so.

On December 4, 2024, a few days after Jetall raised the frivolous disqualification issue for the first time, the JP Court issued an order clarifying its earlier one.[44] The JP Court noted that Jetall never alleged any relation between prior counsel and Pillsbury nor did it provide any evidence regarding co-representation or the sharing of confidential information by prior counsel involving Pillsbury.[45] The JP Court then squarely held that the disqualification order "***does not extend to Pillsbury***."[46] That clarifying order was never appealed.

There is no basis whatsoever, let alone a good faith one, for 2425 WL to assert that Pillsbury is (or ever has been) disqualified from representing NBK. NBK and Pillsbury decline to give the argument any more air. This Court should too.[47]

---

[43] *See* Conrad Decl., **Exhibit 24**.

[44] Conrad Decl., **Exhibit 25**, 6-7.

[45] *Id.*

[46] *Id.*

[47] NBK reserves the right to seek sanctions for this frivolous argument, which Mr. Choudhri and his affiliates have unsuccessfully raised on multiple occasions.

## B.    2425 WL Does Not Have Standing to Appeal the Confirmation Order

"Appellants cannot demonstrate bankruptcy standing when the court order to which they are objecting does not directly affect their wallets." *Matter of Dean*, 18 F.4th 842, 844 (5th Cir. 2021).  As explained:

> Bankruptcy courts are not Article III creatures bound by traditional standing requirements.  But that does not mean disgruntled litigants may appeal every bankruptcy court order willy-nilly.  Quite the contrary.  Bankruptcy cases often involve numerous parties with conflicting and overlapping interests.  Allowing each and every party to appeal each and every order would clog up the system and bog down the courts.  Given the specter of such sclerotic litigation, standing to appeal a bankruptcy court order is, of necessity, quite limited.

*Matter of Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018) (citations omitted).

Consequently, "a bankruptcy appellant must [] show that he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court."  *Id.* (quotation omitted).  "The narrow inquiry for bankruptcy standing—known as the 'person aggrieved' test—is 'more exacting' than the test for Article III standing."  *Id.* (citations omitted).  This requires "a higher causal nexus between act and injury," and "narrows the playing field, ensuring only those with a direct, financial stake in a given order can appeal it."  *Id.* (citation and quotation omitted).

14

Put simply, "[t]he order must burden [appellant's] pocket before he burdens a docket." *Id.*

Further, a party must establish standing before challenging the merits of a bankruptcy court order. *Fortune Nat. Res. Corp. v. U.S. Dept. of Interior*, 806 F.3d 363, 366-67 (5th Cir. 2015). That is true even where the putative appellant argues the appealed-from order "violated substantive bankruptcy law." *Id.* An appellant cannot obtain standing by arguing a violation of substantive bankruptcy law unless it also has a direct financial stake in the outcome. *Id.*

2425 WL cannot make the required showing here. 2425 WL's argument on appeal is premised on the fallacy that it is a "junior secured creditor" of the Debtor's bankruptcy estate. But the Bankruptcy Court disallowed 2425 WL's claim after it found "clear and convincing" evidence that the claim was "fraudulent" and that the person who submitted it, Mr. Choudhri who controls the Debtor and 2425 WL, is a "forger and a liar."

Because its claim has been disallowed, 2425 WL is not a creditor of the bankruptcy estate. Because 2425 WL is not a creditor, it was not "directly and adversely affected pecuniarily" and has no "direct, financial

15

stake" in the Confirmation Order Appeal. Because 2425 WL's pocket is not burdened, it lacks standing to prosecute this appeal or burden this Court's docket. Practically, 2425 WL cannot complain that its Fraudulent Claim was misclassified or discriminated against. 2425 WL cannot complain that its Fraudulent Claim was improperly "extinguish[ed]" by the Plan. 2425 WL cannot complain that it will not receive a distribution under the Plan on account of its Fraudulent Claim.

