# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GALLERIA 2425 OWNER, LLC, | Case No. 23-34815 |
| Debtor. | |
| ALI CHOUDHRI, | |
| Appellant, | |
| v. | Civil Action No. 4:24-cv-04836 |
| NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH, | |
| Appellee. | |

_____

**APPELLANT'S OPPOSITION TO APPELLEE'S MOTION TO DISMISS, ABATE DEADLINES, OR STRIKE ISSUES**

_____

J. Carl Cecere
State Bar No. 13268300
(admitted pro hac vice)
**Cecere PC**
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455
ccecere@cecerepc.com

*Counsel for Appellant Ali Choudhri*

## TABLE OF CONTENTS

Table of citations.................................................................................................. ii

Argument..............................................................................................................2

I.     Choudhri does not object to abating this appeal pending resolution of other appeals that could affect this one. ........................................................ 2

II.    The Court should not narrow the issues to be decided in this appeal. .......... 5

III.   The Court should not dismiss this appeal. ...................................................... 6

Prayer….. ...........................................................................................................14

Certificate of service ..........................................................................................15

# TABLE OF CITATIONS

**Cases:**

*Bailey Tool & Mfg. Co. v. Republic Bus. Credit, LLC (In re Bailey Tool & Mfg. Co.)*,
  No. 16-30503-SGJ-7 (Adv. No. 16-03025-SGJ),
  2021 WL 6101847 (Bankr. N.D. Tex. 2021) ...................................................................... 11

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ........................................................................................................ 5,6

*Day v. Washburn*,
  64 U.S. 309 (1859) ............................................................................................................. 7

*Gen. Land Off. v. Biden*,
  71 F.4th 264 (5th Cir. 2023) ............................................................................................... 7

*Harrington v. Purdue Pharma L.P.*,
  603 U.S. 204 (2024) ......................................................................................................... 13

*Huddleston v. Nelson Bunker Hunt Tr. Est.*,
  109 B.R. 197 (N.D. Tex. 1989 ........................................................................................... 7

*In re CJ Holding Co.*,
  597 B.R. 597 (S.D. Tex. 2019) .......................................................................................... 8

*In re Linn Energy, L.L.C.*,
  927 F.3d 862 (5th Cir. 2019) ............................................................................................. 8

*In re Pittsburgh & L. E. R. Co. Sec. & Antitrust Litig.*,
  543 F.2d 1058 (3d Cir. 1976) .......................................................................................... 10

*In re Tullius*,
  500 F. App'x 286 (5th Cir. 2012) ...................................................................................... 8

*Lamar Sav. Ass'n v. White*,
  731 S.W.2d 715 (Tex. Ct. App. 1987) ............................................................................ 11

*M&E Endeavours LLC v. Air Voice Wireless LLC*,
  No. 01-18-00852-CV, 2020 WL 5047902 (Tex. App.—Houston
  [1st Dist.] Aug. 27, 2020, no pet.) ..................................................................................... 4

*Matter of Highland Capital Mgmt., L.P.*,
  48 F.4th 419 (5th Cir. 2022) ..................................................................................8

*Singleton v. Wulff*,
  428 U.S. 106 (1976) ............................................................................................8

*Warth v. Seldin*,
  422 U.S. 490 (1975) ..........................................................................................10

**Statutes:**

Tex. Civ. Prac. & Rem. Code § 31.002(b)(3) ...............................................................4

**Rules:**

Fed. R. Bankr. P. 8009(a) ............................................................................................6

Fed. R. Bankr. P. 8009(a)(1) .......................................................................................6

Fed. R. Bankr. P. 8009(a)(2) .......................................................................................6

Fed. R. Bankr. P. 8009(e) ...........................................................................................6

**Other Authorities:**

J. Macey, *Corporation Laws* (2020–4 Supp.)) ..........................................................13

**To the Honorable Court:**

Appellant Ali Choudhri files this opposition to the *Motion to Dismiss, Abate Deadlines, or Strike Issues* (Dkt. No. 15) filed by Appellee National Bank of Kuwait, S.A.K.P., New York Branch (the "Bank"), and would respectfully show as follows.

## INTRODUCTION AND BACKGROUND

1. The Bank is willing to do just about anything to avoid giving Choudhri a chance to fully brief this appeal—and providing the Court the opportunity to give the appeal the full consideration it deserves. This is because the Bank knows that if the Court fully considers the many problems with the Court's Gatekeeping Order (Dkt. No. 810), it will reverse that order. So the Bank tries to distract the Court by offering a smorgasbord of options for handling the appeal that would allow the Court to do *anything but* fully consider it—including dismissing it, abating it, or striking certain issues.

