# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| | § | Chapter 11 |
| **GALLERIA 2425 OWNER, LLC,** | § § | |
| | § | Case No. 23-34815 (JPN) |
| Debtor. | § § | |

| | | |
|---|---|---|
| **ALI CHOUDHRI,** | § § | |
| | § | |
| Appellant, | § § | |
| v. | § | Case No. 4:24-cv-04836 |
| | § § | |
| **NATIONAL BANK OF KUWAIT, S.A.K.P., NEW YORK BRANCH,** | § § § | |
| Appellee. | § § | |

## APPELLEE'S REPLY IN SUPPORT OF EXPEDITED MOTION TO DISMISS, ABATE DEADLINES, OR STRIKE ISSUES

TO THE HON. KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE:

National Bank of Kuwait, S.A.K.P., New York Branch ("NBK") submits this *Reply In Support Of Expedited Motion to Dismiss, Abate Deadlines, or Strike Issues* (the "Reply").

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................1
ARGUMENT & AUTHORITIES ...............................................................................2
   A. The appeal should be dismissed. .....................................................................2
      1. Mr. Choudhri lacks authority and standing. ...............................................2
      2. Mr. Choudhri cannot collaterally attack the confirmed Plan. ....................5
   B. Alternatively, the appeal should be abated. ....................................................8
   C. Alternatively, the issues on appeal should be limited. ...................................8
   D. The remainder of Mr. Choudhri's arguments go to the merits, but they fail too. ............................................................................................................9
CONCLUSION ..........................................................................................................11

# TABLE OF AUTHORITIES

                                                                                                                                                      Page(s)

## Cases

*In re All American of Ashburn, Inc.*,
   805 F.2d 1515 (11th Cir. 1986) ...................................................................... 11

*In re Bailey Tool & Mfg. Co.*,
   No. 16-03025, 2021 WL 6101847 (Bankr. N.D. Tex. 2021) ...................... 9, 10

*Carnero G&P, LLC v. SN EF Maverick LLC*,
   657 B.R. 202 (S.D. Tex. 2024) ..................................................................... 10

*In re Chiron Equities, LLC*,
   552 B.R. 647 (Bankr. S.D. Tex. 2016) .......................................................... 15

*Matter of Dean*,
   18 F.4th 842 (5th Cir. 2021) ........................................................................... 4

*Eustis v. Quarterman*,
   No. 08-1306, 2009 WL 464077 (S.D. Tex. Feb. 19, 2009) ......................... 8, 9

*Taylor ex rel. Gordon v. Livingston*,
   421 Fed. Appx. 473 (5th Cir. 2011) ................................................................ 4

*In re Heritage Hotel P'ship I*,
   160 B.R. 374 (B.A.P. 9th Cir. 1993) ........................................................ 10, 11

*Hern Fam. Ltd. P'ship v. Compass Bank*,
   863 F.Supp.2d 613 (S.D. Tex. 2012) ............................................................ 10

*Matter of Highland Capital Mgmt., L.P.*,
   48 F.4th 419 (5th Cir. 2022) ........................................................................ 6, 7

*Matter of Highland Capital Mgmt., L.P.*,
   No. 22-10831, 2023 WL 2263022 (5th Cir. Feb. 28, 2023) ........................... 4

*Lamar Sav. Ass'n v. White*,
   731 S.W.2d 715 (Tex. App.—Houston [1st Dist.] 1987, no pet.) ................. 10

*Matter of Linn Energy, L.L.C.*,
   927 F.3d 862 (5th Cir. 2019) ...................................................................... 6, 7

*Matter of Okorie*,
    No. 24-60255, 2024 WL 4471734 (5th Cir. Oct. 11, 2024) ................................. 4

*In re Reagor-Dykes Motors, LP*,
    613 B.R. 878 (Bankr. N.D. Tex. 2020) ............................................................... 9

*In re Shank*,
    569 B.R. 238 (Bankr. S.D. Tex. 2017) ............................................................... 5

*Matter of Technicool Sys., Inc.*,
    896 F.3d 382 (5th Cir. 2018) ............................................................................. 4

*Travelers Indem. Co. v. Bailey*,
    557 U.S. 137 (2009) ...................................................................................... 6, 7

*Trs. of Sabine Area Carpenter's Health & Welfare Fund v. Don Lightfoot Home Builder, Inc.*,
    704 F.2d 822 (5th Cir. 1983) ............................................................................. 9

# PRELIMINARY STATEMENT

1. Mr. Choudhri appeals a Bankruptcy Court[1] order dismissing three lawsuits pursuant to a "gatekeeping"[2] provision in Galleria 2425 Owner, LLC's (the "Debtor") confirmed plan of liquidation (the "Plan"). Mr. Choudhri did not oppose the Plan, nor did Mr. Choudhri appeal the order confirming it (the "Confirmation Order").[3] The time to do so ran more than a year ago.