2425 WL will likely try to sidestep this by arguing it still has standing to challenge the Plan's exculpation, release, and gatekeeping provisions. Not so, for several reasons. First, even if those provisions extend beyond Fifth Circuit precedent, which they do not, the lack of a claim to assert in the bankruptcy case deprives 2425 WL of standing to challenge those provisions on appeal. *See Fortune Nat. Res. Corp.*, 806 F.3d at 366-67 (a complaint that a plan "violated substantive bankruptcy law" is insufficient to confer standing that is otherwise lacking via a direct, financial stake in the outcome). 2425 WL cannot act as a watchdog for the interests of others when it has no economic interest at stake. *Id.* Notably, the United States Trustee, a party that does not need an

16

economic interest to appeal the Confirmation Order and is the Bankruptcy Code's designated watchdog, signed off on the Plan.

Second, 2425 WL's conspiracy-laden "equitable subordination" theory fails. To start, 2425 WL's theory trying to subordinate NBK's claims has already been rejected ***three times***: (1) when the Bankruptcy Court dismissed an adversary proceeding 2425 WL brought against NBK asserting the very same claims underlying its equitable subordination theory *with prejudice*;[48] (2) when the Bankruptcy Court overruled 2425 WL's motion to prevent NBK from credit bidding for the Property;[49] and (3) when the Bankruptcy Court rejected 2425 WL's objection to the allowance of NBK's claims against the bankruptcy estate, finding NBK's claims were "valid claims."[50] 2425 WL did not appeal any of those orders. It cannot now dispute or end-run them in the guise of ginning up an argument for appellate standing.

In short, 2425 WL does not have a claim, either against the Debtor's estate (the Fraudulent Claim was disallowed) or against NBK (the "claims" were dismissed with prejudice or otherwise rejected, three

---

[48] Conrad Decl., **Exhibit 26**.

[49] Conrad Decl., **Exhibit 27**.

[50] Conrad Decl., **Exhibit 28**.

4932-8596-0523

times).  Without a claim against the Debtor, 2425 WL has no viable basis to seek equitable subordination.  NBK's claims cannot be subordinated to a 2425 WL claim that does not exist.  Similarly, without a claim against NBK, 2425 WL has no basis to challenge the Plan's release or gatekeeping provisions.  It simply is not adversely affected by them.

The disallowance of 2425 WL's Fraudulent Claim by the Bankruptcy Court, coupled with the final rejection of 2425 WL's multiple attempts to assert direct claims for damage against NBK or subordinate its claims, all of which occurred independently of the Confirmation Order, make clear that 2425 WL cannot satisfy this Court's requirement to demonstrate that the Confirmation Order "directly, adversely, and financially" impacts it.  *Dean*, 18 F.4th at 844; *Technicool Sys., Inc.*, 896 F.3d at 385; *Fortune Nat. Res. Corp.*, 806 F.3d at 366-67.

Perhaps if 2425 WL succeeds in the Fraudulent Claim Appeal, it may have standing to appeal ***some*** Confirmation Issues.  The Fraudulent Claim appeal, however, has yet to be decided even by the District Court.  If 2425 WL cannot reinstate its Fraudulent Claim, there is no basis for this appeal to proceed and it should be dismissed entirely.

18

Because the outcome of 2425 WL's Fraudulent Claim Appeal will materially impact the present appeal, and in the interest of conserving the parties' and the Court's time and resources, NBK requests the Court abate this appeal in its entirety unless and until 2425 WL obtains a final order reversing the Fraudulent Claim Order, and if it does not, to dismiss this appeal.

## C.    The Confirmation Issues Are Not Ripe for Appeal

The District Court did not address any of the Confirmation Issues in ruling on the Motion to Dismiss, nor did it need to.  In *In re GWI PCS 1 Inc.*, this Court laid the framework for a district court's determination of whether of an appeal of a confirmation order is moot *and* a circuit court's subsequent review of that order.