2. Most of these options are non-starters. The Court cannot dismiss the appeal because all the Bank's complaints about the appeal go to the appeal's merits, not the Court's jurisdiction to hear it—so those complaints cannot be decided on a motion to dismiss. And all the Bank's complaints are meritless in any event.

3. The Court should also reject the Bank's demand that the Court narrow the issues to be decided in the appeal because there is no mechanism in the appellate rules that permits the Court to selectively decide which issues it would like to hear.

4. The only option offered by the Bank that makes any sense is abating the case pending resolution of appeals that are currently pending before the Fifth Circuit and state appellate courts. Because the outcome of these other appeals may affect this one, waiting until those appeals have concluded would allow this Court to provide a full and complete consideration of the issues in this case without any distractions, thereby ensuring a fair and efficient resolution of this appeal. Mr. Choudhri does not oppose this relief. But the Court should go no further than abatement. The remainder of the Bank's motion should be denied.

## ARGUMENT

**I.  Choudhri does not object to abating this appeal pending resolution of other appeals that could affect this one.**

5. The Bank requests that the Court abate this appeal pending the resolution of two other appeals: (1) *2425 WL, LLC v. Bank of Kuwait et al.*, No. 24-20541, pending in the United States Court of Appeals for the Fifth Circuit, which challenges the confirmation of the Bank's Plan of Liquidation (the "Plan") entered in the bankruptcy proceeding underlying this appeal (the "Plan Confirmation Appeal"); and (2) *Choudhri v. Mokaram-Latif West Loop, Ltd., et al.*, No. 14-25-00308-CV, pending in the Fourteenth Court of Appeals in Harris County, Texas, which challenges the appointment of Travis B. Vargo as receiver in aid of collecting on a judgment (the "Receiver Appointment Appeal"). The Bank contends that the outcome of those appeals could affect the outcome of this one and therefore asks

that the Court wait on resolving this appeal until the others have concluded so that it can obtain the benefit of the final decisions in those cases. (Mot. 1, 2.) Choudhri agrees that an abatement would be appropriate until these appeals are complete.

6. The fact that 2425 WL, an entity owned and controlled by Choudhri, is currently challenging the Order confirming the Bank's Plan of Liquidation (the "Plan Confirmation Order") in the Plan Confirmation Appeal (*see* Mot. 6) provides adequate grounds for a stay. After all, that appeal challenges both the validity of the Plan and the propriety of its gatekeeping provision (*see id.*), so if 2425 WL succeeds in that appeal, and Plan's gatekeeper provision is struck down or the Plan itself is invalidated, then the Bankruptcy Court's exercise of its gatekeeping powers must be overturned in this case. (*See* Mot. 6 & Ex. 8.) There is therefore good reason to believe the outcome of that appeal will affect this one. And there is good reason to stay this appeal to ensure that Court can have the benefit of the Fifth Circuit's decision the Plan Confirmation Appeal. Choudhri therefore does not oppose a stay until a final judgment is rendered in that appeal.

7. Choudhri also does not oppose abating the appeal until the conclusion of Receiver Appointment Appeal—even though the likelihood that outcome of that appeal will affect this one is far less certain. The Bank contends that this appeal will definitively resolve whether Choudhri retains "authority" to pursue his claims in the litigation against the Bank that is the subject of the Bankruptcy Court's Gatekeeping

3

Order (the "Challenged Litigation"). (Mot. 6, 19.) But that appeal is less likely to affect Choudhri's authority to prosecute the challenged litigation than the Bank assumes.

8.     Of course, if Choudhri's appeal of the order appointing the receiver is successful, then there is no question that Choudhri will regain authority to pursue Choudhri's claims in the Challenged Litigation and authority to challenge the Gatekeeping Order that prevents Choudhri from pursuing those claims. But even if Choudhri is ultimately unsuccessful in that appeal, he may eventually end up with control over those claims anyway. The Bank acknowledges that the order appointing the receiver merely "vests" "'custody'" and "control" over certain of Choudhri's assets in a receiver. (Mot. 19) (quoting *M&E Endeavours LLC v. Air Voice Wireless LLC*, No. 01-18-00852-CV, 2020 WL 5047902, at *5 (Tex. App.—Houston [1st Dist.] Aug. 27, 2020, no pet.)). And it grants the receiver custody and control over those assets only for a singular purpose: to sell them and convey the proceeds to the judgment creditor "to the extent required to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 31.002(b)(3). Once the judgment is satisfied, custody and control of Choudhri's assets will be returned to him.