2. After confirmation, and only after being compelled to do so, Mr. Choudhri filed a motion, attempting to comply with the gatekeeping provision.[4] He argued that three lawsuits (the "Challenged Litigation")[5] satisfy its requirements— *i.e.*, that the lawsuits involved (a) colorable claims, (b) that do not belong to the estate.[6] The Bankruptcy Court denied that motion.

---

[1] The United States Bankruptcy Court for the Southern District of Texas.

[2] The gatekeeping provision requires Mr. Choudhri (or anyone else asserting claims against certain, named individuals and entities) to first make a showing that the claims: (a) do not belong to the estate; and (b) are colorable.

[3] ECF No. 15, Declaration of Charles C. Conrad ("Conrad Decl."), Exhs. 2 & 6.

[4] Conrad Decl., Exh. 31.

[5] The Challenged Litigation includes: (1) *Naissance v. Zaheer and NBK*, Cause No. 2023-43755, pending in the 80th District Court of Harris County, Texas; (2) *Galleria 2425 Owner, LLC, Naissance, and Choudhri v. NBK*, Adversary Proceeding No. 23-06009, pending in the Bankruptcy Court; and (3) *Choudhri v. NBK and Zaheer*, Adversary Proceeding No. 23-03263, pending in the Bankruptcy Court.

[6] *Id.*

3. On appeal, Mr. Choudhri argues that he should be allowed to collaterally attack the gatekeeping provision, despite not doing so in the Bankruptcy Court, and that the Challenged Litigation is colorable and does not belong to the estate, despite repeated findings in the Bankruptcy Court that the asserted claims lack legal and factual support and are "improper and clearly vexatious."[7] For the reasons in the Motion and below, each of Mr. Choudhri's arguments fails.

## ARGUMENT & AUTHORITIES

### A. The appeal should be dismissed.

4. Mr. Choudhri raises two arguments for why this appeal should not be dismissed: (1) he says issues of authority and standing go to the merits and cannot be resolved on a motion to dismiss an appeal; (2) Mr. Choudhri contends the question of whether he can collaterally attack an earlier Bankruptcy Court order that he neither opposed nor appealed is also a merits point. Both arguments are incorrect.

#### 1. Mr. Choudhri lacks authority and standing.

5. The Bankruptcy Court dismissed three lawsuits. In the first case, Naissance Galleria, LLC ("Naissance") is the sole plaintiff.[8] In the second case, the

---

[7] Conrad Decl., Exh. 32.
[8] *Naissance v. Zaheer and NBK*, Harris County District Court Cause No. 2023-43755.

Debtor, Naissance, and Mr. Choudhri are co-plaintiffs.[9] In the third case, Mr. Choudhri is the sole plaintiff.[10]

6. The Texas state courts (both the trial court and the First District Court of Appeals) have enjoined Mr. Choudhri from acting or arguing for Naissance.[11] Mr. Choudhri does not contest this in his opposition.

7. The appointment of a chapter 11 trustee in Galleria 2425 Owner's bankruptcy case divested Mr. Choudhri of authority to act for or argue on behalf of the Debtor.[12] Mr. Choudhri does not contest this in his opposition either.

8. And, though not intuitive, under current circumstances, Mr. Choudhri lost the right to act for or argue on his own behalf when the Texas state court appointed a receiver over him.[13]

9. Simply put, Mr. Choudhri: (a) lacks authority to prosecute this appeal in the first instance; and (b) lacks authority to act for or argue on behalf of any of the

---

[9] *Galleria 2425 Owner, LLC, Naissance, and Choudhri v. NBK*, Adversary Proceeding No. 23-06009.

[10] *Choudhri v. NBK and Zaheer*, Adversary Proceeding No. 23-03263.

[11] Conrad Decl., Exh. 36.

[12] Conrad Decl., Exh. 3.

[13] *See* ECF No. 19 at 4 ("[I]f Choudhri's appeal of the order appointing the receiver is successful, then . . . Choudhri will <u>regain</u> authority to pursue Choudhri's claims in the Challenged Litigation and authority to challenge the [g]atekeeping [o]rder that prevents Choudhri from pursuing those claims."). One can only "regain" something he has lost.

entities or individuals affected by the appealed-from order. Without authority, Mr. Choudhri lacks standing to continue to prosecute this appeal.