> In *In re Berryman Products, Inc.*, 159 F.3d 941 (5th Cir.1998), we affirmed the district court's dismissing as moot a challenge to the confirmation of a reorganization plan of a chapter 11 debtor.  *See id.* at 946.  We prefaced our discussion of whether the challenge was moot with the following statement regarding our standard of review: "In the bankruptcy appellate process, we perform the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed *de novo.*" *Id.* at 943 (footnote omitted); *see In re Manges,* 29 F.3d 1034, 1038-44 (5th Cir.1994) (undertaking an independent review of the district court's dismissal of the debtors' appeal of the confirmation order).  Accordingly, we agree with the FCC and will employ this standard in

19

reviewing the district court's ruling on equitable mootness in the case *sub judice* as well.

> Equitable mootness "is not an Article III inquiry as to whether a live controversy is presented; rather, it is a recognition by the appellate courts that there is a point beyond which they cannot order fundamental changes in reorganization actions." *In re Manges,* 29 F.3d at 1038-39 (citation omitted). "Consequently, a reviewing court may decline to consider the merits of a confirmation order when there has been substantial consummation of the plan such that effective judicial relief is no longer available-even though there may still be a viable dispute between the parties on appeal." *Id.* at 1039 (citations omitted). When evaluating whether an appeal of a reorganization plan in a bankruptcy case is moot, this Court examines whether (1) a stay has been obtained, (2) the plan has been substantially consummated, and (3) the relief requested would affect either the rights of parties not before the court or the success of the plan. *See In re U.S. Brass Corp.,* 169 F.3d 957, 959 (5th Cir.1999) (citing *In re Berryman Prods.,* 159 F.3d at 944; *In re Manges,* 29 F.3d at 1039).

*In re GWI PCS 1 Inc.*, 230 F.3d 788, 799-800 (5th Cir. 2000). Under this standard, the merits of the confirmation order are not considered. The focus is entirely on the mootness determination.

Although this Court's decisions in *Highland Capital* and *Serta* may require some discussion of the underlying issues in dispute to determine whether an appeal should be dismissed as moot, this Court's review is limited to whether the issues are sufficiently significant to merit additional review and, if reversed, whether relief can be granted on

20

appeal that will not require the confirmed Plan to be unwound. "[T]he inquiry turns on whether the court can craft relief for that claim that would not have significant adverse consequences to the reorganization." *In re Serta Simmons Bedding, L.L.C.*, No. 23-20181, 2024 WL 5250365, at *18 (5th Cir. Dec. 31, 2024) (quoting *Matter of Highland Capital Mgmt., L.P.*, 48 F.4th 419, 430 (5th Cir. 2022)).

At this stage, the inquiry is not into the merits. Indeed, it is only where the circuit court determines that the district court's dismissal on mootness grounds is improper that the merits are reached, and then by the district court on remand. *See, e.g., In re Blast Energy Services, Inc.*, 593 F.3d 418, 428 (5th Cir. 2010) (reversing district court dismissal and remanding for further proceedings); *In re CPDC Inc.*, 221 F.3d 693, 701 (5th Cir. 2000) (reversing district court dismissal and reinstating appeal).[51]

2425 WL nonetheless has included the Confirmation Issues in its opening brief. That is, 2425 WL asks this court to review and decide

---

[51] Where an appeal is certified directly to a circuit court of appeals, the circuit court may consider any motion to dismiss on the grounds of mootness and, if not dismissed, consider the merits of the appeal. *See, e.g., In re Pac. Lumber Co.*, 584 F.3d 229 (5th Cir. 2009); *Matter of Highland Capital Mgmt., L.P.*, 48 F.4th 419 (5th Cir. 2022). That, however, is not this case. This appeal is not a direct appeal to the circuit court.

21

issues that have not yet been briefed, reviewed, or decided by the District Court. Those issues are not properly before this Court and should be stricken from the opening brief. 2425 WL should also be ordered to file an amended opening brief addressing only one issue: Whether the District Court erred in dismissing its appeal as moot.