9.     Because the Receiver Appointment Appeal is therefore less likely to affect this appeal than the Plan Confirmation Appeal, an abatement of this appeal pending the outcome of that one would ordinarily not be warranted. But because

4

there is *some* potential for that appeal to affect this one, and because the case will be stayed pending the Fifth Circuit's decision on the Confirmation Appeal, Choudhri sees no harm in abating the case until both appeals are decided.

## II. The Court should not narrow the issues to be decided in this appeal.

10. Yet if the Court opts against abating the appeal, it cannot grant any of the alternate forms of relief that the Bank requests. One of these requests includes the extraordinary demand that this Court should "limit" the issues Choudhri can raise on appeal (Mot. 2), thereby limiting the issues that the court of appeals might be able to consider in a further appeal from this case. The Court must reject this demand.

11. The Court has a "virtually unflagging obligation" to consider cases that are properly before it. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817-18 (1976). And there is nothing in the Federal Rules of Bankruptcy Procedure or any other rule that permits the Court to decide for itself which issues it would like to consider while dismissing the rest.

12. Indeed, the Bank does not cite any example where any district court—*anywhere*—has taken such an extraordinary action. And for good reason: It would be wholly improper for this Court to interfere with Choudhri's attempt to define the issues on appeal or attempt to control proceedings in another court. And there is no procedural mechanism by which a federal district court can even try.

13. The rules governing the "statement of the issues" that an appellant is

required to file under Rule 8009(a) of the Federal Rules of Bankruptcy Procedure certainly do not do so. That rule merely requires that the appellant in a bankruptcy case to file a statement of the issues so that the appellee can understand the issues that are likely to be raised in that appeal and therefore decide whether to designate additional items for the appellate record (under Rule 8009(a)(2)) beyond those items designated by the appellant (under Rule 8009(a)(1)) to ensure the record is complete. Nothing in Rule 8009 or elsewhere assigns the district court any role in drafting the statement of the issues on appeal—much less limiting the issues that the appellant can raise or that the appellate court can consider. On the contrary, the only role that the district court is assigned under Rule 8009 is to correct the items in the record to ensure they accurately reflect the issues on appeal—not change the issues to be decided on appeal. *See* Fed. R. Bankr. P. 8009(e). Accordingly, the Court cannot—and should not—narrow the issues on appeal.

### III.   The Court should not dismiss this appeal.

14.   The Court also should not dismiss the appeal because all the complaints that the Bank raises about the appeal concern the appeal's merits, not the Court's jurisdiction to hear it. Because federal courts possess the "virtually unflagging obligation" to consider cases that are properly before them, *Colorado River Water Conservation Dist.,* 424 U.S. 800 at 817-18, they *cannot* resolve the merits of an appeal on a motion to dismiss—that is what appellate briefing and argument are for.

6

*See Huddleston v. Nelson Bunker Hunt Tr. Est.*, 109 B.R. 197, 202 (N.D. Tex. 1989) (where a court cannot resolve a motion to dismiss "without considering the merits of the appeal," the motion to dismiss must be denied); *Day v. Washburn*, 64 U.S. 309, 312 (1859) ("[P]oints connected with the real merits of the controversy …. cannot be considered and determined upon a motion to dismiss the appeal."). The Court should therefore wait until the appeal is fully briefed to consider the Bank's complaints. And those complaints are meritless in any event.

15.    For instance, the Bank insists that Choudhri waived his objections to the bankruptcy court's exercise of gatekeeping powers to prevent Choudhri's claims in the Challenged Litigation from going forward because he did not object to confirmation of the Plan, which conveyed such gatekeeping powers to the bankruptcy court. (*See* Mot. 16.) But the issue of appellate waiver does not presents grounds for dismissal because it does not undermine the appellate court's jurisdiction to consider an appeal—it challenges only whether the appellant has properly preserved a particular issue for inclusion in that appeal. And in any event, waiver is ultimately a matter of discretion. *See Gen. Land Off. v. Biden*, 71 F.4th 264, 275 (5th Cir. 2023) ("The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.") (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)). So even when an appellate point has

been waived, the court retains jurisdiction to consider it.