10. That lack of standing requires dismissal:

> Federal courts have no jurisdiction . . . unless a case or controversy is presented by a party with standing to litigate. Without jurisdiction the court cannot proceed *at all* in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case.

*Taylor ex rel. Gordon v. Livingston*, 421 Fed. Appx. 473, 474-75 (5th Cir. 2011) (internal citations and quotations omitted) (dismissing appeal where appellant lacked standing); *Matter of Dean*, 18 F.4th 842, 845 (5th Cir. 2021) (same); *Matter of Highland Capital Mgmt., L.P.*, No. 22-10831, 2023 WL 2263022, at *2 (5th Cir. Feb. 28, 2023) (affirming district court's dismissal of bankruptcy appeal where appellant lacked standing); *Matter of Okorie*, No. 24-60255, 2024 WL 4471734 at *2 (5th Cir. Oct. 11, 2024) (same).

11. Mr. Choudhri's opposition also fails entirely to address the argument that he lacks standing because he is not a "person aggrieved," as required in the Fifth Circuit. *See Matter of Technicool Sys., Inc.*, 896 F.3d 382, 385 (5th Cir. 2018); *Matter of Dean*, 18 F.4th at 844. Mr. Choudhri has not shown that the order he appeals from directly and pecuniarily affects him. Nor can Mr. Choudhri show that Naissance or the Debtor are "persons aggrieved."

4

12. Mr. Choudhri lacks authority and standing to continue this appeal; it must be dismissed.

### 2. Mr. Choudhri cannot collaterally attack the confirmed Plan.

13. Mr. Choudhri next argues that he should be allowed to present a collateral attack on the Plan and Confirmation Order, despite failing to object to the Plan or appeal the Confirmation Order.

14. Mr. Choudhri's argument is premised on the false factual assertion that he "was not a party in [the] bankruptcy proceeding."[14] To be clear, Mr. Choudhri <u>was</u> a party to the bankruptcy case and many of its adversary proceedings; he filed proofs of claim for himself and others; he commenced litigation in the Bankruptcy Court; and he appeared, argued, and examined witnesses at the confirmation hearing alleging to represent himself *pro se*.[15]

15. Mr. Choudhri had notice of the plan, participated in the case, and appeared at the confirmation hearing. He is bound by all the Plan's provisions. *See, e.g.*, *In re Shank*, 569 B.R. 238, 250 (Bankr. S.D. Tex. 2017) ("[T]he Supreme Court determined that a final order confirming a plan is binding upon parties who received notice of the plan's application to them and failed to timely object to or appeal confirmation.") (citations omitted). That includes the Plan's gatekeeping provision.

---

[14] ECF No. 19 at 8.
[15] Conrad Decl., Exh. 2.

5

*See, e.g.*, *Matter of Highland Capital Mgmt., L.P.*, 48 F.4th 419, 438 n.15 (5th Cir. 2022).

16. Mr. Choudhri's decision not to object and appeal does not just go to the merits; it is a jurisdictional bar to the collateral attack he now raises. *Id.* ("We lack jurisdiction to consider collateral attacks on final bankruptcy orders even when it concerns whether the court properly exercised jurisdiction or authority at the time. . . . To the extent Appellants seek to roll back the protections in the bankruptcy court's [gatekeeping] orders . . . such a collateral attack is precluded.") (citing *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009)).

17. Mr. Choudhri's attempt to distinguish *Highland Capital* and *Linn Energy* is without merit. He says both cases concern "different circumstances entirely": *Highland Capital* because it involved "parties who *did* challenge gatekeeping provisions" and *Linn Energy* because it involved a party who did not file a claim.[16] The proffered distinctions make no sense. If a party with notice who did challenge gatekeeping provisions lacked standing, how could a party also with notice who failed to challenge gatekeeping provisions have standing? Similarly, if a party with notice who did not file a claim lacked standing, how could a party with notice who filed a claim but did not preserve issues for appeal have standing?

---

[16] ECF No. 19 at 9.

18. Indeed, the Supreme Court and the Fifth Circuit have repeatedly (and consistently) held a confirmed plan has the *same* estoppel effect against parties that *did* challenge a certain provision *and* against parties who had notice of the provision but *did not* challenge it. *See, e.g.*, *Travelers Indem. Co.*, 557 U.S. at 151-52 (opportunity to challenge sufficient); *Matter of Linn Energy, L.L.C.*, 927 F.3d 862, 867 (5th Cir. 2019) ("[W]hen parties to a bankruptcy case have been given a fair chance to challenge . . . a provision of a plan approved by the bankruptcy court during the case and fail to do so, they cannot challenge the court's order later through a collateral attack.") (citations omitted).