Additionally and alternatively, because 2425 WL limited its challenges to the Confirmation Order in the District Court to two issues – the Plan's release of NBK (and its interplay with the Plan's gatekeeping provisions)[52] and its disallowance of insider claims – only those issues may be relied upon by 2425 WL when it argues that the appeal of the Confirmation Order was not properly dismissed as moot.[53]

## EXPEDITED CONSIDERATION

NBK requests expedited consideration of the Motion and a ruling in advance of the briefing schedule so the parties can either avoid further briefing (if NBK's motion to abate is granted) or tailor their briefs

---

[52] The Plan's releases do not release non-estate claims against NBK, and the Plan's gatekeeping provision simply require that the Bankruptcy Court determine that colorable, non-estate claims are being brought against NBK, assuming it otherwise could exercise jurisdiction over the claims under 28 U.S.C. § 1334. *See* Conrad Decl., **Exhibit 6**, 28-28 (Article IX.E).

[53] 2425 WL has never disputed that it had narrowed the appellate issues in its Amended Response.

4932-8596-0523

properly (if NBK's motion to abate is not granted but its motion to strike is).

## CONCLUSION

For the foregoing reasons, NBK respectfully requests this Court enter an order abating all proceedings in this appeal unless and until 2425 WL has obtained a final order reversing the Bankruptcy Court's order disallowing its Fraudulent Claim. In addition, or in the alternative, NBK respectfully requests this Court enter an order striking all issues raised by 2425 WL except those that relate directly to the question of whether the District Court erred in dismissing its appeal of the Confirmation Order as moot.

4932-8596-0523

Dated: June 20, 2025

**PILLSBURY WINTHROP SHAW
PITTMAN LLP**

 */s/ Charles C. Conrad*
Charles C. Conrad
Tex. Bar No.24040721
S.D. Tex. Fed. No. 37220
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com

- and -

Andrew M. Troop
Mass. Bar No. MA547179
S.D. Tex. Fed. No. 30089813
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

***Counsel for National Bank of
Kuwait, S.A.K.P., New York
Branch***

4932-8596-0523

## CERTIFICATE OF SERVICE

On June 20, 2025, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record for the parties to this Appeal. Appellee's counsel will serve the parties listed below by separate email.

Appellant's Counsel:
J. Carl Cecere
Cecere PC
6035 McCommas Blvd.
Dallas, TX 75206
ccecere@cecerepc.com

Liquidation Trustee:
Christopher R. Murray
602 Sawyer Street Ste 400
Houston, TX 77007
chris@jonesmurray.com

U.S. Trustee:
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street Suite 3516
Houston, TX 77002
Jana.whitworth@usdoj.gov

Liquidation Trustee's Counsel:
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street Ste 1525
Houston, TX 77002
rshannon@shannonleellp.com

*/s/ Charles C. Conrad*
Charles C. Conrad

4932-8596-0523

## CERTIFICATE OF CONFERENCE

I certify that, as required by 5th Cir. R. 27.4, counsel for NBK emailed counsel for 2425 WL on June 18, 2025, advising of its intent to file this Motion today and 2425 WL's counsel responded that he would confer with 2425 WL. NBK's counsel followed up by email on June 20, 2025. Counsel for 2425 WL did not respond. NBK assumes that 2425 WL will oppose the relief sought in this Motion.

*/s/ Charles C. Conrad*
Charles C. Conrad

## ECF CERTIFICATION

I certify (i) the required privacy redactions have been made pursuant to 5th Cir. R. 25.2.13; (ii) the electronic submission is an exact copy of the paper document pursuant to 5th Cir. R. 25.2.1; (iii) the document has been scanned for viruses using Windows Defender and is free of viruses; and (iv) the paper document will be maintained for three years after the mandate or order closing the case issues, pursuant to 5th Cir. R. 25.2.9.

*/s/ Charles C. Conrad*
Charles C. Conrad

## CERTIFICATE OF COMPLIANCE

This Motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) because it contains 4,555 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

This Motion also complies with the typeface and style requirements of FED. R. APP. P. 27(d)(1)(E) and 32(a)(5) and (6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typeface.

*/s/ Charles C. Conrad*
Charles C. Conrad