16. The Bank's waiver argument is meritless in any event. Regardless of whether Choudhri would have a right to pursue an appeal from the "bankruptcy court's confirmation order" *itself* without appearing in the bankruptcy court and raising an objection to plan confirmation (Mot. 14) (citing *In re Tullius*, 500 F. App'x 286, 291 n.13 (5th Cir. 2012) & *In re CJ Holding Co.*, 597 B.R. 597, 609 (S.D. Tex. 2019)), Choudhri is not appealing the Confirmation Order. He is merely appealing the bankruptcy court's *separate* order dismissing his claims under its gatekeeping powers. (Mot. 10-12 & Ex. 32.) And the Bank cites no authority establishing that a person who was not a party in a bankruptcy proceeding can be barred from challenging a bankruptcy court's exercise of gatekeeping jurisdiction against him simply because he did not raise an objection to plan confirmation—or that such a challenge amounts to an impermissible "collateral attack" on the Plan's confirmation itself. (Mot. 15.) The only cases that the Bank cites concern different circumstances entirely. *See Matter of Highland Capital Mgmt., L.P.*, 48 F.4th 419, 438 n.15 (5th Cir. 2022) (holding that parties who *did* challenge gatekeeping provision in appeal from confirmation order could not challenge pre-confirmation orders that determined parties entitled to be included in the provision); *In re Linn Energy, L.L.C.*, 927 F.3d 862, 866-67 (5th Cir. 2019) (holding that Oklahoma State Treasurer's attempt to obtain unclaimed royalty payments owed by debtor was

barred by res judicata because it did not file a proof of claim).

17. In any event, even if Choudhri's challenge to the bankruptcy court's exercise of gatekeeping authority could be construed as a "collateral attack" on the Confirmation Order, that would not provide grounds to dismiss the appeal. The Bank acknowledges that Choudhri's challenge to the bankruptcy court's Gatekeeping Order goes beyond this "legal" challenge and also includes a "factual" challenge to that order, questioning whether the bankruptcy court properly concluded that Choudhri's claims against the Bank were not sufficiently "colorable" to deserve gatekeeping approval. (*See* Mot. 1, 6, 11.) Accordingly, the Bank's contention that "there is no way to characterize this Appeal as anything other than a challenge to the Confirmation Order" is incorrect. (*Id.* 15.) And even if Choudhri's "legal" challenge were somehow improper, his "factual" challenge would remain properly before the Court.

18. The Bank's contention that Choudhri "waived" any challenge to the gatekeeping provisions by agreeing to proceed through the gatekeeping process (Mot. 3, 16) is similarly non-jurisdictional—and simply silly. When Choudhri agreed to request gatekeeping approval, he specifically preserved his right to challenge the bankruptcy court's authority to exercise gatekeeping powers, making clear that his participation in that process was "subject to" his objection to "the Plan's gatekeeping provision" and should not be construed as "waiving" that

9

objection. (Mot. 11 & Ex. 29.) The Bank does not claim these efforts to preserve Choudhri's objections to the bankruptcy court's exercise of gatekeeping jurisdiction were ineffective. And the Bank does not even mention, let alone overcome, the fact that Choudhri preserved his objection to the bankruptcy court's exercise of gatekeeping jpowers *again* by raising that objection in his motion seeking gatekeeping approval. The fact that Choudhri did not separately object to an agreed order establishing a briefing schedule for that motion in the "Agreed Gatekeeping Order" cannot be construed as a waiver of the rights he specifically preserved elsewhere. (*See* Mot. 11, 17.)

19. The Bank's complaints about Choudhri's lack of "authority" or "standing" to prosecute this appeal on his own behalf or on behalf of Naissance are similarly merits issues that do not provide grounds for dismissal. (Mot. 1, 19, 21.) "The question of standing does not go to whether or not the appeal should be heard, but rather to its merits." *In re Pittsburgh & L. E. R. Co. Sec. & Antitrust Litig.*, 543 F.2d 1058, 1064 (3d Cir. 1976) (citing *Warth v. Seldin*, 422 U.S. 490 (1975)). And once again, these arguments are completely meritless. As Choudhri has explained, Choudhri is likely to retain authority to prosecute his claims against the Bank in the Challenged Litigation. Yet even if authority to pursue Choudhri's suit in the Challenged Litigation remains with the receiver, that should not provide grounds to dismiss the appeal—and prevent Choudhri's lawsuit in the Challenged Litigation

10

from going forward—it simply raises the question whether the receiver should be substituted as the proper party.

20. The Bank's objections that Choudhri's lender-liability claim fails on the merits—or have been released under the Plan—are likewise not grounds to dismiss this appeal. (Mot. 21.) These objections are so similarly unavailing.