19. Mr. Choudhri—through this appeal—asks the Court to "'tunnel back' into a completed proceeding 'for the purposes of reassessing [a prior, unappealed order] de novo.'" *Matter of Linn Energy*, 927 F.3d at 867. But Mr. Choudhri's challenge "is too late now." *Id.* at 868. Mr. Choudhri's failure to timely raise the objection he advances in this appeal is a jurisdictional bar to this Court's ability to hear it. *Matter of Highland Capital Mgmt., L.P.*, 48 F.4th at 438 n.15.[17]

---

[17] To the extent Mr. Choudhri *only* challenges application of the gatekeeping provision to his purported claims (*i.e.*, the factual challenge of whether Mr. Choudhri's claims are (a) non-estate claims, and (b) colorable), it can proceed—*but* the issues must be limited to the factual challenge and Mr. Choudhri should be ordered to file an amended opening brief addressing just that issue.

7

### B. Alternatively, the appeal should be abated.

20. Mr. Choudhri agrees this appeal should be stayed. He admits that he does not currently have authority to prosecute the appeal.[18] And Mr. Choudhri concurs that 2425 WL's appeal of the Confirmation Order "provides adequate grounds for a stay" of this appeal. ECF No. 19 at 7.

21. If the Court elects not to dismiss this appeal outright for the reasons set forth in the Motion and above, both parties agree the Court should stay the appeal pending: (a) resolution of 2425 WL's appeal of the plan and confirmation order;[19] and (b) proof that Choudhri has authority and standing to prosecute this appeal.[20]

### C. Alternatively, the issues on appeal should be limited.

22. If the Court declines to dismiss or abate this appeal, the Court should, nonetheless, narrow the issues and order Mr. Choudhri to submit a revised brief on the only issue he arguably preserved: whether the Challenged Litigation satisfies the Plan's gatekeeping provisions by asserting colorable, non-estate claims.

23. By failing to object to the Plan or appeal the Confirmation Order, Mr. Choudhri failed to preserve any error as to the gatekeeping provision. *See Eustis v.*

---

[18] *See* ECF No. 19 at 8.

[19] *2425 WL, LLC v. National Bank of Kuwait, S.A.K.P., New York Branch*, Case No. 24-20541 (5th Cir.).

[20] *See Choudhri v. Mokram-Latif West Loop, Ltd.*, Case No. 14-25-00308-CV (Tex. App.—Houston [14th Dist.]).

*Quarterman*, No. 08-1306, 2009 WL 464077, at *7 (S.D. Tex. Feb. 19, 2009) ("Appellant did not object on this basis at trial and thus failed to preserve error on this issue."); *Carnero G&P, LLC v. SN EF Maverick LLC*, 657 B.R. 202, 216 (S.D. Tex. 2024) (rejecting Rule 60 challenge where party "did not object or preserve its rights to object" and instead "strategically sat on its bankruptcy rights so that it could sue" in a different court); *Trs. of Sabine Area Carpenter's Health & Welfare Fund v. Don Lightfoot Home Builder, Inc.*, 704 F.2d 822, 828 (5th Cir. 1983) ("[A] party who fails to object to trial court errors waives the right to complain of them on appeal. . . ."); *In re Reagor-Dykes Motors, LP*, 613 B.R. 878, 889 (Bankr. N.D. Tex. 2020) ("[I]f [a party] did not want to be bound by an order . . . it had an obligation to object to the [] motion to preserve its perceived rights").

24. Mr. Choudhri cites no law for the proposition that he can fail to preserve an error and then force the parties to brief it and the Court to decide it, simply by including it in his statement of issues.

**D. The remainder of Mr. Choudhri's arguments go to the merits, but they fail too.**

25. Mr. Choudhri's remaining arguments go to the merits and are not yet properly before the Court. But they are also wrong.

26. First, Mr. Choudhri cites two cases purportedly supporting his contention that a non-borrower can assert lender-liability claims. Neither case actually stands for that proposition. *Bailey Tool* is distinguishable because the

9

debtor's principal there was a participant in the credit transaction; he personally guaranteed the debt and provided personal collateral for it, including a lien on his exempt homestead. *In re Bailey Tool & Mfg. Co.*, No. 16-03025, 2021 WL 6101847 (Bankr. N.D. Tex. 2021). Mr. Choudhri did none of that here. *Lamar Savings Association* is distinguishable because it has absolutely <u>nothing</u> to do with whether a non-borrower can pursue lender liability claims. That case dealt only with whether a lawsuit should be abated under the dominant jurisdiction rule. *Lamar Sav. Ass'n v. White*, 731 S.W.2d 715, 718 (Tex. App.—Houston [1st Dist.] 1987, no pet.).