21. The Bank claims Choudhri cannot raise a lender liability claim because he is not the borrower on the Bank's loans to the Debtor. (Mot. 21.) But the Bank cites no authority suggesting that lender-liability claims can only be brought by borrowers and no one else. On the contrary, lender-liability suits are frequently brought on behalf of parties other than the borrower. *See, e.g.*, *Bailey Tool & Mfg. Co. v. Republic Bus. Credit, LLC (In re Bailey Tool & Mfg. Co.)*, No. 16-30503-SGJ-7 (Adv. No. 16-03025-SGJ), 2021 WL 6101847 (Bankr. N.D. Tex. 2021) (concerning lender-liability claims brought by corporate affiliates of the borrower); *Lamar Sav. Ass'n v. White*, 731 S.W.2d 715 (Tex. Ct. App. 1987) (concerning lender-liability claims brought by borrower and its owner).

22. Furthermore, as Choudhri has explained more fully in his appellate brief, the claims he has raised against the Bank go beyond mere breach-of-contract claims—which would require a direct contractual relationship with the Bank—and include tort claims that do not require direct contractual privity. (*See* Dkt. No. 14 at 23-24, 25)

23. The Bank likewise cites nothing in the Plan to suggest that the Plan releases Choudhri's claims against the Bank. The Plan contains "Estate Releases" that protect all "Released Parties," which include the Bank (Plan, art. I(A)(78))[1], from any claims that might be brought by the Debtor or the Estate—both before and after the commencement of the bankruptcy. Among other things, these Releases grant the Bank protection from claims that concern "the money borrowed by the Debtor" (*id*. art. IX(D), Bankr. Dkt. 566 at 20.). By the Plan's terms, however, these Releases do not reach the claims asserted in the Challenged litigation, because the Releases cover only claims against the "Debtor" and the "Estate"—and neither Choudhri nor Naissance fall in those categories.

24. The Bank also cites nothing to suggest Choudhri's lender-liability claims against the Bank are released as merely "derivative" of those belonging to the Debtor. (Mot. 21.) In bankruptcy, a "derivative" action is one in which the "named plaintiff 'is only a nominal plaintiff'" and 'the substantive claim belongs to the corporation"—the debtor in bankruptcy. *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204, 219 (2024) (quoting 2 J. Macey, *Corporation Laws* § 13.20[D], p. 13–140

---

[1] The "Released Parties" include: (a) the Chapter 11 Trustee; (b) NBK; (c) the Liquidation Trustee, and (d) each Related Party of each Entity in clause (a) through this clause (d). For avoidance of doubt, the Debtor, its current and former equity holders and their Affiliates and Related Parties are not Released Parties." (Plan, art. I(78), Bankr. Dkt. 566 at 15.)

12

(2020–4 Supp.)).

25. But the Plan contains no provision releasing "derivative" claims. And in any event, claims against the Bank in the Challenged Litigation are not derivative—because Choudhri and Naissance are not solely seeking to recover for injuries suffered by the Debtor through the litigation, but also for their own *personal* injuries they suffered from the Bank's interference, which caused them to lose a significant asset, and suffer costs, expenses, and opportunity costs from the Bank's interference. That means the claims against the Bank were not properly dismissed under the Gatekeeper Provision.

## PRAYER

For these reasons, Appellant Ali Choudhri respectfully requests that the Court deny Appellee's Motion to Dismiss, Abate Deadlines, or Strike Issues.

Respectfully submitted,

*/s/ J. Carl Cecere*

J. Carl Cecere
State Bar No. 13268300
(admitted pro hac vice)
**Cecere PC**
6035 McCommas Blvd.
Dallas, TX 75206
Telephone: 469-600-9455
ccecere@cecerepc.com

*Counsel for Appellant Ali Choudhri*

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 3, 2025, a true and correct copy of the foregoing was served via the Court's CM/ECF system to all parties who are deemed to have consented to ECF electronic service, and via email to those listed below.

Christopher R Murray
Jones Murray LLP
602 Sawyer St
Ste 400
Houston, TX 77007
832-529-1999
Fax : 832-529-3393
chris@jonesmurray.com

R. J. Shannon
Shannon & Lee LLP
2100 Travis Street, STE 1525
Houston, TX 77002
713-714-5770
rshannon@shannonleellp.com

Charles C. Conrad
609 Main Street Suite 2000
Houston, TX 77002
Telephone: (713) 276-7600
Facsimile: (713) 276-7634
charles.conrad@pillsburylaw.com
ryan.steinbrunner@pillsburylaw.com

Andrew M. Troop
Patrick E. Fitzmaurice
Kwame O. Akuffo
31 West 52nd Street
New York, NY 10019-6131
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
andrew.troop@pillsburylaw.com

       */s/ J. Carl Cecere*
       J. Carl Cecere