27. Second, Mr. Choudhri's assertion that his claims are not derivative lacks merit. The only harm Mr. Choudhri purports to identify flows from the alleged loss of equity value in an insolvent estate—Mr. Choudhri had no individual interest in the real property that was the Debtor's sole asset, the subject of NBK's loan, and that was sold during the bankruptcy case.

28. That is classically derivative. *See, e.g.*, *Hern Fam. Ltd. P'ship v. Compass Bank*, 863 F.Supp.2d 613, 621-22 (S.D. Tex. 2012) (granting summary judgment where "the initial injury" was to the bankruptcy debtor and plaintiffs were "only injured . . . as an indirect result of" that injury); *In re Chiron Equities, LLC*, 552 B.R. 647, 686 (Bankr. S.D. Tex. 2016) ("Texas law is clear that '[a] cause of action for injury to the property of a corporation or for destruction of its business lies with the corporation, not a shareholder.'"); *see also In re Heritage Hotel P'ship*

*I*, 160 B.R. 374, 377-78 & n.4 (B.A.P. 9th Cir. 1993) (affirming dismissal of lender liability lawsuit brought by general partner and guarantor of chapter 11 debtor because their claims were derivative of the debtor's and barred by chapter 11 plan confirmation order); *In re All American of Ashburn, Inc.*, 805 F.2d 1515, 1518 (11th Cir. 1986) (affirming order permanently enjoining shareholders of a corporation from claims against a lender after bankruptcy trustee settled lender liability claim on behalf of the estate).

29. Mr. Choudhri has no authority for the proposition that a non-borrower can pursue lender liability claims or, even if it could, that those claims are direct rather than derivative.

## **CONCLUSION**

30. For the reasons above and in the Motion, NBK respectfully requests the Court dismiss this appeal. If the Court is not inclined to dismiss the appeal for lack of authority, standing, and jurisdiction, NBK requests the Court abate this appeal. If the Court is not persuaded to dismiss or abate, NBK respectfully requests the Court strike issues unrelated to the narrow one preserved and order Mr. Choudhri to file an amended opening brief.

| | |
|---|---|
| Dated: September 25, 2025 | **PILLSBURY WINTHROP SHAW PITTMAN LLP**<br><br>*/s/ Andrew M. Troop*<br>Charles C. Conrad<br>Tex. Bar No.24040721<br>S.D. Tex. Fed. No. 37220<br>609 Main Street Suite 2000<br>Houston, TX 77002<br>Telephone: (713) 276-7600<br>Facsimile: (713) 276-7634<br>charles.conrad@pillsburylaw.com<br><br>- and -<br><br>Andrew M. Troop<br>Mass. Bar No. MA547179<br>S.D. Tex. Fed. No. 30089813<br>31 West 52nd Street<br>New York, NY 10019-6131<br>Telephone: (212) 858-1000<br>Facsimile: (212) 858-1500<br>andrew.troop@pillsburylaw.com<br><br>***Counsel for National Bank of Kuwait, S.A.K.P., New York Branch*** |

## CERTIFICATE OF SERVICE

On September 25, 2025, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to counsel of record for the parties to this Appeal. Appellee's counsel will serve the parties listed below by separate email.

Appellant's Counsel:
J. Carl Cecere
Cecere PC
6035 McCommas Boulevard
Dallas, TX 75206
ccecere@cecerepc.com

Liquidation Trustee:
Christopher R. Murray
602 Sawyer Street, Suite 400
Houston, TX 77007
chris@jonesmurray.com

U.S. Trustee:
Office of United States Trustee
Attn: Jana Smith Whitworth
515 Rusk Street, Suite 3516
Houston, TX 77002
jana.whitworth@usdoj.gov

Liquidation Trustee's Counsel:
R. J. Shannon
Shannon & Lee LLP
2100 Travis Street, Suite 1525
Houston, TX 77002
rshannon@shannonleellp.com

*/s/ Andrew M. Troop*
Andrew M. Troop

## CERTIFICATE OF COMPLIANCE

This Reply complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) because it contains 2,592 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

This Reply also complies with the typeface and style requirements of FED. R. APP. P. 27(d)(1)(E) and 32(a)(5) and (6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

*/s/ Andrew M. Troop*
Andrew M. Troop